# EXHIBIT C

# Direct Air Carrier Depository Agreement

This agreement, made and entered into as of _____, by and between
                                                            (date)

_____, a _____ corporation having its
   (name of airline)                        (state or country)

principal place of business at _____ hereinafter called "Carrier" and
                                     (address)

_____, _____
(name of FDIC-insured bank)            (address)

hereinafter called "Bank".

WHEREAS, Carrier is desirous of furnishing passenger charters, including Public Charters, originating in the United States pursuant to 14 CFR Part 212 and, with respect to Public Charters, 14 CFR Part 380, regulations of the U.S. Department of Transportation, hereinafter called "DOT";

WHEREAS, Carrier represents that it is either an air carrier holding a currently effective certificate issued under 49 U.S.C. 41102 or a foreign air carrier holding a currently effective permit issued under 49 U.S.C. 41302;

WHEREAS, Carrier will enter into a charter contract for passenger air transportation ("Charter Contract") as prescribed by 14 CFR 212.3 and, with respect to Public Charters, 14 CFR 380.29, with each charterer, hereinafter called the "Charterer";

WHEREAS, Carrier desires to comply with 14 CFR 212.8 and to enter into a depository agreement, designating Bank as depository; hereinafter called the "Depository Agreement", and

WHEREAS, Bank is agreeable to being named as depository;

NOW, THEREFORE, the parties hereto, for and in consideration of the premises and the covenants hereinafter made, hereby agree as follows:

1. Carrier hereby designates Bank as the depository for the charter trips to be identified in Charter Contracts and for each Charterer agrees to provide Bank with listings of numbers of seats chartered, points (cities) served, flight dates, and payment schedule.

2. Each Charterer shall pay all sums payable in advance to Carrier by check, money order, or credit card payable to the order of Bank and Carrier shall deliver such checks and money orders to Bank no later than the close of business day following receipt thereof. Alternatively, under 14 CFR 380.34(b)(2), Charterer's depository bank may wire-transfer such payments to Bank. In either case, Charterer or Charterer's depository bank shall instruct Bank as to how each such payment shall be apportioned among the flights listed. Bank may use funds deposited pursuant to this agreement in its general banking business and may commingle such deposits with its general funds to the extent permitted by banking regulations. Unless otherwise agreed in writing by Bank and Carrier, Bank shall be under no duty to pay any interest on any funds held by it hereunder.

3. Each deposit with respect to Charterer shall be accompanied by a notice identifying the item being deposited, showing the name of Charterer and the address to which refunds are to be directed. Any payment received from a Public Charter operator's depository bank for flights that are canceled must be returned to that bank for refund to charter participants.

4. With respect to each charter trip for which payments are to be delivered to Bank, Carrier shall deliver to Bank at the time it makes the first deposit with respect thereto a schedule setting forth amounts payable with respect to air transportation to be provided under the Charter Contract, the Charterer's name and

_____ [name of direct air carrier] depository agreement, page 2.

address, the dates of departure and return, and destinations of such air transportation and a notice designating the charter trip. Bank shall maintain a separate accounting, by charterer, for each charter trip. If such information is not supplied to the Bank then Bank is authorized to return the payment to the Charterer. If such payments were drawn on a Public Charter operator's depository bank, that bank should be contacted to match payments to Carrier's flights.

5. Bank shall return all checks received by it pursuant to this agreement which shall be dishonored for any reason, to sending party. Bank shall make the appropriate adjustment to the applicable Account to reflect the return of said dishonored check unless Charterer or Carrier shall have given Bank prior authority to debit its own account for the amount of such check. Bank shall not be required to accept checks on any charter flight or rotation from any party whose prior checks have been dishonored unless payment is by cashier's check, money order, certified check, or by debiting Charterer's account.

6. Carrier shall certify in writing to Bank, upon completion of a charter trip, the date upon which such charter trip was completed. After receipt of said certification by Bank, Bank shall remit to Carrier from the escrow account all deposits designated to such charter trip.

