UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br>        Debtor | Chapter 11<br>Case No. 12-40944-MSH |

**AFFIDAVIT OF DAVID CHESTER IN SUPPORT OF JETPAY MERCHANT SERVICES, LLC'S EMERGENCY MOTION FOR RELIEF FROM STAY**

I, David Chester, do hereby depose and state as follows:

1. I am the Chief Operating Officer of JetPay Merchant Services, LLC ("JetPay"). I have held that position for three (3) years. JetPay is a so-called "front-end" and "back-end" credit card and check processor. JetPay specializes in technology solutions for the e-commerce and "card-not-present" marketplace. JetPay offers processing services to banks, sales organizations, and merchants.

2. Prior to working at JetPay, I was President of Central Atlantic Merchant Services a wholly owned subsidiary of Susquehanna Bank for two and a half (2.5) years.

3. In all, I have close to 30 years of experience in the credit card processing industry.

4. In my capacity of Chief Operating Officer of JetPay, I have personal knowledge and an understanding of the credit card processing and escrow arrangement between and among JetPay, Southern Sky Air & Tours, LLC d/b/a Direct Air ("Direct Air"), and Valley National Bank ("Bank"), which has existed since December, 2006. I have read the Emergency Motion for Relief from Stay and its exhibits ("Emergency Motion") prior to signing this Affidavit.[1] I have direct knowledge of the facts set forth in the Emergency Motion to the extent they describe the

---
[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion.

relationship among JetPay, Direct Air and the Bank and the course of dealings of the parties since 2006, which facts I either know to be true as a matter of personal knowledge or as matter of the books and records of JetPay maintained in the course of a regularly conducted business activity. To avoid duplication, I have omitted from my Affidavit duplicate copies of the exhibits attached to the Emergency Motion, which exhibits I reviewed and reaffirm as true and correct copies of what the Emergency Motion describes them to be.

5.  The arrangement, representing a five-year course of dealings of the parties, can be summarized as follows: When a customer buys a ticket from, or pays a deposit on a charter to, Direct Air, using Visa or MasterCard, the credit card transaction is processed by JetPay for a fee. JetPay funds the Escrow Account for that purchase and assumes responsibility for collecting the purchase price (and applicable fees) from the credit card companies and/or their member banks. Conversely, through JetPay's relationship with its own bank, Merrick Bank, which acquired the credit card receivables, JetPay is responsible for repaying the credit card companies and/or their member banks for customer chargebacks and refunds. The Escrow Account is maintained at Valley National Bank and identified by the Bank's wiring instructions that we use as "Escrow Account# 041-074734. Once the charter trip has been completed, the Bank releases funds to Direct Air and/or its carrier, representing the particular trip. If a flight has been cancelled, then, upon recognition of a right to a chargeback or refund, the Bank remits the deposit for such ticket (less certain fees) to JetPay.

6.  JetPay is reimbursed for both customer chargebacks and refunds from the Escrow Account. A chargeback occurs when a customer contests or cancels the charge to the credit card, and the credit card company and/or member back deducts the funds from JetPay's account at Merrick Bank Corporation. A refund occurs when Direct Air agrees to refund the cost of the

ticket directly to the customer. Except for certain fees assessed against JetPay for chargebacks, the chargebacks and refunds are the same as it relates to JetPay being liable to the credit card companies (and/or member banks) and being reimbursed from the Escrow Account.

7. Upon information and belief, Direct Air is a Public Charter as defined by the Department of Transportation regulations ("DOT"). Because Direct Air is regulated by the DOT, the credit processing arrangement and documentation is different than for other merchants.

8. Specifically, Direct Air is obligated by DOT regulations to establish an escrow account, which is to be held by a designated bank. That is the Escrow Account in this case held by Valley National Bank.

9. On information and belief and based on my experience in the industry, approximately 99% of all charter flights are purchased by credit card, and in the case of Direct Air, virtually all through Visa or MasterCard. Thus, JetPay has funded approximately 99% of the Escrow Account.

10. The DOT issued a notice to affected consumers about the Direct Air bankruptcy case, of copy of which is attached to the Emergency Motion, encouraging customers to press their credit card companies and Direct Air for chargebacks and refunds. For this reason, JetPay anticipates that it will be responsible for reimbursing substantially all of Direct Air's customers.

11. The following is a summary of the chargebacks that have been repaid by JetPay from March 10, 2012 to March 18, 2012:

| Date | Count | Total Amount |
| --- | --- | --- |
| 20120310 | 3 | 1,618.50 |
| 20120311 | 1 | 338.00 |
| 20120313 | 2 | 719.60 |
| 20120314 | 195 | 79,741.33 |
| 20120315 | 1,388 | 587,058.67 |
| 20120316 | 2,783 | 1,104,627.50 |

| | | |
|---|---|---|
| 20120317 | 2,469 | 981,724.10 |
| 20120318 | 1,593 | 647,717.70 |

12. Following commencement of these proceedings, the Bank stopped processing or otherwise honoring drafts submitted by JetPay for withdrawals from the Escrow Account even though all such drafts arose only for chargebacks or refunds resulting from cancelled flights. The Bank cited as the sole reason that it was uncertain what it was required to do or not do in light of Direct Air's bankruptcy filing.

13. Without access to funds in the Escrow Account, JetPay is currently suffering a cash shortfall. JetPay projects that in a matter of weeks, the cash shortfall will likely exceed several million dollars and may reach as high as $20 million which will jeopardize the ability of JetPay to continue business.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21ST DAY OF MARCH, 2012.**

David Chester, Chief Operating Officer
JetPay Merchant Services, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

In re:

SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,
        Debtor

Chapter 11
Case No. 12-40944-MSH

## DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION

    I, David Chester, hereby declare under penalty of perjury that all of the information contained in the Affidavit of David Chester In Support of JetPay Merchant Services, LLC's Emergency Motion for Relief from Stay ("Document"), filed electronically, is true and correct. I understand that this Declaration is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this Declaration may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7(b) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: March 21, 2012

Signed: _/s/ David Chester_
David Chester

PART II – DECLARATION OF ATTORNEY

    I certify that the affiant signed this form before I submitted the Document, I gave the affiant a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed.R.Bankr.P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated: March 21, 2012

Signed: /s/ David J. Reier
David J. Reier

1347528v1/18355-2