UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC, D/B/A DIRECT AIR,<br><br>            Debtor. | Case No. 12-40944 (MSH)<br><br>Chapter 11 |

## DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY RIEMER & BRAUNSTEIN LLP AS BANKRUPTCY COUNSEL

Southern Sky Air & Tours, LLC, d/b/a Direct Air, a debtor in possession (the "Debtor") respectfully submits this application (the "Application") requesting an order authorizing the Debtor to employ the law firm of Riemer & Braunstein LLP (the "Firm") as bankruptcy counsel to represent the Debtor in its chapter 11 case. In support of this Application, the Debtor respectfully represents:

### Jurisdiction

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for relief requested herein are sections 105, 327(a), 328(a), 330, and 1107(b) of Title 11 of the United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"); and MLBR 2014-1.

### Background

3.     On March 15, 2012 (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as a debtor-in-possession.

5. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

### Request for Authority to Employ Riemer & Braunstein LLP

6. Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ one or more attorneys that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. Section 1107 of the Bankruptcy Code modifies sections 101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. Under section 328(a) of the Bankruptcy Code, an attorney retained under section 327(a) may be employed on any reasonable terms and conditions, including on retainer or on an hourly basis.

7. Subject to approval of this Court, the Debtor seeks to employ the Firm to represent it in this chapter 11 case, effective as of the commencement of this case. Accordingly, pursuant to applicable sections of the Bankruptcy Code and Bankruptcy Rules, the Debtor requests that the Court approve the employment of the Firm to represent it in all aspects of its reorganization and perform necessary bankruptcy legal services on its behalf during this chapter 11 case.

8. The Firm is well suited for the type of representation required by the Debtor. The Firm has experience in virtually all aspects of the law that may arise in this chapter 11 case. In

particular, the Firm has substantial bankruptcy and restructuring, corporate, litigation, real estate, trust and financing expertise. The Firm has recently become familiar with the Debtor and its business and operations, and has assisted the Debtor with its restructuring assessment, including its preparation to commence this chapter 11 case. Through these prepetition activities, the Firm's professionals have worked closely with the Debtor, becoming familiar with its operations, corporate history, debt structure, claims, liabilities, and related matters.

9. Accordingly, the Firm (i) has the necessary background to deal effectively with many of the potential bankruptcy issues that may arise in the context of the Debtor's chapter 11 case, and (ii) is well-qualified to represent the Debtor in its chapter 11 case in an efficient and timely manner. The professional services that the Firm will render to the Debtor include, but shall not be limited to, the following:

(a) Advising the Debtor with respect to its powers and duties as debtor-in-possession and the continued management and operation of its business and assets;

(b) Attending meetings and negotiating with representatives of creditors and other parties-in-interest and responding to creditor inquiries;

(c) Advising the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of its estate;

(d) Advising and assisting the Debtor in connection with any potential property disposition;

(e) Assisting the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate;

(f) Negotiating and preparing on behalf of the Debtor any plan of reorganization and all related documents;

(g) Preparing necessary motions, applications, answers, orders, reports, and papers necessary to the administration of the estate; and

(h) Performing all other bankruptcy-related legal services for and providing all other legal advice to the Debtor that may be necessary and proper in this proceeding.

10. The Debtor believes that the employment of the Firm is in the best interests of the Debtor, its estate and its creditors.

### **Disinterestedness**

11. To the best of the Debtor's knowledge and except as disclosed herein and in the Affidavit of Alan Braunstein attached hereto (the "<u>Braunstein Affidavit</u>"), the Firm does not hold or represent any interest adverse to the Debtor and is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14) (as modified by section 1107(b) of the Bankruptcy Code), with respect to the Debtor.

12. To the best of the Debtor's knowledge and except as disclosed herein and in the Braunstein Affidavit, the Firm has no connections with the Debtor, its creditors, other parties in interest, their respective attorneys, accountants and other professional persons, the United States Trustee and any person employed in the office of such United States Trustee. However, (i) the Firm may represent or may have represented unsecured creditors from time to time in matters wholly unrelated to the Debtor, (ii) the Firm may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged, and (iii) certain creditors of the Debtor may also have been creditors of other companies represented by the Firm in matters wholly unrelated to the Debtor or its case.

13. The Firm and its professionals (i) are not creditors, equity security holders or insiders of the Debtor, and (ii) were not, within two years before the date of filing of the Debtor's chapter 11 petition a director, officer, or employee of the Debtor.

14. Notwithstanding the efforts described in the Braunstein Affidavit to identify and disclose the Firm's connection with any party-in-interest in this chapter 11 case, the Firm is

unable to state with certainty that every client relationship or other connection that may arise during the course of the case has been disclosed in the Braunstein Affidavit. In this regard, if the Firm discovers additional material information that it determines would require disclosure, the Firm will file a supplemental disclosure with this Court.

## Compensation

15. Subject to this Court's jurisdiction with respect to professional fees, the Debtor agrees to compensate the Firm for its services at its usual hourly rates in effect at the time that services are rendered. The Debtor also agrees to reimburse the Firm in full for its cash disbursements and for such expenses as the Firm customarily bills to its clients. The Firm will apply for compensation for professional services rendered in connection with its representation of the Debtor in this chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, this Court's local rule, and orders of this Court, on an hourly basis, plus reimbursement of expenses and other charges that the Firm incurs. The Firm's hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time.

