**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Central Division)**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| SOUTHERN SKY AIR & TOURS, LLC, | ) | Case No. 12-40944-MSH |
| d/b/a DIRECT AIR, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIMITED OBJECTION OF VALLEY NATIONAL BANK  TO EMERGENCY MOTION**
**OF JETPAY MERCHANT SERVICES FOR RELIEF FROM THE AUTOMATIC STAY**
**(TO THE EXTENT ANY SUCH RELIEF IS REQUIRED)**

Valley National Bank ("Valley") submits this limited objection in response to the emergency motion of JetPay Merchant Services, LLC.  ("JetPay") for relief from the automatic stay.  Capitalized terms herein shall have the same meaning as set forth in JetPay's motion (the "Motion")  unless otherwise defined herein.

1.      Valley holds funds deposited into an account (the "Account") by Direct Air in connection with airline bookings made by Direct Air's passengers. Direct Air established the Account pursuant to its obligation under DOT's regulations.

2.      JetPay contends that it is the credit card processor for Direct Air.  (Motion,  Para. 6). JetPay further claims that it is receiving chargebacks resulting from claims of Direct Air's customers whose flights have been canceled as a result of Direct Air cessation of business. (Id.).

3.      To date, Valley has received numerous claims from customers seeking a refund from the Account and expects that customers who booked flights with Direct Air will continue to make claims.  As set forth in the DOT notice (Motion, Ex. A), Direct Air's customers have been

instructed to make a claim to Valley as the custodian of the Account, to the bond company and to the customers' respective credit card issuing companies.

4.    The total claims of Direct Air's customers will not be known for some time. Valley will not be making payments from the Account until the claims are known.  Further, DOT likely will have input into the timing of the disbursement of funds from the Account.

5.    Valley does not object to lifting the stay at the appropriate time.  Valley, however, objects to entry of an order that would in any way:  (i)  direct payment to any particular person, (ii) set the timing or manner for making payments; or (iii) designate the controlling documents or legal principles under which the payments are made.  In particular, the Paragraph 4 of the proposed order submitted by JetPay is unnecessary as well as certain phrases in Paragraphs 2 and 3 of the proposed order, which are unnecessary and overbroad.  If an order is to be entered on an emergent basis, then the order should be limited to language similar to the  following:  "The funds in the Account are not property of the debtor Direct Air's bankruptcy estate and, accordingly, disbursement of funds from the Account for which Valley National Bank is the custodian is not stayed by the bankruptcy filing of Direct Air."

Dated: March 22, 2012                         VALLEY NATIONAL BANK


                                              /s/  Jeffrey Sternklar
                                              Jeffrey Sternklar (BBO No. 549561)
                                              jdsternklar@duanemorris.com

                                              DUANE MORRIS LLP
                                              100 High Street, Suite 2400
                                              Boston, MA 02110-1724
                                              (857) 488-4200

H:\Valley_Myrtle Beach - Liminted Objection of VNB to Emergency Motion of JetPay Merchant Services for .DOCX