**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Central Division)**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHERN SKY AIR & TOURS, LLC, | ) | Case No. 12-40944-MSH |
| d/b/a DIRECT AIR, | ) | |
| | ) | |
| Debtor. | ) | |

**JOINDER OF MERRICK BANK CORPORATION FOR RELIEF FROM STAY TO CONTINUE PROCESSING CUSTOMER CHARGEBACKS FROM NON-ESTATE PROPERTY ESCROW ACCOUNT IN THE ORDINARY COURSE (TO THE EXTENT ANY SUCH RELIEF IS REQUIRED)**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

PLEASE TAKE NOTICE THAT creditor, Merrick Bank Corporation, through its undersigned counsel, hereby joins the Emergency Motion of JetPay Merchant Services, LLC ("JetPay") for Relief From Stay to Continue Processing Customer Chargebacks From Non-Estate Property Escrow Account in the Ordinary Course (to the Extent any such Relief is Necessary) (the "Emergency Motion").

Introduction

Merrick Bank Corporation ("Merrick") is a Utah Industrial loan corporation, whose address is 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095. Merrick was founded in 1997 and is an issuer of Visa® and MasterCard® cards. For sake of simplicity, Merrick is what is commonly known in the industry as an "acquiring bank." An acquiring bank is a bank that processes credit and/or debit card payments for products or services for a merchant. Jet Pay, is what is commonly known in the industry as an "Independent Sales

LIBC/4284968.2

Organization" or "ISO".  An ISO is, essentially, a "middle man" between the merchant and the acquiring bank.  In this case, Southern Sky Air & Tours, LLC, d/b/a Direct Air ("Direct Air" or "Debtor") is the merchant, JetPay is the ISO and Merrick is the Acquiring Bank.[1]

### Joinder

Pursuant to the Emergency Motion, JetPay requests that this Court find that the automatic stay does not apply to the Escrow Account because such funds are not property of the estate.  Merrick agrees with the conclusion that the automatic stay does not apply and joins in the Emergency Motion.

The funds being held in escrow did not come from the Debtor.  Rather, the funds came from the Debtor's customers.  The Debtor had no right to the funds unless and until the Debtor fulfilled certain conditions as more specifically set forth in the Escrow Agreement.  Thus, the Debtor had no right to recover or control the escrow property at the time of the bankruptcy petition.  *Advance Testing Technologies, Inc. v. Desmond*, 337 F.3d 38, 45-46 (1st Cir. 2003) (threshold issue is whether the Debtor had right to recover property at time case is commenced).  In cases where a transfer to escrow is made without a reservation of control, the property is not available for the benefit of its creditors.  *See e.g., Town & Country Corporation v. Hare & Co.*, 2000 Bankr. LEXIS 1755 (1st B.A.P. 2000) (express trust outside the bankruptcy estate).

Here, Direct Air has cancelled all flights and has no authorization to fly.  As such, the Debtor can't fulfill the conditions necessary to have any funds released to it.  As such, it has no legal or equitable interest in the funds.  Because the funds are not (and can never be) property of the estate, the automatic stay does not apply.

---

[1] The relationship between Merrick and JetPay is irrelevant to the legal issue to be decided by this Court; namely, whether the funds held in the escrow are property of the estate.  To the extent that JetPay alleges in the Emergency Motion that it funded the escrow, Merrick disagrees with such assertion.  Merrick's joinder in the Emergency Motion is without prejudice to its rights and defenses regarding the liability and/or responsibility of any party with respect to the Escrow Account and Merrick expressly reserves all of its rights and defenses with respect thereto.

Conclusion

For the reasons set forth in the Emergency Motion and this Joinder, Merrick respectfully requests that this Court enter an order finding that the Escrow Agreement is not subject to the automatic stay, and granting such other and further relief as is just and proper.

Respectfully submitted,

s/Gina Lynn Martin
Gina Lynn Martin (BBO No. 643801)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
Telephone: (617) 570-1000
Fax: (617) 523-1231
Email: gmartin@goodwinprocter.com

Dated: March 23, 2012

-3-

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing document was filed this 23nd day of March, 2012 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                s/Gina Lynn Martin