UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>D/B/A DIRECT AIR,<br><br>                    Debtor. | Case No. 12-40944 (MSH)<br><br>Chapter 11 |

**DEBTOR'S OBJECTION TO EMERGENCY MOTION OF JETPAY MERCHANT
SERVICES, LLC FOR RELEIF FROM STAY TO CONTINUE PROCESSING
CUSTOMER CHARGEBACKS FROM NON-ESTATE PROPERTY ESCROW
ACCOUNT IN THE ORDINARY COUSE
(TO THE EXTENT ANY SUCH RELIEF IS REQUIRED)**

Southern Sky Air & Tours, LLC d/b/a Direct Air, debtor and debtor-in-possession herein (the "Debtor"), hereby files this objection (the "Objection') to the motion of Jetpay Merchant Services, LLC  ("Jetpay") for relief from stay to continue processing customer chargeback from non-estate property escrow account in the ordinary course (to the extent any such relief is necessary) (the "Motion"). In support of this Objection, the Debtor respectfully states as follows:

**Jurisdiction**

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.     On March 15, 2012 (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

4. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as a debtor-in-possession.

5. No trustee, examiner or official committee of unsecured creditors has been appointed in this case.

6. Prior to the Petition Date, the Debtor, operated its business as an indirect air carrier providing public charter air flights and offering all-inclusive vacation, golf, and entertainment packages. The Debtor is a South Carolina limited liability company, with a principal Massachusetts business address at 375 Airport Drive, Worcester, Massachusetts with its mailing address at 1600 Oak Street, Myrtle Beach, South Carolina. In addition, prior to the Petition Date, the Debtor operated a reservation/call center located in Beckley, West Virginia, but ceased operations at that location on or about March 14, 2012.

7. In late September 2011 Avondale Aviation I, LLC ("Avondale") purchased a majority interest of the Debtor. Following the investment by Avondale, the founding members of the Debtor who also constituted existing management and who continued to own more than forty percent (40%) of the interests in the Debtor (collectively, the "Founding Members"), remained in place as the operating management of the Debtor.

8. Rising fuel costs and other operating expenses pushed the carrier into a severe operating loss position. On or about March 12, 2012, three of the Founding Members, and controlling members of the operating management team, namely Kay Ellison, Marshall Ellison and Judy Tull (collectively, the "Prior Management") without warning, and without notice, resigned from their management positions at the Debtor, as well as their board positions on the Debtor's Board of Management. In the wake of the Prior Management's departure, on March 12, 2012, Avondale stepped in and appointed new interim management to take control of the

Debtor's business operations and finances. On March 13, 2012, the Debtor found itself with insufficient funds to fund its operations, and as a result canceled all of its chartered flights.

9.    On March 15, 2012, the Debtor filed for protection under Chapter 11 in an effort to reorganize the business.

## OBJECTION TO THE RELIEF REQUESTED

10.    The Debtor acknowledges that it is a public charter company governed by 14 CRF 380. The Debtor also acknowledges that pursuant to 14 CRF 380 it established an account at Valley National Bank for the purpose of maintaining a separate account for customer purchases to be held until the completion of the flights (the "Valley National Account"). Upon information and belief, as of the Petition Date, the balance in the Valley National Account was approximately $1 million, which balance remains untouched since the Petition Date.[1]

11.    At this point in time, the Debtor has reason to believe that there is a substantial shortfall in the Valley National Account in terms of what is currently on deposit in the Valley National Account and what should be on deposit in such account, as dictated by the requirements of 14 CFR 380 and the Department of Transportation's (the "DOT") interpretation of such requirements. Although the exact amounts and/or reasons for the shortfall are not clear, and the Debtor has not been able to determine what remedies are available to it and against whom, it is the Debtor's view that any such analysis and determination will require extensive forensic research as to how customer funds were deposited into the Valley National Account, and how such funds were disbursed from such account.

---

[1]    The motion makes reference to the Debtor's obligation to comply with 14 CFR 212. 14 CFR 212 applies to "direct air carriers", which means an air carrier that directly engages in the operation of the aircraft. As the Debtor is a public charter operator, it is not subject to 14 CFR 212, but is subject to 14 CFR 380.

3

12. The Debtor does not, at this in time, take a position as to whether or not the funds in the Valley National Account constitute property of the estate, and submits that any such argument and/or determination thereof by the Court, should best wait until, at a minimum, a creditors committee has been appointed in the case and such committee has an opportunity to investigate and be heard on the matter.

13. Furthermore, the Debtor has reason to believe that the DOT may have instructed Valley National Bank not to disburse funds in the Valley National Account at this time.

14. Given the uncertainties associated with the almost certain shortfall in the Valley National Account, the Debtor submits that there are multiple parties who have, or may assert, an entitlement to these funds. To open up the flood gates to potentially thousands of creditors who may have claims, on a first come, first served basis, will result in the proverbial run on the bank, and could further lead to inequitable treatment of similarly situated creditors.

15. Rather than open up the Valley National Account and create a free-for-all, the Debtor submits that the more prudent course of action would be to: (i) allow the Debtor's existing management to continue its investigation into the amount and cause of any shortfall in the Valley National Account; (ii) allow the Debtor to work through its listing of open reservation records to identify the universe of potential passengers entitled to a refund, who have not otherwise received a refund through another source; and (iii) work with Jetpay, American Express, the DOT, Valley National Bank, and any creditors committee to build and implement a joint program to process the customer refunds and disburse the funds in the Valley National Account in an appropriate and orderly manner. In the interim, the funds in the Valley National Account will stay put and will remain safeguarded.

WHEREFORE, the Debtor respectfully requests that the Court deny the relief requested in the Motion and grant such further relief as is just and proper.

Dated: March 23, 2012

    Respectfully submitted,

    SOUTHERN SKY AIR & TOURS, LLC D/B/A DIRECT AIR

    By its proposed counsel,

    RIEMER & BRAUNSTEIN LLP

    */s/ Alan L. Braunstein*
    Alan L. Braunstein (BBO #546042)
    Macken Toussaint (BBO# 645076)
    Three Center Plaza
    Boston, Massachusetts 02108
    Tel: (617) 523-9000
    Fax: (617) 880-3456
    abraunstein@riemerlaw.com
    mtoussaint@riemerlaw.com

    -and-

    Steven E. Fox, Esq.
    Maura I. Russell, Esq.
    Times Square Tower, Suite 2506
    Seven Times Square
    New York, NY 10036
    (212) 789-3100
    sfox@riemerlaw.com
    mrussell@riemerlaw.com