# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

_____
)
In re:                                  )
)
SOUTHERN SKY AIR & TOURS, LLC           )        Chapter 11
 d/b/a DIRECT AIR                       )        Case No. 12-40944-MSH
)
                             Debtor     )
_____)

### MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO CASE UNDER CHAPTER 7, OR IN THE ALTERNATIVE, FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

### (Request for Expedited Determination)

Pursuant to 28 U.S.C. §§ 586(a)(3)(G), (a)(8) and 11 U.S.C. § 1112(b), the United States Trustee ("UST") hereby requests that this Court enter an order converting this case to a case under Chapter 7, or for the appointment of a chapter 11 trustee.  In support, the UST states:

1.      Southern Sky Air & Tours, LLC d/b/a Direct Air ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on March 15, 2012. The Debtor has not yet filed any Schedules or Statement of Financial Affairs or a creditors' matrix.  On March 21, 2012, the Debtor filed its list of 20 largest creditors.

2.      The matters contained herein constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.      The Debtor operated as a low cost discount charter airline that flew various routes in the United States.  As an airline charter, the Debtor's operations are governed by, among other things, regulations promulgated by the United States Department of Transportation.  The Debtor ceased operating and cancelled flights on March 12, 2012.  Upon information and belief, the managing officers of the Debtor resigned on Monday, March 11, 2012.

4.      According to news publications, the Debtor has stated that it intends to restart operations on or about May 15, 2012.  It appears, however, that the United States Department of Transportation has revoked the Debtor's authorization to operate charter flights because of the numerous cancellations.

5.      The Section 341 meeting has not been scheduled because, among other things, the Debtor has not yet filed a creditor matrix.

6.      Based on discussions with Debtor's counsel, the assets of the Debtor consist of approximately $1,000,000.00 worth of fixtures, furniture and equipment and $45,000.00 in cash (the "Assets").  The Assets have locations within the 17 different airports in which the Debtor operated.  The Debtor's Assets are subject to a UCC lien in favor of Wachovia Bank in the approximate amount of $200,000.00.  The UST is unaware of any other physical assets of the Debtor.  Moreover, the UST does not know if the Debtor's contractual agreements with various air carriers have any value.

7.      The UST has been further informed that the Debtor's liabilities apparently include: trade debt in the amount of approximately $3,900,000.00; amounts due various airlines in the amount of about $1,000,000.00; state and federal taxes of about $1,400,000.00; security costs due the U.S. Transportation Security Administration in the amount of about $970,000.00; and, an as yet unknown amount owed to various consumers.

8.      Pursuant to U.S. Department of Transportation guidelines, an escrow account was established for the protection of consumers.  The account is held in the name of the Debtor with Valley National Bank.  The UST has learned that, as of March 23, 2012, the amount held in the escrow account is $1,016,862.05.  The amounts owed to various consumers who might be reimbursed from the account are unknown.  The UST believes, based on discussions with different creditors, that the claims of consumers and others seeking reimbursement from the

accounts are significantly more than the amounts held in the escrow account.

9.      On March 21, 2012, Jet Pay Merchant Services, LLC ("Jet Pay"), an unsecured creditor of the Debtor, filed an emergency motion for relief from the automatic stay to continue processing customer chargebacks from non-estate property escrow account in the ordinary course in its capacity as a credit card processor which provides services to the Debtor.   Pursuant to the Affidavit of David Chester, Chief Operating Office of Jet Pay, filed in connection with the motion for relief from stay, Mr. Chester has provided a summary of chargebacks that had been repaid by Jet Pay between the periods of March 10, 2012 and March 18, 2012.  These amounts as totaled by the UST equal $3,403,545.40.  Based upon the summary, the UST has ascertained that approximately $2,734,409.30 of these chargebacks were processed post-petition, between March 16, 2012 and March 18, 2012.  The UST has also been informed as of this date that additional chargebacks have been incurred by Jet Pay.

10.     In addition to the escrow account, the Debtor has in place a surety bond in the amount of $200,000.00 in order to protect charter participants.  Again, however, it appears unlikely that the amount of the bond is sufficient to satisfy outstanding consumer claims.

11.     On March 22, 2012, Valley National Bank filed a limited objection to Jet Pay's motion for relief to proceed against the amounts held in the escrow account.  Valley asserts that it too has received claims from customers seeking refunds from the account and that it expects additional customer claims.  Also on March 22, 2012, American Express Travel Related Services Company, Inc. (AMEX") filed a limited objection to Jet Pay's motion, arguing among other things, that it has currently credited over $1,800,000.00 to its card members for disputed charges relating to purchases from the Debtor, and that it expects that amount to continue to grow.  The UST is concerned in light of the fact that the escrow appears to be significantly underfunded, and therefore requests expedited determination of this motion.

12.     Since the filing, the UST has been informed that the Debtor has retained six employees for the purpose of collecting information and that it has furloughed the balance of its employees.  In addition to post-petition payroll, the UST believes that the Debtor is continuing to incur post-petition liabilities in the form of contractual obligations with regard to leases in airport terminals and equipment.  These post-petition obligations are evidence of diminution of the Debtor's estate.

