UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SOUTHERN SKY AIR & TOURS, LLC
D/B/A DIRECT AIR,

Debtor.

Case No. 12-40944 (MSH)

Chapter 11

### DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN ASI ADVISORS, LLC AS FINANCIAL ADVISORS

Southern Sky Air & Tours, LLC d/b/a Direct Air, debtor and debtor-in-possession herein (the "Debtor"), respectfully submits this application (the "Application") requesting an order authorizing the Debtor to employ and retain ASI Advisors, LLC ("ASI Advisors") as financial advisors to the Debtor in this Chapter 11 case. In support of this Application, the Debtor respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief requested herein are sections 105, 327(a), 328(a), 330 and 1107(b) of Title 11 of the United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedures; and MLBR 2014-1.

### Background

4. On March 15, 2012 (the "Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties as a debtor-in-possession.

6.  To date, no trustee, examiner or official committee of unsecured creditors has been appointed in this case.

7.  Prior to the Petition Date, the Debtor, operated its business as an indirect air carrier providing public charter air flights and offering all-inclusive vacation, golf, and entertainment packages. The Debtor is a South Carolina limited liability company, with a principal Massachusetts business address at 375 Airport Drive, Worcester, Massachusetts with its mailing address at 1600 Oak Street, Myrtle Beach, South Carolina. In addition, prior to the Petition Date, the Debtor operated a reservation/call center located in Beckley, West Virginia, but ceased operations at that location on or about March 14, 2012.

8.  In late September 2011 Avondale Aviation I, LLC ("Avondale") purchased a majority interest of the Debtor. Following the investment by Avondale, the founding members of the Debtor who also constituted existing management and who continued to own more than forty percent (40%) of the interests in the Debtor (collectively, the "Founding Members"), remained in place as the operating management of the Debtor.

9.  Rising fuel costs and other operating expenses pushed the carrier into a severe operating loss position. On or about March 12, 2012, three of the Founding Members, and controlling members of the operating management team, namely Kay Ellison, Marshall Ellison and Judy Tull (collectively, the "Prior Management") without warning, and without notice, resigned from their management positions at the Debtor, as well as their board positions on the Debtor's Board of Management. In the wake of the Prior Management's departure, on March 12, 2012, Avondale stepped in and appointed new interim management to take control of the

Debtor's business operations and finances. On March 13, 2012, the Debtor found itself with insufficient funds to fund its operations, and as a result canceled all of its chartered flights.

10. On March 15, 2012, the Debtor filed for protection under Chapter 11 in an effort to reorganize the business.

### Retention of ASI Advisors, LLC

11. By this Application, the Debtor seeks this Court's authority to employ ASI Advisors as its financial advisors to provide general restructuring advice and other financial advisory services to the Debtor, including the structuring, negotiating and effecting of the reorganization, restructuring and/or recapitalization of certain obligations or claim of the Debtor (the "Restructuring") as contemplated in the Engagement Letter (the "Engagement Letter") attached hereto as Exhibit A.

12. ASI Advisors will render such restructuring and financial advisory services as the Debtor may reasonably request, as stated herein and in the Engagement Letter, including, but not limited to, the following:[1]

    a. Assist in the evaluation of the Company's business, operations, and prospects, including evaluation of proposed strategic alternatives;

    b. Assist in the development, review and analysis of the Company's long-term business plan and related financial projections, including the development of a detailed financial model of the Debtor and the assessment of the restructuring objectives developed by the Debtor;

    c. Assist in the development of financial data and presentations to the Debtor's Board of Directors (or committees thereof), management, various creditors and other third parties;

---

[1] The description of the Engagement Letter herein is a summary. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter will control.

      d.     Analyze the Company's financial liquidity and evaluate alternatives to improve such liquidity;

      e.     Analyze various restructuring scenarios and the potential impact of these scenarios on the value of the Debtor and recoveries of those stakeholders impacted by the Restructuring, including potential recoveries and impacts under a Chapter 11 proceeding;

      f.     Assist in the development of a restructuring plan or merger plan and provide strategic advice with regard to restructuring of refinancing the Obligations;

      g.     Evaluate and assist in the determination of the Debtor's liquidity needs, debt capacity and alternative capital structures;

      h.     Render financial advice to the Debtor and participate in meetings or negotiations among the Debtor and its creditors lessors, and other interested parties or relevant parties or regulatory bodies in connection with any Restructuring or merger;

      i.     Advise the Debtor and participate in negotiations with creditors with respect to potential waivers and amendments with respect to the Obligations;

      j.     Advise the Debtor on the timing, nature and terms of other consideration and/or inducements to be offered to creditors pursuant to the Restructuring or merger;

      k.     Assist the Debtor and counsel in preparing documentation required in connection with the Restructuring or merger;

      l.     Provide advice to and attend meetings of the Board of Directors of the Debtor, and any relevant committees thereof;

      m.     Provide testimony, as necessary, in any proceeding before any Bankruptcy Court;

      n.     Provide the Debtor with appropriate general restructuring advice; and

      o.     Provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a Restructuring as reasonably requested and mutually agreed.

