UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SOUTHERN SKY AIR & TOURS, LLC,
D/B/A DIRECT AIR,

                              Case No. 12-40944 (MSH)

                              Chapter 11

                    Debtor.

## DEBTOR'S MOTION TO EMPLOY
## AND RETAIN ATTORNEY SUSAN B. JOLLIE AS SPECIAL COUNSEL

Southern Sky Air & Tours, LLC, d/b/a Direct Air, a debtor in possession (the "Debtor")
respectfully submits this motion (the "Motion") requesting an order authorizing the Debtor to
employ and retain attorney Susan B. Jollie ("Attorney Jollie") and the Law Office of Susan B.
Jollie as special aviation counsel to the Debtor in this chapter 11 case with respect to aviation
and regulatory matters, and to represent the Debtor in connection with any proceedings before,
and matters relating to, the Department of Transportation ("DOT").  In support of this Motion,
the Debtor respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157
and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this
Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are sections 105, 327(e), 328(a),
330, and 1107(b) of Title 11 of the United States Code (the "Bankruptcy Code"); Rule 2014 of
the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"); and MLBR  2014-1.

**Background**

3.      On March 15, 2012 (the "Petition Date"), the Debtor commenced this proceeding

by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

4.      Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues

to operate its business and manage its properties as a debtor-in-possession.

5.      No trustee, examiner or official committee of unsecured creditors has been

appointed in this case

**Retention of Attorney Susan B. Jollie**

6.      By this Motion, the Debtor seeks this Court's authority to employ Attorney Jollie

and the Law Office of Susan B. Jollie as special aviation counsel with respect to

aviation/regulatory matters and to represent the Debtor in connection with any proceedings

before, and matters relating to, the Department of Transportation.

7.      Attorney Jollie has extensive experience in aviation regulatory matters and

has represented the Debtor since on or about March 15, 2012.[1]  Since that date, Attorney

Jollie has had numerous conversations with the Debtor and its majority owner, and with

representatives of the DOT. These discussions, coupled with Attorney Jollie's extensive

experience has enabled Attorney Jollie to become well-acquainted with the facts related to the

Debtor's regulatory issues and related matters. Accordingly, Attorney Jollie has developed

---

[1]      In the days leading up to the Petition Date, Attorney Jollie was initially consulted by Avondale Aviation I, LLC , the Debtor's majority owner, concerning certain aviation and regulatory matters affecting the Debtor and in connection with the Debtor's dealings with the DOT once the determination was made to discontinue flight operations.  Given the nature of the aviation/regulatory issues facing the Debtor, as well as anticipated investigatory measures by the DOT, the Debtor determined there was a need to engage Attorney Jollie to represent it in connection with such matters.

significant knowledge regarding the Debtor that will assist with providing effective and efficient services in connection with the planned restructuring of the Debtor.

8.      Accordingly, the Debtor submits that Attorney Jolie's knowledge, expertise, and experience with the Debtor and the retained matters will enable Attorney Jollie to work in an efficient and cost-effective manner on behalf of the Debtor's estate.

### Relief Requested

9.      Under 11 U.S.C. § 327(e) of the Bankruptcy Code, the Debtor, with the Court's approval, "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). By this Motion, the Debtor seeks to employ and retain Attorney Jollie and the Law Office of Susan B. Jollie as special counsel to the Debtor, all in accordance with the terms set forth herein, and as set forth in certain engagement agreement between Attorney Jollie and the Debtor, dated March 15, 2012 (the "Engagement Agreement"), annexed hereto and made a part hereof as Exhibit "A".

10.     The Debtor states that it has selected Attorney Jollie for the reason that she has considerable experience in matters of this nature and is well qualified to perform the services as required herein. It is necessary for the Debtor to employ and have the aid of duly qualified special counsel for regulatory and similar matters, which the Debtor views as a valuable asset.

11.     In its business judgment, the Debtor has determined that Attorney Jollie is qualified for the position for which she is being employed, and that the Engagement Agreement

3

appropriately reflects the nature of the services to be provided by Attorney Jollie, contains reasonable terms and conditions of employment, and should be approved under sections 327(e) and 328 of the Bankruptcy Code.

12.    Accordingly, the Debtor respectfully submits that the decision to select Attorney Jollie under the terms set forth herein, in the Engagement Agreement, and in the Affidavit of Susan B. Jollie in support if this Motion attached hereto as Exhibit B (the "Retention Affidavit") would greatly benefit the Debtor's estate and its creditors.

