# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Central Division)

_____
)
In re:                                                                          )
                                                                                        )    Chapter 11
SOUTHERN SKY AIR & TOURS, LLC,        )    Case No. 12-40944-MSH
d/b/a DIRECT AIR,                                            )
                        Debtor                                       )
_____)

## EMERGENCY MOTION OF JETPAY MERCHANT SERVICES, LLC
## TO CONTINUE PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY
## FOR A PERIOD OF THIRTY (30) DAYS
## (ASSENTED TO BY AMERICAN EXPRESS
## TRAVEL RELATED SERVICES COMPANY, INC.)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Pursuant to MLBR 9013-1(g), JetPay Merchant Services, LLC ("JetPay"), by its attorneys, hereby moves on an emergency basis to continue for a period of 30 days the preliminary hearing scheduled for April 11, 2012 on the Emergency Motion of JetPay for Relief from Stay filed on March 21, 2012 [Docket No. 9] ("Motion for Relief"). American Express Travel Related Services Company, Inc., which had filed a limited opposition to the Motion for Relief, assents to this request. Merrick Bank has advised JetPay that it too supports this request.

The grounds for this request are set forth below.

1. On March 21, 2012, JetPay filed the Motion for Relief. JetPay sought relief from the automatic stay (to the extent the stay applied) to enable JetPay to continue processing reimbursements out of a certain escrow account established and maintained at Valley National Bank ("VNB") ("Escrow Account").

2. As set forth more fully in the Motion for Relief, pursuant to a certain written Depository Account Agreement between VNB and the within the debtor ("Debtor") and certain applicable regulations promulgated by the United States Department of Transportation, the

1354557v2/999-213

Debtor maintained an escrow account at VNB for, among other purposes, the benefit of so-called "Charter Participants" whose charter flights are cancelled. JetPay and AMEX appear to be the sole parties responsible for processing and funding all credit card (including so-called "debit card") purchases. On information and belief, the credit card purchases comprise all or virtually all funds deposited in the Escrow Account. With the Debtor out of business and all flights cancelled, JetPay sought to resume the prepetition practice of drawing against the Escrow Account to reimburse itself for chargebacks.

3. Following the filing of the Motion for Relief, JetPay and other interested parties learned that there was only approximately $1 million in the Escrow Account as of the Petition Date, with an unexplained shortfall.

4. A preliminary non-evidentiary hearing was held on March 23, 2012 ("Hearing"). At the Hearing and in its limited opposition, VNB stated that, in view of the shortfall and other issues, even if the Court granted the Motion for Relief, it would not resume its prior five-year course of conduct to reimburse JetPay for chargebacks out of the Escrow Account, and would likely only disburse funds from the Escrow Account pursuant to a court order or an agreement with the Department of Transportation.[1]

5. The Court continued the Hearing to April 11, 2012 and encouraged the various parties to explore the possibility of an agreement regarding the disposition of the funds in the Escrow Account.

6. Following the Hearing, JetPay and AMEX have continued to process chargeback requests. As of the filing of this Emergency Motion, JetPay is seeking data from the Debtor and Radixx Solutions International, Inc. to verify which passengers flew on which flights which will

---

[1] VNB contends it has a security interest in the Escrow Account (though it disputes the use of the term "escrow" in characterizing the account) to secure its right to fund its legal expenses incurred in connection with the Account.

provide essential data for identifying potentially fraudulent chargeback claims.  Under MasterCard and Visa "rules", JetPay is ordinarily required to identify fraudulent claims within 20 days of honoring a chargeback.

7.  JetPay and AMEX intend to gather as much information and analysis as possible in order to reconcile all chargebacks and refunds against charter participant reservations and information, which they expect to demonstrate conclusively that, with certain possible isolated exceptions, JetPay and AMEX are the sole parties entitled to funds in the Escrow Account.

8.  For the foregoing reasons, JetPay, with the assent of AMEX, request that this Court continue the nonevidentiary hearing on the Motion for Relief 30 days.  This will allow the parties to continue their factual analysis, conduct further factual research and hopefully attain a consensual resolution with other interested parties in respect of the disposition of the funds in the Escrow Account, failing which JetPay and AMEX will seek other judicial resolution.

WHEREFORE, JetPay respectfully requests that this Court enter an order continuing the nonevidentiary hearing on the Motion for Relief for a period of 30 days and grant such other and further relief as is just and proper.

| | |
|---|---|
| JETPAY MERCHANT SERVICES, LLC | ASSENTED TO: |
| By its attorneys, | AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. |
| /s/ David J. Reier | By its attorneys, |
| David J. Reier (BBO No. 546202) POSTERNAK BLANKSTEIN & LUND LLP Prudential Tower 800 Boylston Street Boston, MA 02199-8004 Telephone:  617-973-6100 Telecopier:  617-367-2315 E-mail:  dreier@pbl.com | /s/ Kevin C. McGee    (By permission) J. Robert Seder  (BBO No. 450260) Kevin C. McGee (BBO No. 548923) SEDER & CHANDLER, LLP 339 Main Street Worcester, MA  01608 Tel. (508) 757-7721 kmcgee@sederlaw.com jrseder@sederlaw.com |
| Dated: April 10, 2012 | |

1354557v2/999-213

3

## **CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing document, together with exhibits, the proposed Order and Chester Affidavit was filed this 10st day of April, 2012 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by overnight mail or as otherwise indicated on the attached Noticed List.

/s/ David J. Reier