UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

**APPLICATION FOR AUTHORITY TO EMPLOY MIRICK, O'CONNELL,**
**DeMALLIE & LOUGEE, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the Debtor's proceeding, and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") as counsel to the Trustee. In support hereof, the Trustee states as follows:

1. On March 15, 2012, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. See attached **Exhibit A**.

4. On May 16, 2012, the Trustee is scheduled to conduct the initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "§ 341(a) Meeting").

5. The Trustee has determined that the Debtor may have assets available for liquidation and distribution to unsecured creditors and further determined that he requires the assistance of counsel in this proceeding.

6. The Trustee selected the firm of MODL to act as counsel on his behalf because of its experience and knowledge in the field of bankruptcy law, and believes that MODL is well qualified to represent him in this case.

7. The Trustee wishes to employ MODL to perform the following services in connection with these proceedings:

    A. To assist, advise and represent the Trustee in the possible liquidation of the Debtor's assets, including, but not limited to, non-exempt (where applicable) real and personal property in which the Debtor has an interest;

    B. To assist, advise and represent the Trustee with respect to the identification and prosecution of claims and causes of action assertable by the Trustee on behalf of the estate including, but not limited to, preference and fraudulent conveyance actions;

    C. To assist, advise and represent the Trustee with respect to the collection of any and all account receivables due and owing to the Debtor;

    D. To assist, advise and represent the Trustee with respect to the examination of proofs of claim to be filed herein and the possible prosecution of objections to certain of such claims; and

    E. To perform such other legal services as may become necessary during the administration of these proceedings.

8. It is the carefully considered view of the Trustee that representation of the Trustee by counsel is necessary and advisable. Upon information and belief, MODL is fully qualified to render the services described above in this case.

9. The firm of MODL has indicated its willingness to serve as counsel to the Trustee herein and to receive compensation for professional services rendered and expenses incurred in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code.

10. To the best of the Trustee's knowledge, information and belief, the members and associates of MODL have no connection with the Debtor, the creditors or any other party in interest, except as stated in the annexed affidavit of Joseph H. Baldiga, and represent no other entity having an adverse interest to the Debtor or the Trustee in connection with this case.

11. Based upon the foregoing, the Trustee submits that the retention of MODL would be in the best interests of the estate and creditors herein.

12. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

(a) Authorizing the Trustee to employ and retain the law firm of MODL as his counsel, on the terms and conditions set forth above, to perform the legal services recited herein;

(b) Authorizing MODL to file interim applications from time-to-time for reimbursement of its fees and expenses incurred in connection with its representation of the Trustee in this proceeding; and

  (c)  Granting such other and further relief as is just.

                Respectfully submitted,

                JOSEPH H. BALDIGA,
                CHAPTER 7 TRUSTEE

                By his counsel,

                /s/ Joseph H. Baldiga
                Joseph H. Baldiga, BBO #549963
                Gina M. Barbieri, BBO #670596
                Mirick, O'Connell, DeMallie & Lougee, LLP
                1800 West Park Drive, Suite 400
                Westborough, MA 01581
                Phone: 508.898.1501
                Fax:  508.898.1502
                Email: bankrupt@mirickoconnell.com
Dated: April 23, 2012         Email: gbarbieri@mirickoconnell.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

ORDER APPROVING APPLICATION FOR AUTHORITY TO
EMPLOY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP
AS COUNSEL TO THE CHAPTER 7 TRUSTEE

Upon the application dated April 23, 2012 (the "Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"), and upon the affidavit of Joseph H. Baldiga attached to said Application; and it appearing that Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") is qualified to serve as counsel to the Trustee, and it appearing that MODL neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7 case and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that MODL's employment is in the best interests of the estate, no objections having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized to employ and retain MODL to serve as his counsel in the above-captioned Chapter 7 proceeding and to perform all of the services described in the Application. All compensation and expenses are subject to Court approval.

Dated: _____, 2012

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A1985845.DOC}