UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

## ATTORNEY'S AFFIDAVIT

COMMONWEALTH OF MASSACHUSETTS)
                                         ) ss.:
COUNTY OF WORCESTER                 )

Joseph H. Baldiga, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts. I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 100 Front Street, Worcester, Massachusetts 01608-1477.

2. This affidavit is submitted in connection with the Application (the "Application") for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 trustee (the "Trustee").

3. Neither I, the firm of MODL, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged. Thus, I believe the firm of MODL to be a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

4. Other than as stated in ¶3, above, my, and my firm's, connections with the Debtors, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

    A. I am the Chapter 7 Trustee in this bankruptcy proceeding;

    B. MODL has in the past represented Wells Fargo Equipment Finance, Inc. MODL has not represented Wells Fargo Equipment Finance, Inc. in the Debtor's proceeding. Wells Fargo is listed as a secured creditor on a certificate of service filed by the Debtor's counsel in this proceeding;

    C. MODL has in the past represented Wachovia Bank in a matter in which the extent of MODL's representation was limited to obtaining discovery from a Massachusetts bank on behalf of Wachovia Bank. MODL had no direct communications with Wachovia Bank since all contact was through Wachovia Bank's local counsel in Pennsylvania. The matter has been closed and MODL does not presently represent Wachovia Bank. Wachovia Bank is listed as a secured creditor on a certificate of service filed by the Debtor's counsel in this proceeding;

    D. Relatives of a very small number of MODL employees, not including the Trustee or, to the Trustee's knowledge, anyone related to the Trustee, have recently purchased tickets through the Debtor and are owed a refund or have already received refunds and/or credit card charge backs;

    E. Other creditors of the Debtor may be vendors used by MODL in the past, or on occasion, in matters unrelated to the Debtor; and

F. MODL may represent various creditors of the Debtor (and may represent other parties-in-interest) in matters unrelated to the Debtor, but has not identified any current representation of any party-in-interest in this case other than as set forth above.

5. MODL does not and, while employed by the Trustee, will not represent any other entity having an adverse interest in connection with this proceeding.

6. I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of MODL.

7. The rates charged by MODL for services rendered in cases pending before the Bankruptcy Court are the same as MODL's rates for services rendered in non-bankruptcy matters.

8. The rates currently charged for those Partners, Associates, and Paralegals who are presently anticipated to perform, or who may perform, services in the above-captioned case are as follows:

| Name | Position | Hourly Rate |
|---|---|---|
| Joseph H. Baldiga | Partner | $380 |
| Paul W. Carey | Partner | $360 |
| Christine E. Devine | Partner | $360 |
| Gina M. Barbieri | Associate | $240 |
| Kate P. Foley | Associate | $190 |
| Laura A. Keeler | Paralegal | $180 |
| Kimberly M. DelleChiaie | Paralegal | $180 |

Said rates are subject to change in the ordinary course of MODL's billing practices.

9. MODL has not received a retainer in this case.

10. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

{Practice Areas\CORP\15008\14190\A1985843.DOC}  3

11. I have reviewed the provisions of MLBR 2016-1.

12. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 23, 2012

_____
Joseph H. Baldiga, Esq.