UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SOUTHERN SKY AIR & TOURS, LLC
D/B/A DIRECT AIR,

                          Debtor.

Case No. 12-40944 (MSH)

Chapter 7

## NOTICE OF AMENDED STATEMENT OF FINANCIAL AFFAIRS

Pursuant to Bankruptcy Rule 1009(a) and MLBR 1009-1, Southern Sky Air & Tours,

LLC d/b/a Direct Air, a chapter 7 debtor (the "Debtor"), hereby files this notice to replace the

Statement of Financial Affairs ("SOFA") filed with the Court on May 4, 2012 with the amended

SOFA  attached hereto as Exhibit A. The previously filed SOFA inadvertently omitted the

referred to exhibit to Schedule 4(a).

Dated:  May 10, 2012

Respectfully submitted,

SOUTHERN SKY AIR & TOURS, LLC D/B/A
DIRECT AIR

By its proposed counsel,

RIEMER & BRAUNSTEIN LLP

/s/ Alan L. Braunstein
Alan L. Braunstein (BBO #546042)
Three Center Plaza
Boston, Massachusetts  02108
Tel: (617) 523-9000
Fax: (617) 880-3456
abraunstein@riemerlaw.com

<u>EXHIBIT A</u>
(AMENDED Statement of Financial Affairs)

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of Massachusetts

In re   **Southern Sky Air & Tours, LLC d/b/a Direct Air**                          Case No.   **12-40944 (MSH)**
                                                    Debtor(s)                       Chapter   **7**

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's
☐       business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $19,691,137.00 | 1/1/2012 to 3/15/12 (information from QuickBooks) |
| $83,814,581.00 | 1/1/2011 to 12/31/2011 (information from QuickBooks) |
| $33,886,878.00 | 3/15/2010 to 12/31/2010 (information from QuickBooks) |

2

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| **$0.00** | **None to the knowledge of Avondale.** |

### 3. Payments to creditors

None
■

***Complete a. or b., as appropriate, and c.***

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Schedule 3b to Supplemental Statement** | | **$0.00** | **$0.00** |

None
☐

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Schedule 3c to Supplemental Statement** | | **$0.00** | **$0.00** |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **See Schedule 4 to Supplemental Statement** | | | |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

None ☐    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **None to the knowledge of Avondale** | | |

### 5. Repossessions, foreclosures and returns

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **None to the knowledge of Avondale** | | |

### 6. Assignments and receiverships

None ☐    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| **None to the knowledge of Avondale** | | |

None ☐    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| **None to the knowledge of Avondale** | | | |

### 7. Gifts

None ☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **None to the knowledge of Avondale** | | | |

4

## 8. Losses

None ☐    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **None to the knowledge of Avondale** | | |

## 9. Payments related to debt counseling or bankruptcy

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Schedule 9 to Supplemental Statement** | | |

## 10. Other transfers

None ☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **None to the  knowledge of Avondale** | | |

None ☐    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| **None to the knowledge of Avondale** | | |

## 11. Closed financial accounts

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **None to the knowledge of Avondale** | | |

5

### 12. Safe deposit boxes

None
☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |
| **None to the knowledge of Avondale** | | | |

### 13. Setoffs

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |
| **None to the knowledge of Avondale** | | |

### 14. Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| **None to the knowledge of Avondale** | | |

### 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| **None to the knowledge of Avondale** | | |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☐ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **None to the  knowledge of Avondale** | | | |

None
☐ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **None to the knowledge of Avondale** | | | |

None
☐ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| **None to the knowledge of Avondale** | | |

**18 . Nature, location and name of business**

None
☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **None to the knowledge of Avondale** | | | | |

None
■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                              DATES SERVICES RENDERED
**Schedule 19a to Supplemental Statement**

None
☐
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                    DATES SERVICES RENDERED
**Schedule 19b to Supplemental Statement**

None
☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                          ADDRESS
**Schedule 19c to Supplemental Statement**

None
☐
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                          DATE ISSUED
**Schedule 19d to Supplemental Statement**

8

---

**20. Inventories**

None ☐  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **Schedule 20 to Supplemental Statement** | | |

None ☐  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **Schedule 20 to Supplemental Statement** | - |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Schedule 21 to Supplemental Statement** | | |

None ☐  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Schedule 21 to Supplemental Statement** | | |

---

**22 . Former partners, officers, directors and shareholders**

None ☐  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| **Schedule 22 to Supplemental Statement** | | |

None ☐  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Schedule 22 to Supplemental Statement** | | |

9

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR **See answer to 3C** | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ☐

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION **None to the  knowledge of Avondale** | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None ☐

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND **None to the knowledge of Avondale** | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____    Signature _____

**Hank L. Torbert**
**Member of Board of Directors**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

9

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____   _____       Signature _____

Hank L. Torbert
Member of Board of Directors

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SOUTHERN SKY AIR & TOURS, LLC
D/B/A DIRECT AIR,

Debtor.

Case No. 12-40944 (MSH)

Chapter 7

## DEBTOR'S SUPPLEMENTAL STATEMENT AND SCHEDULES TO STATEMENT OF FINANCIAL AFFAIRS

Southern Sky Air & Tours, LLC d/b/a Direct Air, a Chapter 7 debtor (the "Debtor"), hereby files this supplemental statement and schedules to the Debtor's Statement of Financial Affairs ("SOFA"). The Debtor submits this statement and accompanying schedules so as to inform the Court and parties reviewing the Debtor's bankruptcy schedules (the "Schedules") and SOFA are fully aware of the circumstances under which such documents were prepared and respectfully states as follows:

1.    On or about March 12, 2012, three of the Founding Members and controlling members of the operating management team, namely Kay Ellison, Marshall Ellison and Judy Tull (collectively, the "Prior Management") without warning, and without notice, resigned from their management positions at the Debtor, as well as their board positions on the Debtor's Board of Managers.  In the wake of the Prior Management's departure, on March 12, 2012 Avondale Aviation I, LLC ("Avondale"), the Debtor's majority, albeit passive, investor stepped in and appointed new interim management to take control of the Debtor's business operations and finances. On March 13, 2012, the Debtor found itself with insufficient funds to maintain normal course operations, and as a result canceled all of its charter flights.

2.      On March 15, 2012 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. On April 11, 2012, this Court entered an order converting the Debtor's Chapter 11 case, to one under Chapter 7 (the "Conversion Order"), and Joseph H. Baldiga was appointed Interim Chapter 7 Trustee (the "Chapter 7 Trustee").

3.      The Conversion Order was effective immediately, and on the instructions of the Chapter 7 Trustee, all of the Debtor's remaining employees were immediately terminated and were instructed to leave all of the Debtor's assets in place at the corporate offices. The Debtor's employees immediately vacated the offices and the Chapter 7 Trustee has since then taken control over the corporate offices and had the locks changed.

4.      Prior to the entry of the Conversion Order, the Court had entered an Order fixing April 18, 2012 as the deadline by which the Debtor's Schedules and SOFA were to be filed in the context of the Chapter 11 case. The Debtor through its newly installed management team, and its proposed financial advisors and counsel had begun preparation of the Debtor's Schedules and SOFA, and to the extent such information had been gathered and forwarded to counsel, such information was available to assist in the completion of the Schedules and SOFA. However, the information that was within counsel's or Avondale's possession may not be complete, and Avondale does not have sufficient information upon which to base a definite response to many of the questions on the SOFA and the Schedules. Upon information and belief, additional information responsive to the questions set forth in the form SOFA and Schedules may be in the control of the Chapter 7 Trustee.

5.      Avondale is signing the schedules based upon the books and records that were created and maintained by the Prior Management prior to their departure, and/or other

information Avondale has been able to gather.   Pre-petition, on or about March 1, 2012,

Avondale was denied access to financial data and information by Prior Management.  Although

prior to the entry of the Conversion Order, post-petition, Avondale had commenced an internal

review of the books and records, that review was not completed prior to the entry of the

Conversion Order.   Avondale has reason to suspect that the Debtor's books and records, both in

the context of inducing it to invest in the business and thereafter, may contain manipulated

and/or falsified information and thus Avondale cannot attest to the veracity of the records that

had been remained on the premises and in the computer system.

6.     In addition, Avondale believes all the financial information and numbers provided

are unaudited. The subsequent receipt of information or any audit may result in material changes

to financial data and other information contained in the Debtor's Schedules and SOFA.

7.     Avondale reserves the right to amend the Schedules and SOFA as necessary or

appropriate.

Dated:  May 3, 2012

Respectfully submitted,

AVONDALE AVAITION I, LLC

By: _____
    Hank Torbert

## Schedule 3(b)

Upon information and belief, the Debtor did tender payments to several of its creditors during the 90 days prior to the Petition Date.  See attached list Avondale was able to gather post-petition from Prior Management's books and records with access from the Chapter 7 trustee's team.

Upon information and belief, the attached data from QuickBooks may be different from payments shown in the Debtor's bank account statements.

