UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the above-referenced proceeding, and, pursuant to 11 U.S.C. § 327(a), Rules 2014 and 6005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and MLBR 2014-1 and 6005-1, hereby requests that this Court authorize the employment of Craig R. Jalbert and Verdolino & Lowey, P.C., as accountant (the "Accountant") to the Trustee. In support hereof, the Trustee states as follows:

1. On March 15, 2012, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court entered an order converting this proceeding to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 Trustee of this proceeding and he continues to serve as such.

4. The Trustee seeks to employ the Accountant in accordance with Bankruptcy Rules 2014 and 6005 and MLBR 2014-1 and 6005.

{Practice Areas\CORP\15008\14190\A1990465.DOC}

5. The Trustee seeks to employ the Accountant in order to perform such professional services as follows:

   a. Filing of the Debtor's tax returns for any and all fiscal years outstanding;

   b. Filing the fiduciary tax returns for the bankruptcy estate on behalf of the Trustee;

   c. Any and all accounting services required to assist the Trustee with any 401(k) plan or any other ERISA-qualified employee benefit plan maintained by the Debtor as of the Petition Date;

   d. Performing other audit, tax, and consulting services which may be necessary in the administration of the bankruptcy estate;

   e. Assisting the Trustee in obtaining and retaining all necessary paper and electronic records;

   f. Assisting with regard to accounting and accounting system matters;

   g. Assisting with regard to forensic work on records and computers/servers, as necessary, to investigate the Debtor's pre-petition activities;

   h. Assisting with the review, reconciliation and analysis of Debtor's books and records for valuation and insolvency analysis and for possible avoidable fraudulent and/or preferential transactions pursuant to Bankruptcy Code Sections 547 and 548;

   i. Assisting with the review, reconciliation, and analysis of claims against the Debtor's accounts, including accounts typically held for the benefit of customers;

j.  Serving as support in connection with possible litigation in the recovery of assets including, but not limited to, expert report preparation and testimony (if necessary); and

k.  Other matters as directed by the Trustee.

6.  To the best of the Trustee's knowledge, information and belief, the Accountant has no connection with the Debtor, the creditors, or any other party in interest, except as stated in the annexed Affidavit of Accountant, and represents no other entity having an interest adverse to the Debtor or the Trustee in connection with this case.

7.  Craig R. Jalbert and Verdolino & Lowey, P.C. seek to perform the services delineated herein, based on the following hourly rates, plus reimbursement of expenses:

| **Position** | **Hourly Rate** |
| --- | --- |
| Principals | $415.00 |
| Managers | $245.00 - $375.00 |
| Staff | $125.00 - $325.00 |
| Bookkeepers | $110.00 - $190.00 |
| Clerical | $85.00 |

8.  All compensation of fees and disbursement of expenses shall be subsequent to the filing of an application for compensation in accordance with MLBR 2016-1 and a Court order allowing same.

WHEREFORE, the Trustee requests that the Court enter an Order:

A.  Authorizing the Trustee to employ the Accountant, on the terms and conditions set forth above; and

B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated: May 11, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING EMPLOYMENT OF ACCOUNTANT

Upon the application dated May 11, 2012 (the "Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"), to employ as accountant, Craig R. Jalbert and Verdolino & Lowey, P.C. (collectively, the "Accountant"), and upon the Affidavit of Accountant attached to said Application, and it appearing that the Accountant is qualified to provide accounting services on behalf of the Trustee, and it appearing that the Accountant neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7 case and is a "disinterested person" within the meaning of Bankruptcy Code § 101(14) and that the employment of the Accountant is in the best interests of the estate, it is hereby:

ORDERED, that the Trustee is authorized to employ Craig R. Jalbert and Verdolino & Lowey, P.C. to serve as accountant in the above-captioned Chapter 7 proceeding and to perform all of the services described in the Application. All compensation and expenses are subject to Court approval.

Dated: _____        _____
                                                Honorable Melvin S. Hoffman
                                                United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A1990465.DOC}