UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC,**<br>**d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### SUPPLEMENTAL ATTORNEY'S AFFIDAVIT PURSUANT TO
### 11 U.S.C. § 327(a), BANKRUPTCY RULE 2014(a) AND MLBR 2014-1

COMMONWEALTH OF MASSACHUSETTS)
                                              ) ss.:
COUNTY OF WORCESTER               )

       I, Joseph H. Baldiga, being duly sworn, depose and state as follows:

       1.     I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 100 Front Street, Worcester, Massachusetts 01608-1477. I have been duly admitted and am a member in good standing before the Bars of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

       2.     On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

       3.     On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

       4.     On the Conversion Date, the United States Trustee appointed me Chapter 7 trustee (the "Trustee") of this proceeding and continue to serve as such.

5. On April 23, 2012, I sought authority to retain MODL as my counsel by filing an Application for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 Trustee (the "Application"), and I filed an affidavit pursuant to 11 U.S.C. § 327(a), Bankruptcy Rule 2014(a) and MLBR 2014-1 (the "Original Affidavit") in support of the Application. The Application is currently scheduled for hearing on May 29, 2012.

6. Since filing the Original Affidavit, certain additional information has come to my attention which I believe should be disclosed to the Bankruptcy Court and to parties-in-interest. More specifically, MLBR 2014-1(b)(1) appears to require disclosure, as "connections" and "relationships", representations by a professional of a creditor against the debtor, at any time. Although I believe, for the reasons set forth below, that this information does not interfere with the ability of MODL to serve as counsel to the Trustee in this case, I submit this Supplemental Affidavit for the purpose of providing full and continuing disclosure to the Bankruptcy Court and parties-in-interest.

7. In addition to the "connections" identified in paragraph 4 of the Original Affidavit, the following "connections" are identified as follows:

(a) MODL has in the past represented Federal Express, but has not represented Federal Express in the Debtor's proceeding. FedEx is listed on the Debtor's Schedule F as a creditor holding an unsecured non-priority claim;

(b) MODL periodically represents Bank of America, successor to Fleet National Bank, in various matters having no relation to this proceeding. MODL has not represented Bank of America in the Debtor's proceeding. SSP America, Bank of America is listed on the Debtor's Schedule F as a creditor holding an unsecured non-priority claim;

8. The additional "connections" identified above in the interest of full and continuing disclosure are not such as would raise a conflict with MODL's representation of the Trustee in this case. Accordingly, I continue to believe that MODL does not represent or hold,

2

{Practice Areas\CORP\15008\14190\A2000978.DOC}

nor has it represented or held, any interest adverse to the estate of the Debtor and that I and each attorney at MODL are disinterested persons as that terms is defined in Bankruptcy Code § 101(14).

Signed under the pains and penalties of perjury this 14th day of May, 2012.

Joseph H. Baldiga, BBO#549963