UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS, WITH REQUEST FOR EXPEDITED DETERMINATION

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court (the "Motion"), pursuant to Rules 2002 and 2004 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b), for an order authorizing the Trustee to conduct examinations (the "Rule 2004 Examinations") of the parties listed on **Exhibit A** attached hereto (the "Parties").[1] The Trustee also seeks expedited determination of this Motion as set forth herein. In support of this Motion, the Trustee states as follows:

---

[1] The parties listed on Exhibit A are all described generally in this Motion. To the extent that the Trustee seeks information from a corporate entity, the corporate entity is described in this Motion but Exhibit A may list a more specific individual representative of such entity.

The Trustee has reviewed books and records of the Debtor and has endeavored to locate addresses or other appropriate contact information (e.g., via counsel or care of an entity with which an individual is affiliated) in order to provide notice of this Motion to the Parties. Despite his efforts, the Trustee has yet to locate any contact information for three of the Parties. The Trustee will continue to investigate, and will supplement notice of this Motion to the extent that such contact information becomes available.

## I.     BACKGROUND.

1.     On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.     Prior to the Petition Date, the Debtor operated as a low cost discount charter airline that flew various routes in the United States. The Debtor operated its business primarily from its headquarters in Myrtle Beach, South Carolina.

3.     On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

4.     On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee has worked to secure assets and records of the Debtor and to begin investigating the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

5.     The Trustee was originally scheduled to conduct the initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "§ 341(a) Meeting") on May 16, 2012. However, due to the late submission of the Debtor's creditor matrix, the Trustee continued the § 341(a) Meeting to June 13, 2012.

6.     The Debtor late-filed its Schedules on May 3, 2012 and its Statement of Financial Affairs on May 4, 2012. Many of the Debtor's responses set forth in the Schedules and Statement of Financial Affairs lack substance. Accordingly, since his appointment, the Trustee has gathered information not only from the Debtor's representative and its counsel but also, among others, counsel to the United States Trustee, the Debtor's former management, and

various creditors, as well as former employees, airline and airport personnel, and other interested parties. Agents of the Trustee have traveled to the Debtor's headquarters, where they conducted a preliminary review of the Debtor's records and packaged them for delivery to the Trustee.

## II. Relief Requested.

7. Based on his review of the Debtor's records, pleadings filed with this Court during the Debtor's Chapter 11 proceeding, discussions with interested parties, and complaints filed with the Department of Transportation, the Trustee believes that misappropriation and/or transfers of significant sums of money may have been made by the Debtor or its agents prior to the Petition Date. The Trustee seeks authority to conduct the Rule 2004 Examinations in order to obtain documents and information in furtherance of his investigations regarding possible misappropriation and/or transfers of the Debtor's funds, as well as other possible causes of action against parties in control of or related to the Debtor. The Trustee also seeks authority to conduct the Rule 2004 Examinations in order to gather information regarding the Debtor's assets and its pre- and post-petition operations.

8. Details regarding each of the Parties and the information that the Trustee may seek from them is as follows:

> A. <u>Banking Institutions</u> (Horry County State Bank, Wachovia/Wells Fargo, Crescent Bank):
>
> Upon information and belief, the Debtor maintained pre-petition bank accounts at these Banking Institutions. The Trustee requires bank statements and related information from each of these Banking Institutions in order to investigate the Debtor's pre-petition account activity, including deposits into and transfers out of the Debtor's accounts.

B. <u>Deposit Account Parties</u> (Valley National Bank, JetPay Merchant Services LLC, American Express Travel Related Services Company, Inc.):

As a charter airline, the Debtor was required to maintain a deposit account for protection of its consumer passengers. Pre-petition, the Debtor established such a deposit account (the "VNB Account") with Valley National Bank. The VNB Account appears to be significantly underfunded. The Trustee has already requested from Valley National Bank, among other things, copies of any agreements between Valley National Bank and the Debtor, account statements since the inception of the parties' relationship, and any certifications that the Debtor provided to Valley National Bank pursuant to which Valley National Bank released funds from the VNB Account. Valley National Bank has commenced production of this requested information to the Trustee.

JetPay and AMEX appear to be the sole parties responsible for processing credit card chargebacks for travelers whose flights were canceled. As such, they have asserted claims against the VNB Account and the Estate. Pre-petition, JetPay's practice was to draw against the VNB Account to reimburse itself for chargebacks. The Trustee requires documents and information from Valley National Bank, JetPay, and AMEX in order to investigate the shortfall in the VNB Account and otherwise reconcile claims and the Debtor's own financial records.

