UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC,**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC, d/b/a Direct Air (the "Debtor"), and, pursuant to 11 U.S.C. § 327(e), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Robert M. Dees, Esq. and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. as special counsel on a contingency basis ("Special Counsel") to the Trustee. In support hereof, the Trustee states as follows:

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this case. See attached **Exhibit A**.

4. The Trustee seeks to employ Special Counsel on a contingency basis in accordance with Bankruptcy Code 2014 and MLBR 2014-1 (the "Special Counsel Retention Application").

5. The Trustee seeks to employ Special Counsel in order to continue prosecution of an appeal pending in the District Court of Appeal, Fourth District, State of Florida (Case No. 4D11-2018) (the "Appeal Action") filed prior to the Petition Date by the Debtor as Appellant/Garnishee v. Arrow Energy, Inc., Appellee/Judgment Creditor/Plaintiff ("Arrow"). Additionally, if and when the Appeal Action is successful, the Trustee proposes to utilize Special Counsel to continue litigation in the trial court to determine that Arrow's garnishment of monies purportedly due to Aviation Fuel International, Inc. ("AFI") from the Debtor was improper, since the Debtor, in fact, owed nothing to AFI. Once the Trustee (with Special Counsel's assistance) obtains that determination, the Trustee proposes to further utilize Special Counsel to avoid and recover substantial sums paid to or reserved for Arrow in conjunction with Arrow's garnishment action, on fraudulent transfer and possibly other grounds (collectively with the Appeal Action, the "Claims").

6. The Trustee selected Robert M. Dees and his firm to act as Special Counsel on the Trustee's behalf because Special Counsel has performed substantial work on the matter and the Appeal Action on behalf of the Debtor prior to the Petition Date and is very familiar with the Claims. The Trustee believes that Special Counsel is well qualified to represent him in this case.

7. It is the carefully considered view of the Trustee that representation of the Trustee by Special Counsel is necessary and advisable. Upon information and belief, Special Counsel is fully qualified to render the services described above in this case.

8. Special Counsel has indicated a willingness to serve as Special Counsel to the Trustee herein and to receive compensation for professional services rendered on a contingency fee basis, at the rate of 20% of any recovery before an order is issued in the Appeal Action; 30% if resolved after an order is issued in the Appeal Action, but prior to determination at the trial court level as to whether, in fact, the Debtor owed AFI anything and, if so, how much and to what extent, if any, Arrow's garnishment was appropriate; and 40% if resolved (via settlement or litigation) after determination by the trial court as to what AFI owed the Debtor and the appropriateness of Arrow's garnishment; plus 100% of reasonable expenses, in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code. A copy of the contingency fee agreement is attached as **Exhibit B**.

9. To the best of the Trustee's knowledge, information and belief, Special Counsel has no connection with the Debtor, the creditors or any other party in interest and represents no other entity having an adverse interest to the Debtor or the Trustee in connection with this case other than as set forth in the Affidavit of Robert M. Dees filed herewith.

10. All compensation of fees and disbursement of expenses shall be subject to the filing of an application for compensation in accordance with MLBR 2016-1 and a court order allowing same and shall be paid only from amounts recovered in connection with the Claims and not from other funds, if any, in the Debtor's bankruptcy estate.

11. Based upon the foregoing, the Trustee submits that the retention of Special Counsel would be in the best interests of the Estate and creditors herein.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

(a) Authorizing the Trustee to employ Special Counsel on the terms and conditions set forth above; and

  (b)  Granting such other and further relief as is just.

                    Respectfully submitted,

                    JOSEPH H. BALDIGA,
                    CHAPTER 7 TRUSTEE

                    By his counsel,

                    /s/ Joseph H. Baldiga
                    Joseph H. Baldiga, BBO #549963
                    Gina M. Barbieri, BBO #670596
                    Mirick, O'Connell, DeMallie & Lougee, LLP
                    1800 West Park Drive, Suite 400
                    Westborough, MA  01581
                    Phone: 508.898.1501
                    Fax:    508.898.1502
Dated: May 25, 2012          Email:  bankrupt@mirickoconnell.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC,<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL

Upon the application dated May 25, 2012 (the "Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for authority to employ Robert M. Dees, Esq. and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. ("Special Counsel"), and upon the affidavit of Robert M. Dees, Esq. attached to said Application; and it appearing that Special Counsel is qualified to serve as special counsel to the Trustee, and it appearing that Special Counsel neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7 case and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that Special Counsel's employment is in the best interests of the estate, no objections having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized to employ Robert M. Dees and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. to serve as Special Counsel in the above-

{Practice Areas\CORP\15008\14190\A2001485.DOC}

captioned Chapter 7 proceeding and to perform all of the services described in the Application.

All compensation and expenses are subject to Court approval.

Dated: _____     _____
                                                                      Honorable Melvin S. Hoffman
                                                                      United States Bankruptcy Judge