**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)**

_____
                                                          )
In re:                                                    )
                                                          )    Chapter 11
SOUTHERN SKY AIR & TOURS, LLC,     )    Case No. 12-40944-MSH
d/b/a DIRECT AIR,                                )
                    Debtor                            )
_____)

**EXPEDITED SECOND JOINT MOTION OF JETPAY MERCHANT SERVICES, LLC
AND TRUSTEE TO CONTINUE PRELIMINARY HEARING ON
MOTION FOR RELIEF FROM STAY
FOR AN ADDITIONAL PERIOD OF FORTY-FIVE (45) DAYS
(ASSENTED TO BY AMERICAN EXPRESS
TRAVEL RELATED SERVICES COMPANY, INC.)
<u>EXPEDITED RELIEF REQUESTED</u>**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Pursuant to MLBR 9013-1(g), JetPay Merchant Services, LLC ("<u>JetPay</u>"), by its attorneys, and Joseph H. Baldiga, interim trustee ("<u>Trustee</u>"), hereby jointly move for a second time on an expedited basis to continue for an additional period of forty-five (45) days the preliminary hearing now scheduled for July 18, 2012 on the Emergency Motion of JetPay for Relief from Stay filed on March 21, 2012 [Docket No. 9] ("<u>Motion for Relief</u>"). American Express Travel Related Services Company, Inc. ("<u>Amex</u>"), which had filed a limited opposition to the Motion for Relief, assents to this request. Merrick Bank has advised JetPay that it too supports this request. JetPay, the Trustee and Amex are sometimes referred to herein collectively as "<u>the Parties</u>".

As also set forth below, nothing contained in this Joint Motion shall be deemed to preclude JetPay, the Trustee and/or other interested parties from conducting any discovery in connection with the Motion for Relief, which is a contested proceeding, pursuant to Fed. R. Bankr. P. 9014(c).

1365849v3/18355-2

The grounds for this request are set forth below.

1.    On March 21, 2012, JetPay filed the Motion for Relief.  JetPay sought relief from the automatic stay (to the extent the stay applied) to enable JetPay to continue processing reimbursements out of a certain account established and maintained at Valley National Bank ("VNB").

2.    As set forth more fully in the Motion for Relief, pursuant to a certain written Depository Account Agreement between VNB and the within the debtor ("Debtor") and certain applicable regulations promulgated by the United States Department of Transportation ("DOT"), the Debtor maintained an account at VNB for, among other purposes, the benefit of so-called "Charter Participants" whose charter flights are cancelled ("Depository Account").  JetPay and Amex appear to have been the sole parties responsible for processing and funding all credit card (including so-called "debit card") purchases.  On information and belief, the credit card purchases comprise all or virtually all funds deposited in the Depository Account.  With the Debtor out of business and all flights cancelled, JetPay sought to resume the prepetition practice of drawing against the Depository Account to reimburse itself for chargebacks.  JetPay, Amex and DOT have contended that the Depository Account is a type of "escrow account" and that the funds in the Depository Account are not property of the within bankruptcy estate.  Some parties have suggested that the Depository Account is not an escrow account, and have raised a question as to whether the funds are property of the estate.  The Debtor has contended that further investigation and analysis may be required to determine whether the funds are property of the estate.  As of this date, the Trustee has not taken a position on this issue.

3. Following the filing of the Motion for Relief, JetPay and other interested parties learned that there was only approximately $1 million in the Depository Account as of the Petition Date, with an unexplained, substantial shortfall.

4. A preliminary non-evidentiary hearing was held on March 23, 2012 ("Hearing"). At the Hearing and in its limited opposition, VNB stated that, in view of the shortfall and other issues, even if the Court granted the Motion for Relief, it would not resume its prior five-year course of conduct to reimburse JetPay for chargebacks out of the Depository Account, and would likely only disburse funds from the Depository Account pursuant to a court order or an agreement with DOT.[1]

5. The Court continued the Hearing to April 11, 2012 and encouraged the various parties to explore the possibility of an agreement regarding the disposition of the funds in the Depository Account.

