# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>         Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## DEPARTMENT OF TRANSPORTATION'S CHAPTER 11 ADMINISTRATIVE CLAIM

1. Southern Sky Air & Tours, LLC d/b/a Direct Air ("Direct Air" or "Debtor"), a public charter operator, canceled all of its charter programs on or about March 13, 2012. On March 15, 2012, Direct Air filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. After the petition date, the Debtor continued to operate as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code. On April 11, 2012, the chapter 11 case was converted to a chapter 7 case, and the United States Trustee appointed Joseph H. Baldiga to serve as the chapter 7 Trustee.

2. On May 22, 2012, the Court entered the Order and Notice Regarding Bar Date for Filing Chapter 11 Administrative Expense Claims (hereinafter "Administrative Bar Date Order") [Docket No. 142]. Pursuant to the Administrative Bar Date Order, any party with claims that accrued during the chapter 11 period and prior to conversion shall file such claims by July 31, 2012.

3. As a public charter operator, the Debtor operated in a highly regulated industry and was required to comply with numerous regulations set forth in 14 C.F.R. Part 380. In the

chapter 11 period and prior to conversion to the chapter 7 case (i.e. from March 15, 2012 to April 11, 2012), the Debtor incurred potential civil penalties for various violations of Part 380.

4. Specifically, with respect to 144 flights that were scheduled to be performed between March 15, 2012, and March 24, 2012, the Debtor violated 14 C.F.R. § 380.12(a) when it canceled all of its charter programs on March 13, 2012. Section 380.12(a) states that, "[t]he charter operator may not cancel a charter for any reason (including insufficient participation), except for circumstances that make it physically impossible to perform the charter trip, less than 10 days before the scheduled date of departure of the outbound trip." Upon information and belief, no circumstances of physical impossibility existed during that ten-day period that would have prevented the Debtor from performing the scheduled flights.

5. In addition, with respect to 206 flights that were scheduled to be performed between March 25, 2012, and April 11, 2012, the Debtor violated 14 C.F.R. § 380.12(b), which states that "[i]f the charter operator cancels 10 or more days before the scheduled date of departure, the operator must so notify each participant in writing within 7 days after the cancellation but in any event not less than 10 days before the scheduled departure date of the outbound trip." Upon information and belief, the Debtor failed to provide the affected charter participants with the requisite notice within the specified time periods.

6. Under 49 U.S.C. § 46301 and 14 C.F.R. Part 383, the Department of Transportation ("DOT") may assess civil penalties for violations of consumer protection rules, including Part 380, of up to $27,500 per violation. A separate violation occurs for each day the violation continues or, if applicable, for each flight involving the violation. 49 U.S.C. § 46301(a)(2). In this case, there were at least 350 separate violations (see Attachment A). As a result, the potential civil penalty assessable for the post-petition violations discussed above is at

2

least $9,625,000. DOT has requested, but not yet received, flight information from Sky King, which performed the majority of the Debtor's service. Therefore, the potential post-petition civil penalty amount is subject to change.

7. Furthermore, the Debtor, as a public charter operator, was required to establish an escrow account to protect charter participant funds pursuant to 14 C.F.R. § 380.34. Upon information and belief, the Debtor's escrow account is underfunded, therefore violating Section 380.34. DOT is currently investigating whether there may have been continuing violations of Section 380.34 between the chapter 11 period and prior to the case's conversion to a chapter 7 case. The maximum civil penalty for such violations is $27,500 per day per violation. The total amount of such civil penalties is unknown at this time.

8. DOT files this administrative claim to comply with the Administrative Bar Date Order and to preserve its rights. This claim reflects the known liability of the Debtor to DOT at this time. DOT reserves the right to amend and supplement this claim to assert subsequently discovered liabilities.

9. DOT reserves the right to setoff against this claim any debts owed to the Debtor by DOT or by any other federal agency.

By: _____
Samuel Podberesky
Assistant General Counsel for
  Aviation Enforcement & Proceedings
Office of the General Counsel
Department of Transportation
1200 New Jersey Avenue, SE, Room W96-322
Washington, D.C. 20590
Tel: (202) 366-9342

Dated: July 30, 2012

**Attachment A**

*Charter Programs of Souther Sky Air & Tours d/b/a*
*Mrytle Beach Direct Air & Tours  (2011-12)*

*Flights to be performed between March 15, 2012 (Chap. 11 filing) and April 11, 2012 (Conversion to Chap. 7 case)*

|  |  | # of Flights | |
|---|---|---|---|
| PC # | Direct Air Carrier | Mar 15-Mar 24 | Mar 25-Apr 10 |
| 11-045 | Sky King** | Unknown | Unknown |
| 11-183 | TEM Enterprises d/b/a Xtra Air | 64 | 104 |
| 12-036 | World Atlantic Airways | 12 | 28 |
| 12-038 | Swift Airlines | 34 | 22 |
| 12-052 | Vision Airlines | 34 | 52 |
| Totals |  | 144 | 206 |

**DOT has requested updated information from SkyKing.