# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## TRUSTEE'S OBJECTION TO CLAIM NO. 1396-1
## OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and, pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and MLBR 3007-1, hereby objects to Claim No. 1396-1 filed by The Port Authority of New York and New Jersey (the "Claimant") as set forth below. In support hereof, the Trustee states as follows:

### I. FACTUAL BACKGROUND

1. On March 15, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the within case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On May 14, 2012, this Court established September 11, 2012 as the last date by which all entities, other than governmental units, were permitted to file proofs of claim (the "Bar

{Practice Areas\CORP\15008\14190\A2073685.DOC}

Date"). In addition, the Court established September 12, 2012 as the deadline for governmental units to file proofs of claim (the "Government Bar Date").

5. On May 22, 2012, this Court entered an Order setting July 31, 2012 as the last date by which all entities were permitted to file Chapter 11 administrative proofs of claim (the "Administrative Bar Date").

6. At this time, the Administrative Bar date has expired.

7. The Trustee has reviewed Claim No. 1396-1 filed by the Claimant and determined that Claim No. 1396-1 is objectionable as set forth herein. The claim number used in this objection corresponds with the claim number assigned in the claims register prepared to date by the Clerk's office in this proceeding (the "Claims Register").

## II.  OBJECTION

8. The Claimant asserted an administrative claim in the amount of $1,128.40, listed on the Claims Register as Claim No. 1396-1. Attached to Claim No. 1396-1 is a copy of an invoice from the Claimant to the Debtor for aircraft storage on June 14, 2012 in the amount of $70.00 and aircraft takeoff on June 21, 2012 in the amount of $1,058.40.

9. The Trustee objects to the allowance of Claim No. 1396-1 as a Chapter 11 administrative claim on the basis that the invoice attached to Claim No. 1396-1 indicates that all charges were incurred in June 2012, two months <u>after</u> the Conversion Date. The Trustee further objects on the basis that the Debtor was not operational after the Conversion Date. The Trustee has abandoned any and all of the Estate's interest in any and all tangible personal property of the Debtor's and has rejected, pursuant to Section 365 of the Bankruptcy Code, as of the Conversion Date, all leases or agreements to which the Debtor may have been a party to for the tenancy and/or use and occupancy of any real property. Therefore, the services provided by the Claimant

were of no benefit to the Estate. Based on the foregoing, the Trustee requests that Claim No. 1396-1 be (a) disallowed as an administrative claim and (b) allowed as an unsecured, non-priority claim in the amount of $1,128.40, to the extent that Claim No. 1396-1 is not duplicative of any timely-filed, unsecured, non-priority claim filed by the Claimant.

## **RESERVATION OF RIGHTS**

10.   The Trustee reserves the right to file additional claim objections as he determines necessary. In addition, the Trustee reserves the right to expand the basis of his objection to any claim identified herein.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

    A.   Disallowing Claim No. 1396-1 as a Chapter 11 administrative claim;

    B.   Allowing Claim No. 1396-1 as an unsecured, non-priority claim in the amount of $1,128.40, to the extent that Claim No. 1396-1 is not duplicative of any timely-filed, unsecured, non-priority claim filed by the Claimant; and

  C. Granting the Trustee such other and further relief as is just.

            Respectfully submitted,

            JOSEPH H. BALDIGA,
            CHAPTER 7 TRUSTEE

            By his counsel,

            /s/ Joseph H. Baldiga
            Joseph H. Baldiga, BBO #549963
            Mirick, O'Connell, DeMallie & Lougee, LLP
            1800 West Park Drive, Suite 400
            Westborough, MA  01581
            Phone: 508.898.1501
            Fax: 508.898.1502
Dated:  August 21, 2012      Email: bankrupt@mirickoconnell.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## NOTICE OF HEARING AND OBJECTION/RESPONSE DEADLINE

PLEASE TAKE NOTICE that a hearing on the **Trustee's Objection to Claim No. 1396-1 of The Port Authority of New York and New Jersey** (the "Claim Objection") has been scheduled for _____, 2012 at _____ a.m./p.m. before the Honorable Melvin S. Hoffman, United States Bankruptcy Judge, at the United States Bankruptcy Court located at Harold Donohue Federal Building, 595 Main Street, Courtroom 3, Worcester, MA 01608.

PLEASE TAKE FURTHER NOTICE that the deadline to file a response and/or objection with respect to the Claim Objection is _____, 2012 at _____ a.m./p.m.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: _____, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 1396-1 OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

Upon the Objection to Claim No. 1396-1 of The Port Authority of New York and New Jersey (the "Objection") dated August 21, 2012 filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above-referenced Debtor; notice having been sufficient, no objections having been filed, or any such objections having been overruled or withdrawn as appropriate, it is hereby ORDERED that the claim to which the Trustee objected shall be treated as follows:

Claim No. 1396-1, filed by The Port Authority of New York and New Jersey, is (a) disallowed as a Chapter 11 administrative claim and (b) allowed as an unsecured, non-priority claim in the amount of $1,128.40, to the extent that Claim No. 1396-1 is not duplicative of any timely-filed, unsecured, non-priority claim filed by The Port Authority of New York and New Jersey.

Dated:_____, 2012

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A2073685.DOC}