UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

**MOTION TO APPROVE STIPULATION AND RELEASE BETWEEN
JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE, AND
PLATTE RIVER INSURANCE COMPANY**
**(Re: Public Charter Operator's Surety Bond)**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court for an order approving a stipulation and release (the "Stipulation and Release") entered into by the Trustee and Platte River Insurance Company ("Platte River"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

## FACTUAL BACKGROUND

1.   On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.   On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.  On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.  This Court has established September 11, 2012 as the deadline for creditors asserting pre-petition claims to file such claims against the Estate (the "Chapter 7 Bar Date").

5.  Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States. The Debtor operated its business primarily from its headquarters in Myrtle Beach, South Carolina. The Debtor cancelled all of its charter programs on or about March 13, 2012.

6.  As a public charter operator, the Debtor's operations were governed by, among other things, regulations promulgated by the United States Department of Transportation (the "DOT"), 14 C.F.R. Part 380.

7.  Pursuant to 14 C.F.R. § 380.34, while operating, the Debtor was required to maintain a security agreement, such as a bond, to protect passenger monies deposited for airline travel in the event services were cancelled and incidental passenger expenses reasonably incurred as a result of such cancellations.

8.  In accordance with 14 C.F.R. § 380.34, on October 12, 2006, the Debtor posted a Public Charter Operator's Surety Bond, Bond No. 41060098 (the "Bond"), in the amount of $200,000.00 (the "Bond Amount") to ensure the Debtor's compliance with applicable DOT regulations. Platte River guaranteed the Bond as the surety and the Bond continues in full force and effect indefinitely, subject to cancellation by the Debtor or Platte River, with notice to the DOT. The Bond provides that Platte River's liability under the Bond is limited to the Bond Amount.

9. Since the Petition Date, many customers of the Debtor have asserted claims under the Bond for monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to those cancellations and the cessation of operations (the "Claims") and the Parties believe that the Claims exceed, or will exceed, the Bond Amount.

10. To assess and reconcile the full extent of the Claims covered by the Bond, it will be necessary to review each claim in order to eliminate duplicative and illegitimate claims, including claims resolved through credit card and debit card "charge backs." Pursuant to 14 C.F.R. § 380.34(d) and the Bond, claimants to the Bond are required to file any claim under the Bond within 60 days from the date of a claimant's cancelled return flight. Upon information and belief, prior to the Petition Date, the Debtor scheduled operating flights through approximately November 16, 2012. Accordingly, it is possible that Claims could be timely asserted against the Bond through January 15, 2013.

11. The Parties have engaged in negotiations and stipulate and agree as follows:

## SUMMARY OF AGREEMENT

12. The Stipulation and Release provides, among other things, the following:

   a. Platte River shall pay the Trustee the Bond Amount, i.e. $200,000.00, in exchange for a full release of Platte River of any and all liability under the Bond. Platte River shall pay the Bond Amount to the Trustee within ten (10) days of entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving the Stipulation and Agreement (the "Final Order'). Payment shall be made by check payable to "Joseph H. Baldiga, Chapter 7 Trustee" and forwarded to the Trustee at the address provided for in Paragraph 6 of the Stipulation and Release.

b.  Upon entry of the Final Order, Platte River agrees to turn over to the Trustee any and all Claims known to Platte River that have been asserted pursuant to the Bond. Platte River shall continue to provide the Trustee with such information relating to any and all Claims received by Platte River on an on-going basis through January 15, 2013. Platte River will also furnish to the Trustee such additional information as the Trustee may reasonably request in furtherance of the Stipulation and Release.

c.  Upon entry of the Final Order and the Trustee's receipt of the Bond Amount, the Trustee and the Estate shall be deemed to have released Platte River from any and all claims related to the Claims or Platte River's liability under the Bond, whether or not such claims have been asserted as of the date of the Final Order or by the January 15, 2013 deadline for filing Claims. This release shall not relieve Platte River of any of Platte River's obligations under the Stipulation and Release.

d.  Upon entry of the Final Order and the Trustee's receipt of the Bond Amount, in consideration for Platte River's turnover of the Bond Amount, the Trustee will assume any and all responsibility relating to the administration and reconciliation of any and all claims asserted against the Bond in conjunction with the Trustee's normal claim administration process in the Debtor's Chapter 7 bankruptcy case. The Trustee shall require potential Bond claimants to first exhaust all efforts to obtain a reimbursement from those claimant's credit card and debit card companies and, if unsuccessful, demonstrate evidence of the claimant's inability to recover payments from such credit card and debit card companies.

e.  The Bond amount shall be paid to the Estate and shall be general property of the Estate pursuant to Bankruptcy Code § 541; provided, however, that if allowed Bond Claims total at least $175,000.00, then $175,000.00 of the Bond Amount shall be payable only to

allowed Bond Claims (pro rata, as applicable), while the balance of the Bond Amount (i.e., $25,000.00) shall become general property of the Estate to be administered by the Trustee in the normal course of his administration of the Debtor's Estate. If allowed Bond Claims are less than $175,000.00, the Bond Amount comprising the difference between the total amount of allowed Bond Claims and $175,000.00 shall also become general property of the Debtor's Estate.

    f.  Notwithstanding that any claimant with a right to payment under the Bond has received notice of the bankruptcy filing, the Chapter 7 Bar Date and the process for claiming funds under the Bond, the Trustee shall not object to any and all claims made pursuant to the Bond as being untimely filed if they are filed by January 15, 2013. The Trustee's recognition of such claims filed on or before January 15, 2013 as timely-filed claims complies with applicable DOT regulations.

