UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO LIMIT NOTICE
(Re: Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee,
And Platte River Insurance Company Regarding Public Charter
Operator's Surety Bond)
(Re: Motion to Approve Stipulation and Release)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the (a) Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee, and Platte River Insurance Company Regarding Public Charter Operator's Surety Bond (the "Stipulation") and (b) Motion to Approve Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee, and Platte River Insurance Company (Re: Public Charter Operator's Surety Bond) (the "Motion to Approve"; together with the Stipulation, the "Stipulation and Motion") to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, Schedule F – Non-Consumer Creditors, and all parties listed on the Debtor's Amended Schedule of Post-petition Creditors.

In support hereof, the Trustee submits the following:

1. On March 15, 2012, the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States. The Debtor operated its business primarily from its headquarters in Myrtle Beach, South Carolina. On March 13, 2012 (two days prior to the Petition Date), the Debtor stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed flights. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor.

5. On May 3, 2012, the Debtor filed, among other things, separate schedules for Schedule F creditors, categorized as consumer creditors ("Schedule F - Consumer Creditors") and non-consumer creditors ("Schedule F – Non-Consumer Creditors"). The number of Schedule F – Consumer Creditors totals approximately 93,000 and, upon information and belief, are all consumer creditors who purchased airline tickets for flights that never occurred (i.e., Charter Participants).

6. On the date hereof, the Trustee filed the Stipulation and Motion. In the Motion, the Trustee seeks approval of the Stipulation regarding recovery and allocation of funds in connection with a Public Charter Operator's Surety Bond (the "Bond") posted by the Debtor and

the review and reconciliation of claims asserted under the Bond by customers of the Debtor for monies lost in connection with the Debtor's cancelled flights and ceased operations and expenses incurred due to those cancellations and the cessation of operations (the "Claims").

7. Upon information and belief, the vast majority of Charter Participants have already sought "chargebacks" for flights purchased on their credit cards or debit cards that never occurred and have been reimbursed via banks that issued their credit cards or debit cards. Additionally, upon information and belief, a small portion of Charter Participants who purchased flights by credit card or debit card remain unreimbursed. Upon further information and belief, only a small fraction of Charter Participants paid for flights in a manner other than by credit card or debit card (i.e., by check or cash). While the Trustee acknowledges that some small portion of Charter Participants likely retain claims against the Estate, the Trustee submits that there is no efficient or cost-effective manner to identify such unreimbursed Charter Participants from the approximately 93,000 Schedule F – Consumer Creditors. While the Trustee may be able to identify unreimbursed Charter Participants after performing a comprehensive claims analysis, at this time, the Trustee is in no position to conduct such analysis until after the Stipulation and Motion are approved and funds are recovered for the benefit of the Claims.

8. Based on the foregoing, the Trustee believes that service of the Stipulation and Motion on the Schedule F – Consumer Creditors is unnecessary and would impose an undue burden on the Estate both financially and administratively.

9. Accordingly, the Trustee requests that he be authorized to limit notice of the Stipulation and Motion to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, Schedule F –

Non-Consumer Creditors, and all parties listed on the Debtor's Amended Schedule of Postpetition Creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Allowing the Trustee's motion to limit notice; and

b. Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: September 4, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER AUTHORIZING MOTION TO LIMIT NOTICE
(Re: Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee,
And Platte River Insurance Company Regarding Public Charter
Operator's Surety Bond)
(Re: Motion to Approve Stipulation and Release)

Upon the motion dated September 4, 2012 (the "Motion") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the (a) Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee, and Platte River Insurance Company Regarding Public Charter Operator's Surety Bond (the "Stipulation") and (b) Motion to Approve Stipulation and Release Between Joseph H. Baldiga, Chapter 7 Trustee, and Platte River Insurance Company (Re: Public Charter Operator's Surety Bond) (the "Motion to Approve"; together with the Stipulation, the "Stipulation and Motion"), and the Court finding that the notice given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

    a.    The Motion is ALLOWED; and

    b.    The Trustee may limit notice of the Stipulation and Motion to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, Schedule

F – Non-Consumer Creditors, and all parties listed on the Debtor's Amended Schedule of Postpetition Creditors.

Dated: _____, 2012          _____
                                                                            Honorable Melvin S. Hoffman
                                                                            United States Bankruptcy Judge