UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

SOUTHERN SKY AIR & TOURS, LLC,
d/b/a DIRECT AIR,

Debtor.

Chapter 7
Case No. 12-40944-MSH

**SECOND SUPPLEMENTAL ATTORNEY'S AFFIDAVIT PURSUANT TO
11 U.S.C. § 327(a), BANKRUPTCY RULE 2014(a) AND MLBR 2014-1**

COMMONWEALTH OF MASSACHUSETTS)
                              ) ss.:
COUNTY OF WORCESTER           )

I, Joseph H. Baldiga, being duly sworn, depose and state as follows:

1. I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 100 Front Street, Worcester, Massachusetts 01608-1477. I have been duly admitted and am a member in good standing before the Bars of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2. On March 15, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code").

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed me Chapter 7 trustee of this case and I continue to serve as such.

5. On April 23, 2012, I sought authority to retain MODL as my counsel by filing an Application for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 Trustee (the "Application"), and I filed an affidavit pursuant to 11 U.S.C. § 327(a), Bankruptcy Rule 2014(a) and MLBR 2014-1 (the "Original Affidavit") in support of the Application. On May 25, 2012, the Bankruptcy Court approved the Application. In addition, on May 14, 2012, I filed a Supplemental Affidavit disclosing "connections" with other parties involved in this proceeding, pursuant to 11 U.S.C. § 327(a) Bankruptcy Rule 2014(a) and MLBR 2014-1 (the "Supplemental Affidavit").

6. Since filing the Supplemental Affidavit, in connection with my review of payments made by the Debtor within ninety (90) days immediately preceding the commencement of the case (the "Preference Payments"), certain additional information has come to my attention which I believe should be disclosed to the Bankruptcy Court and to parties-in-interest. More specifically, MLBR 2014-1(b)(1) appears to require disclosure, as "connections" and "relationships", representations by a professional of a creditor against the debtor, at any time. Although I believe, for the reasons set forth below, that this information does not interfere with the ability of MODL to serve as counsel to the Trustee in this case, I submit this Second Supplemental Affidavit for the purpose of providing full and continuing disclosure to the Bankruptcy Court and parties-in-interest.

7. In addition to the "connections" identified in paragraph 4 of the Original Affidavit and in paragraph 7 of the Supplemental Affidavit, the following "connections" are identified as follows:

(a) Federal Express is listed on the Debtor's Amended Statement of Financial Affairs as a creditor receiving Preference Payments from the Debtor. I previously disclosed in the Supplemental Affidavit that Federal Express is a

Schedule F creditor of the Debtor and that MODL has in the past represented Federal Express Corporation, but does not presently represent Federal Express Corporation and has not represented Federal Express Corporation in the Debtor's proceeding. On August 28, 2012, at my request, MODL forwarded a demand to Federal Express for recovery of the Preference Payments made to Federal Express by the Debtor. At this time, no conflict appears to exist.

(b) Wells Fargo is listed on the Debtor's bank statements as a creditor receiving Preference Payments from the Debtor. I previously disclosed in the Original Affidavit that Wells Fargo Equipment Finance, Inc. ("WFEF") is a secured creditor of the Debtor and that MODL has in the past represented WFEF, but does not presently represent WFEF and has not represented WFEF in the Debtor's proceeding. On August 28, 2012, at my request, MODL forwarded a demand to Wells Fargo for recovery of the Preference Payments made to Wells Fargo by the Debtor. At this time, no conflict appears to exist.

(c) TNCI is listed in the Debtor's bank statements as a creditor receiving Preference Payments from the Debtor. Upon information and belief, "TNCI" is also known as Trans National Communications, Inc. ("Trans National"), which is itself a debtor in bankruptcy in the District of Massachusetts (Case No 11-19595-WCH). MODL currently represents the Universal Service Administrative Company ("USAC") in Trans National's bankruptcy case, including to prosecute USAC's administrative claims in that case. The Debtor's bankruptcy estate may also have administrative claims in TNCI's bankruptcy case on account of the Preference Payments. On August 28, 2012, the Trustee sent a demand letter to Trans National seeking to avoid and recover the Preference Payments unless Trans National sets forth complete defenses to such allegations. In the event that further pursuit of Preference Payments is required, the Trustee will seek to engage special counsel to assist him in his recovery efforts. MODL will continue to represent USAC in Trans National's bankruptcy case and MODL will not assist with or otherwise participate in the Trustee's recovery efforts from Trans National. Based on the foregoing, no conflict appears to exist.

8. The additional "connections" identified above in the interest of full and continuing disclosure are not such as would raise a conflict with MODL's representation of the Trustee in this case. Accordingly, I continue to believe that MODL does not represent or hold, nor has it represented or held, any interest adverse to the estate of the Debtor and that I and each attorney at MODL are disinterested persons as that terms is defined in Bankruptcy Code § 101(14).

Signed under the pains and penalties of perjury this 5th day of September, 2012.

_____
Joseph H. Baldiga, BBO# 549963