**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Central Division)**

_____
                                              )
In re:                                          )
                                              )  Chapter 11
SOUTHERN SKY AIR & TOURS, LLC,    )  Case No. 12-40944-MSH
d/b/a DIRECT AIR,                           )
           Debtor                         )
_____)

**EXPEDITED THIRD JOINT MOTION OF JETPAY MERCHANT SERVICES, LLC**
**AND TRUSTEE TO CONTINUE PRELIMINARY HEARING ON**
**MOTION FOR RELIEF FROM STAY**
**FOR AN ADDITIONAL PERIOD OF AT LEAST FORTY-FIVE (45) DAYS**
**(ASSENTED TO BY AMERICAN EXPRESS**
**TRAVEL RELATED SERVICES COMPANY, INC.)**
<u>**EXPEDITED RELIEF REQUESTED**</u>

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Pursuant to MLBR 9013-1(g), JetPay Merchant Services, LLC ("<u>JetPay</u>"), by its attorneys, and Joseph H. Baldiga, interim trustee ("<u>Trustee</u>"), hereby jointly move for a third time on an expedited basis to continue for an additional period of at least forty-five (45) days the preliminary hearing now scheduled for September 13, 2012 on the Emergency Motion of JetPay for Relief from Stay filed on March 21, 2012 [Docket No. 9] ("<u>Motion for Relief</u>"). American Express Travel Related Services Company, Inc. ("<u>Amex</u>"), which had filed a limited opposition to the Motion for Relief, assents to this request. Merrick Bank has advised JetPay that it too supports this request. JetPay, the Trustee and Amex are sometimes referred to herein collectively as "<u>the Parties</u>".

The Parties are completing an agreement ("Agreement") they reached regarding the disposition of the funds in the Depository Account (as defined below) which is the subject of the Motion for Relief. The Department of Transportation has advised the Parties that it supports the Agreement subject to certain conditions which the Parties are in the process of satisfying. The

1365849v4/18355-2

Parties are hopeful of the Agreement being completed and the Trustee filing a motion to approve the Agreement within a matter of days in a manner that will be supported by DOT.  Valley National Bank is not a party to the Agreement and therefore, while the Agreement will moot JetPay's Motion for Relief, there may still be contested matters concerning claims to the Depository Account between the Parties, DOT and so-called Charter Participants, on the one hand, and Valley National Bank, on the other hand.  In all events, if and when the Agreement is approved by this Court, JetPay will withdraw its Motion for Relief without prejudice.

As also set forth below, nothing contained in this Joint Motion shall be deemed to preclude JetPay, the Trustee and/or other interested parties from conducting any discovery in connection with the Motion for Relief, which, until court approval of the Agreement, remains a contested proceeding, pursuant to Fed. R. Bankr. P. 9014(c).

The grounds for this request are set forth below.

1. On March 21, 2012, JetPay filed the Motion for Relief.  JetPay sought relief from the automatic stay (to the extent the stay applied) to enable JetPay to continue processing reimbursements out of a certain account established and maintained at Valley National Bank ("VNB").

2. As set forth more fully in the Motion for Relief, pursuant to a certain written Depository Account Agreement between VNB and the within the debtor ("Debtor") and certain applicable regulations promulgated by the United States Department of Transportation ("DOT"), the Debtor maintained an account at VNB for, among other purposes, the benefit of so-called "Charter Participants" whose charter flights are cancelled ("Depository Account").  JetPay and Amex appear to have been the sole parties responsible for processing and funding all credit card (including so-called "debit card") purchases.  On information and belief, the credit card

purchases comprise all or virtually all funds deposited in the Depository Account. With the Debtor out of business and all flights cancelled, JetPay sought to resume the prepetition practice of drawing against the Depository Account to reimburse itself for chargebacks. JetPay, Amex and DOT have contended that the Depository Account is a type of "escrow account" and that the funds in the Depository Account are not property of the within bankruptcy estate. Some parties have suggested that the Depository Account is not an escrow account, and have raised a question as to whether the funds are property of the estate. The Debtor has contended that further investigation and analysis may be required to determine whether the funds are property of the estate. As of this date, the Trustee has not taken a position on this issue.

3.  Following the filing of the Motion for Relief, JetPay and other interested parties learned that there was only approximately $1 million in the Depository Account as of the Petition Date, with an unexplained, substantial shortfall.

4.  A preliminary non-evidentiary hearing was held on March 23, 2012 ("Hearing"). At the Hearing and in its limited opposition, VNB stated that, in view of the shortfall and other issues, even if the Court granted the Motion for Relief, it would not resume its prior five-year course of conduct to reimburse JetPay for chargebacks out of the Depository Account, and would likely only disburse funds from the Depository Account pursuant to a court order or an agreement with DOT.[1]

5.  The Court continued the Hearing to April 11, 2012 and encouraged the various parties to explore the possibility of an agreement regarding the disposition of the funds in the Depository Account.

