# EXHIBIT A

Case 12-40944 Doc 220-1 Filed 09/10/12 Entered 09/10/12 15:23:44 Desc Exhibit A - Fully Executed Term Sheet and Addendum to Term Sheet Page 2 of 11

Execution Copy

# TERM SHEET[1]

## Definitions

**Parties:** (i) Joseph Baldiga, as trustee for the estate of Debtor (as defined below) ("Trustee"); (ii) JetPay Merchant Services, LLC ("JetPay"); (iii) Merrick Bank Corporation, a Utah industrial bank headquartered in South Jordan, Utah ("Merrick"); and (iv) American Express Travel Related Services Company, Inc. ("Amex").

**Bankruptcy Case:** In re Southern Sky Air & Tours, LLC d/b/a Direct Air ("Debtor"), Chapter 7, Case No. 12-40944-MSH, United States Bankruptcy Court, District of Massachusetts ("Bankruptcy Court").

## Proposed Agreement

1. Objective. The Parties agree (the "Agreement") that they shall coordinate so as to recover for their mutual benefit (as more fully set forth below) those certain Accounts maintained at Valley National Bank for and on behalf of Debtor, including but not limited to the Money Market Account (Account No. 54174554) and the Escrow Account (Account No. 041-074734)(all such accounts, collectively, the "Escrow Account"), and the funds presently on deposit therein as of the Petition Date (the "Escrow Proceeds").[2]

2. Allocation of Escrow Proceeds. The Escrow Proceeds shall be allocated among the Parties and paid upon receipt as follows: (i) the first $100,000 of Escrow Proceeds shall be distributed to the Estate to compensate the Trustee and his professionals for allowed administrative expenses incurred in connection with the Investigation (defined below) (subject to fee applications); (ii) the next $75,000 of Escrow Proceeds shall be distributed to the Trustee on behalf of the Estate to pay claims (including without limitation any administrative claims) in accordance with the normal bankruptcy priorities; (iii) the next $75,000 of Escrow Proceeds shall be distributed to the Estate exclusively to partially or fully pay the so-called Charter Participants who did not receive a full refund or chargeback, or who otherwise were not fully reimbursed in connection with money paid by them into the Escrow Account, but only to the extent such Charter Participants have a valid claim against the Escrow Account; (iv) any unused balances of the $75,000 Escrow Proceeds referred to in the preceding sub-paragraph (iii) shall be distributed 90% to Merrick and 10% to Amex; (v) all remaining Escrow Proceeds shall be distributed 90% to Merrick and 10% to Amex. Nothing contained herein shall compromise or prejudice the rights of Merrick and Amex to participate in

---

[1] No Party is bound until signed by all Parties and approved by the Bankruptcy Court.
[2] The use of the word "escrow" shall not be deemed an admission by any Party hereto and is without prejudice to any Party's right to argue that the funds in the account either are or are not subject to an escrow and either are or are not property of the Estate.

1

distributions out of the Estate, pro rata with other general unsecured claimants (but only after exhausting funds received under this Agreement toward application of their respective claims).

3. Responsibilities of the Trustee. The Trustee shall have primary responsibility for conducting an investigation (the "Investigation") into the dissipation of funds from the Escrow Account, including, without limitation, hiring professionals, conducting examinations and pursuing other discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (collectively, "Rule 2004 Examinations") and gathering and analyzing data. Before the $100,000 sum referenced in subsection 2(i) herein is exhausted, the Trustee shall meet with representatives of the other Parties and make a full and complete report of the Trustee's findings and recommendations in connection with his Investigation. The Investigation shall be inclusive of the activities of the Trustee and his professionals both before and after the date of this Agreement in, for example, obtaining documents, communicating with current and former management and employees, and negotiating, and obtaining court approval of, the terms of this Agreement.

4. Professionals and Costs. Effective upon Court approval of this Agreement and of the Trustee's retention of Posternak Blankstein & Lund, LLP ("Posternak") as contemplated herein, the Trustee shall retain Posternak as special counsel to the Trustee for the sole purpose of obtaining the release of the Escrow Proceeds as set forth in Paragraph 1 above, to the extent that the Estate is a necessary or interested party to any negotiation or proceeding in connection with such purpose. It is understood and agreed that Posternak may rely on Satterlee Stephens Burke & Burke, LLP ("Satterlee"), as counsel to Merrick, to perform most of the legal work undertaken to that end. Posternak's and Satterlee's fees and disbursements incurred in connection with such representation and work shall not be an administrative claim against the Estate but will be paid by JetPay and Merrick, as the case may be, in accordance with counsels' fee agreements with such parties. Posternak shall not represent the Trustee in connection with any dispute with JetPay/Merrick, including any dispute relating to the implementation of this Agreement. In the event of any such dispute, JetPay and/or Merrick reserve the right to continue retaining Posternak as they deem necessary and appropriate to continue representing their interests in these proceedings, including in connection with any such dispute. Subject to the foregoing, the Estate shall be responsible for all compensation to all professionals retained by the Estate and other allowed administrative expenses (collectively, "Administrative Costs"); the Trustee shall not look to JetPay, Merrick or Amex for any contribution to such Administrative Costs. None of the Escrow Proceeds shall be used to satisfy any Administrative Costs (beyond the $100,000 and $75,000 of such Escrow Proceeds referenced in Sections 2(i) and 2(ii) above and, with respect to the $100,000 just referenced, only to the extent such Administrative Costs were directly incurred by the Trustee or professionals engaged by him in the Trustee's Investigation), except upon the prior written approval by Merrick, which approval may be withheld or

2

1433948_15

conditioned in Merrick's sole and absolute discretion. Nothing in this Agreement affects any requirements under law to have the payment of Administrative Costs approved by the Bankruptcy Court.

