UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and, pursuant to Section 327(e) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the Trustee's employment of David J. Reier, Esq. and the firm of Posternak Blankstein & Lund, LLP as special counsel ("Special Counsel") to the Trustee, for the limited purpose of obtaining the release of Escrow Proceeds (as defined below) from Valley National Bank. In support hereof, the Trustee states as follows:

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012 (two days prior to the Petition Date), the Debtor ceased operation of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor

never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations.

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee has worked to secure assets and records of the Debtor and to begin investigating the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

5. On September 10, 2012, the Trustee filed a Motion for Order (1) Approving Agreement Regarding Debtor's Accounts at Valley National Bank and (2) Extending Claim Bar Date for Charter Participants to January 15, 2013 (the "Motion to Approve") seeking, among other things, approval of an agreement (the "Agreement") among the Trustee, JetPay Merchant Services, LLC ("JetPay"), Merrick Bank Corporation ("Merrick"), and American Express Travel Related Services Company, Inc. ("AMEX")[1] regarding accounts maintained at Valley National Bank ("VNB") for and on behalf of the Debtor (collectively, the "Escrow Account"). Copies of the Agreement and addendum are attached to the Motion to Approve. The Motion to Approve is currently pending before this Court.

6. Prior to the Petition Date, and as further described in the Motion to Approve, the Debtor entered into certain Public Charter Depository Agreements with various direct carriers

---

[1] JetPay, AMEX, and Merrick shall hereafter be known as the "Credit Card Parties." The Credit Card Parties and the Trustee shall hereafter be known as the "Parties."

and VNB in which VNB agreed to act as depository bank. The Debtor was required to deliver to VNB all amounts received from each Charter Participant and, subject to certain additional terms, VNB agreed to accept such payments from the Debtor for deposit. As of the Petition Date, VNB maintained two accounts for and on behalf of the Debtor. Further, as discussed in detail in the Motion to Approve, it is believed that the proceeds of the Escrow Account are insufficient to satisfy the claims of all Charter Participants and/or their agents (i.e., the Credit Card Parties) and that the facts and circumstances leading to the Escrow Account shortfall need to be investigated. Accordingly, pursuant to the Agreement, the Parties have agreed to terms and conditions by which the current contents of the Escrow Account (the "Escrow Proceeds") shall be disbursed in such a manner so as to facilitate the investigation of the Escrow Account shortfall while simultaneously providing a benefit to the Estate.

7.  As proposed in the Agreement, the Trustee seeks to employ Special Counsel, effective upon this Court's approval of the Motion to Approve, for the sole purpose of obtaining the release of the Escrow Proceeds from VNB, to the extent that the Estate is a necessary or interested party to any negotiation or proceeding in connection with such purpose.[2] The Trustee acknowledges that Special Counsel may rely on Satterlee Stephens Burke & Burke, LLP ("Satterlee"), as counsel to Merrick, to perform legal work undertaken to that end. Special Counsel's and Satterlee's fees and disbursements incurred in connection with such representation and work shall not be an administrative claim against the Estate (and shall not, therefore, be subject to Bankruptcy Court approval), but will be paid by JetPay and Merrick, as the case may be, in accordance with counsels' fee agreements with such parties.

---

[2] Special Counsel shall not represent the Trustee in connection with any dispute with JetPay/Merrick, including any dispute relating to the implementation of the Agreement. In the event of any dispute, JetPay and/or Merrick reserve the right to continue retaining Special Counsel.

8. The Trustee has selected David J. Reier, Esq. and the firm of Posternak Blankstein & Lund, LLP to act as Special Counsel on his behalf because Special Counsel currently represents JetPay and both Special Counsel and JetPay have extensive knowledge regarding this matter, because of Special Counsel's experience and knowledge in the field of bankruptcy law, and because the Trustee believes that Special Counsel is well qualified to represent him in this case.

9. It is the carefully considered view of the Trustee that representation of the Trustee by Special Counsel is necessary and advisable. Upon information and belief, Special Counsel is fully qualified to render the services described above in this case.

