**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)**

_____
                                                              )
In re:                                                        )
                                                              )    Chapter 11
SOUTHERN SKY AIR & TOURS, LLC,      )    Case No. 12-40944-MSH
d/b/a DIRECT AIR,                                   )
              Debtor                                     )
_____)

**MOTION TO WITHDRAW WITHOUT PREJUDICE
MOTION OF JETPAY MERCHANT SERVICES, LLC
FOR RELIEF FROM STAY
(ASSENTED TO BY TRUSTEE)**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

JetPay Merchant Services, LLC ("JetPay"), by its attorneys, hereby moves to withdraw without prejudice the Emergency Motion of JetPay for Relief from Stay filed on March 21, 2012 [Docket No. 9] ("Motion for Relief"). The within trustee, Joseph H. Baldiga, ("Trustee"), assents to this request. As grounds therefor, as set forth more fully below, JetPay submits that a certain recently approved agreement moots, for at least the time being, the relief sought in the Motion for Relief. In addition, another agreement that appears to have been reached in principle would likely moot the Motion for Relief on a more permanent basis.

1.      On March 21, 2012, JetPay filed the Motion for Relief. JetPay sought relief from the automatic stay (to the extent the stay applied) to enable JetPay to continue processing reimbursements out of a certain account established and maintained at Valley National Bank ("VNB").

2.      As set forth more fully in the Motion for Relief, pursuant to a certain written Depository Account Agreement between VNB and the within the debtor ("Debtor") and certain applicable regulations promulgated by the United States Department of Transportation ("DOT"),

1409466v2/18355-2

the Debtor maintained an account at VNB for, among other purposes, the benefit of so-called "Charter Participants" whose charter flights are cancelled ("Depository Account"). JetPay and American Express Travel Related Services Company, Inc. ("Amex") appear to have been the sole parties responsible for processing and funding all credit card (including so-called "debit card") purchases. On information and belief, the credit card purchases comprise all or virtually all funds deposited in the Depository Account. With the Debtor out of business and all flights cancelled, JetPay sought to resume the prepetition practice of drawing against the Depository Account to reimburse itself for chargebacks. JetPay, Amex and DOT have contended that the Depository Account is a type of "escrow account" and that the funds in the Depository Account are not property of the within bankruptcy estate. Some parties have suggested that the Depository Account is not an escrow account, and have raised a question as to whether the funds are property of the estate. The Debtor had contended that further investigation and analysis may be required to determine whether the funds are property of the estate. As of this date, the Trustee has not taken a position on this issue.

3. Following the filing of the Motion for Relief, JetPay and other interested parties learned that there was only approximately $1 million in the Depository Account as of the Petition Date, with an unexplained, substantial shortfall.

4. A preliminary non-evidentiary hearing was held on March 23, 2012 ("Hearing"). At the Hearing and in its limited opposition, VNB stated that, in view of the shortfall and other issues, even if the Court granted the Motion for Relief, it would not resume its prior five-year course of conduct to reimburse JetPay for chargebacks out of the Depository Account, and would

1409466v2/18355-2

2

likely only disburse funds from the Depository Account pursuant to a court order or an agreement with DOT.[1]

5. The Court continued the Hearing to April 11, 2012 and encouraged the various parties to explore the possibility of an agreement regarding the disposition of the funds in the Depository Account.

6. At the April 11, 2012 hearing, the Court granted JetPay's motion for a further continuance to May 22, 2012 [Docket No. 81]. On the same day, the case was converted to chapter 7 and thereafter, the Trustee was appointed.

7. Since the Trustee's appointment, the Trustee, Jetpay and Amex have engaged in discussions regarding a settlement of the matters raised in the Motion for Relief, which would, among other things, settle potentially competing claims to the Depository Account and related recoveries. This Court has granted multiple continuances of the Hearing so as to facilitate continued efforts to resolve, among other things, potentially competing claims to the existing Depository Account. Presently, the Hearing is scheduled for November 15, 2012. [See Docket No. 217]

8. By order dated October 11, 2012 [Docket No. 240], this Court approved a certain agreement among JetPay, Amex and the Trustee (and while not a formal party, DOT supports the agreement) regarding an allocation of the funds in the Depository Account and a mechanism by which efforts might be made to demand and/or compel turnover of such funds from VNB ("Multi-Party Agreement"). The effect of court approval of the Multi-Party Agreement is to moot for the indefinite future any and all relief which JetPay sought in its Motion for Relief.

---

[1] VNB has suggested that the Depository Account might not be an escrow account and further contends it has a security interest in the Depository Account to secure its right to fund its legal expenses incurred in connection with the Depository Account. The Parties all dispute VNB's contention that it has a security interest in such funds.

9. Further, an agreement now appears to have been reached with VNB to release the funds in the Depository Account in a manner consistent with the Multi-Party Agreement. The agreement with VNB is subject to final, signed documentation and court approval.[2]

10. Whether or not an agreement with VNB is finalized or approved, JetPay's Motion for Relief would appear to be moot for the indefinite future.

11. In the unlikely event that circumstances so change that JetPay requires renewal of the Motion for Relief or the filing of a new motion for relief, JetPay wishes to preserve its right to do so. Accordingly, JetPay seeks withdrawal of the Motion for Relief without prejudice.

12. The Trustee assents to this request.

WHEREFORE, JetPay respectfully requests that this Court enter an order approving withdrawal of the Motion for Relief without prejudice and granting such other and further relief as is just and proper.

JETPAY MERCHANT SERVICES, LLC

By its attorneys,

/s/ David J. Reier
David J. Reier (BBO No. 546202)
POSTERNAK BLANKSTEIN & LUND LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-8004
Telephone: 617-973-6100
Telecopier: 617-367-2315
E-mail: dreier@pbl.com

---

[2] The agreement with VNB does not resolve potential claims regarding the multimillion dollar shortfall, but only the disposition of the funds currently held in the Depository Account.

        ASSENTED TO:

        JOSPEH H. BALDIGA, INTERIM TRUSTEE

        By his attorneys,

        /s/ Joseph H. Baldiga (By permission)
        Joseph H. Baldiga (BBO No. 549963)
        Gina M. Barbieri (BBO No. 670596)
        MIRICK, O'CONNELL, DEMALLIE & LOUGEE
        1800 West Park Drive, Suite 400
        Westborough, MA  01581-3926
        Telephone:  508-898-1501
        Telecopier:  508-898-1502
        E-mail:  jbaldiga@mirickoconnell.com
                gbarbieri@mirickoconnell.com

Dated: October 15, 2012

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing document was filed this 15th day of October, 2012 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

        /s/ David J. Reier

1409466v2/18355-2        5