UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**STIPULATION OF SETTLEMENT**
(Re: Recovery of Transfer to Niagara Frontier Transportation Authority
Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Niagara Frontier Transportation Authority ("NFTA"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

**FACTUAL BACKGROUND**

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on NFTA for the return of a transfer made by the Debtor to NFTA within 90 days prior to the Petition Date in the amount of $10,000.00 (the "Transfer"), pursuant to BR Code § 547(b).

{Practice Areas\CORP\15008\14190\A2141030.DOC}

5. NFTA responded to the Demand and asserted defenses to the Trustee's claims.

6. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. Within 10 days of execution of this Stipulation, NFTA will pay $1,610.95 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Demand and related to the Transfer. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), NFTA shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, except for (i) any claim arising under Bankruptcy Code § 502(h) from NFTA's payment of the Settlement Amount, provided that NFTA files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, and (ii) any claims which are the subject of a timely filed proof of claim in the Debtor's bankruptcy case. Any § 502(h) claim not timely filed by NFTA shall be deemed to have been waived.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released NFTA and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfer or as set forth in the Demand. The Trustee agrees to waive his right to object to any

proof of claim filed by NFTA within 30 days of entry of the Final Order on account of NFTA's payment of the Settlement Amount under Bankruptcy Code § 502(h). However, the Trustee reserves the right to object to any claims filed by or on behalf of NFTA for any other reason.

D.  NFTA acknowledges that NFTA received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfer referenced in the Demand. NFTA acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| | |
|---|---|
| NIAGARA FRONTIER<br>TRANSPORTATION AUTHORITY | JOSEPH H. BALDIGA,<br>CHAPTER 7 TRUSTEE |
| By its counsel, | By his counsel, |
| /s/ Mary E. Perla<br>Mary E. Perla, Esq.<br>Niagara Frontier Transportation Authority<br>4200 Genessee Street<br>Buffalo, NY 14225<br>Phone: 716.630.6034<br>Fax: 716.855.7657<br>Email: Mary_Perla@nfta.com | /s/ Gina Barbieri<br>Joseph H. Baldiga, BBO #549963<br>Gina M. Barbieri, BBO # 670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Drive, Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax: 508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: gbarbieri@mirickoconnell.com |
| Dated: December 3, 2012 | Dated: December 5, 2012 |