# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

### STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Springfield Airport Authority
Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Springfield Airport Authority ("SAA"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on SAA for the return of transfers made by the Debtor to SAA within 90 days prior to the Petition Date in the amount of $18,459.60 (the "Transfers"), pursuant to Bankruptcy Code § 547(b).

{Practice Areas/CORP/15008/14190/A2154813.DOC }

5. SAA responded to the Demand and asserted defenses to the Trustee's claims.

6. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. Within ten (10) days of execution of this Stipulation, SAA will pay $14,000.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Demand and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), SAA shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, except for (i) any claim arising under Bankruptcy Code § 502(h) from SAA's payment of the Settlement Amount (the "§ 502(h) Claim"), provided that SAA files a proof of claim evidencing any such § 502(h) Claim within 30 days of entry of the Final Order, and (ii) the claims set forth in SAA's timely-filed proof of claim (Claim No. 41-1) in the amount of $103,172.26 (the "First Proof of Claim"). Any § 502(h) claim not timely filed by SAA shall be deemed to have been waived.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released SAA and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the

Transfers or as set forth in the Demand. The Trustee agrees to waive his right to object to any § 502(h) Claim timely-filed by SAA in the amount of $14,000.00 or less. The Trustee further agrees that $5,000.00 of such timely-filed § 502(h) Claim shall be deemed allowed as a priority claim pursuant to § 507(a)(8)(C) of the Bankruptcy Code. However, the Trustee reserves the right to object to the First Proof of Claim for any reason.

D.  SAA acknowledges that SAA received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Demand. SAA acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

SPRINGFIELD AIRPORT AUTHORITY

By its counsel,

James M. Lestikow
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Phone: 217.528.7375
Fax:    217.528.0075
Email: jlestikow@hinshawlaw.com

Dated: December 17, 2012

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated: December 19, 2012