UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>      Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

<u>**MOTION TO APPROVE STIPULATIONS OF SETTLEMENT**</u>
(Re: Niagara Frontier Transportation Authority)
(Re: Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG)
(Springfield Airport Authority)
(Aeromotive Ground Support, Inc.)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulations of Settlement (the "Settlement Agreements")[1] entered into by the Trustee and the following transfer recipients:

    A.    Niagara Frontier Transportation Authority ("Niagara");

    B.    Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG ("Sheltair");

    C.    Springfield Airport Authority ("Springfield"); and

    D.    Aeromotive Ground Support, Inc. ("AGS"; collectively with Niagara, Sheltair, and Springfield, the "Transfer Recipients"; the Transfer Recipiences, together with the Trustee, are herein referred to as the "Parties").

In support of this Motion, the Trustee states as follows:

---

[1] Copies of the four Settlement Agreements referenced herein have been filed concurrently with this Motion.

{Practice Areas/CORP/15008/14190/A2144843.DOC}

## I. BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or within 90 days prior to the Petition Date, the Debtor made various transfers to creditors of the Debtor, including the Transfer Recipients.

5. On or about August 28, 2012, the Trustee made demand on each of the Transfer Recipients for return of certain transfers pursuant to Bankruptcy Code § 547(b).

6. Each of the Transfer Recipients responded to the Trustee's demand and asserted various defenses thereto.

7. The Trustee has negotiated an agreement (i.e., the Settlement Agreements) with each of Transfer Recipients to resolve their disputes concerning the return of the above-described transfers. Details regarding the transfers and the Settlement Agreements are set forth below.

8. The Settlement Agreements are each subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreements shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENTS[2]

### A. Niagara.

9. The Trustee made demand on Niagara for return of a preferential transfer made by the Debtor and received by Niagara on or within 90 days prior to the Petition Date in the amount of $10,000.00 (the "Niagara Transfer"). In response, Niagara asserted various defenses, including a partial "new value" defense. Niagara also presented the Trustee with satisfactory evidence of such defense.

10. The Settlement Agreement between the Trustee and Niagara (the "Niagara Settlement Agreement") provides that Niagara shall deliver to the Trustee a check in the amount of $1,610.95 (the "Niagara Settlement Amount") as settlement of all allegations (i) made in the Trustee's demand letter to Niagara and (ii) related to the Niagara Transfer. The Trustee is currently holding the Niagara Settlement Amount in escrow pending Bankruptcy Court approval of the Niagara Settlement Agreement.

11. The Niagara Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Niagara Settlement Agreement (the "Final Order"), Niagara shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, *except for* any claim arising under Bankruptcy Code § 502(h) from Niagara's payment of the Niagara Settlement Amount, provided that Niagara files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order.

---

[2] The descriptions set forth in this section are summaries only. For a complete review of the Settlement Agreements, the Trustee directs parties-in-interest to the copies of those agreements filed concurrently herewith.

**B.    Sheltair.**

12.    The Trustee made demand on Sheltair for the return of preferential transfers made by the Debtor and received by Sheltair on or within 90 days prior to the Petition Date in the aggregate amount of $56,261.18 (the "Sheltair Transfers"). In response, Sheltair asserted various defenses. Sheltair also presented the Trustee with a payment history that enabled the Trustee to consider Sheltair's substantial "new value" defense.

13.    The Settlement Agreement between the Trustee and Sheltair (the "Sheltair Settlement Agreement") provides that Sheltair shall deliver to the Trustee a check in the amount of $5,000.00 (the "Sheltair Settlement Amount") as settlement of all allegations (i) made in the Trustee's demand letter to Sheltair and (ii) related to the Sheltair Transfer. The Trustee is currently holding the Sheltair Settlement Amount in escrow pending Bankruptcy Court approval of the Sheltair Settlement Agreement.

14.    The Sheltair Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Sheltair Settlement Agreement (the "Final Order"), Sheltair shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, *including* any claim arising under Bankruptcy Code § 502(h) from Sheltair's payment of the Sheltair Settlement Amount but *excluding* Sheltair's timely filed proof of claim in the amount of $77,349.55 filed in the Debtor's bankruptcy case. As set forth in the Sheltair Settlement Agreement, the Trustee reserves the right to object to Sheltair's timely filed proof of claim in the amount of $77,349.55.

### C. **Springfield.**

15. The Trustee made demand on Springfield for the return of preferential transfers made by the Debtor and received by Springfield on or within 90 days prior to the Petition Date in the aggregate amount of $18,459.60 (the "Springfield Transfers"). In response, Springfield asserted various defenses to the Trustee's demand.

