UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>   Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## STIPULATION OF SETTLEMENT
### (Re: Recovery of Transfers to Kalamazoo/Battle Creek International Airport and Kalamazoo County Treasurer Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), Kalamazoo/Battle Creek International Airport (the "Kalamazoo Airport"), and Kalamazoo County Treasurer (the "Kalamazoo Treasurer"; together with Kalamazoo Airport, the "Kalamazoo Entities")[1] and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

---

[1]    The Kalamazoo Entities and the Trustee shall be known herein as the "Parties".

4.      On or about August 28, 2012, the Trustee made demand (the "Demands") on each of the Kalamazoo Entities for the return of transfers made by the Debtor to the Kalamazoo Entities within 90 days prior to the Petition Date, totaling $40,000.00 (the "Transfers"), pursuant to Bankruptcy Code § 547(b). Specifically, the Trustee made demand on the Kalamazoo Airport for return of one transfer in the amount of $15,000.00 and the Trustee made demand on the Kalamazoo Treasurer for return of transfers totaling $25,000.00.

5.      The Kalamazoo Entities (through counsel) responded together to the Demands and asserted defenses to the Trustee's claims.

6.      The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A.      On or before the tenth day following entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), the Kalamazoo Entities shall pay $25,000.00 (the "Settlement Amount") to the Trustee, in full settlement of all allegations made in the Demands and related to the Transfers.

B.      The Kalamazoo Entities shall pay the Settlement Amount via check made payable to "Joseph H. Baldiga, Chapter 7 Trustee."

C.      Upon entry of the Final Order, the Kalamazoo Entities shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claims arising from payment of the Settlement Amount under Bankruptcy Code § 502(h), except that the Kalamazoo Entities shall not be deemed to have

released any claims which are the subject of a timely filed proof of claim in the Debtor's bankruptcy case.

D.    Upon the later of (i) entry of the Final Order and (ii) receipt of the full Settlement Amount, the Trustee shall be deemed to have released the Kalamazoo Entities and their representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Demands. The Trustee reserves the right to object to any claims filed by or on behalf of either of the Kalamazoo Entities for any reason.

E.    Each of the Kalamazoo Entities acknowledges that it received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Demands. The Kalamazoo Entities acknowledge that the Trustee has relied upon this representation in entering into this Stipulation.

F.    This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

KALAMAZOO/BATTLE CREEK
INTERNATIONAL AIRPORT
and
KALAMAZOO COUNTY TREASURER

By their counsel,

_____
James Komondy, Esq.
Law Weathers
800 Bridgewater Place
333 Bridge Street, NW
Grand Rapids, MI 49504
Phone:  616.732.1764
Fax:    616.913.1264
Email:  JKomondy@lawweathers.com

Dated:    January 24, 2013

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone:  508.898.1501
Fax:    508.898.1502
Email:  gbarbieri@mirickoconnell.com

Dated:  January 24, 2013

{Practice Areas/CORP/15008/14190/A2191719.DOC}                    3