UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>            Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Kalamazoo/Battle Creek International Airport and
Kalamazoo County Treasurer)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor

herein (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules

of Bankruptcy Procedure for an order approving the Stipulation of Settlement (Re: Recovery of

Transfers to Kalamazoo/Battle Creek International Airport and Kalamazoo County Treasurer

Pursuant to Bankruptcy Code § 547) (the "Settlement Agreement")[1] entered into by the Trustee,

Kalamazoo/Battle Creek International Airport (the "Kalamazoo Airport") and Kalamazoo

County Treasurer (the "Kalamazoo Treasurer"; together with Kalamazoo Airport, the

"Kalamazoo Entities"; the Kalamazoo Entities, together with the Trustee, the "Parties").

In support of this Motion, the Trustee states as follows:

I.      BACKGROUND

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code").

---

[1]   A copy of the Settlement Agreement referenced herein has been filed concurrently with this Motion.

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's

bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga

Chapter 7 trustee of this proceeding and he continues to serve as such.

4.      On or within 90 days prior to the Petition Date, the Debtor made various transfers

to creditors of the Debtor, including the Kalamazoo Entities.

5.      On or about August 28, 2012, the Trustee made demand on each of the

Kalamazoo Entities for return of certain transfers pursuant to Bankruptcy Code § 547(b).

6.      The Kalamazoo Entities (through counsel) responded together to the Demands (as

defined below) and asserted defenses to the Trustee's claims.

7.      The Trustee has negotiated an agreement (i.e., the Settlement Agreement) with the

Kalamazoo Entities to resolve their disputes concerning the return of the above-described

transfers.  Details regarding the transfers and the Settlement Agreement are set forth below.

8.      The Settlement Agreement is subject to Bankruptcy Court approval pursuant to

MLBR 9019-1.  Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.      SUMMARY OF AGREEMENT[2]

9.      On or about August 28, 2012, the Trustee made demand (the "Demands") on each

of the Kalamazoo Entities for the return of transfers made by the Debtor to the Kalamazoo

Entities within 90 days prior to the Petition Date, totaling $40,000.00 (the "Transfers"), pursuant

to Bankruptcy Code § 547(b).  Specifically, the Trustee made demand on the Kalamazoo Airport

for return of one transfer in the amount of $15,000.00 and the Trustee made demand on the

Kalamazoo Treasurer for return of transfers totaling $25,000.00.  In response, the Kalamazoo

---

[2]    The descriptions set forth in this section are summaries only.  For a complete review of the Settlement
       Agreements, the Trustee directs parties-in-interest to the copies of those agreements filed concurrently herewith.

Entities asserted an ordinary course of business defense. The Kalamazoo Entities also provided

a payment history which, in conjunction with the Kalamazoo Airport's proof of claim, allowed

the Trustee to assess the Kalamazoo Entities' defenses.

10.     The Settlement Agreement between the Trustee and the Kalamazoo Entities

provides that the Kalamazoo Entities shall deliver to the Trustee a check in the amount of

$25,000.00 (the "Settlement Amount") on or before the tenth day following entry of the

Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration, or appeal)

approving the Stipulation (the "Final Order") in full settlement of all allegations made in the

Trustee's Demands and related to the Transfers.

11.     The Settlement Agreement also provides that, upon entry of the later of (i) entry

of the Final Order and (ii) receipt by the Trustee of the full Settlement Amount, the Kalamazoo

Entities shall be deemed to have released and discharged the Trustee, his representatives,

attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any

type or nature, whether known or unknown, including any claim arising under Bankruptcy

Code § 502(h) from the Kalamazoo Entities' payment of the Settlement Amount, except that the

Kalamazoo Entities shall not be deemed to have released any claims which are the subject of a

timely filed proof of claim in the Debtor's bankruptcy case. It also provides that, upon entry of

the Final Order, the Trustee shall be deemed to have released the Kalamazoo Entities and their

representatives, attorneys, agents, or assigns from any and all claims or obligations arising from

or related to the Transfers or as set forth in the Demands.

### III.     REASONABLENESS OF THE SETTLEMENT

12.     In determining whether a settlement agreement should be approved, a bankruptcy

court should "assess and balance the value of the claim that is being compromised against the

value to the estate of the acceptance of the compromise proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d

183, 185 (1st Cir. 1995), <u>quoting</u> <u>In re GHR Cos.</u>, 50 B.R. 925, 931 (Bankr. D. Mass. 1985)

(additional citation omitted).  The Trustee's judgment as to the propriety of the proposed

settlement is to be accorded some deference.  <u>Hill v. Burdick (In re Moorhead Corp.)</u>, 208 B.R.

87, 89 (1st Cir. BAP 1997).

13.    The Trustee has determined that the Settlement Agreement stems the legal costs

and expenses which would otherwise be incurred through litigation.

14.    The Trustee has also determined that the Settlement Agreement considers the

strengths and weaknesses of the claims and defenses of each of the Parties, including the

Kalamazoo Entities' asserted ordinary course of business defense.  As a result, the Trustee

believes that the Settlement Agreement is fair and equitable.

15.    In addition, the amount to be paid by the Kalamazoo Entities pursuant to the

Settlement Agreement is appropriate since the cost of further litigation would be substantial and

could result in a smaller net recovery for the Estate.

16.    The Trustee further states that the Settlement Agreement will result in an

immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.    Approving the Stipulation of Settlement (Re: Kalamazoo/Battle Creek

International Airport and Kalamazoo County Treasurer) as it is in the best

interest of the Estate; and

B.      Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____/s/ Gina M. Barbieri_____
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated:  January 25, 2013

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC**
**d/b/a DIRECT AIR,**

**Debtor.**

Chapter 7
Case No. 12-40944-MSH

## ORDER APPROVING STIPULATION OF SETTLEMENT
### (Re: Kalamazoo/Battle Creek International Airport
### and Kalamazoo County Treasurer)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on January 25, 2013, for an order approving the Stipulation of Settlement with Kalamazoo/Battle Creek International Airport and Kalamazoo County Treasurer; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.      The Motion is allowed; and

B.      The Stipulation of Settlement (Re: Kalamazoo/Battle Creek International Airport and Kalamazoo County Treasurer) is approved.


Dated:_____, 2013

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge