# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC,<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING MOTION FOR APPROVAL OF STIPULATION COMPROMISING AND SETTLING CERTAIN CLAIMS TO FUNDS IN DEPOSITORY ACCOUNTS AT VALLEY NATIONAL BANK

Upon the Motion for Approval of Stipulation Compromising and Settling Certain Claims to Funds in Depository Accounts at Valley National Bank ("**Motion**")[1], it is hereby ORDERED AS FOLLOWS:

1. Notice of the Motion and any hearing to consider the Motion

    a. has been provided as required by all applicable statutes and rules, including, without limitation, Fed.R.Bankr.P. 2002 and 9019;

    b. has been provided to all entities (as defined in 11 U.S.C. § 101, hereinafter, "**Entities**") who have as of February 27, 2013 made a claim to Valley National Bank ("VNB") against funds held by VNB in certain depository accounts (the "Petition Date Funds");

    c. information concerning which has been provided on the website of the United States Department of Transportation for a period of at least 30 days prior to the date hereto in a manner which the Court finds is reasonably calculated to afford

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as defined in the Motion.

1421114v7/18355-2

    all Entities having or claiming any interest in the Petition Date Funds actual notice of the subject matter of the Motion and a fair and adequate opportunity to be heard thereon;

    d.  no further notice of the Motion or of any hearing to consider the Motion is necessary or required to bind, and make this Order enforceable against, each and every Entity regardless of whether actual notice was received.

2.    The Motion is **ALLOWED** in accordance with this Order.

3.    The Stipulation Compromising and Settling Certain Claims to Funds in Depository Accounts at Valley National Bank ("**Stipulation**"), and the compromise of controversies set forth in the Stipulation, shall be and hereby is approved in its entirety.

4.    Valley National Bank ("**VNB**") shall neither have nor incur any liability to any Entity (including, without limitation, any Charter Participant, the Debtor and the Trustee) for any act taken or omitted to be taken since the Petition Date in connection with or related to the negotiation, formulation, preparation, dissemination, implementation, administration, and performance of the terms and conditions of the Stipulation, including, without limitation, disbursing the "Settlement Disbursements" (as defined in the Stipulation), except nothing in this paragraph shall relieve VNB of its obligations under the Stipulation.

5.    Nothing in this Stipulation shall be construed to affect the rights or claims, if any, of any Party or any other person or entity against any other Party, person or entity (or affect any defenses to such claims or rights) with respect to any matter other than claims in and to the Petition Date Funds, all as more fully set forth in Paragraph 5 of the Stipulation.

1421114v7/18355-2

6. The terms of this Order shall be binding upon and enforceable against any and all Entities.

DATED: _____, 2013                              SO ORDERED,


_____
Hon. Melvin S. Hoffman
United States Bankruptcy Judge