# EXHIBIT C

FINAL EXECUTION COPY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## STIPULATION COMPROMISING AND SETTLING CERTAIN CLAIMS TO FUNDS IN DEPOSITORY ACCOUNTS AT VALLEY NATIONAL BANK

This Stipulation ("**Stipulation**") is entered into this 1st day of March, 2013 by and among: Joseph Baldiga, as chapter 7 trustee (the "**Trustee**") for the estate (the "**Estate**") of the within debtor, Southern Sky Air & Tours, LLC d/b/a Direct Air (the "**Debtor**") in the above-captioned bankruptcy case (the "**Bankruptcy Case**"); JetPay Merchant Services, LLC ("**JetPay**"); Merrick Bank Corporation ("**Merrick**"); American Express Travel Related Services Company, Inc. ("**Amex**" and, collectively with JetPay and Merrick, the "**Credit Card Parties**"); and, Valley National Bank ("**VNB**"), each a "**Party**" and collectively the "**Parties**".

**WHEREAS:**

A.  On March 15, 2012 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing these proceedings;

B.  Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor permanently ceased operations, stopped accepting flight reservations and terminated reservation capabilities on its website;

1421110v7/18355-2

FINAL EXECUTION COPY

C. On April 11, 2012 (the "**Conversion Date**"), this Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

D. On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of the Estate and the Trustee continues to serve in such capacity;

E. The Debtor, while it was operating, had entered into certain depository agreements (the "**Depository Agreements**") with VNB, pursuant to which VNB agreed to act as the Debtor's designated depository bank. In this capacity, VNB received certain funds, which VNB accepted pursuant to the terms and conditions of the Depository Agreements;

F. As of the Petition Date, VNB maintained two accounts for the Debtor pursuant to the Depository Agreements, a money market account and a demand deposit account (the "**DDA Account**" and, collectively with the money market account the "**Direct Air Accounts**"). The money market account currently holds a balance of approximately $1,016,935.90. The DDA Account currently holds a balance of approximately $.01 (collectively, "**Petition Date Funds**"). The Direct Air Accounts are the same accounts as those identified in the Term Sheet Motion and Term Sheet Agreement (denoted therein as the "Escrow Accounts");

G. (Intentionally deleted);

H. Among other things, VNB contends that it has a security interest in the Petition Date Funds to secure certain indemnification obligations that the Debtor allegedly owes or may in the future owe VNB. VNB also claims that it has received and may continue to receive competing demands against the Direct Air Accounts for reimbursement, potentially from the Trustee, the Credit Card Parties, the DOT or various known and unknown former customers of the Debtor who allegedly held fully or partially prepaid travel reservations with the Debtor ("**Charter Participants**"). The Trustee and the Credit Card Parties dispute that VNB has a security interest in any of the Petition

2

FINAL EXECUTION COPY

Date Funds. The identity of all other potential claimants to the Petition Date Funds is not presently known and/or perhaps might not ever be fully knowable;

I.   All Parties agree that the total alleged claims actually asserted to date or that may be asserted in the future against VNB in respect of the Petition Date Funds far exceeds the present balance. The Trustee represents to VNB that he estimates, based on the number of scheduled flights that were canceled on account of the Debtor's bankruptcy filing, as well as information provided to the Trustee by the Credit Card Parties, the total shortfall (the "**Shortfall**") in the Direct Air Accounts could be as high as approximately $30 million;

J.   By order dated October 11, 2012 [Docket No. 240], the Bankruptcy Court approved a certain agreement among the Trustee and the Credit Card Parties ("**Multi-Party Agreement**") to allocate the Petition Date Funds among them, which the Credit Card Parties and the Trustee represent to VNB is acceptable to the DOT. The Petition Date Funds are the same funds on deposit in the Direct Air Accounts as of the Petition Date as those funds identified in the Multi-Party Agreement and motion approving the same (denoted therein as the "Escrow Proceeds");

K.   The Multi-Party Agreement was filed with this Court as Exhibit A to the motion seeking approval of same [Docket No. 220], and was approved by this Court by order dated October 11, 2012 [Docket No. 240];

L.   VNB is not a party to the Multi-Party Agreement, and accordingly, nothing in the Multi-Party Agreement obligates VNB to turn over the Petition Date Funds or impairs or otherwise adversely affects VNB's rights, claims and defenses in any way related to the Shortfall;

M.   VNB has provided to the Credit Card Parties the names and addresses (where provided by such persons and entities) of all persons or other entities who have as of February 27, 2013 made a claim to VNB for some portion of the Petition Date Funds;

3

1421110v7/18355-2

FINAL EXECUTION COPY

N.   Following further negotiation with VNB, the Parties have resolved their differences over the turnover of the Petition Date Funds.

