# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### NOTICE TO FORMER CUSTOMERS AND OTHER INTERESTED PARTIES OF A PROPOSED SETTLEMENT CONCERNING THE TURNOVER BY VALLEY NATIONAL BANK OF FUNDS HELD IN CERTAIN DEPOSITORY ACCOUNTS

**To All Former Customers and Other Interested Parties:**

Please take notice ("**Notice**") that on or about March 1, 2013, Valley National Bank ("**VNB**") entered into a certain agreement (the "**Agreement**") with Joseph Baldiga, chapter 7 trustee (the "**Trustee**") for Southern Sky Air & Tours, LLC d/b/a Direct Air and a/k/a Myrtle Beach Direct Air and Tours (the "**Debtor**" or "**Direct Air**"), JetPay Merchant Services, LLC ("**JetPay**"), Merrick Bank Corporation ("**Merrick**") and American Express Travel Related Services Co., Inc. ("**Amex**").

The Agreement provides for a disposition of the approximately $1,016,935.90 of funds (the "**Petition Date Funds**") held by VNB in certain depository accounts as of the date Direct Air filed for bankruptcy and cancelled all remaining flights. In accordance with the Agreement, VNB will relinquish control over substantially all of the Petition Date Funds and transfer such funds to the Trustee, Merrick and Amex.

To the extent that you have not already been fully reimbursed for canceled flights by credit card chargeback, refund or otherwise, the Agreement may affect your rights, including any claim you may have to receive a distribution from the Petition Date Funds.

The Agreement is subject to approval by the Bankruptcy Court presiding over the Direct Air case, *i.e.*, the U.S. Bankruptcy Court for the District of Massachusetts (the "**Bankruptcy Court**"). A copy of the Trustee's motion (the "**Motion**") requesting the Bankruptcy Court's approval of the

Agreement, to which a copy of the Agreement itself is attached, can be viewed by directing your web browser to _____ [link to Posternak Blankstein & Lund LLP web address].

The Bankruptcy Court has set the Motion for a hearing (the "**Hearing**") scheduled for [DATE, TIME] at the United States Bankruptcy Court, 211 Harold D. Donahue Federal Bldg. & Courthouse, 595 Main Street, Courtroom __, Worcester, MA 01608, Room No. __. Any objection ("**Objection**") to the Agreement must be in writing and signed by you and it must make reference to the Direct Air bankruptcy case as set forth in the caption above.

An Objection must clearly explain the reasons why you object, and it must be filed with the United States Bankruptcy Court on or before 4:00 p.m., _____, 2013, as follows: United States Bankruptcy Court, 211 Harold D. Donahue Federal Bldg. & Courthouse, 595 Main Street, Worcester, MA 01608-2076. Copies of the Objection must at the same time be mailed to Joseph H. Baldiga, Esq., chapter 7 trustee for Direct Air, c/o Mirick, O'Connell, DeMallie & Lougee, LLP, 1800 West Park Drive, Suite 400, Westborough, MA 01581.

In addition to filing and serving a written Objection as set forth above, the objecting party must appear in the Bankruptcy Court at the Hearing, which, as already noted above, is to be held at __:__ .m., _____, 2013, at United States Bankruptcy Court, Harold D. Donahue Federal Bldg. & Courthouse, 595 Main Street, Courtroom __, Worcester, MA 01608-2076. You can contact the Court to determine if the Court will allow you to participate by phone.

                Respectfully submitted,

                JOSEPH H. BALDIGA,
                CHAPTER 7 TRUSTEE

                By his special counsel,

                /s/ David J. Reier
                David J. Reier (BBO No. 546202)
                POSTERNAK BLANKSTEIN & LUND LLP
                Prudential Tower
                800 Boylston Street
                Boston, MA 02199-8004
                Telephone: 617-973-6100
                Telecopier: 617-367-2315
                E-mail: dreier@pbl.com

Dated: _____, 2013