UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY
TO CONDUCT RULE 2004 EXAMINATIONS,
WITH REQUEST FOR EXPEDITED DETERMINATION

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court (the "Motion"), pursuant to Rules 2002 and 2004 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b), for an order authorizing the Trustee to conduct examinations (the "Rule 2004 Examinations") of the parties listed on **Exhibit A** attached hereto (the "Parties").[1] Specifically, the Trustee seeks to conduct examinations of the persons most knowledgeable at Visa, Mastercard, Discover, and any and all relevant debit card or credit card-issuing banks (the "Banks"). As discussed herein, the Trustee requires information from the Parties in order to reconcile certain claims against the Estate and other sources. The Trustee also seeks expedited determination of this Motion as set forth herein. In support of this Motion, the Trustee states as follows:

---

[1] The Parties are all described in this Motion. To the extent that the Trustee seeks information from relevant card-issuing banks, which have yet to be identified, the Trustee addresses notice of this Motion upon such Banks in the contemporaneously-filed Motion to Limit Notice.

{Practice Areas/CORP/15008/14190/A2250331.DOC}

## I. BACKGROUND.

A. **Bankruptcy Case Background.**

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, the Debtor operated as a low cost discount public charter airline (tour operator) with charter programs servicing various points in the United States. On March 13, 2012 (two days prior to the Petition Date), the Debtor ceased operations of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations.

B. **Charter Participants' Claims.**

5. As a public charter operator, the Debtor's operations were governed by, among other things, regulations promulgated by the United States Department of Transportation (the "DOT"), 14 C.F.R. Part 380.

6. Pursuant to 14 C.F.R. § 380.34, public charter operators may, in lieu of furnishing a certain type of security agreement, elect to: (a) furnish a surety bond, a surety trust agreement,

or a letter of credit in the amount of at least $10,000 times the number of flights, except that the amount need not exceed $200,000; and (b) enter into a three party agreement with the company directly engaging in the operation of aircraft (known as the "direct air carrier") and a designated bank, the terms of which shall provide that "all payments by charter participants paid to charter operators... shall be deposited with and maintained by the bank subject to [...certain...] conditions[.]" 14 C.F.R. § 380.34(b).

7. As discussed below, the Debtor (a) posted a surety bond guaranteed by Platte River Insurance Co. ("Platte River") and (b) maintained two depository accounts (together, the "Escrow Account") with Valley National Bank ("VNB").

8. Chapter Participants have made claims against the bond, their own credit and debit cards, the Escrow Account, and the Estate. The Trustee is in the process of reconciling the very large number of claims made against all of these sources of funds, as described below.

1. **Claims Against the Bond.**

9. In accordance with 14 C.F.R. § 380.34, on October 12, 2006, the Debtor posted a Public Charter Operator's Surety Bond, Bond No. 41060098 (the "Bond") in the amount of $200,000.00 to ensure the Debtor's compliance with applicable DOT regulations. Platte River guaranteed the Bond as the surety.

10. On September 4, 2012, the Trustee filed a Stipulation and Release Between the Trustee and Platte River Insurance Company regarding the Bond (the "Bond Stipulation"), which this Court approved on October 1, 2012.

11. Among other things, the Bond Stipulation provides that the Trustee will assume responsibility relating to the administration and reconciliation of any and all claims known to Platte River against the Bond in conjunction with the Trustee's normal claim administration

process in the Debtor's bankruptcy case. Notably, potential Bond claimants are required to first exhaust all efforts to obtain a reimbursement from those claimants' credit card and debit card companies and, if unsuccessful, demonstrate evidence of the claimant's inability to recover payments from such credit card and debit card companies.

2. **Charter Participants' Claims Against Their Credit and Debit Cards.**

12. JetPay Merchant Services, LLC ("JetPay") is a "credit card processor" that, by virtue of a Merchant Agreement among itself, Merrick Bank Corporation ("Merrick"), and the Debtor, had responsibility for processing customers' Visa, MasterCard, and Discover purchases of the Debtor's charter flights.

13. Since the Petition Date and the cancellation of the Debtor's flights, thousands of Charter Participants have sought "chargebacks" for flights purchased on their credit cards and debit cards. Merrick and American Express Travel Related Services Company, Inc. ("AMEX") have reimbursed those customers (where applicable, via their customers' credit card and debit card-issuing banks) in amounts far exceeding the Escrow Account balance. JetPay has informed the Trustee that, as of August 28, 2012, it has processed over 63,000 chargebacks and refunds from Merrick totaling approximately $25.8 million. AMEX has informed the Trustee that as of August 28, 2012, AMEX has processed over 6,000 chargeback transactions crediting American Express cardholders approximately $3.68 million for disputed charges related to purchases from the Debtor.

3. **Charter Participants' Claims Against The Escrow Account and The Estate.**

14. This Court has established September 11, 2012 as the deadline for creditors asserting pre-petition claims to file such claims against the Estate (the "Chapter 7 Bar Date").

