UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

MOTION TO LIMIT NOTICE
(re: Chapter 7 Trustee's Motion for Authority to
Conduct Rule 2004 Examinations)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the Chapter 7 Trustee's Motion for Authority to Conduct Rule 2004 Examinations (the "Rule 2004 Motion"), to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and all Parties named in the Rule 2004 Motion except the relevant debit card and credit card-issuing banks (the "Banks"), which have yet to be identified.

In support hereof, the Trustee submits the following:

1. On March 15, 2012 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. As described in the Rule 2004 Motion, the Trustee seeks authority to conduct examinations pursuant to Fed. R. Bankr. P. 2004 of the persons most knowledgeable at Visa, MasterCard, Discover, and any and all relevant debit card and credit card-issuing banks (i.e., the Banks).

5. As described in the Rule 2004 Motion, the Trustee is prepared to proceed with reconciliation of claims asserted by so-called "Charter Participants" against the Estate and other sources of funds, including claimants' credit and debt card companies.

6. The Trustee is in possession of a list of bank identification numbers issued by Visa, MasterCard, and Discover regarding the debit card and credit card-issuing banks (i.e., the "Banks") that have provided chargeback credits to their customers with respect to a purchase from the Debtor, but the list does not identify the Banks by name. In order for the Trustee to identify the names of the individuals that received chargeback credits from Visa, MasterCard, and Discover, it is necessary for Visa, MasterCard, and Discover to first identify by name the Banks that have provided those chargeback credits. Once Visa, Mastercard, and Discover identify the Banks, the Trustee will seek to obtain records from the Banks regarding their individual customer chargebacks.

7. As the Banks have not yet been identified by name, the Trustee is unable to notify the Banks of the pending Rule 2004 Motion. However, to the extent that, upon Bankruptcy Court approval of the Rule 2004 Motion, the Trustee issues a subpoena upon any of the Banks,

the Trustee proposes that any such Bank may object to the Trustee's authority to subpoena that specific Bank at that time.

8. Accordingly, the Trustee requests that he be authorized to limit notice of the Stipulation and Motion to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and all Parties named in the Rule 2004 Motion except the relevant debit card and credit card-issuing banks (the "Banks"), which have yet to be identified.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Allowing the Trustee's motion to limit notice; and

b. Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

/s/ Gina M. Barbieri
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: gbarbieri@mirickoconnell.com

Dated: March 29, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

ORDER AUTHORIZING MOTION TO LIMIT NOTICE
(re: Chapter 7 Trustee's Motion for Authority to
Conduct Rule 2004 Examinations)

Upon the motion dated March 29, 2013 (the "Motion") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the Chapter 7 Trustee's Motion for Authority to Conduct Rule 2004 Examinations (the "Rule 2004 Motion"); and the Court finding that the notice given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

    a.    The Motion is ALLOWED; and

    b.    The Trustee may limit notice of the Rule 2004 Motion to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected

governmental authorities, all parties that have filed requests for notice, and all Parties named in the Rule 2004 Motion <u>except</u> the relevant debit card and credit card-issuing banks (the "Banks"), which have yet to be identified.

Dated: _____, 2013

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge