UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a<br>DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**RESPONSE OF VALLEY NATIONAL BANK TO MOTION OF CHAPTER 7
TRUSTEE FOR ORDERS APPROVING: (1) THE PROPOSED FORM
AND SCOPE OF NOTICE AND (2) STIPULATION COMPROMISING
AND SETTLING CERTAIN CLAIMS TO FUNDS HELD BY
VALLEY NATIONAL BANK IN CERTAIN DEPOSITORY ACCOUNTS**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Valley National Bank ("VNB") in response to the Motion of the Trustee concerning the approval of the Stipulation. The capitalized terms herein shall have the same definition as set forth in the Motion.

1. VNB does not object to the relief sought by the Trustee in the Motion and, in fact, supports the Motion. VNB submits this response for the sole purpose of setting forth its position concerning certain statements made by the Trustee in the Motion.

2. There are several factual averments that VNB would dispute. While resolution of these factual issues may provide context, resolution is not necessary for the Court to decide the Motion. For example, in Paragraph 15 of the Motion, the Trustee states in pertinent part that the "Direct Air Accounts… should have held approximately $29.5 million on or shortly after the Petition Date." The $29.5 million is the approximate amount of the Chargebacks processed by Merrick Bank and AMEX. VNB believes that it is premature to state the amount that should

DM1\3801743.1

have been in the Direct Air Account because there is no indication that a thorough analysis has been done of the Chargebacks, especially concerning the nature of the cardholder claims that resulted in the Chargebacks. The fact that Merrick Bank and AMEX processed and approved the Chargebacks does not necessarily mean that an amount equal to the Chargebacks should have been in the Direct Air Accounts. However, the exact amount that Direct Air should have deposited into the Direct Air Account does not have to be decided to resolve the Motion.

3. The Trustee at Paragraph 8 of the Motion refers to the Depository Agreements and cites certain provisions from the agreements concerning the parties' rights and obligations. The Depository Agreements are referenced to provide context for the Motion and are not essential to deciding the Motion. The complete Depository Agreements, however, must be considered to provide proper context.

4. For instance, § 4.1 of the Depository Agreements states that VNB's duties are "purely ministerial in nature" and that VNB "should not be responsible for or be required to enforce any of the terms or conditions of this Agreement or any other agreement or institute legal proceedings of any kind." Further, § 4.3 of the Depository Agreements states that VNB was entitled to rely on the accuracy and genuineness of information provided by Direct Air without having to verify the truthfulness or accuracy thereof.

5. The Stipulation expressly states that it shall not be construed to prejudice to the Parties' rights or claims except as to Petition Date Funds. That condition should apply equally to the statement made in the Motion. VNB reserves its rights, including the right to contest in any forum the Trustee's characterizations of the terms and conditions of the alleged Depository Agreements and the scope of the parties' rights and obligations thereunder.

WHEREFORE, VNB joins in the Motion on the condition that the relief requested in the Motion and the averments made therein are without prejudice to the rights of the Parties, just as the terms of the Stipulation are without prejudice to the Parties.

Respectfully submitted,

VALLEY NATIONAL BANK

By its counsel

/s/ Jeffrey Sternklar
Duane Morris LLP (BBO No. 549561)
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: 857-488-4200
Telecopier: 857-488-4201
Email: JDSternklar@duanemorris.com

**Dated: April 5, 2013**