**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)**

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7<br>Case No. 12-40944-MSH** |

**REPLY OF MERRICK BANK CORPORATION TO THE RESPONSE OF VALLEY NATIONAL BANK AND IN FURTHER SUPPORT OF THE MOTION OF MERRICK BANK CORPORATION FOR AUTHORITY TO CONDUCT EXAMINATIONS <u>PURSUANT TO BANKRUPTCY RULE 2004</u>**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Merrick Bank Corporation ("Merrick"), and hereby files this Reply (the "Reply") in response to the Response (the "Response") [ECF No. 347] filed by Valley National Bank ("VNB") objecting to the relief sought by Merrick in its motion (the "Motion") [ECF No. 327] for an order authorizing Merrick to conduct examinations (the "Rule 2004 Examinations") to the same extent and of the same parties that the Court has granted such authority to Joseph H. Baldiga, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case").

VNB filed its Response in spite of the fact that the Trustee has assented to the relief sought by Merrick in this Motion, with the understanding that Merrick has committed to coordinate and cooperate with the Trustee regarding its 2004 examination activities to avoid undue burden upon third parties and to share with the Trustee all 2004 discovery obtained [see Motion at ¶ 39]. In response to VNB and in further support of its Motion, Merrick respectfully states as follows:

1703109_2

**I.    MERRICK'S REPLY**

    **A.    The Relief Sought by Merrick is not Ambiguous**

1.    VNB asserts that the "relief sought by Merrick in the Motion is ambiguous and Merrick's ultimate objective is questionable, thereby creating concerns for Valley." Resp. at ¶ 4.

2.    Merrick asserts that, on the contrary, the relief it seeks is not at all ambiguous. It wants the authority to conduct examinations under Bankruptcy Rule 2004, as is its right to seek under the plain language of that rule: "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). As one of the Debtor's likeliest largest creditors, Merrick certainly comprises a "party in interest" in this Bankruptcy Case.

3.    Moreover, the scope of the discovery relief sought by Merrick is not vague: Merrick wants the same relief—not more, not less—that the Court has already granted to the Trustee pursuant to Bankruptcy Rule 2004. See Motion at ¶ 35. The scope and proposed targets of the discovery sought by Merrick are thus the same as the discovery sought by the Trustee that has already been allowed by this Court. See Exh. A to Motion.

    **B.    Merrick's Ultimate Goal—Investigating the Shortfall—is not Questionable**

4.    Neither is Merrick's "ultimate objective" questionable. Merrick, having suffered losses of some $26,198,057.49 arising from the Debtor's collapse (see Motion at ¶¶ 13-17)[1], has discovered that the security it had relied upon—*i.e.*, the funds Merrick had itself deposited in the

---

[1] On May 3, 2013, Merrick filed amended proof of claim No.1439-2 in which Merrick asserted that the Debtor is liable to it in the amount of $26,198,057.49, as of March 14, 2013. VNB argues in the second portion of its Response that the amount of chargebacks incurred by Merrick would not necessarily equate with the amount of the Shortfall. See Response at ¶¶ 9-11. Merrick agrees; the Shortfall likely is *larger* than the chargeback total. However, this issue of the particular quantum of the Shortfall, which can be addressed later, in no way obviates the discovery relief presently sought by Merrick.

2

Debtor's DOT-regulated escrow accounts—at some point disappeared before the Petition Date, resulting in the "Shortfall," as defined in the Motion. See Motion at ¶ 18.

5. Merrick's ultimate objective is therefore simple, unambiguous and not at all questionable: Merrick wants the authority to conduct discovery that may bring facts to light that explain why the Shortfall exists, who now possesses—*i.e.*, who are the transferees of—the "proceeds" of the Shortfall, and who might be ultimately liable for the existence of the Shortfall.

### C. **Merrick and the Trustee Share this Unquestionable Ultimate Goal**

6. Merrick's ultimate objective—investigating the Shortfall—is the same goal, in relevant part, to one of the Trustee's own major objectives: to conduct an "Investigation" into the Shortfall. See Motion at ¶¶ 19-23.

7. Indeed, the impetus for the Motion arose of Merrick's concerns engendered by the inexplicably overlong negotiations with VNB over the terms of a settlement through which VNB would release the remaining funds in Debtor's escrow accounts, and the concomitant passage of over a year without the commencement of the necessary, in-depth investigation into the Shortfall. Merrick thus bore some real uncertainties that the Trustee's Investigation would timely begin given both these protracted negotiations and the complexities encountered during the subsequent effort to seek the Court's approval of the eventual settlement.

8. Now that the Court has granted [ECF No. 348] the Trustee's Motion [ECF No. 264] for approval of the disbursement of the remaining funds in the Debtor's escrow accounts pursuant to a settlement with VNB, the Trustee will be receiving $100,000 in "Investigation Funds".

