# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>      **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## MOTION TO LIMIT NOTICE
(Re: Motion of Chapter 7 Trustee for Order (I) Approving Charter Participant Claim Reconciliation Process, Including Form of Notice to Charter Participants, (II) Disallowing Certain Charter Participant Claims, and (III) Extending Claim Bar Date For Charter Participants)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the Motion of Chapter 7 Trustee for Order (I) Approving Charter Participant Claim Reconciliation Process, Including Form of Notice to Charter Participants, (II) Disallowing Certain Charter Participant Claims, and (III) Extending Claim Bar Date for Charter Participants (the "Motion to Approve") to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and all parties listed on the Debtor's Amended Schedule of Post-petition Creditors.

In support hereof, the Trustee submits the following:

1.      On March 15, 2012, the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

{Practice Areas/CORP/15008/14190/A2326699.DOC}

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States. The Debtor operated its business primarily from its headquarters in Myrtle Beach, South Carolina. On March 13, 2012 (two days prior to the Petition Date), the Debtor stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed flights. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor.

5. On May 3, 2012, the Debtor filed, among other things, separate schedules for Schedule F creditors, categorized as consumer creditors ("Schedule F - Consumer Creditors") and non-consumer creditors ("Schedule F – Non-Consumer Creditors"; together with the Schedule F – Consumer Creditors, the "Schedule F Creditors"). The number of Schedule F – Consumer Creditors totals approximately 93,000 and, upon information and belief, are all consumer creditors who purchased airline tickets for flights that never occurred (i.e., Charter Participants). There are approximately 117 Schedule F – Non-Consumer Creditors.

6. On the date hereof, the Trustee filed the Motion to Approve seeking, among other things, approval of a proposed process for the reconciliation of all claims asserted by Charter Participants against (a) the Debtor's bankruptcy estate (the "Estate"), (b) the bond guaranteed by Platte River Insurance Company (the "Bond"), and (c) certain accounts maintained by Valley National Bank (the "VNB Account") for monies lost in connection with the Debtor's cancelled

flights and ceased operations and expenses incurred due to those cancellations and the cessation of operations (the "Charter Participant Claims").  As discussed in the Motion to Approve, the proposed claim process consists of: (a) consolidation of funds available to pay unreimbursed Charter Participants on account of their claims against the Bond, the VNB Account, and/or the Estate; (b) mailing a Claim Notice (a form of which is attached to the Motion to Approve) to all Charter Participants who asserted Charter Participant Claims, such that unreimbursed Charter Participants can complete the Claim Notice with updated claim information and return it to the Trustee, (c) disallowance of all Charter Participant Claims asserted through an extended bar date, and (d) extending the bar date for Charter Participants to assert Charter Participant Claims.

    *7.*    Approximately 6,000 Charter Participants filed Charter Participant Claims against the Bond, the VNB Account, and/or the Estate.  A random comparison of the Charter Participant Claims shows a substantial amount of duplication among the claims asserted against the Bond, the VNB Account, and the Estate.  In addition, the Trustee suspects that many of the Charter Participants that filed Charter Participant Claims were reimbursed in part or in whole by their credit card or debit card companies after they filed their Charter Participant Claims.  As discussed in the Motion to Approve, the Trustee has proposed a new claims reconciliation process in order to streamline the process and promote efficiency.  The Trustee submits that it would impose an undue burden on the Estate both financially and administratively to serve the Motion to Approve on all Charter Participants that filed Charter Participant Claims.  Moreover, under the proposed claim reconciliation process set forth in the Motion to Approve, the Trustee will mail a copy of the Claim Notice to all Charter Participants that asserted Charter Participant Claims.  Since all affected claimants will receive a copy of the Claim Notice, and will therefore have an opportunity to assert an amended or superseding claim pursuant to this new claim

reconciliation process, the claimants will not be unduly prejudiced by limitation of service of the Motion to Approve.

8. Based on the foregoing, the Trustee believes that service of the Motion to Approve on the Schedule F Creditors—or the 6,000 Charter Participants that filed Charter Participant Claims-- is unnecessary and would impose an undue burden on the Estate both financially and administratively.

9. Accordingly, the Trustee requests that he be authorized to limit notice of the Motion to Approve to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and all parties listed on the Debtor's Amended Schedule of Postpetition Creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Allowing the Trustee's motion to limit notice; and

b. Granting such other and further relief as is just.

> Respectfully submitted,
>
> JOSEPH H. BALDIGA,
> CHAPTER 7 TRUSTEE
>
> /s/ Gina Barbieri O'Neil
> Joseph H. Baldiga, BBO #549963
> Gina Barbieri O'Neil, BBO #670596
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 1800 West Park Drive, Suite 400
> Westborough, MA  01581
> Phone: 508.898.1501
> Fax:    508.898.1502
> Email: bankrupt@mirickoconnell.com
> Email: goneil@mirickoconnell.com

Dated: June 24, 2013

{Practice Areas/CORP/15008/14190/A2326699.DOC}    4

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## ORDER AUTHORIZING MOTION TO LIMIT NOTICE
### (Re: Motion of Chapter 7 Trustee for Order (I) Approving Charter Participant Claim Reconciliation Process, Including Form of Notice to Charter Participants, (II) Disallowing Certain Charter Participant Claims, and (III) Extending Claim Bar Date for Charter Participants)

Upon the motion dated June 24, 2013 (the "Motion") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the Motion of Chapter 7 Trustee for Order (I) Approving Charter Participant Claim Reconciliation Process, Including Form of Notice to Charter Participants, (II) Disallowing Certain Charter Participant Claims, and (III) Extending Claim Bar Date for Charter Participants (the "Motion to Approve"), and the Court finding that the notice given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

    a.    The Motion is ALLOWED; and

        b.        The Trustee may limit notice of the Motion to Approve to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and all parties listed on the Debtor's Amended Schedule of Postpetition Creditors.

Dated: _____, 2013

                                                                            Honorable Melvin S. Hoffman
                                                                            United States Bankruptcy Judge