UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>       **Debtor.** | **Chapter 7<br>Case No. 12-40944-MSH** |

**RESPONSE AND LIMITED OBJECTION OF MERRICK BANK CORPORATION TO
THE CLAIMS RECONCILIATION MOTION OF THE CHAPTER 7 TRUSTEE**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Merrick Bank Corporation ("Merrick"), and hereby files this Response

and Limited Objection (the "Response") in response to the Motion (the "Motion") [ECF No.

360] filed by Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor") for the entry of

an Order (I) approving a process for reconciliation of all claims asserted by Charter Participants

against (a) the Estate (*i.e.*, "Filed Claims"), (b) the bond (the "Bond") guaranteed by Platte River

Insurance Company (*i.e.*, "Bond Claims"), and (c) certain accounts at Valley National Bank (*i.e.*,

"VNB Claims" and, collectively with the Filed and Bond Claims the "Claims"), (II) disallowing

certain Claims, and (III) extending the claims bar date for Charter Participants.    In response to

the Motion and in support of its Response, Merrick respectfully states as follows:

**I.    MERRICK'S RESPONSE**

**A.    Merrick Broadly Supports the Trustee's Present Goal and Proposed Claims Process**

    1.    In the main, Merrick has supported – even aided – the Trustee in his laudable

efforts to devise a practical and yet fair means of reconciling the large volume of mostly small

consumer claims of Charter Participants. Indeed, Merrick is desirous of seeing the Trustee

receive the type of relief he seeks by his Motion.

2.      The purpose of this pleading is two-fold: first, it is to disclose to the Court one

area where the Trustee's chosen approach differs from the approach Merrick would prefer to be

taken. Merrick's concern here is that the Trustee's approach may ultimately require a repetition

of essentially the same process being undertaken here of soliciting information from the Charter

Participant claimants. Merrick's view is that such disclosure to this Court might be of practical

and/or legal importance in terms of reserving its rights to come to the Court (perhaps in

conjunction with another motion from the Trustee) to again revisit some of the priority and

allowance issues addressed (or not) by the Motion and proposed Order.

3.      Second, Merrick believes that the proposed Order requires some simple

modifications to clarify that the scope of relief the Trustee seeks is limited (thereby further

clarifying that broader relief would only be granted pursuant to subsequent motion).

**B.      The Trustee has Exercised his Discretion in Rejecting Aspects of Merrick's Proposal**

4.      On July 26, 2013, the Trustee filed a Supplement to the Motion, to which he

attached a proposed modified Claim Form for Charter Participants and a modified proposed

Order [ECF No. 373].

5.      As noted by the Trustee in the Supplement [ECF No. 373 at ¶ 2], these revisions

were based on the Trustee's negotiations with the U.S. government's counsel representing the

interests of the Department of Transportation ("DOT") and the undersigned counsel for Merrick.

6.      The Trustee has rejected certain of Merrick's suggestions as to further revisions of

the Claim Form.  Merrick had proposed that the Claim Form include two additional data-

collection questions for Charter Participant claimants:  1) whether the Claim was based on

1730368_3

anything other than recovery of funds paid to the Debtor for tickets for specified flights or for pre-paid tickets or flight vouchers (such as a claim for costs-of-cover or consequential damages); and, 2) whether the claim included "membership fees," and how much was paid for such fees, associated with the Debtor's sale of vouchers for unspecified later flights (generally through what Merrick understands was called the Debtor's "Family Ties" program).

7.    Merrick determined that data collected from these additional questions would be potentially important because: 1) the Trustee's Motion and proposed Order understandably seeks to rectify the anomalous situation where many Charter Participant claimants either "understated" their claims by neglecting to request section 507(a)(7) treatment of their claims or, conversely, erroneously "overstated" their claims by characterizing them as "secured" (and Merrick supports the Trustee's efforts in this regard), and 2) in the weeks since the Motion was first filed, Merrick has acquired an understanding that the Debtor's Family Ties program (again, the purchase of vouchers and memberships) may prove to be the source of a large fraction of the Claims, the chargebacks, and even the "shortfall" (as that latter term has come to be used in descriptions of this case).

8.    Merrick had requested the inclusion of these foregoing questions because it believes that the law is clear that funds paid by Charter Participants for anything other than for flight tickets or flight vouchers (such other items including membership fees or costs-of-cover) do not constitute "deposits" and so ought not to receive priority treatment under Section 507(a)(7).  The modifications were questions designed to "flag" for potential scrutiny those Claims of Charter Participants that could include certain non-priority, general unsecured components.  If such scrutiny revealed problems of a sufficient magnitude, additional claims objections would therefore be advisable, in Merrick's view.

3

9.      Yet, the Trustee exercised his business judgment and rejected Merrick's proposed additional questions to the Claim Form, stating that his intent was to distribute certain earmarked funds set aside for Charter Participants (see Motion at ¶¶ 13 & 20) (thought to be approximately $250,000) as soon as was feasible and that giving the Claims the additional threshold scrutiny requested by Merrick through its two proposed questions would not only further delay such distribution, but would incur further administrative costs.

10.     The Trustee evidently believes that the priority-entitlement concerns raised by Merrick do not need to be resolved to a high level of precision when the only affected parties are the Charter Participants themselves; Merrick does not quibble on this point.

