UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC,<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

## TRUSTEE'S AMENDED APPLICATION FOR
## AUTHORITY TO EMPLOY SPECIAL COUNSEL

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC, d/b/a Direct Air (the "Debtor"), and, pursuant to 11 U.S.C. § 327(e), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize, on an amended basis, the employment of Robert M. Dees, Esq. and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. as special counsel on a contingency basis ("Special Counsel") to the Trustee. In support hereof, the Trustee states as follows:

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this case. See attached **Exhibit A**.

4. The Trustee seeks to amend the agreement to employ Special Counsel on a contingency basis in accordance with Bankruptcy Code 2014 and MLBR 2014-1 (the "Special Counsel Retention Application").

5. The Trustee seeks to employ Special Counsel in order to continue prosecution of an appeal pending in the District Court of Appeal, Fourth District, State of Florida (Case No. 4D11-2018) (the "Appeal Action") filed prior to the Petition Date by the Debtor as Appellant/Garnishee v. Arrow Energy, Inc., Appellee/Judgment Creditor/Plaintiff ("Arrow"). Additionally, if and when the Appeal Action is successful, the Trustee proposes to utilize Special Counsel to recover substantial sums paid to Arrow or to secure a bond for Arrow's claim in conjunction with Arrow's garnishment action, based on restitution and possibly other grounds (collectively with the Appeal Action, the "Claims"). The Amended Special Counsel Retention Application conforms the scope of representation to the claims available to the Debtor against Arrow. The broader description of employment in the original employment agreement was being used by Arrow to attempt to proceed with a garnishment action against the Debtor outside of these proceedings, which is not in the best interests of the Estate or the creditors.

6. The Trustee selected Robert M. Dees and his firm to act as Special Counsel on the Trustee's behalf because Special Counsel has performed substantial work on the matter and the Appeal Action on behalf of the Debtor prior to the Petition Date and is very familiar with the Claims. The Trustee believes that Special Counsel is well qualified to represent him in this case.

7. It is the carefully considered view of the Trustee that representation of the Trustee by Special Counsel is necessary and advisable. Upon information and belief, Special Counsel is fully qualified to render the services described above in this case.

3

8. Special Counsel has indicated a willingness to serve as Special Counsel to the Trustee herein and to receive compensation for professional services rendered on a contingency fee basis, at the rate of 30% of any funds recovered relating to the supersedeas bond and 40% of any recovery of funds paid to Arrow; plus 100% of reasonable expenses, in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code. A copy of the amended contingency fee agreement is attached as **Exhibit B**.

9. To the best of the Trustee's knowledge, information and belief, Special Counsel has no connection with the Debtor, the creditors or any other party in interest and represents no other entity having an adverse interest to the Debtor or the Trustee in connection with this case other than as set forth in the Amended Affidavit of Robert M. Dees filed herewith.

10. All compensation of fees and disbursement of expenses shall be subject to the filing of an application for compensation in accordance with MLBR 2016-1 and a court order allowing same and shall be paid only from amounts recovered in connection with the Claims and not from other funds, if any, in the Debtor's bankruptcy estate.

11. Based upon the foregoing, the Trustee submits that the retention of Special Counsel would be in the best interests of the Estate and creditors herein.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

(a) Authorizing the Trustee to employ Special Counsel on the amended terms and conditions set forth above; and

(b)    Granting such other and further relief as is just.

        Respectfully submitted,

        JOSEPH H. BALDIGA,
        CHAPTER 7 TRUSTEE

        By his counsel,

        /s/ Joseph H. Baldiga
        Joseph H. Baldiga, BBO #549963
        Gina M. Barbieri, BBO #670596
        Mirick, O'Connell, DeMallie & Lougee, LLP
        1800 West Park Drive, Suite 400
        Westborough, MA 01581
        Phone: 508.898.1501
        Fax:   508.898.1502

Dated: September 18, 2013        Email: bankrupt@mirickoconnell.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC,**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING TRUSTEE'S AMENDED APPLICATION
## FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL

Upon the application dated September 18, 2013 (the "Amended Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for authority to employ Robert M. Dees, Esq. and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. ("Special Counsel"), and upon the amended affidavit of Robert M. Dees, Esq. attached to said Amended Application; and it appearing that Special Counsel is qualified to serve as special counsel to the Trustee, and it appearing that Special Counsel neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7 case and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that Special Counsel's employment is in the best interests of the estate, no objections having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized to employ Robert M. Dees and the law firm of Milam, Howard, Nicandri, Dees & Gillam, P.A. to serve as Special Counsel in the above-

{Practice Areas/CORP/15008/14190/A2392653.DOC}

2

captioned Chapter 7 proceeding and to perform all of the services described in the Amended Application. All compensation and expenses are subject to Court approval.

Dated: _____

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:   Southern Sky Air & Tours, LLC d/b/a Direct Air<br>Debtor, | Chapter: 7<br>Case No: 12-40944<br>Judge Melvin S. Hoffman |

### CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND FIXING OF BOND

Pursuant to 11 U.S.C. § 701(a)(1)

Joseph H. Baldiga
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926

is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. § 702(d).

Date:4/11/12                                                                                    William K. Harrington
                                                                                                        U.S. Trustee
                                                                                                        (617) 788-0400

Original filed with Bankruptcy Court
Copy to trustee

### REJECTION

I, Joseph H. Baldiga , hereby REJECT appointment as Trustee.
Dated: This day of _____ .

