UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC,<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### AMENDED ATTORNEY'S AFFIDAVIT

STATE OF FLORIDA       )
                       ) ss.:
COUNTY OF DUVAL        )

Robert M. Dees, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the State of Florida, the Eleventh Circuit Court of Appeals, and the Middle District, Southern District, and Northern District Federal Courts in Florida. I am an attorney with a principal business location of Milam, Howard, Nicandri, Dees & Gillam, P.A. ("Milam Howard"), 14 East Bay Street, Jacksonville, Florida 32202 and am a qualified person to perform the services described in the Trustee's Amended Application for Authority to Employ Special Counsel (the "Application to Employ").

2. Neither I, nor any member or associate of my firm, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged. Thus, I believe I am a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code. Milam Howard has represented the Debtor in *Arrow Energy, Inc. v. Aviation Fuel International, Inc., et al*, in the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No.: 2010-48678 CACE (the "Arrow Matter") and *Kenneth Forrey v. Casino Direct Air*,

*LLC, et al.*, in the Sixth Judicial Circuit, in an for Pinellas County, Florida, Case No.: 09-3102-CI-07 (the "Forrey Matter"). The Arrow Matter is a garnishment action in which a judgment in the amount of $325,138.97 was entered against the Debtor based upon an amount the debtor purportedly owed to Aviation Fuel International ("AFI"). Arrow obtained a judgment in the amount of $313,036.08 against AFI and served a writ of garnishment on the Debtor. During the garnishment proceedings, the Debtor became aware that it did not owe money to AFI. However, the trial court nevertheless entered a garnishment judgment against the Debtor. The garnishment judgment has been reversed by the Fourth District Court of Appeal, but Arrow has not returned $200,000.00 it obtained by executing on the garnishment judgment before it was reversed. Arrow owes restitution of such funds.

The Forrey Matter was a personal injury action in which the defendant Signature Flight Support Corporation filed a third-party complaint against the Debtor based upon an indemnification clause in a contract. The Forrey matter was settled between the plaintiff and Defendant.

Milam Howard represented the Debtor in both matters for an hourly fee of $270.00.

3.   I have agreed to represent Joseph H. Baldiga, Chapter 7 trustee of the bankruptcy estate of Southern Sky Air & Tours, LLC, d/b/a Direct Air, on a contingency fee basis, at the rate of 30% of any funds recovered relating to the supersedeas bond and 40% of any recovery of funds paid to Arrow, plus 100% of reasonable expenses, by my representation as special counsel.

4.   Since the Debtor was considerably behind in paying its legal fees, Milam Howard, in November, 2011, refused to perform any more work until the past due amounts were paid. In December, the Debtor asked if Milam Howard would prepare the initial brief on appeal if it made a $10,000.00 payment by December 31, 2011. Milam Howard agreed to those terms. The

Debtor made a $10,000.00 payment on January 3, 2012, and Milam Howard prepared the initial brief.

5. After receipt of payments referred to in Paragraph 4, Milam Howard provided additional legal services prior to the petition date, totaling $7,739.47. Inclusive of that amount, as of the Debtor's March 15, 2012 Chapter 11 petition date, Milam Howard was owed $48,350.31 in legal fees and expenses. Conditional on the Trustees' acceptance (and the Bankruptcy Court's approval) of this special counsel employment agreement, Milam Howard agrees to waive any claim for unpaid prepetition fees and expenses. Copies of Milam Howard's billings in the referenced matter are attached.

6. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

7. I have reviewed the provisions of MLBR 2016-1.

8. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 17, 2013

Robert M. Dees, Esq.