B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>The Station, Inc. d/b/a Company Two Fire |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Gina Barbieri O'Neil, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax: (508) 791-8502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502(d), 548, and 550 to (a) avoid and recover a certain pre-petition transfer; and (b) disallow any claims the transfer recipient may have against the Estate.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $15,100 |

Other Relief Sought

{Practice Areas/CORP/15008/14190/A2378379.DOC}

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>**Southern Sky Air & Tours, LLC d/b/a Direct Air** | BANKRUPTCY CASE NO.<br>**12-40944-MSH** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Massachusetts** | DIVISIONAL OFFICE<br>**Central** | NAME OF JUDGE<br>**Melvin S. Hoffman** |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| /s/ Gina Barbieri O'Neil ||
| DATE<br>9/19/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gina Barbieri O'Neil |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

{Practice Areas/CORP/15008/14190/A2378379.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br>    **Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7<br>TRUSTEE OF THE BANKRUPTCY<br>ESTATE OF SOUTHERN SKY AIR &<br>TOURS, LLC d/b/a DIRECT AIR,<br>    **Plaintiff,**<br><br>v.<br><br>THE STATION, INC.<br>d/b/a COMPANY TWO FIRE,<br>    **Defendant.** | Adversary Proceeding<br>No. _____ |

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action, pursuant to 11 U.S.C. §§ 502(d), 548 and 550, (a) to avoid and recover a certain pre-petition transfer the Debtor made to the defendant, The Station, Inc. d/b/a Company Two Fire ("The Station" or "Defendant"); and (b) to disallow any and all claims The Station may have against the Estate.

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Upon information and belief, the defendant, The Station, Inc. d/b/a Company Two Fire, is a Georgia corporation with a principal place of business located at 283 Foster Street, Varnville, South Carolina 29944.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 502, 548, and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H), and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in paragraphs 1 through 6.

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On April 11, 2012, the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. Prior to the Petition Date, the Debtor was a public charter operator with charter programs serving various points in the United States.

11. On February 16, 2012, approximately one month prior to the Petition Date, the Debtor entered into an equipment lease (the "Fire Truck Lease") with Company Two Leasing, LLC for the lease of a fire truck commencing on March 1, 2012 (less than two weeks before the Petition Date) and ending on May 1, 2012.

12. Upon information and belief, Company Two Leasing, LLC is an affiliate of The Station.

13. On or about February 28, 2012, the Debtor made a wire transfer to The Station in the amount of $15,100.00 (the "Transfer"). A copy of the Debtor's bank statement reflecting the Transfer is attached hereto as **Exhibit A**.

14. Upon information and belief, the Debtor made the Transfer in connection with the Fire Truck Lease. Further upon information and belief, the Transfer represented pre-payment for shipment and use of a fire truck pursuant to the Fire Truck Lease.

15. Upon information and belief, pursuant to the Lease, The Station and/or Company Two Leasing, LLC shipped a fire truck to the Charlotte County Airport, the Charlotte County Airport Authority, or the Punta Gorda Airport, as Consignee, on or about February 29, 2012.

16. The Debtor ceased flight operations on or about March 12, 2012, three days prior to the Petition Date. After it ceased flight operations, the Debtor did not use the fire truck and, therefore, did not benefit from use of the fire truck. Further, upon information and belief, the Debtor made little to no use of the fire truck during the approximately two weeks between the

Transfer and March 12, 2012 and, therefore, got little to no benefit from use of the fire truck during that pre-petition period.

### COUNT I – CONSTRUCTIVE FRAUDULENT TRANSFER
(Avoidance and Recovery of the Transfer as a Constructive Fraudulent Transfer pursuant to Bankruptcy Code §§ 548 and 550)

17. The Trustee reasserts the allegations set forth in Paragraphs 1 through 16 as if expressly restated and realleged.

18. Under Bankruptcy Code § 548(a)(1)(B), the Trustee may avoid any transfer of the Debtor's interest in property, or any obligation incurred by the Debtor, made or incurred on or within two years prior to the Petition Date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation, and the Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer.

19. The Debtor made the Transfer on or about February 28, 2012, within two years prior to the Petition Date.

20. Upon information and belief, the Transfer represented pre-payment for shipment and use of a fire truck from March 1, 2012 to May 1, 2012 pursuant to the Fire Truck Lease.

21. The Debtor ceased flight operations on or about March 12, 2012, three days prior to the Petition Date. After it ceased flight operations, the Debtor did not use the fire truck and, therefore, did not benefit from use of the fire truck. Further, upon information and belief, the Debtor made little to no use of the fire truck during the approximately two weeks between the Transfer and March 12, 2012 and, therefore, got little to no benefit from use of the fire truck

during this time. Accordingly, the Debtor received less than a reasonably equivalent value in exchange for the Transfer.

22. Upon information and belief, the Debtor was insolvent on the date the Transfer was made.

23. Based on the foregoing, the Trustee may avoid the Transfer, pursuant to Bankruptcy Code § 548(a)(1)(B), and the Trustee may recover the Transfer (or the value thereof) from The Station pursuant to Bankruptcy Code § 550.

24. In addition to the noted Transfer, there may have been other transfers from the Debtor to the Defendant that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550. The Trustee's intent herein is to recover from the Defendant all such transfers, whether or not such transfers are specifically identified herein.

## COUNT II – DISALLOWANCE OF CLAIM
**(Disallowance of Any Claim the Defendant May Have Against the Estate Pursuant to Bankruptcy Code § 502)**

25. The Trustee reasserts the allegations set forth in paragraphs 1 through 24 as if expressly restated and realleged.

26. Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 548, has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

27. The Station has not paid or surrendered to the Trustee the Transfer (or the value thereof) and, therefore, any unsecured claim that it has, or may assert, should be disallowed.

28.  The Trustee reserves the right to amend this Complaint including, without limitation, to add any subsequently discovered transfers to or for the benefit of The Station.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a.  Avoiding the Transfer, and preserving the Transfer for the benefit of the Estate;

b.  Disallowing any and all of The Station's claims against the Estate; and

c.  Granting the Trustee such other and further relief as this Court deems just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  September 19, 2013

# EXHIBIT A

# HCSB
## HORRY COUNTY STATE BANK

HCSB  HCSB Online Banking

Date 2/29/12    Page 6

SOUTHERN SKY AIR & TOURS LLC
DBA MYRTLE BEACH DIRECT AIR & TOURS
1600 N OAK STREET SUITE B
MYRTLE BEACH SC 29577

COMMERCIAL ANALYSIS    913006106 (Continued)

## CHECKS AND OTHER DEBITS

| Date | Description | Amount | Ref# |
|---|---|---|---|
| 2/23 | WIRE TRANSFER FEE | 15.00- | |
| 2/28 | WIRE TRANSFER DEBIT<br>THE STATION, INC<br>0610001104<br>1500536837<br>DBA COMPANY TWO<br>283 FOSTER STREET<br>VARNVILLE SC 29944<br>SUNTRUST ATL<br>ATLANTA GA<br>RE: FIRE TRUCK | 15,100.00- | |
| 2/28 | WIRE TRANSFER FEE | 15.00- | |
| 2/29 | SERVICE CHARGE | 44.73- | |
| 2/29 | OVERDRAFT INTEREST CHARGE | 2.14- | |

## CHECKS IN NUMBER ORDER