UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to McNair Law Firm, P.A.
Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and McNair Law Firm, P.A. ("McNair"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

## FACTUAL BACKGROUND

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

2.  On April 11, 2012 (the "Conversion Date"), the Bankruptcy Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.  On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.  The Debtor transferred $7,589.70 to McNair on or about December 30, 2011 (the "First Transfer") and transferred $10,000 to McNair on or about January 25, 2012, which

{Practice Areas/CORP/15008/14190/A2386270.DOC[Ver:2]}

McNair asserts was to replenish McNair's retainer (the "Retainer Transfer"). The First Transfer and Retainer Transfer shall, collectively, be referred to hereinafter as the "Transfers."

5.   On or about August 28, 2012, the Trustee made demand (the "Demand") on McNair pursuant to Bankruptcy Code § 547(b) for the return of Transfers which were made by the Debtor to McNair within 90 days prior to the Petition Date in the aggregate amount of $17,589.70.

6.   McNair responded to the Demand and asserted various defenses to the Trustee's demand for the return of the Transfers.

7.   The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A.   Within ten (10) days of execution of this Stipulation, McNair will pay $9,500.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Demand and related to the Transfers. The Settlement Amount shall be paid by check payable to "Joseph H. Baldiga, Chapter 7 Trustee" and delivered to the Trustee's counsel. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation. If the Trustee fails to obtain an order from the Bankruptcy Court approving this Stipulation within sixty (60) days of the date of McNair's execution of this Stipulation, the Trustee shall promptly return the Settlement Amount to McNair unless otherwise agreed to by McNair in writing.

B.   Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), McNair shall be

deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown arising from or related to the Transfers, including any claim arising under Bankruptcy Code § 502(h) from McNair's payment of the Settlement Amount.

      C.    Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released McNair and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Demand.

      D.    McNair acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, other than the Transfers. McNair acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

      E.    This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| MCNAIR LAW FIRM, P.A. | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| *[signature]* | By his counsel, |
| | *[signature]* |
| By: M. Craig Garner, Jr. | Joseph H. Baldiga, BBO #549963 |
| Its: Shareholder | Gina Barbieri O'Neil, BBO # 670596 |
| McNair Law Firm, P.C. | Mirick, O'Connell, DeMallie & Lougee, LLP |
| P. O. Box 11390 | 1800 West Park Drive, Suite 400 |
| Columbia, SC 29211 | Westborough, MA 01581 |
| Phone: 803.799.9800 | Phone: 508.898.1501 |
| Fax: 803.753.3277 | Fax: 508.898.1502 |
| Email: cgarner@mcnair.net | Email: bankrupt@mirickoconnell.com |
| | Email: goneil@mirickoconnell.com |
| Dated: September 24, 2013 | Dated: September 24, 2013 |