# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>　　　　　**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to McNair Law Firm, P.A. Pursuant to Bankruptcy Code § 547)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and McNair Law Firm, P.A. ("McNair"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.　　BACKGROUND

1.　　On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.　　On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.　　On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

{Practice Areas/CORP/15008/14190/A2375076.DOC}

4. On or within 90 days prior to the Petition Date, the Debtor made various transfers to creditors of the Debtor, including McNair.

5. On or about August 28, 2012, and again on October 18, 2012, the Trustee made demand on McNair pursuant to Bankruptcy Code § 547(b), for return of preferential transfers made by the Debtor and received by McNair on or within 90 days prior to the Petition Date in the amount of $17,589.70 (the "McNair Transfers").

6. McNair responded to the Trustee's demand and asserted partial defenses to certain aspects of the Trustee's demands.  Specifically, McNair demonstrated that a portion of the McNair Transfers was made to replenish McNair's retainer and that McNair subsequently provided services to the Debtor for which it deducted payment from the retainer.

7. The Trustee has negotiated an agreement (i.e., the Settlement Agreement) with McNair to resolve its dispute concerning the return of the above-described transfers.  Details regarding the transfers and the Settlement Agreement are set forth below.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1.  Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.    SUMMARY OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement between the Trustee and McNair provides that McNair shall deliver to the Trustee a check in the amount of $9,500.00 (the "Settlement Amount") as settlement of all allegations (i) made in the Trustee's demand letter to McNair and (ii) related to the McNair Transfers.  The Trustee is currently holding the Settlement Amount in escrow pending Bankruptcy Court approval of the Settlement Agreement.

10. The Settlement Agreement provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement, McNair shall be deemed to have released and

discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) on account of McNair's payment of the Settlement Amount.  It also provides for a similar release of McNair by the Trustee.

### III.    REASONABLENESS OF THE SETTLEMENTS

11.    In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted).  The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference.  Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

12.    The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

13.    The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above.  As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

14.    In addition, the amount paid by McNair pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

15.    The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

4

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A.    Approving the Stipulation of Settlement (Re: McNair Law Firm, P.A.) as it is in the best interest of the Estate; and

    B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  September 26, 2013

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

**ORDER APPROVING STIPULATION OF SETTLEMENT**
**(Re: Recovery of Transfers to McNair Law Firm, P.A. Pursuant to Bankruptcy Code § 547)**

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on September 26, 2013, for an order approving the Stipulation of Settlement with McNair Law Firm, P.A., and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed; and

B. The Stipulation of Settlement (Re: Recovery of Transfers to McNair Law Firm, P.A. Pursuant to Bankruptcy Code § 547) is approved.

Dated:_____, 2013    _____
                                Honorable Melvin S. Hoffman
                                United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2375076.DOC}