B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>Progressive Funding Solutions, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Gina Barbieri O'Neil, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax:    (508) 791-8502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor            ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor         ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor            ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor         ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502(d), 547(b), 548, and 550 to avoid and recover certain pre-petition transfers and disallow any claims the transfer recipient may have against the Estate.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand – not less than $20,096.72 |

Other Relief Sought

{Practice Areas/CORP/15008/14190/A2378731.DOC}

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Southern Sky Air & Tours, LLC d/b/a Direct Air** | | BANKRUPTCY CASE NO.<br>**12-40944-MSH** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Massachusetts** | DIVISIONAL OFFICE<br>**Central** | NAME OF JUDGE<br>**Melvin S. Hoffman** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gina Barbieri O'Neil | | |
| DATE<br>10/01/2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gina Barbieri O'Neil | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

{Practice Areas/CORP/15008/14190/A2378731.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE FUNDING SOLUTIONS, LLC,<br>    Defendant. | Adversary Proceeding<br>No. _____ |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
AND/OR FRAUDULENT TRANSFERS**

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action, pursuant to 11 U.S.C. §§ 502(d), 547(b), 548 and 550: (a) to avoid and recover certain pre-petition transfers the Debtor made to the defendant, Progressive Funding Solutions, LLC ("PFS"); and (b) to disallow any and all claims PFS may have against the Estate.

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Upon information and belief, the defendant, Progressive Funding Solutions, LLC, is a Texas limited liability company with a principal place of business located at 500 W. 7th Street, Suite 750, Fort Worth, Texas 76102.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 502, 547, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in paragraphs 1 through 6 as if expressly restated and realleged.

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On April 11, 2012, the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. On or about September 29, 2011, prior to the Petition Date, Avondale Aviation, LLC ("Avondale Aviation") entered into a Membership Interest Purchase Agreement pursuant to which Avondale Aviation and another entity (together, the "Buyer") acquired certain membership units of the Debtor.

11. Thereafter, on or about November 4, 2011, PFS entered into a Consulting Agreement (the "Agreement") with Avondale Ventures LLC ("Avondale Ventures") in which Avondale Ventures sought to engage PFS as a consultant to provide a financial and strategic analysis of the Debtor commencing on November 7, 2011.

12. Upon information and belief, Avondale Ventures is an affiliate of Avondale Aviation.

13. On or within 90 days prior to the Petition Date, the Debtor transferred funds to PFS totaling at least $20,096.72 (the "Transfer").

14. Specifically, the Transfers are comprised of four payments from the Debtor to PFS as follows: (a) Check No. 4581 in the amount of $4,150.72, issued on January 11, 2012; (b) Check No. 4652 in the amount of $6,870.00, issued on January 31, 2012; (c) Check No. 4718 in the amount of $4,576.00, issued on February 17, 2012; and (d) Check No. 4720 in the amount of $4,500.00, issued on February 28, 2012. Copies of the checks comprising the Transfers are attached hereto as **Exhibit A**.

15.   Upon information and belief, the Transfers were made on account of services provided to Avondale Ventures pursuant to the Agreement.

16.   The Agreement was between PFS and Avondale Ventures and, therefore, any services provided by PFS under the Agreement were performed for Avondale Ventures and/or its affiliates, and the Debtor received no benefit for any such services.

### COUNT I – CONSTRUCTIVE FRAUDULENT TRANSFER
### (Avoidance and Recovery of the Transfer as a Constructive Fraudulent Transfer pursuant to Bankruptcy Code §§ 548 and 550)

17.   The Trustee reasserts the allegations set forth in Paragraphs 1 through 16 as if expressly restated and realleged.

18.   Under Bankruptcy Code § 548(a)(1)(B), the Trustee may avoid any transfer of the Debtor's interest in property, or any obligation incurred by the Debtor, made or incurred on or within two years prior to the Petition Date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation, and the Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer.

