## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>　　　　**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |
| **JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**THE STATION, INC. d/b/a COMPANY TWO FIRE,**<br>　　　　**Defendant.** | **Adversary Proceeding Case No. 13-04086** |

### STIPULATION OF SETTLEMENT
#### (Re: Avoidance and Recovery of Transfers to The Station, Inc. d/b/a Company Two Fire Pursuant to Bankruptcy Code §§ 502(d), 548 and 550)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and The Station, Inc. d/b/a Company Two Fire ("The Station"; together with the Trustee, the "Parties"), the defendant in Adversary Proceeding Case No. 13-04086 pending before this Court (the "Adversary Proceeding"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1.　　On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.      On or about August 28, 2012, the Trustee made demand on The Station for the return of a transfer made by the Debtor to The Station within two years prior to the Petition Date in the amount of $15,100.00 (the "Transfer").

5.      On September 19, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 548 and 550 to, among other things, avoid and recover the Transfer and to disallow any and all claims asserted by The Station in the Debtor's bankruptcy proceeding.

6.      As described in the Complaint, the Debtor entered into an equipment lease (the "Fire Truck Lease") with an affiliate of The Station approximately one month prior to the Petition Date for lease of a fire truck commencing on March 1, 2012 and ending on May 1, 2012. The Transfer was made in connection with the Fire Truck Lease.

7.      The Station responded informally to the Complaint and asserted defenses to the Trustee's claims.

8.      The deadline for The Station to file a motion or answer to the Complaint is October 21, 2013.

9.      The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

     A.    The Station agrees to pay the Trustee the sum of $4,000.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against The Station made in the Complaint and related to the Transfer. The Settlement Amount shall be paid as follows:

         (i)    The sum of $2,000.00 shall be paid to the Trustee immediately upon the execution of this Stipulation; and

        (ii)    The balance of $2,000.00 shall be paid to the Trustee by October 31, 2013.

Each installment of the Settlement Amount shall be paid by check payable to "Joseph H. Baldiga, Chapter 7 trustee of Southern Sky Air & Tours d/b/a Direct Air" and delivered to the Trustee's counsel. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

     B.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), The Station shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from The Station's payment of the Settlement Amount.

     C.    Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released The Station and its

representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee reserves the right to object to any claims filed by or on behalf of The Station for any reason.

D.     The Station acknowledges that The Station received no other payments from or on behalf of the Debtor within two (2) years prior to the Petition Date, other than the Transfer referenced in the Complaint. The Station acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E.     Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding.

F.     This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

THE STATION, INC. d/b/a
COMPANY TWO FIRE

By:   Quincy Jones
Its:    Owner
283 Foster Road
Varnville, SC   29944
Phone:  803.943.5232
Fax:    803.943.5434
Email:  StationInc@aol.com


Dated:  October 21, 2013

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: October 21, 2013

{Practice Areas/CORP/15008/14190/A2420617.DOC}          4