UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: The Station, Inc. d/b/a Company Two Fire)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves this Court for an order approving a stipulation of settlement (the "Settlement Agreement") entered into by the Trustee and The Station, Inc. d/b/a Company Two Fire ("The Station"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### FACTUAL BACKGROUND

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.  On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.  On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand on The Station for the return of a transfer made by the Debtor to The Station within two years prior to the Petition Date in the amount of $15,100.00 (the "Transfer").

5. On September 19, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 548 and 550 to, among other things, avoid and recover the Transfer and to disallow any and all claims asserted by The Station in the Debtor's bankruptcy proceeding.

6. As described in the Complaint, the Debtor entered into an equipment lease (the "Fire Truck Lease") with an affiliate of The Station approximately one month prior to the Petition Date for lease of a fire truck commencing on March 1, 2012 and ending on May 1, 2012. The Transfer was made in connection with the Fire Truck Lease.

7. In the Complaint, the Trustee asserted that the Transfer was made by the Debtor and received by The Station within two years prior to the Petition Date, that the Debtor received less than a reasonably equivalent value in exchange for the Transfer, and that the Debtor was insolvent on the date that Transfer was made.

8. The Station responded informally to the Complaint and asserted defenses to the Trustee's claims. Specifically, The Station demonstrated that the Debtor received partial value on account of the Transfer, including shipping costs and use of the fire truck for approximately one quarter of the lease term. The Station further alleged that the Debtor caused damage to the fire truck while using it and also raised issues regarding collectability.

9. The Parties have negotiated a resolution of the disputes concerning the Transfer, the terms of which are set forth below.

## SUMMARY OF SETTLEMENT AGREEMENT

10. The Settlement Agreement provides, among other things, that:

   a. The Station will pay the Trustee the sum of $4,000.00 (the "Settlement Amount") in two installments:

   $2,000.00 shall be paid to the Trustee immediately upon execution of the Stipulation; and

   the balance of $2,000.00 shall be paid to the Trustee by October 31, 2013.

   b. Upon entry of the Bankruptcy Court's final order approving the Stipulation (the "Final Order"), The Station shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from The Station's payment of the Settlement Amount.

   c. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released The Station and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee reserves the right to object to any claims filed by or on behalf of The Station for any other reason.

   d. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding.

11. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

{Practice Areas/CORP/15008/14190/A2420774.DOC}                3

## REASONABLENESS OF THE SETTLEMENT

12. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

13. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses that would otherwise be incurred through litigation.

14. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the parties, as such claims and defenses are described above. Therefore, the Trustee believes that the Settlement Agreement is fair and equitable.

15. In addition, the amount to be paid to the Trustee under the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery by the Estate, particularly in light of any collectability issues.

16. The Trustee further states that the Stipulation will result in an immediate and material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A. Approving the Settlement Agreement, as it is in the best interest of the Estate; and

B.   Granting the Trustee such other and further relief as is just.

          Respectfully submitted,

          JOSEPH H. BALDIGA,
          CHAPTER 7 TRUSTEE

          By his counsel,

          /s/ Gina Barbieri O'Neil
          Joseph H. Baldiga, BBO #549963
          Gina Barbieri O'Neil, BBO # 670596
          Mirick, O'Connell, DeMallie & Lougee, LLP
          1800 West Park Drive, Suite 400
          Westborough, MA  01581
          Phone: (508) 898-1501
          Fax:    (508) 898-1502
          Email: bankrupt@mirickoconnell.com

Dated:  October 21, 2013          Email: goneil@mirickoconnell.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: The Station, Inc. d/b/a Company Two Fire)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed on October 21, 2013 by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), in which the Trustee seeks approval of a certain Stipulation of Settlement (the "Settlement Agreement") between the Trustee and The Station, Inc. d/b/a Company Two Fire; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Settlement Agreement is approved.

Dated:_____, 2013

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2420774.DOC}