B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air

**DEFENDANTS**
Niagara Falls Aviation, LLC

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Joseph H. Baldiga, Esq.
Gina Barbieri O'Neil, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor       ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor       ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502(d), 541, 542, 547(b), and 550: (a) to avoid and recover certain pre-petition transfers; (b) for turnover of property of the Estate and an accounting of Estate Property; and (c) to disallow any claims the defendant may have against the Estate.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand: not less than $125,675.80

Other Relief Sought

{Practice Areas/CORP/15008/14190/A2426339.DOC}

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>**Southern Sky Air & Tours, LLC d/b/a Direct Air** || BANKRUPTCY CASE NO.<br>12-40944-MSH |
| DISTRICT IN WHICH CASE IS PENDING<br>**Massachusetts** | DIVISIONAL OFFICE<br>**Central** | NAME OF JUDGE<br>**Melvin S. Hoffman** |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| /s/ Gina Barbieri O'Neil ||
| DATE<br>11/01/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gina Barbieri O'Neil |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

{Practice Areas/CORP/15008/14190/A2426339.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>  Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>  Plaintiff,<br><br>v.<br><br>NIAGARA FALLS AVIATION, LLC,<br>  Defendant. | Adversary Proceeding<br>No. 13-_____ |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS
AND FOR TURNOVER OF ESTATE PROPERTY**

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action pursuant to 11 U.S.C. §§ 502(d), 541, 542, 547(b) and 550 to (I) avoid and recover certain pre-petition transfers the Debtor made to Niagara Falls Aviation, LLC ("Aviation"), (II) require Aviation to (a) deliver to the Trustee property of the Estate currently in Aviation's possession and (b) account for such property, and (III) disallow any and all claims Aviation may have against the Estate.

{Practice Areas/CORP/15008/14190/A2426363.DOC}

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Upon information and belief, the defendant, Niagara Falls Aviation, LLC, is a Delaware corporation with a principal address of 9900 Porter Road, Niagara Falls, New York 14304.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 502, 541, 542, 547, and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in paragraphs 1 through 6.

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On April 11, 2012, this Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States.

11. Prior to the Petition Date, Aviation provided ground operations services to the Debtor at one or more airports, including the Niagara Falls International Airport (collectively, the "Airports"). Aviation's duties for the Debtor included collecting ticket fees, baggage fees, and other fees from the Debtor's customers at the Airports and remitting such fees to the Debtor.

12. At all relevant times, Aviation was a creditor of the Debtor.

13. On or within 90 days prior to the Petition Date, the Debtor transferred funds to Aviation totaling at least $85,000.00 (the "Payment Transfers").

14. Specifically, the Debtor made the following payments to Aviation: (a) wire dated December 22, 2011 in the amount of $10,000.00; (b) wire dated January 13, 2012 in the amount of $25,000.00; (c) check no. 15702 dated January 27, 2012 in the amount of $15,000.00; (d) check no. 4673 dated February 10, 2012 in the amount of $20,000.00; and (e) check no. 4813 dated March 3, 2012 in the amount of $15,000.00. Copies of the checks and wire details associated with the Payment Transfers are attached as **Exhibit A**.

15. In addition, Aviation collected at least $40,675.80 (the "Collected Funds") in ticket fees, baggage fees, and other fees from the Debtor's customers at the Airports, which Aviation was required to remit to the Debtor. Instead, Aviation deposited the Collected Funds into its own account and applied such funds to the balance owed by the Debtor to Aviation (the "Collected Funds Transfer"; together with the Payment Transfers, the "Transfers").

16. The Collected Funds Transfer occurred on or about March 13, 2012.

## COUNT I – PREFERENCE
### (Recovery of Preferential Transfers Pursuant to Bankruptcy Code § 547)

17. The Trustee reasserts the allegations set forth in paragraphs 1 through 16.

18. Pursuant to Bankruptcy Code § 547(b), the Trustee may avoid any transfer of an interest of the Debtor in property:

   a. to or for the benefit of a creditor;

   b. for or on account of an antecedent debt owed by the Debtor before such transfer was made;

   c. made while the Debtor was insolvent;

   d. made on or within 90 days before the Petition Date; and

   e. that enables such creditor to receive more than such creditor would receive if:
      i. the case were a case under chapter 7 of the Bankruptcy Code;
      ii. the transfer had not been made; and
      iii. such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

19. Aviation was a creditor of the Debtor at the time of the Transfers.

20. Upon information and belief, the Debtor was insolvent at the time of the Transfers.

21. Further, pursuant to Bankruptcy Code § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

22. The Transfers occurred within 90 days prior to the Petition Date.

23. Due to the Transfers, Aviation received more than it would have received if:

    a.    the proceeding was one under Chapter 7 of the Bankruptcy Code;

    b.    the Transfers had not been made; and

    c.    Aviation received payment of such debt to the extent provided by the Bankruptcy Code.

