UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Allegheny County Airport Authority)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves this Court for an order approving a stipulation of settlement (the "Settlement Agreement") entered into by the Trustee and Allegheny County Airport Authority ("ACAA"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

{Practice Areas/CORP/15008/14190/A2430307.DOC}

4. On or about August 28, 2012, the Trustee made demand on ACAA for the return of transfers made by the Debtor to ACAA within 90 days prior to the Petition Date in the amount of $60,000.00 (the "Transfers").

5. On October 2, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547 and 550 to, among other things, (a) avoid and recover the Transfers and (b) disallow any and all claims asserted by ACAA in the Debtor's bankruptcy proceeding.

6. The deadline for ACAA to file a motion or answer to the Complaint is November 1, 2013. Prior to that deadline, ACAA contacted the Trustee to discuss resolution.

7. ACAA responded informally to the Complaint and agreed to return the value of the Transfers to the Trustee on the terms set forth below.

## SUMMARY OF SETTLEMENT AGREEMENT

8. The Settlement Agreement provides, among other things, that:

    a. ACAA will pay the Trustee the sum of $60,000.00 (the "Settlement Amount") within seven (7) days after execution of the Stipulation.

    b. Upon entry of the Bankruptcy Court's final order approving this Stipulation (the "Final Order"), ACAA shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, excluding (i) ACAA's timely filed proof of claim in the amount of $84,107.51 filed in the Debtor's bankruptcy case and identified as Claim No. 1664 and (ii) any claim arising under Bankruptcy Code § 502(h) from ACAA's payment of the Settlement Amount, not to exceed $60,000.00.

  c. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released ACAA and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint, except that the Trustee agrees to (i) waive his right to object to the proof of claim previously filed by ACAA in the amount of $84,107.51 and (ii) consent to an amendment of such proof of claim within 30 days after entry of the Final Order to include a claim equal to the Settlement Amount pursuant to Bankruptcy Code § 502(h). The aggregate claim of $144,107.51 shall be allowed as a timely-filed general unsecured claim in the Debtor's bankruptcy case. The Trustee reserves the right to object to any claims filed by or on behalf of ACAA for any reason.

  d. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding.

9. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## REASONABLENESS OF THE SETTLEMENT

10. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

11. The Stipulation provides for ACAA to pay the Trustee the full value of the Transfers (i.e., $60,000.00), resulting in an immediate and material benefit to the Estate.

12. The Trustee has reviewed ACAA's proof of claim (Claim No. 1664) and has identified no objections to that claim, such that allowance of the claim (as amended to include ACAA's Bankruptcy Code § 502(h) claim resulting from payment of the Settlement Amount) is appropriate.

13. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses that would otherwise be incurred through litigation and that litigation would only result in a smaller net recovery by the Estate.

14. Based on the foregoing, the Trustee believes that the Settlement Agreement is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Settlement Agreement, as it is in the best interest of the Estate; and

    B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: November 8, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Allegheny County Airport Authority)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed on November 8, 2013 by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), in which the Trustee seeks approval of a certain Stipulation of Settlement (the "Settlement Agreement") between the Trustee and Allegheny County Airport Authority; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Settlement Agreement is approved.

Dated:_____, 2013

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2430307.DOC}