B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>Miami Air International, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Gina Barbieri O'Neil, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax: (508) 791-8502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502(d), 547(b), and 550 to (a) avoid and recover certain pre-petition transfers; and (b) disallow any claims the transfer recipient may have against the Estate.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $390,933.84 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Southern Sky Air & Tours, LLC d/b/a Direct Air || BANKRUPTCY CASE NO.<br>12-40944-MSH |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Melvin S. Hoffman |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Gina Barbieri O'Neil |||
| DATE<br>11/19/2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gina Barbieri O'Neil ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

{Practice Areas/CORP/15008/14190/A2378465.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| **JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Plaintiff,<br><br>v.<br><br>**MIAMI AIR INTERNATIONAL, INC. a/k/a MIAMI AIRLINES,**<br><br>Defendant. | Adversary Proceeding<br>No. _____ |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action, pursuant to 11 U.S.C. §§ 502(d), 547(b) and 550, to (A) avoid and recover certain pre-petition transfers the Debtor made to Miami Air International, Inc. a/k/a Miami Airlines ("Miami Air") and (B) disallow any and all claims Miami Air may have against the Estate.

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Upon information and belief, the defendant, Miami Air International, Inc., is a Florida corporation with a principal place of business located at 5000 NW 36th Street, Suite 307, Miami, Florida 33122 and a current mailing address of P. O. Box 660880, Miami Springs, Florida 33266.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 502, 547, and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in paragraphs 1 through 6.

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On April 11, 2012, the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. At all relevant times, Miami Air was a creditor of the Debtor.

11. On or within 90 days prior to the Petition Date, the Debtor transferred funds via wire transfer and/or debit transactions to Miami Air totaling at least $390,933.84 (the

"Transfers"). Copies of the Debtor's relevant bank statements reflecting the Transfers, redacted to show only the Transfers, are attached hereto as **Exhibit A**.

## COUNT I – PREFERENCE
### (Recovery of Preferential Transfers Pursuant to Bankruptcy Code §§ 547 and 550)

12. The Trustee reasserts the allegations set forth in paragraphs 1 through 11.

13. Pursuant to Bankruptcy Code § 547(b), the Trustee may avoid any transfer of an interest of the Debtor in property:

   a. to or for the benefit of a creditor;

   b. for or on account of an antecedent debt owed by the Debtor before such transfer was made;

   c. made while the Debtor was insolvent;

   d. made on or within 90 days before the Petition Date; and

   e. that enables such creditor to receive more than such creditor would receive if:
      i. the case were a case under chapter 7 of the Bankruptcy Code;
      ii. the transfer had not been made; and
      iii. such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

14. Miami Air was a creditor of the Debtor at the time of the Transfers.

15. On information and belief, the Debtor was insolvent at the time of the Transfers.

16. Further, pursuant to Bankruptcy Code § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

17. The Transfers occurred within 90 days of the Petition Date.

18. Due to the Transfers, Miami Air received more than it would have received if:

      a.    the proceeding was one under Chapter 7 of the Bankruptcy Code;

      b.    the Transfers had not been made; and

      c.    Miami Air received payment of such debt to the extent provided by the Bankruptcy Code.

19.    Based on the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to Bankruptcy Code § 547, and the Trustee may recover the Transfers from Miami Air pursuant to Bankruptcy Code § 550.

20.    In addition to the noted Transfers, there may have been other transfers from the Debtor to Miami Air that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 547 and 550. The Trustee's intent herein is to recover from Miami Air all such transfers, whether or not all such transfers are specifically identified herein.

## COUNT II – DISALLOWANCE OF CLAIM
**(Disallowance of Any Claim the Defendant May Have Against the Estate Pursuant to Bankruptcy Code § 502)**

21.    The Trustee reasserts the allegations set forth in paragraphs 1 through 20.

22.    Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 547 has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

23.    Miami Air has not paid or surrendered to the Trustee the Transfers (or the value thereof) and, therefore, any unsecured claim that it has, or may assert, should be disallowed.

