UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO LIMIT NOTICE
(Supplement to Motion of Chapter 7 Trustee for Order (I) Approving Revised Proposed
Interim Distribution to Charter Participant Claimants, (II) Disallowing the Charter
Participant Claim of Jean Buonvicino, (III) Allowing the Charter Participant Claims
of Dennis Jerome Parker and Lois Satagaj, and (IV) Extending Deadline
for Submission of Completed Claim Forms)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the Supplement to Motion of Chapter 7 Trustee for Order (I) Approving Revised Proposed Interim Distribution to Charter Participant Claimants, (II) Disallowing the Charter Participant Claim of Jean Buonvicino, (III) Allowing the Charter Participant Claims of Dennis Jerome Parker and Lois Satagaj, and (IV) Extending Deadline for Submission of Completed Claim Forms (the "Distribution Motion Supplement") to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, the Late Claimants (as defined in the Distribution Motion Supplement), and Jean Buonvicino.

In support hereof, the Trustee submits the following:

{Practice Areas/CORP/15008/14190/A2461603.DOC}

1. On March 15, 2012 (the "Petition Date"), the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States. The Debtor operated its business primarily from its headquarters in Myrtle Beach, South Carolina. On March 13, 2012 (two days prior to the Petition Date), the Debtor stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed flights. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor.

5. On May 3, 2012, the Debtor filed, among other things, separate schedules for Schedule F creditors, categorized as consumer creditors ("Schedule F - Consumer Creditors") and non-consumer creditors ("Schedule F – Non-Consumer Creditors"). The Debtor also filed a list of post-petition creditors. The number of Schedule F – Consumer Creditors totals approximately 93,000 and, upon information and belief, are all consumer creditors who purchased airline tickets for flights that never occurred (i.e., Charter Participants). The number of Schedule F – Non-Consumer Creditors and post-petition creditors exceeds 100.

6. Based on the large number of unsecured creditors (including Schedule F – Consumer Creditors, Schedule F – Non-Consumer Creditors, and post-petition creditors), the

Trustee believes that service of the Distribution Motion Supplement on all unsecured creditors would impose an undue burden on the Estate both financially and administratively.

7. Accordingly, the Trustee requests that he be authorized to limit notice of the Distribution Motion Supplement to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, the Late Claimants (as defined in the Distribution Motion Supplement), and Jean Buonvicino.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Allowing the Trustee's motion to limit notice; and

b. Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE


/s /Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: December 18, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

### ORDER AUTHORIZING MOTION TO LIMIT NOTICE
(Supplement to Motion of Chapter 7 Trustee for Order (I) Approving Revised Proposed Interim Distribution to Charter Participant Claimants, (II) Disallowing the Charter Participant Claim of Jean Buonvicino, (III) Allowing the Charter Participant Claims of Dennis Jerome Parker and Lois Satagaj, and (IV) Extending Deadline for Submission of Completed Claim Forms)

Upon the motion dated December 18, 2013 (the "Motion") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the Supplement to Motion for Order (I) Approving Revised Proposed Interim Distribution to Charter Participant Claimants, (II) Disallowing the Charter Participant Claim of Jean Buonvicino, (III) Allowing the Charter Participant Claims of Dennis Jerome Parker and Lois Satagaj, and (IV) Extending Deadline for Submission of Completed Claim Forms (the "Distribution Motion Supplement"); and the Court finding that the notice given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

    a.    The Motion is ALLOWED; and

    b.    The Trustee may limit notice of the Distribution Motion Supplement to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities,

affected governmental authorities, all parties that have filed requests for notice, the Late Claimants (as defined in the Distribution Motion Supplement), and Jean Buonvicino.

Dated: _____, 2013              _____
                                            Honorable Melvin S. Hoffman
                                            United States Bankruptcy Judge