UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>      Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Airport Terminal Services, Inc.
Pursuant to Bankruptcy Code § 547)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Airport Terminal Services, Inc. ("ATS"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.    BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

{Practice Areas/CORP/15008/14190/A2451887.DOC}

4. On or about August 28, 2012, and again on October 18, 2012, the Trustee made demand (the "Demands") on ATS for the return of transfers made by the Debtor to ATS within 90 days prior to the Petition Date in the amount of $78,725.14 pursuant to Bankruptcy Code § 547(b). The Trustee subsequently identified additional transfers totaling $5,613.46 and issued a revised demand for return of transfers totaling $84,338.60 (collectively, the "ATS Transfers").

5. ATS responded to the demands and asserted defenses to the Trustee's claims. Specifically, ATS demonstrated that it provided the Debtor with partial new value on account of the ATS Transfers. ATS also presented a cogent ordinary course of business defense.

6. The Trustee then negotiated an agreement (i.e., the Settlement Agreement) with ATS to resolve the parties' dispute concerning the return of the ATS Transfers. Details regarding the Settlement Agreement are set forth below.

7. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT

8. The Settlement Agreement between the Trustee and ATS provides that, within ten (10) days of execution of the Settlement Agreement, ATS shall deliver to the Trustee a check in the amount of $40,000.00 (the "Settlement Amount") as settlement of all allegations (i) made in the Trustee's demands to ATS and (ii) related to the ATS Transfers. The Trustee agrees to hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

9. The Settlement Agreement provides that, upon the later of (i) receipt of the Settlement Amount and (ii) entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving the Settlement Agreement, ATS and the Trustee, on

behalf of himself and the Estate, shall be deemed to have released and discharged each other, their respective representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from ATS's payment of the Settlement Amount.

10. In the Settlement Agreement, ATS acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, other than the ATS Transfers.

### III. REASONABLENESS OF THE SETTLEMENTS

11. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

12. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

13. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

14.  In addition, the amount paid by ATS pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

15.  The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.  Approving the Stipulation of Settlement (Re: Airport Terminal Services, Inc.) as it is in the best interest of the Estate; and

B.  Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: January 27, 2014

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
### (Re: Recovery of Transfers to Airport Terminal Services, Inc.
### Pursuant to Bankruptcy Code § 547)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on January 27, 2014, for an order approving the Stipulation of Settlement with Airport Terminal Services, Inc., and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Recovery of Transfers to Airport Terminal Services, Inc. Pursuant to Bankruptcy Code § 547) is approved.

Dated:_____, 2014   _____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2451887.DOC}