UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

**STIPULATION OF SETTLEMENT**
(Re: Avoidance and Recovery of Transfers to The Port Authority of New York and
New Jersey Pursuant to Bankruptcy Code §§ 547 and 550)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and The Port Authority of New York and New Jersey ("The Port Authority"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

**FACTUAL BACKGROUND**

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on The Port Authority for the return of transfers in the amount of $35,000.00 made by the Debtor to The Port Authority within 90 days prior to the Petition Date (the "Transfers") pursuant to Bankruptcy Code § 547(b).

5. The Port Authority responded to the Demand and asserted ordinary course and new value defenses to the Trustee's demand for return of the Transfers.

6. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. The Port Authority agrees to pay the Trustee the sum of $25,500.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against The Port Authority made in the Demand and related to the Transfers. The Port Authority shall pay the Settlement Amount to the Trustee within seven (7) days after the execution of this Stipulation. The Settlement Amount shall be paid by check payable to "Joseph H. Baldiga, Chapter 7 trustee of Southern Sky Air & Tours d/b/a Direct Air" and delivered to the Trustee's undersigned counsel. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), The Port Authority shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, excluding (i) The Port Authority's timely filed proof of claim in the amount of $124,561.42 filed in the Debtor's bankruptcy case and identified as Claim No. 1891 and (ii) any claim arising under Bankruptcy Code § 502(h) from The Port Authority's payment of the Settlement Amount, not to exceed $25,500.00.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released The Port Authority and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Demand, except that the Trustee agrees to (i) waive his right to object to the proof of claim previously filed by The Port Authority in the amount of $124,561.42 and (ii) consent to an amendment of such proof of claim within 30 days after entry of the Final Order to include a claim equal to the Settlement Amount pursuant to Bankruptcy Code § 502(h). The aggregate claim of $150,061.42, if filed within 30 days after entry of the Final Order, shall be allowed as a timely-filed general unsecured claim in the Debtor's bankruptcy case. The Trustee reserves the right to object to any other claims filed by or on behalf of The Port Authority for any reason.

D. The Port Authority acknowledges that The Port Authority received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Demand. The Port Authority acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

| | |
|---|---|
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
| | By his counsel, |
| By: Margaret Taylor Finucane, Esq. | Joseph H. Baldiga, BBO #549963 |
| Its: James M. Begley, Esq. | Gina Barbieri O'Neil, BBO #670596 |
| Attorney for the Port Authority of New York and New Jersey | Mirick, O'Connell, DeMallie & Lougee, LLP |
| 225 Park Avenue South, 13th Floor | 1800 West Park Drive, Suite 400 |
| New York, New York 10003 | Westborough, MA 01581 |
| Phone: (212) 435-3462 | Phone: 508.898.1501 |
| Fax: (212) 435-3834 | Fax: 508.898.1502 |
| Email: mfinucan@panynj.gov | Email: bankrupt@mirickoconnell.com |
| | Email: goneil@mirickoconnell.com |
| Dated: Jan. 30, 2014 | Dated: February 3, 2014 |