## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:** <br><br> **SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,** <br><br>          **Debtor.** | **Chapter 7** <br> **Case No. 12-40944-MSH** |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
### (Re: The Port Authority of New York and New Jersey)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves this Court for an order approving a stipulation of settlement (the "Settlement Agreement") entered into by the Trustee and The Port Authority of New York and New Jersey ("The Port Authority"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### FACTUAL BACKGROUND

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

{Practice Areas/CORP/15008/14190/A2494723.DOC}

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on The Port Authority for the return of transfers in the amount of $35,000.00 made by the Debtor to The Port Authority within 90 days prior to the Petition Date (the "Transfers").

5. The Port Authority responded to the Demand and asserted defenses to the Trustee's demand for return of the Transfers. Among other things, The Port Authority raised an ordinary course of business defense.

6. The Trustee then negotiated an agreement (i.e., the Settlement Agreement) with The Port Authority to resolve the Parties' dispute concerning the return of the Transfers. Details regarding the Settlement Agreement are set forth below.

## SUMMARY OF SETTLEMENT AGREEMENT

7. The Settlement Agreement provides, among other things, that:

   a. The Port Authority will pay the Trustee the sum of $25,500.00 (the "Settlement Amount") within seven (7) days after execution of the Stipulation.

   b. Upon entry of the Bankruptcy Court's final order approving this Stipulation (the "Final Order"), The Port Authority shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, excluding (i) The Port Authority's timely filed proof of claim in the amount of $124,561.42 filed in the Debtor's bankruptcy case and identified as Claim No. 1891 and (ii) any claim arising under Bankruptcy Code § 502(h) from The Port Authority's payment of the Settlement Amount, not to exceed $25,500.00.

   c. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released The Port Authority and its representatives, attorneys, agents, or assigns from any and all claims or obligations

arising from or related to the Transfers or as set forth in the Demand, except that the Trustee agrees to (i) waive his right to object to the proof of claim previously filed by The Port Authority in the amount of $124,561.42 and (ii) consent to an amendment of such proof of claim within 30 days after entry of the Final Order to include a claim equal to the Settlement Amount pursuant to Bankruptcy Code § 502(h).  The aggregate claim of $150,061.42, if filed within 30 days after entry of the Final Order, shall be allowed as a timely-filed general unsecured claim in the Debtor's bankruptcy case.  The Trustee reserves the right to object to any other claims filed by or on behalf of The Port Authority for any reason.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1.  Absent such approval, the Settlement Agreement shall be of no force or effect.

## REASONABLENESS OF THE SETTLEMENT

9. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted).  The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference.  Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

10. The Trustee states that payment of the Settlement Amount will result in an immediate and material benefit to the Estate.

11. The Trustee has also considered the strengths and weaknesses of the claims and defenses of each of the Parties, including The Port Authority's ordinary course of business defense.  As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

12. The Trustee has reviewed The Port Authority's proof of claim (Claim No. 1891) and has identified no objections to that claim, such that allowance of the claim (as amended to include The Port Authority's Bankruptcy Code § 502(h) claim resulting from payment of the Settlement Amount) is appropriate.

13. Finally, the Trustee has determined that the Settlement Agreement stems the legal costs and expenses that would otherwise be incurred through litigation and that litigation could possibly result in a smaller net recovery by the Estate.

14. Based on the foregoing, the Trustee believes that the Settlement Agreement is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Settlement Agreement, as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  February 6, 2014

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## ORDER APPROVING STIPULATION OF SETTLEMENT
### (Re: The Port Authority of New York and New Jersey)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed on February 6, 2014 by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), in which the Trustee seeks approval of a certain Stipulation of Settlement (the "Settlement Agreement") between the Trustee and The Port Authority of New York and New Jersey; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.    The Motion is allowed; and

B.    The Settlement Agreement is approved.

Dated: _____, 2014

                                                                                   Honorable Melvin S. Hoffman
                                                                                  United States Bankruptcy Judge