UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**MOTION TO LIMIT NOTICE**
(Re: Trustee's Report on Direct Air's Operations and Shortfall)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the Trustee's Report on Direct Air's Operations and Shortfall (the "Investigative Report") to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, and all parties that have filed requests for notice.[1]

In support hereof, the Trustee submits the following:

1. On March 15, 2012, the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

---

[1] A complete copy of the Investigative Report, including exhibits, is being filed with the Bankruptcy Court via the Bankruptcy Court's electronic case filing (ECF) system. All parties entitled to receive notice via ECF will receive a complete copy of the Investigative Report. Parties not entitled to receive notice via ECF will be served a copy of the Investigative Report, excluding exhibits, but will be provided a complete copy upon request to the Trustee or his undersigned counsel and upon providing the Trustee with an e-mail address, if available.

2. On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012 (two days prior to the Petition Date), the Debtor ceased operation of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations.

5. On May 3, 2012, the Debtor filed, among other things, two separate schedules for Schedule F creditors, categorized as (1) consumer creditors (the "Schedule F - Consumer Creditors") and (2) non-consumer creditors (the "Schedule F – Non-Consumer Creditors"). Schedule F – Consumer Creditors total approximately 93,000.00 and there are hundreds of Schedule F – Non-Consumer Creditors. Upon information and belief, the majority of Schedule F – Consumer Creditors are consumer creditors who purchased airline tickets for flights that never occurred (i.e., Charter Participants).

6. On the date hereof, the Trustee filed the Investigative Report. In the Investigative Report, the Trustee submits his findings as to the operations of Direct Air and the dissipation of funds from Direct Air's depository accounts maintained at Valley National Bank ("VNB"). The Investigative Report is not specific to any one creditor and includes voluminous exhibits.

7. Based on the foregoing, the Trustee believes that service of the Special Counsel Retention Application on all Schedule F creditors is unnecessary and would impose an undue burden on the Estate both financially and administratively.

8. Accordingly, the Trustee requests that he be authorized to limit notice of the Investigative Report to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, and all parties that have filed requests for notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a. Allowing the Trustee's motion to limit notice; and

b. Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

/s/ Jessica E. Murphy
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com

Dated: March 3, 2014

{Practice Areas/CORP/15008/14190/A2523149.DOC}                         3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER AUTHORIZING MOTION TO LIMIT NOTICE
(Re: Trustee's Report on Direct Air's Operations and Shortfall)

Upon the motion dated March 3, 2014 (the "Motion") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the Trustee's Report on Direct Air's Operations and Shortfall (the "Investigative Report"), and the Court finding that the notice given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed with the Court is sufficient; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

    a.    The Motion is ALLOWED; and

    b.    The Trustee may limit notice of the Investigative Report to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, and all parties that have filed requests for notice.

Dated: _____, 2014

                                                                                       Honorable Melvin S. Hoffman
                                                                                       United States Bankruptcy Judge