UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO (I) APPROVE FORM OF TOLLING AGREEMENT AND (II) EXTEND CERTAIN DEADLINES, WITH REQUEST FOR EXPEDITED DETERMINATION

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor

herein (the "Debtor"), and hereby moves this Court for an order (i) approving his proposed form

of Tolling Agreement, a copy of which is as **Exhibit A** and (ii) consistent with the Tolling

Agreement, extending the time to file suit against certain counterparties to such Tolling

Agreement to and including June 16, 2014. **The Trustee requests expedited determination**

**regarding this Motion because the statute of limitations regarding avoidance actions**

**expires in this case on March 15, 2014.**

In support of this Motion, the Trustee states as follows:

### FACTUAL BACKGROUND

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the

"Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's

bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.    On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga as Chapter 7 trustee of this proceeding and he continues to serve as such.

4.    Since the Conversion Date, the Trustee has made demand on multiple parties for return of preferential transfers and/or other types of transfers received from the Debtor prior to or shortly after the Petition Date (collectively, the "Avoidance Actions"). This Court has approved compromises fully resolving a number of the Avoidance Actions. Other settlement agreements and adversary proceedings are currently pending before this Court.

5.    In addition to the Avoidance Actions that are fully resolved or otherwise pending judicial determination, the Trustee anticipates that within the next approximately one week, he will address each of the remaining Avoidance Actions by either (a) filing a Complaint or (b) reaching consensual resolution with respect to such Avoidance Action.

6.    The statutory deadline for the Trustee to bring suit regarding the Avoidance Actions, and claims related thereto, expires on or about March 15, 2014 (the "Statutory Deadline") pursuant to Bankruptcy Code §§ 546 and 549.[1]

7.    As previously noted, the Trustee anticipates that he will be able to reach consensual resolution with respect to certain Avoidance Actions within the next approximately one week. Indeed, the Trustee is in the process of documenting four settlement agreements and, in addition, he is engaged in substantive discussions with certain other transfer recipients, with the goal of resolving their respective Avoidance Actions prior to the Statutory Deadline.

---

[1]    Bankruptcy Code § 549(d) provides that actions to recover post-petition transfers must be commenced before two years after such transaction. The Trustee has identified only a very small number of unauthorized post-petition transfers, each occurring within days or weeks after the Petition Date. Therefore, the defined term "Statutory Deadline" is intended to encompass the deadline(s) to bring claims under Bankruptcy Code § 549 as well as § 546.

8.    To the extent that, as of the Statutory Deadline, settlement is closely within reach, at the documentation stage, or awaiting determination of this Court in the form of a docketed settlement agreement, the Trustee believes that it is not in the best interest of the Estate to initiate litigation at that time. Instead, the Trustee has prepared the attached Tolling Agreement, which he proposes to enter into with such transfer recipients as he deems appropriate under these circumstances (e.g., counterparties to pending settlement agreements, parties with whom the Trustee is actively engaged in substantive negotiations, and the like). Entering into the Tolling Agreement will facilitate settlement discussions, avoid unnecessary costs and expenses for the parties, and promote judicial economy.

9.    A majority of courts hold that the deadline under Bankruptcy Code § 546 is a statute of limitations subject to extension by agreement, estoppel, tolling or waiver. In re Martin Levy of Berlin DMD, PC., 416 B.R. 1, 7-8 (Bankr. D. Mass. 2009) (Boroff, J.) (holding that defendant waived statute of limitations defense by filing to object to trustee's motion to extend § 546 deadlines) (citing IBT Int'l Inc. v. Northern, 408 F.3d 689, 699 (11th Cir. 2005) ("A bankruptcy court has the discretion to extend the filing period for an adversary proceeding"); Carr v. Klayman, 288 B.R. 805, 807 (Bankr. M.D. Fla. 1999) (granting trustee's motion to extend § 546 deadline after its expiration); Frentz v. Stites & Harbison, 381 B.R. 225, 226-227 (Bankr. W.D. Ky. 2008) (extending § 546 deadline upon no objections to trustee's extension motion).

