UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br>     Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7<br>TRUSTEE OF THE BANKRUPTCY<br>ESTATE OF SOUTHERN SKY AIR &<br>TOURS, LLC d/b/a DIRECT AIR,<br>     Plaintiff,<br><br>v.<br><br>NIAGARA FALLS AVIATION, LLC,<br>     Defendant. | Adversary Proceeding<br>Case No. 13-04096 |

### STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers to Niagara Falls
Aviation, LLC and for Turnover of Estate Property)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Niagara Falls Aviation, LLC ("Niagara"; together with the Trustee, the "Parties"), the defendant in Adversary Proceeding Case No. 13-04096 pending before this Court (the "Adversary Proceeding"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

{Practice Areas/CORP/15008/14190/A2516274.DOC}

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand on Niagara for the return of transfers made by the Debtor to Niagara within two years prior to the Petition Date in the amount of $85,000.00 (the "Payment Transfers").

5. Additionally, on or about November 13, 2012 and again on August 15, 2013, the Trustee made demand on Niagara for the turnover of additional funds in the amount of $40,675.80 (the "Collected Funds"), which Niagara had collected from the Debtor's customers, deposited into Niagara's account, and applied to the balance owed by the Debtor to Niagara (the "Collected Funds Transfer"; together with the Payment Transfers, the "Transfers").

6. On November 1, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 541, 542, 547(b) and 550 to, among other things, (I) avoid and recover the Transfers, (II) require Niagara to (a) deliver to the Trustee all property of the Estate in Niagara's possession (e.g., the Collected Funds) and (b) account for such property, and (III) disallow any and all claims Niagara may have against the Estate.

7. On December 2, 2013, Niagara filed its Answer and Affirmative Defenses to Complaint to Avoid Transfers (the "Answer") and asserted defenses to the Trustee's claims.

8. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

    A.    Niagara agrees to pay the Trustee the sum of $32,500.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Niagara made in the Complaint and related to the Transfers. Niagara shall pay the Settlement Amount to the Trustee within seven (7) business days after the execution of this Stipulation. The Settlement Amount shall be paid by check payable to "Joseph H. Baldiga, Chapter 7 Trustee of Southern Sky Air & Tours d/b/a Direct Air" and delivered to the Trustee's counsel. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

    B.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Niagara shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Niagara's payment of the Settlement Amount but excluding Niagara's timely filed proof of claim in the amount of $83,939.14 filed in the Debtor's bankruptcy case and identified as Claim No. 1772-1 (the "Niagara Claim"), which shall be deemed allowed as a general unsecured claim in the amount of $75,763.34.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Niagara and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee agrees to waive his right to object to the Niagara Claim to the extent that such claim is deemed allowed as a general unsecured claim in the amount of $75,763.34, but the Trustee reserves the right to object to any other claims filed by or on behalf of Niagara for any reason.

D. Niagara acknowledges that Niagara received no other payments from or on behalf of the Debtor within ninety (90) days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint. Niagara acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding.

F.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| NIAGARA FALLS AVIATION, LLC | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| By its counsel, | By his counsel, |
| *[signature]* | *[signature]* |
| Peter D. Bilowz, BBO #651383<br>Goulston & Storrs, P.C.<br>400 Atlantic Avenue<br>Boston, MA 02110<br>Phone: 617.574.4128<br>Fax: 617.574.7621<br>Email: PBilowz@goulstonstorrs.com | Joseph H. Baldiga, BBO #549963<br>Gina Barbieri O'Neil, BBO #670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Drive, Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax:   508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com |
| Dated: February 27, 2014 | Dated: March 3, 2014 |