UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**MOTION TO APPROVE STIPULATION OF SETTLEMENT**
(Re: Complaint to Avoid and Recover Preferential Transfers to Niagara Falls
Aviation, LLC and for Turnover of Estate Property)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Niagara Falls Aviation, LLC ("Niagara"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

{Practice Areas/CORP/15008/14190/A2531923.DOC}

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on Niagara for the return of certain transfers made by the Debtor to Niagara within two years prior to the Petition Date in the amount of $85,000.00 (the "Payment Transfers").

5. Additionally, on or about November 13, 2012 and again on August 15, 2013, the Trustee made demand on Niagara for the turnover of additional funds in the amount of $40,675.80 (the "Collected Funds"), which Niagara had collected from the Debtor's customers, deposited into Niagara's account, and applied to the balance owed by the Debtor to Niagara (the "Collected Funds Transfer"; together with the Payment Transfers, the "Transfers").

6. On November 1, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 541, 542, 547(b) and 550 to, among other things, (I) avoid and recover the Transfers, (II) require Niagara to (a) deliver to the Trustee all property of the Estate in Niagara's possession (e.g., the Collected Funds) and (b) account for such property, and (III) disallow any and all claims Niagara may have against the Estate.

7. On December 2, 2013, Niagara filed its Answer and Affirmative Defenses to Complaint to Avoid Transfers (the "Answer") and asserted defenses to the Trustee's claims. Specifically, Niagara asserted ordinary course of business, contemporaneous exchange, and new value defenses. Niagara subsequently provided documents to the Trustee and asserted a complete new value defense regarding the Payment Transfers. Niagara also informally raised issues regarding collectability.

8.  Based on his analysis, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with Niagara to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

9.  The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.  SUMMARY OF THE SETTLEMENT AGREEMENT

10.  The Settlement Agreement between the Trustee and Niagara provides that Niagara shall deliver to the Trustee a check in the amount of $32,500.00 (the "Settlement Amount") as settlement of all allegations made in the Complaint and related to the Transfers. The Trustee has received the Settlement Amount and is holding same in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

11.  The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement (the "Final Order"), Niagara shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Niagara's payment of the Settlement Amount but excluding Niagara's timely filed proof of claim in the amount of $83,939.14 filed in the Debtor's bankruptcy case and identified as Claim No. 1772-1 (the "Niagara Claim"), which shall be deemed allowed as a general unsecured claim in the amount of $75,763.34.

12.  The Settlement Agreement further provides that upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Niagara and its representatives, attorneys, agents, or assigns from any and all claims or

obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee agrees to waive his right to object to the Niagara Claim to the extent that such claim is deemed allowed as a general unsecured claim in the amount of $75,763.34, but the Trustee reserves the right to object to any other claims filed by or on behalf of Niagara for any reason.

13. Finally, Niagara acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint.

14. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding.

### III. REASONABLENESS OF THE SETTLEMENTS

15. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

16. The Trustee has determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

17. The Trustee has also determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

18. In addition, the amount paid by Niagara pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

19. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers to Niagara Falls Aviation, LLC and for Turnover of Estate Property) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: March 7, 2014

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers to Niagara Falls Aviation, LLC and for Turnover of Estate Property)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on March 7, 2014, 2014, for an order approving the Stipulation of Settlement with Niagara Falls Aviation, LLC; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.  The Motion is allowed; and

B.  The Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers to Niagara Falls Aviation, LLC and for Turnover of Estate Property) is approved.

Dated:_____, 2014    _____
                               Honorable Melvin S. Hoffman
                               United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2531923.DOC}