B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>Beechwood Lakeland Hotel, LLC a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Gina Barbieri O'Neil, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax:   (508) 791-8502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502(d), 547(b), 549, and 550 to (a) avoid and recover certain pre-petition transfers and (b) disallow any claims the transfer recipient may have against the Estate.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: not less than $19,367.41 |

Other Relief Sought

{Practice Areas/CORP/15008/14190/A2526016.DOC}

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Southern Sky Air & Tours, LLC d/b/a Direct Air | BANKRUPTCY CASE NO.<br>12-40944-MSH |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Melvin S. Hoffman |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Gina Barbieri O'Neil | |
| DATE<br>3/10/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gina Barbieri O'Neil |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>BEECHWOOD LAKELAND HOTEL, LLC a/k/a BEECHWOOD LKLD HOTEL, LLC a/k/a HILTON GARDEN INN a/k/a HILTON GARDEN INN LAKELAND a/k/a HILTON GARDEN FRONT DESK,<br>    Defendant. | Adversary Proceeding<br>No. 14-_____ |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action, pursuant to 11 U.S.C. §§ 502(d), 547(b), 549 and 550, to avoid and recover certain pre-petition transfers the Debtor made to Beechwood Lakeland Hotel, LLC a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk

("Hilton Garden Inn") and to disallow any and all claims Hilton Garden Inn may have against the Estate.

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Upon information and belief, the defendant, Beechwood Lakeland Hotel, LLC a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk, is a Florida Limited Liability Company with a principal c/o Darrell M. Hanson, 2500 Main Street, Fort Myers, Florida 33931. The defendant conducts business at 3839 Don Emerson Drive, Lakeland, Florida 33811 under the name "Hilton Garden Inn Lakeland".

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 502, 547, 549, and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in paragraphs 1 through 6.

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9. On April 11, 2012, the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. At all relevant times, Hilton Garden Inn was a creditor of the Debtor.

11. On or within 90 days prior to the Petition Date, the Debtor transferred funds to Hilton Garden Inn totaling at least $10,107.28 (the "Pre-Petition Transfers").

12. On and after the Petition Date, the Debtor transferred funds to Hilton Garden Inn totaling at least $9,260.13 (the "Post-Petition Transfers"; together with the Pre-Petition Transfers, the "Transfers").

13. Specifically, the Debtor made the following payments to Hilton Garden Inn, which constitute the Pre-Petition Transfers:

    (a)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (b)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (c)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (d)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (e)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (f)    debit transfer dated January 17, 2012 in the amount of $72.80;

    (g)    Check No. 4750 dated February 10, 2012, and which cleared on February 15, 2012, in the amount of $5,000.00;

    (h)    debit transfer dated February 27, 2012 in the amount of $1,050.56;

    (i)    debit transfer dated February 27, 2012 in the amount of $1,050.56; and

    (j)    debit transfer dated February 27, 2012 in the amount of $155.68.

14.    In addition, the Debtor made the following payments to Hilton Garden Inn, which constitute the Post-Petition Transfers:

    (k)    debit transfer dated March 15, 2012 in the amount of $2,212.54;

    (l)    debit transfer dated March 15, 2012 in the amount of $201.14;

    (m)    debit transfer dated March 16, 2012 in the amount of $2,801.76;

    (n)    debit transfer dated March 16, 2012 in the amount of $1,335.04;

    (o)    debit transfer dated March 16, 2012 in the amount of $1,321.60;

    (p)    debit transfer dated March 16, 2012 in the amount of $1,101.57;

    (q)    debit transfer dated March 16, 2012 in the amount of $1,057.28;

    (r)    debit transfer dated March 16, 2012 in the amount of $986.59;

    (s)    debit transfer dated March 16, 2012 in the amount of $444.64;

    (t)    debit transfer dated March 16, 2012 in the amount of $198.24; and

    (u)    debit transfer dated March 16, 2012 in the amount of $13.41.

Copies of supporting documents associated with the Transfers are attached as **Exhibit A**.

## COUNT I – PREFERENCE
### (Recovery of Preferential Transfers Pursuant to Bankruptcy Code §§ 547 and 550)

15. The Trustee reasserts the allegations set forth in paragraphs 1 through 14.

16. Pursuant to Bankruptcy Code § 547(b), the Trustee may avoid any transfer of an interest of the Debtor in property:

   a. to or for the benefit of a creditor;

   b. for or on account of an antecedent debt owed by the Debtor before such transfer was made;

   c. made while the Debtor was insolvent;

   d. made on or within 90 days before the Petition Date; and

   e. that enables such creditor to receive more than such creditor would receive if:
      i. the case were a case under chapter 7 of the Bankruptcy Code;
      ii. the transfer had not been made; and
      iii. such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17. Hilton Garden Inn was a creditor of the Debtor at the time of the Pre-Petition Transfers.

