B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>Arrow Energy, Inc. and SunTrust Bank |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Gina Barbieri O'Neil, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax: (508) 791-8502<br>Email: bankrupt@mirickoconnell.com<br>Email: goneil@mirickoconnell.com<br>- and -<br>Robert M. Dees, Esq.<br>Milan, Howard, Nicandri, Dees & Gillam, P.A.<br>14 East Bay Street<br>Jacksonville, FL 32202<br>Phone: (904) 357-3660<br>Fax: (904) 357-3661<br>Email: rdees@milamhoward.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Trustee action under 11 U.S.C. §§ 502, 548, and 550 and Fed. R. Bankr. P. 7001 (I) for declaration that Arrow's prosecution of a garnishment action violates automatic stay, (II) to avoid and recover pre-petition transfers that Debtor made to Defendants, and (III) to disallow any claims the Defendants may have against the Estate.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: not less than $304,000 |

{Practice Areas/CORP/15008/14190/A2533585.DOC}

| Other Relief Sought |
|---|
| |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Southern Sky Air & Tours, LLC d/b/a Direct Air | BANKRUPTCY CASE NO.<br>12-40944-MSH |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Melvin S. Hoffman |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/ Gina Barbieri O'Neil |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 3/12/14 | Gina Barbieri O'Neil |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, as TRUSTEE OF THE ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Plaintiff,<br><br>v.<br><br>ARROW ENERGY, INC. AND SUNTRUST BANK,<br><br>Defendants. | ADVERSARY PROCEEDING NO. |

**COMPLAINT (I) FOR DECLARATORY RELIEF, (II) TO AVOID AND RECOVER FRAUDULENT TRANSFER, AND (III) TO DISALLOW CLAIMS**

Plaintiff Joseph H. Baldiga (the "Trustee"), Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), brings this action against Defendants Arrow Energy, Inc. ("Arrow") and SunTrust Bank ("SunTrust Bank"; together with Arrow, the "Defendants") pursuant to 11 U.S.C. §§ 502, 548, and 550 and Fed. R. Bankr. P. 7001 (I) for a declaration that Arrow's prosecution of a garnishment action violates the automatic stay, (II) to avoid and recover pre-petition transfers that the Debtor made to Arrow and/or SunTrust Bank, and (III) to disallow any claims that the Defendants may have against the Estate.

## I. PARTIES, JURISDICTION, AND VENUE

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. Arrow is a corporation organized and existing under the laws of the state of Michigan with its principal place of business in Michigan.

3. SunTrust Bank is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Georgia.

4. This is an adversary proceeding brought pursuant to §§ 502, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Fed. R. Bankr. P. 7001.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334(a) - (b).

6. Venue is proper for this adversary proceeding pursuant to 28 U.S.C. § 1409.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (G), (H), and (K).

## II. BANKRUPTCY CASE BACKGROUND

8. On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code.

9. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor ceased operation of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations.

10. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

11. On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such.

### III. GARNISHMENT CASE BACKGROUND

#### A. Garnishment Cases – Pre-Petition Background.

12. Prior to the Petition Date, on December 22, 2010, Arrow filed an action (the "Garnishment Action") in the Circuit Court of Broward County (the "Florida Trial Court") as a domestication of a final judgment Arrow had obtained in Michigan against Aviation Fuel International, Inc. ("AFI") and Sean Wagner.

13. Thereafter, Arrow served a writ of garnishment on the Debtor on March 3, 2011, claiming that the Debtor owed money to AFI, and that Arrow was entitled to such funds by virtue of the garnishment.

14. The Debtor did not owe any money to AFI because AFI had overcharged the Debtor for airport fees, fuel fees, and excise taxes.

##### i. *The 200K Transfer.*

15. On April 28, 2011, the court in the Garnishment Action entered a Final Judgment in Garnishment (the "Garnishment Judgment") against the Debtor in the amount of $329,138.97, over the Debtor's objection. The Debtor subsequently appealed the Garnishment Judgment by filing an appeal in the District Court of Appeal, Fourth District, State of Florida (Case No. 4D11-2018) (the "Garnishment Appeal Action").

16. On September 30, 2011, during the pendency of the Garnishment Appeal Action, Arrow executed on the Garnishment Judgment against the Debtor, and forced the Debtor to pay $200,000.00 to Arrow (the "200K Transfer").

