B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air | **DEFENDANTS**<br>Avondale Aviation I, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph H. Baldiga, Esq.<br>Jessica E. Murphy, Esq.<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Dr., Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax: 508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: jmurphy@mirickoconnell.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Trustee action under 11 U.S.C. §§ 502, 544(b), 547, 548 and 550, Fed. R. Bankr. P. 7001, Mass. Gen. Laws Ch. 109A, S.C. Code § 33-8-420, and S.C. Code § 33-44-409 (I) for avoidance, preservation and recovery of transfers as constructive fraudulent transfers, (II) for avoidance and recovery of fraudulent transfers, (III) for avoidance and recovery of preferential transfers, (IV) for breach of fiduciary duty, (V) for injunctive relief, (VI) for a finding of deepening insolvency, and (VII) to disallow any claims the Defendant may have against the Estate.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☒ 72-Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand: not less than $3,000,000 |

**Other Relief Sought**

{Practice Areas/CORP/15008/14190/A2536214.DOC[Ver:5]}

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>Southern Sky Air & Tours, LLC d/b/a Direct Air | BANKRUPTCY CASE NO.<br>12-40944-MSH |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br>Melvin S. Hoffman |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/ Jessica E. Murphy |

| DATE<br>3-13-14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jessica E. Murphy |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding cover sheet electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney.) A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>AVONDALE AVIATION I, LLC,<br>    Defendant. | Adversary Proceeding<br>No. _____ |

## VERIFIED COMPLAINT

Joseph H. Baldiga (the "Trustee"), the Chapter 7 trustee of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), after completing his investigation and report on the Debtor's operations and the shortfall from Debtor's depository accounts, brings this action against Avondale Aviation I, LLC (the "Defendant"): (a) to avoid and recover certain pre-petition transfers that the Debtor made to or for the benefit of the Defendant; (b) to avoid and recover certain fraudulent transfers made by the Debtor to or for the benefit of the Defendant; (c) for damages as a result of the Defendant's breach of fiduciary duty to the Debtor; (d) to disallow any claims by the Defendant against the Estate; and (e) to obtain an

{Practice Areas/CORP/15008/14190/A2536551.DOC}

injunction against transfers of assets of the Defendant outside the ordinary course of business until its obligation to the Estate is satisfied in full.

## PARTIES

1. The Trustee is the duly appointed, acting, and qualified Chapter 7 trustee of the Estate.

2. The Defendant is a South Carolina limited liability company having as its registered agent Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29201. Hank Torbert is the owner and manager of the Defendant.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought to recover money or property of the Estate pursuant to, among other causes of action, 11 U.S.C. §§ 502, 544(b), 547, 548 and 550 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Mass. Gen. Laws Ch. 109A, S.C. Code §33-44-409 and Fed. R. Bankr. P. 7001.

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 1334(a).

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

6. This district is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

7. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

8.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9.  On April 11, 2012 (the "Conversion Date"), the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code.

10. Also on the Conversion Date, the U.S. Trustee appointed the Trustee as Chapter 7 trustee of the Debtor's case and he continues to serve in this capacity.

### A. The Debtor's Background

11. The Debtor incorporated in South Carolina on June 26, 2006.

12. On February 19, 2008, the Debtor filed an amendment with the South Carolina Secretary of State to convert from a corporation into a limited liability company.

13. Prior to the Petition Date, the Debtor was a public charter operator authorized under and subject to 14 C.F.R. §380, et seq. of the Special Regulations of the United States Department of Transportation, Office of Aviation (the "DOT Regulations").

14. At the beginning of the Debtor's operations, the Debtor was owned and operated by: (a) Judy Tull as Chief Executive Officer; (b) Ed Warneck as President; (c) Robert Keilman as Chief Financial Officer; (d) Kay Ellison as Vice President of System Operations and later Managing Partner; and (e) Stanley Marshall Ellison as Vice President of Reservations & Technology and later Chairman (collectively, the "Management Team").

### B. The Acquisition by the Defendant

15. The Defendant and Stukes Atwood, LLC (together, the "Buyers") acquired the majority interest in the Debtor on September 29, 2011. As part of the acquisition, the Defendant

issued a Promissory Note in the amount of $750,000 in favor of the entire Management Team.

16. As part of the acquisition, the Buyers received a spreadsheet identifying a shortfall in excess of $5 million in the Debtor's depository accounts at Valley National Bank ("VNB") required by the DOT Regulations.

17. The shortfall was caused primarily by funds fraudulently requested and released from the Debtor's depository accounts at VNB for: (a) duplicative withdrawals of Family Ties membership fees; (b) "ghost" transactions that did not represent actual customers or revenue to the Debtor; and (c) revenue requested from the depository accounts at VNB that was never originally deposited there.

