UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Worldwide Flight Services, Inc.
Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Worldwide Flight Services, Inc. ("Worldwide"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, and again on or about October 18, 2012, the Trustee made demand (the "Demand") on Worldwide for the return of certain transfers made by

{Practice Areas/CORP/15008/14190/A2533895.DOC}
**Error! Unknown document property name.**

the Debtor to Worldwide within 90 days prior to the Petition Date in the amount of $37,636.74 (the "Transfers"), pursuant to BR Code § 547(b).

5. Worldwide responded to the Demand and asserted ordinary course and new value defenses to the Trustee's claims.

6. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. Within seven (7) business days of execution of this Stipulation, Worldwide will pay $17,000.00 (the "Settlement Amount") to the Trustee as full and final settlement of all allegations and claims made in the Demand and otherwise based upon or related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Worldwide shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, except for (i) any claim arising under Bankruptcy Code § 502(h) from Worldwide's payment of the Settlement Amount, provided that Worldwide files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed $17,000.00 and (ii) any claims which are the subject of a timely filed proof of claim in the Debtor's bankruptcy case. Any § 502(h) claim not timely filed by Worldwide shall be deemed to have been waived.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee and the Estate shall be deemed to have released Worldwide and its parents, subsidiaries, affiliates, representatives, attorneys, agents, and assigns from any and all claims or obligations of any type or nature, whether known or unknown, including, without limitation, those arising from or related to the Transfers or as set forth in the Demand. The Trustee agrees to waive his right to object to any proof of claim filed by Worldwide within 30 days of entry of the Final Order on account of Worldwide's payment of the Settlement Amount under Bankruptcy Code § 502(h). However, the Trustee reserves the right to object to any claims filed by or on behalf of Worldwide for any other reason.

D. Worldwide acknowledges that to the best of its knowledge, information and belief, none of Worldwide, its parents, subsidiaries, and/or its affiliates received any other payment from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Demand. Worldwide acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E. This Stipulation contains the entire agreement between the Parties regarding the provisions set forth above and may only be modified in a writing signed by the Parties or their duly appointed agents.

F. This Stipulation shall inure to the benefit of, and be binding upon, the Parties and their respective heirs, executors, administrators, successors and assigns.

G. Any provisions of this Stipulation held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality of unenforceability without affecting the validity, legality or enforceability

{Practice Areas/CORP/15008/14190/A2533895.DOC}    3
**Error! Unknown document property name.**

of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

       H.    This Stipulation shall be deemed to have been jointly drafted by the Parties hereto, and in constructing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Stipulation, or this Stipulation as a whole, was purportedly prepared or requested by such Party.

       I.    This Stipulation shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts, except to the extent it may be governed by the federal bankruptcy law and rules.

       J.    This Stipulation may be executed in one or more counterparts and faxed or emailed copies shall suffice in lieu of original signatures.

K.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| | |
|---|---|
| WORLDWIDE FLIGHT SERVICES, INC. | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
| | By his counsel, |
| By: Jeanette H. Quay<br>Executive Vice President, General Counsel & Secretary | Joseph H. Baldiga, BBO #549963<br>Gina M. Barbieri, BBO # 670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br><br>1800 West Park Drive, Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax:   508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: gbarbieri@mirickoconnell.com |
| Dated: March 14, 2014 | Dated: March 14, 2014 |

{Practice Areas/CORP/15008/14190/A2533895.DOC}    5
**Error! Unknown document property name.**