UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>      Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Stipulation of Settlement)
(Re: Recovery of Transfers to Swissport Fueling, Inc. and Swissport North America, Inc.
Pursuant to Bankruptcy Code § 547)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee, Swissport Fueling, Inc. ("Swissport Fueling";), and Swissport North America, Inc. ("Swissport NA"; together with Swissport Fueling, "Swissport"),[1] together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

I.     BACKGROUND

1.     On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

---

[1] Swissport and the Trustee shall collectively be known hereafter as the "Parties".

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Swissport Fueling Demand") on Swissport Fueling for the return of certain transfers made by the Debtor to Swissport Fueling within 90 days prior to the Petition Date in the amount of $86,643.50 (the "Swissport Fueling Transfers"), pursuant to Bankruptcy Code § 547(b).

5. Additionally, on or about August 28, 2012, the Trustee also made demand (the "Swissport NA Demand"; together with the Swissport Fueling Demand, the "Demands") on Swissport NA for the return of certain transfers made by the Debtor to Swissport NA within 90 days prior to the Petition Date in the amount of $45,000.00 (the "Swissport NA Transfers"; together with the Swissport Fueling Transfers, the "Transfers"), pursuant to Bankruptcy Code § 547(b).

6. Swissport Fueling (via counsel) responded to the Demands and asserted ordinary course and new value defenses to the Trustee's claims.[2]

7. The Trustee has negotiated an agreement (i.e., the Settlement Agreement) with Swissport Fueling to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

---

[2] In its response, Swissport Fueling acknowledged that the Demands were received by Swissport Fueling and Swissport NA, but indicated that any payments received by Swissport NA were for the benefit of Swissport Fueling.

{Practice Areas/CORP/15008/14190/A2532728.DOC} 2

## II.  SUMMARY OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement between the Trustee and Swissport provides that, within ten (10) days of the later of (i) execution of the Settlement Agreement and (ii) receipt of an executed IRS Form W-9 from the Trustee,[3] Swissport shall deliver to the Trustee a check in the amount of $25,000.00 (the "Settlement Amount") as settlement of all allegations made in the Demands and related to the Transfers. Swissport Fueling and Swissport NA shall be jointly and severally liable for payment of the Settlement Amount. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement; however, in the event that the Bankruptcy Court does not approve the Settlement Agreement within 60 days, the Trustee shall return the Settlement Agreement to Swissport.

10. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement (the "Final Order"), Swissport shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, related to this bankruptcy case or the administration of the Estate, whether known or unknown, except (i) any claim arising under Bankruptcy Code § 502(h) from Swissport's payment of the Settlement Amount, provided that Swissport Fueling or Swissport NA files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed $25,000.00 and (ii) any claims which are the subject of a timely filed proof of claim in the Debtor's bankruptcy case. Any § 502(h) claim not timely filed shall be deemed to have been waived.

11. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Swissport and its representatives,

---

[3]  The Trustee has provided the requested W-9 Form to Swissport's counsel.

{Practice Areas/CORP/15008/14190/A2532728.DOC}          3

attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Demands. The Trustee agrees to waive his right to object to any proof of claim filed by Swissport Fueling or Swissport NA within 30 days of entry of the Final Order on account of Swissport's payment of the Settlement Amount under Bankruptcy Code § 502(h). However, the Trustee reserves the right to object to any claim filed by or on behalf of Swissport Fueling for any reason.

12. In the Settlement Agreement, Swissport Fueling and Swissport NA acknowledge that they received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, other than the Transfers.

### III. REASONABLENESS OF THE SETTLEMENTS

13. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

14. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

15. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the amount paid by Swissport pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Recovery of Transfers to Swissport Fueling, Inc. and Swissport North America, Inc. Pursuant to Bankruptcy Code § 547) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: March 28, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Swissport Fueling, Inc. and Swissport North America, Inc. Pursuant to Bankruptcy Code § 547)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on March 28, 2014, for an order approving the Stipulation of Settlement with Swissport Fueling, Inc. and Swissport North America, Inc.; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed; and

B. The Stipulation of Settlement (Re: Recovery of Transfers to Swissport Fueling, Inc. and Swissport North America, Inc. Pursuant to Bankruptcy Code § 547) is approved.

Dated:_____, 2014        _____
                                         Honorable Melvin S. Hoffman
                                         United States Bankruptcy Judge