UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Garofalo Goerlich Hainbach, P.C.
Pursuant to Bankruptcy Code § 547)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Garofalo Goerlich Hainbach, P.C. ("GGH"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. GGH is a law firm that provided legal services to the Debtor prior to the Petition Date.

5. On or about August 28, 2012, the Trustee made demand (the "Demand") on GGH for return of certain transfers made by the Debtor to GGH within 90 days prior to the Petition Date in the amount of $15,000.00 (the "Transfers"), pursuant to Bankruptcy Code § 547(b).

6. GGH responded to the Demand and asserted an ordinary course defense to the Trustee's claims. It also augmented its ordinary course defense when pressed by the Trustee.

7. Based on the Trustee's review of this matter, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with GGH to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement between the Trustee and GGH provides that GGH shall deliver to the Trustee a check in the amount of $2,500.00 (the "Settlement Amount") as settlement of all allegations made in the Demand and related to the Transfers. The Trustee has received the Settlement Amount and is holding same in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

10. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement (the "Final Order"), GGH and its representatives, attorneys, agents, and assigns shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims arising from or related to the Transfers, including any claim arising under Bankruptcy Code § 502(h), but excluding GGH's Proof of Claim dated September 7, 2012.

11. Upon entry of the Final Order, the Trustee, his representatives, attorneys, agents and assigns, and the Estate shall be deemed to have released GGH and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers, except that the Trustee reserves the right to GGH's Proof of Claim dated September 7, 2012 for any reason.

12. In the Settlement Agreement, GGH acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, other than the Transfers.

### III. REASONABLENESS OF THE SETTLEMENT

13. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

14. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

15. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. In addition, although GGH did not raise any new value defense at this stage, the Trustee believes that GGH would have asserted a new value defense of at least some possible merit if this matter were to go to trial. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the amount paid by GGH pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Recovery of Transfers to Garofalo Goerlich Hainbach, P.C. Pursuant to Bankruptcy Code § 547) as it is in the best interest of the Estate; and

    B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
-----
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  March 31, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Garofalo Goerlich Hainbach, P.C.
Pursuant to Bankruptcy Code § 547)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on March 31, 2014, for an order approving the Stipulation of Settlement with Garofalo Goerlich Hainbach, P.C.; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Recovery of Transfers to Garofalo Goerlich Hainbach, P.C. Pursuant to Bankruptcy Code § 547) is approved.

Dated:_____, 2014

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge