UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

## STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Horry County Department of Airports
Pursuant to Bankruptcy Code § 547)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Horry County Department of Airports ("Horry County"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on Horry County for the return of certain transfers made by the Debtor to Horry County within 90 days prior to the Petition Date in the amount of $45,000.00 (the "Transfers"), pursuant to Bankruptcy Code § 547(b).

5.  Horry County responded to the Demand and asserted certain defenses to the Trustee's claims.

6.  The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A.  Within seven (7) days of execution of this Stipulation, Horry County will pay $5,000.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Demand and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B.  Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Horry County shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, except for (i) any claim arising under Bankruptcy Code § 502(h) from Horry County's payment of the Settlement Amount, provided that Horry County files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed $5,000.00 and (ii) its timely filed proof of claim in the Debtor's bankruptcy case, which is identified as Claim No. 1071 on the Clerk's Claims Register. Any § 502(h) claim not timely filed by Horry County shall be deemed to have been waived.

C.  Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Horry County and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from

or related to the Transfers or as set forth in the Demand. The Trustee agrees to waive his right to object to any proof of claim filed by Horry County within 30 days of entry of the Final Order on account of Horry County's payment of the Settlement Amount under Bankruptcy Code § 502(h). However, the Trustee reserves the right to object to any claims filed by or on behalf of Horry County for any other reason.

D. Horry County acknowledges that Horry County received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Demand. Horry County acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E. This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| HORRY COUNTY DEPARTMENT OF AIRPORTS | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| By its counsel, | By his counsel, |
| /s/ Tamar Dolcourt | /s/ Gina O'Neil |
| Tamar N. Dolcourt, Esq.<br>Foley & Lardner LLP<br>500 Woodward Ave., Suite 2700<br>Detroit, MI 48226<br>Phone: 313.234.7161<br>Fax:<br>Email: tdolcourt@foley.com | Joseph H. Baldiga, BBO #549963<br>Gina M. Barbieri, BBO # 670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Drive, Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax:   508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: gbarbieri@mirickoconnell.com |
| Dated: April 7, 2014 | Dated: April 13, 2014 |