UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Stipulation of Settlement)
(Re: Recovery of Transfers to Horry County Department of Airports
Pursuant to Bankruptcy Code § 547)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Horry County Department of Airports ("Horry County"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Horry County Department of Airports is a municipal agency that oversees, among other things, the Myrtle Beach International Airport.

5. On or about August 28, 2012, the Trustee made demand (the "Demand") on Horry County for return of certain transfers made by the Debtor to Horry County within 90 days prior to the Petition Date in the amount of $45,000.00 (the "Transfers"), pursuant to Bankruptcy Code § 547(b).

6. Horry County responded to the Trustee's Demand and indicated that, of the total Transfers: (a) $35,000.00 constituted turnover of "Passenger Facility Fees" (as defined in 49 U.S.C. § 40117) that the Debtor had collected from its customers and (b) $10,000.00 constituted payment for ground services. Horry County provided the Trustee with invoices and other documentation to demonstrate this breakdown of the Transfers. With respect to the Passenger Facility Fees, Horry County argued that air carriers, such as the Debtor, have no interest in Passenger Facility Fees collected from customers. With respect to the payments for ground services, Horry County asserted a partial new value defense.

7. Based on the Trustee's review of Horry County's defense, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with Horry County to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement between the Trustee and Horry County provides that, within seven (7) days of execution of the Settlement Agreement, Horry County shall deliver to the Trustee a check in the amount of $5,000.00 (the "Settlement Amount") as settlement of all allegations made in the Demand and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

10. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement (the "Final Order"), Horry County shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, except (i) any claim arising under Bankruptcy Code § 502(h) from Horry County's payment of the Settlement Amount, provided that Horry County files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed $5,000.00 and (ii) its timely filed proof of claim in the Debtor's bankruptcy case, which is identified as Claim No. 1071 on the Clerk's Claims Register. Any § 502(h) claim not timely filed by Horry County shall be deemed to have been waived.

11. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Horry County and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Demand. The Trustee agrees to waive his right to object to any proof of claim filed by Horry County within 30 days of entry of the Final Order on account of Horry County's payment of the Settlement Amount under Bankruptcy Code § 502(h). However,

the Trustee reserves the right to object to any other claim filed by or on behalf of Horry County for any reason.

12. In the Settlement Agreement, Horry County acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, other than the Transfers.

### III. REASONABLENESS OF THE SETTLEMENTS

13. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

14. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

15. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the amount paid by Horry County pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A.   Approving the Stipulation of Settlement (Re: Recovery of Transfers to Horry County Department of Airports Pursuant to Bankruptcy Code § 547) as it is in the best interest of the Estate; and

    B.   Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: April 14, 2014

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Recovery of Transfers to Horry County Department of Airports
Pursuant to Bankruptcy Code § 547)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on April 14, 2014, for an order approving the Stipulation of Settlement with Horry County Department of Airports; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.  The Motion is allowed; and

B.  The Stipulation of Settlement (Re: Recovery of Transfers to Horry County Department of Airports Pursuant to Bankruptcy Code § 547) is approved.

Dated:_____, 2014     _____
                                                              Honorable Melvin S. Hoffman
                                                              United States Bankruptcy Judge