UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**MOTION TO APPROVE STIPULATION OF SETTLEMENT**
(Re: Complaint to Avoid and Recover Preferential Transfers and Post-Petition Transfers
to EIN Management, LLC a/k/a Employers' Innovation Network, LLC)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and EIN Management, LLC a/k/a Employers' Innovation Network, LLC ("EIN"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I. BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 29, 2012, the Trustee made demand (the "Demand") on EIN for the return of $745,552.11, consisting of (i) pre-petition transfers made by the Debtor to EIN within one year prior to the Petition Date and (ii) post-petition transfers.

5. In response to the Demand, EIN contacted the Trustee informally (via counsel) and indicated that neither EIN nor its owners had any relationship with the Debtor that would qualify EIN as an insider of the Debtor, in addition to other defenses.

6. On March 13, 2014, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), 549 and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to EIN during the 90 days prior to the Petition Date totaling at least $173,098.46 (the "Pre-Petition Transfers"), (II) avoid and recover certain post-petition transfers the Debtor made to EIN totaling at least $5,750.00 (the "Post-Petition Transfers"; together with the Pre-Petition Transfers, the "Transfers"), and (III) disallow any and all claims EIN may have against the Estate.

7. Counsel to EIN subsequently contacted the Trustee (via counsel) and indicated that EIN had complete ordinary course and new value defenses regarding the Pre-petition Transfers.

8. EIN has not yet filed an answer to the Complaint. On April 11, 2014, this Court entered an Order extending, until May 14, 2014, the deadline for EIN to respond to the Complaint.

9. Based on the Trustee's review of this matter, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with EIN to resolve the Parties' dispute concerning

the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

10. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.   SUMMARY OF THE SETTLEMENT AGREEMENT

11. The Settlement Agreement provides that, within seven (7) days of execution, EIN will pay $5,750.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Complaint and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

12. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), EIN shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from EIN's payment of the Settlement Amount but excluding EIN's timely filed proof of claim in the amount of $34,360.46 filed in the Debtor's bankruptcy case and identified as Claim No. 1714 (the "EIN Claim").

13. Further, upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released EIN and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee reserves the right to object to any claims filed by or on behalf of EIN, including the EIN Claim, for any reason.

14.  Finally, in the Settlement Agreement, EIN acknowledges that (i) it has represented to the Trustee that it is not an "insider" of the Debtor as defined in Bankruptcy Code § 101(31) and (ii) it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint.

### III.  <u>REASONABLENESS OF THE SETTLEMENT</u>

15.  In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), quoting <u>In re GHR Cos.</u>, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted).  The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference.  <u>Hill v. Burdick (In re Moorhead Corp.)</u>, 208 B.R. 87, 89 (1st Cir. BAP 1997).

16.  The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

17.  The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above.  Notably, the Settlement Agreement of $5,750.00 represents the full value of the Post-Petition Transfers.  As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

18.  In addition, the amount paid by EIN pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

19. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers and Post-Petition Transfers) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: April 23, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers and Post-Petition Transfers to EIN Management, LLC a/k/a Employers' Innovation Network, LLC)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on April 23, 2014, for an order approving the Stipulation of Settlement with EIN Management, LLC a/k/a Employers' Innovation Network, LLC; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers and Post-Petition Transfers) is approved.

Dated:_____, 2014   _____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2556178.DOC}