# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>　　　　**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers to Aviation Advantage, Inc.)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Aviation Advantage, Inc. ("AAI"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.　　BACKGROUND

1.　　On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.　　On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.　　On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand on AAI for the return of transfers made by the Debtor to AAI during the 90 days preceding the Petition Date in the amount of $233,580.00 (the "Transfers").

5. On March 14, 2014, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b) and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to AAI (i.e., the Transfers), and (II) disallow any and all claims AAI may have against the Estate.

6. On March 27, 2014, the Trustee filed an Amended Complaint to Avoid and Recover Preferential Transfers (the "Amended Complaint"; together with the Complaint, the "Complaints") pursuant to Bankruptcy Code §§ 502(d), 547(b) and 550 to, among other things, avoid and recover pre-petition transfers the Debtor made to AAI in the reduced amount of not less than $31,030.00 (the "Remaining Transfers"). The Trustee filed the Amended Complaint to reflect a partial new value defense that AAI had raised and substantiated.

7. In addition, AAI also raised an ordinary course of business defense with respect to the Remaining Transfers. The Trustee disputes AAI's ordinary course of business defense.

8. The current Answer Deadline is May 14, 2014.

9. Based on his analysis of the Transfers and AAI's defenses thereto, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with AAI to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

10. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT

11. The Settlement Agreement between the Trustee and AAI provides that AAI shall deliver to the Trustee a check in the amount of $15,000.00 (the "Settlement Amount") as

settlement of all allegations made in the Complaints and related to the Transfers. AAI shall pay the Settlement Amount to the Trustee within seven (7) business days after the execution of this Stipulation, and the Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

12. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order approving the Settlement Agreement (the "Final Order"), AAI shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, <u>including</u> any claim arising under Bankruptcy Code § 502(h) from AAI's payment of the Settlement Amount.

13. The Settlement Agreement further provides that upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released AAI and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaints.

14. Finally, AAI acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaints.

15. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding. AAI shall provide reasonable assistance to secure such dismissal.

16. The Settlement Agreement further represents the compromise and settlement of disputed claims and is not to be used or construed in any court or administrative proceeding of any nature or in any subsequent actions as an admission, direct or indirect, of any liability or wrongdoing whatsoever. Aviation Advantage specifically denies any such liability or wrongdoing.

### III. REASONABLENESS OF THE SETTLEMENTS

17. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

18. The Trustee has determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. Specifically, the Settlement Agreement considers AAI's asserted new value and ordinary course of business defenses. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

19. The Trustee has also determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

20. In addition, the amount paid by AAI pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

21. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A. Approving the Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers to Aviation Advantage, Inc.) as it is in the best interest of the Estate; and

B.   Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: May 5, 2014

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING STIPULATION OF SETTLEMENT
### (Re: Complaint to Avoid and Recover Preferential Transfers to Aviation Advantage, Inc.)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on May 5, 2014, for an order approving the Stipulation of Settlement with Aviation Advantage, Inc.; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.     The Motion is allowed; and

B.     The Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers to Aviation Advantage, Inc.) is approved.

Dated:_____, 2014

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2573660.DOC}