UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>JUDY TULL and KAY ELLISON,<br><br>    Defendants. | Adversary Proceeding<br>No. 14-04024 |

**ANSWER OF DEFENDANT KAY ELLISON TO VERIFIED COMPLAINT**

**Response to Introductory Paragraph of Complaint**

By way of response to the Introductory Paragraph of Verified Complaint, the Defendant Kay Ellison does not deny the procedural representations set forth therein, however, denies the conclusions set forth in the Introductory Paragraph as relate to Summary Statements with regard to breaches of duty, violations of Racketeer Influence and Corrupt Organizations Act, Prepetition transfers and all other matters set forth therein.

Of even date herewith, the Defendant has filed a motion to dismiss Counts II, III, and V through X of the Complaint. Without waiving said motion, the Defendant responds to the background factual averments and to County I and IV of the Complaint.

**Response to Specific Averments of Counts I and IV of the Complaint**

Now comes the Defendant Kay Ellison by and through the undersigned counsel James R. Sheatsley, admitted pursuant to *pro hac vice* status by order of this Court entered April 10, 2014, and responds to the specific averments of the Complaint as follows:

1. The Defendant admits the averments of Paragraph 1 of the Complaint.

2. By way of response to Paragraph 2, the Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Complaint.

3. The Defendant admits the averments of Paragraph 3 of the Complaint.

4. The Defendant admits that this action is brought purportedly in accordance with the various referenced provisions of Federal law but denies that jurisdiction or venue of this Court exists as to the Defendant Ellison and denies violation of the cited laws.

5. The Defendant denies that this Court has subject matter jurisdiction over the issues described in the Adversary Pleading, and denies that the Court has personal jurisdiction over the Defendant.

6. The Defendant denies the averments of Paragraph 6 of the Complaint.

7. The Defendant denies the averments of Paragraph 7 of the Complaint.

8. By way of response of Paragraph 8 of the Complaint, the Defendant re-alleges and re-states her responses to Paragraphs 1 through 7 of the Complaint.

9. The Defendant admits the averments of Paragraph 9 of the Complaint.

10. The Defendant admits the averments of Paragraph 10 of the Complaint.

11. The Defendant admits the averments of Paragraph 11 of the Complaint.

12. The Defendant admits the averments of Paragraph 12 of the Complaint.

13. The Defendant admits the averments of Paragraph 13 of the Complaint.

14. By way of response of Paragraph 14 of the Complaint, the Defendant states that she is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint.

15. By way of response of Paragraph 15 of the Complaint, the Defendant states that she was Vice President of Systems Operations and was one of multiple managing partners of the business of the Debtor until approximately September 2011.

16. By way of response of Paragraph 16 of the Complaint, the Defendant states that the individuals described in Paragraph 16 were managing members of the Debtor until approximately September 29, 2011 as of which date their responsibilities were terminated based upon their transfer of membership interests in the Debtor.

17. The Defendant admits the averments of Paragraph 17 of the Complaint.

18. The Defendant admits the averments of Paragraph 18 of the Complaint and further affirmatively states that the management of Debtor by Defendant and others referenced as "the Management Team" terminated on or about September 29, 2011.

19. The Defendant admits the averments of Paragraph 19 of the Complaint.

20. The Defendant admits the averments of Paragraph 20 of the Complaint.

21. The Defendant admits the averments of Paragraph 21 of the Complaint.

22. The Defendant admits the averments of Paragraph 22 of the Complaint.

23. The Defendant admits the averments of Paragraph 23 of the Complaint.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint, wherein it is stated that the Defendants to this Adversary Proceeding submitted "nearly all of the release requests."

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 of the Complaint as stated herein. The Defendant ceased a role in management as of approximately September 29, 2011.

26. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26 of the Complaint.

27. The Defendant denies the averments of Paragraph 27 of the Complaint.

28. The Defendant denies the averments of Paragraph 28 of the Complaint.

29. The Defendant denies the averments of Paragraph 29 of the Complaint.

30. The Defendant denies the averments of Paragraph 30 of the Complaint.

31. The Defendant denies the averments of Paragraph 31 of the Complaint.

32. The Defendant denies the averments of Paragraph 32 of the Complaint.

33. The Defendant admits the averments of Paragraph 33 of the Complaint.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 34 of the Complaint.

35. By way of response of Paragraph 35 of the Complaint, the Defendant states that after September 29, 2011 she had no management authority with regard to the affairs of the Debtor, but did provide consulting services at the direction of representatives of agents, members, officers, directors or responsible parties associated with the Avondale Aviation I, LLC and Stukes Atwood, LLC.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 36 of the Complaint.

37. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37 of the Complaint.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38 of the Complaint.

39. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 39 of the Complaint.

40. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 40 of the Complaint.

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 41 of the Complaint.

42. By way of response of Paragraph 42 of the Complaint, the Defendant states that any funds transferred to her by the Debtor in the referenced time period or at any time during her association with the Debtor were in compensation for either services rendered as an employee or as a consultant of Debtor and were paid by Debtor and received by the Defendant contemporaneously with the provision of services therefore and in the natural course of business with the Debtor.

43. By way of response of Paragraph 43 of the Complaint, the Defendant states that any funds transferred to her by the Debtor in the referenced time period or at any time during her association with the Debtor were in compensation for either services rendered as an employee or as a consultant of Debtor and were paid by Debtor and received by the Defendant contemporaneously with the provision of services therefore and in the natural course of business with the Debtor..

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 44 of the Complaint.

45. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 45 of the Complaint.

46. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46 of the Complaint.

47. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 47 of the Complaint.

48. Paragraph 48 is not an averment of fact and therefore requires no specific response from the Defendant. However, to the extent that any response is deemed to be required, Defendant denies the averments of Paragraph 48 of the Complaint.

49. By way of response of Paragraph 49 of the Complaint, the Defendant incorporates by this reference, her responses to paragraph 1 through 48 of the Complaint.

50. The Defendant admits that Paragraph 50 of the Complaint summarizes the provision of 11 USC § 548(a)(1)(B) but denies that said code section is applicable to her or that her conduct was in violation of federal law.

51. By way of response of Paragraph 51 of the Complaint, the Defendant admits that she received payments from Debtor by way of compensation for services contemporaneously provided.

52. The Defendant denies the averments of Paragraph 52 of the Complaint.

53. The Defendant denies the averments of Paragraph 53 of the Complaint.

54. The Defendant denies the averments of Paragraph 54 of the Complaint.

55. The Defendant denies the averments of Paragraph 55 of the Complaint.

73. By way of response of Paragraph 73 of the Complaint, the Debtor acknowledges that this paragraph sets forth a summary of the provisions of 11 USC § 547(b) but denies that her conduct in any manner violated said law.

74. Defendant admits that to the extent she received payment for contemporaneously rendered services by way of either salary or consulting fees there was a limited Debtor-Creditor relationship as between her and the Debtor.

75. The Defendant denies the averments of Paragraph 75 of the Complaint.

76. The Defendant admits the averments of Paragraph 76 of the Complaint.

77. The Defendant admits the averments of Paragraph 77 of the Complaint.

78. The Defendant denies the averments of Paragraph 78 of the Complaint.

79. The Defendant denies the averments of Paragraph 79 of the Complaint.

108. The Defendant denies the averments of the Complaint not herein admitted and demands strict proof thereof.

109. The Defendant denies that the Plaintiffs is entitled to the relief demanded or to any relief whatsoever.

 

Kay Ellison
By Counsel:

/s/James R. Sheatsley_____
JAMES R. SHEATSLEY, ESQ.
For GORMAN, SHEATSLEY
& COMPANY, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Tel. (304) 252-5321
jsheatsley@suddenlinkmail.com
*Pro Hac Vice* admission April 10, 2014

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

In re                                          Chapter 7, No. 12-40944-MSH

**SOUTHERN SKY AIR & TOURS, LLC**
**d/b/a DIRECT AIR,**
        Debtor


**JOSEPH H. BALDIA, CHAPTER 7**
**TRUSTEE OF THE BANKRUPTCY**
**ESTATE OF SOUTHERN SKY AIR &**
**TOURS, LLC d/b/a DIRECT AIR,**

                **Plaintiff**

                                       **Adversary Proceeding**
        v.                              **No. 14-04024**

**JUDY TULL AND KAY ELLISON**

                **Defendants**

## CERTIFICATE OF SERVICE

      I, JAMES R. SHEATSLEY, ESQ. of the law firm of Gorman, Sheatsley & Company, L.C., 343 Prince Street, Beckley, West Virginia, do hereby certify that on the 16th day of May, 2014, I filed the Answers of Defendant Kay Ellison to Verified Complaint.  A copy of said Affidavit and Declaration will be served electronically and by first class mail, postage prepaid, to the parties listed below, said service being made on the 16th day of May, 2014:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

Jessica E. Murphy, Esq.
MIRICK O'CONNELL DEMALLIE & LOUGEE
1800 West Park Drive, Suite 400
Westborough, MA 01581

/s/James R. Sheatsley
JAMES R. SHEATSLEY, ESQ.
For GORMAN, SHEATSLEY
& COMPANY, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Tel. (304) 252-5321
jsheatsley@suddenlinkmail.com
*Pro Hac Vice* admission April 10, 2014

Cc: client
Joseph Collins