**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)**

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>ED WARNECK and STANLEY MARSHALL ELLISON,<br>    Defendants. | Adversary Proceeding<br>No. 14-04026 |

**ANSWER OF DEFENDANT STANLEY MARSHALL ELLISON TO VERIFIED COMPLAINT**

**Response to Introductory Paragraph of Complaint**

By way of response to the Introductory Paragraph of Verified Complaint, the Defendant Stanley Marshall Ellison does not deny the procedural representations set forth therein, however, denies the conclusions set forth in the Introductory Paragraph as relate to Summary Statements with regard to breaches of duty, prepetition transfers and all other matters set forth therein.

Of even date herewith, the Defendant has filed a motion to dismiss Counts II, III, and V through IX of the Complaint. Without waiving said motion, the Defendant responds to the background factual averments and to County I and IV of the Complaint.

**Response to Specific Averments of Counts I and IV of the Complaint**

Now comes the Defendant Stanley Marshall Ellison by and through the undersigned counsel James R. Sheatsley, admitted pursuant to *pro hac vice* status by

order of this Court entered April 16, 2014, and responds to the specific averments of the Complaint as follows:

1. The Defendant admits the averments of Paragraph 1 of the Complaint.

2. By way of response to Paragraph 2, the Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2 of the Complaint.

3. The Defendant admits the averments of Paragraph 3 of the Complaint.

4. The Defendant admits that this action is brought purportedly in accordance with the various referenced provisions of Federal law and State laws but denies that jurisdiction or venue of this Court exists as to the Defendant Ellison and denies violation of the cited laws.

5. The Defendant denies that the Court has personal jurisdiction over the Defendant or subject matter jurisdiction.

6. The Defendant denies the averments of Paragraph 6 of the Complaint.

7. The Defendant denies the averments of Paragraph 7 of the Complaint.

8. By way of response of Paragraph 8 of the Complaint, the Defendant re-alleges and re-states his responses to Paragraphs 1 through 7 of the Complaint.

9. The Defendant admits the averments of Paragraph 9 of the Complaint.

10. The Defendant admits the averments of Paragraph 10 of the Complaint.

11. The Defendant admits the averments of Paragraph 11 of the Complaint.

12. The Defendant admits the averments of Paragraph 12 of the Complaint.

13. The Defendant admits the averments of Paragraph 13 of the Complaint.

14. By way of response of Paragraph 14 of the Complaint, the Defendant states that he is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint.

15. By way of response of Paragraph 15 of the Complaint, the Defendant states that he was Vice President of Systems Operations and was one of multiple managing partners of the business of the Debtor until approximately September 2011.

16. By way of response of Paragraph 16 of the Complaint, the Defendant states that the individuals described in Paragraph 16 were managing members of the Debtor until

approximately September 29, 2011 as of which date their responsibilities were terminated based upon their transfer of membership interests in the Debtor.

17. The Defendant admits the averments of Paragraph 17 of the Complaint.

18. The Defendant admits the averments of Paragraph 18 of the Complaint and further affirmatively states that the management of Debtor by Defendant and others referenced as "the Management Team" terminated on or about September 29, 2011.

19. The Defendant admits the averments of Paragraph 19 of the Complaint.

20. The Defendant admits the averments of Paragraph 20 of the Complaint.

21. The Defendant admits the averments of Paragraph 21 of the Complaint.

22. The Defendant admits the averments of Paragraph 22 of the Complaint.

23. The Defendant admits the averments of Paragraph 23 of the Complaint.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 of the Complaint as stated herein. The Defendant ceased a role in management as of approximately September 29, 2011.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 of the Complaint.

26. The Defendant denies the averments of Paragraph 26 of the Complaint.

27. The Defendant denies the averments of Paragraph 27 of the Complaint.

28. The Defendant denies the averments of Paragraph 28 of the Complaint.

29. The Defendant denies the averments of Paragraph 29 of the Complaint.

30. The Defendant denies the averments of Paragraph 30 of the Complaint.

31. The Defendant admits the averments of Paragraph 32 of the Complaint.

32. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32 of the Complaint.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 33 of the Complaint.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 34 of the Complaint.

35. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 35 of the Complaint.

36. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 36 of the Complaint.

37. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37 of the Complaint.

38. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38 of the Complaint.

39. By way of response of Paragraph 39 of the Complaint, the Defendant states that any funds transferred to him by the Debtor in the referenced time period or at any time during his association with the Debtor were in compensation for either services rendered as an employee or as a consultant of Debtor and were paid by Debtor and received by the Defendant contemporaneously with the provision of services therefore and in the normal course of business with the Debtor.

