UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

**MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**
(Re: Judy Tull)
(Re: Verified Complaint; Adversary Proceeding No. 14-04024)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Judy Tull ("Ms. Tull"; together with the Trustee, the "Parties").

In support of this motion, the Trustee states as follows:

### I. BACKGROUND

#### A. Bankruptcy Case Background

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor ceased operations of its tour programs, stopped accepting flight reservations and

terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of customers who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to the cancellations and the Debtor's cessation of operations.

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee secured assets and records of the Debtor and investigated the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

B. **The Complaint**

5. After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79.

6. Based on his Report, on March 13, 2014, the Trustee initiated this Adversary Proceeding by filing a Verified Complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, 18 U.S.C. §1962, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims against Ms. Tull for her conduct causing the shortfall, her breach of duty to the Debtor, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and to avoid and recover certain pre-petition transfers totaling at least $657,252.57 that the Debtor made to Ms. Tull (the "Claims").

7. Ms. Tull denies the Claims and all allegations in the Complaint.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT[1]

8. As set forth more fully in the Settlement Agreement, the Trust and Ms. Tull agree as follows:

a. Ms. Tull agrees to pay the Trustee the sum of $10,000.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Ms. Tull made in the Complaint and arising out of the Report. Ms. Tull shall pay the Settlement Amount to the Trustee as follows: (i) $5,000.00 on or before May 2, 2014, the receipt of which is hereby acknowledged, and (ii) $5,000.00 on or before June 5, 2014.

b. Ms. Tull shall execute and provide to the Trustee, the receipt of which is hereby acknowledged, an Agreement for Judgment in the amount of $1,000,000.00 in the form attached to the Settlement Agreement as Exhibit A. The Agreement for Judgment shall be held in escrow pending Ms. Tull's compliance with this Stipulation. The Trustee shall be entitled to file the executed Agreement for Judgment in the Adversary Proceeding only if Ms. Tull fails to comply with the terms therein.

c. Upon entry of the Bankruptcy Court's final order approving this Stipulation (the "Final Order"), Ms. Tull shall release and discharge the Trustee and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Ms. Tull's payment of the Settlement Amount and any proof of claim filed by Ms. Tull in the Debtor's bankruptcy case.

d. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall release Ms. Tull from any and all claims or obligations arising from or related to the Claims or the Report, or as set forth in the Complaint.

---

[1] This is a summary only. Parties wishing to review the full terms of the settlement should carefully review the Settlement Agreement filed herewith.

e. Within seven (7) days of the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall file a notice dismissing the Adversary Proceeding with prejudice.

f. Ms. Tull agrees to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding Adversary Proceedings.

g. The Settlement Agreement is not an admission regarding the merits of the Trustee's claims, but reflects the Parties desire to resolve any and all claims between them.

### III. REASONABLENESS OF THE SETTLEMENT AGREEMENT

9. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

10. The Trustee believes that the Settlement Agreement is in the best interest of the Estate. While the Trustee strongly believes in the merits of the Claims against Ms. Tull, Ms. Tull has denied the Claims. In order for the Trustee to prevail on the fact-intensive Claims against Ms. Tull, the Trustee would be required to expend considerable time and resources to bring this matter to a conclusion at trial. The Settlement Agreement will provide an immediate material benefit to the Estate of the Settlement Amount and will stem further costs to litigate this adversary proceeding.

11. Collectability of any judgment against Ms. Tull was a substantial consideration for the Trustee in evaluating the appropriateness of this Settlement Agreement. Ms. Tull has

provided confidential, attested financial information to the Trustee that shows she has no assets that the Trustee would be available to recover any judgment from. Specifically, Ms. Tull has stated that:

    a.    Ms. Tull is not working and her only income is from social security payments (which are exempt from attachment);

    b.    Ms. Tull sold her prior residence in a short sale and presently she nor her husband own any real estate; and

    c.    Ms. Tull does not have any securities, investments, retirement accounts or ownership interest in any business entities.

12.    The Trustee has analyzed Ms. Tull's attested financial statements and determined that Ms. Tull has not disgorged or fraudulently transferred her assets in order to end up in her present financial condition.

13.    In addition, Ms. Tull owes debts to other parties (including the IRS, ChemOil, Platt River Bonds and Merrick Bank) that are presently outstanding in an amount in excess of $30 million.

14.    In light of Ms. Tull's poor financial condition, she has been forced to obtain the Settlement Amount from friends and family.

15.    The Trustee believes that the Settlement Agreement properly reflects the collectability of a judgment against Ms. Tull. The Settlement Amount is appropriate since the cost of further litigating the Claims would be substantial and would result in a smaller net recovery for the Estate. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A.    Approving the Stipulation of Settlement with Judy Tull (Re: Verified Complaint) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Jessica E. Murphy
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: May 16, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS
### (Re: Judy Tull)
### (Re: Verified Complaint; Adversary Proceeding No. 14-04024)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on May 15, 2014, for an order approving the Stipulation of Settlement with Judy Tull; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Verified Complaint), is approved.


Dated: May____, 2014

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge