UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re: SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR, Debtor. | Chapter 7 Case No. 12-40944-MSH |
|---|---|

**MOTION TO APPROVE STIPULATION OF SETTLEMENT**
(Re: Complaint to Avoid and Recover Preferential Transfers to Orlando Sanford International, Inc. a/k/a Orlando Sanford International Airport)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Orlando Sanford International, Inc. a/k/a Orlando Sanford International Airport ("OSI"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On March 10, 2014, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to OSI during the 90 days prior to the Petition Date totaling at least $108,309.88 (the "Transfers"), and (II) disallow any and all claims OSI may have against the Estate. The Trustee amended the Complaint on March 26, 2014.

5. Counsel to OSI subsequently contacted the Trustee (via counsel) and indicated that OSI had a substantial new value defense, as well as ordinary course defenses, regarding the Transfers. OSI also provided documentation to the Trustee, including copies of invoices, in support of its defenses.

6. Based on his review of this matter, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with OSI to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

7. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.   SUMMARY OF THE SETTLEMENT AGREEMENT

8. The Settlement Agreement provides that, within ten (10) days of execution, OSI will pay $7,500.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Complaint and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

9. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving such Settlement Agreement (the "Final Order"), OSI shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from OSI's payment of the Settlement Amount.

10. Further, upon the later of (a) entry of the Final Order and (b) receipt of the Settlement Amount, the Trustee shall be deemed to have released OSI and (a) TBI US Operations, Inc., (b) TBI Airport Management, Inc., (c) TBI Orlando Sanford Holding, LLC, (d) TBI Orlando Sanford Airport, LLC, (e) Orlando Sanford Domestic, Inc., (f) TBI Real Estate Holdings, LLC, (g) SFB Fueling Holding, LLC, and (h) SFB Fueling, LLC (collectively, the "OSI Affiliates"), and their respective representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint, and any other claims under Chapter 5 of the Bankruptcy Code. The Trustee reserves the right to object to any claims filed by or on behalf of OSI for any reason.

11. In the Settlement Agreement, OSI acknowledges that neither OSI nor the OSI Affiliates received any other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint.

12. Finally, the Settlement Agreement also provides that the Trustee shall cause dismissal of the Adversary Proceeding, with prejudice, after entry of the Final Order.

### III. REASONABLENESS OF THE SETTLEMENT

13. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

14. The Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

15. The Trustee has also determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the amount paid by OSI pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A. Approving the Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers) as it is in the best interest of the Estate; and

5

    B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
------
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 11, 2014

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers to Orlando Sanford International, Inc. a/k/a Orlando Sanford International Airport)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on June 11, 2014, for an order approving the Stipulation of Settlement with Orlando Sanford International, Inc. a/k/a Orlando Sanford International Airport; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.  The Motion is allowed; and

B.  The Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential Transfers) is approved.

Dated:_____, 2014      _____
                                      Honorable Melvin S. Hoffman
                                      United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2611619.DOC}