UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

**MOTION OF TRUSTEE TO (I) APPROVE SECOND FORM OF TOLLING
AGREEMENT AND (II) EXTEND CERTAIN DEADLINES,
<u>WITH REQUEST FOR EXPEDITED DETERMINATION</u>**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves this Court for an order (i) approving his proposed form of tolling agreement (the "Second Tolling Agreement"), a copy of which is attached as **Exhibit A** and (ii) consistent with such Second Tolling Agreement, extending the time to file suit against three potential counterparties to such Second Tolling Agreement from June 16, 2014 to and including September 15, 2014. **The Trustee requests expedited determination regarding this Motion because the current statute of limitations regarding certain avoidance actions (as extended via a prior tolling agreement) expires in this case on June 16, 2014.**

In support of this Motion, the Trustee states as follows:

## <u>FACTUAL BACKGROUND</u>

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.   On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.   On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga as Chapter 7 trustee of this proceeding and he continues to serve as such.

4.   Since the Conversion Date, the Trustee has made demand on multiple parties for return of preferential transfers and/or other types of transfers (collectively, the "Avoidance Actions") received from the Debtor prior to or shortly after the Petition Date. This Court has approved compromises fully resolving a number of the Avoidance Actions.

5.   The statutory deadline for the Trustee to bring suit regarding the Avoidance Actions, and claims related thereto, was set for March 15, 2014 pursuant to Bankruptcy Code §§ 546 and 549.[1]

6.   On March 6, 2014, the Trustee filed his first Motion to (I) Approve Form of Tolling Agreement and (II) Extend Certain Deadlines, with Request for Expedited Determination (the "First Tolling Agreement Motion") seeking an order (i) approving a form of tolling agreement (the "First Tolling Agreement") and (ii) extending the time to file suit against counterparties to the First Tolling Agreement from March 15, 2014 to June 16, 2014.

7.   This Court allowed the First Tolling Agreement Motion on March 6, 2014. The Trustee subsequently entered into the First Tolling Agreement with ten potential Avoidance Action defendants. Since entering into the First Tolling Agreement with these parties, the Trustee has fully resolved seven of those matters.

---

[1] Bankruptcy Code § 549(d) provides that actions to recover post-petition transfers must be commenced before two years after such transaction. The Trustee has identified only a very small number of unauthorized post-petition transfers, each occurring within days or weeks after the Petition Date. Therefore, the defined term "Statutory Deadline" is intended to encompass the deadline(s) to bring claims under Bankruptcy Code § 549 as well as § 546.

{Practice Areas/CORP/15008/14190/A2616288.DOCX}                    2

8. The Trustee continues to engage in settlement negotiations with respect to the three remaining Avoidance Actions. The deadline for the Trustee to bring suit regarding those Avoidance Actions, and claims related thereto, expires on June 16, 2014 on account of the First Tolling Agreement.

9. As the Trustee is engaged in discussions and/or settlement negotiations with the remaining three transfer recipients, the Trustee believes that it is not in the best interest of the Estate to initiate litigation at that time. Instead, the Trustee has prepared the attached Second Tolling Agreement, which he proposes to enter into with such transfer recipients as he deems appropriate under these circumstances (e.g., parties with whom the Trustee is actively engaged in negotiations). Entering into the Tolling Agreement will facilitate settlement discussions, avoid unnecessary costs and expenses for the parties, and promote judicial economy.

10. A majority of courts hold that the deadline under Bankruptcy Code § 546 is a statute of limitations subject to extension by agreement, estoppel, tolling or waiver. In re Martin Levy of Berlin DMD, PC., 416 B.R. 1, 7-8 (Bankr. D. Mass. 2009) (Boroff, J.) (holding that defendant waived statute of limitations defense by failing to object to trustee's motion to extend § 546 deadlines) (citing IBT Int'l Inc. v. Northern, 408 F.3d 689, 699 (11th Cir. 2005) ("A bankruptcy court has the discretion to extend the filing period for an adversary proceeding"); Carr v. Klayman, 288 B.R. 805, 807 (Bankr. M.D. Fla. 1999) (granting trustee's motion to extend § 546 deadline after its expiration); Frentz v. Stites & Harbison, 381 B.R. 225, 226-227 (Bankr. W.D. Ky. 2008) (extending § 546 deadline upon no objections to trustee's extension motion).

