# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:** | |
| | |
| **SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,** | **Chapter 7**<br>**Case No. 12-40944-MSH** |
| | |
| **Debtor.** | |

## MOTION TO LIMIT NOTICE
### (Re: Motion of Trustee to (I) Approve Second Form of Tolling Agreement and (II) Extend Certain Deadlines, with Request for Expedited Determination)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") for the above-referenced Debtor, and hereby moves this Court pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and MLBR 2002-1(b) to limit notice regarding the Motion of Trustee to (I) Approve Second Form of Tolling Agreement and (II) Extend Certain Deadlines, with Request for Expedited Determination (the "Motion to Approve") to service upon the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and any potential counterparties to the form of second tolling agreement (including their known counsel).

In support hereof, the Trustee submits the following:

1.     On March 15, 2012, the Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101–1532 (the "Bankruptcy Code").

2.     On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3.     On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.     Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States.  On March 13, 2012 (two days prior to the Petition Date), the Debtor ceased operation of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site.  The Debtor never resumed operations.  By the time of these actions, the Debtor had previously accepted flight reservations from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations.

5.     On May 3, 2012, the Debtor filed, among other things, two separate schedules for Schedule F creditors, categorized as (1) consumer creditors (the "Schedule F - Consumer Creditors") and (2) non-consumer creditors (the "Schedule F – Non-Consumer Creditors"). Schedule F – Consumer Creditors total approximately 93,000.00 and there are hundreds of Schedule F – Non-Consumer Creditors.  Upon information and belief, the majority of Schedule F – Consumer Creditors are consumer creditors who purchased airline tickets for flights that never occurred (i.e., Charter Participants).

6.     On the date hereof, the Trustee filed the Motion to Approve.  In the Motion to Approve, the Trustee requests that this Court enter an Order (a) approving his proposed form of tolling agreement (the "Second Tolling Agreement") and (b) further extending the time to file suit against certain (to be determined) counterparties to such Second Tolling Agreement from June 16, 2014 to and including September 15, 2014.  The relief requested in the Motion to

Approve only impacts the transfer recipients with whom the Trustee may be entering into such Second Tolling Agreement.

7.      Based on the foregoing, the Trustee believes that service of the Motion to Approve on all Schedule F creditors is unnecessary and would impose an undue burden on the Estate both financially and administratively.

8.      Accordingly, the Trustee requests that he be authorized to limit notice of the Motion to Approve to the Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected governmental authorities, all parties that have filed requests for notice, and any potential counterparties to the Second Tolling Agreement (including their known counsel).

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

a.      Allowing the Trustee's motion to limit notice; and

b.      Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

_____/s/ Gina Barbieri O'Neil_____
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 11, 2014

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

      **Debtor.**

**Chapter 7
Case No. 12-40944-MSH**

## ORDER AUTHORIZING MOTION TO LIMIT NOTICE
### (Re: Motion of Trustee to (I) Approve Second Form of Tolling Agreement and
### (II) Extend Certain Deadlines, with Request for Expedited Determination)

Upon the motion dated June 11, 2014 (the "Motion") of Joseph H. Baldiga, Chapter 7

trustee (the "Trustee") for the above-referenced Debtor, for authority to limit notice of the

Motion of Trustee to (I) Approve Second Form of Tolling Agreement and (II) Extend Certain

Deadlines, with Request for Expedited Determination), and the Court finding that the notice

given of the Motion as set forth in the Certificate of Service accompanying the Motion and filed

with the Court is sufficient; and no objection to the Motion having been filed or any such

objection having been withdrawn or overruled;

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

      a.     The Motion is ALLOWED; and

      b.     The Trustee may limit notice of the Motion to Approve to service upon the

Debtor, counsel to the Debtor, the Office of the United States Trustee, all secured

creditors, the Debtor's twenty largest unsecured creditors, taxing authorities, affected

governmental authorities, all parties that have filed requests for notice, and potential

counterparties to the Second Tolling Agreement (including their known counsel).

Dated: _____, 2014

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge