UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>JUDY TULL and KAY ELLISON,<br>    Defendants. | Adversary Proceeding<br>No. 14-04024 |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>ED WARNECK and STANLEY MARSHALL ELLISON,<br>    Defendants. | Adversary Proceeding<br>No. 14-04026 |

## STIPULATION OF SETTLEMENT

NOW COME the plaintiff, Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and the defendants, Kay Ellison ("Ms. Ellison") and Stanley Marshall Ellison ("Mr.

{Practice Areas/CORP/15008/14190/A2598648.DOC}

Ellison"; together with Ms. Ellison, the "Ellisons"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

## FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79.

5. Based on his Report, on March 13, 2014, the Trustee initiated several adversary proceedings. In Adversary Proceeding No. 14-04024 against Judy Tull and Ms. Ellison, the Trustee filed a Verified Complaint pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, 18 U.S.C. §1962, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims for Ms. Ellison's conduct causing the shortfall, her breach of duty to the Debtor, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and to avoid and recover certain pre-petition transfers totaling at least $602,392.48 that the Debtor made to Ms. Ellison.

6. In addition, the Trustee initiated Adversary Proceeding No. 14-04026 (together with Adversary Proceeding No. 14-0424, the "Adversary Proceedings") against Ed Warneck and Mr. Ellison by filing a Verified Complaint pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims for Mr. Ellison's conduct causing the shortfall, his breach of duty to the Debtor and to avoid and recover certain pre-petition transfers totaling at least $584,314.62 that the Debtor made to Mr. Ellison.

7. The Ellisons deny the claims asserted against them and the Trustee's allegations in the Adversary Proceedings.

8. The Ellisons and the Trustee (together, the "Parties") have engaged in settlement negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, the Parties stipulate and agree as follows:

A. The Ellisons, jointly and severally, agree to pay the Trustee the sum of $92,000.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against the Ellisons made in the Adversary Proceedings and arising out of the Report. The Ellisons shall pay the Settlement Amount to the Trustee on or before June 16, 2014. The Settlement Amount shall be paid by wire as directed by counsel for the Trustee. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation. If this Stipulation is not approved, the Settlement Amount will be returned by the Trustee to the Ellisons as soon as reasonably practicable.

B.  The Ellisons shall each execute and provide to the Trustee, contemporaneously with the execution of this Stipulation, an Agreement for Judgment in the amount of $1,000,000.00 in the form attached hereto as Exhibit A and B. The Trustee shall hold the executed Agreements for Judgment in escrow pending compliance with this Stipulation. The Trustee shall be entitled to file the executed Agreements for Judgment in the Adversary Proceedings only if the Ellisons' fail to comply with the terms herein.

C.  Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), the Ellisons shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from the Ellisons' payment of the Settlement Amount and any proof of claim filed by either of the Ellisons in the Debtor's bankruptcy case.

D.  Ninety-one (91) days after the entry of the Final Order, provided that the Settlement Amount is not subject to a demand for avoidance, recovery or disgorgement (the "Release Date"), the Trustee shall release the Ellisons from any and all claims or obligations arising from or related to the claims in the Adversary Proceedings and the Report.

E.  Within seven (7) days of the Release Date, the Trustee shall file a notice dismissing the claims in the Adversary Proceedings against the Ellisons with prejudice.

F.  The Ellisons agree to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all other outstanding adversary proceedings.

G. This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

KAY ELLISON

By her counsel,

_____
James R. Sheatsley, Esq. (pro hac vice)
Gorman, Sheatsley & Company, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Phone: 304.252.5321
Email: jsheatsley@suddenlinkmail.com

Dated: June 12, 2014

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 12, 2014

STANLEY MARSHALL ELLISON

By his counsel,

_____
James R. Sheatsley, Esq. (pro hac vice)
Gorman, Sheatsley & Company, L.C.
P.O. Box 5518
Beckley, WV 25801-5518
Phone: 304.252.5321
Email: jsheatsley@suddenlinkmail.com

Dated: June 12, 2014

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>JUDY TULL and KAY ELLISON,<br><br>    Defendants. | Adversary Proceeding<br>No. 14-04024 |

## AGREEMENT FOR JUDGMENT

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COME the plaintiff, Joseph H. Baldiga, Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, and the defendant, Kay Ellison ("Ms. Ellison"), and hereby agree pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure that:

1.    Judgment shall enter in favor of the Trustee (and any successor to the Trustee) against Ms. Ellison in the principal amount of One Million 00/100 ($1,000,000.00) Dollars.

2.    The parties hereby waive all rights of appeal.

Respectfully submitted,

| | |
|---|---|
| KAY ELLISON | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
| By her counsel, | By his counsel, |
| James R. Sheatsley, Esq. (pro hac vice)<br>Gorman, Sheatsley & Company, L.C.<br>P.O. Box 5518<br>Beckley, WV 25801-5518<br>Phone: 304.252.5321<br>Email: jsheatsley@suddenlinkmail.com | Joseph H. Baldiga, BBO #549963<br>Jessica E. Murphy, BBO #664361<br>Gina Barbieri O'Neil, BBO #670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Drive, Suite 400<br>Westborough, MA 01581<br>Phone: 508.898.1501<br>Fax:    508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: jmurphy@mirickoconnell.com<br>Email: goneil@mirickoconnell.com |
| Dated: June 12, 2014 | Dated: June 12, 2014 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| **JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>    Plaintiff,<br><br>v.<br><br>**ED WARNECK and STANLEY MARSHALL ELLISON,**<br>    Defendants. | Adversary Proceeding<br>No. 14-04026 |

## AGREEMENT FOR JUDGMENT

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COME the plaintiff, Joseph H. Baldiga, Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, and the defendant, Stanley Marshall Ellison ("Mr. Ellison"), and hereby agree pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure that:

1.   Judgment shall enter in favor of the Trustee (and any successor to the Trustee) against Mr. Ellison in the principal amount of One Million 00/100 ($1,000,000.00) Dollars.

2.   The parties hereby waive all rights of appeal.

| STANLEY MARSHALL ELLISON | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| By his counsel, | By his counsel, |
| James R. Sheatsley, Esq. (pro hac vice)<br>Gorman, Sheatsley & Company, L.C.<br>P.O. Box 5518<br>Beckley, WV 25801-5518<br>Phone: 304.252.5321<br>Email: jsheatsley@suddenlinkmail.com | Joseph H. Baldiga, BBO #549963<br>Jessica E. Murphy, BBO #664361<br>Gina Barbieri O'Neil, BBO #670596<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>1800 West Park Drive, Suite 400<br>Westborough, MA  01581<br>Phone: 508.898.1501<br>Fax:    508.898.1502<br>Email: bankrupt@mirickoconnell.com<br>Email: jmurphy@mirickoconnell.com<br>Email: goneil@mirickoconnell.com |
| Dated:  June 12, 2014 | Dated: June 12, 2014 |