UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>    **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

**MOTION TO APPROVE STIPULATION OF SETTLEMENT WITH
KAY ELLISON AND STANLEY MARSHALL ELLISON**
(Re: Adversary Proceeding Nos. 14-04024 and 14-04026)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Stipulation") entered into by and between the Trustee, Kay Ellison ("Ms. Ellison") and Stanley Marshall Ellison ("Mr. Ellison"; together with Ms. Ellison, the "Ellisons").

In support of this motion, the Trustee states as follows:

I.      BACKGROUND

A.      **Bankruptcy Case Background**

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor ceased operations of its tour programs, stopped accepting flight reservations and

terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of customers who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to the cancellations and the Debtor's cessation of operations.

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee secured assets and records of the Debtor and investigated the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

B. **The Complaint**

5. After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79.

6. Based on his Report, on March 13, 2014, the Trustee initiated several adversary proceedings. In Adversary Proceeding No. 14-04024 against Judy Tull and Ms. Ellison, the Trustee filed a Verified Complaint pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, 18 U.S.C. §1962, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims for Ms. Ellison's conduct causing the shortfall, her breach of duty to the Debtor, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and to

avoid and recover certain pre-petition transfers totaling at least $602,392.48 that the Debtor made to Ms. Ellison.

7.  In addition, the Trustee initiated Adversary Proceeding No. 14-04026 (together with Adversary Proceeding No. 14-0424, the "Adversary Proceedings") against Ed Warneck and Mr. Ellison by filing a Verified Complaint pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims for Mr. Ellison's conduct causing the shortfall, his breach of duty to the Debtor and to avoid and recover certain pre-petition transfers totaling at least $584,314.62 that the Debtor made to Mr. Ellison.

8.  The Ellisons deny the claims asserted against them and the Trustee's allegations in the Adversary Proceedings.

## II.  SUMMARY OF THE STIPULATION OF SETTLEMENT[1]

9.  As set forth more fully in the Stipulation, the Trust and the Ellisons (the "Parties") agree as follows:

a.  The Ellisons, jointly and severally, agree to pay the Trustee the sum of $92,000.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against the Ellisons made in the Adversary Proceedings and arising out of the Report. The Ellisons shall pay the Settlement Amount, via wire transfer, to the Trustee on or before June 16, 2014.

b.  The Ellisons shall each execute and provide to the Trustee, the receipt of which is hereby acknowledged, an Agreement for Judgment in the amount of $1,000,000.00 in the form attached to the Stipulation as Exhibit A and B. The Agreements for Judgment shall be held in escrow pending the Ellisons' compliance with this Stipulation. The Trustee shall be entitled to

---

[1]  This is a summary only. Parties wishing to review the full terms of the settlement should carefully review the Stipulation filed herewith.

{Practice Areas/CORP/15008/14190/A2598798.DOC}    3

file the executed Agreements for Judgment in the Adversary Proceedings only if the Ellisons fail to comply with the terms therein.

 c. Upon entry of the Bankruptcy Court's final order approving this Stipulation (the "Final Order"), the Ellisons shall release and discharge the Trustee and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, <u>including</u> any claim arising under Bankruptcy Code § 502(h) from the Ellisons' payment of the Settlement Amount and any proof of claim filed by either of the Ellisons in the Debtor's bankruptcy case.

 d. Ninety-one (91) days after the entry of the Final Order, provided that the Settlement Amount is not subject to a demand for avoidance, recovery or disgorgement (the "Release Date"), the Trustee shall release the Ellisons from any and all claims or obligations arising from or related to the claims in the Adversary Proceedings and the Report.

 e. Within seven (7) days of the Release Date, the Trustee shall file a notice dismissing the claims in the Adversary Proceedings against the Ellisons with prejudice.

 f. The Ellisons agree to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all other outstanding adversary proceedings.

 g. The Stipulation is not an admission regarding the merits of the Trustee's claims, but reflects the Parties desire to resolve any and all claims between them.

 **III.** **<u>REASONABLENESS OF THE STIPULATION OF SETTLEMENT</u>**

 10. In determining whether a settlement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), <u>quoting</u> <u>In re GHR Cos.</u>, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be

accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

11. The Trustee believes that the Stipulation is in the best interest of the Estate. While the Trustee strongly believes in the merits of the claims against the Ellisons in the Adversary Proceedings, the Ellisons have denied the claims. In order for the Trustee to prevail on the fact-intensive claims against the Ellisons in the Adversary Proceedings, the Trustee would be required to expend considerable time and resources to bring this matter to a conclusion at trial in two separate proceedings. The Stipulation will provide an immediate material benefit to the Estate of the Settlement Amount and will stem further costs to litigate the Adversary Proceedings, including the costs to move forward with and defend substantive motions currently pending in the Adversary Proceedings.

12. Collectability of any judgment against the Ellisons was a substantial consideration for the Trustee in evaluating the appropriateness of this Stipulation. The Ellisons have provided confidential, attested financial information to the Trustee that shows that they have limited assets for the Trustee to recover any judgment from and none of the Ellisons assets are in Massachusetts. Specifically, the Ellisons have provided the following financial information that the Trustee relied on:

   a. Ms. Ellison is currently unemployed, but had been working as an hourly employee in a restaurant;

   b. Mr. Ellison is currently retired and not working;

   c. The Ellisons' home in Myrtle Beach has significant negative equity and commercial property owned by the Ellisons in Beckley, West Virginia has approximately $500,000.00 of equity behind a mortgage of approximately $1.4 million; and

   d. The Ellisons do not have any securities, retirement accounts or ownership interest in any business entities.

{Practice Areas/CORP/15008/14190/A2598798.DOC}                5

13. The Trustee has analyzed the Ellisons' attested financial statements and determined that the Ellisons have not disgorged or fraudulently transferred their assets in order to end up in their present financial condition.

14. In addition, the Ellisons owe debts to other parties (including taxes, real estate mortgages and credit card debt) that are presently outstanding in an amount in excess of $6 million. In addition, the Ellisons are the subject of claims for guaranty obligations that exceed $31 million in damages.

15. In light of the Ellisons' financial condition, the Settlement Amount is largely based on contributions from friends and family.

16. The Trustee believes that the Stipulation properly reflects the collectability of a judgment against the Ellisons. The Settlement Amount is appropriate since the cost of further litigating the Adversary Proceedings would be substantial and would result in a smaller net recovery for the Estate. As a result, the Trustee believes that the Stipulation is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement with Kay Ellison and Stanley Marshall Ellison (Re: Adversary Proceeding Nos. 14-04024 and 14-04026) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Jessica E. Murphy
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 12, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING STIPULATION OF SETTLEMENT WITH KAY ELLISON AND STANLEY MARSHALL ELLISON
(Re: Adversary Proceeding Nos. 14-04024 and 14-04026)

Upon the Motion to Approve Stipulation of Settlement with Kay Ellison and Stanley Marshall Ellison (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on June 12, 2014, seeking an order approving the Stipulation of Settlement with Kay Ellison and Stanley Marshall Ellison; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed; and

B. The Stipulation of Settlement with Kay Ellison and Stanley Marshall Ellison (Re: Adversary Proceeding Nos. 14-04024 and 14-04026), is approved.

Dated: _____    _____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge