UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,

    Debtor.

Chapter 7
Case No. 12-40944-MSH

Attached is a Settlement Agreement and Release of Claims (Re: Arrow Energy, Inc.).

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

    /s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: June 26, 2014

{Practice Areas/CORP/15008/14190/A2629417.DOC}

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (this "**Agreement**"), dated as of April 1, 2014, is between Arrow Energy, Inc. ("Arrow" "Creditor" and "Defendant in the Adversary Proceeding") and Joseph H. Baldiga ("Trustee") in his capacity as chapter 7 Trustee and for Southern Sky Air & Tours, LLC a/k/a Southern Sky Air & Tours, Inc. d/b/a Direct Air ("Debtor") (are all together the "**Parties to this Agreement**").

### RECITALS

A. On March 15, 2012 ("**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Massachusetts (Central Division) (the "**Bankruptcy Court**"), which docketed the petition under case number 12-40944-MSH (the "**Bankruptcy Case**").

B. On April 11, 2012 the Court converted the Debtor's Chapter 11 case to Chapter 7 of the Bankruptcy Code.

C. On March 12, 2014 the Trustee filed its complaint (the "**Complaint**") against the Defendant in the Bankruptcy Case, which the Bankruptcy Court docketed as Adversary Proceeding Number 14-04022 (the "**Adversary Proceeding**").

D. There is pending in the 17th Judicial Circuit of Florida in and for Broward County, Florida Case number 2010-48678 CACE within that action are separate garnishment actions against Debtor and against SunTrust Bank.

E. There is pending in the Fourth District Court of Appeal of Florida appeal 4D13-2842 filed by Trustee/Debtor.

F. The Parties have reached an agreement (subject to certain conditions and Bankruptcy Court approval) as more fully described below, which resolves all of the claims and causes of action that the Trustee asserted in the Complaint, or which the Trustee could have asserted against Arrow and the disputes in the Florida Appellate Court and in the Florida Trial Court.

The Parties to this Agreement therefore agree as follows:

### TERMS

1. **Condition to Effectiveness.** This Agreement will be effective in part upon being signed but is subject to an Order by the Bankruptcy Court which: (i) approves the terms of this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019; and (ii) states that, if the Approval Order is entered but subsequently appealed, modified, reconsidered, or vacated, that this Agreement shall terminate in accordance with its terms. The Trustee will file and provide notice of a motion to approve such an Approval Order in the manner required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local

Settlement Agreement Trustee/Southern Sky Air & Tours and Arrow Energy, Inc. P a g e | 1

Rules for the United States Bankruptcy Court for the District where the bankruptcy case was filed and other applicable law.

1.1 The Trustee/Debtor will use reasonable efforts to cause the Approval Order to be entered, and until such time, if ever, this Agreement is terminated according to its terms, Trustee/Debtor will not attempt to serve Creditor with the Adversary proceeding, will oppose and not seek or support entry of a Default against Creditor, Trustee/Debtor will not file any motion or proceeding against Creditor and Trustee/Debtor will seek to cause the clerk of the Bankruptcy Court to stay any of Creditor's deadlines in the Adversary Proceeding.

1.2 In the Appellate Case in the State of Florida, the Trustee/Debtor will not file any motions and will agree and consent to the enlargement of time so that Creditor need not respond to the Appellant Trustee/Debtor's appeal until such time, if ever, that this Agreement terminates of its own terms.

1.3 In the Circuit Court Case in the State of Florida, the Trustee/Debtor will not file any motions or schedule any hearings or consent to any hearings; and will agree and consent to the enlargement of deadlines or time so that Creditor need not attend hearings or respond to any motions until such time, if ever, that this Agreement terminates of its own terms.

1.4 The Parties to this Agreement agree any offer and any settlement is not an acknowledgement or admission that there is any merit to any of the other party's claims it is simply an attempt to end the litigation.

1.5 This settlement recognizes that Arrow's principal place of business is in Michigan and is not by entry into this Agreement consenting to jurisdiction in either the State of Massachusetts or the State of Florida and that Arrow is not consenting to jurisdiction in any forum and is under no circumstances required to make any appearance in the bankruptcy action or anywhere and Arrow. expressly reserves any objections it may have to jurisdiction and venue in the Bankruptcy Court or otherwise.

2. **Settlement**: Within ten (10) days of Creditor/Defendant being paid (the funds held by SunTrust Bank) by SunTrust Bank in Creditor/Debtor's garnishment against SunTrust Bank in the State of Florida Circuit Court action, Creditor/Debtor shall pay to Trustee/Debtor the total sum of $30,000.00 (the "Settlement Amount").

