UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>          Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
|---|---|

**MOTION TO APPROVE STIPULATION OF SETTLEMENT**
(Re: Complaint to Avoid and Recover Transfers to Beechwood Lakeland Hotel, LLC
a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn
a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Beechwood Lakeland Hotel, LLC a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk ("Hilton Garden Inn"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On March 10, 2014, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), 549 and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to Hilton Garden Inn during the 90 days prior to the Petition Date totaling at least $10,107.28 (the "Pre-Petition Transfers"), (II) avoid and recover certain post-petition transfers the Debtor made to Hilton Garden Inn totaling at least $9,260.13 (the "Post-Petition Transfers"; together with the Pre-Petition Transfers, the "Transfers"), and (III) disallow any and all claims Hilton Garden Inn may have against the Estate. The Trustee amended the Complaint on March 26, 2014 to reflect that the Pre-Petition Transfers were made for or on account of an antecedent debt owed by the Debtor to Hilton Garden Inn (the "Amended Complaint"; together with the Complaint, the "Complaints").

5. On April 10, 2014, Hilton Garden Inn filed an Answer to the Amended Complaint (the "Answer") denying all allegations in the Amended Complaint.

6. In addition to filing its Answer, Hilton Garden Inn contacted the Trustee informally and asserted defenses, including ordinary course and new value defenses. Hilton Garden Inn did not provide sufficient information to permit the Trustee to fully evaluate its asserted defenses. However, the Trustee has considered and assessed the costs of engaging in complete discovery and then bringing this matter to trial.

7. Based on his review of this matter and his analysis of the costs of bringing this matter to trial, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with

Hilton Garden Inn to resolve the Parties' dispute concerning the return of the above-described Transfers. Details regarding the Settlement Agreement are set forth below.

8. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement provides that, within seven (7) days of its execution, Hilton Garden Inn will pay $14,000.00 (the "Settlement Amount") to the Trustee as settlement of all allegations made in the Complaints and related to the Transfers. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the Settlement Agreement.

10. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving such Settlement Agreement (the "Final Order"), Hilton Garden Inn shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Hilton Garden Inn's payment of the Settlement Amount.

11. Further, upon the later of (a) entry of the Final Order and (b) receipt of the Settlement Amount, the Trustee shall be deemed to have released Hilton Garden Inn, and its respective representatives, attorneys, agents, or assigns, from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaints. The Trustee reserves the right to object to any claims filed by or on behalf of Hilton Garden Inn for any reason.

12. In the Settlement Agreement, Hilton Garden Inn acknowledges that it has not received any other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaints.

13. Finally, the Settlement Agreement also provides that the Trustee shall cause dismissal of the Adversary Proceeding, with prejudice, after entry of the Final Order.

### III. REASONABLENESS OF THE SETTLEMENT

14. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

15. The Trustee has determined that the Settlement Agreement considers the likely strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation. As previously noted, as part of his analysis of this settlement, the Trustee has considered and assessed the costs of completing discovery and bringing this matter to trial. The amount paid by Hilton Garden Inn

pursuant to the Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will result in an immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Complaint to Avoid and Recover Transfers) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_/s/ Gina Barbieri O'Neil_
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: August 20, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Transfers to Beechwood Lakeland Hotel, LLC
a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn
Lakeland a/k/a Hilton Garden Front Desk)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on August 20, 2014, for an order approving the Stipulation of Settlement with Beechwood Lakeland Hotel, LLC a/k/a Beechwood Lkld Hotel, LLC a/k/a Hilton Garden Inn a/k/a Hilton Garden Inn Lakeland a/k/a Hilton Garden Front Desk; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Complaint to Avoid and Recover Transfers) is approved.

Dated:_____, 2014      _____
                                      Honorable Melvin S. Hoffman
                                      United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2644407.DOC}