UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>Plaintiff,<br><br>v.<br><br>MIAMI AIR INTERNATIONAL, INC. a/k/a MIAMI AIRLINES,<br>Defendant. | Adversary Proceeding<br>No. 13-04100 |

## STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Preferential Transfers)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Miami Air International, Inc. a/k/a Miami Airlines (via counsel) ("Miami Air"; together with the Trustee, the "Parties"), the defendant in Adversary Proceeding No. 13-04100 pending before this Court (the "Adversary Proceeding"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. On November 19, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to Miami Air during the 90 days prior to the Petition Date totaling at least $390,933.84, and (II) disallow any and all claims Miami Air may have against the Estate. The Trustee subsequently identified an additional transfer made to Miami Air during the 90 days prior to the Petition Date totaling $237,923.00, for total transfers of $628,856.84 (the "Transfers").

5. On December 20, 2013, Miami Air filed an Answer to the Complaint (the "Answer") denying, in part, and admitting, in part, the allegations in the Complaint and requesting that the Complaint be dismissed with prejudice. In its Answer, Miami Air asserted contemporaneous exchange, ordinary course, and new value defenses. It also argued that the funds constituting the Transfers were not property of the Debtor.

6. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. Miami Air agrees to pay the Trustee the sum of $83,537.94 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Miami Air made in the Complaint and related to the Adversary Proceeding or which could have been

raised in the Adversary Proceeding. Miami Air shall pay the Settlement Amount to the Trustee within ten (10) days after the execution of this Stipulation. The Settlement Amount shall be paid by check payable to "Joseph H. Baldiga, Chapter 7 Trustee of Southern Sky Air & Tours d/b/a Direct Air" and delivered to the Trustee's undersigned counsel. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

  B. In exchange for receipt of final payment of the Settlement Amount, the Trustee hereby fully, completely, and forever releases and discharges Miami Air and its stakeholders, directors, officers, agents, representatives, employees (current and former), attorneys, heirs, successors, assigns and executors, insurers, insurers' reinsurers, and administrators from and against any and all types of actions, of whatever name or nature, past, present and future losses, claims, liabilities, responsibilities, demands, obligations, actions, causes of action, derivative causes of action, third party claims, cross claims, counterclaims, rights, judgments, interest, damages, compensation of any kind, liens, expenses (including attorney's fees and costs), suits, debts, sums of money, covenants, contracts, controversies, and claims whatsoever, in law or in equity, whether based in statute, tort, contract, extra-contractual theories, or any other theories in law or equity, whether known or unknown, whether discovered or undiscovered, whether fixed or contingent, which arise out of or relate to the Adversary Proceeding or that could have been raised in the Adversary Proceeding.

  C. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Miami Air shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, arising out of or relating to the Adversary Proceeding or that could have been raised in the Adversary Proceeding, except for any claim arising under Bankruptcy

{Practice Areas/CORP/15008/14190/A2698937.DOCX}    3

Code § 502(h) from Miami Air's payment of the Settlement Amount, provided that Miami Air files a proof of claim evidencing any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed $83,537.94. Any § 502(h) claim not timely filed by Miami Air shall be deemed to have been waived.

    D. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Miami Air, and its respective representatives, attorneys, agents, or assigns, from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee agrees to waive his right to object to any proof of claim filed by Miami Air within 30 days of the Final Order on account of Miami Air's payment of the Settlement Amount under Bankruptcy Code § 502(h). However, the Trustee reserves the right to object to any other claims filed by or on behalf of Miami Air for any reason.

    E. Miami Air acknowledges that Miami Air received no other payments from or on behalf of the Debtor within ninety (90) days prior to the Petition Date other than the Transfers. Miami Air acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

    F. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding with prejudice, or otherwise cause the dismissal of such Adversary Proceeding with prejudice.

      G.    This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| MIAMI AIR INTERNATIONAL, INC. a/k/a MIAMI AIRLINES, | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| By its counsel, | By his counsel, |
| _/s/ Carlos L. de Zayas_ | _/s/ Gina O'Neil_ |
| Carlos L. de Zayas | Joseph H. Baldiga, BBO #549963 |
| Florida Bar No. 198617 | Gina Barbieri O'Neil, BBO #670596 |
| LYDECKER / DIAZ | Mirick, O'Connell, DeMallie & Lougee, LLP |
| 1221 Brickell Ave., 19th Floor | 1800 West Park Drive, Suite 400 |
| Miami, FL 33131 | Westborough, MA 01581 |
| Phone: (305) 416-3180 | Phone: 508.898.1501 |
| Fax: (305) 416-3190 | Fax: 508.898.1502 |
| Email: cdz@lydeckerdiaz.com | Email: bankrupt@mirickoconnell.com |
| | Email: goneil@mirickoconnell.com |
| Dated: September 16, 2014 | Dated: September 18, 2014 |