UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>   Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT
### (Re: Complaint to Avoid and Recover Preferential Transfers to Miami Air International, Inc. a/k/a Miami Airlines)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Miami Air International, Inc. a/k/a Miami Airlines ("Miami air"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

## I.    BACKGROUND

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.    On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.    On November 19, 2013, the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), and 550 to, among other things, (I) avoid and recover certain pre-petition transfers the Debtor made to Miami Air during the 90 days prior to the Petition Date totaling at least $390,933.84, and (II) disallow any and all claims Miami Air may have against the Estate.  The Trustee subsequently identified an additional transfer made to Miami Air during the 90 days prior to the Petition Date totaling $237,923.00, for total transfers of $628,856.84 (the "Transfers").

5.    On December 20, 2013, Miami Air filed an Answer to the Complaint (the "Answer") denying, in part, and admitting, in part, the allegations in the Complaint and requesting that the Complaint be dismissed with prejudice.  In its Answer, Miami Air asserted contemporaneous exchange, ordinary course, and new value defenses.  It also argued that the funds constituting the Transfers were not property of the Debtor.

6.    The Parties then exchanged multiple substantive communications regarding the factual basis for the Trustee's assertions and Miami Air's defenses.  Through formal discovery and informal negotiations, Miami Air provided substantial backup documentation in support of its defenses and, in particular, its new value defense.

7.    Based on his review of this matter, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with Miami Air to resolve the Parties' dispute concerning the return of the above-described Transfers.  Details regarding the Settlement Agreement are set forth below.

8.    The Settlement Agreement is subject to Bankruptcy Court approval pursuant to

MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.    SUMMARY OF THE SETTLEMENT AGREEMENT

9.    The Settlement Agreement provides that Miami Air will pay $83,537.94 (the

"Settlement Amount") to the Trustee as settlement of all allegations made in the Complaint and

related to the Adversary Proceeding or which could have been raised in the Adversary

Proceeding.  The Trustee has received the Settlement Amount from Miami Air and will hold the

Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving the

Settlement Agreement.

10.    The Settlement Agreement provides that, in exchange for receipt of final payment

of the Settlement Amount, the Trustee fully, completely, and forever releases and discharges

Miami Air and its stakeholders, directors, officers, agents, representatives, employees (current

and former), attorneys, heirs, successors, assigns and executors, insurers, insurers' reinsurers,

and administrators from and against any and all types of actions, of whatever name or nature,

past, present and future losses, claims, liabilities, responsibilities, demands, obligations, actions,

causes of action, derivative causes of action, third party claims, cross claims, counterclaims,

rights, judgments, interest, damages, compensation of any kind, liens, expenses (including

attorney's fees and costs), suits, debts, sums of money, covenants, contracts, controversies, and

claims whatsoever, in law or in equity, whether based in statute, tort, contract, extra-contractual

theories, or any other theories in law or equity, whether known or unknown, whether discovered

or undiscovered, whether fixed or contingent, which arise out of or relate to the Adversary

Proceeding or that could have been raised in the Adversary Proceeding.

11.    The Settlement Agreement also provides that, upon entry of the Bankruptcy

Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving such

Settlement Agreement (the "Final Order"), Miami Air shall be deemed to have released and

discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any

and all claims and/or counterclaims of any type or nature, whether known or unknown, arising

out of or relating to the Adversary Proceeding or that could have been raised in the Adversary

Proceeding, except for any claim arising under Bankruptcy Code § 502(h) from Miami Air's

payment of the Settlement Amount, provided that Miami Air files a proof of claim evidencing

any such § 502(h) claim within 30 days of entry of the Final Order, in an amount not to exceed

$83,537.94.  Any § 502(h) claim not timely filed by Miami Air shall be deemed to have been

waived.

12.    In the Settlement Agreement, Miami Air acknowledges that it has not received

any other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date,

other than the Transfers.

13.    Finally, the Settlement Agreement also provides that the Trustee shall cause

dismissal of the Adversary Proceeding, with prejudice, after entry of the Final Order.

## III.    REASONABLENESS OF THE SETTLEMENT

14.    In determining whether a settlement agreement should be approved, a bankruptcy

court should "assess and balance the value of the claim that is being compromised against the

value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d

183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985)

(additional citation omitted).  The Trustee's judgment as to the propriety of the proposed

settlement is to be accorded some deference.  Hill v. Burdick (In re Moorhead Corp.), 208 B.R.
87, 89 (1st Cir. BAP 1997).

15.    The Trustee has determined that the Settlement Agreement considers the likely
strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and
defenses are described above.  As a result, the Trustee believes that the Settlement Agreement is
fair and equitable.

16.    In addition, the Trustee has determined that the Settlement Agreement stems the
legal costs and expenses which would otherwise be incurred through litigation.  As part of his
analysis of this settlement, the Trustee has considered and assessed the costs of completing
discovery and bringing this matter to trial.  The amount paid by Miami Air pursuant to the
Settlement Agreement is appropriate since the cost of further litigation would be substantial and
could result in a smaller net recovery for the Estate.

17.    The Trustee further states that the Settlement Agreement will result in an
immediate material benefit to the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.    Approving the Stipulation of Settlement (Re: Complaint to Avoid and
Recover Preferential Transfers) as it is in the best interest of the Estate;
and

B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  September 19, 2014

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

      **Debtor.**

**Chapter 7
Case No. 12-40944-MSH**

### ORDER APPROVING STIPULATION OF SETTLEMENT
### (Re: Complaint to Avoid and Recover Preferential Transfers to Miami Air
### International, Inc. a/k/a Miami Airlines)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H.

Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on September 19,

2014, for an order approving the Stipulation of Settlement with Miami Air International, Inc.

a/k/a Miami Airlines; and the Court finding that the Motion is in the best interest of the estate;

and no objection to the Motion having been filed or any such objection having been withdrawn

or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.    The Motion is allowed; and

B.    The Stipulation of Settlement (Re: Complaint to Avoid and Recover Preferential
       Transfers) is approved.

Dated:_____, 2014

                _____
                Honorable Melvin S. Hoffman
                United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2679038.DOC}