# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>        **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## STIPULATION OF SETTLEMENT
### (Re: Prepetition Transfers to TEM Enterprises d/b/a Xtra Airways)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and TEM Enterprises d/b/a Xtra Airways ("Xtra Air"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

## FACTUAL BACKGROUND

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4.      On or about August 28, 2012, the Trustee made demand (the "Demand") on Xtra Air for the return of transfers in the amount of $4,169,398.15 made by the Debtor to Xtra Air within 90 days prior to the Petition Date (the "Transfers").

Document     Page 2 of 4

5.      Xtra Air responded to the demand and asserted, among other defenses; a new value defense and an ordinary course of business defense. Xtra Air provided substantial documentation in support of its defenses, and the Parties engaged in extensive negotiations regarding the Trustee's claims.

6.      On June 4, 2014, Xtra Air filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, commencing Case No. 14-13955-abi (the "Xtra Air Bankruptcy Case").

7.      On August 25, 2014, Xtra Air filed a Disclosure Statement in the Xtra Air Bankruptcy Case in which it described the Trustee's claim as follows:

> ... Although the amount in controversy was alleged in excess of
> $4,000,000.00, the Chapter 7 trustee was willing to accept
> $65,000.00, pre-petition, to settle this claim, likely because the
> [Xtra Air debtor] has substantial defenses (assuming the amount in
> controversy satisfies the elements of a preference). The lawsuit
> has not yet been filed; however, [Xtra Air] anticipates that it will
> be capable of settling this claim for substantially less than the full
> amount asserted. If so, upon reaching an agreement, [Xtra Air]
> will request approval from the [Nevada Bankruptcy Court]
> pursuant to Bankruptcy Rule 9019. Alternatively, [Xtra Air] will
> file an objection to the claim pursuant to the Plan.

8.      The Parties continued to engage in negotiations after the filing of the Xtra Air Bankruptcy Case and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A.      Xtra Air agrees that the Trustee shall have an allowed general unsecured claim in the Xtra Air Bankruptcy Case in the amount of $65,000.00 (the "Settlement Claim"), in full satisfaction of any and all of the Trustee's claims against Xtra Air made in the Demand and related to the Transfers.  The Trustee has filed a proof of claim evidencing the Settlement Claim in the Xtra Air Bankruptcy Case.

B.      Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Xtra Air, on behalf of itself, its estate, and its estate fiduciaries, shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown.

C.      Upon entry of the Final Order, the Trustee shall be deemed to have released Xtra Air, and its respective representatives, attorneys, agents, or assigns, from any and all claims or obligations made in the Demand or related to the Transfers except for the Settlement Claim.

D.    This Stipulation is subject to Bankruptcy Court approval pursuant to

MLBR 9019-1.  Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

TEM ENTERPRISES D/B/A XTRA                  JOSEPH H. BALDIGA,
AIRWAYS                                     CHAPTER 7 TRUSTEE

By its counsel,                             By his counsel,


Ryan J. Works, Esq.                         Joseph H. Baldiga, BBO #549963
McDonald Carano Wilson, LLP                 Gina Barbieri O'Neil, BBO #670596
2300 West Sahara Avenue, Suite 1200         Mirick, O'Connell, DeMallie & Lougee, LLP
Las Vegas, NV 89102                         1800 West Park Drive, Suite 400
Phone:  702.257.4507                        Westborough, MA  01581
Fax:    702.873.9966                        Phone: 508.898.1501
Email:  rworks@mcdonaldcarano.com           Fax:    508.898.1502
                                            Email:  bankrupt@mirickoconnell.com
                                            Email:  goneil@mirickoconnell.com


Dated:  September 24, 2014                   Dated: September 25 2014