# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT
### (Re: Prepetition Transfers to TEM Enterprises d/b/a Xtra Airways)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and TEM Enterprises d/b/a Xtra Airways ("Xtra Air"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

### I.     BACKGROUND

1.     On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.     On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. On or about August 28, 2012, the Trustee made demand (the "Demand") on Xtra Air for the return of transfers in the amount of $4,169,398.15 made by the Debtor to Xtra Air within 90 days of the Petition Date (the "Transfers").

5. Xtra Air responded to the demand and asserted, among other defenses, a new value defense and an ordinary course of business defense. Xtra Air provided substantial documentation in support of its defenses, both as part of its initial response and also in response to the Trustee's follow-up requests for information.

6. The Parties also engaged in extensive negotiations regarding the Trustee's claims, and entered into two Tolling Agreements to enable them to continue their negotiations after the expiration of the applicable statute of limitations in the Debtor's bankruptcy case.

7. On June 4, 2014, Xtra Air filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, commencing Case No. 14-13955-abi (the "Xtra Air Bankruptcy Case"). Pursuant to Bankruptcy Code § 362, the filing of the Xtra Air Bankruptcy Case acts as an automatic stay, preventing the Trustee from filing a Complaint against Xtra Air to recover the Transfers.

8. On August 25, 2014, Xtra Air filed a Disclosure Statement in the Xtra Air Bankruptcy Case in which it described the Trustee's claim as follows:

> … Although the amount in controversy was alleged in excess of $4,000,000.00, the Chapter 7 trustee was willing to accept $65,000.00, pre-petition, to settle this claim, likely because the [Xtra Air debtor] has substantial defenses (assuming the amount in controversy satisfies the elements of a preference). The lawsuit has not yet been filed; however, [Xtra Air] anticipates that it will be capable of settling this claim for substantially less than the full amount asserted. If so, upon reaching an agreement, [Xtra Air]

> will request approval from the [Nevada Bankruptcy Court] pursuant to Bankruptcy Rule 9019. Alternatively, [Xtra Air] will file an objection to the claim pursuant to the Plan.

Also in its Disclosure Statement, Xtra Air estimates that general unsecured creditors will receive distributions of approximately 5.9% of their claims.[1]

9. The Parties continued to engage in negotiations after the filing of the Xtra Air Bankruptcy Case and now wish to consensually resolve all of the disputes and claims between them.

10. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.    SUMMARY OF THE SETTLEMENT AGREEMENT

11. The Settlement Agreement provides that the Trustee shall have an allowed general unsecured claim in the Xtra Air Bankruptcy Case in the amount of $65,000.00 (the "Settlement Claim") as settlement of all allegations made in the Demand and related to the Transfers. The Trustee has filed a proof of claim evidencing the Settlement Claim in the Xtra Air Bankruptcy Case.

12. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving such Settlement Agreement (the "Final Order"), Xtra Air, on behalf of itself, its estate, and its estate fiduciaries, shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown.

---

[1] Counsel to Xtra Air has since informed the Trustee that the estimated distribution is now likely to change due to the recent discovery of unanticipated claims.

13. Further, upon entry of the Final Order, the Trustee shall be deemed to have released Xtra Air, and its respective representatives, attorneys, agents, or assigns, from any and all claims or obligations made in the Demand or related to the Transfers, <u>except for</u> the Settlement Claim.

### III. <u>REASONABLENESS OF THE SETTLEMENT</u>

14. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), <u>quoting</u> In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. <u>Hill v. Burdick (In re Moorhead Corp.)</u>, 208 B.R. 87, 89 (1st Cir. BAP 1997).

15. The Trustee has determined that the Settlement Agreement considers the strengths and weaknesses of the claims and defenses of each of the Parties, as such claims and defenses are described above. Specifically, Xtra Air provided the Trustee with substantial documentation demonstrating that Xtra Air has significant new value defenses. Xtra Air also provided rational arguments regarding the application of an ordinary course of business defense. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

16. In addition, the Trustee has determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through a claim objection or adversary proceeding in the Xtra Air Bankruptcy Case. Notably, the Trustee has limited options regarding pursuit of recovery of the Transfers due to the Xtra Air Bankruptcy Case and the

associated automatic stay. The Settlement Agreement is appropriate since the cost of further litigation would be substantial and could result in a smaller net recovery for the Estate.

17. The Trustee further states that the Settlement Agreement will likely result in a material benefit to the Estate (in the form of an estimated 5.9% distribution on account of the Settlement Claim, although that estimate could change) upon confirmation of Xtra Air's plan of reorganization, once Xtra Air's claim distribution process occurs.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Prepetition Transfers to TEM Enterprises d/b/a Xtra Airways) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: September 26, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>　　　　Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Prepetition Transfers to TEM Enterprises d/b/a Xtra Airways)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on September 26, 2014, for an order approving the Stipulation of Settlement with TEM Enterprises d/b/a Xtra Airways; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.　　The Motion is allowed; and

B.　　The Stipulation of Settlement (Re: Prepetition Transfers to TEM Enterprises d/b/a Xtra Airways) is approved.

Dated:_____, 2014　　　　_____
　　　　　　　　　　　　　　　　　　　　　Honorable Melvin S. Hoffman
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2704048.DOC[Ver:2]}