UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>ROBERT KEILMAN,<br>    Defendant. | Adversary Proceeding<br>No. 14-04023 |

## STIPULATION OF SETTLEMENT

The plaintiff, Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), the defendant, Robert Keilman ("Mr. Keilman"), and Maureen Keilman ("Mrs. Keilman") enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

{Practice Areas/CORP/15008/14190/A2720741.DOC}

3.   On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4.   After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79 (the "Shortfall").

5.   Based on his Report, on March 13, 2014, the Trustee initiated this Adversary Proceeding by filing a Verified Complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims against Mr. Keilman for his conduct causing the Shortfall, his breach of duty to the Debtor and to avoid and recover certain pre-petition transfers totaling at least $841,757.68 that the Debtor made to Mr. Keilman (the "Claims").

6.   The Trustee has asserted he may seek to recover any judgment against Mr. Keilman on the Claims against certain assets of Mr. Keilman and/or Mrs. Keilman.

7.   Mr. Keilman denies the Claims and substantially all allegations in the Complaint. Mr. Keilman and Mrs. Keilman further deny that any assets of Mrs. Keilman would be available to the Trustee to satisfy any judgment that may enter against Mr. Keilman.

8.   The Trustee and Mr. Keilman have engaged in extended settlement negotiations and now wish to consensually resolve all of the disputes and claims between them.

## **STIPULATION**

NOW THEREFORE, for good and valuable consideration, the Trustee, Mr. Keilman and Mrs. Keilman hereby stipulate and agree that:

A.  All financial information provided by or on behalf of Mr. Keilman and Mrs. Keilman (together, the "Keilmans") is, and remains as of the date of execution of this Stipulation, a complete and accurate accounting of the assets and liabilities of the Keilmans, subject to ordinary income, investment results, living expenses, attorneys' and other defense expenses, and settlement expenses since the dates of the actual disclosures as further described to the Trustee. Mrs. Keilman attests that she is not insolvent and will not be made insolvent by payment of the Settlement Amount as described below.

B.  In full satisfaction of the Keilmans' obligations to the Estate, Mrs. Keilman shall pay the Trustee $250,000.00 (the "Settlement Amount") by wire within four (4) business days of the Bankruptcy Court's order approving this Stipulation (the "Approval Order") becoming "final" (i.e., no longer subject to appeal, stay or reconsideration) (the "Final Order"). The Settlement Amount will be paid exclusively from Mrs. Keilman's assets.

C.  Upon a Final Order, Mr. Keilman and Mrs. Keilman shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including without limitation any claim arising under Bankruptcy Code § 502(h) from the payment of the Settlement Amount and any proof of claim filed by Mr. Keilman in the Debtor's bankruptcy case. Nothing herein shall impair any rights Mr. Keilman or Mrs. Keilman may have to indemnification or contribution from any entity other than the Trustee or the Estate.

D.  Upon a Final Order and the Trustee's receipt of payment of the Settlement Amount, the Trustee and the Estate shall be deemed to have released and discharged Mr. Keilman, Mrs. Keilman, their heirs, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including without limitation the Claims and any claim arising under Bankruptcy Code or that was, or could have been, brought in the Adversary Proceeding. Nothing herein shall impair any rights the Trustee or the Estate may have to indemnification or contribution from any other entity.

E.  Within four (4) business days of the receipt of the Settlement Amount, the Trustee shall report such receipt to the Court and submit the Order Dissolving TRO and Dismissing Adversary Proceeding in the form attached hereto as **Exhibit A**.

F.  Mr. Keilman agrees to reasonably cooperate with the Trustee in providing testimony, information, and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding Adversary Proceedings at the Estate's sole expense.

G.  The Trustee agrees to reasonably cooperate with Mr. Keilman in providing access to information and consent for Mr. Keilman to access information concerning the Debtor's tax liability to the IRS at Mr. Keilman's sole expense, including the Trustee's execution and delivery to Mr. Keilman's counsel of a Power of Attorney and Declaration of Representative, IRS Form 2824 in the form attached hereto as **Exhibit B**, within four (4) days after the Trustee's receipt of the Settlement Amount. Mr. Keilman is not authorized to take any action or sign any agreements on behalf of the Debtor, the Estate or the Trustee in connection with the IRS.

G.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

ROBERT KEILMAN

By his counsel,

/s/ David B. Madoff

David B. Madoff, Esq. BBO #
Madoff & Khoury, LLP
124 Washington Street
Suite 202
Foxborough, MA 02035
Phone: (508) 543-0040
Fax:    (508) 543-0020
Email: madoff@mandkllp.com

Dated: September ____, 2014

/s/ Robert Keilman
ROBERT KEILMAN, INDIVIDUALLY

Dated: October __, 2014

/s/ Maureen Keilman
MAUREEN KEILMAN, INDIVIDUALLY

Dated: October 22, 2014

CHAPTER 7 TRUSTEE

By his counsel,

Jessica E. Murphy, Esq. BBO #664361
Gina Barbieri O'Neil, Esq. BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Dated: September ____, 2014

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE
Dated: October ____, 2014

{Practice Areas/CORP/15008/14190/A2720741.DOC}    5

Respectfully submitted,

ROBERT KEILMAN

By his counsel,

_____
David B. Madoff, Esq. BBO #
Madoff & Khoury, LLP
124 Washington Street
Suite 202
Foxborough, MA 02035
Phone: (508) 543-0040
Fax:     (508) 543-0020
Email: madoff@mandkllp.com

