UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT WITH ROBERT KEILMAN
(Re: Adversary Proceeding No. 14-04023)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Stipulation") entered into by and between the Trustee and Robert Keilman ("Mr. Keilman").

In support of this motion, the Trustee states as follows:

### I.    BACKGROUND

**A.    Bankruptcy Case Background**

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor ceased operations of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations. By

{Practice Areas/CORP/15008/14190/A2664713.DOC[Ver:3]}

the time of these actions, the Debtor had previously accepted flight reservations from thousands of customers who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to the cancellations and the Debtor's cessation of operations.

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee secured assets and records of the Debtor and investigated the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

**B.  The Complaint**

5. After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79.

6. Based on his Report, on March 13, 2014, the Trustee initiated several adversary proceedings against the Debtor's managers. The Trustee filed a Verified Complaint commencing this Adversary Proceeding (No. 14-04023) against Mr. Keilman pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, S.C. Code §33-8-420 and S.C. Code §33-44-409, to pursue claims against Mr. Keilman for his conduct causing the shortfall, his breach of duty to the Debtor and to avoid and recover certain pre-petition transfers totaling at least $841,757.68 that the Debtor made to Mr. Keilman (the "Claims").

7. The Trustee has asserted he may seek to recover any judgment against Mr. Keilman on the Claims against certain assets of Mr. Keilman and his spouse, Maureen Keilman ("Mrs. Keilman").

8. Mr. Keilman denies the Claims and substantially all allegations in the Complaint. Mr. Keilman and Mrs. Keilman (together, the "Keilmans") further deny that any assets of Mrs. Keilman would be available to the Trustee to satisfy any judgment that may enter against Mr. Keilman.

## II. SUMMARY OF THE STIPULATION OF SETTLEMENT[1]

9. As set forth more fully in the Stipulation, the Trust and Mr. Keilman (the "Parties") agree as follows:

a. In full satisfaction of the Keilmans' obligations to the Estate, Mrs. Keilman shall pay the Trustee $250,000.00 (the "Settlement Amount") by wire within four (4) business days of the Bankruptcy Court's order approving this Stipulation (the "Approval Order") becoming "final" (i.e., no longer subject to appeal, stay or reconsideration) (the "Final Order"). The Settlement Amount will be paid exclusively from Mrs. Keilman's assets.

b. Upon a Final Order, Mr. Keilman and Mrs. Keilman shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including without limitation any claim arising under Bankruptcy Code § 502(h) from the payment of the Settlement Amount and any proof of claim filed by Mr. Keilman in the Debtor's bankruptcy case. Nothing herein shall impair any rights Mr. Keilman or Mrs. Keilman may have to indemnification or contribution from any entity other than the Trustee or the Estate.

---

[1] This is a summary only. Parties wishing to review the full terms of the settlement should carefully review the Stipulation filed herewith.

c.  Upon a Final Order and the Trustee's receipt of payment of the Settlement Amount, the Trustee and the Estate shall be deemed to have released and discharged Mr. Keilman, Mrs. Keilman, their heirs, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including without limitation the Claims and any claim arising under Bankruptcy Code or that was, or could have been, brought in the Adversary Proceeding. Nothing herein shall impair any rights the Trustee or the Estate may have to indemnification or contribution from any other entity.

d.  Within four (4) business days of the receipt of the Settlement Amount, the Trustee shall report such receipt to the Court and submit an Order Dissolving TRO and Dismissing Adversary Proceeding.

e.  Mr. Keilman agrees to reasonably cooperate with the Trustee in providing testimony, information, and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding Adversary Proceedings at the Estate's sole expense.

f.  The Trustee agrees to reasonably cooperate with Mr. Keilman in providing access to information and consent for Mr. Keilman to access information concerning the Debtor's tax liability to the IRS at Mr. Keilman's sole expense.

### III. REASONABLENESS OF THE STIPULATION OF SETTLEMENT

10. In determining whether a settlement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

11. The Trustee believes that the Stipulation is in the best interest of the Estate. While the Trustee believes in the merits of the Claims and the ability to recover any judgment from assets of Mr. Keilman and/or Mrs. Keilman, the Keilmans dispute both issues. Absent a settlement, the Trustee will be required to expend considerable time and resources litigating this Adversary Proceeding and recovering on any judgment. There are presently two (2) substantive motions pending related to the Adversary Proceeding that are scheduled for hearing in the Bankruptcy Court and the U.S. District Court, whereby Mr. Keilman is seeking dismissal of certain counts in the Complaint and requesting that reference to the Bankruptcy Court be withdrawn. Regardless of the outcome of those hearings, at least certain claims against Mr. Keilman will proceed and the parties will need to engage in discovery. A fact-intensive trial will be necessary to bring this matter to an ultimate conclusion again Mr. Keilman. The Trustee would further be required to bring separate claims to recover any judgment from assets in Mrs. Keilman's name. The Stipulation will provide an immediate material benefit to the Estate of the Settlement Amount and will stem further costs to litigate the Adversary Proceeding and recover any judgment.

12. Collectability of any judgment against Mr. Keilman was a substantial consideration for the Trustee in evaluating the appropriateness of this Stipulation. Claims in excess of $91,000,000.00 have been asserted against Mr. Keilman related to the Debtor's operations and failure, including guarantee claims, statutory tax penalties and other derivative claims, of which $6,000,000.00 apparently would have priority status if Mr. Keilman filed for personal bankruptcy protection.

13. Mr. Keilman has provided confidential, attested financial information to the Trustee that shows that he has insufficient assets to pay all of his debts. If Mr. Keilman filed for bankruptcy protection, the Trustee likely would receive substantially less than he would under this Stipulation in light of the significant, priority debt to the IRS.

14. The Trustee believes that the Stipulation properly reflects the collectability of a judgment against Mr. Keilman and Mrs. Keilman. The Settlement Amount is appropriate since the cost of further litigating the Adversary Proceeding and recovery on any judgment against the Keilmans would be substantial and would not guarantee a greater recovery. Further, if Mr. Keilman filed for bankruptcy protection, the Estate expects it would receive less than it will under the Stipulation. As a result, the Trustee believes that the Stipulation is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement with Robert Keilman (Re: Adversary Proceeding No. 14-04023) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: October 23, 2014

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |

## ORDER APPROVING STIPULATION OF SETTLEMENT WITH ROBERT KEILMAN AND MAUREEN KEILMAN
(Re: Adversary Proceeding No. 14-04023)

Upon the Motion to Approve Stipulation of Settlement with Robert Keilman (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on October 23, 2014, seeking an order approving the Stipulation of Settlement with Robert Keilman and Maureen Keilman; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A. The Motion is allowed; and

B. The Stipulation of Settlement with Robert Keilman and Maureen Keilman (Re: Adversary Proceeding No. 14-04023), is approved.

Dated: _____

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge