# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>    Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7<br>TRUSTEE OF THE BANKRUPTCY<br>ESTATE OF SOUTHERN SKY AIR &<br>TOURS, LLC d/b/a DIRECT AIR,<br>    Plaintiff,<br><br>v.<br><br>AVFUEL CORPORATION,<br><br>    Defendant. | Adversary Proceeding<br>No. 14-04085 |

## STIPULATION OF SETTLEMENT
(Re: Complaint to Avoid and Recover Transfers and for Return of Estate Property)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Avfuel Corporation ("Avfuel"; together with the Trustee, the "Parties"), the defendant in Adversary Proceeding No. 14-04085 pending before this Court (the "Adversary Proceeding"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. Prior to the Petition Date, Avfuel provided fuel and fueling services to the Debtor.

5. On September 15, 2014,[1] the Trustee initiated the Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 541, 542, 547(b), and 550 to, among other things, (a) avoid and recover certain pre-petition transfers the Debtor made to Avfuel during the 90 days prior to the Petition Date totaling at least $61,566.40 (the "Transfers"), (b) require Avfuel to (i) turn over to the Trustee property of the Estate (i.e., pre-petition credits) totaling at least $61,566.40 and (ii) provide an accounting of same, and (c) disallow any and all claims Avfuel may have against the Estate.

6. Thereafter, Avfuel reached out to the Trustee and provided the Trustee with an informal response to the Complaint. In its response, Avfuel asserted various defenses, including (a) that the Transfers were made in the ordinary course of business and (b) that the Transfers represented substantially contemporaneous exchanges for new value. The Trustee reviewed Avfuel's defenses in connection with extensive invoicing documentation that Avfuel had provided to the Trustee prior to the filing of the Complaint.

7. The deadline for Avfuel to file an Answer to the Complaint expired on October 15, 2014. Avfuel has yet to file any Answer to the Complaint.

8. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

---

[1] The Trustee entered into two Tolling Agreements with Avfuel which extended the deadline for the Trustee to file the Complaint to and including September 15, 2014.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. Avfuel agrees to pay the Trustee the sum of $30,000.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Avfuel made in the Complaint and related to the Transfers. The Trustee acknowledges that he is in receipt of Avfuel's check for the Settlement Amount. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

B. Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Avfuel shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Avfuel's payment of the Settlement Amount.

C. Upon the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall be deemed to have released Avfuel, and its respective representatives, attorneys, agents, or assigns, from any and all claims or obligations arising from or related to the Transfers or as set forth in the Complaint. The Trustee reserves the right to object to any claims filed by or on behalf of Avfuel for any reason.

D. Avfuel acknowledges that Avfuel received no other payments from or on behalf of the Debtor within ninety (90) days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint. Avfuel acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

E.  Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding with prejudice, or otherwise cause the dismissal of such Adversary Proceeding with prejudice.

F.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

AVFUEL CORPORATION,

By its counsel,

*/s/ David J. Hutchinson*

David J. Hutchinson
Attorney at Law
106 N. 4th Ave., Suite 201
Ann Arbor, MI 48104
Phone: 734-930-9000
Fax:    734-930-9050
Email: dave@davehutchinsonlaw.com

Dated: October 27, 2014

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: October ___, 2014

E. Within seven (7) days of entry of the Final Order, the Trustee shall file a notice dismissing the Adversary Proceeding with prejudice, or otherwise cause the dismissal of such Adversary Proceeding with prejudice.

F. This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

| AVFUEL CORPORATION, | JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE |
|---|---|
| By its counsel, | By his counsel, |
| _____ <br> David J. Hutchinson <br> Attorney at Law <br> 106 N. 4th Ave., Suite 201 <br> Ann Arbor, MI 48104 <br> Phone: 734-930-9000 <br> Fax: 734-930-9050 <br> Email: dave@davehutchinsonlaw.com | /s/ Gina O'Neil <br> Joseph H. Baldiga, BBO #549963 <br> Gina Barbieri O'Neil, BBO #670596 <br> Mirick, O'Connell, DeMallie & Lougee, LLP <br> 1800 West Park Drive, Suite 400 <br> Westborough, MA 01581 <br> Phone: 508.898.1501 <br> Fax: 508.898.1502 <br> Email: bankrupt@mirickoconnell.com <br> Email: goneil@mirickoconnell.com |
| Dated: October __, 2014 | Dated: October 27, 2014 |

{Practice Areas/CORP/15008/14190/A2721476.DOC}                  4