UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP, COUNSEL TO THE CHAPTER 7 TRUSTEE

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL" or "Applicant"), counsel to Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby submits its First Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "MODL First Interim Fee Application")[1], for the period from April 11, 2012 through and including October 31, 2014 (the "Fee Application Period"), under Bankruptcy Code §§ 330, 331, 503(b)(2), 503(b)(4) and 507(a)(1), Fed. R. Bankr. P. 2016, and MLBR 2016-1. MODL seeks allowance of fees in the amount of $1,054,268.00, and expenses in the amount of $38,924.65, for a total award of $1,093,192.65, **but is requesting payment, at this time, of fees in the amount of $742,621.05 (i.e., approximately 70% of the fees incurred to date), plus 100% of expenses in the amount of $38,924.65, for a total payment, at this time, of $781,545.70.** [2]

---

[1]    A complete copy of the MODL First Interim Fee Application, including approximately 536 pages of exhibits, has been filed with the Bankruptcy Court via the Court's Electronic Case Filing System (i.e., ECF) and served on all parties entitled to receive notice via ECF. All other notice parties (as indicated on the Certificate of Service filed concurrently herewith) have been served a copy of the MODL First Interim Fee Application, excluding exhibits, via first-class mail, postage prepaid. Any party wishing to receive a complete copy of the MODL First Interim Fee Application may contact the undersigned Trustee.

[2]    MODL is requesting allowance, but only partial payment, at this time, of fees incurred by MODL during the Fee Application Period, but MODL does not waive any right to seek payment at a later date of the remaining unpaid balance of fees incurred by MODL in connection with the MODL First Interim Fee Application.

{Practice Areas/CORP/15008/14190/A2680261.DOC}

In support of this MODL First Interim Fee Application, MODL states as follows:

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.  On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

3.  On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding. A copy of the Trustee's appointment is attached hereto as **Exhibit A**.

4.  On April 23, 2012, the Trustee filed an Application for Authority to Employ MODL as Counsel to the Chapter 7 Trustee and Attorney's Affidavit from MODL in support of same (together, the "Employment Application"), copies of which are attached hereto as **Exhibit B**.

5.  On May 25, 2012, this Court entered an Order approving the Employment Application. A copy of this order is attached hereto as **Exhibit C**.

6.  Under Bankruptcy Code § 330, MODL is entitled to "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." Bankruptcy Code § 331 provides that professionals employed under Bankruptcy Code §§ 327 or 1103 may apply to the Court for interim compensation and reimbursement of expenses not more than once every 120 days after an order for relief has entered.

7.  Filed concurrently herewith is Verdolino & Lowey, P.C.'s First Interim Application For Fee and Expenses of Accountant For The Chapter 7 Trustee (the "V&L First Interim Fee Application") for the period from April 24, 2012 through September 23, 2014, seeking allowance of fees in the amount of $225,000.50, plus expenses in the amount of

{Practice Areas/CORP/15008/14190/A2680261.DOC}    2

$17,260.50, for a total request of $242,261.00 in connection with the V&L First Interim Fee Application, **but is requesting payment of fees in the amount of $158,489.22 (i.e., approximately 70% of the fees incurred to date), plus 100% of expenses in the amount of $17,260.50, for a total payment, at this time, of $175,749.72.**

8.     The MODL First Interim Fee Application covers professional services rendered from April 11, 2012 through and including October 31, 2014 (the "Fee Application Period"). The MODL First Interim Fee Application is submitted without prejudice to Applicant's right to later seek additional compensation, if warranted, for services rendered or expenses incurred during the Fee Application Period, or for services rendered or expenses incurred after the Fee Application Period.

9.     During the Fee Application Period, MODL rendered legal services to the Trustee having a value of $1,054,268.00 calculated at MODL's usual and customary hourly rates, as more specifically set forth herein. In addition, MODL incurred expenses in the amount of $38,924.65. Accordingly, the total amount of fees and expenses for which MODL seeks allowance in connection with the MODL First Interim Fee Application is $1,093,192.65, **but MODL is requesting payment, at this time, of fees in the amount of $742,621.05 (i.e., approximately 70% of the fees incurred to date), plus 100% of expenses in the amount of $38,924.65, for a total payment, at this time, of $781,545.70.**

