## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-MSH** |
| **JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>     Plaintiff,<br><br>v.<br><br>**AVONDALE AVIATION I, LLC,**<br><br>Defendant. | **Adversary Proceeding<br>No. 14-04025** |

## STIPULATION OF SETTLEMENT

NOW COME the plaintiff, Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and the defendant, Avondale Aviation I, LLC ("Avondale"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

## FACTUAL BACKGROUND

1.     On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.     On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

{Practice Areas/CORP/15008/14190/A2769541.DOC}

3.    On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4.    After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB").  The Report identified a shortfall from the Debtor's depository accounts at VNB in the amount of $30,389,363.79 (the "Shortfall").

5.    Based on his Report, on March 13, 2014, the Trustee initiated this Adversary Proceeding by filing a Verified Complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, and S.C. Code §33-44-409, to avoid and recover certain pre-petition transfers totaling at least $107,249.63 that the Debtor made to various parties allegedly on behalf of Avondale, and to pursue claims against Avondale for its conduct worsening the Shortfall and alleged breach of duty to the Debtor (the "Claims").

6.    Avondale denies the Claims and substantially all allegations in the Complaint. Specifically, Avondale states that, the funds paid to various third parties were made for the Debtor's benefit, as a result of materially false representations made by the Debtor's management both prior and subsequent to the sale by the then ownership of a portion of the membership interests, Avondale and its affiliated entities sustained damages exceeding $3.0 million, and certain of the founding members continued after the sale to frustrate Avondale's attempts to obtain control over the bank accounts and intentionally provided inaccurate and/or misleading financial information concerning the Debtor's operations and the status of the escrow account.

7.    The Parties have engaged in settlement negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, the Parties stipulate and agree as follows:

A.    Avondale agrees to pay the Trustee the sum of $7,500.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Avondale in the Complaint pursuant to Bankruptcy Code §§ 547, 548 and 550 (i.e. preference and fraudulent transfer claims).  Avondale shall pay the Settlement Amount to the Trustee as follows:  (i) $1,500.00 on or before October 20, 2014, the receipt of which is hereby acknowledged, and (ii) $1,000.00 on or before the 20th of each month beginning November 20, 2014 and continuing through and including April 20, 2015.  The Settlement Amount shall be paid by wire as directed by counsel for the Trustee.  The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.  If this Stipulation is not approved, the Settlement Amount will be returned by the Trustee to Avondale as soon as reasonably practicable.

B.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Avondale shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Avondale's payment of the Settlement Amount and any proof of claim filed by Avondale in the Debtor's bankruptcy case.

C.    On the later of (a) ninety-one (91) days after the receipt of the Settlement Amount, provided that no portion of the Settlement Amount is subject to a demand for avoidance, recovery or disgorgement or (b) upon entry of a final judgment resolving any demand for avoidance, recovery or disgorgement, the Trustee shall release Avondale, its members, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown from any and all claims or obligations, including any and all claims or obligations arising from or related to the Claims in the Complaint and the Report.

D.    Within seven (7) days of the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall file a notice dismissing the Complaint.

E.    Avondale agrees to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding adversary proceedings, provided that nothing shall require Avondale or its members, agents or attorneys to expend any funds in providing said cooperation, or should it be required to expend funds, said costs shall, upon submission of supporting documents to the Trustee, be reimbursed by the bankruptcy estate.

F.    This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1.  Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

**JOSEPH H. BALDIGA, as Trustee of the
ESTATE OF SOUTHERN SKY AIR &
TOURS, LLC d/b/a DIRECT AIR**
By its counsel,

/s/ Jessica E. Murphy
Jessica E. Murphy, BBO, #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com

Dated:  December  1 , 2014

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

Dated:  December  1 , 2014

Respectfully submitted,

**AVONDALE AVIATION I, LLC**

By its counsel,

/s/ David M. Nickless
David M. Nickless, Esq., BBO #371920
Nickless, Phillips & O'Connor
625 Main Street
Fitchburg, MA 01420
Phone: (978) 342-4590
Email: dnickless.nandp@verizon.net

Dated:  December  1 , 2014

HANK TORBERT, MANAGER
AVONDALE AVIATION I, LLC

Dated:  November  26 , 2014