UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Avondale Aviation I, LLC)
(Re: Verified Complaint; Adversary Proceeding No. 14-04025)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Avondale Aviation I, LLC ("Avondale"; together with the Trustee, the "Parties").

In support of this motion, the Trustee states as follows:

### I. BACKGROUND

#### A. Bankruptcy Case Background

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs servicing various points in the United States. On March 13, 2012, the Debtor ceased operations of its tour programs, stopped accepting flight reservations and

{Practice Areas/CORP/15008/14190/A2770893.DOC}

terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations from thousands of customers who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to the cancellations and the Debtor's cessation of operations.

3.  On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

4.  On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee secured assets and records of the Debtor and investigated the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

**B.     The Complaint**

5.  After concluding an investigation, on March 3, 2014, the Trustee filed the Trustee's Report on Direct Air's Operations and Shortfall ("Report") in the Debtor's bankruptcy case, describing the operations of the Debtor and the dissipation of funds from the Debtor's depository accounts maintained at Valley National Bank ("VNB"). The Report identified a shortfall from the Debtor's depository accounts at VNB (the "Shortfall") in the amount of $30,389,363.79 at the time the Debtor ceased operations.

6.  Approximately six (6) months before the Debtor ceased operations, on September 29, 2011, Avondale entered into a Membership Interest Purchase Agreement by which Avondale purchased a majority interest in the Debtor. As part of its due diligence, Avondale learned that a Shortfall existed. The Trustee alleges that Avondale failed to take any steps to control access to the Debtor's depository accounts at VNB or prevent the Shortfall from worsening. As stated in the Report, under Avondale's ownership of the Debtor the Shortfall increased by over $3 million.

7. Based on his Report, on March 13, 2014, the Trustee initiated this Adversary Proceeding by filing a Verified Complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502, 544(b), 547, 548 and 550, Mass. Gen. Laws Ch. 109A, and S.C. Code §33-44-409, to avoid and recover certain pre-petition transfers totaling at least $107,249.63 that the Debtor made to various parties on behalf of Avondale, and to pursue claims against Avondale for its conduct allegedly worsening the Shortfall and alleged breach of duty to the Debtor (the "Claims").

8. Avondale denies the Claims and substantially all allegations in the Complaint. Specifically Avondale states that the funds paid to various third parties were made for the Debtor's benefit, that as a result of materially false representations made by the Debtor's management both prior and subsequent to the sale by the then ownership of a portion of their membership interests, that Avondale and its affiliated entities sustained damages exceeding $3.0 million, and that certain of the founding members continued after the sale to frustrate Avondale's attempts to obtain control over the bank accounts and intentionally provided inaccurate and/or misleading financial information concerning the Debtor's operations and the status of the escrow account.

## II. SUMMARY OF THE SETTLEMENT AGREEMENT[1]

9. As set forth more fully in the Settlement Agreement, the Trust and Avondale agree as follows:

a. Avondale agrees to pay the Trustee the sum of $7,500.00 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Avondale in the Complaint pursuant to Bankruptcy Code §§ 547, 548 and 550 (i.e. preference and fraudulent conveyance claims). Avondale shall pay the Settlement Amount to the Trustee as follows: (i) $1,500.00 on or before October 20, 2014, the receipt of which is hereby acknowledged, and (ii)

---

[1] This is a summary only. Parties wishing to review the full terms of the settlement should carefully review the Stipulation of Settlement filed herewith.

{Practice Areas/CORP/15008/14190/A2770893.DOC}                    3

$1,000.00 on or before the 20th of each month beginning November 20, 2014 and continuing through and including April 20, 2015.

    b.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Avondale shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Avondale's payment of the Settlement Amount and any proof of claim filed by Avondale in the Debtor's bankruptcy case.

    c.    On the later of (a) ninety-one (91) days after the receipt of the Settlement Amount, provided that no portion of the Settlement Amount is subject to a demand for avoidance, recovery or disgorgement or (b) upon entry of a final judgment resolving any demand for avoidance, recovery or disgorgement, the Trustee shall release Avondale, its members, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown from any and all claims or obligations, including any and all claims or obligations arising from or related to the Claims in the Complaint and the Report.

    d.    Within seven (7) days of the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall file a notice dismissing the Complaint.

    e.    Avondale agrees to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding adversary proceedings.

### III.    REASONABLENESS OF THE SETTLEMENT AGREEMENT

    10.    In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the

value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

11. The Trustee believes that the Settlement Agreement is in the best interest of the Estate. While the Trustee believes in the merits of the Claims against Avondale, Avondale has denied the Claims—especially those related to the worsening of the Shortfall and breach of duty—and asserted that new value defenses exist that would exceed any preference claims. In order for the Trustee to prevail on the fact-intensive Claims against Avondale, the Trustee would be required to expend considerable time and resources to bring this matter to a conclusion at trial. The Settlement Agreement will provide an immediate material benefit to the Estate of the Settlement Amount and will stem further costs to litigate this adversary proceeding.

12. Collectability of any judgment against Avondale was also a consideration for the Trustee in evaluating the appropriateness of this Settlement Agreement. Avondale is no longer an operating entity and Avondale's sole asset had reportedly been its ownership interest in the Debtor.

13. The Trustee has reviewed certain Avondale bank account statements. Avondale presently has no open bank account. Avondale has represented to the Trustee and Trustee has ascertained from bank statements that Avondale has not disgorged or fraudulently transferred its assets to Avondale's sole owner and manager, Hank Torbert, in order to end up in its present financial condition.

14. The Trustee believes that the Settlement Agreement properly reflects the costs to obtain a judgment against Avondale and the collectability of such a judgment. The Settlement Amount is appropriate since the cost of further litigating the Claims would be substantial and

{Practice Areas/CORP/15008/14190/A2770893.DOC}     5

could result in a smaller net recovery for the Estate. As a result, the Trustee believes that the Settlement Agreement between the Parties is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Avondale Aviation I, LLC) (Re: Verified Complaint; Adversary Proceeding No. 14-04025) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Jessica E. Murphy, Esq.
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: December 1, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Avondale Aviation I, LLC)
(Re: Verified Complaint; Adversary Proceeding No. 14-04025)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on December 1, 2014, for an order approving the Stipulation of Settlement with Avondale Aviation I, LLC; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.  The Motion is allowed; and

B.  The Stipulation of Settlement (Re: Avondale Aviation I, LLC) (Re: Verified Complaint; Adversary Proceeding No. 14-04025), is approved.


Dated: _____, 2014          _____
                                    Honorable Melvin S. Hoffman
                                    United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2770893.DOC}