UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

**TRUSTEE'S MOTION TO AMEND ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE FOR ORDER (I) ALLOWING CERTAIN ADDITIONAL CHARTER PARTICIPANT CLAIMS AND (II) APPROVING PROPOSED DISTRIBUTION OF REMAINING CHARTER PARTICIPANT CLAIM FUNDS TO <u>CERTAIN ADDITIONAL CHARTER PARTICIPANT CLAIMANTS</u>**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court to amend ("the "Motion to Amend") the order entered by this Court on December 4, 2014 (the "Re-Distribution Motion Order") approving Motion of Chapter 7 Trustee For Order (I) Allowing Certain Additional Charter Participant Claims and (II) Approving Proposed Distribution of Remaining Charter Participant Clam Funds to Certain Additional Charter Participant Claimants filed on November 19, 2014 (the "Re-Distribution Motion") to (A) amend the treatment of the Charter Participant (as defined in the Re-Distribution Motion) claim submitted by Heather Daniel in the amount of $376.00 ("Ms. Daniel"), (B) amend the proposed re-distribution attached to the Re-Distribution Motion as <u>Exhibit A</u>, and (C) amend the Charter Participant claims to be disallowed as noted on <u>Exhibit B</u> attached to the Re-Distribution Motion.

In support of the relief requested herein, the Trustee states as follows:

1.      On November 19, 2014, the Trustee filed the Re-Distribution Motion seeking, among other things, (I) allowance of certain additional Charter Participant claims, (II) disallowance of certain Charter Participant claims, and (III) approving the Trustee's proposed re-distribution of Total Remaining Charter Participant Claim Funds (as defined in the Re-Distribution Motion).

2.      The Re-Distribution Motion included an Exhibit A which set forth the Trustee's proposed re-distribution to Additional Claimants (as defined in the Re-Distribution Motion), as well as an Exhibit B which set forth the Charter Participant claims to be disallowed, including the claim asserted by Ms. Daniel.

3.      Prior to the deadline for responses to the Re-Distribution Motion, Ms. Daniel contacted the Trustee informally via electronic mail and indicated that a copy of the Re-Distribution Motion was served on her at an address where she had not resided for six months, but that the Re-Distribution Motion had recently been forwarded to her at her current address via the United States Postal Service. Ms. Daniel further indicated to the Trustee that she had never received her Interim Distribution Check (as defined in the Re-Distribution Motion) in the amount of $99.64 and requested that an Interim Distribution Check be re-issued and forwarded to Ms. Daniel at her current address.

4.      The Trustee anticipated that a hearing would be scheduled on the Re-Distribution Motion and planned to address Ms. Daniel's claim at the hearing. However, the Re-Distribution Motion Order entered on December 4, 2014, without a hearing.

5.      A proposed **Amended Exhibit A** is attached herewith to reflect a reduction of $99.64 in the Total Remaining Charter Participant Claim Funds (as defined in the Re-Distribution Motion) on the basis that the Trustee anticipates Ms. Daniel will cash the re-issued

Interim Distribution Check. The Total Remaining Charter Participant Claims Funds in the amount of $640.57 will be reduced to $540.93 (net of the $99.64 to be re-issued and paid to Ms. Daniel).

6. The **Amended Exhibit A** also reflects the amended Amount of Proposed Re-Distribution (as defined in the Re-Distribution Motion) to each of the Additional Claimants (as defined in the Re-Distribution Motion) based on the amended Total Remaining Charter Participant Claim Funds

7. A proposed **Amended Exhibit B** is attached herewith to reflect the removal of Ms. Daniel's claim from those Charter Participant claims to be disallowed.

8. The Trustee believes that approval of this Motion, the **Amended Exhibit A** and the **Amended Exhibit B** remains in the best interest of the Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Amended Order, in the form filed herewith:

A) Allowing this Motion to Amend;

B) Authorizing substitution of the **Amended Exhibit A** and **Amended Exhibit B** to the Re-Distribution Motion; and

C. The Charter Participant claims submitted by Mark Humby and Donald Ruppert as noted on <u>Amended Exhibit B</u> attached to the Motion to Amend Order are hereby deemed disallowed;

D. As previously provided by this Court's Order dated December 4, 2014 approving the Motion, the Claim Notices (as defined in the Motion) submitted by Additional Claimants (as defined in the Motion) are hereby deemed allowed; and

E. As previously provided by this Court's Order dated December 4, 2014 approving the Motion, the Trustee's proposed manner of payment for future distributions, if any, to allowed Charter Participant Claims, including Additional Claimants, is approved.

Dated: December 9, 2014

/s/ Melvin S. Hoffman
Honorable Melvin S. Hoffman
United States Bankruptcy Judge