UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### TRUSTEE'S NOTICE OF ABANDONMENT OF ESTATE PROPERTY
(Re: Claims Against Sky King, Inc.)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

Pursuant to 11 U.S.C. § 554(a), Rule 6007 of the Federal Rules of Bankruptcy Procedure, and MLBR 6007(1)(b), Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), hereby gives notice of his intention to abandon (the "Notice of Abandonment") any and all of the Estate's interest in claims against Sky King, Inc. ("Sky King") which are described herein and more fully identified in the Proof of Claim attached hereto as **Exhibit A** (the "Sky King Claims"). In support hereof, the Trustee submits the following:

I.   BACKGROUND

A.   Bankruptcy Case Background.

1.   On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.   Prior to the Petition Date, the Debtor operated as a low cost discount charter airline that flew various routes in the United States.

3. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

4. On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such.

5. Since his appointment, the Trustee has investigated many preferential and/or fraudulent transfers made by the Debtor prior to the Petition Date. As part of his investigation, the Trustee identified certain potential claims against Sky King (i.e., the Sky King Claims). The Sky King Claims include: (a) a potential preference claim in the amount of $2,619,703.63 and (b) a potential receivable in the amount of $82,701.38.[1]

6. After identifying the Sky King Claims, the Trustee filed the attached Proof of Claim in the Sky King Bankruptcy Case (defined and discussed below) as evidence of the Sky King Claims.

7. Sky King filed its own Proof of Claim in the Debtor's bankruptcy case, asserting a claim against the Debtor in an amount exceeding $4.6 million.

**B.    The Sky King Bankruptcy.**

8. On August 31, 2012, Sky King filed a petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California, commencing Case No. 12-35905 (the "Sky King Bankruptcy Case").

9. Prior to its bankruptcy filing, Sky King offered private jet chartering services and frequently contracted with the Debtor to provide such services.

10. A Chapter 11 trustee (the "Sky King Trustee") was appointed to serve in the Sky King Bankruptcy Case on or about February 18, 2014.

---

[1] The receivable was listed on the Sky King debtor's Schedule F.

11. On or about August 6, 2014, the Sky King Trustee filed a Disclosure Statement and Plan in the Sky King Bankruptcy Case. As discussed in the Disclosure Statement, the purpose of the Plan was not truly to reorganize but, rather, to effect the transfer of Sky King's FAA license.[2] The Plan was to be funded by the $500,000 purchase price of the FAA license, cash in the Debtor's bank accounts, and litigation proceeds. In the Disclosure Statement and Plan, the Sky King Trustee was forthcoming about the underfunding of the Plan, recognizing that secured and administrative creditors would need to accept less than the full value of their claims in connection with the Plan. Pursuant to the Plan, holders of unsecured claims will receive a *pro rata* share of remaining proceeds from post-confirmation liquidation of assets, but only after payment of all post-confirmation expenses and payment of all claims with higher priority. Notably, the claims register in the Sky King Bankruptcy Case reflects total claims against Sky King in excess of $84 million, including a (disputed) secured claim of $2 million and priority claims in excess of $9.3 million. Chapter 11 administrative expenses prior to the Sky King Trustee's appointment exceed $6 million.

12. The Plan in the Sky King Bankruptcy Case was confirmed on September 24, 2014.

13. Counsel to the Trustee has spoken with the Sky King Trustee on various occasions since his appointment, and the Sky King Trustee has consistently represented that distribution on account of unsecured creditors' claims is improbable.

## II.  ABANDONMENT

14. As outlined above, the confirmed Plan in the Sky King Bankruptcy Case is significantly underfunded. It is highly unlikely that there will ever be sufficient funds to pay

---

[2] Apparently, an FAA license may only be transferred through a transfer of equity, and cannot be transferred via a Bankruptcy Code § 363 sale or a Chapter 7 liquidation.

higher priority claims in full, let alone to make any distribution to unsecured creditors in the Sky King Bankruptcy Case.

15. Further, even if a distribution were possible, it is likely that Sky King would have some defenses to the Sky King Claims, as evidenced by the $4.6 million Proof of Claim that Sky King filed in Direct Air's bankruptcy case. The costs of defending a claim objection or otherwise litigating the Sky King Claims would certainly outweigh the value of any possible distribution.

16. Moreover, the Trustee does not anticipate that he will make any distribution to general unsecured creditors in Direct Air's bankruptcy case. Therefore, pendency of the Proof of Claim that Sky King filed will have no impact on the Direct Air bankruptcy case.

