# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Plaintiff,<br><br>v.<br><br>QUICKFLIGHT, INC.,<br><br>Defendant. | Adversary Proceeding<br>No. 13-04082 |

## STIPULATION OF SETTLEMENT

The plaintiff, Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), the defendant, Quickflight, Inc., ("Quickflight"; together with the Trustee, the "Parties") enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

{Practice Area/CORP/15008/14190/A2824011.DOC[Ver:3]}

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case and he continues to serve as such.

4. Prior to the Petition Date, Quickflight provided ground handling and other aviation services to the Debtor at certain airport locations at which the Debtor offered flights.

5. On September 16, 2013, the Trustee initiated this Adversary Proceeding by filing a complaint (the "Complaint") pursuant to Bankruptcy Code §§ 502(d), 547(b), and 550 to, among other things, (a) avoid and recover certain pre-petition transfers the Debtor made to Quickflight during the 90 days prior to the Petition Date totaling at least $220,140.00 (the "Transfers"), and (b) disallow any and all claims Quickflight may have against the Estate.

6. Quickflight answered the complaint and asserted various defenses, including (a) that the Transfers were made in the ordinary course of business and (b) that the Transfers represented substantially contemporaneous exchanges for new value.

7. In the course of discovery, the Trustee identified one unauthorized post-petition transfer to Quickflight in the amount of $7,446.74. Quickflight does not dispute receiving the post-petition transfer and assented to a motion to amend the complaint. The Trustee's complaint was amended on July 11, 2014 and the amended complaint (the "Amended Complaint") brought claims to avoid and recover pre-petition and post-petition transfers totaling at least $227,586.74. Quickflight's answer to the Amended Complaint admitted the unauthorized post-petition transfer, but continued to deny the Trustee's claims to avoid and recover the Transfers.

8. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, the Parties hereby stipulate and agree that:

A. Quickflight agrees to pay the Trustee the sum of $31,596.74 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Quickflight in the Complaint. Quickflight shall pay the Settlement Amount to the Trustee as follows: (i) $7,446.74 on or before March 18, 2015 and (ii) $2,683.33 on or before the 1st of each month beginning April 1, 2015 and continuing through and including December 1, 2015. The Trustee will hold the Settlement Amount in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation. If this Stipulation is not approved, the Settlement Amount will be returned by the Trustee to Quickflight as soon as reasonably practicable.

B. Quickflight shall execute and provide to the Trustee, contemporaneous with the execution of this Stipulation, an Agreement for Judgment in the amount of $140,000.00 in the form attached hereto as Exhibit A. The Trustee shall hold the executed Agreement for Judgment in escrow pending compliance with this Stipulation.

C. If Quickflight fails to timely make any payment of the Settlement Amount, Quickflight will be deemed in default of this Stipulation. The Trustee shall provide notice of such default to Quickflight through its counsel, Carl D. Aframe, Esq., Aframe & Barnhill, P.A., at aframe@aframebarnhill.com. Once Quickflight has received two (2) such notice of default under this Stipulation, the Trustee shall have no further obligation to provide any additional notices to Quickflight notwithstanding any further default of this Stipulation. In the event Quickflight fails to cure a default within ten (10) days of receipt of notice, or if Quickflight defaults on a payment for which no notice is required as provided above, the Trustee shall be

entitled to immediately file and enforce the Agreement for Judgment. In such event of a default by the Defendants, Quickflight shall pay the Trustee all reasonable attorneys' fees and costs incurred by him in connection with enforcement of this Stipulation and the Agreement for Judgment.

    D.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Quickflight shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Quickflight's payment of the Settlement Amount and any proof of claim filed by Quickflight in the Debtor's bankruptcy case.

    E.    On the later of (a) ninety-one (91) days after the receipt of the Settlement Amount, provided that no portion of the Settlement Amount is subject to a demand for avoidance, recovery or disgorgement or (b) upon entry of a final judgment resolving any demand for avoidance, recovery or disgorgement, the Trustee shall release Quickflight, its members, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown from any and all claims or obligations, including any and all claims or obligations arising from or related to the claims in the Complaint and Amended Complaint.

    F.    Within seven (7) days of the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall file a notice dismissing this Adversary Proceeding unless it has already been dismissed by the Bankruptcy Court.

G. Quickflight has provided certain financial information to the Trustee, which Quickflight attests is true and accurate through the execution of this Stipulation. Quickflight further attests it has not failed to report any information that would render the financial information provided to the Trustee materially misleading.

H. Quickflight agrees to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy.

I. This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

QUICKFLIGHT, INC.

By its counsel,

Carl Aframe, Esq., BBO #012780
Aframe & Barnhill, P.A.
390 Main Street, Suite 901
Worcester, MA 01608
Phone: (508) 756.6940
Fax:   (508) 753.8219
Email: aframe@aframebarnhill.com

Dated: March 17, 2015

QUICKFLIGHT, INC.
BY: Martin Wheeler
ITS: President

Dated: March 16, 2015

Respectfully submitted,
JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

Jessica E. Murphy, Esq. BBO #664361
Gina Barbieri O'Neil, Esq. BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:   (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Dated: March 17, 2015

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

Dated: March 17, 2015

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Plaintiff,<br><br>v.<br><br>QUICKFLIGHT, INC.,<br><br>Defendant. | Adversary Proceeding<br>No. 13-04082 |

## AGREEMENT FOR JUDGMENT

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COME the plaintiff, Joseph H. Baldiga, Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of the bankruptcy estate of Southern Sky Air & Tours, LLC d/b/a Direct Air, and the defendant, Quickflight, Inc. ("Quickflight"), and hereby agree pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure that:

1.    Judgment shall enter in favor of the Trustee (and any successor to the Trustee) against Quickflight in the principal amount of One Hundred Forty Thousand and 00/100 ($140,000.00) Dollars.

2.    The parties hereby waive all rights of appeal.

| Respectfully submitted, | Respectfully submitted,<br>JOSEPH H. BALDIGA,<br>CHAPTER 7 TRUSTEE |
|---|---|
| QUICKFLIGHT, INC. | |
| By its counsel, | By his counsel, |

Carl Aframe, Esq., BBO#012780
Aframe & Barnhill, P.A.
390 Main Street, Suite 901
Worcester, MA 01608
Phone: (508) 756.6940
Fax:   (508) 753.8219
Email: aframe@aframebarnhill.com

Dated: March ___, 2015

Jessica E. Murphy, Esq. BBO #664361
Gina Barbieri O'Neil, Esq. BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:   (508) 898-1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Dated: March ___, 2015

QUICKFLIGHT, INC.
BY: Martin Wheeler
ITS: President

Dated: March ___, 2015

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

Dated: March ___, 2015