UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

## MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Quickflight, Inc.)
(Re: Complaint; Adversary Proceeding No. 13-04082)

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Quickflight, Inc. ("Quickflight"; together with the Trustee, the "Parties").

In support of this motion, the Trustee states as follows:

### I.    BACKGROUND

A.    **Bankruptcy Case Background**

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. Prior to the Petition Date, Quickflight provided ground handling and other aviation services to the Debtor at certain airport locations at which the Debtor offered flights.

5. On September 16, 2013, the Trustee initiated this adversary proceeding by filing a complaint pursuant to Bankruptcy Code §§ 502(d), 547(b), and 550 to (a) avoid and recover $220,140.00 in pre-petition transfers that the Debtor made to Quickflight and (b) disallow any and all claims Quickflight may have against the Estate. The complaint was subsequently amended on or about July 11, 2014 adding a claim to avoid and recover a $7,446.00 post-petition transfer identified through the discovery process.

6. Quickflight answered the complaint and amended complaint, denying the Trustee's claims regarding the pre-petition transfers. Quickflight admitted that the post-petition transfer was made without authorization and must be returned to the Estate. With respect to the pre-petition transfers, Quickflight asserted affirmative defenses of "new value" and "ordinary course".

## II. SUMMARY OF THE SETTLEMENT AGREEMENT[1]

7. As set forth more fully in the Settlement Agreement, the Parties agree as follows:

a. Quickflight agrees to pay the Trustee the sum of $31,596.74 (the "Settlement Amount"), in full satisfaction of any and all of the Trustee's claims against Quickflight in the Complaint. Quickflight shall pay the Settlement Amount to the Trustee as follows: (i) $7,446.74 on or before March 18, 2015 and (ii) $2,683.33 on or before the 1st of each month beginning April 1, 2015 and continuing through and including December 1, 2015.

---

[1] This is a summary only. Parties wishing to review the full terms of the settlement should carefully review the Stipulation of Settlement filed herewith.

{Practice Areas/CORP/15008/14190/A2864160.DOC}            2

b.    Quickflight shall execute and provide to the Trustee, contemporaneous with the execution of this Stipulation, an Agreement for Judgment in the amount of $140,000.00. The Trustee shall hold the executed Agreement for Judgment in escrow pending compliance with this Stipulation.

c.    If Quickflight fails to timely make any payment of the Settlement Amount, Quickflight will be deemed in default of this Stipulation. The Trustee shall provide notice of such default to Quickflight through its counsel, Carl D. Aframe, Esq., Aframe & Barnhill, P.A., at aframe@aframebarnhill.com. Once Quickflight has received two (2) such notices of default under this Stipulation, the Trustee shall have no further obligation to provide any additional notices to Quickflight notwithstanding any further default of this Stipulation. In the event Quickflight fails to cure a default within ten (10) days of receipt of notice, or if Quickflight defaults on a payment for which no notice is required as provided above, the Trustee shall be entitled to immediately file and enforce the Agreement for Judgment. In such event of a default by the Defendants, Quickflight shall pay the Trustee all reasonable attorneys' fees and costs incurred by him in connection with enforcement of this Stipulation and the Agreement for Judgment.

d.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), Quickflight shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature, whether known or unknown, including any claim arising under Bankruptcy Code § 502(h) from Quickflight's payment of the Settlement Amount and any proof of claim filed by Quickflight in the Debtor's bankruptcy case.

e.    On the later of (a) ninety-one (91) days after the receipt of the Settlement Amount, provided that no portion of the Settlement Amount is subject to a demand for

avoidance, recovery or disgorgement or (b) upon entry of a final judgment resolving any demand for avoidance, recovery or disgorgement, the Trustee shall release Quickflight, its members, representatives, attorneys, agents or assigns, from any and all claims and/or counterclaims of any type or nature, whether known or unknown from any and all claims or obligations, including any and all claims or obligations arising from or related to the claims in the Complaint and Amended Complaint.

f.  Within seven (7) days of the later of (i) entry of the Final Order and (ii) receipt of the Settlement Amount, the Trustee shall file a notice dismissing this Adversary Proceeding unless it has already been dismissed by the Bankruptcy Court.

g.  Quickflight has provided certain financial information to the Trustee, which Quickflight attests is true and accurate through the execution of this Stipulation. Quickflight further attests it has not failed to report any information that would render the financial information provided to the Trustee materially misleading.

h.  Quickflight agrees to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy.

### III.  REASONABLENESS OF THE SETTLEMENT AGREEMENT

8.  In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

9. The Trustee believes that the Settlement Agreement is in the best interest of the Estate. While the Trustee believes in the merits of the claims against Quickflight, Quickflight has denied the claims and asserted that new value and ordinary course defenses that Quickflight asserts would eliminate any preference claims for the pre-petition transfers. In order for the Trustee to prevail on the fact-intensive claims against Quickflight, the Trustee would be required to expend considerable time and resources to bring this matter to a conclusion at trial. The Settlement Agreement will provide an immediate material benefit to the Estate of the Settlement Amount and will stem further costs to litigate this adversary proceeding.

10. Collectability of any judgment against Quickflight was also a consideration for the Trustee in evaluating the appropriateness of this Settlement Agreement. Quickflight is a California company that has limited tangible assets to recover a judgment from. Enforcement of any judgment would also require employing counsel in California.

11. The Trustee has reviewed certain confidential financial information from Quickflight. Quickflight has an outstanding tax liability to the Internal Revenue Service of at least $1,666,896.68 and other liabilities that would likely impair the collection of any judgment against Quickflight. If Quickflight filed for bankruptcy protection, the Trustee likely would receive substantially less than he would under this Stipulation in light of the significant debt to the IRS.

12. The Trustee believes that the Settlement Agreement properly reflects the costs to obtain a judgment against Quickflight and the collectability of such a judgment. The Settlement Amount is appropriate since the cost of further litigating the claims would be substantial and could result in a smaller net recovery for the Estate. As a result, the Trustee believes that the Settlement Agreement between the Parties is fair and equitable.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.  Approving the Stipulation of Settlement (Re: Quickflight, Inc.) (Re: Complaint; Adversary Proceeding No. 13-04082) as it is in the best interest of the Estate; and

B.  Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

    /s/ Jessica E. Murphy, Esq.
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jmurphy@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated: March 17, 2015

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Quickflight, Inc.)
(Re: Complaint; Adversary Proceeding No. 13-04082)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on March 17, 2015, for an order approving the Stipulation of Settlement with Quickflight, Inc.; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.   The Motion is allowed; and

B.   The Stipulation of Settlement (Re: Quickflight, Inc.) (Re: Complaint; Adversary Proceeding No. 13-04082), is approved.

Dated: _____, 2015

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

{Practice Areas/CORP/15008/14190/A2864160.DOC}