UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,

Debtor.

Chapter 7
Case No. 12-40944-MSH

### TRUSTEE'S NOTICE OF ABANDONMENT OF ESTATE PROPERTY
(Including Accounts Receivable, Contingent Claims, DOT License
and Possible Customer Lists)

To the Honorable Melvin S. Hoffman, Chief Judge, United States Bankruptcy Court:

Pursuant to 11 U.S.C. § 554(a), Rule 6007 of the Federal Rules of Bankruptcy Procedure, and MLBR 6007(1)(b), Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), hereby gives notice of his intention to abandon (the "Notice of Abandonment") any and all of the Estate's interest in any and all of the Debtor's property listed in paragraphs 16, 21, 23 and 24 of the Debtor's Schedule B[1] and as more particularly set forth herein (collectively, the "Assets"). The Assets include:

(A)   Accounts receivable identified in paragraph 16 of the Debtor's Schedule B (the "Accounts Receivable");

(B)   Causes of action identified in paragraph 21 of the Debtor's Schedule B (the "Contingent Claims") and further listed on Schedule 4 of the Debtor's Statement of Financial Affairs ("Schedule 4 – SOFA");

---

[1]   A complete copy of the Debtor's Schedule B is attached as **Exhibit A**.

{Practice Areas/CORP/15008/14190/A2890436.DOC}

(C)    The suspended DOT license identified in paragraph 23 of the Debtor's Schedule B (the "DOT License"); and

(D)    Possible customer lists as identified in paragraph 24 of the Debtor's Schedule B (the "Possible Customer Lists").

In support hereof, the Trustee submits the following:

## I.    BACKGROUND.

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    Prior to the Petition Date, the Debtor operated as a low cost discount charter airline that flew various routes in the United States. The Debtor operated its business primarily from the Myrtle Beach Office. The Debtor also conducted business activities at the Reservation Center and maintained a presence at various airport locations.

3.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

4.    On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of this proceeding and he continues to serve as such. Since his appointment, the Trustee has worked to secure assets and records of the Debtor and to begin investigating the many allegations of fraud raised by interested parties during the Debtor's Chapter 11 case and to the Trustee post-conversion.

5.    On June 13, 2012, the Trustee conducted the initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "§ 341(a) Meeting").

6. Since the § 341(a) Meeting, the Trustee has investigated, among other things, whether the Assets are of any value to the Estate. As a result of his investigation, the Trustee has determined that the Assets are unlikely to yield any value to the Estate.

## II. ASSETS.

### A. Accounts Receivable.

7. During the § 341(a) Meeting, the Trustee reviewed the Debtor's schedules and discussed the schedules with the Debtor's representative, Hank L. Torbert ("Mr Torbert"), to determine, among other things, if the Accounts Receivable are of any value to the Estate. According to the Debtor's Schedule B, upon information and belief, the Accounts Receivable were on the Debtor's balance sheet as of the close in October 2011 and were carried forward. The Accounts Receivable are listed on Schedule B with a value of $33,030.10. Based on the Trustee's investigation, examination of Mr. Torbert at the § 341(a) Meeting, as well as a review of records in the Trustee's possession, the Trustee has determined that the Accounts Receivable appear to be largely uncollectable and unlikely to yield any value to the Estate and, therefore, abandonment is in the best interest of the Estate.

### B. Contingent Claims.

8. During the § 341(a) Meeting, the Trustee reviewed the Debtor's schedules and discussed the schedules with Mr. Torbert to determine, among other things, if the Contingent Claims are of any value to the Estate. According to paragraph 21 of the Debtor's Schedule B, Avondale Aviation I, LLC ("Avondale"), the holder of a majority membership interest in the Debtor, did not have sufficient access to the Debtor's financial information to provide a definitive response, but reference is made to Schedule 4 – SOFA which includes a listing of all causes of action that were pending and disclosed to Avondale in September 2012 at the time of

Avondale's investment in the Debtor. Additionally, Schedule 4 – SOFA indicates that Avondale is unaware of any other litigation being commenced by or against the Debtor since that time. On Schedule B, the Debtor lists the Contingent Claims with a value of $0.00. The Trustee has investigated all causes of action set forth on Schedule 4 – SOFA (i.e., the Contingent Claims) and has determined that the Contingent Claims are unlikely to yield any value to the Estate and, therefore, abandonment is in the best interest of the Estate.

### C.  DOT License.

9.  During the § 341(a) Meeting, the Trustee reviewed the Debtor's schedules and discussed the schedules with Mr. Torbert to determine, among other things, if the DOT License is of any value to the Estate. According to paragraph 23 of the Debtor's Schedule B, the Debtor lists the DOT License with a current value of $0.00. The Trustee has investigated the DOT License and has determined that the DOT Licenses is unlikely to yield any value to the Estate and, therefore, abandonment is in the best interest of the Estate.

