UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>**Debtor.** | Chapter 7<br>Case No. 12-40944-MSH |

### TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL INCLUDING PAYMENT OF DISBURSEMENT ADVANCE IN THE AMOUNT OF $500.00

To the Honorable Melvin S. Hoffman, Chief Judge, United States Bankruptcy Court:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and, pursuant to Sections 327(a), 327(c), and 327(e) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Reese R. Boyd, III, Esq. and Davis & Boyd, LLC as special counsel ("Special Counsel") to the Trustee, on the terms set forth below and including payment of a disbursement advance by the Trustee to Special Counsel in the amount of $500.00 (the "Disbursement Advance"), for the sole purpose of assisting with collection efforts in connection with a Judgment (as defined below). In support hereof, the Trustee states as follows:

1. On March 15, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

{Practice Areas/CORP/15008/14190/A2906628.DOC}

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this case and he continues to serve as such. See attached **Exhibit A**.

4. On March 13, 2014, the Trustee commenced an adversary proceeding in this Court against Judy Tull, the Debtor's former Chief Executive Officer ("Ms. Tull"), and Kay Ellison, the Debtor's former Managing Partner ("Ms. Ellison"), both founding members and owners of the Debtor, Adversary Proceeding No. 14-04024 (the "Tull/Ellison Adversary Proceeding"), for, among other things, their conduct causing a shortfall from the Debtor's depository accounts, their breaches of duty to the Debtor, and to avoid and recover certain pre-petition transfers the Debtor made to Ms. Tull and Ms. Ellison. The Trustee settled the Tull/Ellison Adversary Proceeding which is now closed. Special Counsel represents Ms. Tull and Ms. Ellison with respect to the Tull/Ellison Adversary Proceeding.

5. Also on March 13, 2014, the Trustee commenced an adversary proceeding in this Court against Ed Warneck, the Debtor's former President ("Mr. Warneck") and Stanley Marshall Ellison, the Debtor's former Chairman ("Mr. Ellison"; collectively with Ms. Tull and Ms. Ellison, the "Adversary Proceeding Defendants"), both founding members and owners of the Debtor, Adversary Proceeding No. 14-04026 (the "Warneck/Ellison Adversary Proceeding"), for, among other things, their breaches of duty to the Debtor and to avoid and recover certain pre-petition transfers that the Debtor made to Mr. Warneck and Mr. Ellison. The Warneck/Ellison Adversary Proceeding was stayed as to Mr. Warneck as a result of his bankruptcy filing in the United States Bankruptcy Court – District of South Carolina. The Trustee settled the Warneck/Ellison Adversary Proceeding as to Mr. Ellison and the Warneck/Ellison Adversary Proceeding is now closed. Special Counsel represents Mr. Ellison with respect to the Warneck/Ellison Adversary Proceeding.

6. The Trustee seeks to employ Special Counsel on a contingency basis in accordance with Sections 327(a), 327(c), and 327(e) of the Bankruptcy Code, Rule 2014 and MLBR 2014-1.

7. The Trustee seeks to employ Special Counsel for the sole purpose of assisting with collection efforts in connection with a default judgment entered in the United States Bankruptcy Court, District of Massachusetts (Adversary Proceeding No. 13-04079) in favor of the Trustee against Fairfield Inn by Mariott, LP a/k/a Fairfield Inn Broadway ("Fairfield Inn") in the amount of $27,245.49 (the "Judgment"), including, inter alia, domestication of the Judgment in South Carolina and investigation and pursuit of assets.

8. The Trustee selected Reese R. Boyd, III, Esq. to act as Special Counsel on his behalf because Special Counsel is familiar with this matter due to Special Counsel's representation of the Adversary Proceeding Defendants, because of Special Counsel's experience and knowledge in the field of bankruptcy law in the State of South Carolina, and because the Trustee believes Special Counsel is well qualified to represent him in this case.

9. It is the carefully considered view of the Trustee that representation of the Trustee by Special Counsel is necessary and advisable. Upon information and belief, Special Counsel is fully qualified to render the services described above in this case.

10. Special Counsel has indicated a willingness to serve as Special Counsel to the Trustee herein and to receive compensation for professional services rendered on a contingency fee basis, at the rate of 40% of any recovery, plus any costs which Special Counsel have expended that exceed the $500.00 Disbursement Advance. Subject to this Court's approval, the Trustee shall pay the Disbursement Advance to Special Counsel for associated costs related to Special Counsel's work on this matter. Special Counsel shall be authorized to pay any and all

