UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

## ATTORNEY'S AFFIDAVIT

STATE OF SOUTH CAROLINA    )
                                           ) ss.:
COUNTY OF HORRY              )

Reese R. Boyd, III, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the state of South Carolina, admitted to practice in federal and state courts, and also admitted in the Fourth Circuit Court of Appeals. I am an attorney with a principal business location of Davis & Boyd, LLC, 1110 London Street, Suite 201, Myrtle Beach, South Carolina 29577 and am a qualified person to perform the services described in the Trustee's Application for Authority to Employ Special Counsel Including Payment of Disbursement Advance in the Amount of $500.00 (the "Application to Employ").

2. Except as set forth in Paragraph 3 below, and pursuant to Sections 327(a), 327(c), and 327(e) of the United States Bankruptcy Code, neither I, nor any member of associate of my firm, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged. Thus, except as set forth in Paragraph 3 below, I believe I am a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

3. My and my firm's connection with the Debtor, creditors, or other parties-in-interest, and their respective attorneys are, to the best my knowledge, as follows:

> As disclosed and set forth more specifically in the Application to Employ, I and my firm represent Judy Tull, a founding principal of Direct Air in various proceedings related to Direct Air. We have also previously represented Marshall Ellison and Kay Ellison, also founding principals of Direct Air, in various matters related to Direct Air.

4. I have agreed to serve as Special Counsel to the Trustee and to receive compensation for professional services rendered on a contingency fee basis, at the rate of 40% of any recovery, plus any costs which I have expended that exceed the $500.00 Disbursement Advance. Subject to this Court's approval, the Trustee shall pay the Disbursement Advance to me for associated costs related to my work on this matter. I shall be authorized to pay any and all costs that, in my judgment, are reasonably necessary to the matter, from the Disbursement Advance funds. Prior to paying any such costs, I shall provide the Trustee with an invoice, estimate or other applicable statement specifying the relevant cost. If the Trustee does not object, in writing, within five (5) days, I shall be authorized to pay such costs from the Disbursement Advance. If the Trustee does object to payment of my invoice, the Trustee and I will work to resolve any concerns the Trustee may have in connection with the invoice and any dispute that cannot be resolved will be submitted to the United States Bankruptcy Court – District of Massachusetts for disposition. I am authorized to incur such costs as are reasonable and necessary to prosecute this matter, which costs shall be payable solely from the Disbursement Advance or any recovery, as applicable, according to the terms set forth herein. All fees and costs (other than those costs paid from the Disbursement Advance) shall be submitted to the Bankruptcy Court for consideration and will be subject to Bankruptcy Court approval in accordance with MLBR 2016-1 and shall be paid only from amounts recovered in

connection with the Judgment and not from the funds, if any, in the Debtor's bankruptcy estate. A copy of the proposed fee agreement is attached to the Application to Employ as Exhibit B.

5. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

6. I have reviewed the provisions of MLBR 2016-1.

7. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 20, 2015

Reese R. Boyd, III, Esq.