# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Southern Sky Air & Tours, LLC d/b/a Direct Air<br>Debtor, | Chapter: 7<br>Case No: 12-40944<br>Judge Melvin S. Hoffman |

## CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND FIXING OF BOND

Pursuant to 11 U.S.C. § 701(a)(1)

Joseph H. Baldiga
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926

is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. § 702(d).

Date: 4/11/12

*William K. Harrington*
U.S. Trustee
(617) 788-0400

Original filed with Bankruptcy Court
Copy to trustee

---

**REJECTION**

I, Joseph H. Baldiga, hereby REJECT appointment as Trustee.
Dated: This day of _____.

Joseph H. Baldiga

Original filed with Bankruptcy Court
Copy to United States Trustee

85

# EXHIBIT B

*Joseph H. Baldiga, Chapter 7 Trustee v. Progressive Funding Solutions, LLC*

### CONTINGENT FEE AGREEMENT BY AND BETWEEN JOSEPH H. BALDIGA AND SHEATS & MUCKLEROY LLP

This Agreement is entered into between Joseph H. Baldiga, Chapter 7 Trustee ("Client"), and Sheats & Muckleroy LLP ("Firm").

Client has retained Firm to pursue collection of the December 23, 2013 Judgment of $20,096.72 against Progressive Funding Solutions, LLC in the United States Bankruptcy Court, District of Massachusetts (Central Division) (the "Bankruptcy Court"), Southern Sky Air & Tours d/b/a Direct Air, Case No. 12-40944-MSH, Adversary Proceeding No. 13-04092 ("Litigation").

Our agreement as to how the Firm is to be compensated for work performed and costs incurred in connection with this Litigation is as follows:

1. There will be no required expense or fee retainer by Client.

2. <u>Fees</u>. Client agrees to pay the Firm (a) 33 1/3% of any Recovery by Client through settlement, judgment, or offset, as and when received by Client plus (b) those out-of-pocket expenses and disbursements (defined below as "Costs and Disbursements") paid by the Firm in connection with the Litigation. Recovery shall be the amount of money (or monetary value of non-monetary consideration) received in compensation or as relief for matters set forth in the Litigation, including actual, punitive, and multiple damages, as well as interest, attorneys' fees, and litigation costs recovered as part of the settlement, judgment, or offset. All payments shall be made from the Recovery, subject to Bankruptcy Court approval. Monthly statements will be provided to reflect the work performed by the Firm on behalf of Client.

3. <u>Costs and Disbursements</u>. All costs and disbursements (including expert witness fees, court reporting expenses, travel expenses, copying charges, computerized legal research charges) will be paid by the Firm on a current basis and will be reimbursed from the Recovery, if any, as described above.

4. <u>Take Nothing Judgment/Judgment Against Client</u>. In the event that there is a take nothing judgment in favor of Client or a judgment against the Client, the Firm shall not be obligated to pursue an appeal, and the fee arrangement set forth in this Agreement does not include any fees for an appeal from a take nothing judgment in favor of Client or a judgment against. However, if Client appeals from a judgment in favor of the Client, or if there is an interlocutory appeal by any party before judgment, the work to be performed by the Firm is included as part of the fee arrangement in this Agreement.

5. <u>Permission to Withdraw</u>. In the event the Firm should determine, for whatever cause deemed reasonable by the Firm, that the Client's claims should not be pursued further

or that the Firm does not wish to pursue them further, Client agrees that the Firm may withdraw from the representation of Client without further responsibility to Client by sending written notice of the intention to withdraw and providing a reasonable time for the Client to obtain other legal representation if Client desires to do so. Any withdrawal of representation by the Firm is subject to Bankruptcy Court approval. Without limiting the generality of the foregoing, the Firm may withdraw, subject to Bankruptcy Court approval, should any of the following occur:

   a. Client insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;

   b. Client insists that the Firm pursue a course of conduct that is illegal or that is prohibited under the Texas Disciplinary Rules of Professional Conduct ("Texas Rules");

   c. Client fails to cooperate with the Firm in the prosecution of Client's claims, or otherwise conduct herself in a manner to make it unreasonably difficult for the Firm to carry out its employment;

   d. Client insists that the Firm engage in conduct that is contrary to its judgment and advice, even if such conduct is not contrary to the Texas Rules;

   e. Client disregards this Agreement with the Firm as to fees or costs.

