## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>Debtor. | **Chapter 7**<br>**Case No. 12-40944-CJP** |
| **JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE FUNDING SOLUTIONS, LLC,**<br>Defendant. | **Adversary Proceeding**<br>**No. 13-04092-CJP** |

### STIPULATION OF SETTLEMENT
(Re: Default Judgment Against Progressive Funding Solutions, LLC)

NOW COME Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and Progressive Funding Solutions, LLC ("PFS"; together with the Trustee, the "Parties"), and enter into this Stipulation of Settlement (the "Stipulation") as follows:

### FACTUAL BACKGROUND

1.  On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4. On October 1, 2013, the Trustee filed a Complaint against PFS for the return of transfers made by the Debtor to PFS within 90 days prior to the Petition Date in an amount of not less than $20,096.72 (the "Transfers"), pursuant to BR Code §§ 547(b), 548, and 550.

5. PFS failed to file any Answer or responsive pleading in response to the Complaint.

6. On December 23, 2013, in connection with the Application for Default and Default Judgment filed by the Trustee on November 13, 2013, the U.S. Bankruptcy Court for the District of Massachusetts entered judgment (the "Judgment") in favor of the Trustee in the sum of $20,096.72, plus post-judgment interest and costs.

7. Through his counsel, the Trustee subsequently recorded a judgment lien (the "Judgment Lien") on PFS's property in Texas.

8. The Parties have engaged in negotiations and now wish to consensually resolve all of the disputes and claims between them.

## STIPULATION

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties stipulate and agree as follows:

A. PFS shall pay $6,000.00 (the "Settlement Amount") to the Trustee as settlement of all matters related to the Judgment and the Complaint. Payment of the Settlement Amount shall be made in ten equal monthly installments of $600.00 each, commencing on

February 1, 2016 (regardless of whether the Bankruptcy Court has approved this Stipulation) and continuing on the first day of each month through and including November 1, 2016. Checks should be made payable to "Joseph H. Baldiga, Chapter 7 Trustee" and delivered to the following address:

>Joseph H. Baldiga, Chapter 7 Trustee
>Mirick, O'Connell, DeMallie & Lougee, LLP
>1800 West Park Drive, Suite 400
>Westborough, Massachusetts 01581.

The Trustee will hold the Settlement Amount, or any portion thereof, in escrow pending entry of an order by the Bankruptcy Court approving this Stipulation.

    B.    Upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), PFS shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature.

    C.    Upon the later of (i) entry of the Final Order and (ii) receipt of the full Settlement Amount, the Trustee shall be deemed to have released PFS and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Judgment and the Complaint.

    D.    Within 30 days after the later of (i) entry of the Final Order and (ii) receipt of the full Settlement Amount, the Trustee shall release the Judgment Lien.

    E.    PFS acknowledges that PFS received no other payments from or on behalf of the Debtor within 90 days prior to the Petition Date, other than the Transfers referenced in the Complaint. PFS acknowledges that the Trustee has relied upon this representation in entering into this Stipulation.

F.  This Stipulation is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, this Stipulation shall be of no force or effect.

Respectfully submitted,

PROGRESSIVE FUNDING SOLUTIONS, LLC

By: /Yuseff L. Howard
Its: President/CEO

Dated: 1-28-        , 2016

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO # 670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

- and -

George Muckleroy, Esq.
Sheats & Muckleroy, LLP
500 Main Street, Suite 300
Fort Worth, TX  76102
Phone: 817.878.2425
Email: george@sheatsmuckleroy.com

Dated: January 28    , 2016