UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>　　Debtor. | Chapter 7<br>Case No. 12-40944-CJP |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>　　Plaintiff,<br><br>v.<br><br>PROGRESSIVE FUNDING SOLUTIONS, LLC,<br><br>　　Defendant. | Adversary Proceeding<br>No. 13-04092-CJP |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
(Re: Default Judgment Against Progressive Funding Solutions, LLC)

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air, the debtor herein (the "Debtor"), and hereby moves (the "Motion") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving the Stipulation of Settlement (the "Settlement Agreement") entered into by the Trustee and Progressive Funding Solutions, LLC ("PFS"; together with the Trustee, the "Parties"), a copy of which is filed concurrently herewith.

In support of this Motion, the Trustee states as follows:

## I. BACKGROUND

1. On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On October 1, 2013, the Trustee filed a Complaint against PFS for the return of transfers made by the Debtor to PFS within 90 days prior to the Petition Date in an amount of not less than $20,096.72 (the "Transfers"), pursuant to BR Code §§ 547(b), 548, and 550.

4. PFS failed to file any Answer or responsive pleading in response to the Complaint.

5. On December 23, 2013, in connection with the Application for Default and Default Judgment filed by the Trustee on November 13, 2013, the U.S. Bankruptcy Court for the District of Massachusetts entered judgment (the "Judgment") in favor of the Trustee in the sum of $20,096.72, plus post-judgment interest and costs.[1]

6. On July 20, 2015, the Trustee filed his Application to Employ Special Counsel (the "Special Counsel Application") in which he requested authority to engage George Muckleroy, Esq. and Sheats & Muckleroy LLP as special counsel ("Special Counsel") for the purpose of assisting with collection efforts in connection with the Judgment, including domestication of the Judgment in Texas and investigation and pursuit of the assets of PFS. This Court entered an Order approving the Special Counsel Application on August 4, 2015.

7. Special Counsel subsequently investigated pursuit of the Judgment on behalf of the Trustee, including to visit the PFS business location in Texas and to issue Interrogatories to

---

[1] Post-judgment interest is a nominal amount.

PFS. Special Counsel also recorded a judgment lien (the "Judgment Lien") on PFS's property. In connection with the investigation, Special Counsel also engaged in discussions with the principal of PFS regarding PFS's assets and ability to pay.

8. Through Special Counsel, the Trustee has negotiated an agreement (i.e., the Settlement Agreement) with PFS to resolve the Parties' dispute concerning the Judgment. Details regarding the Settlement Agreement are set forth below.

9. The Settlement Agreement is subject to Bankruptcy Court approval pursuant to MLBR 9019-1. Absent such approval, the Settlement Agreement shall be of no force or effect.

## II.    SUMMARY OF THE SETTLEMENT AGREEMENT

10. The Settlement Agreement between the Trustee and PFS provides that PFS shall pay $6,000.00 (the "Settlement Amount") to the Trustee as settlement of all matters related to the Judgment and the Complaint. Payment of the Settlement Amount shall be made in ten equal monthly installments of $600 each, commencing on February 1, 2016 and continuing on the first day of each month through and including November 1, 2016. The Trustee will hold the Settlement Amount, or any portion thereof, in escrow pending entry of an order by the Bankruptcy Court approving the Stipulation.

11. The Settlement Agreement also provides that, upon entry of the Bankruptcy Court's final order (i.e., no longer subject to stay, reconsideration or appeal) approving this Stipulation (the "Final Order"), PFS shall be deemed to have released and discharged the Trustee, his representatives, attorneys, agents or assigns, and the Estate from any and all claims and/or counterclaims of any type or nature.

12. The Settlement Agreement further provides that upon the later of (i) entry of the Final Order and (ii) receipt of the full Settlement Amount, the Trustee shall be deemed to have

released PFS and its representatives, attorneys, agents, or assigns from any and all claims or obligations arising from or related to the Judgment and the Complaint.

13. The Settlement Agreement also requires the Trustee to release the Judgment Lien against PFS upon the later of (i) entry of the Final Order and (ii) receipt of the full Settlement Amount.

14. Finally, PFS acknowledges that it received no other payments from or on behalf of the Debtor within the 90 days prior to the Petition Date, or at any time following the Petition Date, other than the Transfers referenced in the Complaint.

### III.    REASONABLENESS OF THE SETTLEMENT

15. In determining whether a settlement agreement should be approved, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995), quoting In re GHR Cos., 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citations omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. Hill v. Burdick (In re Moorhead Corp.), 208 B.R. 87, 89 (1st Cir. BAP 1997).

16. The Trustee believes that the Settlement Agreement considers the challenges that the Trustee would encounter if he were to pursue collection of the full amount of the Judgment. Specifically, the Trustee believes that collectability is an issue, based on the responses that PFS provided to the Interrogatories and based on Special Counsel's assessment of PFS's business and its business location. As a result, the Trustee believes that the Settlement Agreement is fair and equitable.

17. The Trustee has also determined that the Settlement Agreement stems the legal costs and expenses which would otherwise be incurred through litigation.

18. The Trustee further states that the Settlement Agreement will result in a material benefit to the Estate. Based on the terms set forth in the Application to Employ Special Counsel and the Application for Allowance of Compensation and Reimbursement of Expenses filed herewith (the "Special Counsel Application"), the Estate will benefit from $3,669.14 of the total Settlement Amount. Specifically, as set forth in the Contingent Fee Agreement attached to the Special Counsel Application, the Trustee has agreed to pay Special Counsel (a) 33 1/3% of any recovery on account of the Judgment plus (b) out of pocket expenses and disbursements paid by Special Counsel. In the Special Counsel Application, Special Counsel seeks allowance and payment of a fee in the amount of $2,000 and expenses in the amount of $330.86 upon the Trustee's receipt of the Settlement Amount, consistent with the Contingent Fee Agreement. Accordingly, the Estate is expected to benefit from $3,669.14, the remaining portion of the Settlement Amount.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A. Approving the Stipulation of Settlement (Re: Default Judgment Against Progressive Funding Solutions, LLC) as it is in the best interest of the Estate; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Gina Barbieri O'Neil
Joseph H. Baldiga, BBO #549963
Gina Barbieri O'Neil, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com
Email: goneil@mirickoconnell.com

Dated:  January 29, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-CJP |
| JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE FUNDING SOLUTIONS, LLC,<br><br>Defendant. | Adversary Proceeding<br>No. 13-04092-CJP |

## ORDER APPROVING STIPULATION OF SETTLEMENT
(Re: Default Judgment Against Progressive Funding Solutions, LLC)

Upon the Motion to Approve Stipulation of Settlement (the "Motion") filed by Joseph H. Baldiga, Chapter 7 trustee of the above-captioned Debtor (the "Trustee"), on January 29, 2016, for an order approving the Stipulation of Settlement with Progressive Funding Solutions, LLC; and the Court finding that the Motion is in the best interest of the estate; and no objection to the Motion having been filed or any such objection having been withdrawn or overruled;

NOW THEREFORE IT IS HEREBY ORDERED THAT:

A.  The Motion is allowed; and

{Practice Areas/CORP/15008/14190/A3118763.DOC[Ver:2]}

B.  The Stipulation of Settlement (Re: Default Judgment Against Progressive Funding Solutions, LLC) is approved.


Dated:_____, 2016         _____
                                    Honorable Christopher J. Panos
                                    United States Bankruptcy Judge