UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 12-40944-CJP** |
| **JOSEPH H. BALDIGA, CHAPTER 7**<br>**TRUSTEE OF THE BANKRUPTCY**<br>**ESTATE OF SOUTHERN SKY AIR &**<br>**TOURS, LLC d/b/a DIRECT AIR,**<br>    **Plaintiff,**<br><br>    **v.**<br><br>**PROGRESSIVE FUNDING**<br>**SOLUTIONS, LLC,**<br>    **Defendant.** | **Adversary Proceeding**<br>**No. 13-04092-CJP** |

## APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY GEORGE MUCKLEROY, SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE
### (Re: Default Judgment Against Progressive Funding Solutions, LLC)

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

Now comes George Muckleroy (the "Applicant"), special counsel to Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the Debtors in the above-captioned action, and hereby submits his Application for Allowance of Compensation and Reimbursement of Expenses (the "Special Counsel Fee Application") for payment of legal fees and costs incurred by him for the period from June 26, 2015 through and including January 14, 2016 (the "Fee Application Period) under Bankruptcy Code §§ 330, 331, 503(b)(2), 503(b)(4) and 507(a)(1), Fed. R. Bankr. P. 2016, and MLBR 2016-1. The Applicant seeks allowance and payment of fees in the amount of

$2,000.00 and expenses in the amount of $330.86, for a total amount of $2,330.86.  In support hereof, the Applicant states as follows:

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.

4.      On October 1, 2013, the Trustee filed a Complaint (the "Complaint") against Progressive Funding Solutions, LLC ("PFS") for the return of transfers made by the Debtor to PFS within 90 days prior to the Petition Date in an amount of not less than $20,096.72 (the "Transfers"), pursuant to BR Code §§ 547(b), 548, and 550.

5.      PFS failed to file any Answer or responsive pleading in response to the Complaint.

6.      On December 23, 2013, in connection with the Application for Default and Default Judgment filed by the Trustee on November 13, 2013, the U.S. Bankruptcy Court for the District of Massachusetts entered judgment (the "Judgment") in favor of the Trustee in the sum of $20,096.72, plus post-judgment interest and costs.

7.      On July 20, 2015, the Trustee filed his Application to Employ Special Counsel (the "Special Counsel Application") in which he requested authority to engage George Muckleroy, Esq. and Sheats & Muckleroy LLP as special counsel for the purpose of assisting with collection efforts in connection with the Judgment, including domestication of the Judgment

in Texas and investigation and pursuit of the assets of PFS. This Court entered an Order approving the Special Counsel Application on August 4, 2015. A copy of the Order approving the Special Counsel Application is attached hereto as **Exhibit A.**

8.　　　The Trustee and the Applicant entered into a contingent fee agreement (the "Fee Agreement") in connection with pursuing collection of the Judgment, whereby the Applicant agreed to represent the Trustee on a contingency basis, and the Trustee agreed to pay Applicant (a) 33 1/3% of any recovery on account of the Judgment plus (b) out of pocket expenses and disbursements paid by Applicant. A copy of the Fee Agreement is attached hereto as **Exhibit B.**

9.　　　Through the Applicant, the Trustee has negotiated an agreement (the "Settlement Agreement") with PFS which provides that PFS shall pay $6,000.00 (the "Settlement Amount") to the Trustee as settlement of all matters related to the Judgment and the Complaint.

10.　　　The services rendered by the Applicant include the following:

-prepared affidavit and declaration in connection with Special Counsel Application;

-domesticated the Judgment in Texas;

-prepared and filed abstract of judgment in Texas;

-prepared and served discovery in aid of judgment;

-met with and negotiated settlement with PFS, on behalf of Trustee;

-prepared this Special Counsel Fee Application.

11.　　　A summary of time charges and itemization of necessary and actual out-of-pocket expenses for the Special Counsel Fee Application Period is attached hereto as **Exhibit C.** Based on the information contained in the summary, the Applicant spent 10.7 hours on reasonable and necessary tasks, resulting in an average hourly rate of $217.84. The Applicant incurred out-of-pocket expenses of $330.86 for which the Applicant seeks reimbursement.

12.     Pursuant to MLBR 2016-1(a)(1)(I), attached as **Exhibit D** is a brief biography of the Applicant, stating his background and work experience.

