# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

          **Debtor.**

**Chapter 7
Case No. 12-40944-CJP**

## TRUSTEE'S MOTION TO (I) ABANDON ESTATE'S REMAINING INTEREST IN ARROW SETTLEMENT, (II) ABANDON AND DESTROY CERTAIN ESTATE RECORDS AND (III) TERMINATE ACCESS TO DEBTOR'S ON-LINE RECORDS

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby moves (the "Motion") this Court for an order authorizing the Trustee to (I) abandon any and all of the Estate's remaining interest in a certain settlement between the Trustee and Arrow Energy, Inc. ("Arrow") approved by this Court on July 22, 2014 (the "Arrow Settlement") and any remaining claims against Arrow, (II) abandon and destroy certain of the Debtor's records and documents stored in approximately 231 boxes, plus two (2) servers and one box containing 28 personal computer hard drives (the "Documents and Computers"), currently located in Verdolino & Lowey, P.C.'s warehouse in Wrentham, Massachusetts and (III) terminate on-line access to the Debtor's QuickBooks files (the "QuickBooks Files"; together with the Documents and Computers, the "Records").  The Estate is unlikely to recover any additional funds from the Arrow Settlement that would exceed the cost to recover those funds.  Further, the Trustee has determined the Records are no longer necessary to the Trustee's administration of the Estate.

The Trustee seeks to abandon the Records to United States Department of Justice (the "DOJ")

provided it will retrieve the Records within ten (10) days of the allowance of this Motion at no

cost to the Trustee, or the Trustee shall dispose of the Records remaining in his possession,

custody and control after that time.

In support of this Motion, the Trustee submits the following:

### A.      Factual Background of the Bankruptcy.

1.      On March 15, 2012, the Debtor filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012, this case was converted to one under Chapter 7 of the

Bankruptcy Code.

3.      On April 11, 2012, the United States Trustee appointed Joseph H. Baldiga as

Chapter 7 trustee of the Debtor's case and he continues to serve as such.

4.      Following his appointment, the Trustee took control of the Debtor's electronic and

paper records from the Debtor's former business locations and secured on-line access to the

QuickBooks Files in the event the Records would be necessary for the Trustee's administration

of the Estate.

5.      As part of the Trustee's administration of the Estate, the Trustee pursued the

recovery of preferential transfers by making demands and filing suit.  All preference claims have

been resolved or reduced to judgment.

6.      Beginning in 2013, the Trustee undertook an investigation of the Debtor's

operations and dissipation of funds from its depository accounts at Valley National Bank

("VNB") that created a shortfall in the Debtor's accounts.  The investigation culminated in the

preparation of the Trustee's Report on Direct Air's Operations and Shortfall (the "Investigative

Report"), with an appendix of supporting documents.  Relying on the Investigative Report, the

Trustee filed several actions against the Debtor's owners to recover damages suffered by the

Debtor.  Those actions have all been fully resolved.

7.      Other than the claims with Arrow that have been reduced to the Arrow Settlement,

discussed below, the only outstanding and active claims involving the Trustee are in Merrick

Bank Corporation v. Valley National Bank, Civil Action No. 2:13-CV-7756-MCA-MAH (United

States District Court for the District of New Jersey) (the "VNB Litigation").  The Trustee

assigned the Estate's claims to Merrick Bank Corporation ("Merrick") to pursue against VNB,

and pursuant to the Assignment and Settlement Agreement approved by this Court, the Trustee

will recover five percent (5%) of any net recovery in the VNB Litigation.  Merrick's counsel is

lead counsel in the VNB Litigation.

### B.      The Arrow Settlement.

8.      Prior to the Petition Date, on December 22, 2010, Arrow filed an action (the

"Garnishment Action") in the Circuit Court of Broward County to domesticate a judgment Arrow

obtained in Michigan against Aviation Fuel International, Inc. ("AFI") and Sean Wagner.  In the

Garnishment Action, Arrow served a writ of garnishment on the Debtor on March 3, 2011,

seeking to attach funds Arrow claimed the Debtor owed to AFI, in satisfaction of AFI's debt to

Arrow.

