UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,<br><br>Debtor. | Chapter 7<br>Case No. 12-40944-CJP |

### TRUSTEE'S NOTICE OF ABANDONMENT OF ESTATE PROPERTY
(Re: Default Judgment Against Progressive Funding Solutions, LLC and Any and All Remaining Settlement Payments Due in Connection With the Default Judgment)

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

Pursuant to 11 U.S.C. § 554(a), Rule 6007 of the Federal Rules of Bankruptcy Procedure, and MLBR 6007(1)(b), Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), hereby gives notice of his intention to abandon any and all of the Estate's interest in the Judgment entered by this Court on December 23, 2013 (the "Judgment") against Progressive Funding Solutions, LLC ("PFS") in Adversary Proceeding No. 13-04092 (the "PFS Adversary Proceeding"), including any and all remaining settlement payments due from PFS in connection with the Judgment in the approximate amount of $4,200.00 (the "PFS Remaining Settlement Payments").

In support hereof, the Trustee submits the following:

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3. On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's case and he continues to serve as such.

4. On October 1, 2013, the Trustee filed an complaint against PFS (the "Complaint") pursuant to §§ 547(b), 548 and 550 of the Bankruptcy Code initiating the PFS Adversary Proceeding and seeking, among other things, the return of transfers made by the Debtor to PFS within 90 days prior to the Petition Date in an amount of not less than $20,096.72 (the "Transfers").

5. PFS failed to file any Answer or responsive pleading in response to the Complaint.

6. On December 23, 2013, in connection with the Application for Default and Default Judgment filed by the Trustee on November 13, 2013 in the PFS Adversary Proceeding, this Court entered judgment in favor of the Trustee in the sum of $20,096.72, plus post-judgment interest and costs (the "PFS Judgment").

7. On July 20, 2015, the Trustee filed an Application for Authority to Employ Special Counsel (the "Special Counsel Retention Application") seeking authority to employ George Muckleroy, Esq. and Sheats & Muckleroy LLP as special counsel to the Trustee ("Special Counsel"), on a contingency basis, for the purpose of assisting with collection efforts in connection with the PFS Judgment, including, inter alia, domestication of the PFS Judgment in Texas and investigation and pursuit of the assets of PFS. This Court entered an Order approving the Special Counsel Retention Application on August 4, 2015.

Client Matter/15008/14190/A3647107.DOC

8. Special Counsel subsequently investigated pursuit of the PFS Judgment on behalf of the Trustee, including to visit the PFS business location in Texas, issuance of interrogatories to PFS and discussions with the principal of PFS regarding PFS' assets and ability to pay. Special Counsel also recorded a judgment lien on PFS's property in Texas.

9. Through Special Counsel, the Trustee negotiated an agreement with PFS to resolve the parties' dispute concerning the PFS Judgment and, on January 29, 2016, the Trustee and PFS filed a Stipulation of Settlement (the "Stipulation") in which PFS agreed, among other things, to make payments to the Estate in the total amount of $6,000.00 (the "Settlement Amount") as settlement of all matters related to the PFS Judgment and Complaint. As set forth in the Stipulation, the Settlement Amount is payable in ten (10) equal monthly installments of $600.00 each, commencing February 1, 2016 and continuing on the first day of each month through and including November 1, 2016.

10. On February 29, 2016, this Court entered an Order Approving Stipulation of Settlement.

11. To date, the Trustee has recovered three (3) installment payments from PFS of $600.00 each, i.e., an aggregate amount of $1,800.00, for the benefit of the Estate and its creditors. The last installment received by the Trustee from PFS was on April 6, 2016, leaving a remaining balance due the Estate from PFS in the amount of $4,200.00.

12. Based on Special Counsel's recent discussions with the principal of PFS, the Trustee has been informed by Special Counsel that PFS has relinquished its rented office space and is now operating as a virtual business, doing no large amount of business. As a result, it appears that PFS' business has deteriorated and that any further installment payments from PFS

Client Matter/15008/14190/A3647107.DOC

by the Trustee are uncollectible and that the cost of further collection efforts is highly unlikely to benefit the Estate.

13. Accordingly, the Trustee believes and avers that it is in the best interests of the Estate that he be allowed to abandon all of the Estate's remaining interest in the PFS Judgment and Remaining Settlement Payments without further notice or hearing.

14. **Please be advised that objections to this Notice of Abandonment must be filed in the Clerk's Office, United States Bankruptcy Court, Harold Donahue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, to be received within fourteen (14) days of January 10, 2018 (i.e., by January 24, 2018), with copies mailed within such time to the Chapter 7 Trustee, Joseph H. Baldiga, Mirick, O'Connell, DeMallie & Lougee, LLP, 1800 West Park Drive, Suite 400, Westborough, Massachusetts 01581. Pursuant to Federal Rule of Bankruptcy Procedure 6007(a), if no such objections are received within fourteen (14) days of January 10, 2018 (i.e., by January 24, 2018), the within Trustee's Notice of Abandonment of Estate Property shall be final and binding upon all parties without further notice, hearing or order from the Court.**

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: January 10, 2018