# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC**<br>**d/b/a DIRECT AIR,**<br><br>    **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-CJP** |

**TRUSTEE'S NOTICE OF ABANDONMENT OF ESTATE PROPERTY**
**(Re: Default Judgment Against Fairfield Inn by Marriott, LP**
**a/k/a Fairfield Inn Broadway)**

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

Pursuant to 11 U.S.C. § 554(a), Rule 6007 of the Federal Rules of Bankruptcy Procedure, and MLBR 6007(1)(b), Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), hereby gives notice of his intention to abandon any and all of the Estate's interest in the Judgment entered by this Court on January 9, 2014 (the "Judgment") against Fairfield Inn by Marriott, LP a/k/a Fairfield Inn Broadway ("Fairfield Inn") in Adversary Proceeding No. 13-04079 (the "Fairfield Inn Adversary Proceeding").

In support hereof, the Trustee submits the following:

1.    On March 15, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's bankruptcy case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's case and he continues to serve as such.

4.      On September 10, 2013, the Trustee filed a Complaint to Avoid and Recover Preferential Transfers against Fairfield Inn (the "Complaint") pursuant to §§ 502(d), 547(b) and 550 of the Bankruptcy Code initiating the Fairfield Inn Adversary Proceeding and seeking, among other things, to avoid and recover certain pre-petition transfers by the Debtor to Fairfield Inn within 90 days prior to the Petition Date in an amount of not less than $27,245.49 (the "Transfers").

5.      Fairfield Inn failed to file any Answer or responsive pleading in response to the Complaint.

6.      On January 9, 2014, in connection with the Application for Default and Default Judgment filed by the Trustee on October 22, 2013 in the Fairfield Inn Adversary Proceeding, this Court entered the Judgment in favor of the Trustee in the sum of $27,245.49, plus post-judgment interest and costs.

7.      On May 21, 2015, the Trustee filed an Application for Authority to Employ Special Counsel Including Payment of Disbursement Advance in the Amount of $500.00 (the "Special Counsel Retention Application") seeking, among other things, authority to employ Reese R. Boyd, III, Esq. and Davis & Boyd, LLC as special counsel to the Trustee ("Special Counsel"), on a contingency basis, for the sole purpose of assisting with collection efforts in connection with the Fairfield Inn Judgment, including, inter alia, domestication of the Fairfield Inn Judgment in South Carolina and investigation and pursuit of the assets of Fairfield Inn.  This Court entered an Order approving the Special Counsel Retention Application on June 5, 2015 (the "Special Counsel Retention Order").

8.    Upon entry of the Special Counsel Retention Order, and payment of the disbursement advance in the amount of $500.00 (the "Disbursement Advance") to Special Counsel by the Trustee, Special Counsel investigated the pursuit of the Fairfield Inn Judgment on behalf of the Trustee, including, among other things, issuance of a subpoena upon the defendant's bank and review of documentation produced in response to the subpoena.  As a result of Special Counsel's efforts, Special Counsel has informed the Trustee of difficulties encountered as a result of the defendant's various corporate entities.  Special Counsel has further indicated to the Trustee that substantial additional work would be necessary to tie in the other entity engaged in the business of operating the hotel and that he is not optimistic about the outcome.  In addition, Special Counsel has reported to the Trustee that Special Counsel has exhausted the Disbursement Advance in connection with, among other things, research fees related to asset inquiries on the Debtor and service fees.  As a result, Special Counsel has suggested to the Trustee that any further efforts in connection with collection of the Fairfield Judgment are unlikely to benefit the Estate.

9.    Accordingly, based on Special Counsel's investigation and recommendation, the Trustee believes and avers that it is in the best interests of the Estate that he be allowed to abandon any and all of the Estate's remaining interest in the Fairfield Inn Judgment without further notice or hearing.

**Please be advised that objections to this Notice of Abandonment must be filed in the Clerk's Office, United States Bankruptcy Court, Harold Donahue Federal Building, 595 Main Street, Worcester, Massachusetts 01608, to be received within fourteen (14) days of February 20, 2018 (i.e., by March 6, 2018), with copies mailed within such time to the Chapter 7 Trustee, Joseph H. Baldiga, Mirick, O'Connell, DeMallie & Lougee, LLP, 1800**

Client Matter/15008/14190/A5301834.DOC

West Park Drive, Suite 400, Westborough, Massachusetts 01581.  Pursuant to Federal Rule

of Bankruptcy Procedure 6007(a), if no such objections are received within fourteen (14)

days of February 20, 2018 (i.e., by March 6, 2018), the within Trustee's Notice of

Abandonment of Estate Property shall be final and binding upon all parties without

further notice, hearing or order from the Court.


Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE


/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:    508.898.1502
Email:  bankrupt@mirickoconnell.com

Dated: February 20, 2018

Client Matter/15008/14190/A5301834.DOC