**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>    **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-CJP** |

**CHAPTER 7 TRUSTEE'S NOTICE REGARDING SETTLEMENT**
(Re: Merrick Bank Corporation v. Valley National Bank)

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the above-captioned bankruptcy case (the "Estate"), and hereby provides notice (the "Notice") that a settlement has been reached in Merrick Bank Corporation v. Valley National Bank, Civil Action No. 2:13-CV-7756-MCA-MAH (United States District Court for the District of New Jersey (the "VNB Litigation") and the Estate's portion of the settlement has been received by the Trustee for the benefit of the Estate and its creditors.

1. On March 15, 2012, the above-captioned debtor ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On April 11, 2012, this case was converted to one under Chapter 7 of the Bankruptcy Code.

3. On April 11, 2012, the United States Trustee appointed Joseph H. Baldiga as Chapter 7 trustee of the Debtor's case and he continues to serve as such.

4. On December 20, 2013, Merrick Bank Corporation ("Merrick") commenced the VNB Litigation against Valley National Bank ("VNB") asserting claims for losses incurred by

Merrick (the "Merrick Claims") in connection with VNB's maintenance and administration of the Debtor's Department of Transportation ("DOT") regulated escrow account. Merrick contended that the Merrick Claims were separate and distinct from any claims that might be held by the Estate against VNB.

5. Although the Trustee had not yet commenced any action against VNB, the Trustee contended that the Estate also had claims against VNB and, further, that at least some of the Merrick Claims belonged to the Estate. The Trustee asserted that the prosecution of such claims by Merrick violated the automatic stay in the Debtor's case.

6. On January 15, 2014, Merrick initiated adversary proceeding No. 14-04005 seeking, among other things, a declaration that the Merrick Claims were not property of the Estate, and that prosecution of such claims by Merrick did not violate the automatic stay. The Trustee asserted counterclaims seeking, among other things, a declaration that at least some of the Merrick Claims were property of the Estate, and further seeking damages which the Trustee alleged were suffered by the Estate as a result of Merrick's alleged stay violations.

7. On March 19, 2014, the Trustee filed a Motion for Order Approving Assignment and Settlement Agreement With Merrick Bank Corporation Regarding Claims Against Valley National Bank [Dkt. No. 483] (the "Approval Motion") seeking an order approving an Assignment and Settlement Agreement (the "Agreement") between the Trustee and Merrick. A copy of the Agreement was attached to the Approval Motion as Exhibit A.

8. On May 8, 2014, the Approval Motion and Agreement were approved by this Court [Dkt. No. 529].

9. Pursuant to the Agreement, among other things, the Trustee agreed to sell, assign, transfer and convey to Merrick all of the right, title and interest in any and all claims of the

Estate against VNB, including, without limitation, any and all claims arising out of or under state law, common law, non-bankruptcy federal law, or the Bankruptcy Code (the "Estate Claims"). In return, Merrick agreed to pay the Trustee five percent (5%) of Merrick's actual net recovery from VNB (gross recovery, less Merrick's costs and expenses, including without limitation, legal fees) obtained through prosecution (including settlement) of the VNB Litigation, regardless of whether such recovery was based in whole or in part on either the Estate Claims and/or the Merrick Claims.

10. By this Notice, the Trustee hereby reports that the VNB Litigation has been settled, subject to confidentiality as to settlement terms and conditions[1], and the Trustee is in receipt of the Estate's 5% interest in the amount of $275,502.40.

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone:    (508) 898-1501
Fax:       (508) 898-1502

Dated:  May 30, 2018    Email:    bankrupt@mirickoconnell.com

---

[1] In the event that the Court wishes to review the settlement agreement in more detail, the Trustee has agreed to provide copies of any settlement documents to the Court under seal.