7. In the event that the Charter Agreement provides for one or more round-trip charters, pursuant to 14 CFR 212.8(a)(2), Carrier may certify to Bank, upon completion of the outbound segment of each such round-trip charter, the date upon which such outbound segment was completed. After receipt of said certification by Bank, Bank shall remit to Carrier from the amount held in the escrow account maintained for such round-trip charter the portion of the round-trip price certified by Carrier to be attributable to such outbound flight segment (less any commissions retained by any travel agent). Ordinarily, this amount would not exceed half of the funds held for the round-trip charter. Upon completion of the return segment of the round-trip charter, Carrier shall certify in writing to Bank the date upon which such return segment was completed. After receipt of such certification by Bank, Bank shall remit to Carrier from the escrow account, the remaining portion of the funds escrowed for that charter trip.

8. If Carrier notifies Bank, by written certification, of the cancellation of any charter trip for which a separate escrow accounting has been established, upon receipt of such notice Bank shall refund all payments (less cancellation penalties provided for in the charter contract and certified by the carrier to be properly deductible from such payments) received and held by bank directly to the Bank from which payments were received, to the extent of availability of funds in such account. In the case of a charter flight or rotation for less than the entire capacity of an aircraft, such certification shall contain the Carrier's representation either that the charter flight or rotation was canceled by Carrier or, if the charter flight or rotation was canceled by the Charterer, that the Carrier has accepted a substitute charterer. Notwithstanding the foregoing, to the extent that payments for Public Charter flights that were later canceled had been received from escrow at Charterer's depository bank, such moneys shall be returned to that depository bank.

9. Bank shall maintain a separate escrow accounting for each charter trip. So long as Bank holds any funds in a separate escrow account pursuant to this agreement unless otherwise agreed by Bank and Carrier, Bank shall furnish to Carrier no less frequently than monthly, a statement showing for each charter trip the total amount of deposits received and disbursements made during the month (or shorter period).

10. Either party hereto may terminate this agreement at any time by mailing notice of its intention to terminate by registered mail to the other party and the DOT; provided however, that any such termination by Carrier shall be subject to approval by the DOT. Any such termination by the Bank shall become effective 30 days following the date of mailing such notice. Following any termination this agreement shall nonetheless continue in force with respect to any funds received by the Bank prior to such termination.

11. This agreement may be amended in writing by the parties hereto but no amendment shall become effective until after such amendment shall have been approved by the DOT.

Revised 11/06

_____ [name of direct air carrier] depository agreement, page 3.

12. Bank shall not have any responsibility to determine whether Carrier deposits with Bank all or any sums received by Carrier in connection with a charter trip or to determine whether Carrier fulfills its obligations under Part 212, the Charter Contract or this agreement.
13. Carrier covenants to indemnify Bank for and to hold it harmless against any loss, liability or expense reasonably incurred in the absence of negligence or bad faith on the part of Bank arising out of or in connection with the acceptance or administration of this agreement, including the costs and expenses of defending itself against any claim of liability in connection with the exercise or performance of any of its powers and duties hereunder.
14. Bank shall be entitled to such compensation for its services hereunder and any other services as may be agreed upon from time to time by Bank and Carrier.
15. Notices relating to this agreement shall be sent to Carrier at:

ATTN: _____ and to Bank at:
            (title of Carrier officer)

_____ or to such other address as either party hereto
            (address)
may hereafter designate in writing.
16. Neither party hereto may assign its rights or obligations hereunder without the prior written consent of the other party.
17. Claims against the escrow may be made only with respect to nonperformance of air transportation.
18. Before each Charterer signs any charter contract with Carrier, Carrier shall provide that Charterer a copy of this Depository Agreement for itself and for its depository bank.
19. This agreement is made and delivered in, and shall be construed in accordance with the laws of the State of . This Agreement shall not be effective until it is approved by the Department of Transportation.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement by their officers thereunto duly authorized as of the date first above written.


**[CARRIER]**                                          **[BANK]**


By: _____          By: _____

   [name]                                              [name]

   [title]                                             [title]


Date: _____          Date: _____


Revised 11/06