16. It is the Firm's policy to charge its clients in all areas of practice for all expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, photocopying, travel expenses, certain paralegal and overtime support, filing and recording fees, telecopier use, postage, express mail, messenger services, and computerized legal research services. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with what is generally charged to the Firm's other clients.

17. The Firm is holding a retainer in the amount of approximately $30,054 (the "Retainer") for services to be rendered in connection with this bankruptcy proceeding, pending

allowance of compensation by this Court pursuant to 11 U.S.C. § 330. Compensation and reimbursement of expenses accrued on and after the Petition Date shall be subject to allowance by the Court upon appropriate application and upon notice and a hearing.

18. The Firm has not agreed to share with any person or firm the compensation to be paid for services rendered in connection with this case.

## Notice

19. The Debtor will send notice of the Application to the following parties: (i) the Office of the United States Trustee for the District of Massachusetts, (ii) secured creditors, (iii) the Debtor's 20 largest unsecured creditors, (iv) all parties who have filed notices of appearance requesting service of notices and pleadings in this case, and (v) any other parties designated in the service list by the Debtor to receive notice. In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

## Conclusion

WHEREFORE, the Debtor respectfully requests that this Court: (a) enter an order, in substantially the form attached hereto, granting the Application; and (b) grant such other and further relief as this Court may deem just and proper.

Dated: March _____, 2012

_____
Hank L. Torbert, Member of Board of Directors
Southern Sky Air & Tours, LLC,
d/b/a Direct Air

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC, D/B/A DIRECT AIR,<br><br>                    Debtor. | Case No. 12-40944 (MSH)<br><br>Chapter 11 |

**AFFIDAVIT OF ALAN L. BRAUNSTEIN IN SUPPORT OF APPLICATION
TO EMPLOY RIEMER & BRAUNSTEIN LLP**

I, Alan L. Braunstein, being first duly sworn, hereby state as follows:

1.      I am a partner of the law firm of Riemer & Braunstein LLP (the "Firm") and I am authorized to make the statements herein. I am admitted to practice law in the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2.      I submit this Affidavit in the chapter 11 case of Southern Sky Air & Tours, LLC, d/b/a Direct Air (the "Debtor") in support of the Debtor's Application For Authority to Employ Riemer & Braunstein LLP as Bankruptcy Counsel (the "Application").

3.      Neither I nor any member of the Firm holds or represents any interest adverse to the estate of the Debtor. I and each member of the Firm are "disinterested persons" as that term is defined in 11 U.S.C. § 101(14), as modified by section 1107(b) of the Bankruptcy Code.

4.      The Firm and its professionals have no connection with, and hold no interest materially adverse to the interests of the Debtor, its creditors, or any other party in interest, or their respective attorneys or accountants to the extent known, or the Office of the United States Trustee or any person

employed in the Office of the United States Trustee, in the matters for which the Firm is proposed to be retained, except as follows:

(i) Wells Fargo (through Wachovia Bank, National Association "Wachovia") has a secured claim for approximately $200,000 arising form a lending relationship between the Debtor and Wachovia that began in 2006. The Firm has represented this entity and its affiliates from time to time in matters wholly unrelated to the Debtor. Such relationship has been disclosed to the Debtor and Wells Fargo and both parties have signed a waiver. The Firm will not represent the Debtor in any matter adversed to Wells Fargo.

(ii) One of the Firm's members, Joseph Braunstein, serves on the panel of Chapter 7 Trustees in the District of Massachusetts, appointed by the Office of the United States Trustee (Region 1).

(iii) The Firm may represent or may have represented unsecured creditors from time to time in matters wholly unrelated to the Debtor.

(iv) Valley National Bank serves as the Escrow Agent in connection with certain escrow account established by the Debtor pursuant to various Department of Transportation Regulations. The Firm has represented this entity and/or its affiliates from time to time in matters wholly unrelated to the Debtor.

5. In addition, the Firm may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged. Certain creditors of the Debtor may also have been creditors of other companies represented by the Firm in matters wholly unrelated to the Debtor or its case.

6. Although the Firm has used its best efforts to investigate any "connections" as contemplated by Bankruptcy Rule 2014, it is possible that some unknown "connections" may exist. However, no adverse or significant connections are currently believed to exist. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and I will file a supplement to this Affidavit, to the extent that Bankruptcy Rule 2014 so requires.

7. It is contemplated that the Firm will render legal services to the Debtor in various matters arising in or from the Debtor's chapter 11 case, including as provided in the Application.

8. As set forth in the Application, the Firm is holding a retainer for services to be rendered as counsel to the Debtor in connection with this proceeding in the amount of approximately $30,054 which sum, upon information and belief, was paid by the Debtor from the operation of its business in the ordinary course of business.

9. I and each member of the Firm have not agreed to share with any person, other than members and regular employees of the Firm, the compensation to be paid for services rendered in the Debtor's case.

10. I shall amend this Affidavit immediately upon my learning that (a) any of the within representations are incorrect, or (b) there is any change of circumstance relating thereto.

11. I have reviewed the provisions of MLBR 2016-1.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan L. Braunstein
Alan L. Braunstein (BBO #546042)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
Tel: (617) 523-9000
Fax: (617) 880-3456
abraunstein@riemerlaw.com

DATED: March 21, 2012