13.     In light of the fact that the Debtor has ceased operations, and is apparently incurring post-petition liabilities, the UST believes that it is unlikely that the Debtor will be able to file a confirmable plan of reorganization.

14.     11 U.S.C. § 1112(b)(1) provides:   Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

15.     11 U.S.C. § 1112 (b)(4) provides: For purposes of this subsection, the term 'cause' includes--
**(A)** substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation . . ..;
**(B)** gross mismanagement of the estate . . ..

16.     The fact that the Debtor is not operating yet continues to incur administrative costs is cause for conversion of the case.  *See* 11 U.S.C. §1112(b)(4)(A).  Moreover, the fact that the Debtor's management team resigned on or about March 12, 2012, raises serious issues as to the continued management of the Debtor, and is also cause for conversion of the case.

- 4 -

17.  The interests of creditors and the estate would best be served by the conversion of the Debtor's Chapter 11 case to Chapter 7 under 11 U.S.C. § 1112(b).  In the alternative, the UST believes that a chapter 11 trustee should be appointed if the Court determines that it is in the best interest of the estate.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an Order converting this case to a case under Chapter 7, and for all other relief as is just and proper, including the appointment of a chapter 11 trustee.

**Respectfully submitted,**

**WILLIAM K. HARRINGTON**
**United States Trustee, Region 1**

**By: /s/ Richard King**

**Richard King, Esq. (BBO #549382)**
**Assistant U.S. Trustee**
**United States Department of Justice**
**Office of the U.S. Trustee**
**446 Main Street, 14th Floor**
**Worcester, MA 01608**
**(telephone) (508) 793-0555, ext. 112**
**(facsimile)  (508) 793-0558**
**Dated:  March 23, 2012**                    **Email Richard.T.King@USDOJ.gov**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of March, 201s, the foregoing United States Trustee's Motion to Convert Case to Case Under Chapter 7, or in the Alternative, for the Appointment of a Chapter 11 Trustee was served via first class mail, postage pre-paid and/or via ECF upon the following:

Alan L. Braunstein, Esq.
Email: abraunstein@riemerlaw.com

Robert W Kovacs, Jr., Esq.
robert@rkovacslaw.com

William R. Moorman, Jr., Esq.
moorman@craigmacauley.com

David J. Reier, Esq.
dreier@pbl.com

Gina L. Martin, Esq.
gmartin@goodwinprocter.com

Kevin C. McGee, Esq.
bankruptcy@sederlaw.com

Michael J. Pappone, Esq.
mpappone@goodwinprocter.com

Jeffrey D. Sternklar, Esq.
jdsternklar@duanemorris.com

Southern Sky Air & Tours, LLC d/b/a Direct Air
1600 Oak Street
Myrtle Beach, SC 29577

Allegheny County Airport Authority
PO Box 642623
Pittsburgh, PA 15264

Chemoil Corporation
Attn: Richard White
200 East Las Olas Boulevard
Suite 2050
Fort Lauderdale, FL 33301

Horry County Department of Airports
1301 Second Avenue
Conway, SC 29526

Jet Pay
3361 Boyington Drive
Carrollton, TX 75006

Kalamazoo/Battle Creek International Air
5235 Portage Road
Kalamazoo, MI 49002

Lehigh Northampton Airport
3311 Airport Boulevard
Allentown, PA 18109

Massachusetts Port of Authority
Attention Director, Worcester
  Regional Airpott
One Harborside Drive, Suite 200S
Boston, MA 02128

Myrtle Beach International Airport
1100 Jetport Road
Myrtle Beach, SC 29577

Niagra Frontier
Transportation Authority
PO Box 5008
Buffalo, NY 14205

Palm Beach International Airport

846 Palm Beach International Airport

West Palm Beach, FL 33406


Quickflight, Inc.

145 Burt Road, Suite 16

Lexington, KY 40503


Sky King Airlines

3200 Flightline Drive

Suite 302

Lakeland, FL 333811


Springfield Port Authority

1200 Capital Airport Drive

Springfield, IL 62707


Tech Aviation

Wilkes Barre/Scranton International Airport

101 Hangar Road

Avoca, PA 18641


The Port Authority of NY & NJ

PO Box 95000

Philadelphia, PA 19195


Vision Airlines

David Meers, SVP and COO

3975 Johns Creek Court

Suite 100A

Suwanee, GA 30024


WFFF/WVNY-TV

Smith Broadcasting of VT, LLC

298 Mountain View Drive

Colchester, VT 05406


World Atlantic Airlines

Thomas Romero, CEO

5200 NW 36th Street

Miami, FL 33166


WUTV-Fox 29

6999 Hertal Avenue

Suite 100

Buffalo, NY 14207


Xtra Airways

Lisa Dunn, President

800 West Idaho Street

Suite 304

Boise, ID 83702


Southern Sky Air & Tours LLC
d/b/a Direct Air
375 Airport Drive
Worcester, MA 01602


Kevin and Lynn Conway
54 James Street
Worcester, MA  01603


Steven E. Fox, Esq.
Riemer & Braunstein LLP
Times Square Tower
Suite 2506
Seven Times Square
New York, NY  10036


Dated:  March 23, 2012                                   /s/    Richard T. King

                                                                  Richard T. King