13.     Over the past months, ASI Advisors' professionals have worked closely with the Debtor's management and have become well-acquainted with the Debtor's financial situation, debt structure, business and related matters. Accordingly, ASI Advisors has developed

significant relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services in connection with the planned restructuring of the Debtor.

14. In its business judgment, the Debtor has determined that ASI Advisors is qualified for the position for which it is being employed. The fee structure set forth in the Engagement Letter appropriately reflects the nature of the services to be provided by ASI Advisors, contains reasonable terms and conditions of employment, and should be approved. In sum, therefore, the Debtor believes that the fee structure is reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of the Chapter 11 context, (c) ASI Advisors' substantial experience with respect to financial advisory services, and (d) the nature and scope of work to be performed by ASI Advisors in the Debtor's Chapter 11 case.

15. The Debtor believes that ASI Advisors is well qualified and able to provide the foregoing services to the Debtor. ASI Advisors has indicated a willingness to act on behalf of the Debtor on the terms described above and subject itself to the jurisdiction of the Court. If this Application is granted, ASI Advisors will provide services to the Debtor until such time as ASI Advisors' engagement is terminated pursuant to the Engagement Agreement. ASI Advisors' engagement under the Engagement Agreement may be may be terminated without cause by the Debtor upon 7 days' written notice or by ASI Advisors without cause upon 30 days' written notice. In addition, each party may terminate for cause, which termination shall be effective upon written notice thereof.

A. **Disinterestedness**

16. To the best of the Debtor's knowledge and except as disclosed herein and in the Affidavit of Mr. Donald A. Stukes ("Mr. Stukes") in support of this Application attached hereto as

5

Exhibit B (the "Retention Affidavit"). ASI Advisors and Mr. Stukes are "disinterested" within the meaning of Bankruptcy Code section 101(14) (as modified by section 1107(b) of the Bankruptcy Code), and have no connection with, and hold no interest adverse to, the Debtor, its creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters for which ASI Advisors is proposed to be retained except as disclosed in the Retention Affidavit.

17. Except as disclosed herein, ASI Advisors and its employees (i) are not creditors, equity security holders or insiders of the Debtor, and (ii) were not, within two years before the date of filing of the Debtor's chapter 11 petition a director, officer, or employee of the Debtor. ASI Advisors did not have a prepetition claim against the Debtor at the time of filing.

18. Notwithstanding the efforts described in the Retention Affidavit to identify and disclose ASI Advisors' connection with any party-in-interest in this Chapter 11 case, ASI Advisors is unable to state with certainty that every client relationship or other connection has been disclosed in the Retention Affidavit. In this regard, if ASI Advisors or Mr. Stukes discovers additional material information that they determine requires disclosure, they will file a supplemental disclosure with this Court.

19. Mr. Stukes is the Senior Managing Director of and Partner in ASI Advisors. Mr. Stukes is also a manager and member of Stukes Atwood, LLC. Stukes Atwood, LLC, previously held a 3% membership interest in the Debtor, and Mr. Stukes previously served on the Board of Managers of the Debtor. Prior to the Petition Date, Stukes Atwood, LLC, transferred its membership interest in the Debtor to Avondale Aviation I, LLC, and Mr. Stukes resigned from the Board of Managers.

**B.    Compensation Terms**

6

20. ASI Advisors and the Debtor have entered into the Engagement Letter to govern the relationship between them. All professional fees and expenses will be billed to the Debtor and are payable in accordance with the Bankruptcy Code or any applicable fee orders issued by the Court in the case. Under the Engagement Letter, a retainer advisory fee (the "Retainer") was required to be paid to ASI Advisors in the amount of $15,000.00. The Retainer was paid by the Chairman of the Debtor, Mr. Hank Torbert.

21. In addition, ASI Advisors will bill professional fees on a monthly basis at an hourly rate of between $200-$500 based upon the staff assigned to the engagement and related tasks. In addition, pursuant to the Engagement Agreement, the Debtor agrees to pay ASI Advisors all necessary, reasonable and documented out of pocket expenses incurred during the engagement. In connection therewith, the Engagement Agreement requires the Debtor to pay ASI Advisors and maintain thereafter a $1,000 expenses advance for which ASI Advisors shall account upon termination of this Agreement. The expenses advance shall also be supplied and maintained by Mr. Hank Torbert, Chairman of the Debtor. Charges and disbursements will comply with the United States guidelines for fees and disbursements for professionals in bankruptcy cases.