***A.    Compensation Terms***

13.    Subject to this Court's jurisdiction with respect to professional fees, the Debtor agrees to compensate Attorney Jollie for her services at an hourly fee of $300.00 billable in increments of 6 minutes.  The Debtor also agrees to reimburse Attorney Jollie for disbursements and for such expenses as Attorney Jollie customarily bills to her clients as set forth in the Engagement Agreement.

14.    Attorney Jollie will apply for compensation for professional services rendered in connection with her representation of the Debtor in this chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, this Court's local rule, and orders of this Court, as set forth herein and in the Engagement Agreement

15.    Attorney Jollie is holding a retainer in the amount of approximately $1,500, with an additional $23,500 due not later than 5:00 pm on April 2, 2012 (the "Retainer") for services to be rendered in connection with this bankruptcy proceeding, pending allowance of compensation by this Court pursuant to 11 U.S.C. § 330. Such Retainer has been, or will be, was paid on behalf of the Debtor by Avondale Aviation I, LLC, the majority owner of the Debtor and affiliates.

Compensation and reimbursement of expenses accrued on and after the Petition Date shall be subject to allowance by the Court upon appropriate application and upon notice and a hearing.

16.    As set forth in the Retention Affidavit, Attorney Jollie has not shared or agreed to share with any person, other than partners and/or employees in her office, the compensation to be paid for services rendered in the Debtor's case.

**B.    *No Adverse Interest***

17.    As set forth above, the section 327(e) standard differs from the section 327(a) standard, under which the attorney must also show that the attorney is a "disinterestedness person." 11 U.S.C. § 327(a). Where an attorney represents a debtor in legal matters other than the bankruptcy case, the disinterestedness requirement contained in § 327(a) is not applicable. Instead, pursuant to § 327(c) and (e), the Court only needs to determine whether the professional in question holds an interest adverse to the estate. In re Albert, 206 B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) (approving application of counsel under 11 U.S.C. § 327(e)). See also, In re Hub Bus. Forms, Inc., 146 B.R. 315, 319 (Bankr. D. Mass. 1992) (same); In re Covennant Fin. Group of Am., Inc., 243 B.R. 450, 456 n.8 (Bankr. N.D. Ala. 1999) (same); DeVlieg-Bullard, Inc. v. Natale (In re DeVlieg, Inc.), 174 B.R. 497, 503 (N.D. Ill. 1994) (same); In re Microwave Prods. of Am., Inc., 104 B.R. 900, 908 (Bankr. W.D. Tenn. 1989) (same).

18.    To the best of the Debtor's knowledge and as disclosed herein and in the Retention Affidavit, Attorney Jollie and her firm hold no interest adverse to the Debtor or the Debtor's estate with respect to the matters for which Attorney Jollie is proposed to be retained. Indeed, Attorney Jollie does not have any interest materially adverse to the Debtor in any matter.

19.    While it is not required that Attorney Jollie be disinterested to serve as special counsel to the Debtor pursuant to section 327(e) of the Bankruptcy Code, to the best of the Debtor's knowledge, and

5

except as set forth in the Retention Affidavit, Attorney Jollie has not represented the Debtor's creditors or any other parties in interest or their respective attorneys in any matter relating to the Debtor or its estate.

20.     Notwithstanding the efforts described in the Retention Affidavit to identify and disclose Attorney Jollie's connection with any party-in-interest in this chapter 11 case, Attorney Jollie is unable to state with certainty that every client relationship or other connection has been disclosed in the Retention Affidavit. In this regard, if Attorney Jollie discovers additional material information that she determines would require disclosure, she will file a supplemental disclosure with this Court.

### Notice

21.     The Debtor will send notice of this Motion to the following parties: (i) Attorney Jollie, (ii) the Office of the United States Trustee for the District of Massachusetts, (iii) secured creditors, (iv) the Debtor's 20 largest unsecured creditors, (v) all parties who have filed notices of appearance requesting service of notices and pleadings in this case, and (vi) any other parties designated in the service list by the Debtor to receive notice.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto, granting the Motion, and (b) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

SOUTHERN SKY AIR & TOURS, LLC
D/B/A DIRECT AIR

_____
Hank L. Torbert, Member of Board of Directors
Southern Sky Air & Tours, LLC,
d/b/a Direct Air

Dated: March _____, 2012