2:28 PM
r/28/1/12
Accrual Basis



## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **ABC Fine Spirits** | | | | | | | | |
| | Check | 02/02/2012 | 9 | | Catering | | TD Bank 1637 | 1,616.25 |
| Total ABC Fine Spirits | | | | | | | | 1,616.25 |
| **Aeromotive Ground Support Inc** | | | | | | | | |
| | Check | 03/09/2012 | 4754 | PGD | Equipment Lease | | Crescent159000512 | 15,746.50 |
| Total Aeromotive Ground Support Inc | | | | | | | | 15,746.50 |
| **Alexander Hewitt** | | | | | | | | |
| | Check | 01/11/2012 | 4582 | 1513553 | Passenger Hotel costs | | Crescent159000512 | 106.00 |
| Total Alexander Hewitt | | | | | | | | 106.00 |
| **ALLegiant Airways** | | | | | | | | |
| | Check | 02/20/2012 | | | Ticket Purchase | | TD Bank 1637 | 4,824.72 |
| Total ALLegiant Airways | | | | | | | | 4,824.72 |
| **Amano Cincinnati Ind** | | | | | | | | |
| | Check | 02/02/2012 | 11 | | Supplies | | TD Bank 1637 | 36.00 |
| Total Amano Cincinnati Ind | | | | | | | | 36.00 |
| **American Express/COSTCO** | | | | | | | | |
| | Check | 12/28/2011 | DEBIT | | Catering | | Horry County State Bank | 6,000.00 |
| | Check | 12/30/2011 | on line11 | | Catering | | Crescent159000512 | 6,207.00 |
| | Check | 01/04/2012 | on line | | Catering | | Horry County State Bank | 9,059.78 |
| Total American Express/COSTCO | | | | | | | | 21,266.78 |
| **Appalachian Power** | | | | | | | | |
| | Check | 02/10/2012 | 4754 | 023-959-273-10 | WVA Utilities | | Crescent159000512 | 414.52 |
| | Check | 02/10/2012 | 4754 | 026-959-273-0-07 | WVA Utilities | | Crescent159000512 | 599.41 |
| Total Appalachian Power | | | | | | | | 1,013.93 |
| **Arthur Bacon** | | | | | | | | |
| | Check | 01/11/2012 | 4583 | 1441576 | Passenger Hotel costs | | Crescent159000512 | 67.10 |
| Total Arthur Bacon | | | | | | | | 67.10 |
| **AT & T Florida/PBI** | | | | | | | | |
| | Check | 02/15/2012 | 4097 | | PBI | | Crescent159000512 | 419.24 |
| Total AT & T Florida/PBI | | | | | | | | 419.24 |
| **AT & T Michigan** | | | | | | | | |
| | Check | 02/15/2012 | 4698 | | AT & T Michigan | | Crescent159000512 | 101.30 |
| Total AT & T Michigan | | | | | | | | 101.30 |
| **AT & T Ohio** | | | | | | | | |
| | Check | 02/15/2012 | 4699 | | AT & T Ohio | | Crescent159000512 | 109.82 |
| Total AT & T Ohio | | | | | | | | 109.82 |
| **Augusta School Group** | | | | | | | | |
| | Deposit | 01/11/2012 | | Deposit | Packaging Income | | Horry County State Bank | 0.00 |
| Total Augusta School Group | | | | | | | | 0.00 |
| **AVFUEL Corporation** | | | | | | | | |
| | Check | 12/27/2011 | on line5 | | Aircraft Fuel | | Crescent159000512 | 20,000.00 |
| | Check | 01/09/2012 | WIRE | | Aircraft Fuel | | Horry County State Bank | 21,566.40 |

2:26 PM
05/31/12
Accrual Basis

# Expenses by Vendor Detail
December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Ctr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| Total AVFUEL Corporation | | | | | | | | 41,566.40 |
| **Aviation Advantage Inc** | | | | | | | | |
| | Check | 02/10/2012 | wire | Ground (EWR) | EWR | | Crescent150000512 | 8,760.00 |
| Total Aviation Advantage Inc | | | | | | | | 8,760.00 |
| **bank adjustment** | | | | | | | | |
| | Check | 12/23/2011 | Debit329 | wire fees | wire fees | | Wells Fargo - 8179 | 923.51 |
| | Check | 01/05/2012 | 4573 | Voided - wire fees | wire fees | | Crescent150000512 | 0.00 |
| | Check | 01/05/2012 | on line | wire fees | wire fees | | Crescent150000512 | 68.00 |
| | Check | 02/01/2012 | 4653 | Voided - wire fees | wire fees | | Crescent150000512 | 0.00 |
| | Check | 02/01/2012 | 4654 | Voided - wire fees | wire fees | | Crescent150000512 | 0.00 |
| | Check | 02/02/2012 | 12 | held funds | Ticket Purchase | | TD Bank 1637 | 2,390.25 |
| | Check | 02/07/2012 | debit | nsf | Service charges | | Horry County State Bank | 60.00 |
| | Check | 02/14/2012 | 4679 | Voided - nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 02/16/2012 | 4680 | Voided - nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 02/16/2012 | 4691 | Voided - nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 02/16/2012 | 15922 | Voided - nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 03/01/2012 | Debit332 | nsf | Service charges | | Horry County State Bank | 0.68 |
| | Check | 03/04/2012 | 4788 | Voided - srr | Service charges | | Wells Fargo 9754 | 0.00 |
| | Check | 03/08/2012 | 4757 | nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 03/08/2012 | 4754 | nsf | Service charges | | Crescent150000512 | 0.00 |
| | Check | 03/09/2012 | 16114 | Voided - nsf | Service charges | | Horry County State Bank | 0.00 |
| Total bank adjustment | | | | | | | | 3,441.54 |
| **Bank Charges** | | | | | | | | |
| | Check | 02/22/2012 | 15704 | | wire fees | | Horry County State Bank | 0.00 |
| | Check | 02/28/2012 | debit | | wire fees | | Crescent150000512 | 312.00 |
| | Check | 03/02/2012 | 8 | | wire fees | | Wells Fargo8862 | 101.96 |
| | Check | 03/15/2012 | debit | | wire fees | | Crescent150000512 | 68.00 |
| Total Bank Charges | | | | | | | | 481.96 |
| **Bryan Konreich** | | | | | | | | |
| | Check | 02/14/2012 | 4761 | Avondale | Consulting | | Crescent150000512 | 690.93 |
| **Carribbean Sun** | | | | | | | | |
| | Check | 12/15/2011 | on line36 | | AirCell Expense (ACM) | | Valley National Bank | 22,725.00 |
| Total Caribbean Sun | | | | | | | | 22,725.00 |
| **Centena Management Company LLC** | | | | | | | | |
| | Check | 02/10/2012 | 4688 | | Rent | | Crescent150000512 | 2,900.00 |
| | Check | 03/06/2012 | 16009 | | Rent | | Horry County State Bank | 2,900.00 |
| Total Centena Management Company LLC | | | | | | | | 5,800.00 |
| **CHARTER COMMUNICATIONS** | | | | | | | | |
| | Check | 02/17/2012 | 4709 | 8350-12-001-4091842 | Telephone Costs | | Crescent150000512 | 89.59 |
| Total CHARTER COMMUNICATIONS | | | | | | | | 89.59 |
| **Chevoil** | | | | | | | | |
| | Check | 12/16/2011 | wire | | Aircraft Fuel | | Crescent150000512 | 280,764.37 |
| | Check | 12/27/2011 | wire | | Aircraft Fuel | | Crescent150000512 | 265,898.63 |
| | Check | 12/30/2011 | on line32 | | Aircraft Fuel | | Valley National Bank | 244,920.00 |
| | Check | 12/31/2011 | on line18 | | Aircraft Fuel | | Valley National Bank | 250,000.00 |
| | Check | 12/31/2011 | on line17 | | Aircraft Fuel | | Valley National Bank | 300,000.00 |