C. <u>Platte River Insurance Company</u>:

Pre-petition, Platte River Insurance Company issued a Public Charter Operators Surety Bond to the Debtor. It also issued a Bond to Myrtle Beach, Horry County International Airport, Department of Airports. The Trustee

requires information about these bonds in order to determine the Debtor's entitlement to bond proceeds and to otherwise reconcile claims.

D. <u>Former Managers</u> (Kay Ellison, Marshall "Stanley" Ellison, Robert Keilman, Judy Tull, and Ed Warneck):

Upon information and belief, each of the Former Managers was an officer and/or manager of the Debtor prior to the Petition Date. Accordingly, each of the Former Managers possesses intimate knowledge of the Debtor's pre-petition operations and activities. Upon information and belief, Kay Ellison and/or Judy Tull directed most, if not all, transactions involving the VNB Account. The Trustee requires documents and information from the Former Managers in order to investigate the Debtor's pre-petition activities.

E. <u>Insiders Related to the Former Managers</u> (Anne Dearing, James Tull, and the Owner or Partner Most Knowledgeable about the West Virginia Reservation Center):

Upon information and belief, Anne Dearing and James Tull were pre-petition employees of the Debtor who had responsibility for, among other things, counting cash received by the Debtor. Upon information and belief, Anne Dearing is Kay Ellison's mother and James Tull is Judy Tull's husband. Also upon information and belief, the West Virginia building in which the Debtor operated its reservation center is owned by approximately 15 individuals or entities, two of whom were Kay Ellison's parents.[2] Interested parties have informed the Trustee that assets belonging to the Debtor may have been removed from the reservation center or used post-petition by unauthorized parties. The

---

[2] The Trustee has learned that Kay Ellison's father Frank Dearing recently passed away. Upon information and belief, Mr. Dearing was the Debtor's primary contact regarding the reservation center.

Trustee requires information from the Insiders in order to investigate the Debtor's assets and its pre-petition activities and operations.

F.    Former Shareholders (BJC Investments, LLC, Clay Brittain, Matthew Brittain, Estate of David Brittain, Robert Giordano, Thomas Mastro, Romans 828 LLC, Larry Young, and Robert Wardlow):

In or about September 2011, the Debtor sold or facilitated the sale of certain membership interests in the Debtor. The Former Shareholders sold shares and/or received Promissory Notes in connection with the September 2011 sale. The Trustee may require information from the Former Shareholders related to the September 2011 sale and the compensation that each of the Former Shareholders may have received as a result of such sale.

In addition, the Trustee believes that some or all of the Former Shareholders may have been involved in the management or operation of the Debtor's business at various times. For example, Clay D. Brittain, III was at one point the company's Registered Agent. To the extent that any of the Former Shareholders were involved in the management or operation of the Debtor's business, the Trustee also requires from the Former Shareholders information related to such involvement.

G.    New Management (ASI Advisors LLC, Avondale Aviation I LLC, Avondale Ventures LLC, Jeffry Conry, Reginald Greiner, King Williams Aviation LLC, King Williams Holdings LLC, George McConnaughey, Donald Stukes, Stukes Atwood LLC, and Hank L. Tobert):

Avondale Aviation I LLC acquired membership interests in the Debtor in connection with the above-referenced September 2011 sale. Prior to and following the sale, New Management actively participated in the management of the Debtor. Upon information and belief, as of October 27, 2011 the Debtor's

Board of Managers consisted of Hank L. Tobert, Donald Stukes, and Reginald Greiner (along with Former Managers Kay Ellison and Judy Tull). Meeting minutes indicate that George McConnaughey was the acting CFO as of October 27, 2011 and that he presented financial information with Kay Ellison to the Board of Managers on that date. Thereafter, some or all of New Management continued to manage and direct the Debtor's operations through the Petition Date.

Hank L. Tobert signed the Debtor's bankruptcy petition. Hank L. Tobert, Reginald Greiner, and Ed Warneck (a Former Manager) executed the Consent attached to the Debtor's bankruptcy petition as Managers of the Debtor.