6. At the April 11, 2012 hearing, the Court granted JetPay's motion for a further continuance to May 22, 2012 [Docket No. 81]. On the same day, the case was converted to chapter 7 and thereafter, the Trustee was appointed.

7. Since the Trustee's appointment, the Trustee, Jetpay and Amex have engaged in discussions regarding a settlement of the matters raised in the Motion for Relief, which would, among other things, settle potentially competing claims to the Depository Account and related recoveries. In the meantime, the Parties have continued to gather and analyze certain information regarding, among other things, the chargeback requests of customers.

8. By order dated May 11, 2012 [Docket No. 119], this Court granted the request filed jointly by JetPay and the Trustee (assented to by Amex) to continue the preliminary hearing

---

[1] VNB has suggested that the Depository Account might not be an escrow account and further contends it has a security interest in the Depository Account to secure its right to fund its legal expenses incurred in connection with the Depository Account.

1365849v3/18355-2                                    3

on the Motion for Relief to the currently scheduled date of July 18, 2012 at 2:00 p.m. The stated purpose of the extension request was to enable the Parties to explore the possibility of a settlement over the Depository Account and possibly related issues.

9. The Parties have since continued discussions and exchanged various draft Term Sheets, but have not yet concluded a settlement. During the past several days, the Parties have made substantial progress. The Parties are optimistic that a final, signed settlement agreement (subject of course to this Court's approval) may well be attained within the next couple of weeks. The effect of the settlement will be to moot the Motion for Relief – at least as it pertains to disposition of the funds presently in the Depository Account.

10. The Parties agree that additional time is needed to conclude a settlement or determine that a settlement cannot be concluded. To conserve judicial resources and to avoid unnecessary and distracting legal posturing, the Parties agree that it would be appropriate to continue the Hearing a further 45 days.

11. The Parties also hereby acknowledge and agree that the Motion for Relief is a contested proceeding and that the adversary discovery rules are applicable pursuant to Fed. R. Bankr. P. 9014(c), and that this agreement to continue the Hearing shall not be construed in such a way as to preclude any Party from conducting discovery pursuant to such rule.

12. In view of the upcoming Hearing presently scheduled for July 18, 2012, JetPay and the Trustee request expedited consideration of this Motion.

WHEREFORE, JetPay and the Trustee respectfully request that this Court enter an order on an expedited basis further continuing the nonevidentiary hearing on the Motion for Relief for an additional period of 45 days and grant such other and further relief as is just and proper.

| JETPAY MERCHANT SERVICES, LLC | JOSPEH H. BALDIGA, INTERIM TRUSTEE |
|---|---|
| By its attorneys, | By his attorneys, |
| /s/ David J. Reier<br>David J. Reier (BBO No. 546202)<br>POSTERNAK BLANKSTEIN & LUND LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-8004<br>Telephone:  617-973-6100<br>Telecopier:  617-367-2315<br>E-mail:  dreier@pbl.com | /s/ Joseph H. Baldiga (By permission)<br>Joseph H. Baldiga (BBO No. 549963)<br>Gina M. Barbieri (BBO No. 670596)<br>MIRICK, O'CONNELL, DEMALLIE & LOUGEE<br>1800 West Park Drive, Suite 400<br>Westborough, MA  01581-3926<br>Telephone:  508-898-1501<br>Telecopier:  508-898-1502<br>E-mail:  jbaldiga@mirickoconnell.com<br>           gbarbieri@mirickoconnell.com |

ASSENTED TO:

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

By its attorneys,

/s/ Kevin C. McGee    (By permission)
J. Robert Seder  (BBO No. 450260)
Kevin C. McGee (BBO No. 548923)
SEDER & CHANDLER, LLP
339 Main Street
Worcester, MA  01608
Tel. (508) 757-7721
kmcgee@sederlaw.com
jrseder@sederlaw.com

Dated: July 11, 2012

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing document  was filed this 11th day of July, 2012 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ David J. Reier

1365849v3/18355-2

5