    g.  Upon Platte River's delivery of the Bond Amount to the Trustee and entry of the Final Order, except for the rights, duties, and obligations set forth in the Stipulation and Release, the Trustee, for himself, his agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, and each of them, does hereby absolutely, fully and forever release, relieve, waive, relinquish and discharge Platte River, and its respective agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity, whether known or unknown, arising out of, or relating to, the subject matter of the Claims and Platte River's liability under the Bond, such that Platte River's obligations under the Bond shall be deemed fully satisfied other than as set forth in the Stipulation and Release.

    h. Upon entry of the Final Order, except for the rights, duties, and obligations set forth in the Stipulation and Release, Platte River, for itself, its agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, and each of them, does hereby absolutely, fully and forever release, relieve, waive, relinquish and discharge the Trustee, the Debtor, the Estate and each of the Trustee's respective agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity, whether known or unknown, arising out of, or relating to, the subject matter of the Claims, the Bond, or otherwise. Further, Platte River shall pay and relinquish all rights to the Bond Amount whether or not the Claims asserted by claimants specifically under the Bond total more, or less, than the Bond Amount.

  13. The Stipulation and Release is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Stipulation and Release shall be of no force or effect.

### REASONABLENESS OF THIS SETTLEMENT

  14. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

15. The Trustee submits that the Stipulation and Release will produce an immediate and material benefit to both the Estate and creditors of the Estate. The Stipulation and Release allows the Trustee to avoid litigation concerning turnover of the Bond Amount, results in funds of at least $25,000 (and possibly more) for the general Estate, provides up to $175,000 for Bond claimants, and facilitates the Trustee's eventual reconciliation process with respect to all claims asserted against the Bond and the Estate.

16. Prior to filing of this Motion, the parties shared a draft of the Stipulation and Release with the DOT. The Parties have made the minimal revisions to the agreement requested by the DOT, and believe that the DOT has no objection to the as-filed version of the Stipulation and Release.

17. Based on the foregoing, the Trustee believes that the agreement set forth in the Stipulation and Release is fair and equitable. The Trustee further states that the Stipulation and Release will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    a. Approving the Stipulation and Release, as it is in the best interest of the Estate; and

b.  Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Kate P. Foley, BBO #682548
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com

Dated:  September 4, 2012

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## ORDER APPROVING STIPULATION AND RELEASE BETWEEN JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE, AND PLATTE RIVER INSURANCE COMPANY
### (Re: Public Charter Operator's Surety Bond)

Upon the Motion to Approve Stipulation and Release (the "Motion") between Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the above-captioned Debtor, and Platte River Insurance Company ("Platte River") dated September 4, 2012; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. The Motion is allowed;

2. The Court approves the Stipulation and Release (as defined in the Motion) between the Trustee and Platte River, including, but not limited to, the following provisions:

    A. Platte River shall pay to the Trustee, on behalf of the Debtor's bankruptcy estate (the "Estate"), the sum of $200,000.00 (the "Bond Amount"), in exchange for a full release of Platte River of any and all liability under the Bond (as defined in the Motion). Platte River shall pay the Bond Amount to the Trustee within ten (10) days of entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving the Stipulation and Release (the "Final Order"). Payment shall be made by check payable to "Joseph

{Practice Areas\CORP\15008\14190\A2077155.DOC}

H. Baldiga, Chapter 7 Trustee" and forwarded to the Trustee at the address provided for in Paragraph 6 of the Stipulation and Release;

      B.      Upon entry of the Final Order and the Trustee's receipt of the Bond Amount, the Trustee and the Estate shall be deemed to have released Platte River from any and all claims related to the Claims (as defined in the Motion) or Platte River's liability under the Bond (as defined in the Motion) whether or not such claims have been asserted as of the date of the Final Order or by the January 15, 2013 deadline for the filing of Claims. This release shall not relieve Platte River of any of Platte River's obligations under the Stipulation and Release;

      C.      Upon Platte River's delivery of the Bond Amount to the Trustee and entry of the Final Order, except for the rights, duties, and obligations set forth in the Stipulation and Release, the Trustee, for himself, his agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, and each of them, shall have absolutely, fully and forever released, relieved, waived, relinquished and discharged Platte River, and its respective agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity, whether known or unknown, arising out of, or relating to, the subject matter of the Claims and Platte River's liability under the Bond, such that Platte River's obligations under the Bond shall be deemed fully satisfied other than as set forth in the Stipulation and Release; and

      D.      Upon entry of the Final Order, except for the rights, duties, and obligations set forth in the Stipulation and Release, Platte River, for itself, its agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, and each of them, shall have absolutely, fully and forever released,

relieved, waived, relinquished and discharged the Trustee, the Debtor, the Estate and each of the Trustee's respective agents, servants, employees, representatives, assigns, successors, heirs, executors, trustees, joint venturers, partners and attorneys, of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity, whether known or unknown, arising out of, or relating to, the subject matter of the Claims, the Bond, or otherwise. Further, Platte River shall pay and relinquish all rights to the Bond Amount whether or not the Claims asserted by claimants specifically under the Bond total more, or less, than the Bond Amount.

3. Upon payment to the Trustee as provided in Paragraph 2 of this Order, Platte River's obligations under the Bond shall be fully and finally discharged, and Platte River shall have no further responsibility with respect to claims made under the Bond except as expressly provided in the Stipulation and Release.

Dated:_____, 2012                _____
                                            Honorable Melvin S. Hoffman
                                            United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A2077155.DOC}