---

[1] VNB has suggested that the Depository Account might not be an escrow account and further contends it has a security interest in the Depository Account to secure its right to fund its legal expenses incurred in connection with the Depository Account. The Parties all dispute VNB's contention that it has a security interest in such funds.

6. At the April 11, 2012 hearing, the Court granted JetPay's motion for a further continuance to May 22, 2012 [Docket No. 81]. On the same day, the case was converted to chapter 7 and thereafter, the Trustee was appointed.

7. Since the Trustee's appointment , the Trustee, Jetpay and Amex have engaged in discussions regarding a settlement of the matters raised in the Motion for Relief, which would, among other things, settle potentially competing claims to the Depository Account and related recoveries. In the meantime, the Parties have continued to gather and analyze certain information regarding, among other things, the chargeback requests of customers.

8. By orders dated May 11, 2012 [Docket No. 119] and July 11, 2012 [Docket No. 173], this Court granted two prior requests filed jointly by JetPay and the Trustee (assented to by Amex) to continue the preliminary hearing on the Motion for Relief to the currently scheduled date of September 13, 2012 at 2:00 p.m. The stated purpose of the extension requests was to enable the Parties to explore the possibility of a settlement over the Depository Account and possibly related issues.

9. The Parties have since continued discussions. Recently, they reached a preliminary written agreement. Thereafter, the Parties sought to enlist the support of DOT. As a result of further discussions with representatives of DOT, the Parties are in the process of modifying the Agreement to address DOT's concerns. At this point, the Parties fully expect within a matter of days to complete a final, signed Agreement, including a motion to be filed by the Trustee seeking court approval. While VNB is not itself a party to the Agreement, the Parties believe that the Agreement resolves disposition of all funds in the Depository Account among all parties that could conceivably have any claim to such funds. As a consequence, approval by this

1365849v4/18355-2                                4

Court of the Agreement will moot the Motion for Relief, such that, if and when approved, the Motion for Relief will be withdrawn (without prejudice).[2]

10. In view of the foregoing, the Parties believe that the Hearing should be continued at least another 45 days to allow time for the Parties to conclude the final Agreement and seek court approval of the same.

11. The Parties also hereby acknowledge and agree that the Motion for Relief is a contested proceeding and that the adversary discovery rules are applicable pursuant to Fed. R. Bankr. P. 9014(c), and that this agreement to continue the Hearing shall not be construed in such a way as to preclude any Party from conducting discovery pursuant to such rule.

12. In view of the upcoming Hearing presently scheduled for September 13, 2012, JetPay and the Trustee request expedited consideration of this Motion.

WHEREFORE, JetPay and the Trustee respectfully request that this Court enter an order on an expedited basis further continuing the nonevidentiary hearing on the Motion for Relief for an additional period of at least 45 days and grant such other and further relief as is just and proper.

---

[2] Because VNB is not a party to the Agreement, even should the Agreement be approved, it is still possible that there will be a contested proceeding between the Parties and DOT, on the one hand, and VNB, on the other hand, regarding disposition of the funds.

1365849v4/18355-2                              5

JETPAY MERCHANT SERVICES, LLC

By its attorneys,

/s/ David J. Reier
David J. Reier (BBO No. 546202)
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Telephone:  617-973-6100
Telecopier:  617-367-2315
E-mail:  dreier@pbl.com

JOSPEH H. BALDIGA, INTERIM TRUSTEE

By his attorneys,

/s/ Joseph H. Baldiga (By permission)
Joseph H. Baldiga (BBO No. 549963)
Gina M. Barbieri (BBO No. 670596)
MIRICK, O'CONNELL, DEMALLIE & LOUGEE
1800 West Park Drive, Suite 400
Westborough, MA  01581-3926
Telephone:  508-898-1501
Telecopier:  508-898-1502
E-mail:  jbaldiga@mirickoconnell.com
            gbarbieri@mirickoconnell.com

ASSENTED TO:

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

By its attorneys,

/s/ Kevin C. McGee    (By permission)
J. Robert Seder  (BBO No. 450260)
Kevin C. McGee (BBO No. 548923)
SEDER & CHANDLER, LLP
339 Main Street
Worcester, MA  01608
Tel. (508) 757-7721
kmcgee@sederlaw.com
jrseder@sederlaw.com

Dated: September 6, 2012

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing document  was filed this 6th day of September, 2012 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ David J. Reier

1365849v4/18355-2

6