5. Participation by JetPay, Merrick and Amex. JetPay, Merrick and Amex shall have the right to participate in all aspects of the Trustee's Investigation and litigation in connection with this Agreement, including, without limitation, access to all data and other facts gathered in connection with the Investigation and participation in any Rule 2004 Examinations or similar discovery. Further, (i) without the express written consent of Merrick, which consent shall not be unreasonably withheld when considering the best interests of Merrick, the Trustee shall not settle any claim with any party in connection with the objective stated in Paragraph 1 above or in connection with the claims of any party to the Escrow Proceeds and (ii) without the express written consent of Merrick, which consent shall not be unreasonably withheld, the Trustee shall not hire any non-attorney professional to assist him in the Investigation (other than Verdolino & Lowey P.C.). Any dispute over withheld consent, both as to clauses (i) and (ii) of this paragraph 5, shall be submitted to the Bankruptcy Court.

6. Confidentiality and Attorney/client privilege. All information obtained in the course of the Investigation shall be treated as confidential information by the parties hereto and shall be used for no purpose other than in connection with claims any party may have as a result of the bankruptcy of the Debtor.

7. Allowance of Claims. The Trustee agrees that he will not file any Objection as to the validity of any claim filed by Merrick, JetPay or Amex based on chargebacks paid less funds received pursuant to this Agreement.

8. No Prejudice/Use of Investigation. Nothing herein shall prejudice the right of any party hereto to (i) pursue any claim any party may otherwise have or (ii) to argue that the Escrow Proceeds are, or are not, property of the Estate. All parties have right to use results of Investigation.

9. Counterparts/PDF. Copies. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all parties. PDF. copies of a signature page shall be deemed to be originals.

*[Remainder of page intentionally blank]*

Execution Copy

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

Merrick Bank Corporation

By: R. L. Urrutia

JetPay Merchant Services, LLC

By: _____

American Express Travel Related Services Company, Inc.

By: _____

4

Execution Copy

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

_____
By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

JetPay Merchant Services, LLC

_____
By: [signature]

Merrick Bank Corporation

_____
By:

American Express Travel Related Services
Company, Inc.

_____
By:

4

1433948_15

Execution Copy

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

Merrick Bank Corporation

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

By: _____

JetPay Merchant Services, LLC

American Express Travel Related Services
Company, Inc.

By: _____

By: _Oguz Ozsahin_ /signature/
CCO merchant services
Risk management - Americas

4

1433948_15

Execution Copy

## ADDENDUM TO TERM SHEET

This addendum to the Term Sheet to which it is annexed (the "Term Sheet") is entered into as of the __ day of September, 2012 by and among Joseph Baldiga, as chapter 7 trustee for the estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Trustee") in a matter pending in the United State Bankruptcy Court, District of Massachusetts (the "Bankruptcy Case"), JetPay Merchant Services, LLC ("JetPay"), Merrick Bank Corporation ("Merrick") and American Express Travel Related Services, Inc. ("Amex").

WHEREAS, the Trustee, JetPay, Merrick and Amex have heretofore entered into the Term Sheet which the parties hereto agree is deemed dated July 30, 2012, and

WHEREAS, the Term Sheet provides for an allocation of Escrow Proceeds from the Escrow Account (as each term is defined in the Term Sheet), which allocation contemplates, among other distributions, a distribution of $75,000 to the Estate exclusively to partially or fully pay Charter Participants who did not receive a full refund or chargeback, or who otherwise were not fully reimbursed in connection with money paid by them into the Escrow Account, but only to the extent such Charter Participants have a valid claim against the Escrow Account, and

WHEREAS, the Department of Transportation ("DOT") has informed the parties hereto that it will accept the allocation of Escrow Proceeds set forth in the Term Sheet and support the application of the Trustee, JetPay, Merrick and Amex for approval by the Bankruptcy Court of the Term Sheet if the parties agree to the conditions set forth herein,

Now, therefore, the parties hereby agree as follows:

1. Merrick, JetPay and Amex will not challenge any Direct Air chargeback submitted by Visa, MasterCard or American Express cardholders on or before January 15, 2013 on the basis of timeliness.

2. The Trustee will not challenge any claims filed in the Bankruptcy Case by Charter Participants on or before January 15, 2013 on the basis of timeliness.

*[Signature page to follow]*

1

1494694_3

Execution Copy

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

JetPay Merchant Services, LLC

By: _____

Merrick Bank Corporation

By: _____

American Express Travel Related Services
Company, Inc.

By: _____

2

1494694_3

Execution Copy

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

JetPay Merchant Services, LLC


By:

Merrick Bank Corporation

By: *[signature]*

American Express Travel Related Services
Company, Inc.


By:

2

1494694_3

Execution Copy

| | |
|---|---|
| Southern Sky Air & Tours, LLC<br>d/b/a Direct Air, Debtor | Merrick Bank Corporation |
| By: Joseph H. Baldiga<br>(Solely in his capacity as Trustee) | By: |
| JetPay Merchant Services, LLC | American Express Travel Related Services Company, Inc. |
| By: | By: *Oguz Ozsahin*<br>CCO, Americas<br>Merchant Services |

2

1494694_3