10. Special Counsel has indicated a willingness to serve as Special Counsel to the Trustee herein and to receive compensation as noted in Paragraph 7 above.

11. To the best of the Trustee's knowledge, information and belief, Special Counsel has no connection with the Debtor, the creditors, or any other party in interest and represents no other entity having an adverse interest to the Debtor or the Trustee in connection with this case other than as set forth above and in the Affidavit of David J. Reier filed herewith.

12. Based upon the foregoing, the Trustee submits that the retention of Special Counsel would be in the best interests of the Estate and its creditors.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

    (A) Authorizing the Trustee to employ and retain Special Counsel on the terms and conditions set forth above; and

(B)  Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone:  508.898.1501
Fax:    508.898.1502
Email:  bankrupt@mirickoconnell.com

Dated: September 11, 2012                    Email:  gbarbieri@mirickoconnell.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL

Upon the application dated September 11, 2012 (the "Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"), and upon the affidavit of David J. Reier attached to said Application; and it appearing that David J. Reier, Esq. and the firm of Posternak Blankstein & Lund, LLP (together, "Special Counsel") are qualified to serve as special counsel to the Trustee pursuant to Bankruptcy Code § 327(e); and it appearing that Special Counsel neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with the matters on which Special Counsel is to be employed; and it appearing that Special Counsel's employment is in the best interests of the estate, no objections having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized pursuant to Bankruptcy Code § 327(e) to employ David J. Reier, Esq. and the firm of Posternak Blankstein & Lund, LLP to serve as special counsel in the above-captioned Chapter 7 proceeding and to perform all of the services described in the Application.

Dated: _____, 2012

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas\CORP\15008\14190\A2088366.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ATTORNEY'S AFFIDAVIT

I, David J. Reier, do hereby depose and say as follows:

1. I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts. I am a partner of Posternak Blankstein & Lund LLP ("PBL"), located at Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199, and am a qualified person to perform the services described in the Trustee's Application for Authority to Employ Special Counsel (the "Application to Employ").

2. Except as set forth in Paragraph 3 below, neither I, nor any member or associate of my firm, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged. Thus, except as set forth in Paragraph 3 below, I believe I am a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

3. My and my firm's connections with the Debtor, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

> *As disclosed and set forth more specifically in the Application to Employ and the Motion to Approve (as defined in the Application to Employ), I and my firm represent JetPay Merchant Services, LLC ("JetPay") in connection with these proceedings. As set forth in the Motion to Approve, notwithstanding my employment as special counsel to the Trustee, I and*

> *my firm intend to continue representing JetPay in connection with these proceedings, including, without limitation, matters that may be adverse to the estate.*

4. I have agreed to represent the Trustee for the sole purpose of obtaining the release of Escrow Proceeds (as defined in the Application to Employ) from Valley National Bank, to the extent that the Estate is a necessary or interested party to any negotiation or proceeding in connection with such purpose. As noted in the Application to Employ, I may rely on Satterlee Stephens Burke & Burke, LLP ("Satterlee"), as counsel to Merrick Bank Corporation ("Merrick"), to perform legal work undertaken to that end. My and Satterlee's fees and disbursements incurred in connection with such representation and work shall not be an administrative claim against the Estate (and shall not, therefore, be subject to Bankruptcy Court approval), but will be paid by JetPay and Merrick, as the case may be, in connection with counsels' fee agreements with such parties.

5. I have not received a retainer in this case.

6. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

7. I have reviewed the provisions of MLBR 2016-1.

8. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September _10_, 2012

_____
David J. Reier, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION OF PETITIONER

I, David J. Reier, Esq., **hereby declare under penalty of perjury** that all of the information contained in my Attorney's Affidavit (singularly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: September 10, 2012        _____/s/ David J. Reier_____ (Affiant)
                                                David J. Reier, Esq.

{Practice Areas\CORP\15008\14190\A2088482.DOC}