16. The Settlement Agreement between the Trustee and Springfield (the "Springfield Settlement Agreement") provides that Springfield shall deliver to the Trustee a check in the amount of $14,000.00 (the "Springfield Settlement Amount") as settlement of all allegations (i) made in the Trustee's demand letter to Springfield and (ii) related to the Springfield Transfer. The Trustee is currently holding the Springfield Settlement Amount in escrow pending Bankruptcy Court approval of the Springfield Settlement Agreement.

17. The Springfield Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Springfield Settlement Agreement (the "Final Order"), Springfield shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, *except for* (a) any claim arising under Bankruptcy Code § 502(h) (in the amount of $14,000 or less) from Springfield's payment of the Springfield Settlement Amount, provided that Springfield files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, and (b) the claims set forth in Springfield's timely-filed proof of claim (Claim No. 41-1) in the amount of $103,172.26.

18. Further, the Springfield Settlement Agreement provides that $5,000.00 of Springfield's § 502(h) claim (if timely filed) shall be deemed allowed as a priority claim.

**D.    AGS.**

19.    On or about August 28, 2012 and again on October 18, 2012, the Trustee made demand on AGS for the return of a preferential transfer made by the Debtor and received by AGS on or within 90 days prior to the Petition Date in the amount of $15,746.50 (the "AGS Transfer"). In response, AGS informed the Trustee that the AGS Transfer represented pre-payment on a lease transaction, rather than payment for an antecedent debt. After reviewing the lease materials, the Trustee made a new demand on AGS for the return of the AGS Transfer as a fraudulent transfer pursuant to Bankruptcy Code § 548(a).

20.    The Settlement Agreement between the Trustee and AGS (the "AGS Settlement Agreement") provides that AGS shall deliver to the Trustee a check in the amount of $11,500.00 (the "AGS Settlement Amount") as settlement of all allegations (i) made in the Trustee's demands and (ii) related to the AGS Transfer. The Trustee is currently holding the AGS Settlement Amount in escrow pending Bankruptcy Court approval of the AGS Settlement Agreement.

21.    The AGS Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the AGS Settlement Agreement (the "Final Order"), AGS shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, *except that* AGS shall be deemed to have an allowed timely-filed general unsecured claim in the amount of $2,183.50 on account of its out-of-pocket expenses associated with the lease transaction underlying the AGS Transfer.

Case 12-40944    Doc 251    Filed 12/28/12    Entered 12/28/12 16:56:31    Desc Main
Document    Page 7 of 10

### III. REASONABLENESS OF THE SETTLEMENTS

22. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

23. The Trustee has determined that the Settlement Agreements stem the legal costs and expenses which would otherwise be incurred through litigation.

24. The Trustee has also determined that the Settlement Agreements consider the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described in the section above. As a result, the Trustee believes that the Settlement Agreements are fair and equitable.

25. In addition, the amounts paid by the Transfer Recipients pursuant to the Settlement Agreements are appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

26. The Trustee further states that the Settlement Agreements will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A. Approving the Stipulation of Settlement (Re: Niagara Frontier Transportation Authority) as it is in the best interest of the Estate;

{Practice Areas/CORP/15008/14190/A2144843.DOC}

7

B. Approving the Stipulation of Settlement (Re: Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG) as it is in the best interest of the Estate;

C. Approving the Stipulation of Settlement (Re: Springfield Airport Authority) as it is in the best interest of the Estate;

D. Approving the Stipulation of Settlement (Re: Aeromotive Ground Support, Inc.) as it is in the best interest of the Estate; and

E. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina M. Barbieri
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated: December 28, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## ORDER APPROVING STIPULATIONS OF SETTLEMENT
(Re: Niagara Frontier Transportation Authority)
(Re: Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG)
(Re: Springfield Airport Authority)
(Re: Aeromotive Ground Support, Inc.)

Upon the Motion to Approve Stipulations of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on December 28, 2012, for an order approving the Stipulations of Settlement with Niagara Frontier Transportation Authority, Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG, Springfield Airport Authority, and Aeromotive Ground Support, Inc.; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed;

B. The Stipulation of Settlement (Re: Niagara Frontier Transportation Authority) is approved;

C. The Stipulation of Settlement (Re: Sheltair Aviation Plattsburgh, LLC d/b/a Sheltair Aviation Services-PBG) is approved;

D. The Stipulation of Settlement (Re: Springfield Airport Authority) is approved; and

    E.    The Stipulation of Settlement (Re: Aeromotive Ground Support, Inc.) is approved.

Dated:_____, 2013

                                                               _____
                                                               Honorable Melvin S. Hoffman
                                                               United States Bankruptcy Judge