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as set forth below.

1. The Parties represent that they are each authorized to enter into, execute and perform this Stipulation.

2. Promptly following entry of a Final Order (as defined below), VNB shall disburse from the Direct Air Accounts the following (collectively, the "**Settlement Disbursements**"):

   a. the sum of $25,000 to VNB (the "**VNB Payment**");

   b. the sum of $250,000 to the Trustee (the "**Trustee Payment**");

   c. 90% of the balance remaining after (a) and (b) ("**Remaining Balance**") to Merrick ("**Merrick Payment**"); and

   d. 10% of the Remaining Balance to Amex ("**Amex Payment**").

The Trustee Payment, the Merrick Payment and the Amex Payment shall be made as directed in writing by the Trustee, by counsel of record to Merrick (specifically, Daniel G. Gurfein), and by counsel of record to Amex (specifically, Kevin McGee), respectively, or, in the absence of such counsel, by such other counsel as may appear of record at the time of disbursement. As among the Parties other than VNB, it is expressly understood and agreed that the $250,000 paid to the Trustee represents the sum of the $100,000 and two $75,000 payments set forth in the Multi-Party Agreement, and such funds shall be held by the Trustee for the purposes set forth in such agreement.

3. VNB waives all claims against the Petition Date Funds, including, without limiting the forgoing, its alleged lien and security interest; provided, however, nothing contained in this Stipulation shall be construed to impair or compromise any other claim, whether administrative

4

1421110v7/18355-2

FINAL EXECUTION COPY

expense, priority, or general unsecured, which VNB has or may have against the Estate, or impair or compromise any objection to such claim by any Party.

4.   Nothing contained in this Stipulation shall be construed to impair or compromise any claim, whether administrative expense, priority, or general unsecured, which any Credit Card Party has or may have against the Estate, or impair or compromise any objection to any such claim by any Party.

5.   Nothing in this Stipulation shall be construed to affect the rights or claims, if any, of any Party or any other person or entity against any other Party, person or entity (or affect any defenses to such claims or rights) with respect to any matter other than claims in and to the Petition Date Funds. Such other matters not affected by this Stipulation include, without limitation, claims, rights and defenses with respect to the following:

   a. Disbursements from or deposits into the Direct Air Accounts prior to the Petition Date;

   b. any matter in any way related to, or arising from, any person's relationship with the Debtor, including without limitation undertakings by VNB in the Depository Agreements, or any person's obligations with respect to governing law and regulations; and

   c. the Shortfall.

6.   This Stipulation is conditioned upon the entry of an order by the Court in form and substance satisfactory to all Parties approving this Agreement, which order shall not be subject to any pending appeal, or if appealed from, has been affirmed on appeal with no further appeals pending ("**Final Order**"). The Parties agree that the form of order attached hereto as Exhibit A is satisfactory.

5

1421110v7/18355-2

FINAL EXECUTION COPY

7. Counterparts / PDF. Copies: This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all Parties hereto. PDF copies of a signature page shall be deemed to be originals.

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

Merrick Bank Corporation

By:

JetPay Merchant Services, LLC

By:

American Express Travel Related Services Company, Inc.

By:

Valley National Bank

By:

6

1421110v7/18355-2

FINAL EXECUTION COPY

7.   Counterparts / PDF. Copies:  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all Parties hereto.  PDF copies of a signature page shall be deemed to be originals.

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

Merrick Bank Corporation

By:

JetPay Merchant Services, LLC

By: TRENT Voigt - CEO

American Express Travel Related Services Company, Inc.