15. On September 10, 2012, the Trustee filed a Motion for Order (A) Approving Agreement Regarding Debtor's Accounts at Valley National Bank and (B) Extending Claim Bar Date for Charter Participants to January 15, 2013 (the "VNB Motion to Approve"). In the VNB Motion to Approve, the Trustee seeks (1) approval of an agreement between the Trustee, JetPay, Merrick and AMEX regarding turnover of Escrow Account to the Trustee and (2) extending the prepetition claim bar date for Charter Participants to January 15, 2013. Pursuant to the VNB Motion to Approve, a certain portion of the Escrow Account shall be distributed to the Estate exclusively to partially or fully pay certain Charter Participants who did not receive a full refund or chargeback from their debit card or credit card companies, or who otherwise were not fully reimbursed in connection with money paid by them into the Escrow Account.

### C. The Claims Reconciliation Process.

16. The relevant claims bar dates have expired and the Trustee is prepared to proceed with the reconciliation and payment of all claims asserted in the Bankruptcy Court and in connection with the Bond and the Escrow Account. The Trustee has gathered information regarding claims asserted against the Bond, the Escrow Account, and the Estate. The Trustee has also gathered information regarding chargebacks to customers awarded by AMEX. However, the Trustee requires additional information from Visa, MasterCard, and Discover in order to identify the specific individuals that have initiated and been award or denied a chargeback.

17. Counsel for Merrick has provided the Trustee with a list of bank identification numbers issued by Visa, MasterCard, and Discover regarding the credit-card issuing banks (i.e., the Banks) that have provided chargeback credits to their customers with respect to a purchase from the Debtor, but the list does not identify the Banks by name. In order for the Trustee to identify the names of the individuals that received chargeback credits from Merrick, it is

necessary for Visa, MasterCard, and Discover to first identify by name the Banks that have provided those chargeback credits. Once Visa, Mastercard, and Discover identify the Banks, the Trustee will seek to obtain records from the Banks regarding their individual customer chargebacks.

18. Upon receipt and confirmation of all chargebacks awarded by the Banks, the Trustee will then be able to compare the chargebacks awarded by those Banks to all other claims asserted against the Bond, the Escrow Account, and the Estate. Based on this comparison, the Trustee intends to then make a determination as to which claims, if any, are duplicative and which claims have already been satisfied.

## II. Relief Requested.

19. As discussed in detail above, the Trustee seeks authority to conduct Rule 2004 Examinations in order to obtain information from Visa, MasterCard, and Discover, as well as their respective credit card-issuing banks (i.e., the Banks), in furtherance of his review, reconciliation and payment of Charter Participants' claims.

20. As set forth above, each of the Parties are in possession of various levels of information required by the Trustee in order to identify individuals that have initiated, and been awarded, chargebacks with respect to cancelled flights. The Trustee requires this information so he may identify duplicative and/or satisfied claims.

21. Based on the foregoing, the Trustee requests that this Court authorize the Trustee to conduct Rule 2004 Examinations (coupled with document production requests, which may suffice in lieu of actual examinations) of each of the Parties.

22. This Motion is without limitation to the Trustee's right to file subsequent motions seeking authority to conduct Rule 2004 examinations.

### III.  REQUEST FOR EXPEDITED DETERMINATION.

23. The Trustee requests that this Court determine this Motion on an expedited basis so that he can complete his review and reconciliation of all claims asserted against the Estate so that the case may be moved forward.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

a. Granting this Motion on an expedited basis;

b. Authorizing the Trustee to examine the Parties pursuant to Rule 2004; and

c. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina M. Barbieri
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated: March 29, 2013

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER AUTHORIZING TRUSTEE
## TO CONDUCT RULE 2004 EXAMINATIONS

Upon the Chapter 7 Trustee's Motion for Authority to Conduct Rule 2004 Examinations (the "Motion") dated March 29, 2013, filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, the Court finding that the Motion is in the best interest of the estate; sufficient notice of the Motion having been given; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The Motion is ALLOWED; and

2. The Trustee is authorized pursuant to Fed. R. Bankr. P. 2004 to conduct examinations of all parties listed on Exhibit A to the Motion, including without limitation Visa, MasterCard, Discover, and all relevant to-be-identified credit card-issuing banks (defined in the Motion as the "Banks") affiliated with Visa, MasterCard, and Discover.

Dated: _____, 2013

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2250331.DOC}

# EXHIBIT A

# EXHIBIT A

## Supplement to Chapter 7 Trustee's Motion for Authority to Conduct Rule 2004 Examinations.

| Party | Address/Contact Information |
|---|---|
| The Person Most Knowledgeable at Visa | Visa, Inc.<br>Attn: Legal Department<br>P. O. Box 8999<br>San Francisco, CA 94128-8999 |
| The Person Most Knowledgeable at MasterCard | MasterCard Advisors<br>Attn: Legal Department<br>2000 Purchase Street<br>Purchase, NY 10577 |
| The Person Most Knowledgeable at Discover | Discover Financial Services<br>Attn: Legal Department<br>P. O. Box 30943<br>Salt Lake City, UT 84130-0943 |
| Various Credit Card-Issuing Banks | To be supplied by Visa, MasterCard, and Discover pursuant to Rule 2004 Examinations of those entities. |

1