9. Having a major stake in the outcome of the Trustee's Investigation into the Shortfall, Merrick wants to be able to help ensure the Trustee's success. In particular, because of

3

1703109_2

the delays in commencing the Investigation, there is a potentially vast amount of work that will need to be done, possibly very quickly, in order to avoid any statutes of limitation issues.

10. Given that the Investigation Funds that the Trustee will be receiving are limited, the Trustee and the Estate can only benefit from Merrick fully supporting this common endeavor of prosecuting the Investigation into the Shortfall.

### D. It is VNB's Motives in Frustrating Discovery that are Questionable

11. VNB asserts that Merrick is seeking authority to use Rule 2004 discovery for the inappropriate goal of developing claims against both VNB and other third-parties that would not be to the benefit the Estate. Response at ¶¶ 5-7. VNB thus asks that the Motion be denied unless Merrick affirms that it "intends to use the information obtained only for the purpose of benefiting the Estate in the Bankruptcy Case." Response at ¶ 8.

12. To the extent that Merrick is seeking to develop claims against third parties for liability for the Shortfall, Merrick asserts that it is thereby necessarily aiding the Trustee with his own Investigation and thus Merrick's expending its own resources in this common effort would be of obvious benefit to the Estate, as already noted.

13. Moreover, it is simply improper for VNB to try to completely forestall Merrick's assisting the Trustee in finally commencing discovery. A primary objective of the Investigation is to enable the Trustee to identify claims that can be prosecuted on the Estate's behalf; indeed, Merrick would benefit from the successful prosecution of such claims given its status as the Estate's largest known creditor. It is also not a foregone conclusion that the joint Investigation would not result in the development of claims that would be shared or pooled as between the Trustee, Merrick and perhaps others. By trying to impede Merrick's full participation in the

4

Investigation by impugning Merrick's motives, VNB is thereby frustrating the prosecution of the Investigation overall.

14. Although VNB may justifiably fear any augmentation to the Investigation that Merrick's cooperation with the Trustee will bring about, VNB's "concerns" relating to Merrick do not render Merrick's "ultimate goal" ambiguous or questionable. See, e.g., Response at ¶ 4.

15. Rather, what is questionable is VNB's opposition to a non-controversial effort by Merrick, a major creditor, to assist the Trustee, acting on behalf of the Estate (and thus the Debtor's creditor body, including Merrick), in the pursuit of mutually-beneficial discovery. VNB's own "ultimate objective" is apparently to keep the forthcoming Investigation as circumscribed and hobbled as possible.

### E.   The Merrick-Chartis Litigation is Irrelevant

16. VNB also asserts that Merrick is seeking authority to use Rule 2004 discovery for the inappropriate goal of dodging the more stringent rules pertaining to discovery under the Federal Rules of Civil Procedure, such as in a related insurance coverage proceeding arising from the collapse of the Debtor brought by Merrick in the United States District Court for the Southern District of New York (the "Chartis Litigation"). See Response at ¶ 4.

17. This final objection by VNB is specious. Of course Merrick wants to prevail as against its insurer in the Chartis Litigation. Merrick intends to be made whole for its losses.

18. That said, it is not Merrick that is pursuing discovery against VNB in the Chartis Litigation, but Chartis. VNB is thus trying to impede Merrick's right to pursue discovery as a creditor in this Bankruptcy Case under the Bankruptcy Code by preposterously arguing that it is trying to aid its adversary in the Chartis Litigation to avoid the Federal Rules of Civil Procedure.

5

1703109_2

19. When it filed the Motion, Merrick was not even aware of any discovery impasse as between VNB and Chartis in the Chartis Litigation. Moreover, after investigating this issue after VNB filed its Response, through discussions with Chartis and reviewing correspondence forwarded by Chartis, as far as Merrick knows and believes, there is no discovery impasse. It would thus seem especially improper to bar Merrick from the discovery relief it seeks in this Bankruptcy Case due to VNB's misrepresentation of collateral litigation elsewhere.

WHEREFORE, Merrick respectfully requests that this Court enter an order:

a. Overruling VNB's objections to the Motion in their entirety; and

b. Authorizing Merrick to conduct discovery pursuant to Rule 2004 to the same extent, and of the same parties, as those the Court has allowed the Trustee to examine; and

c. Granting Merrick such other and further relief as is just.

Respectfully submitted,

MERRICK BANK CORPORATION

By its counsel,

  /s Timothy T. Brock  
Timothy T. Brock
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, 11th Floor
New York, NY 10169
Phone: (212) 818-9200
Fax: (212) 818-9607
Email: tbrock@ssbbcom
Email: dgurfein@ssbb.com

Dated: June 23, 2013

6

1703109_2