11.     The Trustee did adopt certain of Merrick's proposed suggestions, including one for the mechanism whereby a single Claim Form could be submitted on behalf of multiple claimants (*i.e.*, in instances where the lead Charter Participant had purchased tickets or vouchers on behalf of others, such as for members of his or her family) and that each such claimant in the group could qualify for the applicable limit for priority treatment ($2,600) under Section 507(a)(7) of the Bankruptcy Code.

**C.      Merrick does not Object to the Relief Presently Sought by the Trustee**

12.     Although Merrick believes its proposed, but rejected, revisions have merit (and does not agree with the Trustee's rejection of them), it certainly does not want to obstruct or delay the Trustee's reconciliation process for Charter Participant Claims, especially now that the Trustee has made it clear in communications with Merrick that the Motion is intended to facilitate the speedy distribution of only the approximately $250,000 presently held by him and earmarked for Charter Participants arising both from the settlement with VNB over the escrowed funds held by it in certain accounts ($75,000)  and from proceeds from the Bond ($175,000).

4

13.     To the extent that the Motion and relief to be granted by the Court on the Motion extends initially only to the right of, and Section 507(a)(7) priority held by, Charter Participants to the foregoing $250,000 and does not apply irrevocably to the remainder of the Estate, Merrick does not object to the relief presently sought by the Trustee.

**D.      Merrick Reserves its Rights to Raise the Foregoing Issues as to the Estate**

14.     Merrick believes that its proposed modifications had merit because, by using the present claims reconciliation process to "flag" certain Claims for further potential scrutiny in the future, its proposed questions could have been of great help in streamlining the ultimate claims reconciliation process, and thus would have helped in determining the ultimate allowance and priority of claims as to the Estate generally.  Merrick believes that the only practical way to effectively examine these Claims may be through the questionnaire process and "flagging".

15.     Should significant additional assets come into the Trustee's possession on behalf of the Estate, the issue of the priority of claims raised by Merrick in its negotiations and in this Response (assuming that the Charter Participants are not fully made whole by the Trustee's distribution of the $250,000 to them) will resurface, and the issue could need to be addressed once again by this Court.

16.     Merrick accordingly reserves all of its rights concerning future distributions, if any, to be made by the Trustee out of the Estate, including its right to further scrutinize (such as by requiring additional mandatory responses from Charter Participants on subsequent motion by Merrick or the Trustee), or object to, the claims (and asserted priority of any claims) of Charter Participants who participate in the claims reconciliation process by executing and filing the

5

Claim Form.[1]  (The foregoing is stated operating on the assumption that Charter Participant claimants who fail to participate in the claims reconciliation process will have their Claims disallowed and will not be receiving any distributions, whether out of the $250,000 or from the Estate generally.)

## II.    MERRICK'S LIMITED OBJECTION

### A.    Merrick only Objects to the Form of the Trustee's Present Proposed Order

17.    In light of its foregoing concerns, Merrick is filing its present Limited Objection only to the form of the Trustee's proposed Order, as modified and filed on July 26, 2013.

18.    Although the Motion has language evidencing the Trustee's intent that the relief to be granted by the Court on this Motion pertains only to the $250,000 (*see, e.g.*, Motion at ¶¶ 41-42), the language of the proposed Order, even as modified by the Trustee, does not specify that the treatment of Claims of Charter Participants who participate in the claims reconciliation process by executing and filing the (modified) Claim Form will only pertain to the distribution of the $250,000 arising in funds derived from the Bond and the settlement with VNB, and not to possible additional distributions of Estate funds.

19.    Merrick thus objects to the extent that the Court's entry of the Trustee's proposed form of order would operate to irrevocably allow the Claims (and accord such Claims full Section 507(a)(7) priority) of Charter Participants who participate in the claims reconciliation process, and fix their entitlement of any  subsequent distributions by the Trustee out of the Estate.

---

[1]    It is appropriate to note that Merrick's concerns explained above could theoretically be mooted by the Claim Form process outlined in the Motion (see Motion at ¶ 24).  If the vast majority of the approximately 6,000 potential  Claims identified by the Trustee fail to materialize, Merrick's concerns would be greatly lessened, perhaps even eliminated.

1730368_3

20.     Merrick therefore proposes that the following two provisions, or language substantially similar to same, be added to the Order, either at the end of the Order or between paragraphs 5 and 6:

a.    "The priority of the claims of Charter Participants who submit claims consistent with the Claims Notice pursuant to Bankruptcy Code § 507(a)(7) shall apply immediately to only the $250,000 in funds now held by the Trustee on their behalf, and, subject to the next paragraph, to any subsequent distributions made by the Trustee out of the Estate;" and,

b.    "The entry of this Order is without prejudice to any party objecting to the claims of Charter Participants who submit claims consistent with the Claims Notice or to any party's requesting relief related to such claims;"

WHEREFORE, Merrick respectfully requests that this Court enter an order:

a.    Granting the relief sought by the Trustee in the Motion; but

b.    Modifying the Order entered as set forth above; and

c.    Granting Merrick such other and further relief as is just.

Respectfully submitted,

MERRICK BANK CORPORATION

By its counsel,

  /s Timothy T. Brock_____ ____
Timothy T. Brock
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
Phone:  (212) 818-9200
Fax:  (212) 818-9607
Email:  tbrock@ssbb.com
Email:  dgurfein@ssbb.com

Dated: July 29, 2013

7