                                                                                                        Joseph H. Baldiga

Original filed with Bankruptcy Court
Copy to United States Trustee

85

# EXHIBIT B

Direct Air
Chapter 7 #12-40944

## AMENDED CONTINGENCY FEE CONTRACT FOR PROFESSIONAL SERVICES, AUTHORITY TO REPRESENT AND LIMITED POWER OF ATTORNEY

1. The undersigned, (collectively, the "Client"), does hereby retain the services of Milam Howard Nicandri Dees & Gillam, P.A. (the "Firm"), as attorneys for the Client, to represent him in connection with the continued prosecution of an appeal pending in the District Court of Appeal, Fourth District, State of Florida (Case No. 4D11-2018) (the "Appeal Action") filed prior to the Petition Date by the Debtor as Appellant/Garnishee v. Arrow Energy, Inc., Appellee/Judgment Creditor/Plaintiff ("Arrow"). Additionally, if and when the Appeal Action is successful, the Trustee proposes to utilize Special Counsel to recover substantial sums paid to Arrow or to secure a bond for Arrow's claim in conjunction with Arrow's garnishment action, based on restitution, fraudulent transfer, and possibly other grounds.

2. Client understands and agrees that this employment is being undertaken upon a contingency fee basis, and if no recovery is made, Client will not be indebted to the Firm for any sum whatsoever as attorneys' fees. Client understands that because of the contingent fee nature of this case, the Firm is assuming all, or nearly all, of the risk associated with this litigation, including but not limited to the inherent risk of loss in any litigation, the risk that the defendant may employ delaying or unusually stubborn defense tactics, the risk that defendant may resist payment on a judgment and/or dispose of or attempt to dispose of assets during litigation, the risk that defendant may not have sufficient funds to pay on a judgment, and the risk that defendant may appeal the trial court decision and further delay payment. For these reasons, Client has negotiated and agreed to the fee structure set forth in this contract.

3. **As compensation for the Firm, Client agrees to pay the greater of the following contractual fees or court awarded fees, subject to Bankruptcy Court approval:**

    a. **Contractual Fees:**

    i. 30% of any funds recovered relating to the supersedeas bond and 40% of any recovery of funds paid to Arrow; plus 100% of reasonable expenses, in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code.

    ii. Client also agrees to pay all costs incurred in connection with the Firm's activities, including but not limited to, any filing fees for appeal, copy charges, expert fees or related charges.

    iii. All fees and expenses to be paid hereunder shall be payable only from any recoveries in the matter(s) for which the Firm is being retained.

4. Client understands that this contract is governed by Florida law, subject to the Bankruptcy Code and Rules and Local Rules as practiced in the Bankruptcy Court. In the event the Firm finds it necessary to undertake any litigation to enforce their rights under the contract and/or to compel performance of my obligations, then they shall be entitled to their reasonable attorneys' fees and costs associated with such litigation, but only if the Bankruptcy Court so allows.

5. Client understands and agrees that the Firm has made no promises or warranties to me regarding the outcome or conclusion of this action, and all expressions made by the Firm relative to the cause of action are matters of opinion only, made in good faith. Further, the Firm has made no representations to Client (and Client has not relied on any representations) that are not contained in this agreement.

_____ Client's Initials

Direct Air
Chapter 7 #12-40944

6. Client has, before signing this contract, received and read the Statement of Client's Rights, and understands each of the rights set forth therein. Client has signed the statement and received a signed copy to keep and refer to while being represented by the Firm. A copy is attached to this contract. Additionally, Client has received and read a copy of Rule 4-1.5 ("Fees for Legal Services") of the Rules Regulating the Florida Bar as attached and have been given a copy for my records. Client has initialled both of these documents indicating Client understands them and that the Firm has answered all of Client's questions about them.

7. Client has been advised by the Firm to obtain independent advice from another attorney or other disinterested person whose judgment Client trusts concerning the terms of this contract, and Client has obtained such other advice and counsel as Client has deemed necessary. Client has personally read the contract and all attachments. Client considers it to be fair, particularly in view of the risks that the Firm is assuming and the time they have and will be required to devote to the case. Client has therefore signed this agreement freely and without coercion. All of Client's questions concerning this contract have been answered and all aspects have been explained to me. Client has received a signed copy of this contract for its records.

8. It is understood and agreed that neither Client nor the Firm wish to enter into an unenforceable contract. In the event that this contract is found to contain an unenforceable provision, then it is understood and agreed that such provision shall be deemed stricken, with the balance of the contract remaining fully enforceable.

Dated this 17th day of September, 2013.

Client: _____
By: _____ Chapter 7 Trustee
~~Its Authorized Officer~~

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By: _____
Robert M. Dees

_____ Client's Initials                    2

Direct Air
Chapter 7 #12-40944

## STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee, although you may be responsible for your lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case, without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3 day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers he or she should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or associate with other lawyers, you should sign a new contract which includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you might have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

_____ Client's Initials

Direct Air
Chapter 7 #12-40944

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You have the right to have every lawyer or law firm working on the case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you, the client, have the right to report to The Florida Bar, the agency that oversees the practice and behaviour of all lawyers in Florida. For information on how to reach The Florida Bar, call 904-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually, fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rules under the Rules Regulating The Florida Bar) be included in your fee contract.

Client: _____

By: _Chapter 7 Trustee_
Its Authorized Officer

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By: _____
Robert M. Dees

_____ Client's Initials            2