19.   The Debtor made the Transfers in January and February of 2012, within two years prior to the Petition Date.

20.   The Agreement was between PFS and Avondale Ventures and any services provided by PFS under the Agreement were performed for Avondale Ventures. While Avondale Ventures (and/or one or more of its affiliates) may have benefitted from services that PFS

provided under the Agreement, the Debtor received no benefit for any such services. Therefore, the Debtor received less than a reasonably equivalent value in exchange for the Transfer.

21. Upon information and belief, the Debtor was insolvent on the date the Transfers were made.

22. Based on the foregoing, the Trustee may avoid the Transfers, pursuant to Bankruptcy Code § 548(a)(1)(B), and the Trustee may recover the Transfers (or the value thereof) from PFS pursuant to Bankruptcy Code § 550.

23. In addition to the noted Transfers, there may have been other transfers from the Debtor to the Defendant that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550. The Trustee's intent herein is to recover from the Defendant all such transfers, whether or not such transfers are specifically identified herein.

## COUNT II – PREFERENCE
### (Avoidance and Recovery of Preferential Transfers Pursuant to Bankruptcy Code §§ 547 and 550)

24. The Trustee reasserts the allegations set forth in paragraphs 1 through 23 as if expressly restated and realleged.

25. Pursuant to Bankruptcy Code § 547(b), the Trustee may avoid any transfer of an interest of the Debtor in property:

    a.    to or for the benefit of a creditor;

    b.    for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    c.    made while the Debtor was insolvent;

    d.    made on or within 90 days before the Petition Date; and

      e.    that enables such creditor to receive more than such creditor would receive if:

           i.    the case were a case under chapter 7 of the Bankruptcy Code;

           ii.    the transfer had not been made; and

           iii.    such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

26.    To the extent that the Agreement obligated the Debtor to pay PFS for its services, PFS was a creditor of the Debtor at the time of the Transfers.

27.    Upon information and belief, the Debtor was insolvent at the time of the Transfers.

28.    Further, pursuant to Bankruptcy Code § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

29.    The Transfers occurred within 90 days of the Petition Date.

30.    Due to the Transfers, PFS received more than it would have received if:

      a.    the proceeding was one under Chapter 7 of the Bankruptcy Code;

      b.    the Transfers had not been made; and

      c.    PFS received payment of such debt to the extent provided by the Bankruptcy Code.

31.    Based on the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to Bankruptcy Code § 547, and the Trustee may recover the Transfers from PFS pursuant to Bankruptcy Code § 550.

32.     In addition to the noted Transfers, there may have been other transfers from the Debtor to PFS that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 547 and 550. The Trustee's intent herein is to recover from PFS all such transfers, whether or not all such transfers are specifically identified herein.

### COUNT III – DISALLOWANCE OF CLAIM
(Disallowance of Any Claim the Defendant May Have
Against the Estate Pursuant to Bankruptcy Code § 502)

33.     The Trustee reasserts the allegations set forth in paragraphs 1 through 32 as if expressly restated and realleged.

34.     Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 547, has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

35.     PFS has not paid or surrendered to the Trustee the Transfers (or the value thereof) and, therefore, any unsecured claim that it has, or may assert, should be disallowed.

36.     The Trustee reserves the right to amend this Complaint including, without limitation, to add any subsequently discovered transfers to or for the benefit of PFS.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    a.     Avoiding the Transfers, and preserving the Transfers for the benefit of the Estate;

    b.     Disallowing any and all of PFS' claims against the Estate; and

    c.    Granting the Trustee such other and further relief as this Court deems just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: October 1, 2013

# EXHIBIT A





SOUTHERN SKY AIR AND TOURS LLC 15900512

01/17/2012   $54,150.72   Check Number 4581

02/02/2012 $$5,000.00 Check Number 4648

02/07/2012 $$6,870.00 Check Number 4652





02/24/2012   $$4,576.00  Check Number 4718

03/01/2012 $$15,000.00 Check Number 4693



03/07/2012 $$4,500.00 Check Number 4720