24. Based on the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to Bankruptcy Code § 547, and the Trustee may recover the Transfers from Aviation pursuant to Bankruptcy Code § 550.

25. In addition to the noted Transfers, there may have been other transfers from the Debtor to Aviation that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 547 and 550. The Trustee's intent herein is to recover from Aviation all such transfers, whether or not all such transfers are specifically identified herein.

## COUNT II – TURNOVER
### (Turnover of Estate Property and Accounting Pursuant to Bankruptcy Code §§ 541 and 542)

26. The Trustee incorporates herein by reference the allegations set forth in paragraphs 1 through 25.

27. Aviation's duties for the Debtor included collecting fees from the Debtor's customers at the Airports and remitting such funds to the Debtor.

28. Aviation collected the Collected Funds from the Debtor's customers at the Airports.

29. Aviation was required to remit the Collected Funds to the Debtor but, instead, Aviation deposited the Collected Funds into its own account and applied such funds to the balance owed by the Debtor to Aviation.

30. The Collected Funds are property of the Estate pursuant to Bankruptcy Code § 541.

31. To the extent that Aviation collected any other fees (in addition to the Collected Funds) from the Debtor's customers at the Airport which Aviation failed to remit to the Debtor, such funds also constitute property of the Estate pursuant to Bankruptcy Code § 541.

32. The Trustee is entitled to turnover of all funds that constitute property of the Estate pursuant to Bankruptcy Code § 542.

33. The Trustee is also entitled to a full accounting of all funds that Aviation collected from the Debtor's customers at the Airports.

34. In addition to the Collected Funds, there may have been other funds that Aviation collected from the Debtor's customers that Aviation failed to remit to the Debtor. The Trustee's intent herein is to recover from Aviation all funds that Aviation collected from the Debtor's customers, whether or not such funds are specifically identified herein.

## COUNT III – DISALLOWANCE OF CLAIM
**(Disallowance of Any Claim the Defendant May Have Against the Estate Pursuant to Bankruptcy Code § 502)**

35. The Trustee reasserts the allegations set forth in paragraphs 1 through 34.

36. Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity from which property is recoverable under Bankruptcy Code § 542 has turned over such property, or

unless a transferee from which property is avoidable under Bankruptcy Code § 547 has paid the amount for which such transferee is liable under Bankruptcy Code § 550, any claim of such entity or transferee shall be disallowed.

37. Aviation has failed to surrender the Collected Funds (or the value thereof) to the Trustee.

38. Aviation has failed to pay or surrender the Transfers (or the value thereof) to the Trustee.

39. Based on the foregoing, any unsecured claim that Aviation has, or may assert, should be disallowed.

40. The Trustee reserves the right to amend this Complaint including, without limitation, to add (a) any subsequently discovered transfers to or for the benefit of Aviation and/or (b) any subsequently discovered funds that Aviation collected from the Debtor's customers that Aviation failed to remit to the Debtor.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    a. Avoiding the Transfers, and preserving the Transfers for the benefit of the Estate;

    b. Requiring Aviation to immediately turn over the Collected Funds to the Trustee;

    c. Requiring Aviation to provide the Trustee with an accounting of all funds that it collected from the Debtor's customers at the Airports;

    d. Requiring Aviation to turn over to the Trustee any funds that it collected from the Debtor's customers on behalf of the Debtor;

    e. Disallowing any and all of Aviation's claims against the Estate; and

  f.  Granting the Trustee such other and further relief as is just.

               Respectfully submitted,

               JOSEPH H. BALDIGA,
               CHAPTER 7 TRUSTEE

               By his counsel,

               /s/ Gina Barbieri O'Neil
               Joseph H. Baldiga, BBO #549963
               Gina Barbieri O'Neil, BBO #670596
               Mirick, O'Connell, DeMallie & Lougee, LLP
               1800 West Park Drive, Suite 400
               Westborough, MA 01581
               Phone: 508.898.1501
               Fax: 508.898.1502
               Email: bankrupt@mirickoconnell.com
Dated: November 1, 2013       Email: goneil@mirickoconnell.com