24.    The Trustee reserves the right to amend this Complaint including, without limitation, to add any subsequently discovered transfers to or for the benefit of Miami Air.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Avoiding the Transfers, and preserving the Transfers for the benefit of the Estate;

b. Disallowing any and all of Miami Air's claims against the Estate; and

c. Granting the Trustee such other and further relief as this Court deems just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: November 19, 2013

# EXHIBIT A



STATEMENT OF ACCOUNT

# COPY

VALLEY NATIONAL BANK AS ESCROW     4            Page:           4
SOUTHERN SKY AIR & TOURS
1460 VALLEY ROAD, 3RD FL                Statement Date:   12/30/11
WAYNE NJ 07470                          Account Number:   41074734

Street: _____

Indicate to the right any changes of address. Cut at the dotted line and return this form to: Valley Customer Service, 1445 Valley Road, Wayne, NJ 07470

City, State, Zip: _____

Signature: _____

```
********************* BusinessUNLIMITED     41074734  *********************
Non-Check Transactions
     Date   Description                                               Amount
```

```
12/22  IMAD:20111222B1B7SM1F000367                              282,443.00-
       BEN
       REF FOR BEN:
```

Report lost or stolen Valley Check Card to: 888-379-9903

800-522-4100
valleynationalbank.com





**STATEMENT OF ACCOUNT**

# COPY

VALLEY NATIONAL BANK AS ESCROW  
SOUTHERN SKY AIR & TOURS  
1460 VALLEY ROAD, 3RD FL  
WAYNE NJ 07470

4

Page: 5  
Statement Date: 01/31/12  
Account Number: 41074734

Street: _____  
City, State, Zip: _____  
Signature: _____

Indicate to the right any changes of address. Cut at the dotted line and return this form to: Valley Customer Service, 1445 Valley Road, Wayne, NJ 07470

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* BusinessUNLIMITED     41074734 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  
Non-Check Transactions

| Date | Description | Amount |
|---|---|---|
| 01/20 | IMAD:20120120B1B7SM1F000197 BEN REF FOR BEN: | 58,170.00- |

Report lost or stolen Valley Check Card to: 888-379-9903

800-522-4100  
valleynationalbank.com





STATEMENT OF ACCOUNT

# COPY

| | | | | |
|---|---|---|---|---|
| VALLEY NATIONAL BANK AS ESCROW | 4 | | Page: | 5 |
| SOUTHERN SKY AIR & TOURS | | | | |
| 1460 VALLEY ROAD, 3RD FL | | Statement Date: | 02/29/12 | |
| WAYNE NJ 07470 | | Account Number: | 41074734 | |

Street: _____

Indicate to the right any changes of address. Cut at the dotted line and return this form to: Valley Customer Service, 1445 Valley Road, Wayne, NJ 07470

City, State, Zip: _____

Signature: _____

--------------------------------------------------------------------------------

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* BusinessUNLIMITED    41074734 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Non-Check Transactions
      Date   Description                                              Amount



02/28  IMAD:20120228B1B7SM1F000231                                 33,750.00
       BEN
       REF FOR BEN



Report lost or stolen Valley Check Card to: 888-379-9903

800-522-4100
valleynationalbank.com

**Valley National Bank**

**HCSB**
HORRY COUNTY STATE BANK

HCSB HCSB Online Banking

Date: 3/30/12   Page 3

SOUTHERN SKY AIR & TOURS LLC
DBA MYRTLE BEACH DIRECT AIR & TOURS
1600 N OAK STREET SUITE B
MYRTLE BEACH SC 29577

COMMERCIAL ANALYSIS          913006106 (Continued)

**DEPOSITS AND OTHER CREDITS**

| Date | Description | Amount |
|------|-------------|--------|

**CHECKS AND OTHER DEBITS**

| Date | Description | Amount |
|------|-------------|--------|
| 3/06 | WIRE TRANSFER DEBIT<br>MIAMI AIRLINES<br>026009593<br>180102310<br>5000 NW 36TH STREET STE 307<br>MIAMI FL<br>BANK OF AMERICA<br>NEW YORK NY<br>RE CREDIT ACCT 006-06-008-05-0 | 16,570.84 |