10.    Courts have similarly held that the deadline under Bankruptcy Code § 549 a statute of limitations subject to extension. Pugh v. Brook (in re Pugh), 158 F.3d 530, 537-538 (11th Cir. 1998) (finding that the decisions of other courts "solidly support" the conclusion that § 549(d) is a true statute of limitations that can be waived).

11.     Based on the foregoing, the Trustee believes that the Tolling Agreement, once signed by the Trustee and any counterparty, is an effective vehicle for extending the statutory deadlines under Bankruptcy Code §§ 546 and 549 without need for court approval. See, e.g., Martin Levy, 416 B.R. at 7 (citing Moglia v. Inland Plywood Co., 299 B.R. 488, 496-497 (Bankr. N.D. Ill. 2003) ("the clear weight of recent authority bolsters the conclusion that § 546(a) is a true statute of limitations that can be extended by the parties, waived, or equitably tolled")).

12.     Notwithstanding the Trustee's belief and the weight of the majority of courts, the Trustee requests, out of an abundance of caution, that this Court (a) approve the form of Tolling Agreement attached hereto and (b) with respect to the counterparty transfer recipients with whom the Trustee enters into a Tolling Agreement, extend the deadlines under Bankruptcy Code §§ 546 and 549 to June 16, 2014.

13.     The Trustee requests expedited determination of this Motion because the statutory deadline to bring the Avoidance Actions expires on or about March 15, 2014 (i.e., the Statutory Deadline). To the extent that this Court denies this Motion, the Trustee intends to initiate adversary proceedings against each of the transfer recipients, including the transfer recipients with which he has reached settlement, in order to preserve these causes of action. Should that situation occur, the Trustee will need time to prepare and file each of the Complaints.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.     Approving the form of Tolling Agreement;

B.     With respect to any counterparty with whom the Trustee enters into a Tolling Agreement, extending the deadlines under Bankruptcy Code §§ 546 and 549 to June 16, 2014; and

C.     Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____/s/ Gina Barbieri O'Neil_____
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: March 6, 2014

{Practice Areas/CORP/15008/14190/A2530016.DOCX}

5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER (I) APPROVING FORM OF TOLLING AGREEMENT AND (II) EXTENDING DEADLINES

Upon the Motion to (I) Approve Form of Tolling Agreement and (II) Extend Certain Deadlines (the "Motion") filed on March 6, 2014 by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), in which the Trustee seeks (i) approval of the form of Tolling Agreement attached as Exhibit A to the Motion (the "Tolling Agreement") and (ii) consistent with the Tolling Agreement, an extension of the deadline to file suit against counterparties to the Tolling Agreement until June 16, 2014; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.    The Motion is allowed;

B.    The form of Tolling Agreement is approved; and

C.      The deadlines set forth in 11 U.S.C. §§ 546 and 549 for the Trustee to file suit

against any counterparties to the Tolling Agreement are hereby extended to and including June

16, 2014.

Dated:_____, 2014                    _____

                                                Honorable Melvin S. Hoffman
                                                United States Bankruptcy Judge

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,

Debtor.

Chapter 7
Case No. 12-40944-MSH

TOLLING AGREEMENT

This TOLLING AGREEMENT (the "Agreement") is made as of March ___, 2014 (the

"Tolling Date") by and between _____ (the "Transfer Recipient") and

Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of

Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"). The Transfer Recipient and the

Trustee shall hereafter be referred to as the "Parties".

WHEREAS, on March 15, 2012 (the "Petition Date") the Debtor filed a voluntary

petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1-1532

(the "Bankruptcy Code");

WHEREAS, on April 11, 2012, the Court converted the Debtor's bankruptcy case to one

administered under Chapter 7 of the Bankruptcy Code;

WHEREAS, also on April 11, 2012, the United States Trustee appointed the Trustee as

Chapter 7 trustee of the Debtor's case and he continues to serve as such;

WHEREAS, the Trustee and the Estate may have certain claims against the Transfer

Recipient including, without limitation, claims arising under Bankruptcy Code §§ 502, 542, 544,

547, 548, 549, and/or 550 (collectively, the "Claims");

WHEREAS, the Transfer Recipient believes that the Claims are not valid claims against the Transfer Recipient and, to the extent that such claims exist, the Transfer Recipient believes it has complete defenses to such claims;