18. Upon on information and belief, the Debtor was insolvent at the time of the Pre-Petition Transfers.

19. Further, pursuant to Bankruptcy Code § 547(f), the Debtor is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

20. The Pre-Petition Transfers occurred within 90 days of the Petition Date.

21. Due to the Pre-Petition Transfers, Hilton Garden Inn received more than it would have received if:

    a. the proceeding was one under Chapter 7 of the Bankruptcy Code;

    b. the Pre-Petition Transfers had not been made; and

    c. Hilton Garden received payment of such debt to the extent provided by the Bankruptcy Code.

22. Based on the foregoing, the Trustee may avoid the Pre-Petition Transfers as preferential transfers pursuant to Bankruptcy Code § 547, and the Trustee may recover the Pre-Petition Transfers from Hilton Garden Inn pursuant to Bankruptcy Code § 550.

23. In addition to the noted Pre-Petition Transfers, there may have been other transfers from the Debtor to Hilton Garden Inn that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 547 and 550. The Trustee's intent herein is to recover from Hilton Garden Inn all such transfers, whether or not all such transfers are specifically identified herein.

### COUNT II – POST-PETITION TRANSACTIONS
**(Recovery of Post-Petition Transactions Pursuant to Bankruptcy Code §§ 549 and 550)**

24. The Trustee reasserts the allegations set forth in paragraphs 1 through 23.

25. Pursuant to Bankruptcy Code § 549(a), the Trustee may avoid any transfer of property of the estate that occurred after the commencement of the case and that is not authorized under the Bankruptcy Code or by the court.

26. The Post-Petition Transfers occurred on or after the Petition Date.

27.   The Debtor was not authorized to make the Post-Petition Transfers.

28.   Based on the foregoing, the Trustee may avoid the Post-Petition Transfers pursuant to Bankruptcy Code § 549, and the Trustee may recover the Post-Petition Transfers from Hilton Garden Inn pursuant to Bankruptcy Code § 550.

29.   In addition to the noted Post-Petition Transfers, there may have been other transfers from the Debtor to Hilton Garden Inn that are avoidable and recoverable by the Trustee pursuant to Bankruptcy Code §§ 549 and 550. The Trustee's intent herein is to recover from Hilton Garden Inn all such transfers, whether or not such transfers are specifically identified herein.

### COUNT III – DISALLOWANCE OF CLAIM
**(Disallowance of Any Claim the Defendant May Have
Against the Estate Pursuant to Bankruptcy Code § 502)**

30.   The Trustee reasserts the allegations set forth in paragraphs 1 through 29.

31.   Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 547 has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

32.   Hilton Garden Inn has not paid or surrendered to the Trustee the Transfers (or the value thereof).

33.   Based on the foregoing, any unsecured claim that Hilton Garden Inn has, or may assert, should be disallowed.

34.  The Trustee reserves the right to amend this Complaint including, without limitation, to add any subsequently discovered transfers to or for the benefit of Hilton Garden Inn.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a.  Avoiding the Transfers, and preserving the Transfers for the benefit of the Estate;

b.  Disallowing any and all of Hilton Garden Inn's claims against the Estate; and

c.  Granting the Trustee such other and further relief as this Court deems just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Dated: March 10, 2014                Email: goneil@mirickoconnell.com

# EXHIBIT A

**TD Bank**
America's Most Convenient Bank®

STATEMENT OF ACCOUNT

SOUTHERN SKY AIR AND TOURS LLC DBA
DIRECT AIR
1600 OAK ST
MYRTLE BEACH SC 29577-

Page:                           1 of 5
Statement Period:   Jan 06 2012-Jan 31 2012
Cust Ref #:              4267681637-720-T-###
Primary Account #:              426-7681637

## Business Convenience Checking

SOUTHERN SKY AIR AND TOURS LLC DBA
DIRECT AIR

Account # 426-7681637

### ACCOUNT SUMMARY

| | | |
|---|---|---|
| Beginning Balance | | Average Collected Balance |
| Deposits | | Annual Percentage Yield Earned |
| | | Days in Period |
| Electronic Payments | | |
| Ending Balance | | |