3

17.     The 200K Transfer occurred on or about September 30, 2011, less than two years prior to the Petition Date.

### ii.    *The 104K Transfer.*

18.     On April 13, 2011, the Debtor inadvertently sent $104,000.00 to AFI's account at SunTrust Bank.

19.     Specifically, Mary Baldwin, the Debtor's Director of Finance, prepared a wire transfer request for $104,000.00 for payment to the Debtor's vendor Avfuel Corp., but inadvertently highlighted the template on her computer that was just above Avfuel (which was AFI's template), resulting in a wire transfer to AFI instead of intended recipient Avfuel (the "104K Transfer"; together with the 200K Transfer, the "Transfers").

20.     The Debtor immediately contacted SunTrust Bank when it discovered the error on April 14, 2011, but SunTrust refused to reverse the 104K Transfer. The funds constituting the 104K Transfer remain in the SunTrust bank account, subject to Arrow's garnishment claim.

21.     Specifically, subsequent to the occurrence of the 104K Transfer, Arrow served a writ of garnishment on the SunTrust account. The Florida Trial Court then issued a Judgment in Garnishment with respect to the SunTrust account, which is currently on appeal.

### B.    Garnishment Cases – Post-Petition Background.

22.     On May 25, 2012, following the Petition Date, this Court granted the Trustee's application to employ Robert M. Dees, Esq., and Milam Howard Nicandri Dees & Gillam, P.A. ("Special Counsel"), as special counsel to the Trustee, on a contingency basis, for the purpose of continuing prosecution of the Garnishment Appeal Action.

23.     The appellate court in the Garnishment Appeal Action reversed the Garnishment Judgment against the Debtor on December 19, 2012.

4

{Practice Areas/CORP/15008/14190/A2519363.DOCX[Ver:3]}

24.    The Debtor filed its bankruptcy case after Arrow executed on the $200,000.00 against the Debtor, but before the appeal of the Garnishment Judgment was resolved in favor of the Debtor.

25.    Following reversal of the Garnishment Judgment on December 19, 2012, the Debtor pursued a claim in the Florida Trial Court for restitution against Arrow for the $200,000.00 that Arrow forced the Debtor to pay during the appeal of the Garnishment Judgment (i.e., the 200K Transfer).

26.    Notwithstanding the automatic stay, Arrow continues to actively pursue its claim of garnishment against the Debtor in the Garnishment Action.

27.    The Debtor never intended to waive the automatic stay with respect to Arrow's Garnishment Action against the Debtor.

28.    In order to clarify that the automatic stay was not waived with respect to Arrow's Garnishment Action against the Debtor, the Trustee filed an Amended Application for Authority to Employ Special Counsel on September 13, 2013 (the "Amended Application"). Paragraph 5 of the Amended Application states that:

> The Trustee seeks to employ Special Counsel in order to continue prosecution of [the Garnishment Appeal Action] (the "Appeal Action") filed prior to the Petition Date by the Debtor as Appellant/Garnishee v. Arrow Energy, Inc., Appellee/Judgment Creditor/Plaintiff ("Arrow"). Additionally, if and when the Appeal Action is successful, the Trustee proposes to utilize Special Counsel to recover substantial sums paid to Arrow or to secure a bond for Arrow's claim in conjunction with Arrow's garnishment action, based on restitution and possibly other grounds (collectively with the Appeal Action, the "Claims"). The Amended Special Counsel Retention Application conforms the scope of representation to the claims available to the Debtor against Arrow. The broader description of employment in the original employment agreement was being used by Arrow to attempt to proceed with a garnishment action against the Debtor

outside of these proceedings, which is not in the best interests of the Estate or the creditors.

29. On October 3, 2013, this Court entered an order approving the Trustee's Amended Application.

## COUNT I – DECLARATORY JUDGMENT
### (Violation of the Automatic Stay)

30. The Trustee reasserts the allegations set forth in Paragraphs 1 through 28 as if expressly restated and realleged.

31. Pursuant to Bankruptcy Code § 362(a), a bankruptcy petition operates as a stay, applicable to all entities, of –

>   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
>   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and]
>
>   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

Bankruptcy Code § 362(a).

32. Arrow commenced the Garnishment Action prior to the Petition Date.

33. Arrow obtained the Garnishment Judgment prior to the Petition Date.

34. Any claim that Arrow purports to have against the Debtor arose prior to the Petition Date.

6

35. Although the Amended Application makes clear that the automatic stay is not waived as to Arrow's garnishment action, Arrow continues to actively prosecute its garnishment claim against the Debtor in the Florida Trial Court.

36. A real controversy exists between the Trustee and Arrow as to whether Arrow's Garnishment Action violates the automatic stay.

## COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER (ARROW)
(Avoidance and Recovery of the Transfers as Constructive
Fraudulent Transfers pursuant to Bankruptcy Code §§ 548 and 550)

37. The Trustee reasserts the allegations set forth in Paragraphs 1 through 35 as if expressly restated and realleged.

38. Under Bankruptcy Code § 548(a)(1)(B), the Trustee may avoid any transfer of the Debtor's interest in property, or any obligation incurred by the Debtor, made or incurred on or within two years prior to the Petition Date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation, and the Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer.

39. The Debtor made the 104K Transfer on or about April 11, 2011, within two years prior to the Petition Date.

40. The Debtor made the 200K Transfer on or about September 30, 2011, within two years prior to the Petition Date.

41. The Debtor did not owe Arrow any money because the 104K Transfer was wired to AFI's SunTrust account by the Debtor by mistake, the 200K Transfer was made by the Debtor to Arrow as a result of Arrow executing on its Garnishment Judgment against the Debtor which was subsequently reversed on appeal, and AFI had overcharged the Debtor for airport fees, fuel fees, and excise taxes.

7

42. Arrow provided no value whatsoever in exchange for the Transfers and the Debtor received no benefit from or on behalf of Arrow in exchange for the Transfers.

43. Therefore, the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

44. Upon information and belief, the Debtor was insolvent on the dates the Transfers were made.

45. Based on the foregoing, the Trustee may avoid the Transfers, pursuant to Bankruptcy Code § 548(a)(1)(B), and the Trustee may recover the Transfer (or the value thereof) from Arrow pursuant to Bankruptcy Code § 550.

### COUNT III – CONSTRUCTIVE FRAUDULENT TRANSFER (SUNTRUST)
### (Avoidance and Recovery of the 104K Transfer as Constructive Fraudulent Transfer pursuant to Bankruptcy Code §§ 548 and 550)

46. The Trustee reasserts the allegations set forth in Paragraphs 1 through 45 as if expressly restated and realleged.

47. Under Bankruptcy Code § 548(a)(1)(B), the Trustee may avoid any transfer of the Debtor's interest in property, or any obligation incurred by the Debtor, made or incurred on or within two years prior to the Petition Date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation, and the Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer.

48. The Debtor made the 104K Transfer on or about April 11, 2011, within two years prior to the Petition Date.

8

49. The Debtor owed neither Arrow nor SunTrust any money because the 104K Transfer was wired to AFI's SunTrust account by the Debtor by mistake and AFI had overcharged the Debtor for airport fees, fuel fees, and excise taxes.

50. SunTrust provided no value whatsoever in exchange for the 104K Transfer and the Debtor received no benefit from or on behalf of either Arrow or SunTrust in exchange for the 104K Transfer.

51. Therefore, the Debtor received less than a reasonably equivalent value in exchange for the 104K Transfer.

52. Upon information and belief, the Debtor was insolvent on the date the 104K Transfer was made.

53. Based on the foregoing, the Trustee may avoid the 104K Transfer, pursuant to Bankruptcy Code § 548(a)(1)(B), and the Trustee may recover the 104K Transfer (or the value thereof) from SunTrust pursuant to Bankruptcy Code § 550.

## COUNT IV – DISALLOWANCE OF CLAIMS
**(Disallowance of Any Claims the Defendants May Have Against the Estate Pursuant to Bankruptcy Code § 502)**

54. The Trustee reasserts the allegations set forth in paragraphs 1 through 53 as if expressly restated and realleged.

55. Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 508, has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

{Practice Areas/CORP/15008/14190/A2519363.DOCX[Ver:3]}

56. The Defendants have neither paid nor surrendered to the Trustee the Transfers (or the value thereof) and, therefore, any unsecured claims that they have, or may assert, should be disallowed.

WHEREFORE, the Trustee respectfully requests that this Court:

a. Enter judgment declaring and adjudging that the Garnishment Action pursued by Arrow against the Debtor is in violation of the automatic stay;

b. Enter an Order avoiding the Transfers and preserving the Transfers for the benefit of the Estate;

c. Enter an Order disallowing any claims that the Defendants may have against the Debtor; and

d. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, Esq.
Gina Barbieri O'Neil, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Phone: (508) 791-8500
Fax:   (508) 791-8502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

- and -

Robert M. Dees, Esq.
Milan, Howard, Nicandri, Dees & Gillam, P.A.
14 East Bay Street
Jacksonville, FL  32202
Phone: (904) 357-3660
Fax:   (904) 357-3661
Email: rdees@milamhoward.com

Dated: March 12, 2014              *(Pro Hac Vice Motion Pending)*

10

{Practice Areas/CORP/15008/14190/A2519363.DOCX[Ver:3]}