18. Upon information and belief, after the acquisition, the Defendant entered into a consulting agreement with the Debtor whereby the Debtor was entitled to payment for consulting services provided to the Debtor. Upon information and belief, the Defendant provided no actual services or benefit to the Debtor pursuant to this consulting agreement.

19. At all times after the acquisition, the Defendant was a creditor of the Debtor.

20. After the acquisition, the Defendant hired Jeff Conry, Wayne Greene and Bryan Kornreich, at different times and in different capacities, to consult for the Defendant and evaluate the Defendant's newly acquired business (i.e., the Debtor). Jeff Conry, Wayne Greene and Bryan Kornreich were never employees of the Debtor.

21. Upon information and belief, the Defendant exercised some or all of the rights of a manager in the management and conduct of the Debtor's operations, including approving certain contracts and payments made by the Debtor.

22. The Defendant failed to make any changes to the process by which the Debtor requested the releases of funds from its depository accounts at VNB.

23. Under the Defendant's ownership of the Debtor, the shortfall had worsened from the acquisition to the Petition Date by over $3 million.

### C. The Transfers

24. On or within one year prior to the Petition Date, the Debtor transferred funds to or for the benefit of the Defendant totaling at least $107,249.63 (the "Transfers").

25. The Debtor made a payment to the Defendant dated October 18, 2011 in the amount of $14,583.50 for consulting services of the Defendant to the Debtor.

26. The Debtor made the following payments to Progressive Funding Solutions, LLC for Wayne Greene's consulting services to the Defendant: (a) Check No. 4581 dated January 11, 2012 in the amount of $4,150.72; (b) Check No. 4652 dated January 31, 2012 in the amount of $6,870.00; (c) Check No. 4718 dated February 17, 2012 in the amount of $4,576.00; and (d) Check No. 4720 dated February 28, 2012 in the amount of $4,500.00.

27. The Debtor made the following payments to Bryan Kornreich for consulting services to the Defendant: (a) Check No. 4761 dated February 14, 2012 in the amount of $690.93; and (b) Check No. 4722 dated February 28, 2012 in the amount of $1,003.09.

28. Upon information and belief, the Debtor made the following payments to Resort Quest for accommodations and related expenses for Jeff Conry, Wayne Greene and/or Bryan Kornreich: (a) Check No. 15689 dated January 3, 2012 in the amount of $3,000.00; and (b) Check No. 4723 dated February 28, 2012 in the amount of $4,706.87.

29. Upon information and belief, the Debtor made a payment by wire to US Airways on February 6, 2012 in the amount of $669.20 for airfare for Wayne Greene.

30. The Debtor made the following payments to Judy Tull in repayment of the Defendant's Promissory Note to the Founding Members: (a) Check No. 15705 dated January 6, 2012 in the amount of $4,166.60; (b) Check No. 4658 dated February 1, 2012 in the amount of $4,166.60; and (c) Check No. 4728 dated March 5, 2012 in the amount of $4,166.66.

31. The Debtor made the following payments to Kay Ellison in repayment of the Defendant's Promissory Note to the Founding Members: (a) Check No. 15707 dated January 6, 2012 in the amount of $4,166.60; (b) Check No. 4659 dated February 1, 2012 in the amount of $4,166.60; and (c) Check No. 4727 dated March 5, 2012 in the amount of $4,166.66.

32. The Debtor made the following payments to Robert Keilman in repayment of the Defendant's Promissory Note to the Founding Members: (a) Check No. 15709 dated January 6, 2012 in the amount of $4,166.60; (b) Check No. 4661 dated February 1, 2012 in the amount of $4,166.60; and (c) wire on March 5, 2012 in the amount of $4,166.68.

33. The Debtor made the following payments to Ed Warneck in repayment of the Defendant's Promissory Note to the Founding Members: (a) Check No. 15706 dated January 6, 2012 in the amount of $4,166.60; (b) Check No. 4656 dated February 1, 2012 in the amount of $4,166.60; and (c) Check No. 4730 dated March 5, 2012 in the amount of $4,166.66.

34. The Debtor made the following payments to Stanley Marshall Ellison in repayment of the Defendant's Promissory Note to the Founding Members: (a) Check No. 15708 dated January 6, 2012 in the amount of $4,166.60; (b) Check No. 4662 dated February 1, 2012 in

the amount of $4,166.60; and (c) Check No. 4731 dated March 5, 2012 in the amount of $4,166.67.

35. The Trustee reserves the right to amend this Complaint including, without limitation, to add any subsequently discovered transfers to or for the benefit of the Defendant.

### COUNT I – CONSTRUCTIVE FRAUDULENT TRANSFER
(Avoidance and Preservation of the Transfers as a Constructive Fraudulent Transfers pursuant to Bankruptcy Code §§ 548 and 550)

36. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

37. Under Bankruptcy Code § 548(a)(1)(B), the Trustee may avoid any transfer of the Debtor's interest in property made within two years prior to the Petition Date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer and the Debtor was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.