40. By way of response of Paragraph 40 of the Complaint, the Defendant states that any funds transferred to him by the Debtor in the referenced time period or at any time during his association with the Debtor were in compensation for either services rendered as an employee or as a consultant of Debtor and were paid by Debtor and received by the Defendant contemporaneously with the provision of services therefore and in the natural course of business with the Debtor..

41. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 41 of the Complaint.

42. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 42 of the Complaint.

43. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 43 of the Complaint.

44. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 44 of the Complaint.

45. Paragraph 45 is not an averment of fact and therefore requires no specific response from the Defendant. However, to the extent that any response is deemed to be required, Defendant denies the averments of Paragraph 48 of the Complaint.

46. By way of response of Paragraph 46 of the Complaint, the Defendant incorporates by this reference, his responses to paragraph 1 through 45 of the Complaint.

47. The Defendant admits that Paragraph 47 of the Complaint summarizes the provision of 11 USC § 548(a)(1)(B) but denies that said code section is applicable to him or that his conduct was in violation of federal law.

48. By way of response of Paragraph 48 of the Complaint, the Defendant admits that he received payments from Debtor by way of compensation for services contemporaneously provided.

49. The Defendant denies the averments of Paragraph 49 of the Complaint.

50. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 50 of the Complaint.

51. The Defendant denies the averments of Paragraph 51 of the Complaint.

52. The Defendant denies the averments of Paragraph 52 of the Complaint.

70. By way of response of Paragraph 70 of the Complaint, the Debtor acknowledges that this paragraph sets forth a summary of the provisions of 11 USC § 547(b) but denies that his conduct in any manner violated said law.

71. Defendant admits that to the extent he received payment for contemporaneously rendered services by way of either salary or consulting fees there was a limited Debtor-Creditor relationship as between him and the Debtor.

72. The Defendant denies the averments of Paragraph 72 of the Complaint.

73. The Defendant admits the averments of Paragraph 73 of the Complaint.

74. The Defendant admits the averments of Paragraph 74 of the Complaint.

75. The Defendant denies the averments of Paragraph 75 of the Complaint.

76. The Defendant denies the averments of Paragraph 76 of the Complaint.

98. The Defendant denies the averments of the Complaint not herein admitted and demands strict proof thereof.

99. The Defendant denies that the Plaintiffs is entitled to the relief demanded or to any relief whatsoever.

Stanley Marshall Ellison
By Counsel:

/s/James R. Sheatsley_____
JAMES R. SHEATSLEY, ESQ.
For GORMAN, SHEATSLEY
& COMPANY, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Tel. (304) 252-5321
jsheatsley@suddenlinkmail.com
*Pro Hac Vice* admission April 16, 2014

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)**

In re                                                                          Chapter 7, No. 12-40944-MSH

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**
            Debtor


**JOSEPH H. BALDIA, CHAPTER 7
TRUSTEE OF THE BANKRUPTCY
ESTATE OF SOUTHERN SKY AIR &
TOURS, LLC d/b/a DIRECT AIR,**

                    Plaintiff
                                                                          **Adversary Proceeding**
            v.                                                            **No. 14-04026**

**ED WARNECK AND
STANLEY MARSHALL ELLISON**

                    Defendants

### CERTIFICATE OF SERVICE

I, JAMES R. SHEATSLEY, ESQ. of the law firm of Gorman, Sheatsley & Company, L.C., 343 Prince Street, Beckley, West Virginia, do hereby certify that on the 16th day of May, 2014, I filed the Answers of Defendant Stanley Marshall Ellison to Verified Complaint. A copy of said Affidavit and Declaration will be filed and served electronically and by first class mail; postage prepaid, to the parties listed below, said service being made on the 16th day of May, 2014:

Richard T. King, Esq.
OFFICE OF THE U.S. TRUSTEE
446 Main Street, 14th Floor
Worcester, MA 01608

Jessica E. Murphy, Esq.
MIRICK O'CONNELL DEMALLIE & LOUGEE
1800 West Park Drive, Suite 400
Westborough, MA 01581

/s/James R. Sheatsley
JAMES R. SHEATSLEY, ESQ.
For GORMAN, SHEATSLEY
& COMPANY, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Tel. (304) 252-5321
jsheatsley@suddenlinkmail.com
*Pro Hac Vice* admission April 16, 2014

cc: client
Joseph Collins