11. Courts have similarly held that the deadline under Bankruptcy Code § 549 is a statute of limitations subject to extension. Pugh v. Brook (in re Pugh), 158 F.3d 530, 537-538

(11th Cir. 1998) (finding that the decisions of other courts "solidly support" the conclusion that § 549(d) is a true statute of limitations that can be waived).

12. Based on the foregoing, the Trustee believes that the Second Tolling Agreement, once signed by the Trustee and any counterparty, is an effective vehicle for further extending the statutory deadlines under Bankruptcy Code §§ 546 and 549 without need for court approval. See, e.g., Martin Levy, 416 B.R. at 7 (citing Moglia v. Inland Plywood Co., 299 B.R. 488, 496-497 (Bankr. N.D. Ill. 2003) ("the clear weight of recent authority bolsters the conclusion that § 546(a) is a true statute of limitations that can be extended by the parties, waived, or equitably tolled")).

13. Notwithstanding the Trustee's belief and the weight of the majority of courts, the Trustee requests, out of an abundance of caution, that this Court (a) approve the form of Second Tolling Agreement attached hereto and (b) with respect to the counterparty transfer recipients with whom the Trustee enters into a Second Tolling Agreement, further extend the deadlines under Bankruptcy Code §§ 546 and 549 from June 16, 2014 to September 15, 2014.

14. The Trustee requests expedited determination of this Motion because the current statutory deadline to bring the Avoidance Actions, as extended by the First Tolling Agreement, expires on or about June 16, 2014. To the extent that this Court denies this Motion, the Trustee intends to initiate adversary proceedings against each of the remaining transfer recipients by June 16, 2014 in order to preserve these causes of action.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

    A. Approving the form of Second Tolling Agreement;

    B. With respect to any counterparty with whom the Trustee enters into a Second Tolling Agreement, further extending the deadlines under Bankruptcy Code §§ 546 and 549 to September 15, 2014; and

    C.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
-----
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 11, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

### ORDER (I) APPROVING SECOND FORM OF TOLLING AGREEMENT AND (II) EXTENDING DEADLINES

Upon the Motion of Trustee to (I) Approve Second Form of Tolling Agreement and (II) Extend Certain Deadlines, With Request for Expedited Determination (the "Motion") filed on June 11, 2014 by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), in which the Trustee seeks (i) approval of the form of second tolling agreement attached as Exhibit A to the Motion (the "Second Tolling Agreement") and (ii) consistent with the Second Tolling Agreement, an extension of the current deadline to file suit against counterparties to such Second Tolling Agreement to and including September 15, 2014; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed;

B. The form of Second Tolling Agreement is approved; and

{Practice Areas/CORP/15008/14190/A2616288.DOCX}

C.  The deadlines set forth in 11 U.S.C. §§ 546 and 549 for the Trustee to file suit against any counterparties to the Second Tolling Agreement are hereby further extended to and including September 15, 2014.

Dated:_____, 2014

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## SECOND TOLLING AGREEMENT

This SECOND TOLLING AGREEMENT (the "Agreement") is made as of June ___, 2014 by and between _____ (the "Transfer Recipient") and Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"). The Transfer Recipient and the Trustee shall hereafter be referred to as the "Parties".

A.  WHEREAS, on March 15, 2012 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1-1532 (the "Bankruptcy Code");

B.  WHEREAS, on April 11, 2012, the Court converted the Debtor's bankruptcy case to one administered under Chapter 7 of the Bankruptcy Code;

C.  WHEREAS, also on April 11, 2012, the United States Trustee appointed the Trustee as Chapter 7 trustee of the Debtor's case and he continues to serve as such;

D.  WHEREAS, the Trustee and the Estate may have certain claims against the Transfer Recipient including, without limitation, claims arising under Bankruptcy Code §§ 502, 542, 544, 547, 548, 549, and/or 550 (collectively, the "Claims");