3. **Dismissal of Complaint**. Within five business days following the Bankruptcy Court's approval of this Settlement Agreement, this will be the "Effective Date," the Trustee will

   3.1 dismiss the referenced Bankruptcy Court Adversary Proceeding with prejudice and without costs

   3.2 dismiss the referenced State Court Appeal with prejudice and without costs.

   3.3 withdraw any motions pending in the State Court Circuit Court action.

4. **Mutual Release and Covenant Not to Sue.**

   Trustee's Release. On the Effective Date, the Trustee, on his behalf and on behalf of DEBTOR's bankruptcy estate, releases, acquits, and discharges **ARROW ENERGY, INC.** and all of its past and current officers, directors, employees, members, owners, agents, assigns, accountants, attorneys, legal representatives, divisions, parents, subsidiaries, affiliates, joint ventures, shareholders, trustees, successors, assigns, and representatives, from all claims, liabilities, demands, actions, causes of action, losses, damages, costs, expenses, rights, compensation, of whatever kind or nature, at law or in equity, foreseen or unforeseen, contingent or liquidated, matured or unmatured, known or unknown, that exist now, or have ever existed (the "**Trustee Released Claims**"). For clarity, the Trustee Released Claims include, without limitation, all of the claims that the Trustee asserted or could have asserted in the Complaint or in the Bankruptcy Case, including any claims under section 547 and 548 of the Bankruptcy Code. Notwithstanding the foregoing, the Trustee Released Claims do not include claims for breach of this Agreement. The Trustee represents and warrants that it has not sold, assigned, transferred, or conveyed any portion of any of the Trustee Released Claims and that it is the sole and exclusive owner of all Trustee Released Claims.

   ARROW ENERGY, INC.'s Release. On the Effective Date, Defendant in the Adversary Proceeding, **ARROW ENERGY, INC.** on behalf of itself and all of its officers, directors, employees, members, owners, agents, assigns, accountants, attorneys, legal representatives, divisions, parents, subsidiaries, affiliates, joint ventures, shareholders, trustees, successors, assigns, and representatives, hereby release, acquit, and discharge Trustee and his agents, assigns, accountants, attorneys, and representatives, DEBTOR and DEBTOR's estate in the Bankruptcy Case from all claims, liabilities, demands, actions, causes of action, losses, damages, costs, expenses, rights, compensation, of whatever kind or nature, at law or in equity, foreseen or unforeseen, contingent or liquidated, matured or unmatured, known or unknown, that exist now, or have ever existed (the "**Defendant's Released Claims**," and together with the Trustee Released Claims, the "**Released Claims**"). Notwithstanding the foregoing, the Defendant's Released Claims do not include claims for breach of this Agreement. The Defendant represents and warrants it has not sold, assigned, transferred, or conveyed any portion of any of the Defendant's Released Claims and that it is the sole and exclusive owner of all Defendant's Released Claims.

   4.1 Covenant Not to Sue. The Parties to this Agreement agree to not commence, aid, or participate in (except to the extent required by order or legal process issued by a court or governmental agency of competent jurisdiction without action, direct or indirect, by either of the Parties) any legal action or other proceeding based in whole or in part on the Released Claims (the "**Covenant Not To Sue**"). Any breach of the Covenant Not To Sue will be a breach of this Agreement and, in addition to all rights and remedies under this Agreement and applicable law, will obligate the breaching Party to pay the defending Party its reasonable attorneys' fees and expenses incurred in connection with defending such a lawsuit.

5. **General Terms.**

5.1    No Liability.  The Parties to this Agreement understand and agree that this Agreement, and the acts done and any payment made pursuant to this Agreement, are entered into and done solely to compromise disputed claims and shall not constitute, nor be construed as, an admission of liability by any Party.

5.2    Entire Agreement.  This Agreement, together with any agreements expressly incorporated into this Agreement and all recitals in this Agreement (which recitals are incorporated as covenants of the Parties), constitutes the entire understanding of the Parties to this Agreement in connection with the subject matter of this Agreement and supersedes all prior proposals, negotiations, representations, understandings, commitments, and agreements, whether oral or written, with regard to the subject matter and provisions of this Agreement.

5.3    Modification.  This Agreement may not be modified, altered, or amended except by an agreement in writing signed by each Party to this Agreement.

5.4    Authority.  Each of the representatives executing this Agreement on behalf of the Parties represents and warrants that he or she possesses the power and authority to execute this Agreement on behalf of the respective Parties and that this Agreement has been duly authorized by the Parties.