Dated:  September _____, 2014

_____
ROBERT KEILMAN, INDIVIDUALLY

Dated:  October _____, 2014

_____
MAUREEN KEILMAN, INDIVIDUALLY

Dated:  October _____, 2014

Respectfully submitted,
JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_/s/ Gina O'Neil_____
Jessica E. Murphy, Esq. BBO #664361
Gina Barbieri O'Neil, Esq. BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Dated: ~~September~~ 23, 2014
        October

_____
JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE
Dated: October 23, 2014

{Practice Areas/CORP/15008/14190/A2720741.DOC}        5

# EXHIBIT A

Exhibit A to Stipulation of Settlement

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>ROBERT KEILMAN,<br>    Defendant. | Adversary Proceeding<br>No. 14-04023 |

## ORDER DISSOLVING TRO AND DISMISSING ADVERSARY PROCEEDING

Pursuant to the Stipulation of Settlement between plaintiff, Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and defendant Robert E. Keilman (Dkt. __), the Order Approving Settlement (Dkt. __ ), and the receipt by the Trustee of the Settlement Amount,

IT IS HEREBY ORDERED:

1. The temporary restraining order established by the Order Authorizing Temporary Restraining Order (Dkt 9) is dissolved.

2. The releases provided by the Stipulation of Settlement are effective.

{Practice Areas/CORP/15008/14190/A2720741.DOC}

    3. This Adversary Proceeding is dismissed with prejudice.

Dated: _____

                                            Honorable Melvin S. Hoffman
                                            United States Bankruptcy Judge

# EXHIBIT B

| Form **2848** (Rev. July 2014) Department of the Treasury Internal Revenue Service | **Power of Attorney and Declaration of Representative** ▶ Information about Form 2848 and its instructions is at *www.irs.gov/form2848*. | OMB No. 1545-0150 **For IRS Use Only** Received by: Name _____ Telephone _____ Function _____ Date __/__/__ |
|---|---|---|

### Part I  Power of Attorney

**Caution:** *A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1  Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address<br>SOUTHERN SKY AIR & TOURS, LLC D/B/A DIRECT AIR<br>C/O Joseph H. Baldiga, Chapter 7 Trustee<br>1800 West Park Drive<br>Westborough, MA 01581 | Taxpayer identification number(s)<br>30-0586189 |
|---|---|
| | Daytime telephone number   Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

| Name and address<br>Stuart M. Schabes, Ober, Kaler, Grimes & Shriver<br>100 Light Street<br>Baltimore, MD 21202<br>**Check if to be sent copies of notices and communications** ☑ | CAF No.   3205-20451R<br>PTIN   P01265979<br>Telephone No.   410-347-7696<br>Fax No.   443-263-4196<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
|---|---|
| Name and address<br>Ray N. Weinstein, Ober, Kaler, Grimes & Shriver<br>100 Light Street<br>Baltimore, MD 21202<br>**Check if to be sent copies of notices and communications** ☑ | CAF No.   2605-77268R<br>PTIN   P01213281<br>Telephone No.   410-347-7696<br>Fax No.   443-263-4196<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address<br>Seth Kossman, Ober, Kaler, Grimes & Shriver<br>100 Light Street<br>Baltimore, MD 21202<br>(Note. IRS sends notices and communications to only two representatives.) | CAF No.   0100-58775R<br>PTIN   P00443579<br>Telephone No.   410-347-7696<br>Fax No.   443-263-4196<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |
| Name and address<br>Timothy R. Wagner, Ober, Kaler, Grimes & Shriver<br>100 Light Street<br>Baltimore, MD 21202<br>(Note. IRS sends notices and communications to only two representatives.) | CAF No.   0308-43182R<br>PTIN   P01592315<br>Telephone No.   410-347-7696<br>Fax No.   443-263-4196<br>Check if new: Address ☐  Telephone No. ☐  Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3  Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| **Excise** | 720 | 2007 - 2012 |
| | | |
| | | |

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific Use Not Recorded on CAF** . . . . . . . . . . . . . . . . . ▶ ☐

**5a Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):

☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____

☑ Other acts authorized: <u>disclose information to potentially responsible persons and their professional advisers</u>

---

**For Privacy Act and Paperwork Reduction Act Notice, see the instructions.**    Cat. No. 11980J    Form **2848** (Rev. 7-2014)

Form 2848 (Rev. 7-2014) Page **2**

**b Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): <u>sign any agreements, returns, consents, or similar documents or do any act beyond accessing, receiving copies of, and disclosing information.</u>

**6 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7 Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| Print Name | | Print name of taxpayer from line 1 if other than individual |

### Part II  Declaration of Representative

Under penalties of perjury, by my signature below I declare that:
- I am not currently suspended or disbarred from practice before the Internal Revenue Service;
- I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
- I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
- I am one of the following:
  a  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  b  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  c  Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.
  d  Officer—a bona fide officer of the taxpayer organization.
  e  Full-Time Employee—a full-time employee of the taxpayer.
  f  Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
  g  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
  h  Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation h).
  i  Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation i).
  k  Student Attorney or CPA—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.
  r  Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.** See the instructions for Part II.

**Note.** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation— Insert above letter (a–r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a | MD | 918886307 | | |
| c | 00059735-EA | | | |
| a | MD | 916139399 | | |
| a | MD | 822438851 | | |

Form **2848** (Rev. 7-2014)