10.     MODL's actions to date have substantially benefited the Estate. As detailed in the narrative section of this application attached hereto as Exhibit E, MODL has assisted the Trustee in investigative and recovery efforts, significantly in investigating the circumstances surrounding the Debtor's demise and the approximately $30,389,363.79 Shortfall (defined in paragraph 12 -Task Code 0001 below), for the benefit of the Estate, hundreds of consumer claimants, and government agencies who the Trustee believes are relying on the Trustee's

investigation and report in their own investigations. Additionally, the efforts of the Trustee and MODL have resulted in the liquidation of assets for the benefit of the Estate stemming from, among other things, settlement of preference actions in the amount of $561,523.89[3], recovery of the Bond Amount (as defined in Task Code 9250) in the amount of $200,000.00 to be used by the Trustee pursuant to the terms of the Bond Stipulation,[4] recovery of the Debtor's bank account balances and petty cash ($3,735.89), recovery of the Escrow Proceeds (as defined in Task Code 0001) in the amount of $250,000.00 to be used by the Trustee pursuant to the terms of VNB Agreement (as defined in Task Code 0001),[5] and recovery of the supersedeas bond in connection with the Arrow Garnishment Action (as defined in Task Code 0003) in the amount of $42,000.00 (less fees and expenses paid to Florida Special Counsel (as defined below) in the aggregate amount of $15,739.92, for a net amount to the Estate of $26,260.08). As noted on the Trustee's current Form 1, MODL has assisted the Trustee with the collection of $1,057,435.78 for the Estate. A copy of the Trustee's Form 1 (detailing assets collected) is attached hereto as **Exhibit D**. In addition, due to MODL's efforts, the Trustee currently holds judgments against Progressive Funding Solutions, LLC and Fairfield Inn by Marriott, LP a/k/a Fairfield Inn Broadway in the approximate amounts of $20,096.72 and $27,245.49, respectfully.

---

[3] Included in the $561,523.89 are (a) settlement proceeds from the Avfuel Corporation adversary proceeding (see Task Code 0031) and for which approval of the settlement pleadings is currently pending before this Court and (b) the initial installment of $1,500.00 in connection with the settlement proceeds due in the Avondale Aviation I, LLC adversary proceeding (see Task Code 0025) and for which the settlement pleadings have not yet been finalized and filed with this Court.

[4] Pursuant to the Bond Stipulation, the Bond Amount ($200,000.00) was to be paid to the Estate, and if the Bond Claims totaled at least $175,000.00 (which they did), then $175,000.00 of the Bond Amount would be payable only to those allowed Bond Claims, while the balance of the Bond Amount (i.e., $25,000.00) would become general property of the Estate to be administered by the Trustee in the normal course of his administration of the Debtor's Estate.

[5] Pursuant to the VNB Agreement, the first $100,000.00 of Escrow Proceeds would be distributed to the Estate to compensate the Trustee and his professionals for allowed administrative expenses incurred in connection with the Investigation (defined in Task Code 0001); the next $75,000.00 of Escrow Proceeds would be distributed to the Estate to pay claims (including administrative claims) in accordance with normal bankruptcy priorities; and the next $75,000.00 of Escrow Proceeds would be distributed to the Estate exclusively to partially or fully pay Charter Participants (as defined in Task Code 0001) who did not receive a full refund or chargeback.

## NARRATIVE OF SERVICES

11. MODL has recorded time charges in this case separately for each matter to which it has given attention during the Chapter 7 case. For purposes of the Fee Application, the services rendered have been segregated into several categories, as follows:

A. Valley National Bank Investigation (0001);

B. Chemoil Preference Matter (0002);

C. Arrow Garnishment Litigation and Related Adversary Proceeding vs. Arrow Energy, Inc. and Sun Trust Bank (0003);

D. Compliance With U.S. Attorney Subpoena (0004);

E. Chartis Subpoena Response (0005);

F. Adversary Proceeding v. Fairfield Inn (0006);

G. Adversary Proceeding v. The Station (0007);

H. Global Payments (0008);

I. Adversary Proceeding v. Miami Air (0009);

J. Adversary Proceeding v. Progressive Funding Solutions, LLC (0010);

K. Adversary Proceeding v. Quickflight Services (0011);

L. Adversary Proceeding v. Allegheny County Airport Authority (0012);

M. Founders (0013);

N. Adversary Proceeding v. Niagara Falls Aviation, LLC (0014);

O. Adversary Proceeding v. Robert Keilman (0015);

P. Ober, Kaler, Grimes & Shriver, P.C. (0016);

Q. Wyvern Hotel, LLC (0017);

R. Adversary Proceeding v. The Port Authority of New York & New Jersey (0018);

S. Adversary Proceeding v. Merrick Bank Declaratory Judgment (0019);

T. Adversary Proceeding v. Aviation Advantage, Inc. (0020);

U.   Adversary Proceeding v. Judy Tull (0021);

V.   Adversary Proceeding v. Kay Ellison (0022);

W.   Adversary Proceeding v. Stanley Marshall Ellison (0023);

X.   Adversary Proceeding v. Ed Warneck (0024);

Y.   Adversary Proceeding v. Avondale Aviation I, LLC (0025);

Z.   Adversary Proceeding v. Hilton Garden Inn (0026);

AA.  Adversary Proceeding v. Orlando/Sanford International Airport (0028);