17. Based on the foregoing, the Trustee has determined that the Sky King Claims are uncollectable, burdensome, and of inadequate or insufficient value to benefit the Estate. They are no longer necessary to the administration of the Estate and, indeed, continuing to monitor the Sky King Claims would be burdensome to the Estate.

18. Accordingly, the Trustee believes that the cost of pursuing the Sky King Claims would outweigh any possible recovery and has determined that no value to the Estate is likely to be realized with respect to the Sky King Claims. He therefore believes and avers that it is in the best interest of the Estate that he be allowed to abandon the Sky King Claims without further notice or hearing.

**Please be advised that objections to this Notice of Abandonment must be filed in the Clerk's Office, United States Bankruptcy Court, Harold Donahue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, to be received within fourteen (14) days of February 4, 2015, with copies mailed within such time to the Chapter 7 Trustee, Joseph H.**

Baldiga, Mirick, O'Connell, DeMallie & Lougee, *LLP*, 100 Front Street, Worcester, Massachusetts 01608. Pursuant to Federal Rule 6007(a), if no such objections are received within fourteen (14) days hereof, the within Trustee's Notice of Abandonment of Estate Property shall be final and binding upon all parties without further notice, hearing or order from the Court.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  February 4, 2015

# EXHIBIT A

FORM B10 (Official Form 10) (12/11)    Case 12-35905    Filed 11/14/12    Claim 32-1

| UNITED STATES BANKRUPTCY COURT Eastern District of California | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Sky King, Inc. | Case Number 12-35905 | **FILED** U.S. Bankruptcy Court Eastern District of CA Wayne Blackwelder, Clerk 11/14/2012 COURT USE ONLY |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Joseph Baldiga, Ch 7 Truste of Southern Sky Air &Tours d/b/a Direct Air

Name and address where notices should be sent:
Joseph H. Baldiga, Esq.
Mirick, O'Connell, DeMallie &Lougee, LL
1800 West Park Drive
Suite 400
Westborough, MA 01581
Telephone number: 508-791-8500    email: jbaldiga@mirickoconn

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
*(If known)*
Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ 2702405.01

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** See attachments
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: ____
3a. Debtor may have scheduled account as: ____ (See instruction #3a)
3b. Uniform Claim Identifier (optional): ____ (See instruction #3b)

4. **Secured Claim**
(See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ _____
Annual Interest Rate: ___% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim: $ _____
Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

Amount entitled to priority:
$ _____

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C.§ 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. *(See instruction #6)*

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** *(See instruction #8)*

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor,  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Joseph H. Baldiga
Title:        Ch. 7 Trustee of Direct Air
Company:      Mirick O'Connell DeMallie &Lo
Address and telephone number (if different from notice address above):  Filing a proof of claim electronically deems the claim signed by the creditor or authorized person    11/14/2012
                                                                         (Signature)                                                                                (Date)

Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### Attachment to Proof of Claim

**Sky King, Inc. d/b/a Sky King Airlines, Debtor**
**Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of**
**Southern Sky Air & Tours, LLC d/b/a Direct Air, Creditor**
**Chapter 11, Case No. 12-35905-C-11**

Joseph H. Baldiga is the duly appointed, qualified, and acting Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air ("Direct Air"). Direct Air's Chapter 7 bankruptcy is proceeding before the United States Bankruptcy Court for the District of Massachusetts, Central Division, Case No. 12-40944-MSH. The Trustee is in the process of liquidating Direct Air's assets. Sky King, Inc. d/b/a Sky King Airlines (the "Debtor") is a creditor of Direct Air and Direct Air may have claims against the Debtor. The Trustee is in the process of liquidating Direct Air's claims against the Debtor and has determined that the Debtor received payments from Direct Air in the amount of $2,619,703.63 within ninety (90) days of commencement of the Direct Air bankruptcy case (the "Preference Payments") and is in the process of determining whether or not the Preference Payments are recoverable. A listing of the Preference Payments is attached hereto. Additionally, Direct Air is a creditor of the Debtor and is owed the amount of $82,701.38 as noted on the Debtor's Schedule F – Page 71, a copy of which is attached hereto. As more information is determined, the Trustee reserves the right to amend this proof of claim as appropriate.

{Practice Areas\CORP\15008\14190\A2141284.DOC}

B6F (Official Form 6F) - (12/07) - Cont.