### D.  Possible Customer Lists.

10.  During the § 341(a) Meeting, the Trustee reviewed and discussed the Debtor's schedules with Mr. Torbert to determine, among other things, if the Estate holds any interest in Possible Customer Lists. According to paragraph 24 of the Debtor's Schedule B, Avondale did not have sufficient information as to the value of the Possible Customer Lists, but lists a value of $0.00. The Trustee has investigated the potential value to the Estate of Possible Customer Lists and has determined that the Estate's interest, if any, in Possible Customer Lists is unlikely to yield any value to the Estate and, therefore, abandonment is in the best interest of the Estate.

11.  Based on the foregoing, the Trustee has determined that the Assets are of inadequate or insufficient value to benefit the Estate. Additionally, no value is likely to be

realized were the Trustee to attempt to sell the Assets. Accordingly, the Trustee believes and avers that it is in the best interest of the Estate that he be allowed to abandon the Estate's interest in the Assets without further notice or hearing.

12. **Please be advised that objections to this Notice of Abandonment must be filed in the Clerk's Office, United States Bankruptcy Court, Harold Donahue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, to be received within fourteen (14) days of April 9, 2015, with copies mailed within such time to the Chapter 7 Trustee, Joseph H. Baldiga, Mirick, O'Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts 01608. Pursuant to Federal Rule 6007(a), if no such objections are received within fourteen (14) days hereof, the within Trustee's Notice of Abandonment of Estate Property shall be final and binding upon all parties without further notice, hearing or order from the Court.**

        Respectfully submitted,

        JOSEPH H. BALDIGA,
        CHAPTER 7 TRUSTEE

        By his counsel,

        /s/ Joseph H. Baldiga
        Joseph H. Baldiga, BBO #549963
        Mirick, O'Connell, DeMallie & Lougee, LLP
        1800 West Park Drive, Suite 400
        Westborough, MA 01581
        Phone: 508.898.1501
        Fax:   508.898.1502

Dated: April 9, 2015        Email: bankrupt@mirickoconnell.com

# EXHIBIT A

B6B (Official Form 6B) (12/07)

| In re | Southern Sky Air & Tours, LLC d/b/a Direct Air |  | Case No. __12-40944 (MSH)__ |
|---|---|---|---|
|  | Debtor |  |  |

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand |  | See Schedule 11 of Statement of Financial Affairs | - | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. |  | See Schedule 11 of Statement of Financial Affairs | - | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. |  | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response | - | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. |  | - | - | 0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. |  | See answer to # 28 | - | 0.00 |
| 6. Wearing apparel. |  | - | - | 0.00 |
| 7. Furs and jewelry. |  | - | - | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. |  | - | - | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. |  | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response. However, other than the Debtor's general liability insurance, see attached Surety Bond information from Platte River Insurance Company | - | 151,000.00 |
| 10. Annuities. Itemize and name each issuer. |  | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response | - | 0.00 |

Sub-Total >     151,000.00
(Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Southern Sky Air & Tours, LLC d/b/a Direct Air**                                  Case No. __12-40944 (MSH)__
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | - | | - | 0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | - | | - | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | - | | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | - | | - | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | - | | - | 0.00 |
| 16. Accounts receivable. | | **Upon information and belief, accrounts receivable was on the balance sheet as of the close in October and was carried forward.** | - | 33,030.10 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | - | | - | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response** | - | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | - | | - | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | - | | - | 0.00 |

                                                                                     Sub-Total >        33,030.10
                                                                                   (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Southern Sky Air & Tours, LLC d/b/a Direct Air**    ,    Case No.   **12-40944 (MSH)**
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response. However, see Schedule 4 of Statement of Financial Affairs. | - | 0.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response | - | 0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Suspended DOT License; see list in Schedule G | - | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | See Schedule F; No sufficient information as to value | - | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | - | | - | 0.00 |
| 26. Boats, motors, and accessories. | - | | - | 0.00 |
| 27. Aircraft and accessories. | - | | - | 0.00 |
| 28. Office equipment, furnishings, and supplies. | | Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response.<br><br>See attached list of station assets<br><br>Office Furniture, fixtures and Equipment in corporate offices in Myrtle Beach (1600 Oak Street, Myrtle Beach, SC 29577)- detailed listing is not available  (Estimated at $15K)<br><br>Office Furniture, fixtures and Equipment in leased reservation center in West Virginia (1334 Ritter Avenue, Glen Daniels, WV 25832)- detailed listing is not available  (Estimated at $30K) | - | 45,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | See answer to # 28 | - | 0.00 |
| 30. Inventory. | - | | - | 0.00 |
| | | | Sub-Total > (Total of this page) | 45,000.00 |

Sheet   **2**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Southern Sky Air & Tours, LLC d/b/a Direct Air**,  Case No. __12-40944 (MSH)__
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Animals. | - | | - | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | - | | - | 0.00 |
| 33. Farming equipment and implements. | - | | - | 0.00 |
| 34. Farm supplies, chemicals, and feed. | - | | - | 0.00 |
| 35. Other personal property of any kind not already listed. Itemize. | | **Avondale does not have sufficient access to the Debtor's financial information to provide a definitive response** | - | 0.00 |

Sub-Total >   0.00
(Total of this page)

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Total >   229,030.10

(Report also on Summary of Schedules)