{Practice Areas/CORP/15008/14190/A2906628.DOC}

3

costs that, in Special Counsel's judgment, are reasonably necessary to the matter, from the Disbursement Advance funds. Prior to paying any such costs, Special Counsel shall provide the Trustee with an invoice, estimate or other applicable statement specifying the relevant cost. If the Trustee does not object, in writing, within five (5) days, Special Counsel shall be authorized to pay such costs from the Disbursement Advance. If the Trustee does object to payment of the invoice by Special Counsel, Special Counsel and the Trustee will work to resolve any concerns the Trustee may have in connection with the invoice, and any dispute that cannot be resolved will be submitted to the United States Bankruptcy Court – District of Massachusetts for disposition. Special Counsel is authorized to incur such costs as are reasonable and necessary to prosecute this matter, which costs shall be payable solely from the Disbursement Advance or any recovery, as applicable, according to the terms set forth herein. All fees and costs (other than those costs paid from the Disbursement Advance) shall be submitted to the Bankruptcy Court for consideration and will be subject to Bankruptcy Court approval in accordance with MLBR 2016-1 and shall be paid only from amounts recovered in connection with the Judgment and not from the funds, if any, in the Debtor's bankruptcy Estate. A copy of the proposed fee agreement is attached hereto as **Exhibit B**.

11.     To the best of the Trustee's knowledge, information and belief, Special Counsel has no connection with the Debtor, Fairfield Inn, the Debtor's creditors or any other party in interest with respect to the matter on which Special Counsel is to be employed and represents no other entity having an adverse interest to the Debtor or the Trustee in connection with this case other than as set forth in Paragraph Nos. 4 and 5 herein and the Affidavit of Reese R. Boyd, III filed herewith.

12. Based upon the foregoing, the Trustee submits that the retention of Special Counsel would be in the best interests of the Estate and creditors herein and that Special Counsel holds no interest adverse to the Debtor or to the Estate with respect to the matter on which Special Counsel is to be employed.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

(a) Authorizing the Trustee to employ Special Counsel on the terms and conditions set forth above;

(b) Authorizing the Trustee to pay Special Counsel, at this time, a Disbursement Advance in the amount of $500.00 to be applied to out-of-pocket expenses incurred by Special Counsel; and

(c) Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email:  bankrupt@mirickoconnell.com

Dated: May 21, 2015

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ORDER APPROVING TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL INCLUDING PAYMENT OF DISBURSEMENT ADVANCE IN THE AMOUNT OF $500.00

Upon the application dated May 21, 2015 (the "Application") of Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"), and upon the affidavit of Reese R. Boyd, III, Esq. attached to said Application; and it appearing that Reese R. Boyd, III, Esq. is qualified to serve as Special Counsel to the Trustee, and it appearing that, pursuant to Sections 327(a), 327(c), and 327(e) of the Bankruptcy Code, Reese R. Boyd, III, Esq. neither holds nor represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7 case and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, and that Reese R. Boyd, III's employment is in the best interests of the estate, no objections having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized to (A) employ Reese R. Boyd, III, Esq. and Davis & Boyd, LLC to serve as Special Counsel in the above-captioned Chapter 7 proceeding and to perform all of the services described in the Application, and (B) pay a Disbursement Advance (as defined in the Application) in the amount of $500.00 to Special Counsel, at this

{Practice Areas/CORP/15008/14190/A2906628.DOC}

time, to be applied to actual costs incurred by Special Counsel. All compensation and expenses, with the exception of the Disbursement Advance, are subject to Bankruptcy Court approval.

Dated: _____, 2015    _____
Honorable Melvin S. Hoffman
Chief Judge, United States Bankruptcy Court

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:   Southern Sky Air & Tours, LLC d/b/a Direct Air<br>Debtor, | Chapter: 7<br>Case No: 12-40944<br>Judge Melvin S. Hoffman |

## CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND FIXING OF BOND

Pursuant to 11 U.S.C. § 701(a)(1)

Joseph H. Baldiga
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926

is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. § 702(d).

Date: 4/11/12

William K. Harrington
U.S. Trustee
(617) 788-0400

Original filed with Bankruptcy Court
Copy to trustee

---

## REJECTION

I, Joseph H. Baldiga , hereby REJECT appointment as Trustee.
Dated: This day of _____ .

Joseph H. Baldiga

Original filed with Bankruptcy Court
Copy to United States Trustee

85

# EXHIBIT B

BRET H. DAVIS, JD*, CPA

*Licensed in SC and NC

# DAVIS & BOYD, LLC
ATTORNEYS AND COUNSELORS AT LAW

REESE R. BOYD, III

1110 London Street, Suite 201
Myrtle Beach, SC 29577

Mailing Address:
Post Office Box 70517
Myrtle Beach, SC 29572

Telephone: (843) 839-9800
Facsimile: (843) 839-9801
www.davisboydlaw.com

May 4, 2015

Mr. Joseph H. Baldiga, Esquire
Mirick, O'Connell, Demallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926

    Re:    **Direct Air vs. Fairfield Inn by Marriott d/b/a Fairfield Inn Broadway**
            Case/Docket Number:    None Yet Filed
            Our File No.:    015.013

Dear Joe:

    It was a pleasure speaking with you concerning the above-referenced matter, and we will be pleased to assist with your claim. The purpose of this letter is to set forth the general terms and conditions under which this firm will provide representation and/or assistance to you with respect to the matter.