   In any such event, this Agreement shall terminate and the Firm will reconvey to the Client the contingent interest in the claims of the Client described above, upon payment by Client of any unpaid fees and expenses of Litigation then owed to the Firm.

6. <u>Termination by Client</u>. This Agreement may be terminated by Client and the assignment of the interests hereinabove conveyed to the Firm in Client's claims in Client's discretion (but only upon Bankruptcy Court approval) and the Firm shall be entitled to compensation out of any Recovery on the lesser of the following: (a) compensation on a *quantum meruit* basis for all services performed at its standard hourly rates, or (b) the contingent fee specified by paragraph 2, above.

7. <u>Abandonment of Litigation</u>. Client may at any time and in his sole discretion abandon the Litigation and/or the underlying claims by filing a Notice of Abandonment and, once such abandonment becomes effective, neither party will have any further obligation to the other.

8. <u>No Assignment</u>. Client has not assigned any portion of the claims or any other interest in the Litigation, and Client will not do so without the Firm's prior written consent, which the Firm may withhold in its sole discretion.

9. <u>Cooperation of Client</u>. Client shall appear on reasonable notice at all depositions and court appearances and shall comply with all reasonable requests of the Firm in connection with the representation of Client hereunder.

10. <u>Parties Bound; Effective Date</u>. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their representatives, heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement. This Agreement shall become effective upon the execution of it by both the Firm and Client.

11. <u>Legal Construction; Severability</u>. This Agreement shall be construed according to the laws of the State of Texas. In the event that one or more of the provisions of this Agreement shall be found invalid or unenforceable in any respect, such invalidity or unenforceability shall have no effect on the remaining provisions of this Agreement, and it shall be construed and enforced as though the unenforceable or invalid provision did not exist. Both Client and the Firm hereby acknowledge and confirm that they have participated jointly in the review and formation of this Agreement.

12. <u>Client's Representations</u>. Client hereby represents and affirms that this Agreement is being entered into freely and with full knowledge of its contents. Client has had an opportunity to carefully review this Agreement and Client understands its terms. Client understands that obtaining a judgment against any Defendant does not guarantee that the Defendants will satisfy or pay the judgment. Client has been advised by the Firm that the amount of a contingency fee is negotiable and is not set by law.

13. <u>No Guarantees by the Firm</u>. Client acknowledges that the Firm has not guaranteed or represented that any particular result will be achieved with respect to Client's claims. Client further acknowledges that the Firm has not guaranteed or made any representations as to the tax consequences of any recovery that may be obtained on behalf of Client. Any statements or expressions relative to Client's claims are simply the opinion of the Firm based upon the facts presented by Client.

14. <u>Various</u>. Notwithstanding anything to the contrary in the Agreement, (i) Client may not convey, assign, or otherwise transfer any rights, privileges, entitlements, or obligations under this Agreement or to any of Client's claims relating hereto, without the prior written consent of the Firm; (ii) Client shall not enter into any obligation which shall cause it to be in conflict or breach of its duties and obligations or the rights of the Firm; and (iii) Client shall not undertake any obligation or enter into any agreement pertaining to the subject matter hereof without the prior written consent of the Firm.

15. <u>Nonwaiver</u>. Failure by the Firm, in any one or more instances, to enforce any of its rights in connection with this Agreement, or to insist upon the strict performance of the terms of this Agreement, shall not be construed as a waiver or a relinquishment of any such rights for any other breach or enforcement thereof.

16. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall constitute an original and together would constitute one and the same instrument.

SIGNED AND AGREED

By: *Gina O'Neil*
Joseph H. Baldiga, Chapter 7 Trustee, by his counsel Gina O'Neil

Date: 6/26/15

By: *George Muckleroy*
George Muckleroy
State Bar No. 24041537
Sheats & Muckleroy LLP
500 Main Street, Suite 300
Fort Worth, Texas 76102
Tele: (817) 878-2425
Fax: (817) 288-0733

{Practice Areas/CORP/15008/14190/A2961573.DOC[Ver:2]}Joseph H. Baldiga, Chapter 7 Trustee v. Progressive Funding Solutions, LLC – Engagement Agreement
Page 4 of 4