13.     Based upon the foregoing, the Applicant seeks compensation in the sum of $2,000.00 from the Settlement Amount, upon receipt by the Trustee, which represents the Applicant's contingency fee of 33 1/3 % of the Settlement Amount pursuant to the Fee Agreement.  In addition, the Applicant seeks approval for reimbursement of his out-of-pocket expenses in the amount of $330.86.  Accordingly, by this Special Counsel Fee Application, the Applicant seeks a combined award of $2,330.86, representing the agreed upon compensation and the expenses that were incurred.

14.     Appellate courts in Massachusetts have upheld contingent fee agreements and rejected their conversion to hourly fee arrangements on a retroactive basis.  *See Smith v. Consalvo*, 37 Mass. App. Ct. 192 (1994).  The reasons for this are sound: "A contingent fee agreement may be necessary to secure the services of a lawyer when a successful result is far from certain, and the client has not the means to compensate a lawyer win, lose, or draw." *Smith*, supra at 196.  *See also* Jay, "The Dilemmas of Attorney Contingent Fees," 11 *Georgetown Journal of Legal Ethics* 813, 814 (1989).  Thomason, "Are Attorneys Paid What They're Worth?" 20 *Journal of Legal Studies* 187 (1991).  Posner, *Economic Analysis of Law*, § 21.9 at 534-535 (3rd ed. 1986). "Judge Posner makes the observation that a 'contingent fee compensates the lawyer not only for the legal services [rendered] but for the loan of those services. Application of the agreed upon percentage factor ought presumptively to be regarded as a reasonable fee." *Smith*, supra at 197.  The Appeals Court has affirmed ". . . a percentage factor of 33 1/3% is well within the limit of tolerance, even when the resulting fee is dramatic." *Smith*, supra at 197, citing *Gagnon v. Shoblom*, 409 Mass. 63 (1991) (reversing trial judge's decision to

reduce a contingent fee agreement from $975,000 to $695,000 sua sponte) and *Venegas v. Mitchell*, 495 U.S. 82 (1990) (upholding 40% contingent fee agreement).

15.     The Applicant has been duly licensed to practice in the State of Texas and before the United States District Court for the Northern District of Texas and is experienced in representing parties and claims of this nature.

WHEREFORE, the undersigned prays that this Court enter an order in the form attached hereto:

A.     Allowing fees for professional services rendered by the Applicant in the amount of $2,000.00 and reimbursement of the Applicant's expenses in the amount of $330.86, for a total award of $2,330.86 in connection with his representation of the Trustee during the Fee Application Period;

B.     Authorizing the Trustee to pay George Muckleroy fees in the amount of $2,000.00 and expenses in the amount of $330.86, upon receipt of the Settlement Amount; and

C.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*George Muckleroy*

George Muckleroy
State Bar No. 24041537
Sheats & Muckleroy L.L.P.
500 Main Street, Suite 300
Fort Worth, Texas 76102
Phone:  817-878-2425
Fax:     817-288-0733
Email: George@SheatsMuckleroy.com
Special Counsel to the Trustee

Dated: January 27, 2016

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC**
**d/b/a DIRECT AIR,**

      Debtor.

Chapter 7
Case No. 12-40944-CJP

---

**ORDER APPROVING APPLICATION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES BY GEORGE MUCKLEROY,
SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE**
**(Re: Default Judgment Against Progressive Funding Solutions, LLC)**

Upon the Application for Allowance of Compensation and Reimbursement of Expenses

by George Muckleroy, special counsel to Joseph H. Baldiga, Chapter 7 trustee ("Special

Counsel"), dated January 27, 2016 (the "Special Counsel Fee Application"); and the Court

finding that notice thereof was sufficient; and no objection to the Special Counsel Fee

Application having been filed or any such objection having been overruled after a hearing as

appropriate under the circumstances;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Special Counsel Fee Application is allowed;

2.      Special Counsel be and hereby is granted and allowed fees in the amount of
$_____ in connection with its representation of the Trustee;

3.      Special Counsel be and hereby is granted and allowed reimbursement of its
expenses in the amount of $_____ in connection with its representation of the Trustee; and

4.      The Trustee is authorized to pay Special Counsel's awarded fees and expenses in
the amounts of $_____ and $_____, respectively, upon receipt
of the Settlement Amount (as defined in the Special Counsel Fee Application).