9.      On April 28, 2011, the court in the Garnishment Action entered a Final Judgment

in Garnishment (the "Garnishment Judgment") against the Debtor in the amount of $329,138.97,

over the Debtor's objection.  The Debtor appealed the Garnishment Judgment by filing an appeal

in the District Court of Appeal, Fourth District, State of Florida (Case No. 4D11-2018) (the

"Garnishment Appeal Action").

10.     During the pendency of the Garnishment Appeal Action, Arrow executed on the

Garnishment Judgment against the Debtor, and forced the Debtor to pay $200,000.00 to Arrow

(the "200K Transfer").  Additionally, prior to the Petition Date, the Debtor inadvertently wired

$104,000.00 to AFI's account at Sun Trust Bank (the "104K Transfer"; together with the 200K

Transfer, the "Transfers") instead of sending such funds to AFI, the intended recipient.

11.     On June 13, 2012, this Court granted the Trustee's application to employ Robert

M. Dees and the law firm of Milam Howard Nicandri Deeds & Gillam, P.A., as amended, as

special counsel to the Trustee ("Special Counsel"), on a contingency basis, for the purpose of

continuing prosecution of the Garnishment Appeal Action.

12.     In April 2013, the Estate received $42,000.00 as a result of a supersedeas bond

relating to the Garnishment Appeal Action.  Special Counsel received fees and expenses of

$15,739.92 pursuant to its contingency arrangement, with the net amount of $26,260.08 paid to

the Estate, as approved by this Court on December 17, 2013.  [Docket No. 423]

13.     On or about March 12, 2014, the Trustee filed a complaint pursuant to Bankruptcy

Code §§ 502, 548 and 550 against Arrow and Sun Trust Bank ("Sun Trust") commencing

adversary proceeding number 14-04022 (the "Adversary Proceeding").  In the Adversary

Proceeding, the Trustee sought (a) a declaration that Arrow's prosecution of a garnishment action

violates the automatic stay, (b) to avoid and recover pre-petition Transfers and (c) to disallow

claims against the Estate.  Among other things, the Trustee asserted that the Transfers were

avoidable as constructive fraudulent transfers.

14.     The Trustee promptly negotiated the Arrow Settlement with Arrow and Sun Trust

that resolved all of the claims and causes of action asserted by the Trustee in the Complaint or

which the Trustee could assert against Arrow and the disputes in the Florida Appellate Court and

in the Florida Trial Court.  The Arrow Settlement was approved by this Court on July 22, 2014.

[Docket No. 578]

15.     Among other things, the Arrow Settlement provided that, within ten (10) days of

Arrow being paid by Sun Trust on Arrow's garnishment in the Garnishment Action, Arrow shall

pay to the Trustee the total sum of $30,000.00 (the "Settlement Amount").  Pursuant to the terms

of the fee agreement, Special Counsel will receive 40% of the Settlement Amount, plus

expenses, resulting in a net amount of approximately $18,000.00 to be paid to the Estate.

16.     Special Counsel has moved for an order directing Arrow to pay the Estate the

Settlement Amount despite not having received payment from Sun Trust on the grounds that

Arrow's payment to the Estate was not expressly contingent on Sun Trust's release of funds to

Arrow.  Special Counsel argued that the timing of Arrow's payment to the Estate in the Arrow

Settlement was a matter of convenience only and after more than two (2) years of litigation

between Sun Trust and Arrow that delayed Sun Trust's release of the garnished funds, the

Settlement Amount was due regardless of Sun Trust's release of funds to Arrow.  The Court

denied Special Counsel's motion.

17.     To date, Sun Trust has not paid the garnished funds to Arrow and has asserted an

offset for Sun Trust's legal fees, which may fully offset any payment to Arrow.  It is possible that

no funds may ever be paid by Sun Trust to Arrow.