22. As set forth in the Retention Affidavit, ASI Advisors has not shared or agreed to share any of its compensation from the Debtor with any other persons, other than a managing director, professional or employee of ASI Advisors, as permitted by section 504 of the Bankruptcy Code.

C. **Indemnification**

23. Pursuant to the Engagement Letter, the Debtor has agreed to indemnify and hold harmless ASI Advisors, its partners, members, officers, directors, agents and employees

from and against any losses, claims, damages, expenses and liabilities whatsoever arising out of or in connection with the engagement; <u>provided, however</u>, that the Debtor will not be responsible for any, losses claims, damages, liabilities or expenses that have primarily resulted from an indemnified party's bad faith, willful misconduct or gross negligence.

### Relief Requested

24. Under 11 U.S.C. § 327(a), a trustee, with the court's approval, may employ one or more professional persons, such as a financial advisor, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out his duties. Under 11 U.S.C. § 328(a), a professional person retained under 11 U.S.C. § 327(a) may be employed on any reasonable terms and conditions, including on retainer or on an hourly basis. By this Application, the Debtor seeks to employ and retain ASI Advisors as financial advisors to the Debtor, all in accordance with the terms set forth herein, and as set forth in the Engagement Letter.

25. In its business judgment, the Debtor has determined that ASI Advisors is qualified for the position for which it is being employed, and that the Engagement Letter appropriately reflects the nature of the services to be provided by ASI Advisors, contains reasonable terms and conditions of employment, and should be approved under sections 327 and 328 of the Bankruptcy Code.

26. The Debtor and ASI Advisors believe that the indemnification provisions in the Engagement Letter are customary and reasonable for restructuring advisory engagements, both out-of-court and in Chapter 11. See <u>In re Joan & David Halpern, Inc.</u>, 248 B.R. 43 (Bankr. S.D.N.Y. 2000), aff'd 2000 WL 1800690 (S.D.N.Y. 2000). While the Debtor recognizes that there is no mandate for this Court to defer to conditions of employing professionals outside bankruptcy, the Debtor

and ASI Advisors believe that it is reasonable, under the totality of circumstances, for the Debtor to bear the additional risk as described in the Engagement Letter. See In re Thermadyne Holdings Corp., 283 B.R. 749, 757-59 (Bankr. 8th Cir. 2002) (finding that it was not reasonable for the debtors to indemnify a professional firm hired by a creditor committee as the debtor had virtually no control of the acts of the professional firm).

27.  Accordingly, the Debtor respectfully submits that the decision to select ASI Advisors under the terms set forth herein, in the Engagement Letter, and in the Retention Affidavit would greatly benefit the Debtor's estate and its creditors, and reflects an exercise of the Debtor's business judgment.

### Notice

28.  The Debtor will send notice of this Application to the following parties: (i) ASI Advisors, (ii) the Office of the United States Trustee for the District of Massachusetts, (iii) all known secured creditors, (iv) the Debtor's 20 largest unsecured creditors, and (v) any other parties that have requested notice. In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto, granting the Application, and (b) grant such other and further relief as this Court may deem just and proper.

Dated: March __, 2012

>                          Respectfully submitted,
>
>                          SOUTHERN SKY AIR & TOURS, LLC D/B/A
>                          DIRECT AIR
>
>                          By its proposed counsel,

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto, granting the Application, and (b) grant such other and further relief as this Court may deem just and proper.

Dated:  March 29, 2012

                Respectfully submitted,

                SOUTHERN SKY AIR & TOURS, LLC D/B/A DIRECT AIR

                By its proposed counsel,

                RIEMER & BRAUNSTEIN LLP

                /s/ Alan L. Braunstein
                Alan L. Braunstein (BBO #546042)
                Macken Toussaint (BBO# 645076)
                Three Center Plaza
                Boston, Massachusetts  02108
                Tel: (617) 523-9000
                Fax: (617) 880-3456
                abraunstein@riemerlaw.com
                mtoussaint@riemerlaw.com

                -and-

                Maura I. Russell, Esq.
                Brett J. Nizzo, Esq.
                Times Square Tower, Suite 2506
                Seven Times Square
                New York, NY 10036
                (212) 789-3100
                mrussell@riemerlaw.com
                bnizzo@riemerlaw.com