2:26 PM
05/31/12
Accrual Basis

## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **Total Chemoil** | Check | 12/31/2011 on line14 | | | Aircraft Fuel | | Valley National Bank | 300,000.00 |
| | | | | | | | | 1,641,583.00 |
| **ChemOil Aviation** | | | | | | | | |
| | Check | 01/17/2012 on line53 | | | Aircraft Fuel | | Valley National Bank | 235,000.00 |
| | Check | 01/19/2012 on line24 | | | Aircraft Fuel | | Valley National Bank | 300,000.00 |
| | Check | 01/20/2012 wire | | | Aircraft Fuel | | Crescent159000512 | 35,000.00 |
| | Check | 01/26/2012 on line54 | | | Aircraft Fuel | | Valley National Bank | 176,000.00 |
| | Check | 01/27/2012 wire | | | Aircraft Fuel | | Crescent159000512 | 100,000.00 |
| | Check | 01/31/2012 on line55 | | | Aircraft Fuel | | Crescent159000512 | 250,000.00 |
| | Check | 02/03/2012 on line56 | | | Aircraft Fuel | | Valley National Bank | 250,000.00 |
| | Check | 02/07/2012 on line48 | | | Aircraft Fuel | | Valley National Bank | 349,000.00 |
| | Check | 02/08/2012 on line47 | | | Aircraft Fuel | | Valley National Bank | 285,000.00 |
| | Check | 02/09/2012 on line45 | | | Aircraft Fuel | | Valley National Bank | 274,704.17 |
| | Check | 02/09/2012 on line46 | | | Aircraft Fuel | | Valley National Bank | 12,942.80 |
| | Check | 02/10/2012 wire | | | Aircraft Fuel | | Crescent159000512 | 282,499.03 |
| | Check | 02/14/2012 on line42 | | | Aircraft Fuel | | Valley National Bank | 349,000.00 |
| | Check | 02/16/2012 on line49 | | | Aircraft Fuel | | Valley National Bank | 349,000.00 |
| **Total ChemOil Aviation** | | | | | | | | 3,238,145.00 |
| **CLINTON COUNTY TREASURER/PFC** | | | | | | | | |
| | Check | 03/02/2012 4798 | | | PBG | | Crescent159000512 | 5,000.00 |
| **Total CLINTON COUNTY TREASURER/PFC** | | | | | | | | 5,000.00 |
| **coastal Golf** | | | | | | | | |
| | Deposit | 01/04/2012 | Deposit | | Media Web | | Horry County State Bank | 0.00 |
| **Total coastal Golf** | | | | | | | | 0.00 |
| **Coffee Wholesales** | | | | | | | | |
| | Check | 02/03/2012 15 | Catering | | Catering | | TD Bank 1637 | 445.98 |
| | Check | 02/17/2012 17 | Catering | | Catering | | TD Bank 1637 | 538.52 |
| **Total Coffee Wholesales** | | | | | | | | 984.50 |
| **Comcast Cable** | | | | | | | | |
| | Check | 02/15/2012 4700 | | | Punta Gorda | | Crescent159000512 | 145.12 |
| **Total Comcast Cable** | | | | | | | | 145.12 |
| **Commissioner of Taxation & Finance** | | | | | | | | |
| | Check | 12/20/2011 15687 | Fuel Tax | | Taxes & Licenses | | Horry County State Bank | 1,557.20 |
| | Check | 02/29/2012 4734 | Fuel Tax01/12 | | Taxes & Licenses | | Crescent159000512 | 1,870.64 |
| | Check | 02/29/2012 4734 | Fuel Tax02/12 | | Taxes & Licenses | | Crescent159000512 | 2,043.49 |
| **Total Commissioner of Taxation & Finance** | | | | | | | | 5,471.33 |
| **Costco** | | | | | | | | |
| | Check | 01/26/2012 4647 | Catering | | Catering | | Crescent159000512 | 2,554.80 |
| | Check | 02/09/2012 15712 | Catering | | Catering | | Horry County State Bank | 2,427.11 |
| | Check | 02/17/2012 15711 | CateringPGD | | Catering | | Horry County State Bank | 6,664.24 |
| **Total Costco** | | | | | | | | 11,646.15 |
| **Crossing Magazine** | | | | | | | | |
| | Check | 02/23/2012 15929 | | | Niagara | | Horry County State Bank | 2,500.00 |
| **Total Crossing Magazine** | | | | | | | | 2,500.00 |
| **Daniels Professional Center** | | | | | | | | |

2:28 PM
05/01/12
Accrual Basis

# Expenses by Vendor Detail
## December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| Total Daniels Professional Center | | | | | | | | |
| | Check | 03/06/2012 16010 | Reservations Center | WVA Rent | | | Horry County State Bank | 3,200.00 |
| | | | | | | | | 3,200.00 |
| **DAY STAR COMMUNICATIONS** | | | | | | | | |
| Total DAY STAR COMMUNICATIONS | | | | | | | | |
| | Check | 02/15/2012 4701 | 941-205-3040 (P&D) | Punta Gorda | | | Crescent159000512 | 621.47 |
| | | | | | | | | 621.47 |
| **Doris Limousine Service** | | | | | | | | |
| Total Doris Limousine Service | | | | | | | | |
| | Check | 02/27/2012 21 | | Crew Meals & Room | | | TD Bank 1637 | 60.00 |
| | | | | | | | | 60.00 |
| **Ed Warneck** | | | | | | | | |
| | Check | 01/04/2012 15555 | Voided | Legal & Professional Fees | | | Horry County State Bank | 0.00 |
| | Check | 02/22/2012 15500 | | Main Office Travel Costs | | | Horry County State Bank | 1,527.56 |
| | Check | 03/05/2012 16003 | Voided - 1420719 | Delayed/damaged baggage | | | Horry County State Bank | 0.00 |
| | Check | 03/09/2012 4755 | | PIT | | | Crescent159000512 | 8,845.40 |
| Total Ed Warneck | | | | | | | | 10,373.35 |
| **EIN Management** | | | | | | | | |
| Total EIN Management | | | | | | | | |
| | Check | 12/29/2011 on line7 | | WVA Staffing | | | Crescent159000512 | 78.24 |
| | | | | | | | | 78.24 |
| **Employee Innovative Network** | | | | | | | | |
| | Check | 10/23/2011 on line6 | 82 | WVA Staffing | | | Crescent159000512 | 29,403.52 |
| | Check | 01/05/2012 on line | 82 | WVA Staffing | | | Crescent159000512 | 29,914.06 |
| | Check | 01/20/2012 on line | 82 | WVA Staffing | | | Crescent159000512 | 27,603.27 |
| | Check | 02/03/2012 wire | 82 | WVA Staffing | | | Crescent159000512 | 29,623.43 |
| | Check | 02/17/2012 on line | 82 | WVA Staffing | | | Crescent159000512 | 28,059.70 |
| | Check | 02/21/2012 wire | 82 | WVA Staffing | | | Crescent159000512 | 170.20 |
| | Check | 03/02/2012 online | | WVA Staffing | | | Crescent159000512 | 27,046.04 |
| Total Employee Innovative Network | | | | | | | | 173,020.22 |
| **FedEx** | | | | | | | | |
| | Check | 01/12/2012 debit | MMA07921906 | Postage/Shipping | | | Crescent159000512 | 2,483.32 |
| | Check | 02/29/2012 26 | MMA07921906 | Postage/Shipping | | | TD Bank 1637 | 2,713.50 |
| Total FedEx | | | | | | | | 5,196.82 |
| **Fog Creek Software** | | | | | | | | |
| Total Fog Creek Software | | | | | | | | |
| | Check | 02/02/2012 | | Advertising | | | TD Bank 1637 | 48.00 |
| | | | | | | | | 48.00 |
| **Franklyn Plue** | | | | | | | | |
| Total Franklyn Plue | | | | | | | | |
| | Check | 01/11/2012 4578 | 1313553 | Passenger Hotel costs | | | Crescent159000512 | 106.00 |
| | | | | | | | | 106.00 |
| **Frontier (WV)** | | | | | | | | |
| Total Frontier (WV) | | | | | | | | |
| | Check | 02/15/2012 4702 | | WVA Telephone | | | Crescent159000512 | 730.46 |
| | | | | | | | | 730.46 |
| **FrontierMB** | | | | | | | | |
| Total FrontierMB | | | | | | | | |
| | Check | 02/15/2012 4703 | | Myrtle Beach | | | Crescent159000512 | 309.25 |
| | | | | | | | | 309.25 |
| **FrontierR** | | | | | | | | |