During the Debtor's Chapter 11 case, the Debtor sought authority to employ ASI Advisors LLC as financial advisors to the Debtor, indicating to this Court that "[o]ver the past months ASI Advisors' professionals have worked closely with the Debtor's management and have become well-acquainted with the Debtor's financial situation, debt structure, business and related matters." <u>Debtor's Application for Authority to Employ and Retain ASI Advisors, LLC as Financial Advisors</u> at ¶13, Docket No. 47 (March 29, 2012). Donald Stukes is the Senior Managing Director of ASI Advisors LLC. <u>Id</u>. at Exhibit A (Engagement Letter). In addition to his pre-petition position on the Debtor's Board of Managers, Donald Stukes is also a manager and member of Stukes Atwood LLC, an entity that apparently held or holds a membership interest in the Debtor. <u>Id</u>. at ¶19.

Upon information and belief, Jeffry Conry is a principal of King Williams Holdings LLC and/or King Williams Aviation LLC who acted as a consultant to the Debtor within the year prior to the Petition Date. Also upon information and belief, King Williams Aviation LLC guaranteed certain of the Debtor's obligations to ChemOil (discussed below). Upon information and belief, Avondale Aviation I LLC, Avondale Ventures LLC, King Williams Holdings LLC, and King Williams Aviation LLC are affiliates of each other.

The Trustee requires documents and information from New Management in order to investigate the Debtor's pre-petition activities and operations. The Trustee also requires documents and information evidencing D&O insurance held by any of Former Management or their parent/related entities.

H.  Former Employees (Mary Baldwin, Cale Benner, Wayne Greene, Tom Lowe, and Patricia Smalls):

These Former Employees worked for the Debtor both pre-petition and during the Debtor's Chapter 11 case. Mary Baldwin was the Controller, Cale Benner held a position in IP, Wayne Greene was an independent consultant acting at some point as CFO, Tom Lowe was the Human Resources Director, and Patricia Smalls was the Director of Station Operations. As Controller and acting CFO, Ms. Baldwin and Mr. Greene have knowledge about the Debtor's financial affairs and the maintenance of the Debtor's financial books and records.[3] To date, the Former Employees have willingly provided information and/or assistance to the Trustee as requested. The Trustee may require additional information from

---

[3] Upon information and belief, Mr. Greene used a personal laptop to perform duties for the Debtor. Therefore, Mr. Greene may possess records of the Debtor to which the Trustee may not otherwise have access.

the Former Employees in order to investigate the Debtor's pre-petition activities and operations.

I. <u>Professional Services Firms</u> (Boyd Law Firm, Bush/Ross, Garofalo Goerlich Hainbach PC, the Law Offices of Susan B. Jollie, MLB Management Services, and Ober/Kaler):

Upon information and belief, the Debtor engaged multiple attorneys and professional service firms pre-petition to assist with, among other things, the September 2011 sale, preparation of tax returns, inquiries by taxing authorities and the Department of Transportation, and general corporate and litigation matters. To the extent that the Debtor's own records are incomplete, the Trustee may require documents and information from the Professional Service Firms in order to supplement the Debtor's records. In addition, the Trustee may question any Professional Service Firms that assisted with the Debtor's tax returns regarding the pre-petition financial affairs of the Debtor.

J. <u>Certain Creditors of the Debtor</u> (ChemOil Corporation, Sky King Airlines, and Xtra Air):

Upon information and belief, the Debtor made significant pre-petition transfers to creditors, including but not limited to those referenced above, within the 90 days prior to the Petition Date. The Trustee requires information and documents from these creditors related to their pre-petition relationship with the Debtor in order to investigate preferential transfers. The Trustee has already requested from ChemOil Corporation invoices, communications, and other documents and information regarding the parties' pre-petition relationship.

9. As set forth above, the Parties all have some knowledge about the Debtor's accounts, operations, and/or financial condition. The Trustee has begun to request information

and documents from certain of the Parties, with limited success. Due to the pre-petition transitions in the Debtor's management, the difficulty thus far in obtaining complete and substantive Schedules, the continuance of the § 341(a) Meeting, and the magnitude of the allegations of fraud and mismanagement regarding the Debtor's pre-petition operations, the Trustee anticipates that he will require additional assistance from the Parties in order to complete his investigations.

10. Based on the foregoing, the Trustee requests that this Court authorize the Trustee to conduct Rule 2004 Examinations of each of the Parties.

11. This Motion is without limitation to the Trustee's right to file subsequent motions seeking authority to conduct Rule 2004 examinations.