By:

Valley National Bank

By:

6

1421110v7/18355-2

FINAL EXECUTION COPY

7.  Counterparts / PDF. Copies: This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all Parties hereto. PDF copies of a signature page shall be deemed to be originals.

| | |
|---|---|
| Southern Sky Air & Tours, LLC<br>d/b/a Direct Air, Debtor | Merrick Bank Corporation |
| By: Joseph H. Baldiga<br>(Solely in his capacity as Trustee) | By: |
| JetPay Merchant Services, LLC | American Express Travel Related Services Company, Inc. |
| By: | By: |

Valley National Bank

By: *William J. Kamski*
William J. Kamski
1st Vice President

6

1421110v7/18355-2

FINAL EXECUTION COPY

7.  Counterparts / PDF. Copies: This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all Parties hereto. PDF copies of a signature page shall be deemed to be originals.

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

Merrick Bank Corporation

By: *[signature]* Vivian W. Jones, SVP

JetPay Merchant Services, LLC

By:

American Express Travel Related Services Company, Inc.

By:

Valley National Bank

By:

6

1421110v7/18355-2

FINAL EXECUTION COPY

7. Counterparts / PDF. Copies: This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all Parties hereto. PDF copies of a signature page shall be deemed to be originals.

Southern Sky Air & Tours, LLC
d/b/a Direct Air, Debtor

By: Joseph H. Baldiga
(Solely in his capacity as Trustee)

JetPay Merchant Services, LLC

By:

Valley National Bank

By:

Merrick Bank Corporation

By:

American Express Travel Related Services Company, Inc.

By: [signature]
Oguz Ozdomir
GMS CCO and VP, Ameri

6

1421110v7/18355-2

FINAL EXHIBIT A TO VNB STIPULATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Central Division)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC,<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING MOTION FOR APPROVAL OF STIPULATION COMPROMISING AND SETTLING CERTAIN CLAIMS TO FUNDS IN DEPOSITORY ACCOUNTS AT VALLEY NATIONAL BANK

Upon the Motion for Approval of Stipulation Compromising and Settling Certain Claims to Funds in Depository Accounts at Valley National Bank ("**Motion**")[1], it is hereby ORDERED AS FOLLOWS:

1. Notice of the Motion and any hearing to consider the Motion

   a. has been provided as required by all applicable statutes and rules, including, without limitation, Fed.R.Bankr.P. 2002 and 9019;

   b. has been provided to all entities (as defined in 11 U.S.C. § 101, hereinafter, "**Entities**") who have as of February 27, 2013 made a claim to Valley National Bank ("VNB") against funds held by VNB in certain depository accounts (the "Petition Date Funds");

   c. information concerning which has been provided on the website of the United States Department of Transportation for a period of at least 30 days prior to the date hereto in a manner which the Court finds is reasonably calculated to afford

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as defined in the Motion.

FINAL EXHIBIT A TO VNB STIPULATION

    all Entities having or claiming any interest in the Petition Date Funds actual notice of the subject matter of the Motion and a fair and adequate opportunity to be heard thereon;

    d.   no further notice of the Motion or of any hearing to consider the Motion is necessary or required to bind, and make this Order enforceable against, each and every Entity regardless of whether actual notice was received.

2.     The Motion is **ALLOWED** in accordance with this Order.

3.     The Stipulation Compromising and Settling Certain Claims to Funds in Depository Accounts at Valley National Bank ("**Stipulation**"), and the compromise of controversies set forth in the Stipulation, shall be and hereby is approved in its entirety.

4.     Valley National Bank ("**VNB**") shall neither have nor incur any liability to any Entity (including, without limitation, any Charter Participant, the Debtor and the Trustee) for any act taken or omitted to be taken since the Petition Date in connection with or related to the negotiation, formulation, preparation, dissemination, implementation, administration, and performance of the terms and conditions of the Stipulation, including, without limitation, disbursing the "Settlement Disbursements" (as defined in the Stipulation), except nothing in this paragraph shall relieve VNB of its obligations under the Stipulation.

5.     Nothing in this Stipulation shall be construed to affect the rights or claims, if any, of any Party or any other person or entity against any other Party, person or entity (or affect any defenses to such claims or rights) with respect to any matter other than claims in and to the Petition Date Funds, all as more fully set forth in Paragraph 5 of the Stipulation.

2

1421114v6/18355-2

FINAL EXHIBIT A TO VNB STIPULATION

6.  The terms of this Order shall be binding upon and enforceable against any and all Entities.

DATED: _____ \_\_, 2013        SO ORDERED,

                                    _____
                                    Hon. Melvin S. Hoffman
                                    United States Bankruptcy Judge

3