WHEREAS, the Parties are engaged in productive settlement discussions in an effort to efficiently resolve their disputes regarding the Claims and, at this time, neither of the Parties believes that it is in his or its best interest to initiate litigation;

WHEREAS, the statute of limitations for the Trustee to bring the Claims expires on or about March 15, 2014;

WHEREAS, in light of the foregoing, the Parties have agreed to enter into this Agreement tolling all applicable statutes of limitations from March 15, 2014 to and including June 16, 2014 (the "Termination Date");

NOW THEREFORE, in consideration of the promises, covenants and provisions set forth herein, including forbearance of suit as set forth herein, the Parties agree as follows:

1.      The running of all applicable statutes of limitation and periods of repose or other rules, provisions or principles limiting the period of time to file suit or assert claims, including without limitation 11 U.S.C. §§ 108, 546, and 549, with respect to the Claims shall be, and hereby are, tolled and suspended as of the date of this Agreement, and the running thereof shall be resumed on the first business day following the Termination Date.

2.      In any suit or proceeding in any court or before any administrative agency that may hereafter be brought by the Trustee against the Transfer Recipient, none of the Parties shall plead or otherwise assert a defense that the period between the Tolling Date and the Termination Date (the "Tolling Period"), is or should be considered in determining whether any defense based on a statute of limitations, laches, estoppel, or any other defenses based on the lapse or

2

passage of time bars such suit or proceeding, nor in determining the date as of which recovery or

previously accrued damages or response costs in such suit or proceeding is barred. In any such

suit or proceeding the Tolling Period shall not be considered in determining any defense based

on a statute of limitations, statute of repose, laches, estoppel, or other defense based on the lapse

of time bars such suit or proceeding, nor in determining the date of which recovery of previously

accrued damages or response costs in such suit or proceeding is barred.

3. Nothing in this Agreement shall limit or otherwise affect any other claim or

defense available to any of the Parties as of the Tolling Date, and this Agreement shall not be

deemed to revive any claim or defense that had expired as of the Tolling Date. Nothing in this

Agreement nor in the circumstances that gave rise to this Agreement shall be construed as an

acknowledgement by any of the Parties that any claim or defense was or was not barred, or was

or was not about to be barred, by any statute of limitation, laches, estoppel, or any other defense

based on the lapse or passage of time, as of the Tolling Date.

4. This Agreement shall not operate as, nor be construed to be or contain, an

admission of any fact or liability by either of the Parties. Neither this Agreement nor any action

taken hereunder shall be offered or received in evidence in any action or proceeding as an

admission of liability or wrongdoing of any nature on the part of either of the Parties or as

evidence to prove such admission or wrongdoing.

5. The Parties agree that this Agreement shall commence on the Tolling Date, which

shall be the effective date of this Agreement.

6. This Agreement contains the entire agreement between the Parties regarding the

provisions set forth above and may only be modified in a writing signed by the Parties or their

duly appointed agents.

{Practice Areas/CORP/15008/14190/A2529054.DOC}

7.      This Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective heirs, executors, administrators, successors and assigns.

8.      Any provisions of this Agreement held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality of unenforceability without affecting the validity, legality or enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

9.      This Agreement shall be deemed to have been jointly drafted by the Parties hereto, and in constructing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Agreement, or this Agreement as a whole, was purportedly prepared or requested by such Party.

10.     The Debtor and the Estate are the intended beneficiaries of this Agreement and, to the extent that the Trustee or any other person or entity is authorized to act on behalf of the Estate, then the Trustee or such other person or entity shall have standing to enforce this Agreement and to realize the benefits of this Agreement.

11.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

12.     This Agreement may be executed in one or more counterparts and faxed or emailed copies shall suffice in lieu of original signatures.

4

{Practice Areas/CORP/15008/14190/A2529054.DOC}

IN WITNESS WHEREOF, the Parties have executed this Agreement as a contract under

seal of the Tolling Date.

[TRANSFER RECIPIENT NAME]

_____

By:
Its:

JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE

_____

Joseph H. Baldiga, Chapter 7 Trustee

5

{Practice Areas/CORP/15008/14190/A2529054.DOC}