### DAILY ACCOUNT ACTIVITY

**Deposits**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/6 |  | | |
| 1/13 | | | |
| 1/13 | | | |
| 1/26 | | | |
| 1/31 | | | |
| | | Subtotal: | |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/12 | | | |
| 1/17 | | | |
| 1/17 | | | |
| 1/17 | | | |
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK   LAKELAND   * FL<br>4085404003221185 | | 72.80 |

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED   ©   WWW.TDBANK.COM

**TD Bank**
America's Most Convenient Bank®

STATEMENT OF ACCOUNT

SOUTHERN SKY AIR AND TOURS LLC DBA
DIRECT AIR

Page: 3 of 5
Statement Period: Jan 06 2012-Jan 31 2012
Cust Ref #: 4267681637-720-T-###
Primary Account #: 426-7681637

---

### DAILY ACCOUNT ACTIVITY

**Electronic Payments (continued)**

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 72.80 |
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 72.80 |
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 72.80 |
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 72.80 |
| 1/17 | DEBIT CARD PURCHASE<br>AUT 011712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 72.80 |
| 1/19 | [redacted] | | [redacted] |
| 1/20 | [redacted] | | [redacted] |
| 1/20 | [redacted] | | [redacted] |
| 1/20 | [redacted] | | [redacted] |
| 1/20 | [redacted] | | [redacted] |

Call 1-800-YES-2000 for 24-hour Direct Banking service

BANK DEPOSITS FDIC INSURED    ©    WWW.TDBANK.COM



02/15/2012  $$5,000.00 Check Number 4750

TD Bank
America's Most Convenient Bank®

STATEMENT OF ACCOUNT

SOUTHERN SKY AIR AND TOURS LLC DBA
DIRECT AIR

Page: 7 of 10
Statement Period: Feb 01 2012-Feb 29 2012
Cust Ref #: 4267681637-720-T-###
Primary Account #: 426-7681637

## DAILY ACCOUNT ACTIVITY

### Electronic Payments (continued)

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/21 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/21 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/21 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/21 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/23 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/27 | ▬▬▬▬▬ | ▬▬▬▬▬ | ▬▬▬ |
| 2/27 | DEBIT CARD PURCHASE<br>AUT 022712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 1,050.56 |
| 2/27 | DEBIT CARD PURCHASE<br>AUT 022712 VISA DDA PUR<br>HILTON GARDEN FRONT DESK    LAKELAND    * FL<br>4085404003221185 | | 1,050.56 |
| 2/27 | ▬▬▬▬▬ | | ▬▬▬ |
| 2/27 | ▬▬▬▬▬ | | ▬▬▬ |

Call 1-800-YES-2000 for 24-hour Direct Banking service

Case Bank 44 Doc 462 Filed 03/10/14 Entered 03/10/14 15:50:14 Desc Main Document Page 16 of 17

**Bank**
America's Most Convenient Bank®

STATEMENT OF ACCOUNT

SOUTHERN SKY AIR AND TOURS LLC DBA
DIRECT AIR

Page: 8 of 10
Statement Period: Feb 01 2012-Feb 29 2012
Cust Ref #: 4267681637-720-T-###
Primary Account #: 426-7681637

## DAILY ACCOUNT ACTIVITY

### Electronic Payments (continued)

| POSTING DATE | DESCRIPTION | SERIAL NO. | AMOUNT |
|---|---|---|---|
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | [redacted] | [redacted] | [redacted] |
| 2/27 | DEBIT CARD PURCHASE AUT 022712 VISA DDA PUR HILTON GARDEN FRONT DESK LAKELAND *FL 4085404003221185 | | 155.68 |
| 2/27 | [redacted] | [redacted] | [redacted] |

Call 1-800-YES-2000 for 24-hour Direct Banking service

| Date | Description | | Payee | Amount | Balance |
|---|---|---|---|---|---|
| 03/15/2012 | VISA DDA PUR 432300 | | HILTON GARDEN INN M | $2,212.54 | $9,843.40 |
| 03/15/2012 | VISA DDA PUR 432300 | | HILTON GARDEN INN M | $201.14 | $9,642.26 |
| | | | | | $10,022.26 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $2,801.76 | $7,220.50 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $1,335.04 | $5,885.46 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $1,321.60 | $4,563.86 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $1,101.57 | $3,462.29 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $1,057.28 | $2,405.01 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $986.59 | $1,418.42 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $444.64 | $973.78 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $198.24 | $775.54 |
| 03/16/2012 | VISA DDA PUR 448020 | | HILTON GARDEN FRONT DES | $13.41 | $762.13 |