38. The Debtor made the Transfers within two years prior to the Petition Date.

39. The Debtor received no reasonably equivalent value in exchange for each of the Transfers which were never obligations of the Debtor and for which the Debtor received no benefit.

40. The Debtor was insolvent on the date that each of the Transfers was made or became insolvent as a result of the Transfers.

{Practice Areas/CORP/15008/14190/A2536551.DOC}

7

41. Based on the foregoing, the Trustee may avoid the Transfers, pursuant to Bankruptcy Code § 548(a)(1)(B), and the Trustee may recover the Transfers (or the value thereof) from the respective transferees pursuant to Bankruptcy Code § 550.

### COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER
(Avoidance and Recovery of Fraudulent Transfers Pursuant to
Bankruptcy Code § 544(b) and Mass. Gen. Laws ch. 109A § 5(a)(2))

42. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

43. Under Mass. Gen. Laws ch. 109A § 5(a)(2) (made applicable here by Bankruptcy Code § 544(b)), a transfer by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer, and the debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

44. The Debtor received less than reasonably equivalent value in exchange for the Transfers which were never obligations of the Debtor and for which the Debtor received no benefit.

45. The Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due and, in fact, did incur debts beyond its ability to pay as those debts as they became due.

46. Based on the foregoing, the Trustee is entitled to avoid the Transfers as fraudulent transfers pursuant to Mass. Gen. Laws ch. 109A § 5(a)(2) and Bankruptcy Code § 544(b), and the Trustee may recover the Transfers (or the value thereof) from the transferee.

### COUNT III – CONSTRUCTIVE FRAUDULENT TRANSFER
**(Avoidance and Recovery of Fraudulent Transfer Pursuant to Bankruptcy Code § 544(b) and Mass. Gen. Laws ch. 109A § 6(a))**

47. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

48. Under Mass. Gen. Laws ch. 109A § 6(a) (made applicable here by Bankruptcy Code § 544(b)), a transfer by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer, and the debtor was insolvent at that time, or the debtor became insolvent as a result of the transfer.

49. The Debtor made the Transfers without receiving a reasonably equivalent value in exchange for the Transfers which were never obligations of the Debtor and for which the Debtor received no benefit.

50. The Debtor was insolvent on the date that each of the Transfers was made or became insolvent as a result of the Transfers.

51. Specifically, the shortfall in Debtor's depository accounts at VNB was between $2 million and $30 million at all times within the four years prior to the Petition Date, and the Debtor's outstanding debts exceeded its cash and assets during that entire period.

52. On account of the Transfers, the Debtor had no ability to perform on its obligations to creditors and customers.

53. Based on the foregoing, the Trustee is entitled to avoid the Transfers as fraudulent transfers pursuant to Mass. Gen. Laws ch. 109A § 6(a) and Bankruptcy Code § 544(b), and the Trustee may recover the Transfers (or the value thereof) from the transferee.

### COUNT IV – PREFERENCE
(Avoidance and Recovery of Preferential Transfers Pursuant to Bankruptcy Code §§ 547 and 550)

54. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

55. Pursuant to Bankruptcy Code § 547(b), the Trustee may avoid any transfer of an interest of the Debtor in property:

    a. to or for the benefit of a creditor;

    b. for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    c. made while the Debtor was insolvent;

    d. made on or within 90 days before the Petition Date, or within one year before the Petition Date if the creditor is an insider; and

    e. that enables such creditor to receive more than such creditor would receive if:
        i. the case were a case under chapter 7 of the Bankruptcy Code;
        ii. the transfer had not been made; and
        iii. such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

56.  The Debtor made the Transfers to or for the benefit of the Defendant.

57.  Based on the existence of the shortfall, the Debtor was insolvent at the time of the Transfers.

58.  Based on the Defendant's ownership interest in the Debtor, the Defendant was an insider of the Debtor.

59.  Due to the Transfers, the Defendant received more than it would have received if:

   a.  the proceeding was one under Chapter 7 of the Bankruptcy Code;

   b.  the Transfers had not been made; and

   c.  the Defendant received payment of such debt to the extent provided by the Bankruptcy Code.

60.  Based on the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to Bankruptcy Code § 547, and the Trustee may recover the Transfers from the Defendant pursuant to Bankruptcy Code § 550.

### COUNT V – BREACH OF FIDUCIARY DUTY
(Pursuant to S.C. Code §33-44-409)

61.  The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

62.  Upon information and belief, the Defendant was a manager or exercised some the rights of a manager in the management and conduct of the Debtor's operations while the Debtor was a South Carolina limited liability company.  Accordingly, the Defendant owed the Debtor the fiduciary duties of loyalty and due care.  S.C. Code §33-44-409.