E.  WHEREAS, the Transfer Recipient believes that the Claims are not valid claims against the Transfer Recipient and, to the extent that such claims exist, the Transfer Recipient believes it has complete defenses to such claims;

F.  WHEREAS, the Parties continue to engage in settlement discussions in an effort to efficiently resolve their disputes regarding the Claims and, at this time, neither of the Parties believes that it is in his or its best interest to initiate litigation;

G.  WHEREAS, the Parties entered into a prior Tolling Agreement (the "First Tolling Agreement") on March ___, 2014 (the "Tolling Date") which tolled the applicable statutes of limitations for the Trustee to bring the Claims from March 15, 2014 to and including June 16, 2014;

H.  WHEREAS, in light of the foregoing, the Parties have agreed to enter into this Agreement further tolling all applicable statutes of limitations from June 16, 2014 to and including September 15, 2014 (the "Termination Date");

NOW THEREFORE, in consideration of the promises, covenants and provisions set forth herein, including forbearance of suit as set forth herein, the Parties agree as follows:

1.  The running of all applicable statutes of limitation and periods of repose or other rules, provisions or principles limiting the period of time to file suit or assert claims, including without limitation 11 U.S.C. §§ 108, 546, and 549, with respect to the Claims shall be, and hereby are, tolled and suspended as of the date of this Agreement, and the running thereof shall be resumed on the first business day following the Termination Date.

2.  In any suit or proceeding in any court or before any administrative agency that may hereafter be brought by the Trustee against the Transfer Recipient, none of the Parties shall plead or otherwise assert a defense that the period between the Tolling Date and the Termination

2

Date (the "Tolling Period"), is or should be considered in determining whether any defense based on a statute of limitations, laches, estoppel, or any other defenses based on the lapse or passage of time bars such suit or proceeding, nor in determining the date as of which recovery or previously accrued damages or response costs in such suit or proceeding is barred. In any such suit or proceeding the Tolling Period shall not be considered in determining any defense based on a statute of limitations, statute of repose, laches, estoppel, or other defense based on the lapse of time bars such suit or proceeding, nor in determining the date of which recovery of previously accrued damages or response costs in such suit or proceeding is barred.

3. Nothing in this Agreement shall limit or otherwise affect any other claim or defense available to any of the Parties as of the Tolling Date, and this Agreement shall not be deemed to revive any claim or defense that had expired as of the Tolling Date. Nothing in this Agreement nor in the circumstances that gave rise to this Agreement shall be construed as an acknowledgement by any of the Parties that any claim or defense was or was not barred, or was or was not about to be barred, by any statute of limitation, laches, estoppel, or any other defense based on the lapse or passage of time, as of the Tolling Date.

4. This Agreement shall not operate as, nor be construed to be or contain, an admission of any fact or liability by either of the Parties. Neither this Agreement nor any action taken hereunder shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any nature on the part of either of the Parties or as evidence to prove such admission or wrongdoing.

5. This Agreement contains the entire agreement between the Parties regarding the provisions set forth above and may only be modified in a writing signed by the Parties or their duly appointed agents.

3

6. This Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective heirs, executors, administrators, successors and assigns.

7. Any provisions of this Agreement held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality of unenforceability without affecting the validity, legality or enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

8. This Agreement shall be deemed to have been jointly drafted by the Parties hereto, and in constructing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of this Agreement, or this Agreement as a whole, was purportedly prepared or requested by such Party.

9. The Debtor and the Estate are the intended beneficiaries of this Agreement and, to the extent that the Trustee or any other person or entity is authorized to act on behalf of the Estate, then the Trustee or such other person or entity shall have standing to enforce this Agreement and to realize the benefits of this Agreement.

10. This Agreement shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

11. This Agreement may be executed in one or more counterparts and faxed or emailed copies shall suffice in lieu of original signatures.

4

{Practice Areas/CORP/15008/14190/A2616393.DOC[Ver:2]}

IN WITNESS WHEREOF, the Parties have executed this Agreement as a contract under seal of the Tolling Date.

[TRANSFER RECIPIENT]

_____
By:
Its:


JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE

_____
Joseph H. Baldiga, Chapter 7 Trustee

5