5.5    Successors and Assigns.  This Agreement and each of the Parties' obligations under this Agreement are binding on the Parties' respective successors and assigns, and together with the rights and remedies of the Parties under this Agreement, inure to the benefit of the Parties and their respective successors and assigns.

5.6    Counterparts.  This Agreement may be executed in any number of duplicate originals or counterparts, and each duplicate original or counterpart will be deemed an original and taken together will be one and the same instrument.  The Parties agree that their respective signatures may be electronically delivered, and that such electronic transmissions will be treated as originals for all purposes.

5.7    Governing Law.  This Agreement will be governed by and construed in accordance with Florida law, without regard to its conflict-of-law principles.

5.8    REPRESENTATIONS.  THE PARTIES ACKNOWLEDGE THAT THEY HAVE BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH COUNSEL AND BUSINESS ADVISORS OF THEIR CHOICE BEFORE EXECUTING THIS AGREEMENT AND ARE DOING SO WITHOUT DURESS, INTIMIDATION, OR COERCION AND WITHOUT RELIANCE UPON ANY REPRESENTATIONS, WARRANTIES, OR COMMITMENTS OTHER THAN THOSE REPRESENTATIONS, WARRANTIES, OR COMMITMENTS SET FORTH IN THIS AGREEMENT.

5.9    JURY TRIAL WAIVER.  THE PARTIES ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT THIS RIGHT MAY BE WAIVED.  THE PARTIES EACH KNOWINGLY,

VOLUNTARILY, AND WITHOUT DURESS, INTIMIDATION, OR COERCION, WAIVE ALL RIGHTS TO A TRIAL BY JURY OF ALL DISPUTES ARISING OUT OF OR IN RELATION TO THIS AGREEMENT OR ANY OTHER AGREEMENTS BETWEEN THE PARTIES EXECUTED IN CONNECTION WITH THIS AGREEMENT. NO PARTY WILL BE DEEMED TO HAVE RELINQUISHED THE BENEFIT OF THIS JURY-TRIAL WAIVER UNLESS THE RELINQUISHMENT IS IN A WRITTEN INSTRUMENT SIGNED BY THE PARTY TO WHICH THE RELINQUISHMENT WILL BE CHARGED.

The Parties hereto are signing this Agreement on the date stated in the introductory clause.

Arrow Energy, Inc.

By: _____
Name: Craig Faiman, as its President

Roger M. Dunetz, P.A.
As Arrow Energy, Inc.'s
Attorneys of Record in the Florida Actions

By: _____
Roger M. Dunetz, Esq.

Joseph H. Baldiga ("Trustee") in his capacity as chapter 7 trustee for Southern Sky Air & Tours, LLC ("Debtor")

By:_____
Joseph H. Baldiga, as Trustee

Milam Howard Nicandri Dees & Gillam, P.A.
AS TRUSTEE AND DEBTOR'S ATTORNEYS

By: _____
Robert M. Dees, Esq.

VOLUNTARILY, AND WITHOUT DURESS, INTIMIDATION, OR COERCION, WAIVE ALL RIGHTS TO A TRIAL BY JURY OF ALL DISPUTES ARISING OUT OF OR IN RELATION TO THIS AGREEMENT OR ANY OTHER AGREEMENTS BETWEEN THE PARTIES EXECUTED IN CONNECTION WITH THIS AGREEMENT. NO PARTY WILL BE DEEMED TO HAVE RELINQUISHED THE BENEFIT OF THIS JURY-TRIAL WAIVER UNLESS THE RELINQUISHMENT IS IN A WRITTEN INSTRUMENT SIGNED BY THE PARTY TO WHICH THE RELINQUISHMENT WILL BE CHARGED.

The Parties hereto are signing this Agreement on the date stated in the introductory clause.

Arrow Energy, Inc.

By: _____
Name: Craig Faiman, as its President

Roger M. Dunetz, P.A.
As Arrow Energy, Inc.'s
Attorneys of Record in the Florida Actions

By: _____
Roger M. Dunetz, Esq.

Joseph H. Baldiga ("Trustee") in his capacity as chapter 7 trustee for Southern Sky Air & Tours, LLC ("Debtor")

By: _____
Joseph H. Baldiga, as Trustee

Milam Howard Nicandri Dees & Gillam, P.A.
AS TRUSTEE AND DEBTOR'S ATTORNEYS

By: _____
Robert M. Dees, Esq.