BB.  Adversary Proceeding v. EIN Management, LLC (0029);

CC.  Adversary Proceeding v. TEM Enterprises d/b/a Xtra Airways (0030);

DD.  Adversary Proceeding v. Avfuel Corporation (0031);

EE.  Tax Issues (9150);

FF.  Asset Recovery (9250);

GG.  Preference/Fraudulent Transfer Analysis (9255);

HH.  Asset Disposition (9260);

II.  Case Administration (9280);

JJ.  Claims Administration and Objections (9290);

KK.  Employment Applications (9310); and

LL.  Fee Applications (9311).

12. Attached hereto as **Exhibit E** is a narrative description of the services rendered by MODL during the Fee Application Period. The narrative description is divided into categories that correspond to the particular categories referred to above.

13. Attached hereto as **Exhibit F** are the time entries indicating the daily work performed by each attorney and paralegal with respect to whom compensation is sought.

14. Attached hereto as **Exhibit G** is a Summary of Time Charges which consists of a breakdown of time spent by each professional in this proceeding. The summary demonstrates the efficient staffing utilized by MODL in delegating tasks in a cost effective manner. Specifically, MODL's average hourly billing rate for services rendered during the Fee Application Period totals $260.76.

15. In rendering the legal services described in **Exhibits E and F**, MODL incurred expenses in the amount of $38,924.65. These expenses are set forth in detail and are itemized on the attached **Exhibit H**.

16. Attached hereto as **Exhibit I** is a summary of funds received by the Estate and available for distribution at this time, as well as anticipated distributions.

17. Pursuant to MLBR 2016-1(a)(1)(I), attached as **Exhibit J** is a brief biography of each of the MODL attorneys and paralegals who rendered services included in the First Interim Fee Application, stating each person's background and work experience.

18. All legal services for which compensation is sought herein were performed solely for and on behalf of the Trustee. MODL does not seek compensation for any services that constitute Trustee services.

19. MODL has applied for fees in this case at the same hourly rates that it charges for similar cases and other matters outside the bankruptcy field and for bankruptcy matters which are not compensated for by the bankruptcy estate. The firm's rates are established without regard to whether the fees are subject to court approval.

20. There is no agreement or understanding between MODL and any other person for the sharing of compensation requested in the First Interim Fee Application.

21. **The total amount of fees and expenses for which MODL seeks allowance in connection with the First Interim Fee Application is $1,093,192.65, but MODL is**

requesting **payment, at this time, of fees in the amount of $742,621.05 (i.e., approximately 70% of the fees incurred to date), plus 100% of expenses in the amount of $38,924.65, for a total payment, at this time, of $781,545.70.**

WHEREFORE, based on the foregoing, Mirick, O'Connell, DeMallie & Lougee, LLP respectfully requests that this Court enter an Order in the form attached hereto:

(A) Allowing MODL's fees in the amount of $1,054,268.00 and MODL's expenses in the amount of $38,924.65, for a total allowance of fees and expenses in the amount of $1,093,192.65 in connection with its representation of the Trustee for the period April 11, 2012 through and including October 31, 2014;

(B) Authorizing and directing the Trustee to immediately pay, at this time, $742,621.05 toward allowed fees and $38,924.65 toward allowed expenses; and

(C) Granting Applicant such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone:   508.898.1501
Fax:     508.898.1502
Email:   bankrupt@mirickoconnell.com
Email:   goneil@mirickoconnell.com

Dated: November 19, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER ALLOWING FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP

Upon the First Interim Application for Allowance of Compensation and Reimbursement of Expenses by Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), counsel to the Chapter 7 trustee (the "Trustee"), dated November 19, 2014 (the "MODL First Interim Fee Application"); and the Court finding that notice thereof was sufficient; and no objection to the MODL First Interim Fee Application having been filed, or any such objection having been overruled after a hearing as appropriate under the circumstances;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The MODL First Interim Fee Application is granted;

2. MODL be and hereby is awarded and allowed fees in the amount of $_____ in connection with its representation of the Trustee for the period April 11, 2012 through and including October 31, 2014;

3. MODL be and hereby is awarded and allowed expenses in the amount of $_____ in connection with its representation of the Trustee for the period April 11, 2012 through and including October 31, 2014; and

4.  The Trustee is hereby directed to pay to MODL, at this time, fees in the amount of $_____ and expenses in the amount of $_____, for a total payment to MODL, at this time, in the amount of $_____.

Dated: _____  _____

Honorable Melvin S. Hoffman
United States Bankruptcy Judge