In re: SKY KING, INC.                Case No. 12-35905 – C-11
                  Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Mpower Comm/CRF Solutions<br>Attn: Corporate Officer<br>2051 Royal Ave<br>Simi Valley, CA 93065 | | | For Notice Purposes Only | | | | $0.00 |
| Mpower Comm-Back Warehouse<br>Attn: Corporate Officer<br>PO Box 60767<br>Los Angeles, CA 90060-0767 | | | For Notice Purposes Only | | | | $0.00 |
| Myrtle Beach Direct Air<br>Attn: Corporate Officer<br>1600 Oak Street #B<br>Myrtle Beach, SC 29577 | | | Various | | | | $82,701.38 |
| N Amer Airframe Svcs<br>Attn Corp Ofcr<br>Middle Georgia Regional Airport<br>PO Box 10072/199 E Drive Bay #1<br>Macon, GA 31297-0072 | | | For Notice Purposes Only | | | | $0.00 |
| N Amer Airlines Attn: D Stiehm<br>Halmar Building 75 #250<br>JFK Int'l Airport<br>Jamaica, NY 11430 | | | For Notice Purposes Only | | | | $0.00 |
| Nassau Airport Dev Co<br>Lynden Pindling Intl Airport<br>PO Box AP 59229<br>Nassau The Bahamas | | | Various | | | | $5,211.16 |
| Nav Canada<br>Attn: Corporate Officer<br>PO Box 9632 Station 'T'<br>Ottawa Canada K1G 6H1 | | | Various | | | | $2,042.76 |

Page 71 of 105

Case 12-35905   Filed 11/14/12   Claim 32-1 Part 2

| Bank | Account # | Check # | Amount | Check Date | Cleared Bank | Invoice # | Invoice Amount | Invoice Date | Check to Cleared | Invoice to Check | Invoice to Clear | Goods Received |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Valley National Bank | xxxx4734 | Debit | $343,980.00 | 12/29/11 | 12/29/11 | 12/15-12/19/11 | $343,980.00 | 12/27/11 | 0 | 2 | 2 | Sky King Flights 12/15 - 12/19/11 |
| Valley National Bank | xxxx4734 | Debit | $199,783.13 | 01/05/12 | 01/05/12 | 12/28-01/03/12 | $199,783.13 | 01/04/12 | 0 | 1 | 1 | Sky King Flights 12/28 - 01/03/12 |
| Valley National Bank | xxxx4734 | Debit | $294,888.50 | 01/11/12 | 01/11/12 | 01/04-01/09/12 | $294,888.50 | 01/10/12 | 0 | 1 | 1 | Sky King Flights 01/04 - 01/09/12 |
| Valley National Bank | xxxx4734 | Debit | $289,772.00 | 01/19/12 | 01/19/12 | 01/12-01/16/12 | $289,772.00 | 01/17/12 | 0 | 2 | 2 | Sky King Flights 01/12 - 01/16/12 |
| Valley National Bank | xxxx4734 | Debit | $189,800.00 | 01/27/12 | 01/27/12 | 01/18-01/23/12 | $189,800.00 | 01/24/12 | 0 | 3 | 3 | Sky King Flights 01/18 - 01/23/12 |
| Valley National Bank | xxxx4734 | Debit | $194,100.00 | 02/02/12 | 02/02/12 | 01/25-01/30/12 | $194,100.00 | 02/02/12 | 0 | 0 | 0 | Sky King Flights 01/25 - 01/30/12 |
| Valley National Bank | xxxx4734 | Debit | $264,460.00 | 02/08/12 | 02/08/12 | 02/01-02/07/12 | $264,460.00 | 02/08/12 | 0 | 0 | 0 | Sky King Flights 02/01 - 02/07/12 |
| Valley National Bank | xxxx4734 | Debit | $276,460.00 | 02/15/12 | 02/15/12 | 02/07-02/13/12 | $276,460.00 | 02/15/12 | 0 | 0 | 0 | Sky King Flights 02/07 - 02/13/12 |
| Valley National Bank | xxxx4734 | Debit | $310,100.00 | 02/27/12 | 02/27/12 | 02/16-02/20/12 | $310,100.00 | 02/27/12 | 0 | 0 | 0 | Sky King Flights 02/16 - 02/20/12 |
| Valley National Bank | xxxx4734 | Debit | $256,360.00 | 03/01/12 | 03/01/12 | 02/22-02/27/12 | $256,360.00 | 03/01/12 | 0 | 0 | 0 | Sky King Flights 02/22 - 02/27/12 |
| | | | $2,619,703.63 | | | | $2,619,703.63 | | | | | |