    1.    **Scope of Representation.** We will assist you in your efforts to pursue collection of the judgment you have obtained against Fairfield Inn Broadway, a copy of which judgment you have provided to us (the "Judgment"). Specifically, we will file the necessary documents to domesticate the Judgment in South Carolina, and thereafter will take such additional steps as may be reasonably necessary to monetize the judgment, whether by foreclosure upon the judgment, negotiation with the judgment debtor, or other post-judgment proceedings. We will take such steps, as we may deem advisable, and as we may determine to be appropriate in consultation with you as we move forward. Should foreclosure litigation or other post-judgment proceedings become necessary, we will represent you in such formal proceedings, to include all court appearances, filings of and notices and other necessary documents, discovery and other written exchanges with the court or opposing counsel(s), motion hearing(s), and such other appearances as may be necessary.

{Practice Areas/CORP/15008/14190/A2909615.DOC[Ver:2]}

Joseph H. Baldiga, Esquire
May 4, 2015
Page 2 of 3

2.   **Fees and Costs.** As a Client, you agree to advance the Firm the sum of Five Hundred Dollars ($500.00) (the "Disbursement Advance") for associated costs related to the Firm's work on the above-referenced matter. The Client authorizes the Firm to pay any and all costs that, in the Firm's judgment, are reasonably necessary for our case, from the Disbursement Advance funds. Prior to paying any such cost, the Firm shall provide you with an invoice, estimate or other applicable statement specifying the relevant cost. If you do not object in writing to me within five (5) days, the Firm shall be authorized to pay such costs from the Disbursement Advance. If you do timely object, we will work with you to resolve any concerns that you might have, and any dispute that we cannot resolve shall be submitted to the Bankruptcy Court in Massachusetts for disposition.

Our fees for services rendered in the matter shall be based upon a contingency fee calculation, which shall be Forty Percent (40.0%) of the gross amount of any recovery. From the gross recovery, the Firm will also reimburse itself for any costs which it may have expended that exceed the $500.00 Disbursement Advance paid by the Client upon the execution of this Retainer Agreement. The Client further authorizes the Firm to incur such costs as are reasonable and necessary to prosecute Client's matter, which costs shall be payable solely from the Disbursement Advance or any recovery, as applicable, according to the terms as set forth herein above.

All fees and costs (other than those costs paid from the Disbursement Advance consistent with above) shall be submitted to the Bankruptcy Court for consideration and will be subject to Bankruptcy Court approval.

3.   **Billing.** The Client will generally not receive periodic billing on this file, given the contingent nature of the billing arrangement. Subject to paragraph 2 above, the Firm will provide periodic reconciliations of any costs or fees advanced by the Firm on behalf of the Client in connection with the matter.

4.   **Interest on Unpaid Bills.** Intentionally Omitted.

5.   **Nonpayment.** If any billed fees and costs advanced are not paid in full within the time outlined in the preceding section, the Firm has the option (subject to Bankruptcy Court approval) to withdraw from representation of the Client in this matter. The Client agrees that the Firm shall have a lien on such unpaid fees and costs advanced to the extent deemed by the Bankruptcy Court to be reasonable and appropriate.

Joseph H. Baldiga, Esquire
May 4, 2015
Page 3 of 3

6. **Withdrawal and Termination of Relationship.** The Firm retains the right (subject to Bankruptcy Court approval) to withdraw from this agreement, and the attorney-client relationship, if in the Firm's discretion it is no longer able or willing to continue in the representation of the Client. Likewise, Client may withdraw from the relationship upon written notice to the Firm; however, in such cases, the Firm reserves the right (subject to Bankruptcy Court approval) to assert an attorney's lien over the file for legal fees and costs incurred in connection with the file.

Please take a moment to review the above terms. Do not hesitate to contact me at any time should you have any questions or wish to discuss the matter further. If these terms are agreeable, please sign the enclosed copy of this letter where indicated, and return to me in the envelope provided, along with the Disbursement Advance. We appreciate the opportunity to assist you and look forward to working with you in this matter.

With kind regards, I am

Yours sincerely,

Reese R. Boyd, III

I agree to be responsible for the legal fees incurred in the above referenced legal matter, as or on behalf of the "Clients," subject to the terms and conditions set forth above.

Date: 5/21/15

Southern Sky Air & Tours LLC dba Direct Air

Signed: _____
By: Joseph H. Baldiga, solely in his capacity as
    Chapter 7 Trustee, and not Individually

RRB/pw

Encl.

{Practice Areas/CORP/15008/14190/A2909615.DOC[Ver:2]}