Dated: _____      _____
                                     Honorable Christopher J. Panos
                                     United States Bankruptcy Court

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

   **Debtor.**

**Chapter 7
Case No. 12-40944-MSH**

## ORDER APPROVING TRUSTEE'S APPLICATION FOR
## AUTHORITY TO EMPLOY SPECIAL COUNSEL

Upon the application dated July 20, 2015 (the "Application") of Joseph H. Baldiga,

Chapter 7 trustee (the "Trustee"), and upon the affidavit of George Muckleroy, Esq. attached to

said Application; and it appearing that George Muckleroy, Esq. is qualified to serve as Special

Counsel to the Trustee, and it appearing that George Muckleroy, Esq. neither holds nor

represents any interest adverse to the Debtor or to the Trustee in connection with this Chapter 7

case and is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code,

and that George Muckleroy's employment is in the best interests of the estate, no objections

having been filed or any objections being hereby overruled, it is hereby:

ORDERED, that the Trustee is authorized to employ George Muckleroy, Esq. and

Sheats & Muckleroy LLP to serve as Special Counsel in the above-captioned Chapter 7 case and

to perform all of the services described in the Application. All compensation and expenses are

subject to Bankruptcy Court approval.

Dated:   Augnst 4    , 2015

          _Melvin S. Hoffman_
          Honorable Melvin S. Hoffman
          Chief Judge, United States Bankruptcy Court

# EXHIBIT B

*Joseph H. Baldiga, Chapter 7 Trustee v. Progressive Funding Solutions, LLC*

### CONTINGENT FEE AGREEMENT BY AND BETWEEN JOSEPH H. BALDIGA AND SHEATS & MUCKLEROY LLP

This Agreement is entered into between Joseph H. Baldiga, Chapter 7 Trustee ("Client"), and Sheats & Muckleroy LLP ("Firm").

Client has retained Firm to pursue collection of the December 23, 2013 Judgment of $20,096.72 against Progressive Funding Solutions, LLC in the United States Bankruptcy Court, District of Massachusetts (Central Division) (the "Bankruptcy Court"), Southern Sky Air & Tours d/b/a Direct Air, Case No. 12-40944-MSH, Adversary Proceeding No. 13-04092 ("Litigation").

Our agreement as to how the Firm is to be compensated for work performed and costs incurred in connection with this Litigation is as follows:

1. There will be no required expense or fee retainer by Client.

2. <u>Fees.</u>  Client agrees to pay the Firm (a) 33 1/3% of any Recovery by Client through settlement, judgment, or offset, as and when received by Client plus (b) those out-of-pocket expenses and disbursements (defined below as "Costs and Disbursements") paid by the Firm in connection with the Litigation.  Recovery shall be the amount of money (or monetary value of non-monetary consideration) received in compensation or as relief for matters set forth in the Litigation, including actual, punitive, and multiple damages, as well as interest, attorneys' fees, and litigation costs recovered as part of the settlement, judgment, or offset.  All payments shall be made from the Recovery, subject to Bankruptcy Court approval.  Monthly statements will be provided to reflect the work performed by the Firm on behalf of Client.

3. <u>Costs and Disbursements.</u>  All costs and disbursements (including expert witness fees, court reporting expenses, travel expenses, copying charges, computerized legal research charges) will be paid by the Firm on a current basis and will be reimbursed from the Recovery, if any, as described above.

4. <u>Take Nothing Judgment/Judgment Against Client.</u>  In the event that there is a take nothing judgment in favor of Client or a judgment against the Client, the Firm shall not be obligated to pursue an appeal, and the fee arrangement set forth in this Agreement does not include any fees for an appeal from a take nothing judgment in favor of Client or a judgment against.  However, if Client appeals from a judgment in favor of the Client, or if there is an interlocutory appeal by any party before judgment, the work to be performed by the Firm is included as part of the fee arrangement in this Agreement.