18.     Based on rulings in the Garnishment Appeal Action unfavorable to the Estate, as

well as discovery requests served on the Estate by Arrow and the Trustee's discussions with

Special Counsel as to status of the pending litigation, the Trustee has determined that recovery of

the full Settlement Amount is speculative and likely to be highly contentious, requiring Special

Counsel to engage in further litigation and appeal work, with additional costs to the Estate.

Additionally, as a result of continued litigation between Sun Trust and Arrow, there may be no garnished funds to be paid to Arrow, which may leave no Settlement Amount to paid to the Estate.   If any Settlement Amount becomes payable to the Estate pursuant to the Arrow Settlement, after payment of fees and expenses to Special Counsel, is likely to result in net recovery to the Estate, at an undetermined time in the future, of less than $15,000.00.

19.     Based on the low prospect for recovery, the expense to the Estate of continued litigation, and the resulting delay in administration of the Estate, the Trustee believes and avers that it is in the best interest of the Estate that he be allowed to abandon the Estate's interest in the Arrow Settlement and all claims against Arrow without further notice or hearing, with such abandonment to render moot any further action by the Estate in the Garnishment Appeal Action as well as the discovery requests served on the Estate by Arrow.

### C.      The Records.

20.     The Documents and Computers are substantially all of the Debtor's physical documents and computer components in the Trustee's custody, possession and control.   These include routine business documents such as employee payroll records, vendor invoices, accounts receivables reports and advertising materials, among other documents.   The Documents and Computers are currently in storage with the Trustee's accountant, Verdolino & Lowey, P.C., at the rate of $360.00 per month.

21.     The Debtor used QuickBooks as its accounting software through an on-line account.   The Trustee secured the on-line account and, since 2012, has been paying $45.63 per month to keep the Debtor's QuickBooks Files active.

22.     The Trustee used the Records in preparation of the Investigative Report and salient information has been preserved in the Investigative Report and supporting appendix.

Adversary proceedings initiated by the Trustee based on the Investigative Report have been

resolved. The Trustee also relied on the Records in recovery of preferential transfers, which have

now been fully resolved or reduce to judgment.  Therefore, the Records are no longer necessary

to the Estate.  Permitting the Trustee to abandon the Records will avoid ongoing fees to the

Estate of $405.63 each month.

23.     The Records have been made available to any parties wishing to obtain copies in

connection with actions with the Estate or the Debtor's owners.  Over the past few years, several

parties, including counsel for the DOJ and counsel in the VNB Litigation, have received full

access to review and copy the Records.  The Trustee has fully cooperated with the DOJ

investigation and counsel in the VNB Litigation.

24.     In March 2017, prior to filing this Motion, the Trustee began contacting counsel

for the DOJ and counsel in the VNB Litigation to notify them of the Trustee's intention to seek

to abandon the Records.  Merrick's counsel confirmed they have no objection to this Motion.

VNB's counsel expressed concern with abandoning the Records while the VNB Litigation was

pending but without offering to take over the Records.  The DOJ expressed an interest in

retaining the Records in connection with its criminal action against Judy Tull and Kay Ellison

(former owners of the Debtor) that was rescheduled for trial to March 19, 2018.  The DOJ has

been working on the logistics of taking the abandoned Records from the Trustee.  The Trustee

assents to allowing the DOJ to retrieve and retain the abandoned Records provided the DOJ

retrieves the Records within ten (10) days of the entry of a final order on this Motion and at no

additional cost to the Estate.  The DOJ will have had sufficient time to make arrangements for

the Records and prompt retrieval of the Records will avoid additional storage fees to the Estate.

If the DOJ does not recover the Records within ten (10) days of a final order, the Estate seeks to destroy the abandoned Records.

25.     The Trustee has determined that the Records are no longer required for any purpose in connection with the administration of the Estate, and the continued retention of the Documents and Computers, as well as maintaining access to the QuickBooks Files, is an unnecessary expense to the Estate.