2:25 PM
05/01/12
Accrual Basis

# Expenses by Vendor Detail
## December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **Total FrontierR** | Check | 02/15/2012 | 4704 | 843-826-3623 | Telephone Costs | | Crescent155000512 | 111.63 |
| | | | | | | | | 111.63 |
| **Global Pay Global STL ACH ENT** | | | | | | | | |
| | Check | 12/20/2011 | 15751 | Voided - credit card fees | NAB Global ACH | | Horry County State Bank | 0.00 |
| | Check | 12/20/2011 | 15752 | Voided - credit card fees | NAB Global ACH | | Horry County State Bank | 0.00 |
| | Check | 12/20/2011 | 15753 | Voided - credit card fees | NAB Global ACH | | Horry County State Bank | 0.00 |
| | Check | 12/20/2011 | 15754 | Voided - credit card fees | NAB Global ACH | | Horry County State Bank | 0.00 |
| | Check | 12/20/2011 | 15755 | Voided - credit card fees | NAB Global ACH | | Horry County State Bank | 0.00 |
| | Check | 01/04/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 3,214.33 |
| | Check | 01/03/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 1,829.80 |
| | Check | 01/09/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 851.76 |
| | Check | 01/11/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 240.00 |
| | Check | 01/18/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 64.95 |
| | Check | 02/02/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 3,997.03 |
| | Check | 02/07/2012 | Deb3533 | credit card fees | NAB Global ACH | | Wells Fargo - 8179 | 30.00 |
| | Check | 03/01/2012 | Deb3531 | credit card fees | NAB Global ACH | | Wells Fargo 9754 | 245.00 |
| | Check | 03/02/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 4,432.48 |
| | Check | 03/12/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 259.04 |
| | Check | 02/15/2012 | Deb8262/10 | credit card fees | NAB Global ACH | | HCSB - 913009784 | 487.95 |
| **Total Global Pay Global STL ACH ENT** | | | | | | | | 15,642.42 |
| **Go Daddy.com** | | | | | | | | |
| | Check | 02/27/2012 | 24 | | Web Site Maintenance | | TD Bank 1637 | 279.94 |
| **Total Go Daddy.com** | | | | | | | | 279.94 |
| **Google Ad Words** | | | | | | | | |
| | Check | 12/19/2011 | 35 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/20/2011 | 36 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/23/2011 | 37 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/27/2011 | 38 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/28/2011 | 39 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/29/2011 | 40 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 12/30/2011 | 41 | Facebook | adwords | | Crescent 2815 | 1,000.00 |
| | Check | 01/04/2012 | 43 | Facebook | adwords | | Crescent 2815 | 1,000.00 |
| | Check | 01/04/2012 | 42 | credit card fees | adwords | | Crescent 2815 | 500.00 |
| | Check | 01/09/2012 | 46 | Facebook | adwords | | Crescent 2815 | 500.00 |
| | Check | 01/12/2012 | 45 | Facebook | adwords | | Crescent 2815 | 1,000.00 |
| | Check | 01/26/2012 | 47 | Facebook | adwords | | Crescent 2815 | 1,500.00 |
| | Check | 01/26/2012 | debit | adjustment | adwords | | Crescent Bank603 | 2,174.64 |
| | Check | 02/02/2012 | 48 | adjustment | adwords | | Crescent 2815 | 1,000.00 |
| | Check | 02/09/2012 | 49 | adjustment | adwords | | Crescent 2815 | 1,000.00 |
| | Check | 02/06/2012 | 51 | | Internet Service | | Crescent 2815 | 500.00 |
| | Check | 02/15/2012 | 50 | | Internet Service | | Crescent 2815 | 500.00 |
| | Check | 02/27/2012 | 52 | adjustment | Internet Service | | Crescent 2815 | 500.00 |
| **Total Google Ad Words** | | | | | | | | 13,674.64 |
| **Hertz** | | | | | | | | |
| | Deposit | 01/03/2012 | | Deposit | Commission Income | | Horry County State Bank | |
| | Deposit | 01/03/2012 | | Deposit | Commission Income | | Horry County State Bank | |
| | Deposit | 01/04/2012 | | Deposit | Commission Income | | Horry County State Bank | |
| **Total Hertz** | | | | | | | | 0.00 |
| **Hilton Front Desk** | | | | | | | | |

2:26 PM
05/01/12
Accrual Basis

## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **Total Hilton Front Desk** | Check | 02/17/2012 | 19 | | Passenger Hotel costs | | TD Bank 1637 | 2,523.35 |
| | | | | | | | | 2,523.35 |
| **Hilton Garden Inn Coastal Grand** | | | | | | | | |
| | Check | 03/09/2012 | 30 | Xtra Airlines crew | Flight Operations Expenses | | TD Bank 1637 | 2,212.54 |
| **Total Hilton Garden Inn Coastal Grand** | | | | | | | | 2,212.54 |
| **Horizon Travel Magazine** | | | | | | | | |
| | Check | 02/03/2012 | 4744 | Voided | Advertising | | Crescent159000512 | 0.00 |
| **Total Horizon Travel Magazine** | | | | | | | | 0.00 |
| **Horry County Dept of Airports** | | | | | | | | |
| | Check | 03/06/2012 | 16004 | ground equipment | MYR | | Horry County State Bank | 0.00 |
| **Total Horry County Dept of Airports** | | | | | | | | 0.00 |
| **Horry County State Bank** | | | | | | | | |
| | Check | 03/05/2012 | 16008 | March 2012 | Rent or Lease | | Horry County State Bank | 4,635.00 |
| **Total Horry County State Bank** | | | | | | | | 4,635.00 |
| **Internal Revenue Service/Staff** | | | | | | | | |
| | Check | 01/11/2012 | EFTPS | 2010 - 3rd quarter 941 penalty | Legal & Professional Fees | | Horry County State Bank | 7,341.20 |
| **Total Internal Revenue Service/Staff** | | | | | | | | 7,341.20 |
| **Interstate Courier Service Inc** | | | | | | | | |
| | Check | 03/09/2012 | 15713 | | Catering | | Horry County State Bank | 905.00 |
| **Total Interstate Courier Service Inc** | | | | | | | | 905.00 |
| **Intuit Inc.** | | | | | | | | |
| | Check | 02/02/2010 | 10 | Check order(500) | Office Supplies | | TD Bank 1637 | 343.33 |
| **Total Intuit Inc.** | | | | | | | | 343.33 |
| **Irs-12/10 720** | | | | | | | | |
| | Check | 12/20/2011 | DEBIT | | Taxes & Licenses | | Horry County State Bank | 14.94 |
| **Total Irs-12/10 720** | | | | | | | | 14.94 |
| **James O'Neil** | | | | | | | | |
| | Check | 03/05/2012 | 4733 | | Main Office Travel Costs | | Crescent159000512 | 1,061.51 |
| **Total James O'Neil** | | | | | | | | 1,061.51 |
| **Jayce Clark** | | | | | | | | |
| | Check | 01/06/2012 | 4574 | | Passenger Hotel costs | | Crescent159000512 | 129.20 |
| **Total Jayce Clark** | | | | | | | | 129.20 |
| **Jeff Conry** | | | | | | | | |
| | Check | 03/05/2012 | 16011 | Reimb | Ticket Purchase | | Horry County State Bank | 1,527.50 |
| **Total Jeff Conry** | | | | | | | | 1,527.50 |
| **Jeff Jarrell** | | | | | | | | |
| | Check | 02/15/2012 | 4705 | MYR | Myrtle Beach | | Crescent159000512 | 103.88 |
| **Total Jeff Jarrell** | | | | | | | | 103.88 |
| **Jet Blue Airlines** | | | | | | | | |
| | Check | 02/09/2012 | 14 | Flight protection | Ticket Purchase | | TD Bank 1637 | 6,516.80 |
| | Check | 02/27/2012 | 23 | Flight protection | Ticket Purchase | | TD Bank 1637 | 7,035.60 |

2:26 PM
05/01/12
Accrual Basis

## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| Total Jet Blue Airlines | Check | 02/27/2012 25 | Flight protection | | Ticket Purchase | | TD Bank 1637 | 4,810.55 |
| | | | | | | | | 18,362.95 |
| **JETPAY MERCHANT SERVICES** | | | | | | | | |
| | Check | 01/12/2012 Debit531 | credit card processing | | Jet Pay | | Wells Fargo - 8179 | 183,973.28 |
| | Check | 03/06/2012 Debit304 | credit card processing | | Jet Pay | | Wells Fargo - 8179 | 215,769.59 |
| Total JETPAY MERCHANT SERVICES | | | | | | | | 399,742.87 |
| **John Partridge** | | | | | | | | |
| | Check | 01/11/2012 4576 | 1513553 | | Passenger Hotel costs | | Crescent15/0000512 | 108.00 |
| Total John Partridge | | | | | | | | 108.00 |
| **Karen Bushall** | | | | | | | | |
| | Check | 01/11/2012 4594 | | | Passenger Hotel costs | | Crescent15/0000512 | 193.79 |
| Total Karen Bushall | | | | | | | | 193.79 |
| **Key Ellison** | | | | | | | | |
| | Check | 03/05/2012 4822 | | | Passenger Hotel costs | | Crescent15/0000512 | 10,520.93 |
| | Check | 03/05/2012 4822 | | | Ground Handling | | Crescent15/0000512 | 6,026.99 |
| Total Key Ellison | | | | | | | | 16,547.92 |
| **Lamar Companies** | | | | | | | | |
| | Check | 01/06/2012 44 | Billboard | | adwords | | Crescent, 2815 | 1,075.00 |
| Total Lamar Companies | | | | | | | | 1,075.00 |
| **Marie Frank** | | | | | | | | |
| | Check | 01/21/2012 4655 | Marketing AZO | | AZO expense | | Crescent15/0000512 | 400.00 |
| | Check | 02/29/2012 15994 | Marketing AZO | | AZO expense | | Horry County State Bank | 400.00 |
| Total Marie Frank | | | | | | | | 800.00 |
| **Mountahbeer Gas** | | | | | | | | |
| | Check | 02/17/2012 4710 | 125223-151909 | | Gas | | Crescent15/0000512 | 116.56 |
| | Check | 02/17/2012 4710 | 125108-131777 | | Gas | | Crescent15/0000512 | 233.06 |
| Total Mountahbeer Gas | | | | | | | | 349.62 |
| **Myrtle Beach Direct** | | | | | | | | |
| | Check | 01/23/2012 3 | TTo cover catering exp for MYR & LAL | | Catering | | TD Bank 1637 | 3,262.14 |
| | Check | 02/02/2012 debit/zero | TTo cover catering exp for MYR & LAL | | Catering | | Crescent15/0000512 | 8,000.00 |
| | Check | 03/05/2012 29 | flight protection | | Flight Operations Expenses | | TD Bank 1637 | 7,750.49 |
| | Check | 03/09/2012 29 | flight protection | | Flight Operations Expenses | | TD Bank 1637 | 9,207.00 |
| Total Myrtle Beach Direct | | | | | | | | 28,219.63 |
| **NewEgg Computers** | | | | | | | | |
| | Check | 02/09/2012 13 | | | Airline Station Services | | TD Bank 1637 | 1,799.94 |
| Total NewEgg Computers | | | | | | | | 1,799.94 |
| **Next Day Flyers** | | | | | | | | |
| | Check | 02/02/2012 | | | Advertising | | TD Bank 1637 | 252.24 |
| Total Next Day Flyers | | | | | | | | 252.24 |
| **Norm Boss** | | | | | | | | |
| | Check | 01/11/2012 4585 | 1513553 | | Passenger Hotel costs | | Crescent15/0000512 | 108.00 |
| Total Norm Boss | | | | | | | | 108.00 |