### III.    REQUEST FOR EXPEDITED DETERMINATION.

12. The Trustee requests that this Court determine this Motion on an expedited basis so that he can obtain information about the Debtor's assets, secure assets and records, and deepen his investigations as expeditiously as possible, so that the case may be moved forward.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

    a. Granting this Motion on an expedited basis;

    b. Authorizing the Trustee to examine the Parties pursuant to Rule 2004; and

    c.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina M. Barbieri
---
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated:  May 14, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER AUTHORIZING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT RULE 2004 EXAMINATIONS

Upon the Motion for Authority to Conduct Rule 2004 Examinations (the "Motion") dated May 14, 2012, and filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, the Court finding that the Motion is in the best interest of the estate; sufficient notice of the Motion having been given; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED that:

1.  The Motion is ALLOWED; and

2.  The Trustee is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct examinations of all parties listed on Exhibit A to the Motion, including without limitation the parties described more generally in the Motion.

Dated: May __, 2012

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A4220522.DOC}

# EXHIBIT A

## Chapter 7 Trustee's Motion for Authority to Conduct Rule 2004 Examinations.

| Party | Address/Contact Information |
|---|---|
| Person Most Knowledgeable at American Express Travel Related Services Company, Inc. | c/o counsel:<br>Kevin C. McGee, Esq.<br>Seder & Chandler, LLP<br>339 Main Street<br>Worcester, MA 01608 |
| ASI Advisors, LLC (Donald Stukes, principal) | ATTN: Donald Stukes<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601 |
| Person Most Knowledgeable at Avondale Aviation I, LLC | 1629 K. Street NW – Suite 300<br>Washington, DC 20011 |
| Person Most Knowledgeable at Avondale Ventures, LLC | 1629 K. Street NW – Suite 300<br>Washington, DC 20011 |
| Mary Baldwin | 1507 Dewitt Street<br>Conway, SC 29527 |
| Cale Benner | 6011 Quinn Road<br>Myrtle Beach, SC 29579 |
| BJC Investments LLC* (Bruce Carusi, principal) | ATTN: Bruce Carusi<br>PO Box 203<br>Mill Neck, NY 11765 |
| Boyd Goldfinch Law Firm – Reese Boyd III, Esq. | PO Box 15358<br>Myrtle Beach, SC 29587 |
| Clay Brittain* | 1314 Professional Drive<br>Myrtle Beach, SC 29572 |
| Person Most Knowledgeable on behalf of the Estate of David Brittain | 5700 Canterbury Lane<br>Myrtle Beach, SC 29577 |
| Matthew Brittain* | 5633 Woodside Drive<br>Myrtle Beach, SC 29577 |
| Person Most Knowledgeable at Bush/Ross | 1801 North Highland Avenue<br>Tampa, Florida 33602 |
| Jeffry Conry | c/o King Williams Aviation, LLC<br>c/o Corporation Service Center<br>1703 Laurel Street<br>Columbia, SC 29201<br><br>and<br><br>c/o King Williams Holdings, LLC<br>c/o Avondale Ventures, LLC<br>1629 K Street, NW, Suite 300<br>Washington, DC 20006 |

---

* Contact information believed to be current as of December 27, 2007.

1

{Practice Areas\CORP\15008\14190\A1995863.DOC}

| Party | Address/Contact Information |
|---|---|
| ChemOil Corporation | c/o counsel:<br>David B. Haber, Esq.<br>David B. Haber, P.A.<br>201 S. Biscayne Blvd., Suite 1205<br>Miami, FL 33131 |
| Person Most Knowledgeable at Crescent Bank | 991 38th Avenue North<br>Myrtle Beach, SC 29577-2832 |
| The Owner or Partner Most Knowledgeable about the property located at 1334 Ritter Avenue, Glenn Daniels, WV | P.O. Box 68<br>Prosperity, WV 25909<br><br>and<br><br>1334 Ritter Avenue<br>Glen Daniels, WV 25832 |
| Anne Dearing | |
| Kay Ellison | c/o counsel:<br>David C. Fixler<br>Stephen G. DeLisle<br>Rubin and Rudman LLP<br>50 Rowes Wharf<br>Boston, MA 02110 |
| Stanley "Marshall" Ellison | c/o counsel:<br>David C. Fixler<br>Stephen G. DeLisle<br>Rubin and Rudman LLP<br>50 Rowes Wharf<br>Boston, MA 02110 |
| Person Most Knowledgeable at Garofalo Goerlich Hainbach PC | 1200 New Hampshire Ave. NW<br>Washington, DC 20036-6802 |
| Robert Giordano | 10 Goldsmith Dr.<br>Holmdel, NJ 07733 |
| Wayne Greene | wngreene@gmail.com |
| Reginald Greiner | |
| Person Most Knowledgeable at Horry County State Bank | 1701 North Oak Street<br>Myrtle Beach, SC 29577 |
| Person Most Knowledgeable at JetPay Merchant Services, LLC | c/o counsel:<br>David J. Reier, Esq.<br>Posternak, Blankstein & Lund, LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 |