63.  The Defendant breached the duties it owed to the Debtor by, among other things,

failing to prevent further dissipation of the Debtor's depository accounts at VNB, depriving the Debtor of the opportunity to pay off its debts, and depleting funds that were essential for its continued operations. The Defendant's conduct was grossly negligent, reckless, or intentional, or a knowing violation of the law.

64. The Estate was damaged as a direct and proximate result of the Defendant's breach of its fiduciary duties and the Estate should be awarded its actual damages and punitive damages.

## COUNT VI – DISALLOWANCE OF CLAIM
### (Disallowance of Any Claim the Defendant May Have Against the Estate Pursuant to Bankruptcy Code § 502)

65. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

66. Bankruptcy Code § 502(d) provides, in relevant part, that unless an entity or transferee from which property is avoidable under Bankruptcy Code § 547, has paid the amount for which such entity or transferee is liable under Bankruptcy Code § 550, or has turned over such property, any claim of such entity or transferee shall be disallowed.

67. The Defendant has not paid or surrendered to the Trustee the Transfers (or the value thereof) and, therefore, any unsecured claim that he has, or may assert, should be disallowed.

## COUNT VII – INJUNCTION ON TRANSFERS

68. The Trustee reasserts the allegations set forth in the above paragraphs as if expressly restated and realleged.

69. There is a reasonable likelihood that the Trustee will prevail on the merits of his claims against the Defendant and recover a judgment for the Estate and against the Defendant in excess of $100,000.00.

70. Upon information and belief, the Defendant has limited business operations, consisting solely or primarily of its operation of the Debtor. In light of the significant amount of damage to the Estate caused by the Defendant by the Transfers and the Defendant's limited assets, the Trustee seeks an injunction to prevent the Defendant dissipating assets while its obligation to the Estate is unsatisfied. Specifically, the Trustee seeks an injunction preventing the Defendant from transferring, encumbering, assigning, pledging, dissipating or spending assets other than expenses in the ordinary course of business operations (refinancing or selling of all or substantially all of its business assets is outside of the ordinary course) until its obligation to the Estate has been satisfied in full.

71. The Trustee reasonably fears that absent the grant of a preliminary, and thereafter permanent, injunction on transfers of the Defendant's assets, the Defendant will transfer or dissipate its limited assets.

72. Without an injunction preventing the Defendant from transferring, encumbering, assigning, pledging, dissipating or spending assets other than expenses in the ordinary course of business operations, the Estate will suffer irreparable harm by having no ability to recover its significant damages from the Defendant, and such harm to the Estate outweighs any potential harm to the Defendant if an injunction is not granted.

WHEREFORE, the Trustee respectfully requests that this Court enter Judgment for Joseph H. Baldiga, the Chapter 7 trustee of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, and against Avondale Aviation I, LLC as follows:

    a. On Counts I-IV, avoiding the Transfers to or for the benefit of Avondale Aviation I, LLC and preserving the Transfers for the benefit of the Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air;

    b. On Count V, disallowing any and all of Avondale Aviation I, LLC's claims against the Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air;

    c. On Count VI, finding Avondale Aviation I, LLC breached its duties to Southern Sky Air & Tours, LLC d/b/a Direct Air and award actual and punitive damages;

    d. On Count VII, entering a preliminary, and thereafter permanent, injunction enjoining Avondale Aviation I, LLC from transferring, encumbering, assigning, pledging, dissipating or spending any assets, other than expenses in the ordinary course of business operations (refinancing or selling of all or substantially all of its business assets is outside of the ordinary) until its obligation to the Estate of Southern Sky Air & Tours, LLC d/b/a Direct Air has been satisfied in full; and

e. Granting the Trustee such other and further relief as this Court deems just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Jessica E. Murphy
Joseph H. Baldiga, Esq. BBO #549963
Jessica E. Murphy, Esq. BBO #664361
Gina Barbieri O'Neil, Esq. BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: March 13, 2014

## VERIFICATION

I, Joseph H. Baldiga, the Chapter 7 trustee of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, state under the penalties of perjury that I have reviewed the factual allegations of this Verified Complaint and attest that they are true to the best of my knowledge. I further certify that I am unaware of any liability insurance available to the defendant for payment of the subject debt.

By: _____
Joseph H. Baldiga, Chapter 7 trustee

Dated: March 13, 2014

{Practice Areas/CORP/15008/14190/A2536551.DOC}

15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>AVONDALE AVIATION I, LLC,<br>    Defendant. | Adversary Proceeding<br>No. _____ |

## DECLARATION RE: ELECTRONIC FILING

I, Joseph H. Baldiga, **hereby declare under penalty of perjury** that all of the information contained in the Verified Complaint (singularly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: March 13, 2014                                            _____ (Affiant)

{Practice Areas/CORP/15008/14190/A2536726.DOC}