5. <u>Permission to Withdraw.</u>  In the event the Firm should determine, for whatever cause deemed reasonable by the Firm, that the Client's claims should not be pursued further

or that the Firm does not wish to pursue them further, Client agrees that the Firm may withdraw from the representation of Client without further responsibility to Client by sending written notice of the intention to withdraw and providing a reasonable time for the Client to obtain other legal representation if Client desires to do so. Any withdrawal of representation by the Firm is subject to Bankruptcy Court approval. Without limiting the generality of the foregoing, the Firm may withdraw, subject to Bankruptcy Court approval, should any of the following occur:

   a. Client insists on presenting a claim or defense that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law;

   b. Client insists that the Firm pursue a course of conduct that is illegal or that is prohibited under the Texas Disciplinary Rules of Professional Conduct ("Texas Rules");

   c. Client fails to cooperate with the Firm in the prosecution of Client's claims, or otherwise conduct herself in a manner to make it unreasonably difficult for the Firm to carry out its employment;

   d. Client insists that the Firm engage in conduct that is contrary to its judgment and advice, even if such conduct is not contrary to the Texas Rules;

   e. Client disregards this Agreement with the Firm as to fees or costs.

   In any such event, this Agreement shall terminate and the Firm will reconvey to the Client the contingent interest in the claims of the Client described above, upon payment by Client of any unpaid fees and expenses of Litigation then owed to the Firm.

6. <u>Termination by Client</u>.    This Agreement may be terminated by Client and the assignment of the interests hereinabove conveyed to the Firm in Client's claims in Client's discretion (but only upon Bankruptcy Court approval) and the Firm shall be entitled to compensation out of any Recovery on the lesser of the following:  (a) compensation on a *quantum meruit* basis for all services performed at its standard hourly rates, or (b) the contingent fee specified by paragraph 2, above.

7. <u>Abandonment of Litigation</u>.    Client may at any time and in his sole discretion abandon the Litigation and/or the underlying claims by filing a Notice of Abandonment and, once such abandonment becomes effective, neither party will have any further obligation to the other.

8. <u>No Assignment</u>.    Client has not assigned any portion of the claims or any other interest in the Litigation, and Client will not do so without the Firm's prior written consent, which the Firm may withhold in its sole discretion.

9. <u>Cooperation of Client</u>. Client shall appear on reasonable notice at all depositions and court appearances and shall comply with all reasonable requests of the Firm in connection with the representation of Client hereunder.

10. <u>Parties Bound; Effective Date</u>. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their representatives, heirs, executors, administrators, legal representatives, successors and assigns where permitted by this Agreement. This Agreement shall become effective upon the execution of it by both the Firm and Client.

11. <u>Legal Construction; Severability</u>. This Agreement shall be construed according to the laws of the State of Texas. In the event that one or more of the provisions of this Agreement shall be found invalid or unenforceable in any respect, such invalidity or unenforceability shall have no effect on the remaining provisions of this Agreement, and it shall be construed and enforced as though the unenforceable or invalid provision did not exist. Both Client and the Firm hereby acknowledge and confirm that they have participated jointly in the review and formation of this Agreement.

12. <u>Client's Representations</u>. Client hereby represents and affirms that this Agreement is being entered into freely and with full knowledge of its contents. Client has had an opportunity to carefully review this Agreement and Client understands its terms. Client understands that obtaining a judgment against any Defendant does not guarantee that the Defendants will satisfy or pay the judgment. Client has been advised by the Firm that the amount of a contingency fee is negotiable and is not set by law.

13. <u>No Guarantees by the Firm</u>. Client acknowledges that the Firm has not guaranteed or represented that any particular result will be achieved with respect to Client's claims. Client further acknowledges that the Firm has not guaranteed or made any representations as to the tax consequences of any recovery that may be obtained on behalf of Client. Any statements or expressions relative to Client's claims are simply the opinion of the Firm based upon the facts presented by Client.

14. <u>Various</u>. Notwithstanding anything to the contrary in the Agreement, (i) Client may not convey, assign, or otherwise transfer any rights, privileges, entitlements, or obligations under this Agreement or to any of Client's claims relating hereto, without the prior written consent of the Firm; (ii) Client shall not enter into any obligation which shall cause it to be in conflict or breach of its duties and obligations or the rights of the Firm; and (iii) Client shall not undertake any obligation or enter into any agreement pertaining to the subject matter hereof without the prior written consent of the Firm.

15. <u>Nonwaiver</u>. Failure by the Firm, in any one or more instances, to enforce any of its rights in connection with this Agreement, or to insist upon the strict performance of the terms of this Agreement, shall not be construed as a waiver or a relinquishment of any such rights for any other breach or enforcement thereof.