26.     Accordingly, the Trustee believes and avers that it is in the best interest of the Estate that the Trustee be permitted to abandon and dispose of the Documents and Computers and terminate access to the Debtor's QuickBooks Files without further notice or hearing.  In consideration of the DOJ's interest in the Records, the Trustee requests that the abandoned Records be available for the DOJ to retrieve and retain within ten (10) day of a final order on this Motion and at no cost to the Estate, and thereafter the Trustee may destroy the Records remaining in the Trustee's possession, custody and control.

WHEREFORE, the Trustee respectfully requests this Court enter an Order:

A.     Granting the Trustee's Motion to (I) Abandon Estate's Remaining Interest in Arrow Settlement, (II) Abandon and Destroy Certain Estate Records and (III) Terminate Access to Debtor's On-Line Records;

B.     Allowing the Trustee to abandon any and all of the Estate's remaining interest in the Arrow Settlement and against Arrow;

C.     Allowing the Trustee to abandon the Debtor's Documents and Computers;

D.     Allowing the Trustee to terminate access to the Debtor's QuickBooks Files;

E.     Allowing the Department of Justice to retrieve the abandoned Documents and Computers and assume responsibility of the QuickBooks Files within ten (10) days of the entry of a final order on this Motion, otherwise the Trustee shall be allowed to destroy the Records; and

F.      Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

  /s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Jessica E. Murphy, BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: (508) 898-1501
Fax:    (508) 898-1502
Email: bankrupt@mirickoconnell.com
Dated:  August 24, 2017                          Email: jmurphy@mirickoconnell.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>        **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-CJP** |

**ORDER ALLOWING TRUSTEE'S MOTION TO (I) ABANDON ESTATE'S**
**REMAINING INTEREST IN ARROW SETTLEMENT, (II) ABANDON AND**
**DESTROY CERTAIN ESTATE RECORDS AND (III) TERMINATE ACCESS**
**TO DEBTOR'S ON-LINE RECORDS**

        The Court has reviewed the Trustee's Motion to (I) Abandon Estate's Remaining Interest

in the Arrow Settlement, (II) Abandon and Destroy Certain Estate Records, and (III) Terminate

Access to Debtor's On-Line Records (the "Motion") dated August 24, 2017, seeking an order

allowing the Trustee to (I) abandon any and all of the Estate's remaining interest in a certain

settlement between the Trustee and Arrow Energy, Inc. ("Arrow") approved by this Court on

July 22, 2014 (the "Arrow Settlement") and any remaining claims against Arrow, (II) abandon

and destroy certain of the Debtor's records and documents stored in approximately 231 boxes,

plus two (2) servers and one box containing 28 personal computer hard drives (the "Documents

and Computers"), currently located in Verdolino & Lowey, P.C.'s warehouse in Wrentham,

Massachusetts, and (III) terminate on-line access to the Debtor's QuickBooks files (the

"QuickBooks Files"; together with the Documents and Computers, the "Records").  The Trustee

seeks to abandon the Records to United States Department of Justice within ten (10) days of the

allowance of this Motion, or dispose of the Records after that time.  The Court finding that the

Notice given of the Motion as set forth in the Certificate of Service accompanying the Motion

and filed herewith is sufficient; and no objection to the Motion having been filed or any such

objection having been withdrawn or overruled,

      NOW, THEREFORE, IT IS HEREBY ORDERED that:

A.      The Motion is ALLOWED;

B.      The Trustee shall abandon any and all of the Estate's remaining interest in the Arrow Settlement;

C.      The Trustee shall abandon the Debtor's Documents and Computers;

D.      The Trustee shall terminate access to the Debtor's QuickBooks Files; and

E.      The Department of Justice shall retrieve the abandoned Documents and Computers and assume responsibility of the QuickBooks Files within ten (10) days of the entry of a final order on this Motion, at no cost to the Estate, otherwise the Trustee shall be allowed to destroy the Records.

Dated: _____, 2017     _____

                                            Honorable Christopher J. Panos
                                            United States Bankruptcy Judge