2:28 PM
05/30/12
Accrual Basis

# Expenses by Vendor Detail
## December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **North American** | | | | | | | | |
| | Check | 01/02/2012 on line30 | | | AirCraft Expense (ACM) | | Valley National Bank | 59,625.00 |
| | Check | 01/30/2012 on line40 | | | AirCraft Expense (ACM) | | Valley National Bank | 59,625.00 |
| **Total North American** | | | | | | | | 119,250.00 |
| **Oak Street Investments** | | | | | | | | |
| | Check | 02/10/2012 4978 | | Voided - Rent-July | Rent or Lease | | Crescent159000512 | 0.00 |
| **Total Oak Street Investments** | | | | | | | | 0.00 |
| **Office Depot** | | | | | | | | |
| | Credit Card Charge | 12/28/2011 | | | Station Office Supplies | | Amex/Costco | 2,359.65 |
| | Check | 02/21/2012 20 | | Air Plane Placards | Office Supplies | | TD Bank 1637 | 2,745.32 |
| **Total Office Depot** | | | | | | | | 5,104.97 |
| **OIR Interactive LLC** | | | | | | | | |
| | Check | 02/21/2012 4720 | | Invoice # 0198587 | Myrtle Beach | | Crescent159000512 | 7,100.00 |
| **Total OIR Interactive LLC** | | | | | | | | 7,100.00 |
| **Palm Beach International Airport** | | | | | | | | |
| | Deposit | 01/04/2012 | | Deposit | luggage fees | | Horry County State Bank | 0.00 |
| **Total Palm Beach International Airport** | | | | | | | | 0.00 |
| **PrimeLink** | | | | | | | | |
| | Check | 02/15/2012 4706 | | | Plattsburg | | Crescent159000512 | 107.87 |
| **Total PrimeLink** | | | | | | | | 107.87 |
| **Progressive Funding Solutions LLC** | | | | | | | | |
| | Check | 02/17/2012 4718 | | 2/1/12 | Legal & Professional Fees | | Crescent159000512 | 2,286.00 |
| | Check | 02/17/2012 4718 | | 02/16/12 | Legal & Professional Fees | | Crescent159000512 | 2,290.00 |
| **Total Progressive Funding Solutions LLC** | | | | | | | | 4,576.00 |
| **Reimer law Firm** | | | | | | | | |
| | Check | 03/14/2012 wire | | | Legal & Professional Fees | | Horry County State Bank | 60,000.00 |
| **Total Reimer law Firm** | | | | | | | | 60,000.00 |
| **Resort Quest** | | | | | | | | |
| | Check | 01/03/2012 15689 | | King Williams Avalon | Main Office Travel Costs | | Horry County State Bank | 3,000.00 |
| **Total Resort Quest** | | | | | | | | 3,000.00 |
| **Restockit** | | | | | | | | |
| | Check | 02/17/2012 18 | | | Catering | | TD Bank 1637 | 357.86 |
| **Total Restockit** | | | | | | | | 357.86 |
| **Robert Kollman** | | | | | | | | |
| | Check | 01/04/2012 15698 | | Voided - Travel Reimbursement | Legal & Professional Fees | | Horry County State Bank | 0.00 |
| **Total Robert Kollman** | | | | | | | | 0.00 |
| **Sam's Club Supplies** | | | | | | | | |
| | Check | 12/15/2011 15652 | | Lakeland, FL | Catering | | Horry County State Bank | 1,887.61 |
| | Check | 01/19/2012 4646 | | Lakeland, FL | Catering | | Crescent159000512 | 462.56 |
| | Check | 02/01/2012 4663 | | Lakeland, FL | Catering | | Crescent159000512 | 1,616.75 |
| **Total Sam's Club Supplies** | | | | | | | | 3,966.92 |

2:26 PM
05/01/12
Accrual Basis

## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| **Sue Bauman** | | | | | | | | |
| | Check | 01/11/2012 4596 | 1381249 | Passenger Hotel costs | | | Crescent159000512 | 120.75 |
| **Total Sue Bauman** | | | | | | | | 120.75 |
| **Sun Media Corporation** | | | | | | | | |
| | Check | 02/08/2012 4745 | | Toronto Sun | Advertising | | Crescent159000512 | 3,200.00 |
| **Total Sun Media Corporation** | | | | | | | | 3,200.00 |
| **The Station Inc** | | | | | | | | |
| | Check | 02/28/2012 wire | | | Equipment Lease | | Horry County State Bank | 15,100.00 |
| **Total The Station Inc** | | | | | | | | 15,100.00 |
| **Thermal Paper Direct.Com** | | | | | | | | |
| | Check | 01/27/2012 8 | | | Station Office Supplies | | TD Bank 1637 | 639.80 |
| **Total Thermal Paper Direct.Com** | | | | | | | | 639.80 |
| **Top Flight Aviation Services** | | | | | | | | |
| | Check | 01/31/2012 15714 | | | PBI | | Horry County State Bank | 2,000.00 |
| **Total Top Flight Aviation Services** | | | | | | | | 2,000.00 |
| **TouchTone Communications** | | | | | | | | |
| | Bill | 12/18/2011 8439169700 | | | Worcester | | Accounts Payable | 6.44 |
| | Bill | 01/11/2012 | | | Worcester | | Accounts Payable | 20.67 |
| **Total TouchTone Communications** | | | | | | | | 27.11 |
| **US Airways** | | | | | | | | |
| | Bill | 12/19/2011 50014266 | | | MVR | | Accounts Payable | 722.33 |
| | Check | 01/19/2012 6 | Wayne's ticket | | Consulting | | TD Bank 1637 | 1,046.20 |
| | Check | 01/26/2012 5 | Wayne's ticket | | Consulting | | TD Bank 1637 | 1,046.20 |
| | Check | 01/27/2012 7 | Wayne's ticket (2/7-10/12) | | Consulting | | TD Bank 1637 | 669.20 |
| **Total US Airways** | | | | | | | | 3,483.93 |
| **USA Jet** | | | | | | | | |
| | Check | 12/20/2011 on line12 | Asmi/AA | | AirCraft Expense (ACMI) | | Valley National Bank | 98,202.00 |
| | Check | 12/31/2011 on line29 | Asmi/AA | | AirCraft Expense (ACMI) | | Valley National Bank | 67,754.00 |
| | Check | 01/02/2012 on line33 | Asmi/AA | | AirCraft Expense (ACMI) | | Valley National Bank | 41,652.00 |
| | Check | 01/20/2010 on line41 | Asmi/AA | | AirCraft Expense (ACMI) | | Valley National Bank | 137,696.00 |
| **Total USA Jet** | | | | | | | | 345,304.00 |
| **Verizon (PITT)** | | | | | | | | |
| | Check | 02/15/2012 4707 | PITT | | PIT | | Crescent159000512 | 138.96 |
| **Total Verizon (PITT)** | | | | | | | | 138.96 |
| **Verizon Florida LLC** | | | | | | | | |
| | Check | 02/17/2012 4715 | LAL | | Airport Telephone Service | | Crescent159000512 | 412.53 |
| **Total Verizon Florida LLC** | | | | | | | | 412.53 |
| **Verizon Wireless** | | | | | | | | |
| | Check | 02/17/2012 4716 | James O'Neil | | Main Office | | Crescent159000512 | 172.01 |
| **Total Verizon Wireless** | | | | | | | | 172.01 |
| **Verizon/PBG** | | | | | | | | |
| | Check | 02/17/2012 4717 | | | Worcester | | Crescent159000512 | 104.20 |