{Practice Areas\CORP\15008\14190\A1995863.DOC}

| | |
|---|---|
| Robert Keilman | c/o counsel:<br>F. Thomas Rafferty, Esq.<br>Ober, Kaler, Grimes & Shriver<br>100 Light Street, 19th Floor<br>Baltimore, MD 21202-1036 |
| Person Most Knowledgeable at King Williams Aviation, LLC | c/o Corporation Service Center<br>1703 Laurel Street<br>Columbia, SC 29201 |
| Person Most Knowledgeable at King Williams Holdings, LLC | c/o Avondale Ventures, LLC<br>1629 K Street, NW, Suite 300<br>Washington, DC 20006 |
| Law Offices of Susan B. Jollie – Susan B. Jollie, Esq. | 7503 Walton Lane<br>Annandale, VA 22003-2558 |
| Thomas Lowe | 1032 Great Lakes Circle<br>Myrtle Beach, SC 29588 |
| Thomas Mastro* | 24 Wright Ave.<br>Malverne, NY 11565 |
| George McConnaughey | |
| Person Most Knowledgeable at MLB Management Services | P.O. Box 938<br>Conway, SC 29528 |
| Ober, Kaler, Grimes & Shriver – Stuart Schabes, Esq. | 100 Light Street, 19th Floor<br>Baltimore, MD 21202-1036 |
| Person Most Knowledgeable at Platte River Insurance Co. | c/o counsel:<br>Bradford R. Carver<br>Hinshaw & Culbertson, LLP<br>28 State Street, 24th Floor<br>Boston, MA 02109-1775 |
| Patricia Small | 353 Deerfield Links Drive<br>Surfside Beach, SC 29575 |
| Stukes Atwood, LLC (Donald Stukes, principal) | c/o Donald Stukes<br>ASI Advisors, LLC<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601 |
| Donald Stukes | c/o ASI Advisors, LLC<br>445 Hamilton Avenue, Suite 1102<br>White Plains, NY 10601 |
| Hank L. Torbert | 525 Decatur St. NW<br>Washington, DC 20011 |
| James Tull | 1414 Highland Circle<br>Myrtle Beach, SC 29578 |

{Practice Areas\CORP\15008\14190\A1995863.DOC}

| Judy Tull | c/o counsel:<br>David C. Fixler<br>Stephen G. DeLisle<br>Rubin and Rudman LLP<br>50 Rowes Wharf<br>Boston, MA 02110 |
|---|---|
| Person Most Knowledgeable at Valley National Bank | c/o counsel:<br>Jeffrey Sternklar<br>Duane Morris LLP<br>100 High Street, Suite 2400<br>Boston, MA 02110-1724<br><br>and<br><br>Gregory R. Haworth, Esq.<br>Duane Morris LLP<br>One Riverfront Plaza<br>1037 Raymond Blvd., Suite 1800<br>Newark, NJ 07102-5429 |
| Person Most Knowledgeable at Wachovia/Wells Fargo | c/o counsel:<br>John Vian, Esq.<br>Brian Hall, Esq.<br>Smith, Gambrell & Russell, LLP<br>Promenade Two, Suite 3100<br>1230 Peachtree Street N.E.<br>Atlanta, GA 30309 |
| Robert Wardlow | 89 Clyde Avenue<br>Hopelawn, NJ 08861 |
| Person Most Knowledge at Romans 828, LLC* | PO Box 249<br>Myrtle Beach, SC 29572 |
| Edward Warneck | 8349 Juxa Drive<br>Myrtle Beach, SC 29579 |
| Larry Young* | 1500 Legends Drive<br>Myrtle Beach, SC 29578 |
| Person Most Knowledgeable at XTRA Airways | 800 West Idaho Street<br>Suite 304<br>Boise, ID 83702 |

4

{Practice Areas\CORP\15008\14190\A1995863.DOC}