16. <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts, each of
which shall constitute an original and together would constitute one and the same
instrument.

SIGNED AND AGREED

By: _Gina O'Neil_____
Joseph H. Baldiga, Chapter 7 Trustee, *by his counsel
Gina O'Neil*

Date: _6/26/15_____

By: _George Muckleroy_____
George Muckleroy
State Bar No. 24041537
Sheats & Muckleroy LLP
500 Main Street, Suite 300
Fort Worth, Texas 76102
Tele: (817) 878-2425
Fax: (817) 288-0733

# EXHIBIT C

Time record

*Joseph H. Baldiga, Chapter 7 Trustee of the Bankruptcy Estate of Southern Sky Air &
Tours, LLC d/b/a Direct Air v. Progressive Funding Solutions, LLC*; Cause No. 342-
280646-15, in the 342nd District Court, Tarrant County, Texas

6/11/15 – review documents from G. O'Neil - .6
7/17/15 – work on affidavit and declaration for application - .5
8/11/15 – work on domestication of judgment pleadings – 1.3
8/13/15 – communications with Court to obtain authenticated judgment - .7
8/14/15 – communications with Bankr. Ct. to obtain authenticated judgment - .5
8/27/15 – draft and file domestication of judgment and abstract of judgment – 2.0
8/28/15 – work on draft post judgment discovery - .8
9/4/15 – complete and serve discovery - .7
10/9/15 – go to PFS office and interview Y. Howard - .3
10/20/15 – communications with client on discovery response and potential settlement -
.4
10/21/15 – communications on settlement - .3
11/2/15 – communications on settlement - .2
11/9/15 – communications on settlement - .2
12/21/15 – communications on stipulation of settlement - .5
12/29/15 – communications on settlement approval process - .2
1/14/15 – draft application for compensation; communications with client – 1.5
Total: 10.7

Expenses:
8/13/15 - $11.00 to Bankr. Ct. for Authenticated Judgment
8/27/15 - $283.98 – filing fees for domestication
        -$20.00 to file abstract
        -$8.65 – postage to debtor
9/4/15 - $7.23 – postage to debtor with discovery
Total: $330.86

Average hourly rate:
$2,000.00 + $330.86 = $2,330.86/10.7= $217.84

# EXHIBIT D

# R. George Muckleroy IV

## Sheats & Muckleroy LLP



500 Main Street, Suite 300, Fort Worth, Texas 76102

Phn: 817.878.2425
Fax: 817.288-0733
George@SheatsMuckleroy.com

Mr. Muckleroy was an Attorney at Thompson & Knight for over eight years, representing clients in state and federal courts. His prior representations include eminent domain, commercial litigation, construction, negligence, landlord/tenant, insurance, contracts, oil and gas, family law, personal injury, and products liability.

## EDUCATION

J.D., magna cum laude, Texas Tech University School of Law, 2003; Phi Kappa Phi;
    Managing Editor, Texas Tech Law Review
B.A. in Anthropology, Texas A&M University, 1995

## ADMISSIONS

Texas, 2003
U.S. District Court, Northern District of Texas, 2003

## PRIOR EXPERIENCE

Captain, United States Marine Corps, 1995-2000

## DISTINCTIONS/HONORS

*Texas Rising Star*® by Thomson Reuters (Business Litigation); 2011-2013
Tarrant County's Top Attorneys for General Litigation in Fort Worth, Texas Magazine; 2007-2012

## ACTIVITIES – PROFESSIONAL

Member, American Bar Association – Litigation
Member, State Bar of Texas – Litigation
Member, Tarrant County Bar Association – Secretary of Business Litigation Section
Member, International Right of Way Association, Chapter 36
Texas Lawyers for Texas Veterans – Chair
Barrister, Eldon Mahon Inn of Court, Tarrant County
Former Chair, Tarrant County Bar Association Bylaws Committee

## ACTIVITIES – CIVIC

Former President, Board of Directors, Schola Cantorum of Texas
Former President, Ridglea Country Club Estates Homeowners' Association
Former Precinct Chair
Eagle Scout

## PRESENTATIONS/PUBLICATIONS

"Texas Small Claims / JP Court Practice - Navigating the People's Court," 2010
"Direct Examination," 2008
"Life's Legal Lessons," Lawdragon.com, May 2007