2:26 PM
05/01/12
Accrual Basis

## Expenses by Vendor Detail
### December 15, 2011 through March 15, 2012

| | Type | Date | Num | Memo | Account | Clr | Split | Debit |
|---|---|---|---|---|---|---|---|---|
| Total Veritcor/RBG | | | | | | | | 104.20 |
| **Virgin America, Inc.** | | | | | | | | |
| | Deposit | 01/03/2012 | | Deposit | Other fees | | Horry County State Bank | 0.00 |
| Total Virgin America, Inc. | | | | | | | | 0.00 |
| **Wachovia Line of Credit - Bank** | | | | | | | | |
| | Check | 02/27/2012 | Debit330 | Interest | L/C Interest Expese | | Wells Fargo 9754 | 1,291.83 |
| Total Wachovia Line of Credit - Bank | | | | | | | | 1,291.83 |
| **William Smyth** | | | | | | | | |
| | Check | 01/11/2012 | 4577 | 1513553 | Passenger Hotel costs | | Crescent1560000512 | 108.00 |
| Total William Smyth | | | | | | | | 108.00 |
| **World Atlantic Airlines** | | | | | | | | |
| | Check | 02/27/2012 | on line61 | | Aircraft Expense (ACM) | | Valley National Bank | 329,541.20 |
| Total World Atlantic Airlines | | | | | | | | 329,541.20 |
| **Xtra Air** | | | | | | | | |
| | Check | 12/15/2011 | on line22 | | Aircraft Expense (ACM) | | Valley National Bank | 170,554.00 |
| | Check | 12/30/2011 | on line9 | | Aircraft Expense (ACM) | | Valley National Bank | 350,734.00 |
| | Check | 12/31/2011 | on line27 | | Aircraft Expense (ACM) | | Valley National Bank | 413,509.00 |
| | Check | 01/10/2012 | on line15 | | Aircraft Expense (ACM) | | Valley National Bank | 300,576.00 |
| | Check | 01/17/2012 | on line50 | | Aircraft Expense (ACM) | | Valley National Bank | 398,549.00 |
| | Check | 01/20/2012 | on line37 | | Aircraft Expense (ACM) | | Valley National Bank | 1,528,873.54 |
| | Check | 02/09/2012 | on line43 | | Aircraft Expense (ACM) | | Valley National Bank | 396,618.65 |
| | Check | 02/10/2012 | 4656 | | Aircraft Expense (ACM) | | Crescent1560000512 | 25,000.00 |
| | Check | 02/27/2012 | on line59 | | Aircraft Expense (ACM) | | Valley National Bank | 1,905,207.50 |
| Total Xtra Air | | | | | | | | 5,389,615.69 |

## Schedule 3(c)

See attached list Avondale was able to gather post-petition from Prior Management's books and records with access from the Chapter 7 trustee's team.

12:16 AM
05/02/12

# All Transactions for Marshall Ellison
## All Transactions

| Type | Num | Date | Account | Amount | Description |
|---|---|---|---|---|---|
| Bill Pmt -Check | 3191 | 03/24/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3259 | 04/08/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3306 | 04/29/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3340 | 05/05/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3455 | 05/20/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3531 | 06/03/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3585 | 06/17/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3694 | 07/01/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | 3727 | 07/15/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | 3931 | 07/29/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | | 10/18/2011 | Crescent159000512 | 2,083.30 | Salary |
| Check | wire 6 | 11/30/2011 | Crescent159000512 | 2,083.33 | Salary |
| Check | | 12/07/2011 | Henry County State Bank | 2,083.33 | Salary |
| Check | | 01/04/2012 | Henry County State Bank | 0.00 | Salary |
| Check | | 01/06/2012 | Henry County State Bank | 4,166.60 | Promissory Note |
| Check | | 01/15/2012 | | 6,770.83 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 01/31/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 02/01/2012 | Crescent159000512 | 4,166.60 | Promissory Note |
| Check | | 02/15/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 02/29/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 03/05/2012 | Crescent159000512 | 4,166.67 | Promissory Note |

**Total Salary, Loans and Draw (Schedule 23)**     100,676.92

| Type | Num | Date | Account | Amount | Description |
|---|---|---|---|---|---|
| Check | 3679 | 07/06/2011 | Crescent159000512 | 289.53 | Office Expenses |
| Check | 4003 | 08/26/2011 | Crescent159000512 | 4,829.20 | Reimbursements - Advertising and Office Supplies |
| Check | 4267 | 10/17/2011 | Crescent159000512 | 200.00 | Reimbursement - Reservation Services |
| Bill Pmt -Check | 4724 | 02/28/2012 | Crescent159000512 | 2,428.00 | Reimbursement - Advertising |

**Total Salary, Loans, Draw and Expenses (Schedule 3a)**     108,423.65

-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-2,083.30

-289.53
-4,829.20
-200.00
-2,428.00

12:10 AM
05/02/12

# All Transactions for Kay Ellison
## All Transactions

| Type | Num | Date | Account | Amount | Description |
|------|-----|------|---------|--------|-------------|
| Bill Pmt -Check | 3190 | 03/24/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3256 | 04/08/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3305 | 04/29/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3337 | 05/06/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3450 | 05/20/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3527 | 06/03/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3583 | 06/17/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Bill Pmt -Check | 3662 | 07/01/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | 3726 | 07/15/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | 3930 | 07/29/2011 | Crescent159000512 | 6,500.00 | Partner Draw |
| Check | | 10/18/2011 | Crescent159000512 | 2,083.30 | Salary |
| Check | | 11/30/2011 | Crescent159000512 | 2,083.30 | Salary |
| Check | | 12/07/2011 | Horry County State Bank | 4,166.60 | Loan Payment |
| Check | | 01/06/2012 | Horry County State Bank | 6,770.83 | Salary - not included in a schedule prepared by Mary Baldwin |
| Check | | 01/15/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 01/31/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 02/01/2012 | Crescent159000512 | 4,166.60 | Loan Payment |
| Check | | 02/15/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 02/22/2012 | Horry County State Bank | 2,152.19 | Salary |
| Check | | 02/29/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | | 03/05/2012 | Crescent159000512 | 4,166.66 | Loan Payment |
| Check | | 03/07/2012 | Horry County State Bank | 7,844.04 | Salary |

**Total Salary, Loans and Draw (Schedule 23)** 110,673.08

| | | | | | |
|------|-----|------|---------|--------|-------------|
| Bill Pmt -Check | 4619 | 01/13/2012 | Crescent159000512 | 9,204.65 | Flight Operations |
| Check | 4822 | 03/05/2012 | Crescent159000512 | 16,547.92 | Listed as Flight Operations |

**Total Salary, Loans, Draw and Expenses (Schedule 3c)** 136,425.65

-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00
-6,500.00

-9,204.65
-16,547.92

1:07 AM
05/02/12

# All Transactions for Robert Keilman
## All Transactions

| Type | Num | Date | Account | Amount | Description |
|------|-----|------|---------|--------|-------------|
| Bill Pmt -Check | 4097 | 09/20/2011 | Crescent159000512 | 10,000.00 | Partner Draw | -10,000.00 |
| Check | 4460 | 11/30/2011 | Crescent159000512 | 2,083.33 | Legal | -2,083.33 |
| Check | 15693 | 12/07/2011 | Horry County State Bank | 2,083.30 | Legal | -2,083.30 |
| Check | 15706 | 01/06/2012 | Horry County State Bank | 4,166.60 | Promissory Note | -4,166.60 |
| Check | 15715 | 02/01/2012 | Horry County State Bank | 1,153.36 | Promissory Note | -1,153.36 |
| Check | 4661 | 02/01/2012 | Crescent159000512 | 4,166.60 | Promissory Note | -4,166.60 |
| Check | 4823 | 03/05/2012 | Crescent159000512 | 4,166.68 | Promissory Note | -4,166.68 |

**Total Salary, Loans and Draw (Schedule 23)** 27,819.87

| Type | Num | Date | Account | Amount | Description |
|------|-----|------|---------|--------|-------------|
| Check | 16011 | 09/01/2011 | Horry County State Bank | 558.00 | Travel & Entertainment | -558.00 |
| Check | 15018 | 09/08/2011 | Horry County State Bank | 501.19 | Travel & Entertainment | -501.19 |
| Check | 4098 | 09/20/2011 | Crescent159000512 | 695.00 | Travel & Entertainment | -695.00 |
| Check | 4194 | 09/28/2011 | Crescent159000512 | 602.80 | Travel & Entertainment | -602.80 |

**Total Salary, oans, Draw and Expenses  (Schedule 3c)** 30,176.86

12:07 AM
05/02/12

# All Transactions for Judy Tull
## All Transactions

| Type | Num | Date | Account | Amount | Description |
|---|---|---|---|---|---|
| Bill Pmt -Check | 3169 | 03/24/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3254 | 04/08/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3304 | 04/29/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3334 | 05/05/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3447 | 05/20/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3524 | 06/03/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3580 | 06/17/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Bill Pmt -Check | 3661 | 07/01/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Check | 3729 | 07/15/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Check | 3929 | 07/29/2011 | Crescent159000512 | 6,500.00 Partner Draw | -6,500.00 |
| Check | | 10/18/2011 | Crescent159000512 | 2,083.30 Salary | |
| Check | | 11/30/2011 | Crescent159000512 | 2,083.30 Salary | |
| Check | | 12/07/2011 | Horry County State Bank | 4,166.60 Promissory Note | |
| Check | | 01/06/2012 | Horry County State Bank | 6,770.83 Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin | |
| | | 01/15/2012 | | 3,385.42 Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin | |
| | | 01/31/2012 | | 4,166.60 Promissory Note | |
| Check | | 02/01/2012 | Crescent159000512 | 1,610.32 Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin | |
| | | 02/15/2012 | | 3,385.42 Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin | |
| | | 02/29/2012 | | 4,166.66 Promissory Note | |
| Check | | 03/05/2012 | Crescent159000512 | 9,589.44 Salary | |
| Check | | 03/05/2012 | Crescent159000512 | 4,900.00 Salary | |
| Check | | 03/09/2012 | Crescent159000512 | | |

**Total Salary, Loans and Draw (Schedule 23)**                     113,391.19

**Total Salary, Loans, Draw and Expenses (Schedule 3c)**           113,391.19
  Judy Tull had a DA corporate card. The card was paid directly

2:03 AM
05/02/12

## All Transactions for Avondale Ventures, LLC
### All Transactions

| Payee | Type | Num | Date | Account | Amount | |
|---|---|---|---|---|---|---|
| **Avondale** | | | | | | |
| Progressive Funding Solutions | Bill Pmt -Check | wire 2 | 10/18/2011 | Crescent15900c512 | 14,583.50 | Consulting Fees for advisors from Avondale |
| Progressive Funding Solutions | Bill Pmt -Check | 4720 | 02/28/2012 | Crescent15900c512 | 4,500.00 | Wayne Greene Fees paid directly in lieu of management fees to Avondale |
| Progressive Funding Solutions | Check | 4718 | 02/17/2012 | Crescent15900c512 | 4,576.00 | Wayne Greene Fees paid directly in lieu of management fees to Avondale |
| Progressive Funding Solutions | Bill Pmt -Check | 4652 | 01/31/2012 | Crescent15900c512 | 6,870.00 | Wayne Greene Fees paid directly in lieu of management fees to Avondale |
| Progressive Funding Solutions | Bill Pmt -Check | 4581 | 01/11/2012 | Crescent15900c512 | 4,150.72 | Wayne Greene Fees paid directly in lieu of management fees to Avondale |
| Bryan Kornreich | Bill Pmt -Check | 4722 | 02/28/2012 | Crescent15900c512 | 1,003.09 | Advisor for Avondale paid by Direct Air in lieu of management fees to Avondale |
| Bryan Kornreich | Check | 4761 | 02/14/2012 | Crescent15900c512 | 690.93 | Advisor for Avondale paid by Direct Air in lieu of management fees to Avondale |

# All Transactions for Ed Warneck
## All Transactions

| Type | Num | Date | Account | Amount | Description |
|---|---|---|---|---|---|
| Bill Pmt -Check | 3188 | 03/24/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3249 | 04/08/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3303 | 04/26/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3332 | 05/05/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3439 | 05/20/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3521 | 06/03/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3577 | 06/17/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Bill Pmt -Check | 3669 | 07/01/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Check | 3728 | 07/15/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Check | 3828 | 07/29/2011 | Crescent15000000512 | 6,028.59 | Partner Draw |
| Check | wire 8 | 10/18/2011 | Crescent15000000512 | 2,083.30 | Salary |
| Check | 4461 | 11/03/2011 | Crescent15000000512 | 2,083.30 | Salary |
| Check | 15691 | 12/07/2011 | Horry County State Bank | 2,083.30 | Salary |
| Check | 15703 | 01/08/2012 | Horry County State Bank | 4,166.60 | Promissory Note |
| | | 01/15/2012 | | 6,770.83 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | 4656 | 02/01/2012 | Crescent15000000512 | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| | | 02/15/2012 | | 4,166.60 | Promissory Note |
| | | 02/29/2012 | | 3,385.42 | Salary - not in Quickbooks, but included in a schedule prepared by Mary Baldwin |
| Check | 4730 | 02/05/2012 | Crescent15000000512 | 4,166.66 | Promissory Note |
| Check | 4755 | 03/09/2012 | Crescent15000000512 | 8,845.40 | Listed as Flight Operations, but believed to be retroactive salary adj |
| **Total Salary, Loans and Draw (Schedule 23)** | | | | **104,808.15** | |
| | | | | | |
| Check | 14606 | 06/28/2011 | Horry County State Bank | 974.77 | Travel Reimbursement |
| Check | 4005 | 08/01/2011 | Crescent15000000512 | 296.23 | Travel Reimbursement |
| Bill | Travel | 10/25/2011 | Accounts Payable | 1,028.52 | Travel Reimbursement |
| Bill Pmt -Check | 4401 | 11/10/2011 | Crescent15000000512 | 1,028.52 | Salary |
| Check | 15930 | 02/22/2012 | Horry County State Bank | 1,527.96 | Travel Reimbursement |
| **Total Salary, Loans, Draw and Expenses (Schedule 3c)** | | | | **109,666.15** | |

12:29 AM
05/02/12

## All Transactions for Employers Innovative Network
### All Transactions

| Type | Num | Date | Account | Amount | |
|------|-----|------|---------|-------:|---:|
| Check | debit | 03/19/2012 | Crescent159000512 | 7,746.91 | -7,746.91 |
| Check | online | 03/02/2012 | Crescent159000512 | 27,046.04 | -27,046.04 |
| Check | wire | 02/21/2012 | Crescent159000512 | 170.20 | -170.20 |
| Check | on line | 02/17/2012 | Crescent159000512 | 29,059.70 | -29,059.70 |
| Check | wire | 02/03/2012 | Crescent159000512 | 29,623.43 | -29,623.43 |
| Check | on line | 01/20/2012 | Crescent159000512 | 27,803.27 | -27,803.27 |
| Check | on line | 01/06/2012 | Crescent159000512 | 29,914.06 | -29,914.06 |
| Check | on line6 | 12/23/2011 | Crescent159000512 | 29,403.52 | -29,403.52 |
| Bill Pmt -Check | 4528 | 12/08/2011 | Crescent159000512 | 28,810.80 | -28,810.80 |
| Check | on line | 11/29/2011 | Crescent159000512 | 77.25 | -77.25 |
| Check | 4387 | 11/10/2011 | Crescent159000512 | 0.00 | 0.00 |
| Bill Pmt -Check | 1 | 11/10/2011 | Crescent159000512 | 30,840.40 | -30,840.40 |
| Bill Pmt -Check | ACH | 10/28/2011 | Crescent159000512 | 28,378.10 | -28,378.10 |
| Check | on line | 10/13/2011 | Crescent159000512 | 25,375.42 | -25,375.42 |
| Bill Pmt -Check | on line | 09/30/2011 | Crescent159000512 | 27,519.35 | -27,519.35 |
| Check | debit | 09/15/2011 | Crescent159000512 | 25,659.18 | -25,659.18 |
| Check | ON LINE | 09/02/2011 | Crescent159000512 | 25,932.93 | -25,932.93 |
| Check | ACH | 08/22/2011 | Crescent159000512 | 28,850.83 | -28,850.83 |
| Bill Pmt -Check | wire | 08/04/2011 | Crescent159000512 | 28,788.91 | -28,788.91 |
| Check | ACH | 07/26/2011 | Crescent159000512 | 748.59 | -748.59 |
| Check | debit | 07/21/2011 | Crescent159000512 | 27,793.51 | -27,793.51 |
| Bill Pmt -Check | wire | 07/07/2011 | Crescent159000512 | 26,307.16 | -26,307.16 |
| Bill | 06/24/11 | 06/23/2011 | Accounts Payable | 25,337.91 | -25,337.91 |
| Bill Pmt -Check | Debit | 06/23/2011 | Crescent159000512 | 25,337.91 | -25,337.91 |
| Check | wire | 06/09/2011 | Crescent159000512 | 25,312.44 | -25,312.44 |
| Check | ONLINE | 06/06/2011 | Crescent159000512 | 86.66 | -86.66 |
| Check | debit | 05/31/2011 | Crescent159000512 | 998.80 | -998.80 |
| Bill Pmt -Check | on line | 05/26/2011 | Crescent159000512 | 26,571.47 | -26,571.47 |
| Bill Pmt -Check | on line | 05/12/2011 | Crescent159000512 | 27,594.13 | -27,594.13 |
| Bill Pmt -Check | on line | 04/28/2011 | Crescent159000512 | 25,198.35 | -25,198.35 |
| Check | debit | 04/15/2011 | Crescent159000512 | 24,455.03 | -24,455.03 |
| Bill Pmt -Check | wire | 04/01/2011 | Crescent159000512 | 23,263.83 | -23,263.83 |
| Check | wire | 03/18/2011 | Crescent159000512 | 21,914.51 | -21,914.51 |
| Total | | | | 711,920.60 | |

## Schedule 4(a)

Attached please find a listing of all causes of action that were pending and disclosed to Avondale in September 2012 at the time of its investment in the Debtor. Avondale is not aware of any other litigation being commenced by or against the Debtor since that time.

Upon and information and belief, *Southern Sky Air & Tours, LLC v. Falcon Air Express* (2010) was settled by Prior Management, without notice to Avondale or the Board, on or about March 13, 2012.

# BOYD LAW FIRM, LLC

*Exhibit G*

Telephone: (843) 238-1978
Facsimile: (843) 238-2112

1500 Highway 17 North
The Courtyard, Suite 212
Myrtle Beach, South Carolina 29575

Mailing Address:
Post Office Box 15358
Myrtle Beach, South Carolina 29587

## MEMORANDUM

To:        Direct Air

From:      Reese Boyd III *RBIII*

Re:        Litigation Summary

Date:      April 14, 2011

---

Following is a summary of the currently pending litigation in which Direct Air is involved, either as a plaintiff or defendant:

1.  **Kenneth Forrey et al. v. Casino Direct Air, LLC, et al.**
    **Florida State Court, Pinellas County (2009)**

    Plaintiff, Kenneth Forrey, was a pax on a Casino Direct public charter flight from Biloxi, Mississippi to St. Petersburg/Clearwater, Florida ("PIE"), operated by Xtra Airways under its contract with Direct Air. Forrey was injured while stepping off the stairs onto the tarmac in PIE. He sued Casino Direct and Signature Flight Support ("Signature"), the ground handler for the flight. Signature pled us into the case under the theory that they are entitled to indemnification by Direct Air under the contract between the parties. The Court recently granted Signature a Summary Judgment on the indemnification question. We are preparing a motion for reconsideration on the indemnification issue, and also a possible claim back against the Plaintiff, Forrey, who signed the Direct Air Tour Participant Agreement which holds Direct Air and vendors harmless. Local counsel is also exploring settlement discussions with the Plaintiff's counsel and Signature's counsel. Settlement value of the Plaintiff's claims is anticipated to be approximately $60,000, which would be split by the parties.

Memo to Direct Air
April 14, 2011
Page 2


2.   **Pace Airlines, Inc. v. Southern Sky Air, LLC**
     **U.S. Dist. Court, Dist. South Carolina (2009)**

     Pace Airlines ("Pace") filed suit against Direct Air in
2009 alleging breach of contract in connection with an ACMI
contract between the parties, seeking damages of approximately
$1,500,000.  Direct Air counterclaimed, alleging similar breach
of contract claims.  Pace was forced into bankruptcy by its
creditors and the action has been stayed since September 2009.


3.   **Southern Sky Air & Tours, LLC v. Falcon Air Express, Inc.**
     **U.S. Dist. Court, Dist. South Carolina (2010)**

     We brought suit against Falcon Air Express ("Falcon") in
South Carolina state court in March 2010, alleging breach of
contract and failure to perform by Falcon under an ACMI
agreement between the parties.  Falcon removed the case to
federal court.  We have alleged $3 Million in damages as a
result of the failed ACMI program with Falcon.  Discovery is
progressing but is not completed.  The matter is scheduled to
come to trial in October 2011.


4.   **Brandon Advertising, Inc. v. Southern Sky Air & Tours, LLC**
     **S.C. State Court, Horry County (2009)**

     This matter was brought in state court in 2009 alleging
breach of contract under various advertising agreements with the
Defendant, Brandon advertising.  The essential allegations are
that Brandon over-billed Direct Air and its travel partners,
including various airports providing marketing incentives and
air service development incentives to Direct Air, and that it
also failed to provide all of the advertising that it claims to
have provided under such contracts.  Brandon has counter-
claimed, not unexpectedly, alleging that Direct Air owes more
than what it has paid for the advertising that it has received
under the contracts in question.

     We do not represent Direct Air in the matter as it is
likely that I will be called to testify in the case, since I had
numerous dealings with Brandon and its principal as the
relationship with the parties deteriorated prior to litigation.

## Schedule 9

Prior to the filing of the Petition, the Debtor tendered payment to Riemer & Braunstein payment of fees totaling approximately $31,000 for legal services render in connection with the preparation of prior to the Chapter 11 filing, plus a retainer of approximately $29,000 for services to be rendered in connection with the Chapter 11 case.

Avondale paid  $7,000 to ASI Advisors, LLC for financial advisory services rendered in connection with the Chapter 11 case.

Avondale paid  a retainer in the amount of  $11,500 to the Law Offices of Susan Jollie for special aviation services involving the DOT in connection with the Chapter 11 case.

Except with respect to the foregoing, Avondale Aviation I, LLC does not have access to information of the Debtor sufficient to enable it to provide a more definitive response to Question #8 on the Debtor's Statement of Financial Affairs.

## Schedule 19(a)

For the period prior to September 29, 2011, Avondale Aviation I, LLC does not have information that would enable it to provide a definitive response to Question #19(a) on the Debtor's Statement of Financial Affairs.

Upon information and belief, the following list would apply:

| Name and Address: | Date Services rendered: |
|---|---|
| Kay Ellison<br>(internal bookkeeper)<br>33837 Waterford Drive<br>Myrtle Beach, SC 29577 | Unknown – March 15, 2012 |
| Mary Baldwin<br>(internal bookkeeper)<br>1507 Dewitt Street<br>Conway, SC 29527 | Unknown- March 15, 2012 |
| MLB Management Services<br>(outside/ accountant)<br>P.O. Box 938<br>Conway, SC 29528 | |

## **Schedule 19(b)**

Avondale Aviation I, LLC does not have information that would enable it to provide a definitive response to Question #19(b) on the Debtor's Statement of Financial Affairs.

## Schedule 19(c)

For the period prior to September 29, 2011, Avondale Aviation I, LLC does not have information that would enable it to provide a definitive response to Question #19(c) on the Debtor's Statement of Financial Affairs.

Upon information and belief, the following list would apply:

| Name and Address | Date Services rendered |
|---|---|
| Judy Tull<br>1414 Higland Circle<br>Myrtle Beach, SC 29578 | Unknown- March 15, 2012<br>(QuickBooks, Valley National Bank, Radar, Radixx, HR) |
| Kay Ellison (internal bookkeeper)<br>33837 Waterford Drive<br>Myrtle Beach, SC 29577 | Unknown- March 15, 2012<br>(QuickBooks, Valley National Bank, Radar, Radixx, HR) |
| Mary Baldwin (internal bookkeeper)<br>1507 Dewitt Street<br>Conway, SC 29527 | Unknown – March 15, 2012<br>(QuickBooks) |
| MLB Management Services (outside accountant)<br>P.O. Box 938<br>Conway, SC 29528 |  |
| Robert Keilman<br>194 Scarborough Way<br>Marlboro, NJ 07746 | Unknown – March 15, 2012 |

## Schedule 19(d)

For the period prior to September 29, 2011, Avondale Aviation I, LLC does not have information that would enable it to provide a definitive response to Question #19(d) on the Debtor's Statement of Financial Affairs.

Upon information and belief, the following list would apply with respect to unaudited financials:

| Name and Address | Date Services rendered |
|---|---|
| Avondale Aviation<br>1629 K. Street NW<br>Suite 300<br>Washington, DC 20011 | 2011 |
| JetPay<br>3361 Boyington Drive<br>Carrollton, TX 75006 | According to contract with JetPay |
| Chemoil Corporation<br>200 East last Olas Blvd<br>Suite 2050<br>Fort Lauderdale, FL 33301 | 2011 |

## Schedules 20(a) and 20(b)

Avondale Aviation I, LLC does not have information that would enable it to provide a definitive response to Questions #20(a) and/or 20(b) on the Debtor's Statement of Financial Affairs.

## Schedule 21

Below please find a listing of the officers and directors of the Debtor as of the Petition Date, together with a listing of the members who directly or indirectly owned or controlled 5 percent or more of the voting or equity securities of the Debtor as of the Petition Date.

## MANAGERS OF COMPANY

Kay Ellison, Manager – Resigned on or about 3/11/12
33837 Waterford Drive
Myrtle Beach, SC 29577

Stanley "Marshall" Ellison, Manager - Resigned on or about 3/11/12
33837 Waterford Drive
Myrtle Beach, SC 29577

Edward Warnick, Manager
8349 Juxa Drive
Myrtle Beach, SC 29579

Judy Tull, Manger, Manager – Resigned on or about 3/11/12
1414 Highland Circle
Myrtle Beach, SC 29578

Robert Keilman, Manager
194 Scarborough Way
Marlboro, NJ 07746

## MEMBERS OF LLC

| Name and Addresses | Number Of Units |
|---|---|
| Avondale Aviation I, LLC<br>1629 K. Street NW – Suite 300<br>Washington, Dc 20011<br>Attn: Hank L. Torbert | 411 |
| Stukes Atwood, LLC<br>(Surrendered on 3/3/12) | 24 |
| Kay Ellison<br>33837 Waterford Drive<br>Myrtle Beach, SC 29577 | 71 |

Stanley "Marshall" Ellison                                             71
33837 Waterford Drive
Myrtle Beach, SC 29577

Edward Warnick                                                         71
8349 Juxa Drive
Myrtle Beach, SC 29579

Judy Tull                                                              71
1414 Highland Circle
Myrtle Beach, SC 29578

Robert Keilman                                                         71
194 Scarborough Way
Marlboro, NJ 07746

## MEMBERS OF BOARD OF MANAGERS

Hank L.Torbert
c/o Avondale Aviation I, LLC
1629 K. Street NW – Suite 300
Washington, Dc 20011

Edward Warnick
8349 Juxa Drive
Myrtle Beach, SC 29579

Robert Keilman
194 Scarborough Way
Marlboro, NJ 07746

### Schedule 22

Below please find a listing of the officers, directors, and members who resigned since September 29, 2011.  Avondale Aviation I, LLC does not have access to the Debtor's information sufficient to form a response with respect to the period prior to September 29, 2011.

Donald Stukes                          Resigned on or about 3/3/12
c/o Stukes Atwood LLC

Kay Ellison,                           Resigned on or about 3/11/12
33837 Waterford Drive
Myrtle Beach, SC 29577

Stanley "Marshall" Ellison             Resigned on or about 3/11/12
33837 Waterford Drive
Myrtle Beach, SC 29577

Judy Tull, Manger                      Resigned on or about 3/11/12
1414 Highland Circle
Myrtle Beach, SC 29578