### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>          **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-CJP** |

### SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP, COUNSEL TO THE CHAPTER 7 TRUSTEE

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL" or "Applicant"), counsel to Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Southern Sky Air & Tours, LLC d/b/a Direct Air (the "Debtor"), and hereby submits its Second and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "MODL Second and Final Fee Application"), for the period from November 1, 2014 through and including December 7, 2018 (the "Fee Application Period") under Bankruptcy Code §§ 330, 331, 503(b)(2), 503(b)(4) and 507(a)(1), Fed. R. Bankr. P. 2016, and MLBR 2016-1. MODL seeks allowance of fees in the amount of $137,276.00 and expenses in the amount of $6,652.16, for a total allowance of $143,928.16.[1]

**This case is administratively insolvent, with Chapter 7 administrative claimants to receive only approximately 84% of their <u>total</u> Chapter 7 administrative claims. Nonetheless, the Trustee has ensured that jilted customers have received payment of approximately 26% of their priority claims. Chapter 11 administrative claimants, other**

---

[1]      As discussed and defined below, in connection with the MODL First Interim Fee Application, MODL sought, and was allowed, fees in the amount of $1,054,268.00 and expenses in the amount $38,924.65, for a total allowance of $1,093,192.65. However, MODL requested, and was allowed, to make <u>payment</u>, at that time, of fees in the amount of $742,621.05 (<u>i.e.</u>, approximately 70%), plus 100% of expenses in the amount of $38,924.65, for a total payment, at that time, of $781,545.70. **At this time, unpaid fees with respect to the MODL First Interim Fee Application total $311,646.95.**

**lower priority claimants and unsecured, non-priority claimants will receive no distribution. In order for the United States Trustee to be paid in full and for Additional Charter Participant Claimants (as defined and discussed below) to be paid the amounts necessary to bring their interim distribution up from the 14.83% already received to the approximately 26% received by all other allowed Charter Participant Claimants, MODL is further reducing its requested fees to make $530.73 available for distribution to the United States Trustee and the Additional Charter Participant Claimants.**

**Therefore, in light of a distribution to Chapter 7 administrative creditors of approximately 84% and a further reduction of MODL fees in the amount of $530.73, and based on the remaining balance of fees due in connection with the MODL First Interim Fee Application in the amount of $311,646.95, and fees and expenses due in connection with the MODL Second and Final Fee Application in the amounts of $137,276.00 and $6,652.16, respectively, MODL is requesting payment of fees in the amount of $255,368.54 and expenses in the amount of $5,574.55, for a total payment of $260,943.09.**

In support of this MODL Second and Final Fee Application, MODL states as follows:

1.      On March 15, 2012 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.      On April 11, 2012 (the "Conversion Date"), this Court converted the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code.

3.      On the Conversion Date, the United States Trustee appointed the Trustee as Chapter 7 trustee of the Debtor's bankruptcy case.  A copy of the Trustee's appointment is attached as **Exhibit A**.

4.      On April 23, 2012, the Trustee filed an Application for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 Trustee and

Attorney's Affidavit from MODL in support of same (together, the "Employment Application"),

copies of which are attached hereto as **Exhibit B**.

5.      On May 25, 2012, this Court entered an Order approving the Employment

Application. A copy of this order is attached hereto as **Exhibit C**.

6.      Under Bankruptcy Code § 330, MODL is entitled to "reasonable compensation

for actual, necessary services" and "reimbursement for actual, necessary expenses." Bankruptcy

Code § 331 provides that professionals employed under Bankruptcy Code §§ 327 or 1103 may

apply to the Court for interim compensation and reimbursement of expenses not more than once

every 120 days after an order for relief has entered.

7.      On November 19, 2014, Verdolino & Lowey, P.C., the Trustee's accountant (the

"Accountant"), filed its First Interim Application for Fees and Expenses of Accountant for the

Chapter 7 Trustee (the "V&L First Interim Fee Application") seeking allowance of fees in the

$225,000.00 and expenses in the amount of $17,260.50, for a total request of $242,261.00, but

requesting payment of fees in the amount of $158,489.22 (approximately 70%), plus 100% of

expenses in the amount of $17,260.50, for a total payment of $175,749.72. The V&L First

Interim Fee Application was for the period April 24, 2012 through September 23, 2014 (the

"V&L First Interim Fee Application Period").

8.      On January 15, 2015 this Court entered an order (the "V&L First Interim Fee

Application Order") allowing fees and expenses in connection with the V&L First Interim Fee

Application in the amounts of $225,000.00 and $17,260.50, respectively, and authorizing

payment, at that time, of fees in the amount of $158,489.22 and expenses in the amount of

$17,260.50, for a total payment in the amount of $175,749.72. At this time, unpaid fees with

respect to the V&L First Interim Fee application total $66,510.78. A copy of the V&L First

Interim Fee Application Order is attached hereto as **Exhibit D**.

9.      On November 19, 2014, MODL filed its First Interim Application for Allowance

of Compensation and Reimbursement of Expenses by Mirick, O'Connell, DeMallie & Lougee,

LLP, Counsel to the Chapter 7 Trustee (the "MODL First Interim Fee Application") seeking

allowance of fees in the amount of $1,054,268.00 and expenses in the amount of $38,924.65, for

a total request of $1,093,192.65, but requesting payment of fees in the amount of $742,621.05

(i.e., approximately 70% of the fees incurred to date), plus 100% of expenses in the amount of

$38,924.65, for a total payment, at that time, of $781,545.70. The MODL First Interim Fee

Application was for the period April 11, 2012 through and including October 31, 2014 (the

"MODL First Interim Fee Application Period").

10.      On January 15, 2015, this Court entered an order (the "MODL First Interim Fee

Application Order") allowing fees and expenses in connection with the MODL First Interim Fee

Application in the amounts of $1,054,268.00 and $38,924.65, respectively, and authorizing

payment, at that time, of fees in the amount of $742,621.05 and expenses in the amount of

$38,924.65, for a total payment to MODL, at that time, in the amount of $781,545.70. At this

time, unpaid fees with respect to the MODL First Interim Fee Application total $311,646.95.

Additionally, the MODL First Interim Fee Application reserved the right to seek payment at a

later date of the remaining unpaid balance of fees incurred by MODL in connection with the

MODL First Interim Fee Application. A copy of the MODL First Interim Fee Application Order

is attached hereto as **Exhibit E**.

11.      Filed concurrently herewith is Verdolino & Lowey, P.C.'s Second and Final

Application For Fees and Expenses of Accountant For The Chapter 7 Trustee (the "V&L Second

and Final Fee Application") for the period from November 3, 2014 through August 19, 2018,

seeking allowance of fees in the amount of $237,468.50, plus expenses in the amount of

$24,790.00, for a total request of $262,258.50, less $175,749.72 allowed and paid in connection

with the V&L First Interim Fee Application Order, for a net request in the amount of $86,508.78

in connection with the V&L Second and Final Fee Application.

**12.     This case is administratively insolvent, with Chapter 7 administrative**

**claimants to receive only approximately 84% of their _total_ Chapter 7 administrative**

**claims.  Nonetheless, the Trustee has ensured that jilted customers have received payment**

**of approximately 26% of their priority claims.  Chapter 11 administrative claimants, other**

**lower priority claimants and unsecured, non-priority claimants will receive no distribution.**

**In order for the United States Trustee to be paid in full and for the Additional Charter**

**Participant Claimant (as defined and discussed below) to be paid the amounts necessary to**

**bring _their_ interim distribution up from the 14.83% already received to the approximately**

**26% received by all _other_ allowed Charter Participant Claimants, MODL is further**

**reducing its requested fees to make $530.73 available for distribution to the United States**

**Trustee and the Additional Charter Participant Claimants.**

**13.     Therefore, in light of a distribution to Chapter 7 administrative creditors of**

**approximately 84% and a further reduction of MODL fees in the amount of $530.73, and**

**based on the remaining balance of fees due in connection with the MODL First Interim Fee**

**Application in the amount of $311,646.95, and fees and expenses due in connection with the**

**MODL Second and Final Fee Application in the amounts of $137,276.00 and $6,652.16,**

**respectively, MODL is requesting _payment_ of fees in the amount of $255,368.54 and**

**expenses in the amount of $5,574.55, for a total _payment_ of $260,943.09.**

14.    The MODL Second and Final Fee Application covers professional services rendered from November 1, 2014 through and including December 7, 2018 (i.e., the Fee Application Period).  The MODL Second and Final Fee Application is submitted without prejudice to Applicant's right to later seek additional compensation, if warranted, for services rendered or expenses incurred during the Fee Application Period, or for services rendered or expenses incurred after the Fee Application Period.

15.    During the Fee Application Period, MODL rendered legal services to the Trustee having a value of $137,276.00 and expenses in the amount of $6,652.16, for a total allowance of $143,928.16, calculated at MODL's usual and customary hourly rates, as more specifically set forth herein.

16.    MODL's actions to date have substantially benefited the Estate.  As a result of MODL's efforts on behalf of the Trustee, the Department of Justice was able to use and rely on the Trustee's Investigative Report (as defined herein) in connection with the shortfall from the Debtor's depository accounts at Valley National Bank to obtain guilty pleas and verdicts against certain of the founders and members of the Debtor's management team.  Additionally, as a result of MODL's efforts on behalf of the Trustee, all 1,900-plus Charter Participant Claimants, including the Additional Charter Participant Claimants, will receive a total distribution of approximately 26% on their claims.

17.    As detailed in the narrative section of this application attached hereto as **Exhibit F**, the efforts of the Trustee and MODL in connection with the Second and Final Fee Application have resulted in the liquidation of assets for the benefit of the Estate stemming from, among other things, settlement of preference actions in the amount of $323,350.51 and recovery of the Estate's portion of the settlement proceeds in connection with the VNB Litigation (as

defined in Task Code 0001) in the amount of $275,502.40.  As noted on the Trustee's current

Form 1, MODL has assisted the Trustee with the collection of $599,046.91 during the Fee

Application Period for the benefit of the Estate and its creditors.  A copy of the Trustee's Form 1

(detailing assets collected) is attached hereto as **Exhibit G**.

## NARRATIVE OF SERVICES

18.    MODL has recorded time charges in this case separately for each matter to which

it has given attention during the Chapter 7 case.  For purposes of the Fee Application, the

services rendered have been segregated into several categories, as follows:

A.    Valley National Bank Investigation (0001);

B.    Arrow Garnishment Litigation and Related Adversary Proceeding vs. Arrow
Energy, Inc. and Sun Trust Bank (0002);

C.    Compliance With U.S. Attorney Subpoena (0004);

D.    Adversary Proceeding v. Fairfield Inn (0006);

E.    Adversary Proceeding v. Progressive Funding Solutions, LLC (0010);

F.    Adversary Proceeding v. Quickflight Services (0011);

G.    Adversary Proceeding v. Robert Keilman (0015);

H.    Adversary Proceeding v. Ed Warneck (0024);

I.    Adversary Proceeding v. Avondale Aviation I, LLC (0025);

J.    Adversary Proceeding v. TEM Enterprises d/b/a Xtra Airways (0030);

K.    Adversary Proceeding v. Avfuel Corporation (0031);

L.    Asset Recovery (9250);

M.    Preference/Fraudulent Conveyance Claims (9255);

N.    Asset Disposition (9260);

O.    Case Administration (9280);

P.    Claims Administration and Objections (9290);

Q.    Employment Applications (9310);

R.    Fee Applications (9311);

S.    Fee/Employment Objection (9320); and

T.    Tax Issues (9440).

19.    Attached hereto is a narrative description of the services rendered by MODL during the Fee Application Period. The narrative description is divided into categories that correspond to the particular categories referred to above. See Exhibit F.

20.    Attached hereto as **Exhibit H** are the time entries indicating the daily work performed by each attorney and paralegal with respect to whom compensation is sought.

21.    Attached hereto as **Exhibit I** is a Summary of Time Charges which consists of a breakdown of time spent by each professional in this proceeding. The summary demonstrates the efficient staffing utilized by MODL in delegating tasks in a cost effective manner. Specifically, MODL's average hourly billing rate for services rendered during the Fee Application Period totals $280.50.

22.    In rendering the legal services described in **Exhibits F and H**, MODL incurred expenses in the amount of $6,652.16. These expenses are set forth in detail and are itemized on the attached **Exhibit J**.

23.    Pursuant to MLBR 2016-1(a)(1)(I), attached as **Exhibit K** is a brief biography of each of the MODL attorneys and paralegals who rendered services included in the First Interim Fee Application, stating each person's background and work experience.

24.     All legal services for which compensation is sought herein were performed solely for and on behalf of the Trustee.  MODL does not seek compensation for any services that constitute Trustee services.

25.     MODL has applied for fees in this case at the same hourly rates that it charges for similar cases and other matters outside the bankruptcy field and for bankruptcy matters which are not compensated for by the bankruptcy estate.  The firm's rates are established without regard to whether the fees are subject to court approval.

26.     There is no agreement or understanding between MODL and any other person for the sharing of compensation requested in the MODL First Interim Fee Application.

## CONCLUSION

**27.     This case is administratively insolvent, with Chapter 7 administrative claimants to receive only approximately 84% of their _total_ Chapter 7 administrative claims.  Nonetheless, the Trustee has ensured that jilted customers have received payment of approximately 26% of their priority claims.  Chapter 11 administrative claimants, other lower priority claimants and unsecured, non-priority claimants will receive no distribution. In order for the United States Trustee to be paid in full and for the Additional Charter Participant Claimants (as defined and discussed below) to be paid the amounts necessary to bring _their_ interim distribution up from the 14.83% already received to the approximately 26% received by all _other_ allowed Charter Participant Claimants, MODL is further reducing its requested fees to make $530.73 available for distribution to the United States Trustee and the Additional Charter Participant Claimants.**

**28.     Therefore, in light of a distribution to Chapter 7 administrative creditors of approximately 84% and a further reduction of MODL fees in the amount of $530.73, and**

**based on the remaining balance of fees due in connection with the MODL First Interim Fee Application in the amount of $311,646.95, and fees and expenses due in connection with the MODL Second and Final Fee Application in the amounts of $137,276.00 and $6,652.16, respectively, MODL is requesting** payment **of fees in the amount of $255,368.54 and expenses in the amount of $5,574.55, for a total** payment **of $260,943.09.**

WHEREFORE, based on the foregoing, Mirick, O'Connell, DeMallie & Lougee, LLP respectfully requests that this Court enter an Order in the form attached hereto:

(A)    Allowing MODL's fees in the amount of $137, 276.00 and expenses in the amount of $6,652.16, for a total allowance of $143,928.16 in connection with its representation of the Trustee for the period November 1, 2014 through and including December 7, 2018;

(B)    Authorizing and directing the Trustee to immediately pay, at this time, $255,368.54 toward allowed fees in connection with the MODL Second and Final Fee Application and fees previously allowed but unpaid (i.e., $311,646.95) in connection with the MODL First Interim Fee Application;

(C)    Authorizing and directing the Trustee to immediately pay, at this time, $5,574.55 toward allowed expenses in connection with the MODL Second and Final Fee Application; and

(D)     Granting Applicant such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

_____
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone:      508.898.1501
Fax:        508.898.1502
Dated:  December 18, 2018        Email:      bankrupt@mirickoconnell.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

        Debtor.

**Chapter 7
Case No. 12-40944-CJP**

## ORDER ALLOWING SECOND AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP

Upon the Second and Final Application for Allowance of Compensation and Reimbursement of Expenses by Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), counsel to the Chapter 7 trustee (the "Trustee"), dated December 18, 2018 (the "MODL Second and Final Fee Application"); and the Court finding that notice thereof was sufficient; and no objection to the MODL Second and Final Fee Application having been filed, or any such objection having been overruled after a hearing as appropriate under the circumstances;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The MODL Second and Final Fee Application is granted;

2.      MODL be and hereby is awarded and allowed fees in the amount of $_____$ and expenses in the amount of $_____$, for a total allowance of $_____$ in connection with its representation of the Trustee for the period from November 1, 2014 through and including December 7, 2018 and in connection with the MODL Second and Final Fee Application; and

3.      Authorizing and directing the Trustee to immediately pay, at this time,

$_____ toward allowed fees in connection with the MODL Second and Final Fee

Application and fees previously allowed but unpaid (i.e., $311,646.95) in connection with the

MODL First Interim Fee Application; and

4.      Authorizing and directing the Trustee to immediately pay, at this time,

$_____ toward allowed expenses in connection with the MODL Second and Final Fee

Application.

Dated: _____          _____
                                                                         Honorable Christopher J. Panos
                                                                         United States Bankruptcy Judge

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: | Southern Sky Air & Tours, LLC d/b/a Direct Air Debtor, | Chapter: 7<br>Case No: 12-40944<br>Judge Melvin S. Hoffman |

## CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE
## AND FIXING OF BOND

Pursuant to 11 U.S.C. § 701(a)(1)

Joseph H. Baldiga
Mirick, O'Connell, DeMallie & Lougee
1800 West Park Drive
Suite 400
Westborough, MA 01581-3926

is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. § 702(d).

Date:4/11/12

William K. Harrington
U.S. Trustee
(617) 788-0400

Original filed with Bankruptcy Court
Copy to trustee

## REJECTION

I, Joseph H. Baldiga , hereby REJECT appointment as Trustee.
Dated: This day of _____ .

Joseph H. Baldiga

Original filed with Bankruptcy Court
Copy to United States Trustee

85

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

|  |  |
|---|---|
| **In re:**<br><br>**SOUTHERN SKY AIR & TOURS, LLC d/b/a DIRECT AIR,**<br><br>      **Debtor.** | **Chapter 7**<br>**Case No. 12-40944-MSH** |

### APPLICATION FOR AUTHORITY TO EMPLOY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the Debtor's proceeding, and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") as counsel to the Trustee. In support hereof, the Trustee states as follows:

1.     On March 15, 2012, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.     On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3.     On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such. See attached **Exhibit A**.

4.     On May 16, 2012, the Trustee is scheduled to conduct the initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "§ 341(a) Meeting").

{Practice Areas\CORP\15008\14190\A1985845.DOC}

5.    The Trustee has determined that the Debtor may have assets available for liquidation and distribution to unsecured creditors and further determined that he requires the assistance of counsel in this proceeding.

6.    The Trustee selected the firm of MODL to act as counsel on his behalf because of its experience and knowledge in the field of bankruptcy law, and believes that MODL is well qualified to represent him in this case.

7.    The Trustee wishes to employ MODL to perform the following services in connection with these proceedings:

A.    To assist, advise and represent the Trustee in the possible liquidation of the Debtor's assets, including, but not limited to, non-exempt (where applicable) real and personal property in which the Debtor has an interest;

B.    To assist, advise and represent the Trustee with respect to the identification and prosecution of claims and causes of action assertable by the Trustee on behalf of the estate including, but not limited to, preference and fraudulent conveyance actions;

C.    To assist, advise and represent the Trustee with respect to the collection of any and all account receivables due and owing to the Debtor;

D.    To assist, advise and represent the Trustee with respect to the examination of proofs of claim to be filed herein and the possible prosecution of objections to certain of such claims; and

E.    To perform such other legal services as may become necessary during the administration of these proceedings.

8.     It is the carefully considered view of the Trustee that representation of the Trustee by counsel is necessary and advisable.  Upon information and belief, MODL is fully qualified to render the services described above in this case.

9.     The firm of MODL has indicated its willingness to serve as counsel to the Trustee herein and to receive compensation for professional services rendered and expenses incurred in accordance with the provisions of §§ 328, 330 and 331 of the Bankruptcy Code.

10.     To the best of the Trustee's knowledge, information and belief, the members and associates of MODL have no connection with the Debtor, the creditors or any other party in interest, except as stated in the annexed affidavit of Joseph H. Baldiga, and represent no other entity having an adverse interest to the Debtor or the Trustee in connection with this case.

11.     Based upon the foregoing, the Trustee submits that the retention of MODL would be in the best interests of the estate and creditors herein.

12.     No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

(a)     Authorizing the Trustee to employ and retain the law firm of MODL as his counsel, on the terms and conditions set forth above, to perform the legal services recited herein;

(b)     Authorizing MODL to file interim applications from time-to-time for reimbursement of its fees and expenses incurred in connection with its representation of the Trustee in this proceeding; and

    (c)     Granting such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

     /s/ Joseph H. Baldiga
_____
Joseph H. Baldiga, BBO #549963
Gina M. Barbieri, BBO #670596
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:     508.898.1502
Email:  bankrupt@mirickoconnell.com
Email:  gbarbieri@mirickoconnell.com

Dated: April 23, 2012

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## (CENTRAL DIVISION)

|  |  |
|---|---|
| In re:<br><br>**SOUTHERN SKY AIR & TOURS, LLC<br>d/b/a DIRECT AIR,**<br><br>        Debtor. | Chapter 7<br>Case No. 12-40944-MSH |

### ATTORNEY'S AFFIDAVIT

COMMONWEALTH OF MASSACHUSETTS)
                                                      ) ss.:
COUNTY OF WORCESTER                     )

Joseph H. Baldiga, being duly sworn, deposes and says:

1.    I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts.  I am a partner in the law firm of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), which firm is located at 100 Front Street, Worcester, Massachusetts 01608-1477.

2.    This affidavit is submitted in connection with the Application (the "Application") for Authority to Employ Mirick, O'Connell, DeMallie & Lougee, LLP as Counsel to the Chapter 7 trustee (the "Trustee").

3.    Neither I, the firm of MODL, nor any member or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to that of the estate in the matters upon which said law firm is to be engaged.  Thus, I believe the firm of MODL to be a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code.

{Practice Areas\CORP\15008\14190\A1985843.DOC}

4.    Other than as stated in ¶3, above, my, and my firm's, connections with the Debtors, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

A.    I am the Chapter 7 Trustee in this bankruptcy proceeding;

B.    MODL has in the past represented Wells Fargo Equipment Finance, Inc. MODL has not represented Wells Fargo Equipment Finance, Inc. in the Debtor's proceeding. Wells Fargo is listed as a secured creditor on a certificate of service filed by the Debtor's counsel in this proceeding;

C.    MODL has in the past represented Wachovia Bank in a matter in which the extent of MODL's representation was limited to obtaining discovery from a Massachusetts bank on behalf of Wachovia Bank. MODL had no direct communications with Wachovia Bank since all contact was through Wachovia Bank's local counsel in Pennsylvania. The matter has been closed and MODL does not presently represent Wachovia Bank. Wachovia Bank is listed as a secured creditor on a certificate of service filed by the Debtor's counsel in this proceeding;

D.    Relatives of a very small number of MODL employees, not including the Trustee or, to the Trustee's knowledge, anyone related to the Trustee, have recently purchased tickets through the Debtor and are owed a refund or have already received refunds and/or credit card charge backs;

E.    Other creditors of the Debtor may be vendors used by MODL in the past, or on occasion, in matters unrelated to the Debtor; and

F.     MODL may represent various creditors of the Debtor (and may represent other parties-in-interest) in matters unrelated to the Debtor, but has not identified any current representation of any party-in-interest in this case other than as set forth above.

5.     MODL does not and, while employed by the Trustee, will not represent any other entity having an adverse interest in connection with this proceeding.

6.     I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of MODL.

7.     The rates charged by MODL for services rendered in cases pending before the Bankruptcy Court are the same as MODL's rates for services rendered in non-bankruptcy matters.

8.     The rates currently charged for those Partners, Associates, and Paralegals who are presently anticipated to perform, or who may perform, services in the above-captioned case are as follows:

| Name | Position | Hourly Rate |
| --- | --- | --- |
| Joseph H. Baldiga | Partner | $380 |
| Paul W. Carey | Partner | $360 |
| Christine E. Devine | Partner | $360 |
| Gina M. Barbieri | Associate | $240 |
| Kate P. Foley | Associate | $190 |
| Laura A. Keeler | Paralegal | $180 |
| Kimberly M. DelleChiaie | Paralegal | $180 |

Said rates are subject to change in the ordinary course of MODL's billing practices.

9.     MODL has not received a retainer in this case.

10.     I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

{Practice Areas\CORP\15009\14190\A1985843.DOC}     3

11.   I have reviewed the provisions of MLBR 2016-1.

12.   I have read the Application which this affidavit accompanies and, to the best of

my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 23, 2012

_____
Joseph H. Baldiga, Esq.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

**In re:**

**SOUTHERN SKY AIR & TOURS, LLC**
**d/b/a DIRECT AIR,**

        **Debtor.**

Chapter 7
Case No. 12-40944-MSH

## DECLARATION RE: ELECTRONIC FILING

    I, Joseph H. Baldiga, hereby declare under penalty of perjury that all of the information contained in my Attorney's Affidavit (the "Document"), filed electronically, is true and correct.  I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document.  I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: April 23, 2012            _____ (Affiant)
                           Joseph H. Baldiga, Esq.

{Practice Areas\CORP\15008\14190\A1985831.DOC}

# EXHIBIT C

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

05/25/2012 ALLOWED.  NO OBJECTIONS FILED.  THE HEARING SCHEDULED FOR 5/29/12 ON THE APPLICATION IS CANCELED.

---

In re:

**SOUTHERN SKY AIR & TOURS, LLC**
**d/b/a DIRECT AIR,**

        **Debtor.**

**Chapter 7**
**Case No. 12-40944-MSH**

---

## APPLICATION FOR AUTHORITY TO EMPLOY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the Debtor's proceeding, and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL") as counsel to the Trustee.  In support hereof, the Trustee states as follows:

1.    On March 15, 2012, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2.    On April 11, 2012 (the "Conversion Date"), the case was converted to one under Chapter 7 of the Bankruptcy Code.

3.    On the Conversion Date, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of this proceeding and he continues to serve as such.  See attached **Exhibit A**.

4.    On May 16, 2012, the Trustee is scheduled to conduct the initial meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "§ 341(a) Meeting").

{Practice Areas\CORP\15008\14190\A1985845.DOC}

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

In re:                              )
                                    )
Southern Sky Air & Tours, LLC,      )   Chapter 7
d/b/a Direct Air                    )   Case No. 12-40944-MSH
                                    )
        Debtor.                     )
                                    )

ORDER

Upon consideration of the pending Verdolino & Lowey, P.C. within application, notice of same having been given to creditors and other interested parties as required, IT IS HEREBY ORDERED that an allowance of $ 225,000.50 for services and $ 17,260.50 for expenses for a total of $ 242,261.00 be and hereby is made to the applicant and that $175,749.72 may be paid from the funds of the Debtor's estate.

Dated:   January 15, 2015

_____
United States Bankruptcy Judge

# EXHIBIT E

Case 12-40944   Doc 648   Filed 01/15/15   Entered 01/15/15 15:52:05   Desc Main
Document      Page 1 of 2

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

In re:

**SOUTHERN SKY AIR & TOURS, LLC
d/b/a DIRECT AIR,**

Debtor.

**Chapter 7
Case No. 12-40944-MSH**

## ORDER ALLOWING FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MIRICK, O'CONNELL, DeMALLIE & LOUGEE, LLP

Upon the First Interim Application for Allowance of Compensation and Reimbursement of Expenses by Mirick, O'Connell, DeMallie & Lougee, LLP ("MODL"), counsel to the Chapter 7 trustee (the "Trustee"), dated November 19, 2014 (the "MODL First Interim Fee Application"); and the Court finding that notice thereof was sufficient; and no objection to the MODL First Interim Fee Application having been filed, or any such objection having been overruled after a hearing as appropriate under the circumstances;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The MODL First Interim Fee Application is granted;

2.     MODL be and hereby is awarded and allowed fees in the amount of $ 1,054,268.00 in connection with its representation of the Trustee for the period April 11, 2012 through and including October 31, 2014;

3.     MODL be and hereby is awarded and allowed expenses in the amount of $ 38,924.65 in connection with its representation of the Trustee for the period April 11, 2012 through and including October 31, 2014; and

[Practice Area/COOPER/15068/14150/A2690151.DOC]

4.    The Trustee is hereby directed to pay to MODL, at this time, fees in the amount of

$ 742,621.05 _____ and expenses in the amount of $ 38,924.65 _____, for a total

payment to MODL, at this time, in the amount of $ 781,545.70 _____.

Dated: _____ January 15, 2015 _____

_____
Honorable Melvin S. Hoffman
United States Bankruptcy Judge

# EXHIBIT F

**Southern Sky Air & Tours, LLC d/b/a Direct Air
Chapter 7, Case No. 12-40944-CJP**

**Narratives
(Re: Second and Final Application for Allowance of
Compensation and Reimbursement of Expenses by
Mirick, O'Connell, DeMallie & Lougee, LLP,
Counsel to the Chapter 7 Trustee**

**Valley National Bank Investigation – 0001:**

     As previously discussed in-depth in the MODL First Interim Fee Application under *Valley National Bank Investigation (Task Code 0001),* and by way of background information, prior to the Petition Date, the Debtor was operating as a public charter operator (tour operator) with charter programs servicing various points in the United States. Two days prior to the Petition Date, the Debtor ceased operations of its tour programs, stopped accepting flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations (and payment) from thousands of charter participants (the "Charter Participants"), who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations.

     As a public charter operator, the Debtor's operations were governed by, among other things, regulations promulgated by the United States Department of Transportation (the "DOT"). One of the Debtor's obligations was compliance with regulations regarding security and depository agreements. Pursuant to 14 C.F.R. § 380.34, public charter operators may, in lieu of furnishing a certain type of security agreement, elect to: (a) furnish a surety bond, a surety trust agreement, or a letter of credit in the amount of at least $10,000 times the number of flights, except that the amount need not exceed $200,000;[1] and (b) enter into an agreement with the company directly engaging in the operation of aircraft (known as the "direct air carrier") and a designated bank, the terms of which shall provide that "all payments by charter participants paid to charter operators… shall be deposited with and maintained by the bank subject to […certain…] conditions[.]" Prior to the Petition Date, the Debtor entered into Public Charter Depository Agreements (the "Depository Agreements") with various direct air carriers and Valley National Bank ("VNB"). Pursuant to the Depository Agreements, VNB agreed to act as depository bank within the meaning of 14 C.F.R. § 380. The Debtor was required to deliver to VNB all amounts received from each Charter Participant in accordance with 14 C.F.R. § 380.34. Subject to certain additional terms, VNB agreed to accept such payments from the Debtor for deposit and further agreed to maintain a separate account for each charter, flight, or rotation, but was permitted to use deposited funds in its general banking business.

     Federal regulations govern further disbursement of funds after payments from charter participants have been deposited into depository banks, such as VNB. Depository banks are

---

[1]   The Debtor carried a surety bond through Platte River Insurance Company in the amount of $200,000. The proceeds of that surety bond were received by the Trustee and are discussed under Task Code 9250 of the MODL First Interim Fee Application.

permitted to pay the direct air carrier, by deposit into such carrier's escrow account, for the charter price for transportation no earlier than 60 days prior to the scheduled day of departure, upon certification of the departure date by such carrier. With some exceptions (including payment to direct air carriers as noted above), the depository bank "shall not pay out any funds from the account prior to 2 banking days after completion of each charter, when the balance in the account shall be paid [to] the charter operator…, upon certification of the completion date by the air carrier." If a charter operator notifies its depository bank that a charter has been canceled, the bank is required to make applicable refunds directly to the charter participants.

As of the Petition Date, VNB maintained two accounts for and on behalf of Direct Air, a money market account and a DDA account.[2] According to VNB, funds were "swept" from the DDA account into the money market account periodically to earn interest. The Trustee determined that the balance of the VNB money market account was approximately $1,016,925.90 and the balance of the VNB DDA account was $.01.

Following the Petition Date and the cancellation of the Debtor's flights, thousands of customers sought "chargebacks" for flights purchased on their credit cards and debit cards. The only transaction cards Charter Participants were able to use to purchase tickets from the Debtor were those issued by Visa, Mastercard, Discover and American Express Travel Related Services Co., Inc. ("Amex"). JetPay Merchant Services, LLC ("JetPay") was the creditor card processor for both credit card and debit card transactions made with Visa, Mastercard or Visa cards. Merrick Bank Corporation ("Merrick"; collectively with Amex and JetPay, the "Credit Card Companies") funded the credit card or debit card payments processed by JetPay and deposited the funds into Direct Air's depository accounts at VNB. Amex itself processed and funded all Amex transactions. Merrick Bank and Amex have reimbursed those customers (via their credit card and debit card-issuing banks in the case of Visa and MasterCard cardholders and via Discover and Amex in the case of Discover and Amex cardholders) in amounts far exceeding the Escrow Account balance but, due to VNB's refusal to release the limited funds in the Escrow Account, neither Merrick nor Amex received reimbursement. Based on the number of scheduled flights that were canceled on account of the Debtor's bankruptcy filing, as well as the claims of Merrick, JetPay and Amex for chargebacks, the Trustee estimated that the shortfall in the Escrow Account could be as high as $30 million. The proceeds of the Escrow Account were insufficient to satisfy the claims of all Charter Participants and/or their agents (i.e., the credit card parties) and, therefore, the Trustee commenced a preliminary investigation to determine the facts and circumstances leading to the Escrow Account shortfall. The Credit Card Companies asserted that the funds comprising the Escrow Account (and any recoveries of the shortfall) did not constitute property of the Estate, but recognized the benefit of having the Trustee and his professionals investigate the Escrow Account shortfall. The Trustee, without conceding that any Escrow Account funds and recoveries might not be property of the Estate, was unwilling to continue his investigation absent some material benefit to the Estate. The Trustee, with MODL's assistance, considered the Estate's role in a potential investigation of the Escrow Account and also considered possible abandonment of the Estate's interest in the Escrow Account.

---

[2]   The money market account and the DDA account, along with any other accounts that VNB maintained for or on behalf of the Debtor, comprise the "VNB Escrow Account".

After extensive discussions and negotiations among the Trustee, the Credit Card Companies and the DOT, the Trustee and the Credit Card Companies, with the DOT's approval, agreed to the terms and conditions of an agreement (the "VNB Agreement") as to how the contents of the Escrow Account (the "Escrow Proceeds") would be disbursed so as to facilitate the investigation of the Escrow Account shortfall while simultaneously providing a benefit to the Estate. Despite indications from VNB that is would likely refuse to turn over the Escrow Proceeds absent a Bankruptcy Court order, the Trustee filed a Motion for Order (1) Approving Agreement Regarding Debtor's Accounts at Valley National Bank and (2) Extending Claim Bar Date for Charter Participants to January 15, 2013 (the "Motion to Approve VNB Agreement"), which was allowed by the Court. Pursuant to the Motion to Approve VNB Agreement, the parties agreed that, upon the Trustee's receipt of the Escrow Account from VNB, the Escrow Account would be allocated among the parties as follows:

(A)    the first $100,000 of Escrow Proceeds (the "Investigation Funds") would be distributed to the Estate to compensate the Trustee and his professionals (subject to fee applications) for allowed administrative expenses incurred in connection with the Investigation (defined below);

(B)    the next $75,000 of Escrow Proceeds (the "Estate Funds") would be distributed to the Trustee on behalf of the Estate to pay claims (including administrative claims) in accordance with the normal bankruptcy priorities;

(C)    the next $75,000 of Escrow Proceeds (the "Charter Participant Funds") would be distributed to the Estate exclusively to partially or fully pay the Charter Participants who did not receive a full refund or chargeback, or who otherwise were not fully reimbursed in connection with money paid by them into the Escrow Account, but only to the extent that such Charter Participants have a valid claim against the Escrow Account;

(D)    any unused balance of the Charter Participant Funds would be distributed 90% to Merrick and 10% to Amex; and

(E)    all remaining Escrow Proceeds would be distributed 90% to Merrick and 10% to Amex. Merrick and Amex may participate in distributions from the Estate, pro rata, with other general unsecured claimants, but only after exhausting funds received under the Agreement toward application of their respective claims.

The VNB Agreement further provided that the Trustee would have primary responsibility for conducting an investigation (the "Investigation") into the dissipation of funds from the Escrow Account and that all Parties would have the right to use the results of the Investigation.

Initially, the Trustee commenced an investigation into the dissipation of funds from the Escrow Account and the resulting shortfall in the ordinary course of his required duties as trustee. Due to the overlap of efforts to secure the Debtor's premises and retrieve the Debtor's records, the Investigation broadened to include all relevant individuals who were involved in the release of funds from the VNB Escrow Account and to determine how the amounts were

disbursed, who knew of the disbursements and when they knew about them, and if there were any amounts that the Trustee would be able to locate and recover for the benefit of the Estate.

Eventually, after extensive negotiations, an agreement was reached by the Trustee, JetPay, Merrick, Amex and VNB regarding the release by VNB of the funds in the Direct Air Accounts. On behalf of the Trustee, Trustee's special counsel, David J. Reier, Esq. and the firm of Posternak Blankstein & Lund, LLP ("Posternak Law Firm"), prepared and filed a Motion of Chapter 7 Trustee For Orders Approving: (1) The Proposed Form and Scope of Notice and (2) Stipulation Compromising and Settling Certain Claims to Funds Held by Valley National Bank in Certain Depository Accounts (the "VNB Account Turnover Motion"), which was allowed by the Court. Pursuant to the agreement set forth in the VNB Account Turnover Motion, VNB agreed to make the following disbursements:

(A)    the sum of $25,000 to VNB (the "VNB Payment");

(B)    the sum of $250,000 to the Trustee (the "Trustee Payment");

(C)    90% of the balance remaining after (i) and (ii) (the "Remaining Balance") to Merrick (Merrick Payment"); and

(D)    10% of the Remaining Balance to Amex ("Amex Payment").

The Trustee Payment represents the sum of the $100,000 and two $75,000 payments set forth above in connection with the Motion to Approve VNB Agreement.

Pursuant to the Motion to Approve VNB Agreement, the Trustee undertook primary responsibility for investigation of the Debtor's operations and dissipation of funds from its depository accounts at VNB that created the shortfall. MODL spent extensive time reviewing and summarizing the Trustee's efforts in connection with the Investigation, including preparation of the Trustee's Report on Direct Air's Operations and Shortfall (the "Investigative Report"). In the Investigative Report, the Trustee's Investigation concluded that the shortfall from Direct Air's depository accounts at VNB totaled $30,389,363.79 (the "Shortfall"). The Trustee also made an appropriate referral to the Office of the United States Trustee associated with the loss of the money from the depository accounts at VNB.

During the MODL First Interim Fee Application Period, MODL assisted the Trustee with the review and analysis of a complaint brought by Merrick against VNB in the U.S. District Court, District of New Jersey (Civil Docket No. 2:13-CV-7756-MCA-MAH) (the "VNB Litigation") seeking to recover losses sustained by Merrick (the "Merrick Claims") in connection with VNB's maintenance and administration of the VNB Escrow Account and VNB's failures to follow its obligations with respect to the VNB Escrow Account. Merrick contended that the Merrick Claims were separate and distinct from any claims that might be held by the Estate against VNB. MODL performed research as to the issue of standing to bring a possible cause of action against VNB on behalf of the Estate in connection with claim viability. For purposes of efficiency and to avoid litigation costs, Merrick and the Trustee eventually entered an agreement, approved by this Court *[Dkt No. 529]*, by which Merrick would assume primary responsibility

for the VNB Litigation and, in turn, the Trustee (i.e., the Estate) would receive 5% of any "net" recovery.

During the Fee Application Period, MODL continued to monitor and review the docket and case activity regarding the VNB Litigation, communicate with Merrick (via counsel) as to status and recovery prospects, and evaluate the impact of certain pleadings filed in the VNB Litigation, including a Motion to Dismiss filed by VNB. MODL also assisted the Trustee with development of strategy regarding compliance and privileged documents in connection with his response to a subpoena received from VNB (the "VNB Subpoena") with respect to the VNB Litigation and also assisted with the identification, compilation and review of documents in the Trustee's and Verdolino & Lowey, P.C.'s (the "Accountant") possession responsive to the VNB subpoena. Additionally, MODL reviewed and analyzed an agreement entered into among the Trustee, Amex, JetPay and Merrick (the "Joint Defense Agreement") regarding joint efforts to investigate the Debtor's financial operations and resulting privilege issues and considered its' impact on the Trustee's response to the VNB Subpoena. MODL also periodically communicated with VNB (via counsel) as to various issues regarding, among others, a supplemental subpoena received by the Trustee and the Trustee's electronic response to same. MODL also engaged in substantive discussions with the Trustee's Accountant regarding production of Debtor electronic records and coordinated with VNB (via counsel) for VNB's review of Debtor documents in storage at the Accountant's office.

Upon compiling and completing the review of all documents and materials responsive to the VNB Subpoena, MODL prepared and finalized the Trustee's response to the VNB Subpoena, reviewed rules regarding undue burden/cost restrictions regarding subpoena responses, and communicated with VNB (via counsel) regarding outstanding subpoena issues and assisted with strategy for resolution of same.

During the course of the VNB Litigation, MODL also communicated periodically with Merrick (via counsel) regarding the ongoing litigation, discovery issues related to the Trustee's production of documents and documents protected by the Joint Defense Agreement, the VNB Subpoena and the Trustee's response to same, information regarding chargebacks, potential expert witnesses, status of the Court-ordered settlement discussions and mediation, and summary judgment motions filed by Merrick and VNB. MODL reviewed various summary judgment responses and conferred with Merrick (via counsel) as to status and timing for a decision on the summary judgment motions and claims remaining in the VNB Litigation. As a result of a motion to consolidate the actions by Merrick and JetPay against VNB, MODL responded to JetPay (via counsel) regarding its' request to obtain access to Debtor documents, including the Trustee's Investigative Report.

During the Fee Application Period, MODL also expended a substantial amount of time in connection with a Rule 30(b)(6) deposition notice issued by VNB to Merrick. Merrick contacted the Trustee regarding Attorney Jessica Murphy (i.e., Trustee's counsel) providing testimony on Merrick's behalf as to certain topics. At the Trustee's request, MODL reviewed the Rule 30(b)(6) deposition notice and assisted the Trustee with strategy regarding Attorney Murphy's testimony as a 30(b)(6) deponent of Merrick, including the proper scope of her testimony.

MODL also assisted with preparation for Attorney Murphy's deposition on issues provided by VNB.

MODL continued to monitor open litigation/pre-trial issues in connection with the VNB Litigation, consider related recovery implications and communicate with Merrick as to the identification of trial witnesses and the likelihood of having to testify. Ultimately, the Trustee was informed by Merrick that the parties had agreed upon the terms and conditions for settlement of the VNB Litigation. MODL notified the Trustee's Accountant of the settlement due to pending records requests and began review of the proposed settlement agreement and analyzed confidentiality agreement obligations of the Trustee. At the Trustee request, MODL corresponded with Merrick (via counsel) and VNB (via counsel) regarding settlement, confidentiality, funding and parameters for providing notice of the settlement to the Bankruptcy Court. At the Trustee's direction, and with the approval of Merrick and VNB, MODL prepared and filed a Notice Regarding Settlement (Re: Merrick Bank Corporation v. Valley National Bank) (the "Settlement Notice") providing notice to the Court that a settlement had been reached in the VNB Litigation, subject to confidentiality as to the settlement terms and conditions, and that the Estate's five (5%) percent of the settlement in the amount of $275,502.40 had been received by the Trustee. MODL also prepared and filed a motion to limit notice of the Settlement Notice. MODL attended to service of the Settlement Notice and motion to limit notice and prepared and filed a certificate of service regarding same. Ultimately, based on MODL's efforts, the Trustee collected $275,502.40 in connection with the VNB Litigation for the benefit of the Estate and its creditors.

As detailed in **Exhibit H**, MODL's fees and expenses related to Valley National Bank Investigation (0001) during the Fee Application Period total $25,220.00.

**Arrow Garnishment Litigation and Related**
**Adversary Proceeding vs. Arrow Energy, Inc. and Sun Trust Bank – 0003:**

As previously discussed in the MODL First Interim Fee Application under *Arrow Garnishment Litigation and Related Adversary Proceeding vs. Arrow Energy, Inc. and Sun Trust Bank (Task Code 0003),* prior to the Petition Date, Arrow Energy, Inc. ("Arrow") filed an action (the "Garnishment Action") in the Circuit Court of Broward County, Florida (the "Florida Trial Court") as a domestication of a final judgment Arrow had obtained in the State of Michigan against Aviation Fuel International, Inc. ("AFI") and Sean Wagner. Thereafter, Arrow served a writ of garnishment on the Debtor claiming that the Debtor owed money to AFI, and that Arrow was entitled to such funds by virtue of the garnishment. The court in the Garnishment Action entered Final Judgment in Garnishment (the "Garnishment Judgment") against the Debtor in the amount of $329,138.97 over the Debtor's objection. The Debtor subsequently appealed the Garnishment Judgment by filing an appeal in the District Court of Appeals, Fourth District, State of Florida (Case No. 4D11-2018) (the "Garnishment Appeal Action"). During the pendency of the Garnishment Appeal Action, Arrow executed on the Garnishment Judgment against the Debtor, and forced the Debtor to pay $200,000.00 to Arrow (the "$200K Transfer"). Additionally, prior to the Petition Date, the Debtor inadvertently sent $104,000.00 to AFI's account at SunTrust Bank ("SunTrust") rather than to Avfuel, the intended recipient (the "$104K Transfer"). SunTrust refused to reverse the $104K Transfer and the funds remained in the

SunTrust bank account subject to Arrow's garnishment claim. At the Trustee's direction, MODL filed the necessary motion to retain Robert M. Dees and the law firm of Milam Howard Nicandri Dees & Gillam, P.A. as special counsel to the Trustee ("Florida Special Counsel"), on a contingency basis, for the purpose of continuing prosecution of the Garnishment Appeal Action. Additionally, the Florida Special Counsel retention motion provided that if and when the Garnishment Appeal Action was successful, the Trustee would utilize Florida Special Counsel to continue litigation in the trial court to determine that Arrow's garnishment of monies purportedly due to AFI from the Debtor was improper since the Debtor, in fact, owed nothing to AFI. The Florida Special Counsel retention motion also provided that once the Trustee (with Florida Special Counsel's assistance) obtained that determination, the Trustee would utilize Florida Special Counsel to avoid and recover substantial sums paid to, or reserved for, Arrow in conjunction with Arrow's garnishment action, on fraudulent transfer and possibly other grounds.

During the course of the litigation in Florida, the Trustee recovered $42,000.00 stemming from a supersedeas bond relating to the Garnishment Appeal Action, from which the Estate netted $26,260.08 after payment of Florida Special Counsel's fees and expenses. After strategizing regarding all viable possibilities, MODL commenced an adversary proceeding by filing a Complaint (I) For Declaratory Relief, (II) To Avoid and Recover Fraudulent Transfer, and (III) to Disallow Claims seeking (A) a declaration that Arrow's prosecution of a garnishment action violates the automatic stay, (B) to avoid and recover pre-petition transfers that the Debtor made to Arrow and/or Sun Trust, and (C) to disallow any claims that Arrow and/or Sun Trust may have against the Estate. Prior to Arrow or SunTrust filing an answer to the complaint, MODL assisted the Trustee in negotiating a settlement agreement with Arrow and SunTrust that resulted in an approximate amount to be paid to the Estate of $30,000.00 (the "Arrow Settlement Amount"), from which the Estate recovered $18,000.00 (net of fees and expenses to be paid to Florida Special Counsel). MODL prepared and filed the settlement documents, which were allowed by this Court without a hearing (the "Arrow Settlement") and also prepared and filed a Notice of Voluntary Dismissal in the adversary proceeding commence by the Trustee. At the time of filing the MODL First Interim Fee Application, receipt of the settlement proceeds in the amount of $30,000.00 (i.e., the Arrow Settlement Amount) from Arrow and SunTrust was pending.

During the Fee Application Period, MODL continued to assist the Trustee with regard to securing payment of the remaining settlement amount (i.e., the Arrow Settlement Amount). MODL engaged in extensive correspondence and discussions with Florida Special Counsel regarding status of collection and recovery efforts, reviewed various updates provided by Florida Special Counsel and communications among Florida Special Counsel and other Florida counsel regarding status of the Sun Trust judgment payment matter and the ongoing Garnishment Appeal Action and assessed prospects for additional recovery, and assisted the Trustee with strategy to bring matter to conclusion. Based on information provided to the Trustee by Florida Special Counsel as to status of the pending litigation, rulings in the Garnishment Appeal Action unfavorable to the Estate, and discovery requests served on the Estate by Arrow, the Trustee determined that no funds may ever be paid by Sun Trust to Arrow and that recovery of the full Settlement Amount would likely be speculative and highly contentious, requiring Florida Special Counsel to engage in further litigation and appeal work resulting in additional costs to the Estate. As a result, based on the low prospect for recovery, the expense to the Estate for continued

litigation, and the resulting delay in administration of the Estate, the Trustee determined that it would be in the Estate's best interest to abandon the Estate's interest in the Arrow Settlement and all claims against Arrow, which abandonment also would render moot any further action required by the Estate in the Garnishment Appeal Action or in connection with the discovery requests served on the Estate by Arrow. Ultimately, the Trustee instructed MODL to prepare and file the Motion to Abandon (as defined and further discussed under Asset Disposition – Task Code 9260) seeking to abandon any and all of the Estate's remaining interest in the Arrow Settlement and any remaining claims against Arrow. The Motion to Abandon was allowed by this Court.

As detailed in **Exhibit H**, MODL's fees and expenses related to Arrow Garnishment Litigation and Related Adversary Proceeding vs. Arrow Energy, Inc. and Sun Trust Bank (0003) during the Fee Application Period total $3,925.50.

**Compliance With U.S. Attorney Subpoena – 0004:**

As previously discussed in the MODL First Interim Fee Application under *Compliance With U.S. Attorney Subpoena (Task Code 0004)*, as a result of an independent criminal investigations of the Debtor by the United States Attorney's Office, the Trustee received a Subpoena to Testify Before Grand Jury issued by the Grand Jury for the United States District Court for the District of New Jersey dated June 15, 2012, as well as a second, more inclusive, subpoena dated May 16, 2014. At the Trustee's request, MODL reviewed the subpoenas, corresponded with the United States Attorney's Office regarding the scope of its investigation, advised the Trustee as to compliance issues related to privilege and document turnover, and coordinate with the Trustee's Accountant regarding the scope and format for the production of documents and information in custody of the Accountant. At the Trustee's direction, MODL prepared and transmitted a response on behalf of the Trustee and engaged in follow-up telephone calls with the United States Attorney's Office regarding same.

During the Fee Application Period, MODL continued to assist the Trustee in connection with the investigations being conducted by the United States Attorney's Office. Among other things, MODL continued to engage in discussions with the United States Attorney's Office regarding its ongoing civil and criminal investigations and sentencing hearings and issues related to production of additional electronic documents, trial appearance requirements, and authentication of documents for trial. MODL advised the Trustee regarding language for waiver on Debtor's attorney-client privilege with pre-bankruptcy counsel. MODL assisted the Trustee with responses to subpoenas received from the United States Attorney's Office. At the Trustee's request, MODL also communicated with the Trustee's Accountant regarding Debtor documents in the Accountant's custody and control and reviewed a final inventory of Direct Air documents. At the Trustee's direction, MODL also reviewed and assessed those Debtor records lost in light of a roof collapse at the Accountant's secondary warehouse and considered its impact on the pending investigation and claims. MODL also assisted the Trustee with preparation of an affidavit establishing the chain of custody for Debtor documents and also reviewed and revised a letter proposed by the United States Attorney's Office regarding privilege.

As detailed in **Exhibit H**, MODL's fees and expenses related to Compliance With U.S. Attorney Subpoena (0004) during the Fee Application Period total $9,212.00.

### Adversary Proceeding v. Fairfield Inn – 0006:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Fairfield Inn (Task Code 0006)*, after making demand on Fairfield Inn by Marriott, LP a/k/a Fairfield Inn Broadway ("Fairfield Inn") and receiving no satisfactory response, the Trustee commenced an adversary proceeding against Fairfield Inn (the "Fairfield Inn Adversary Proceeding) seeking (a) to avoid and recover certain pre-petition transfers the Debtor made to Fairfield Inn and (b) to disallow any and all claims Fairfield Inn may have against the Estate. After Fairfield Inn failed to answer the complaint, MODL developed default strategy with the Trustee and, at the Trustee's direction, MODL prepared and filed an Application for Default and Default Judgment (the "Fairfield Inn Default Application"). The Fairfield Inn Default Application was allowed by this Court and judgment entered in favor of the Trustee (the "Fairfield Inn Judgment") in the amount of $27,245.49. At the Trustee's direction, MODL explored different avenues to monetize the judgment.

During the Fee Application Period, and at the Trustee's direction, MODL continued to review local counsel options and issues affecting domestication and enforcement of the Fairfield Inn Judgment. MODL provided information regarding the Fairfield Inn Judgment to potential local counsel in South Carolina and engaged in discussions with potential local counsel regarding the Fairfield Inn Judgment and terms of engagement and payment of fees regarding same. Upon reaching terms for engagement, the Trustee instructed MODL to prepare retention pleadings seeking an order authorizing the employment of Reese R. Boyd, III, Esq. and Davis & Boyd, LLC (together, the "Fairfield Inn Special Counsel"), on a contingency fee basis, for the sole purpose of assisting with collection efforts in connection with the Fairfield Inn Judgment. Also included in the Fairfield Inn Special Counsel retention application was a request for payment of a disbursement advance by the Trustee to Fairfield Inn Special Counsel in the amount of $500.00 for costs related to Fairfield Inn Special Counsel's work on the matter (the "Fairfield Inn Disbursement Advance"). MODL reviewed preference documentation for bank account information and obtained a certified copy of the Fairfield Inn Judgment on special counsel's behalf. In addition, MODL corresponded and discussed regularly with special counsel as to collection issues, status of recovery efforts and next steps. Ultimately, based on the Trustee's discussions with, and information provided by, Fairfield Inn Special Counsel, the Trustee determined that, due to the various corporate entities of Fairfield Inn, substantial additional work that would be necessary and exhaustion of the Fairfield Inn Disbursement Advance, further collection efforts would be unlikely to benefit the Estate. As a result, the Trustee instructed MODL to prepare and file the Fairfield Inn Abandonment as defined and further discussed below under *Asset Disposition – Task Code 9260*.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Fairfield Inn (0006) during the Fee Application Period total $3,085.50.

**Adversary Proceeding v. Progressive Funding Solutions, LLC – 0010:**

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Progressive Funding Solutions, LLC (Task Code 0010)*, after making demand on Progressive Funding Solutions, LLC ("PFS") and receiving no satisfactory response, the Trustee commenced an adversary proceeding against PFS (the "PFS Adversary Proceeding") seeking to (a) avoid and recover certain pre-petition transfers the Debtor made to PFS and (b) disallow any and all claims PFS may have against the Estate. After PFS failed to answer the complaint, MODL developed default strategy with the Trustee and, at the Trustee's direction, MODL prepared and filed an Application for Default and Default Judgment (the "PFS Default Application"). The PFS Default Application was allowed by this Court and judgment entered in favor of the Trustee (the "PFS Judgment"). An officer of Progressive contacted MODL informally regarding the default and MODL assisted the Trustee with strategy for pursuit of a post-judgment demand and collection.

During the Fee Application Period, MODL continued to assist the Trustee with the exploration of different ways to monetize the PFS Default Judgment. At the Trustee's direction, MODL performed research as to the status of PFS and potential local Texas collection counsel, explored various recovery options, and reviewed related claim materials. At the Trustee's request, MODL initially corresponded and engaged in discussions with John Leininger, Esq. and Bryan Cave LLP (together, "Attorney Leininger") as potential local counsel for collection of the PFS Default Judgment. MODL attended to review of the proposed engagement agreement from Attorney Leininger but, ultimately, Attorney Leininger declined to represent the Trustee with respect to collection of the PFS Default Judgment. At the Trustee's direction, MODL entered into new discussions with George Muckleroy, Esq. and Sheats & Muckleroy LLP regarding pursuit of collection of the PFS Default Judgment (the "PFS Special Counsel"). MODL reviewed and revised the proposed engagement letter and, upon finalizing the terms for employment, MODL attended to preparation and filing of the PFS Special Counsel Retention Application as defined and discussed further under Employment Application – Task Code 9310.

During the Fee Application Period, and upon allowance of the PFS Special Counsel Retention Application, MODL corresponded and discussed with PFS Special Counsel as to status of recovery efforts, calculation of post-judgment interest regarding the PFS Default Judgment, the recording of a judgment lien on property located in Texas and owned by PFS (the "Judgment Lien") and a settlement offer received from PFS. MODL advised the Trustee as to strategy for negotiations with PFS and, as a result, the parties were able to reach terms for settlement. At the Trustee's direction, MODL prepared a Stipulation of Settlement (Re: Default Judgment Against Progressive Funding Solutions, LLC) (the "PFS Stipulation") and Motion to Approve Stipulation of Settlement (Re: Default Judgment Against Progressive Funding Solutions, LLC) (the "PFS Approval Motion"; together with the PFS Stipulation, the "PFS Settlement Pleadings"), as well as a motion to limit service of the PFS Settlement Pleadings. MODL worked with PFS Special Counsel to finalize the PFS Settlement Pleadings, as well as the PFS Special Counsel fee application, and reviewed local rule requirements regarding same. At the Trustee's request, MODL also attended to the filing and service of the PFS Settlement Pleadings, motion to limit notice and the PFS Special Counsel fee application and also prepared

and filed a Certificate of Service regarding same.  The PFS Settlement Pleadings were allowed without a hearing.

Pursuant to the PFS Stipulation, PFS agreed to pay the Trustee $6,000.00 (the "Settlement Amount") as settlement of all matters related to the PFS Judgment and the adversary complaint filed commencing the PFS Adversary Proceeding.  Payment of the Settlement Amount was to be made in ten (10) equal monthly installments of $600.00 each. At the Trustee's request, MODL monitored receipt of the PFS monthly installments and followed up with PFS Special Counsel as to payment defaults.  At the Trustee's request, PFS Special Counsel issued a demand letter to PFS as to payment default and MODL performed additional research to determine current status of PFS as a result of collection concerns.  Based on information provided to the Trustee by PFS Special Counsel, and the Trustee's discussions with PFS Special Counsel, the Trustee determined that any further installment payments due from PFS in connection with the Settlement Amount to be uncollectible and the cost of further collection efforts unlikely to benefit the Estate.  Therefore, the Trustee instructed MODL to prepare and file the PFS Abandonment *(as defined and further discussed under Asset Disposition – Task Code 9260)* with respect to all remaining settlement payments due from PFS in connection with the PFS Judgment in the aggregate amount of $4,200.00.  Ultimately, as a result of MODL's efforts, the Trustee collected three (3) installment payments from PFS of $600.00 each (i.e., an aggregate amount of $1,800.00) for the benefit of the Estate and its creditors.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Progressive Funding Solutions, LLC (0010) during the Fee Application Period total $6,940.00.

### Adversary Proceeding v. Quickflight Services – 0011:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Quickflight Services (Task Code 0011)*, after making demand on Quickflight, Inc. ("Quickflight") and receiving no satisfactory response, the Trustee commenced an adversary proceeding against Quickflight (the "Quickflight Adversary Proceeding) seeking to (A) avoid and recover certain pre-petition transfers the Debtor made to Quickflight and (B) disallow any and all claims Quickflight may have against the Estate.  Quickflight filed an answer to the complaint and the parties proceeded with litigation, including, among other things, discovery, participation in a Rule 26(f) Conference, initial disclosures, interrogatories, requests for admissions and document production as set forth in the pretrial order.  A pre-trial conference was scheduled for November 2014.

During the Fee Application Period, MODL continued to assist the Trustee with litigation and recovery efforts in the Quickflight Adversary Proceeding.  Among other things, MODL assisted the Trustee with preparation for, and participation in, the pre-trial conference including continued issues regarding discovery, production deficiencies, witnesses, and related pretrial issues and assisted the Trustee with strategy regarding same.  Additionally, upon conclusion of the pre-trial conference, MODL began initial preparations for trial and attended to witness availability, evidence for trial and pre-trial deadlines, and open discovery.  MODL also assisted the Trustee with strategy regarding settlement negotiations and trial issues and continued to engage in negotiations with Quickflight (via counsel) regarding a possible settlement.  Upon

reaching general terms for settlement, MODL attended to obtaining financial documents showing Quickflight's financial standing and devised grounds for preparation of a stipulation and motion to continue trial.

In light of the parties' general agreement to settle the Quickflight Adversary Proceeding, and in order to allow the parties sufficient time to document and file the settlement with the Court, at the Trustee's direction, MODL prepared and filed an Assented-to Motion to Continue Trial seeking to continue the trial, which was allowed by this Court. Additionally, MODL prepared a draft Stipulation of Settlement (the "Quickflight Stipulation") and proposed Agreement for Judgment for circulation between the parties, continued to engage in negotiations with Quickflight (via counsel) as to additional settlement terms, and corresponded with the Office of the United States Trustee regarding settlement payment issues. MODL also attended to revisions to the Quickflight Stipulation, as needed.

During the Fee Application Period, and in light of the length of time necessary to finalize the settlement terms and the Quickflight Stipulation, MODL assisted the Trustee with strategy regarding open discovery, financial issues, and a deadline for settlement. At the Trustee's request, MODL prepared and filed a Motion for Entry of an Order Scheduling Status Conference (the "Status Conference Motion") for the purpose of facilitating settlement and, if unable to finalize settlement, the parties would then have sufficient time for trial preparation. The Status Conference Motion was allowed by the Court and a status conference was scheduled. At the Trustee's request, MODL prepared a Notice of Status Conference and attended to filing and service of same. MODL also reviewed additional financial documents produced by Quickflight and continued to assess strategy regarding trial and the scheduled status conference.

MODL continued to engage in extensive negotiations with Quickflight (via counsel) on the Trustee's behalf, attended to additional revisions to the Quickflight Stipulation, and issues related to terms for a non-disclosure agreement requested by Quickflight. The parties were able to reach terms for settlement and MODL attended to additional revisions to the Quickflight Stipulation and prepared a Motion to Approve Stipulation of Settlement (Re: Quickflight, Inc.) (the "Quickflight Approval Motion"; together with the Quickflight Stipulation, the "Quickflight Settlement Pleadings"). MODL also prepared a motion to limit notice regarding the Quickflight Settlement Pleadings, as well as a certificate of service, and attended to filing and service of all. The Quickflight Settlement Pleadings were allowed without a hearing.

Pursuant to the Quickflight Stipulation, Quickflight agreed to pay the Trustee the sum of $31,596.74, in installments, in full satisfaction of any and all of the Trustee's claims against Quickflight (the "Quickflight Settlement Amount"). In addition, Quickflight agreed to execute an Agreement for Judgment in the amount of $140,000.00 to be held in escrow by the Trustee pending Quickflight's compliance with the Quickflight Stipulation. At the Trustee's direction, MODL monitored receipt of the Quickflight Payment installments. Upon receipt of the full Settlement Amount, MODL prepared and filed a Stipulation of Dismissal with respect to the Quickflight Adversary Proceeding. As a result of MODL's efforts, the Trustee collected $31,596.74 from Quickflight for the benefit of the Estate and its creditors, in addition to a waiver and release by Quickflight of any and all claims against the Estate. Additionally, Quickflight

agreed to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Quickflight Services (0011) during the Fee Application Period total $12,747.00.

**Adversary Proceeding v. Robert Keilman – 0015:**

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Robert Keilman (Task Code 0015)*, after making demand on Robert Keilman, the Debtor's former Chief Financial Officer and one of the Debtor's founding members ("Mr. Keilman") and receiving no satisfactory response, at the Trustee's request, MODL prepared and filed a Verified Complaint against Mr. Keilman for his breaches of duty to the Debtor that significantly damaged the Debtor and to avoid and recover certain pre-petition transfers that the Debtor made to Mr. Keilman (the "Keilman Adversary Proceeding"). Additionally, at the Trustee's direction, MODL prepared an Application for Preliminary Injunction seeking to enjoin Mr. Keilman and his agents from transferring, encumbering, assigning, pledging, dissipating or spending assets other than purchases necessary for living expenses until his obligation to the Estate had been satisfied. Ultimately, the parties were able to reach the terms for settlement and, at the Trustee's request, MODL worked with defendant's counsel on the preparation and filing of a stipulation, an approval motion, a motion to limit notice and a certificate of service. The stipulation of settlement provided that, within four business days of the Bankruptcy Court's order approving the stipulation, Mr. Keilman would pay the Trustee $250,000.00 in full satisfaction of the Trustee's claims against Mr. Keilman in the complaint and arising out of the Investigative Report. The settlement pleadings were filed on October 23, 2014 and remained pending at the time of the MODL First Interim Fee Application.

During the Fee Application Period, and at the Trustee's request, MODL monitored the status of the Keilman settlement pleadings and, upon entry of the approval order, assisted the Trustee with strategy for timing of payment and next steps and engaged in discussions with Mr. Keilman (via counsel) regarding payment of the settlement proceeds. At the Trustee's direction, MODL also reviewed status of the case pending in the United States District Court for the District of Massachusetts in connection with Mr. Keilman's motion to withdraw and considered a plan for disposition of that action as part of the Keilman settlement. The parties filed a Notice of Settlement Mooting Motion to Withdraw and the District Court issued a Settlement Order of Dismissal dismissing the District Court case. Upon receipt of the settlement proceeds, and at the Trustee's request, MODL prepared the Trustee's Notice of Receipt of Settlement Proceeds and Voluntary Dismissal of Adversary Proceeding Pursuant to Fed.R.Bankr.P. 7041 (the "Notice of Receipt") (A) providing notice of the receipt of the settlement funds, (B) submitting a proposed Order dissolving the temporary restraining order obtained by the Trustee against Mr. Keilman during the MODL First Interim Fee Application Period, and (C) seeking the voluntary dismissal of the Keilman Adversary Proceeding. MODL also attended to filing and service of the Notice of Receipt and prepared and filed a Certificate of Service regarding same. MODL monitored the Keilman Adversary Proceeding to confirm entry of the Order dismissing the Keilman Adversary Proceeding and dissolving the temporary restraining order against Mr. Keilman. As a result of

MODL's efforts, the Trustee collected $250,000.00 from Mr. Keilman for the benefit of the Estate and its creditors.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Robert Keilman (0015) during the Fee Application Period total $1,337.50.

### Adversary Proceeding v. Ed Warneck – 0024:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Ed Warneck (Task Code 0024)*, after making demand on Ed Warneck ("Mr. Warneck") and receiving no satisfactory response, the Trustee commenced an adversary proceeding against Mr. Warneck (the "Warneck Adversary Proceeding). Soon after initiating the Warneck Adversary Proceeding, the Trustee was informed by Mr. Warneck that he had filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court – District of South Carolina (Case No. 14-01611-dd) (the "Warneck Bankruptcy Case"). MODL assisted the Trustee with the preparation and filing of a proof of claim in the Warneck Bankruptcy Case in order to preserve the Debtor's potential claims against Mr. Warneck. Ultimately, in light of Mr. Warneck's financial condition and the expectation that it would be unlikely to improve in the future, the Trustee instructed MODL to monitor the proof of claim filed in the Warneck Bankruptcy Case, but to otherwise abandon efforts to actively pursue claims against Mr. Warneck in the adversary proceeding.

During the Fee Application Period, at the Trustee's request, MODL continued to monitor the Warneck Bankruptcy Case and review and assess pleadings filed in the case, as necessary. At the Trustee's request, MODL also obtained copies of transcripts in connection with depositions of Mr. Warneck in the Warneck Bankruptcy Case, reviewed the proposed distribution in the Warneck Bankruptcy Case and discussed same with the Chapter 7 trustee of the Warneck Bankruptcy Case. As a result of MODL's efforts, the Trustee collected a distribution in the amount of $1,021.77 from the Warneck Bankruptcy Case for the benefit of the Estate and its creditors.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Ed Warneck (0024) during the Fee Application Period total $1,624.00.

### Adversary Proceeding v. Avondale Aviation I, LLC – 0025:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Avondale Aviation I, LLC (Task Code 0025)*, after making demand and receiving no satisfactory response, and after completion of the Trustee's Investigative Report, at the Trustee's direction, MODL prepared and filed a Verified Complaint to commence an adversary proceeding seeking (A) to avoid and recover certain pre-petition transfers the Debtor made to or for the benefit of Avondale Aviation I, LLC, the buyer of the majority interest in the Debtor ("Avondale"), (B) to avoid and recover certain fraudulent transfers made by the Debtor to or for the benefit of Avondale, (C) damages as a result of Avondale's breach of fiduciary duty to the Debtor, (D) to disallow any claims Avondale may have against the Estate, and (E) to obtain an injunction against transfers of assets of Avondale outside the ordinary course of business until its

obligations to the Estate were satisfied (the "Avondale Adversary Proceeding"). During the litigation phase of the Avondale Adversary Proceeding, the parties agreed to the terms of a settlement, including a settlement amount of $7,500.00, and MODL began the process of preparing the settlement pleadings.

During the Fee Application Period, at the Trustee's direction, MODL reviewed and attended to revisions to the proposed Stipulation of Settlement (the "Avondale Stipulation") and Motion to Approve Stipulation of Settlement (Re: Avondale Aviation I, LLC) (Re: Verified Complaint; Adversary Proceeding No. 14-04025) (the "Avondale Approval Motion") as requested by Avondale (via counsel), and prepared a motion to limit notice (the "Avondale Motion to Limit"; collectively with the Avondale Stipulation and Avondale Approval Motion, the "Avondale Settlement Pleadings"). In addition, at the Trustee's request, MODL filed and served the Avondale Settlement Pleadings and prepared and filed a certificate of service regarding same. The Avondale Settlement Pleadings were allowed without a hearing.

Pursuant to the Avondale Stipulation, Avondale agreed to pay the Trustee $7,500.00, in installments, in full satisfaction of any and all of the Trustee's claims against Avondale as described in the complaint initiating the Avondale Adversary Proceeding. At the Trustee's direction, MODL monitored timely receipt of the settlement payments, followed-up with Avondale (via counsel), as necessary, and considered potential default issues. As a result of MODL's efforts, the Trustee collected $7,500.00 from Avondale for the benefit of the Estate and its creditors, in addition to a waiver and release by Avondale of any and all claims against the Estate. Additionally, Avondale agreed to cooperate with the Trustee in providing testimony, information and documents related to the Debtor that the Trustee may reasonably request to resolve the Debtor's bankruptcy case and all outstanding adversary proceedings, at no cost to Avondale.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Avondale Aviation I, LLC (0025) during the Fee Application Period total $2,324.00.

### Adversary Proceeding v. TEM Enterprises d/b/a Xtra Airways – 0030:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – TEM Enterprises d/b/a Xtra Airways(Task Code 0030)*, the Trustee made demand on Xtra Airways ("Xtra"). Xtra responded to the demand informally and MODL and Xtra (via counsel) engaged in settlement discussions. Ultimately, Xtra filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada commencing Case No. 14-13955-abi (the "Xtra Bankruptcy Case"). As a result of the settlement discussions, the parties were able to reach the terms of a settlement and, at the Trustee's request, MODL prepared and filed the settlement pleadings including, among others, a Stipulation of Settlement (the "Xtra Stipulation"), which was allowed without a hearing. Pursuant to the Xtra Stipulation, the Trustee was allowed a general unsecured claim in the amount of $65,000.00 in the Xtra Bankruptcy Case in full satisfaction of any and all of the Trustee's claims against Xtra. At the Trustee's request, MODL prepared and filed a proof of claim in the Xtra Bankruptcy Case and monitored the Xtra Bankruptcy Case, as needed, in connection with any potential distributions to the Trustee.

During the Fee Application Period, and at the Trustee's request, MODL continued to monitor the Xtra Bankruptcy Case and review and assess pleadings filed in the case, as necessary. As a result of MODL's efforts, the Trustee collected a distribution in the amount of $1,432.0 from the Xtra Bankruptcy Case for the benefit of the Estate and its creditors.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – TEM Enterprises d/b/a Xtra Airways (0030) during the Fee Application Period total $329.00.

## Adversary Proceeding v. Avfuel Corporation – 0031:

As previously discussed in the MODL First Interim Fee Application under *Adversary Proceeding – Avfuel Corporation (Task Code 0031)*, the Trustee commenced an adversary proceeding to (A) avoid and recover certain pre-petition transfers the Debtor made to Avfuel Corporation ("Avfuel"), (B) require Avfuel to turn over Estate property to the Trustee and obtain an accounting of Estate property in Avfuel's possession, and (C) disallow any and all claims Avfuel may have against the Estate (the "Avfuel Adversary Proceeding"). The parties reached terms for a settlement and, at the Trustee's direction, MODL prepared and prosecuted all settlement documents including, among other things, a Stipulation of Settlement (the "Avfuel Stipulation"), which was allowed by this Court without a hearing. The Trustee received the settlement proceeds from Avfuel in the amount of $30,000.00 pending approval of the Avfuel Stipulation.

During the Fee Application Period, MODL continued to assist the Trustee with recovery efforts in connection with the Avfuel Adversary Proceeding. Among other things, and at the Trustee's direction, MODL reviewed the Court's Order approving the Avfuel Stipulation and provided Avfuel (via counsel) with a copy of the approval Order. At the Trustee's request, MODL also prepared and filed the Trustee's Notice of Voluntary Dismissal of Adversary Proceeding and confirmed closure of the Avfuel Adversary Proceeding. In light of approval of the Avfuel Stipulation, the Trustee collected $30,000.00 from Avfuel for the benefit of the Estate and its creditors, in addition to a waiver and release by Avfuel of any and all claims against the Estate.

As detailed in **Exhibit H**, MODL's fees and expenses related to Adversary Proceeding – Avfuel Corporation (0031) during the Fee Application Period total $584.00.

## Asset Recovery – 9250:

During the Fee Application Period, MODL continued to assist the Trustee with all legal issues related to asset recovery. In particular, MODL continued to monitor all remaining open collection matters, assisted the Trustee with the assessment of recovery prospects and TFR implications, and next steps for resolution. With MODL's assistance with legal issues related to potential asset recoveries, the Trustee has successfully liquidated many Estate assets and pursued litigation, all of which is discussed in detail in this Application.

As detailed in **Exhibit H**, MODL's fees and expenses related to Asset Recovery (9250) during the Fee Application Period total $1,618.00.

## Preference/Fraudulent Conveyance Claims – 9255:

During the Fee Application Period, and as a result of the initiation of adversary proceedings during the MODL First Interim Fee Application, MODL continued to assist the Trustee in all legal aspects related to preference/fraudulent conveyance claims and adversary proceedings and advised the Trustee regarding further actions needed, if any. Among other things, MODL continued to monitor all open preference matters and adversary proceedings, and also continued to assist the Trustee with strategies regarding default judgments and disposition and closure of all open collection and litigation matters. MODL also continued to maintain the tracking process and control chart for preference recoveries and adversary proceedings.

As detailed in **Exhibit H**, MODL's fees and expenses related to Preference/Fraudulent Conveyance Claims (9255) during the Fee Application Period total $2,508.00.

## Asset Disposition – 9260:

During the Fee Application Period, MODL continued to assist the Trustee with the review and assessment of all assets of the Estate, including review of the Debtor's schedules and various case materials, as well as notices of abandonment previously filed by the Trustee in the Debtor's case, to identify assets, if any, still to be abandoned and developed strategy for disposition of same with the Trustee.

At the Trustee's direction, MODL assisted the Trustee with the preparation of the Trustee's Notice of Abandonment of Estate Property (Re: Claims Against Sky King, Inc.) providing notice of the Trustee's intention to abandon any and all of the Estate's interest in claims against Sky King, Inc. ("Sky King"), as described more fully in the proof of claim asserted by the Trustee on behalf of the Estate (the "Sky King Claims") in the bankruptcy case filed by Sky King under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California, Case No. 12-35905 (the "Sky King Bankruptcy Case"). Among other things, at the Trustee's request, MODL monitored the docket report of the Sky King Bankruptcy Case, assisted the Trustee with strategy and timing issues regarding abandonment, reviewed various pleadings filed in the Sky King Bankruptcy, and reviewed local rules regarding abandonment. MODL also prepared a motion to limit service of the Sky King abandonment, as well as a certificate of service. At the Trustee's direction, MODL attended to filing and service of the Sky King abandonment, motion to limit notice and certificate of service and, upon expiration of the objection deadline, requested a certificate of no objection from the Court.

During the Fee Application Period, and at the Trustee's request, MODL also investigated whether the Estate's interest in the following property of the Debtor, and listed on the Debtor's Schedule B, was of any value to the Estate:

A.      Accounts receivable identified in Paragraph 16 of the Debtor's Schedule B (the "Accounts Receivable");

B.      Causes of action identified in Paragraph 21 of the Debtor's Schedule B and further listed on Schedule 4 of the Debtor's Statement of Financial Affairs (the "Contingent Claims";

C.      The suspended Department of Transportation ("DOT") license identified in paragraph 23 of the Debtor's Schedule B (the "DOT License"); and

D.      Possible customer lists as identified in paragraph 24 of the Debtor's Schedule B (the "Possible Customer Lists"; collectively with the Accounts Receivable, Contingent Claims and DOT License, the "Assets").

Based on the Trustee's investigation, and with MODL's assistance, the Trustee determined that the Assets were of inadequate or insufficient value to benefit the Estate and that no value would likely be realized were the Trustee to attempt to sell the Assets. As a result, and at the Trustee's request, MODL prepared, filed and served the Trustee's Notice of Abandonment of Estate Property (Including Accounts Receivable, Contingent Claims, DOT License and Possible Customer Lists) providing notice of the Trustee's intention to abandon the Assets, along with a motion to limit service of same. MODL also prepared and filed a certificate of service regarding same.

Additionally, during the Fee Application Period, MODL prepared and filed the Trustee's Motion to (I) Abandon Estate's Remaining Interest in Arrow Settlement, (II) Abandon and Destroy Certain Estate Records and (III) Terminate Access to Debtor's On-Line Records (the "Motion to Abandon") seeking an order authorizing the Trustee to (A) abandon any and all of the Estate's remaining interest in the settlement between the Trustee and Arrow approved by this Court on July 22, 2014 (i.e., the Arrow Settlement) and any remaining claims against Arrow, (B) abandon and destroy certain of the Debtor's records and documents stored in approximately 231 boxes, plus two (2) servers and one box containing 28 personal computer hard drives (the "Documents and Computers") located at the Accountant's warehouse in Wrentham, Massachusetts and (C) terminate on-line access to the Debtor's QuickBooks files (the "QuickBooks Files"; together with the Documents and Computers, the "Remaining Records"). As a result of the Trustee's investigation and the review of all records in the Trustee's custody and control, the Trustee determined that the Estate is unlikely to recover any additional funds from the Arrow Settlement that would exceed the cost to recover those funds and, further, that the Remaining Records are no longer necessary to the Trustee's administration of the Estate.

Additionally, in the Motion to Abandon, the Trustee sought to abandon the Remaining Records to the United States Department of Justice (the "DOJ") provided that the DOJ would retrieve the Remaining Records within ten (10) days of allowance of the Motion to Abandon at no cost to the Trustee or, alternatively, that after that time, the Trustee would dispose of the Remaining Records in his possession, custody and control. During the course of the Trustee's investigation, among other things, MODL identified and reviewed all Debtor records in the Trustee's custody and control and communicated with the Trustee's Accountant, the DOJ (via counsel) regarding the DOJ's pending criminal action against Judy Tull and Kay Ellison, former

owners of the Debtor, counsel to Merrick Bank, and counsel to VNB in connection with the VNB Litigation regarding any potential concerns and/or objections to the destruction of the Debtor documents. MODL also reviewed all open issues related to the Arrow Settlement, and assisted with the development of strategy for the transfer of records stored with Trustee's Accountant to the DOJ and abandonment of on-line QuickBooks access, including timing and ramifications of abandonment. At the Trustee's direction, MODL addressed concerns expressed by the DOJ to the Motion to Abandon and communicated with local counsel regarding status of the Arrow litigation and pending discovery. Upon resolution to the satisfaction of all parties, including concerns raised by the DOJ regarding destruction of the Debtor documents, at the Trustee's direction, MODL attended to filing and service of the Motion to Abandon and also prepared and filed a certificate of service regarding same. Upon issuance of a hearing notice by the Court, MODL attended to service of the hearing notice and prepared and filed a certificate of service regarding same. Additionally, MODL responded to all creditor inquiries regarding the intention and implications of the Motion to Abandon. After expiration of the of the objection deadline with respect to the Motion to Abandon, the Court cancelled the hearing and allowed the Motion to Abandon without a hearing. Upon allowance of the Motion to Abandon, MODL coordinated with the DOJ and the Trustee's Accountant for retrieval by the DOJ of the abandoned Documents and Computers and the DOJ's assumption of responsibility of the Quickbook files.

During the Fee Application Period, and at the Trustee's direction, MODL prepared the Trustee's Notice of Abandonment of Estate Property (Re: Default Judgment Against Progressive Funding Solutions, LLC and Any and All Remaining Settlement Payments Due in Connection With the Default Judgment) (the "PFS Abandonment") providing notice of the Trustee's intention to abandon any and all of the Estate's interest in the Judgment entered by this Court on December 23, 2013 (i.e., the PFS Judgment) against PFS in the PFS Adversary Proceeding, including any and all remaining settlement payments due from PFS in connection with the PFS Judgment in the approximate amount of $4,200.00) (the "PFS Remaining Settlement Payments"). Based on information provided to the Trustee by PFS Special Counsel and the Trustee's discussions with PFS Special Counsel, the Trustee determined any further installment payments from PFS to be uncollectible and the cost of further collection efforts unlikely to benefit the Estate. At the Trustee's request, MODL prepared and filed the PFS Abandonment, as well as a motion to limit notice and certificate of service. After passage of the response deadline, MODL requested and filed a Clerk's Certificate as to No Objections to Abandonment of Property.

During the Fee Application Period, and at the Trustee's direction, MODL prepared the Trustee's Notice of Abandonment of Estate Property (Re: Default Judgment Against Fairfield Inn by Marriott, LP a/k/a Fairfield Inn Broadway) (the "Fairfield Inn Abandonment") providing notice of the Trustee's intention to abandon any and all of the Estate's interest in the Judgment entered by this Court on January 9, 2014 (i.e., the Fairfield Inn Judgment) against Fairfield Inn in the Fairfield Inn Adversary Proceeding. Based on information provided to the Trustee by Fairfield Inn Special Counsel and the Trustee's discussions with Fairfield Inn Special Counsel, the Trustee determined that, due to the various corporate entities of Fairfield Inn, substantial additional work by Fairfield Inn Special Counsel would be necessary and that any further collection efforts would be unlikely to benefit the Estate. At the Trustee's request, MODL

prepared and filed the Fairfield Inn Abandonment, as well as a motion to limit notice and certificate of service. After passage of the response deadline, MODL requested and filed a Clerk's Certificate as to No Objections to Abandonment of Property.

As detailed in **Exhibit H**, MODL's fees and expenses related to Asset Disposition (9260) during the Fee Application Period total $20,633.50.

## Case Administration – 9280:

During the Fee Application Period, and at the Trustee's direction, MODL prepared and filed a withdrawal of appearance on behalf of certain counsel to the Trustee in the Debtor's case.

As detailed in **Exhibit H**, MODL's fees and expenses related to Case Administration (9280) during the Fee Application Period total $61.50.

## Claims Administration and Objections – 9290:

As previously discussed, in detail, in the MODL First Interim Fee Application under *Claims Administration and Objections (Task Code 9290)*, and by way of reminder, prior to the Petition Date, the Debtor was a public charter operator (tour operator) with charter programs serving various points in the United States. Two days prior to the Petition Date, the Debtor ceased operation of its tour programs, stopped accepting all flight reservations and terminated reservation capabilities on its web-site. The Debtor never resumed operations. By the time of these actions, the Debtor had previously accepted flight reservations (and payment) from thousands of Charter Participants, who were then unable to fly with the Debtor, and who were left with claims for the monies lost in connection with the Debtor's cancelled flights and ceased operations and for expenses incurred due to the cancellations and the cessation of operations. Subsequent to the Petition Date, thousands of Charter Participants asserted claims in multiple forums for the monies lost in connection with the Debtor's cancelled flights: (i) claims have been asserted against the Bond (i.e., the Bond Claims); (ii) claims have been asserted against VNB and the VNB Account (the "VNB Claims"); and (iii) claims have been filed in this bankruptcy case in the form of proofs of claim (the "Filed Claims"; collectively with the Bond Claims and the VNB Claims, the "Claims"). While a large number of the Charter Participants were reimbursed via their credit or debit cards, a vast number of Charter Participant were not reimbursed (the "Unreimbursed Charter Participants"). As discussed previously, funds totaling $250,000.00 were available for payment to Unreimbursed Charter Participants on account of their claims, consisting of (a) a portion ($175,000.00) of the proceeds of the bond (the "Bond") guaranteed by Platte River and (b) a portion ($75,000.00) of funds that were in certain accounts maintained by VNB.

During the MODL First Interim Fee Application, a significant amount of MODL's time was spent related to claim reconciliation and the Trustee's distribution of the consolidated funds totaling $250,000.00 to 1,922 Unreimbursed Charter Participants, i.e., approximately 26% of Charter Participant's allowed claims (the "Interim Distribution") pursuant to the Trustee's Court-approved Motion for Order (I) Approving Proposed Interim Distribution to Charter Participant Claimants, (II) Resolving and Disallowing Certain Objectionable Charter Participant Claims and

(III) Extending Deadline for Submission of Completed Clam Forms (the "Claim Distribution Motion"). Subsequent to the Trustee's transmittal of the interim distribution checks, numerous claimants contacted the Trustee via telephone calls and electronic mails to inquire as to the status of their respective interim distribution check. The Trustee determined that the majority of these claimants were mailed a claim notice, but had not returned the completed form to the Trustee by the deadline for submission of completed claim notices. Although the Trustee did not have any record of having received their completed claim notices, four (4) specific Additional Charter Participants Claimants (as defined below) provided documents to support their assertions that they had returned the completed claim notice to the Trustee.

Ultimately, all 1,922 interim distribution checks were cashed during the MODL First Interim Fee Application Period by Charter Participants with the exception of five (5) checks. MODL investigated the circumstances of those five (5) uncashed checks and, as a result, the Trustee determined that the uncashed funds were available for distribution to the Additional Charter Participant Claimants that had not participated in the Interim Distribution.

At the Trustee's direction, MODL prepared a Motion for Order (I) Allowing Certain Additional Charter Participant Claims, (II) Disallowing Certain Charter Participant Claims, (III) Approving Proposed Re-Distribution of Remaining Charter Participant Claim Funds to Certain Additional Charter Participant Claimants, and (IV) Authorizing Manner of Future Distributions to Additional Charter Participant Claimants (the "Redistribution Motion") seeking (A) allowance of the Additional Charter Participant claims, (B) disallowing the claims of certain Charter Participants, (C) approving the Trustee's proposed re-distribution of Remaining Charter Participant Claim Funds for claims asserted by the Additional Chart Participant Claimants against the Estate and who did not receive payment in connection with the Trustee's Interim Distribution, and (D) authorizing the manner in which any future distributions, if any, to Charter Participants will be made with respect to additional Charter Participant claimants.

During the Fee Application Period, MODL continued to assist the Trustee with substantive revisions to, and finalization of, the Re-Distribution Motion. MODL also continued to review claimant materials and assess distribution implications, consider notice issues and contact additional claimants to confirm current service addresses, and also prepared a motion to limit notice with respect to the Re-Distribution Motion. At the Trustee's request, MODL attended to filing of the Re-Distribution Motion and motion to limit notice and also prepared a certificate of service regarding same. Additionally, MODL responded to numerous claimant inquiries. The Re-Distribution Motion was allowed by the Court, without a hearing,

The Re-Distribution Motion included an Exhibit A which set forth the Trustee's proposed re-distribution to the Additional Charter Participant Claimants, as well as an Exhibit B which set forth the Charter Participant claims to be disallowed, including a claim asserted by Heather Daniel ("Ms. Daniel"). Prior to the deadline for responses to the Re-Distribution Motion, Ms. Daniel contacted the Trustee informally and indicated that the Re-Distribution Motion was served on her at an address where she had not resided for some time, but that the Re-Distribution Motion had recently been forwarded to her at her current address. Ms. Daniel further indicated to the Trustee that she had never received her Interim Distribution check and requested that the check be re-issued and forwarded to her at her current address. Anticipating that a hearing

would be re-scheduled on the Re-Distribution Motion, the Trustee planned to address Ms. Daniel's claim at the hearing. However, an order on the Re-Distribution Motion entered without a hearing. As a result of entry of the order on the Re-Distribution Motion, and at the Trustee's request, MODL attended to revisions to the proposed distribution and assisted the Trustee with development of grounds for an amendment to the Order approving the Re-Distribution Motion to reflect the reduction in the remaining funds available for distribution to the Additional Charter Participant Claimants as a result of payment of Ms. Daniel's claim. At the Trustee's direction, MODL prepared and filed a motion to amend the order approving the Re-Distribution Motion (the "Motion to Amend") seeking to (A) amend the treatment of the Charter Participant claim submitted by Ms. Daniel in the amount of $376.00, (B) amend the proposed re-distribution attached to the Re-Distribution Motion as Exhibit A, and (C) amend the Charter Participant claims to be disallowed as noted on Exhibit B attached to the Re-Distribution Motion. The Motion to Amend was allowed by this Court, without a hearing, authorizing the Trustee to re-distribute the Remaining Charter Participant Claim Funds in the aggregate amount of $540.93 to the following four (4) additional claimants, resulting in a re-distribution to each Additional Charter Participant Claimant (as defined below) of approximately 14.83%:

    A.  Kristine and Lyle Underwood (the "Underwoods");

    B.  FC USA, Inc. d/b/a Liberty Travel ("Liberty Travel");

    C.  Micah Kistler ("Kistler"); and

    D.  Jennifer Jones ("Jones"; collectively with Underwoods, Liberty Travel and Kistler, the "Additional Charter Participant Claimants").

      As provided by the Re-Distribution Motion, in the event additional funds become available for distribution to Charter Participant claimants in the future, the Trustee requested authority to first pay the Additional Charter Participant Claimants the amounts necessary to bring their distribution up to the 26% interim distribution received by all allowed Charter Participant Claimants. The balance of any additional funds would then be paid pro-rata to all allowed Charter Participant Claims, including Additional Charter Participant Claimants.

      **In connection with the MODL Second and Final Fee Application, MODL is further reducing its requested fees to make funds available to pay the Additional Charter Participant Claimants the amounts necessary to bring their interim distribution up from the initial distribution received of approximately 14.83% to the approximately 26% interim distribution received by allowed Charter Participant Claims.**

      During the Fee Application Period, the Trustee and MODL also responded to an extensive number of inquiries via first-class mail, telephone, facsimile and electronic mail from creditors, counsel to creditors and Charter Participants regarding claim allowance, priority, and distribution issues. At the Trustee's request, MODL also continued to maintain and update the master datatable for tracking all claims and the master service list datatable, as necessary. Additionally, at the Trustee's request, and in response to a subpoena received from the Department of Justice, MODL provided the Department of Justice with copies of the service list datatables and specific claims filed by Charter Participants.

During the Fee Application Period, and at the Trustee's direction, MODL also prepared and filed a Motion to Establish a Bar Date by Which All Creditors Asserting Chapter 7 Administrative Expense Claims Must File Such Claims (the "Chapter 7 Administrative Bar Date Motion") and considered service issues in connection with same. At the Trustee's direction, MODL attended to service of the Chapter 7 Administrative Bar Date Motion, as well as the related Chapter 7 administrative bar date order, and prepared and filed certificates of service for both. Upon entry of the Chapter 7 administrative bar date order, MODL reviewed the case docket and claim register as to Chapter 7 administrative claims, if any.

As detailed in **Exhibit H**, MODL's fees and expenses related to Claims Administration and Objections (9290) during the Fee Application Period total $12,250.00.

**Employment Applications – 9310:**

During the Fee Application Period, after determining the scope of engagement, as well as the terms of employment, MODL prepared, filed and served an application, supporting affidavit and motion to limit notice of same for the Trustee to employ George Muckleroy, Esq. and Sheats & Muckleroy LLP (i.e., the PFS Special Counsel) for the sole purpose of assisting with collection efforts in connection with the PFS Default Judgment as discussed previously under *Adversary Proceeding v. Progressive Funding Solutions, LLC (Task Code 0010)*.

Additionally, at the Trustee's direction and after determining the scope of engagement and employment terms, MODL prepared, filed and served an application, supporting affidavit and motion to limit notice of same for the Trustee to employ Reese R. Boyd, III, Esq. and Davis & Boyd, LLC (i.e., the Fairfield Inn Special Counsel) for the sole purpose of assisting with collection efforts in connection with the Fairfield Inn Judgment as discussed previously under *Adversary Proceeding v. Fairfield Inn (Task Code 0006)*.

As detailed in **Exhibit H**, MODL's fees and expenses related to Employment Applications (9310) during the Fee Application Period total $3,666.00.

**Fee Applications – 9311:**

During the Fee Application Period, MODL finalized and attended to filing and service of the MODL First Interim Fee Application and the V&L First Interim Fee Application (together, the "Interim Fee Applications"), as well as the Trustee's Motion to Limit Notice regarding same. Upon issuance of a hearing notice with respect to the Interim Fee Applications, MODL also attended to service of same , as well as preparation and filing of a certificate of service. At the Trustee's direction, MODL prepared for, and participated in, a hearing on the Interim Fee Applications, which were allowed by this Court in the amounts requested.

During the Fee Application Period, MODL has prepared the within MODL Second and Final Fee Application and has also coordinated with the Trustee's Accountant regarding the preparation and filing of the Accountant's Second and Final Fee Application. MODL will also appear at any hearing necessary on the within MODL Second and Final Fee Application.

As detailed in **Exhibit H**, MODL's fees and expenses related to Fee Applications (9311) during the Fee Application Period total $26,064.00.

### Fee/Employment Objection – 9320:

During the Fee Application Period, MODL reviewed the fee application of the Trustee's Accountant. Additionally, as also discussed, in part, above under *Adversary Proceeding v. Progressive Funding Solutions, LLC (Task Code 0010)*, MODL reviewed and revised the fee application of George Muckleroy, Esq. and Sheats & Muckleroy LLP (i.e., PFS Special Counsel) which was submitted and allowed by the Court at the time of the PFS Settlement Pleadings. In addition, in light of the PFS Abandonment, MODL assisted PFS Special Counsel with its amended fee application based on the amount actually recovered by the Trustee in connection with the PFS Settlement Amount.

As detailed in **Exhibit H**, MODL's fees and expenses related to Fee/Employment Objections (9320) during the Fee Application Period total $1,241.00.

### Tax Issues – 9440:

During the Fee Application Period, and at the Trustee's direction, MODL engaged in discussions with the Trustee and the Trustee's Accountant in connection with all legal issues related to taxes including, but not limited to, preparation of estate tax returns, various tax assessment notices from taxing authorities and strategy for responses to same, issues related to the issuance of Form K-1s and related pass-through issues, and tax implications of all for the Estate.

As detailed in **Exhibit H**, MODL's fees and expenses related to Tax Issues (9440) during the Fee Application Period total $1,905.50.

# EXHIBIT G

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 12-40944 | CJP | Judge: | Christopher J. Panos |
|---|---|---|---|---|
| Case Name: | SOUTHERN SKY AIR & TOURS LLC D/B/A | | | |

| Trustee Name: | Joseph H. Baldiga, Trustee |
|---|---|
| Date Filed (f) or Converted (c): | 04/11/2012 (c) |
| 341(a) Meeting Date: | 06/13/2012 |
| Claims Bar Date: | 11/14/2013 |

For Period Ending:  12/14/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  TD BANK ACCOUNT                              (u) | 0.00 | 3,028.44 | | 3,028.44 | FA |
| 2.  HORRY COUNTY STATE BANK                (u) | 0.00 | 22.33 | | 22.33 | FA |
| 3.  Post-Petition Interest Deposits              (u) | 0.00 | N/A | | 0.12 | FA |
| 4.  CASH FROM MYRTLE BEACH SAFE          (u) | 0.00 | 204.00 | | 204.00 | FA |
| 5.  INSURANCE POLICIES - PLATTE RIVER COMPANY | 151,000.00 | 200,000.00 | | 200,000.00 | FA |
| 6.  ACCOUNTS RECEIVABLE-UPON INFORMATION AND BELIEF, ACCOUNTS | 33,030.10 | 0.00 | OA | 0.00 | FA |
| 7.  SUSPENDED DOT LICENSE; SEE LIST IN SCHEDULE G | 0.00 | 0.00 | OA | 0.00 | FA |
| 8.  CUSTOMER LISTS - SEE SCHEDULE F; NO SUFFICIENT INFORMATION | 0.00 | 0.00 | OA | 0.00 | FA |
| 9.  CONTINGENT CLAIMS-AVONDALE DOES NOT HAVE SUFFICIENT ACCESS | 0.00 | 0.00 | OA | 0.00 | FA |
| 10. OFFICE EQUIPMENT | 45,000.00 | 0.00 | OA | 0.00 | FA |
| 11. PREFERENCE SETTLEMENTS/COLLECTIONS      (u) | 0.00 | 205,735.95 | | 205,735.95 | FA |
| 12. VOID (ASSET ENTERED IN ERROR)              (u) | Unknown | 0.00 | | 0.00 | FA |
| 13. CASH ON HAND | 0.00 | 0.00 | | 0.00 | FA |
| 14. FINANCIAL ACCOUNTS | 0.00 | 0.00 | | 0.00 | FA |
| 15. SECURITY DEPOSITS | 0.00 | 0.00 | | 0.00 | FA |
| 16. BOOKS/COLLECTIBLES | 0.00 | 0.00 | | 0.00 | FA |
| 17. ANNUITIES | 0.00 | 0.00 | | 0.00 | FA |
| 18. LIQUIDATED CLAIMS | 0.00 | 0.00 | | 0.00 | FA |
| 19. VOID (ASSET ENTERED IN ERROR)              (u) | Unknown | 0.00 | | 0.00 | FA |
| 20. INTELLECTUAL PROPERTY | 0.00 | 0.00 | | 0.00 | FA |
| 21. MACHINERY AND SUPPLIES | 0.00 | 0.00 | OA | 0.00 | FA |
| 22. OTHER PERSONAL PROPERTY | 0.00 | 0.00 | OA | 0.00 | FA |

FORM 1

### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

| Case No: | 12-40944 | CJP | Judge: | Christopher J. Panos | Trustee Name: | Joseph H. Baldiga, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | SOUTHERN SKY AIR & TOURS LLC D/B/A | | | | Date Filed (f) or Converted (c): | 04/11/2012 (c) |
| | | | | | 341(a) Meeting Date: | 06/13/2012 |
| For Period Ending: | 12/14/2018 | | | | Claims Bar Date: | 11/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 23.  CASH MONEY FOUND IN DEBTOR BOX                    (u) | 0.00 | 481.00 | | 481.00 | FA |
| 24.  CHARGE FOR PHOTOCOPIES                              (u) | 0.00 | 194.00 | | 194.00 | FA |
| 25.  ARROW ENERGY LITIGATION - BOND REFUND<br>(u) | 0.00 | 42,000.00 | | 42,000.00 | FA |
| 26.  AGREEMENT WITH VALLEY NATIONAL BANK           (u) | 0.00 | 250,000.00 | | 250,000.00 | FA |
| 27.  SETTLEMENT WITH TEM ENTERPRISES D/B/A XTRA AIR<br>(u) | 0.00 | 65,000.00 | | 1,432.00 | FA |
| 28.  SETTLEMENT - QUICKFLIGHT, INC. (ADV PROC 13-04082)<br>(u) | 0.00 | 31,596.74 | | 31,596.74 | FA |
| 29.  SETTLEMENT - PROGRESSIVE FUNDING SOLUTIONS<br>LLC (ADV PROC 13- (u) | 0.00 | 6,000.00 | OA | 1,800.00 | FA |
| 30.  SETTLEMENT - AVONDALE AVIATION I, LLC (ADV PROC<br>14-04025) (u) | 0.00 | 7,500.00 | | 7,500.00 | FA |
| 31.  ED WARNECK SC BANKRUPTCY CLAIM (ADV. PROC. NO.<br>14-04026) (u) | 0.00 | 30,942,155.16 | | 1,021.77 | FA |
| 32.  SETTLEMENT - ARROW ENERGY, INC. (ADV. PROC. 14-<br>04022) (u) | 0.00 | 18,000.00 | OA | 0.00 | FA |
| 33.  SETTLEMENT - MERRICK BANK (MERRICK V. VALLEY<br>NATIONAL BANK) (u) | 0.00 | 50,000.00 | | 275,502.40 | FA |
| 34.  JUDGMENT VS. FAIRFIELD INN BY MARIOTT, LP A/K/A<br>FAIRFIELD IN (u) | 0.00 | 27,245.49 | OA | 0.00 | FA |
| 35.  SETTLEMENT - THE STATION, INC. (ADV. PROC. 13-<br>04086) (u) | 0.00 | 4,000.00 | | 4,000.00 | FA |
| 36.  SETTLEMENT - ALLEGHENY COUNTY AIRPORT (ADV.<br>PROC. 13-04093) (u) | 0.00 | 60,000.00 | | 60,000.00 | FA |
| 37.  SETTLEMENT - NIAGARA FALLS AVIATION, LLC (ADV.<br>PROC. 13-04096) (u) | 0.00 | 32,500.00 | | 32,500.00 | FA |
| 38.  SETTLEMENT - MIAMI AIR INTERNATIONAL, INC. (ADV.<br>PROC. 13-04100) (u) | 0.00 | 83,537.94 | | 83,537.94 | FA |
| 39.  SETTLEMENT - ORLANDO SANFORD INTERNATIONAL,<br>INC. (ADV. PROC. 14-04020) (u) | 0.00 | 7,500.00 | | 7,500.00 | FA |

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 12-40944 | CJP | Judge: | Christopher J. Panos | | Trustee Name: | Joseph H. Baldiga, Trustee |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Case Name: | SOUTHERN SKY AIR & TOURS LLC D/B/A | | | | | Date Filed (f) or Converted (c): | 04/11/2012 (c) |
| | | | | | | 341(a) Meeting Date: | 06/13/2012 |
| For Period Ending: | 12/14/2018 | | | | | Claims Bar Date: | 11/14/2013 |

| 1<br>Asset Description<br>(Scheduled and Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| --- | --- | --- | --- | --- | --- |
| 40.  SETTLEMENT - BEECHWOOD LAKELAND HOTEL (ADV. PROC. 14-04021) (u) | 0.00 | 14,000.00 | | 14,000.00 | FA |
| 41.  SETTLEMENT - KEILMAN (ADV. PROC. 14-04023) (u) | 0.00 | 250,000.00 | | 250,000.00 | FA |
| 42.  SETTLEMENT - JUDY TULL (ADV. PROC. 14-04024) (u) | 0.00 | 10,000.00 | | 10,000.00 | FA |
| 43.  SETTLEMENT - EIN MANAGEMENT, LLC (ADV. PROC. 14-04027) (u) | 0.00 | 5,750.00 | | 5,750.00 | FA |
| 44.  SETTLEMENT - AVIATION ADVANTAGE, INC. (ADV. PROC. 14-04028) (u) | 0.00 | 15,000.00 | | 15,000.00 | FA |
| 45.  SETTLEMENT - AVFUEL CORPORATION (ADV. PROC. 14-04085) (u) | 0.00 | 30,000.00 | | 30,000.00 | FA |
| 46.  SETTLEMENT - ELLISON (ADV. PROC. 14-04026 and 14-04024) (u) | 0.00 | 92,000.00 | | 92,000.00 | FA |
| 47.  TRUSTEE'S PROOF OF CLAIM FILED IN SKY KING CA BANKRUPTCY 12-35905 (u) | 0.00 | 2,702,405.01 | OA | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $229,030.10 | $35,155,856.06 | | $1,624,806.69 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

- Laura Keeler 7/11/2018 - STATUS REVIEW OF CASE BY TRUSTEE; WAITING FOR TAXES.
- Laura Keeler 5/9/2018 - RECEIVED ESTATE'S INTEREST IN THE MERRICK BANK V. VALLEY NATIONAL BANK SUIT.  NO MORE OUTSTANDING ASSETS - TAXES TO BE ORDERED.
- Laura Keeler 3/22/2018 - STATUS REVIEW OF CASE BY TRUSTEE - MERRICK BANK TRIAL STARTS IN 2 WEEKS (ON OR ABOUT 4/9/18).
- Laura Keeler 1/3/2018
CASE REVIEW BY TRUSTEE - THE TRUSTEE WILL BE WRAPPING UP THE 2 REMAINING COLLECTION MATTERS (PROGRESSIVE AND FAIRFIELD).  THE MERRICK V. VALLEY NATIONAL BANK LITIGATION IS ONGOING.
- Laura Keeler 10/3/2017
CASE REVIEW BY TRUSTEE; MERRICK v VALLEY NATIONAL BANK MATTER ONGOING.
- Laura Keeler 8/25/2017
STATUS REPORT FILED.
- Laura Keeler 6/20/2017
CASE REVIEW BY TRUSTEE.
- Laura Keeler 3/30/2017
STATUS REVIEW OF CASE BY TRUSTEE.
- Laura Keeler 1/24/2017
TRUSTEE CONTINUES TO PURSUE AVOIDANCE ACTION DEFAULT JUDGMENTS AND OTHER RECOVERY LITIGATION, AND TO MONITOR MERRICK BANK'S SUIT AGAINST VALLEY NATIONAL BANK (IN WHICH THE ESTATE HAS RETAINED AN INTEREST).

ALTHOUGH THIS CASE CONVERTED TO CHAPTER 7 FROM CHAPTER 11, THE DEBTOR'S SCHEDULES WERE FILED AFTER THE CONVERSION TO A CHAPTER 7, PRIOR TO THE CHAPTER 7 341 MEETING.

FYI:  CHECK #200003 WAS VOIDED AND USED AS A SAMPLE FOR SIGNATURE PRINTING CHECKS - SEE FORM 2.

| RE PROP # | 4  | -- | RECEIVED CASH THEN CONVERTED TO CASHIER'S CHECK TO DEPOSIT |
| RE PROP # | 5  | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE.  HOWEVER, OTHER THAN THE DEBTOR'S GENERAL LIABILITY INSURANCE, SEE ATTACHED SURETY BOND INFORMATION FROM PLATTE RIVER INSURANCE COMPANY |
| RE PROP # | 6  | -- | RECEIVABLE WAS ON THE BALANCE SHEET AS OF THE CLOSE IN OCTOBER AND WAS CARRIED FORWARD |
| RE PROP # | 8  | -- | AS TO VALUE |
| RE PROP # | 9  | -- | TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE.  HOWEVER, SEE SCHEDULE 4 OF STATEMENT OF FINANCIAL AFFAIRS |
| RE PROP # | 10 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE.  SEE ATTACHED LIST OF STATION ASSETS.  OFFICE FURNITURE, FIXTURES AND EQUIPMENT IN CORPORATE OFFICES IN MYRTLE BEACH (1600 OAK STREET, MYRTLE BEACH, SC 29577)  - DETAILED LISTING IS NOT AVAILABLE (ESTIMATED AT $15K)  OFFICE FURNITURE, FIXTURES AND EQUIPMENT IN LEASED RESERVATION CENTER IN WEST VIRGINIA (1334 RITTER AVENUE, GLEN DANIELS, WV 25832) - DETAILED LISTING IS NOT AVAILABLE (ESTIMATED AT $30K) |
| RE PROP # | 13 | -- | SEE SCHEDULE 11 OF STATEMENT OF FINANCIAL AFFAIRS |
| RE PROP # | 14 | -- | SEE SCHEDULE 11 OF STATEMENT OF FINANCIAL AFFAIRS |
| RE PROP # | 15 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE |
| RE PROP # | 16 | -- | SEE ANSWER TO #28 |
| RE PROP # | 17 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE |

| | | | |
|---|---|---|---|
| RE PROP # | 18 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE |
| RE PROP # | 20 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE A DEFINITIVE RESPONSE |
| RE PROP # | 21 | -- | SEE ANSWER TO #28 |
| RE PROP # | 22 | -- | AVONDALE DOES NOT HAVE SUFFICIENT ACCESS TO THE DEBTOR'S FINANCIAL INFORMATION TO PROVIDE  A DEFINITIVE RESPONSE |
| RE PROP # | 24 | -- | MADE FOR BRESSLER, AMERY & ROSS, P.C. |
| RE PROP # | 27 | -- | TEM ENTERPRISES D/B/A XTRA AIR FILED BANKRUPTCY IN NEVADA ON 6/4/14; SETTLEMENT DISCUSSIONS BEFORE THAT HAPPENED RESULTED IN A SETTLEMENT AGREEMENT FOR $65,000 THAT WAS APPPROVED BY ORDER 609.  A POC WAS FILED IN THE NEVADA BANKRUPTCY CASE NO. 14-13955 FOR $65,000 FROM WHICH THIS BANKRUPTCY ESTATE RECEIVED TWO DISTRIBUTIONS TOTALLING $1,432.00. |
| RE PROP # | 28 | -- | SEE ORDER NO. 665 |
| RE PROP # | 29 | -- | SETTLEMENT APPROVED BY ORDER 686.  LATER ABANDONED BY THE TRUSTEE, SEE DOC 697. |
| RE PROP # | 30 | -- | ALLOWED BY ORDER 646 |
| RE PROP # | 31 | -- | ED WARNECK SUBSEQUENTLY FILED BANKRUPTCY IN SOUTH CAROLINA BANKRUPTCY CASE NO. 14-01611.  THE TRUSTEE FILED A PROOF OF CLAIM IN MR. WARNECK'S SC BANKRUPTCY CASE AND ON 7/27/17 RECEIVED A PRO-RATA DISTRIBUTION IN MR. WARNECK'S CASE OF $1,021.77. |
| RE PROP # | 32 | -- | SETTLEMENT ALLOWED PER ORDER 578.  LATER ABANDONED BY THE TRUSTEE BY 691 ABANDONMENT ALLOWED PER ORDER 696 |
| RE PROP # | 33 | -- | SETTLEMENT AGREEMENT NO. 483 BETWEEN THE TRUSTEE AND MERRICK BANK ALLOWED BY ORDER 529. |
| RE PROP # | 34 | -- | ADVERSARY PROCEEDING NO. 13-04079.  ABANDONED BY THE TRUSTEE BY DOC 704. |
| RE PROP # | 35 | -- | ALLOWED BY ORDER 415 |
| RE PROP # | 36 | -- | ALLOWED BY ORDER 422 |
| RE PROP # | 37 | -- | ALLOWED BY ORDER 499 |
| RE PROP # | 38 | -- | ALLOWED BY ORDER 608 |
| RE PROP # | 39 | -- | ALLOWED BY ORDER 573 |
| RE PROP # | 40 | -- | ALLOWED BY ORDER 595 |
| RE PROP # | 41 | -- | ALLOWED BY ORDER 625 |
| RE PROP # | 42 | -- | ALLOWED BY ORDER 549 |
| RE PROP # | 43 | -- | ALLOWED BY ORDER 546 |
| RE PROP # | 44 | -- | ALLOWED BY ORDER 548 |
| RE PROP # | 45 | -- | ALLOWED BY ORDER 637 |
| RE PROP # | 46 | -- | ALLOWED BY ORDER 584 |

Initial Projected Date of Final Report (TFR): 12/31/2014          Current Projected Date of Final Report (TFR): 12/31/2018

Trustee Signature:     /s/ Joseph H. Baldiga, Trustee          Date: 12/14/2018

Joseph H. Baldiga, Trustee
Mirick, O'Connell
1800 West Park Drive, Suite 400
Westborough, MA  01581-3926
(508) 791-8500
jbaldiga@mirickoconnell.com

# EXHIBIT H

# MIRICK O'CONNELL

A T T O R N E Y S   A T   L A W

100 Front Street, Worcester, MA 01608-1477
t 508.791.8500 | f 508.791.8502
Federal Employment I.D. No. 04-2203347

Joseph H. Baldiga, Chapter 7 Trustee
Chapter 7 Trustee
c/o Mirick, O'Connell, DeMallie &
100 Front Street
Worcester, MA  01608-1477

December 11, 2018
Invoice 425881
Attorney JHB

## INVOICE SUMMARY

For services and disbursements through December 11, 2018:

**RE:  15008**
   **Joseph H. Baldiga, Chapter 7 Trustee**

| Matter # | Description | Services | Disbursements | Total |
|---|---|---|---|---|
| 14190 | Direct Air (Southern Sky Air & Tours, | 137,276.00 | 6,652.16 | 143,928.16 |
| **Total** | | **137,276.00** | **6,652.16** | **143,928.16** |

### TOTAL SERVICES AND DISBURSEMENTS        $ 143,928.16

MIRICK O'CONNELL

Client Matter: 15008-14190

December 11, 2018

Direct Air (Southern Sky Air & Tours,

Invoice 425881

## SERVICES RENDERED

0001 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/01/14 | JEM | 0001 | Review subpoena from Valley National Bank; draft correspondence to Attorney Haworth regarding Trustee's response to subpoena and identification of documents in Trustee's possession. | .30 | 265.00 | 79.50 |
| 11/03/14 | JEM | 0001 | Begin to review documents responsive to VNB's subpoena. | .60 | 265.00 | 159.00 |
| 11/05/14 | JHB | 0001 | Review response status, open issues regarding subpoena. | .20 | 395.00 | 79.00 |
| 11/06/14 | JHB | 0001 | Review VNB response regarding subpoena issues, compliance strategies. | .20 | 395.00 | 79.00 |
| 11/06/14 | JEM | 0001 | Communications with Attorney Haworth regarding supplemental subpoena request for documents; begin to review responsive documents in Trustee's possession. | .60 | 265.00 | 159.00 |
| 11/07/14 | JOM | 0001 | Responding to subpoena; impact on joint defense agreement. | .40 | 410.00 | 164.00 |
| 11/07/14 | JHB | 0001 | Continued attention to response strategies regarding VNB subpoena and review file materials for compliance. | .40 | 395.00 | 158.00 |
| 11/07/14 | JEM | 0001 | Obtain and review Joint Defense Agreement; strategy regarding privileged documents and documents to produce in response to VNB's subpoena. | 1.20 | 265.00 | 318.00 |
| 11/07/14 | JEM | 0001 | Review Trustee's responsive documents. | .20 | 265.00 | 53.00 |
| 11/11/14 | JHB | 0001 | Continued attention to VNB subpoena response, issues. | .20 | 395.00 | 79.00 |
| 11/11/14 | JEM | 0001 | Communications with Valley National Bank's counsel regarding supplemental subpoena to the Trustee and subpoena responses; communications with P. Bley regarding producing Direct Air's electronic records. | .40 | 265.00 | 106.00 |
| 11/12/14 | JHB | 0001 | Continued attention to VNB production issues, emails and strategies. | .20 | 395.00 | 79.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/12/14 | JEM | 0001 | Communications with Attorney Haworth regarding VNB's subpoena and the production of electronic documents; communications with P. Bley regarding the same. | .60 | 265.00 | 159.00 |
| 11/13/14 | JHB | 0001 | Continued emails with Ms. Bley, J. Murphy regarding VNB production. | .20 | 395.00 | 79.00 |
| 11/13/14 | JEM | 0001 | Further communications and strategy regarding limiting electronic production of Direct Air records in responding to Valley National Bank subpoena. | .20 | 265.00 | 53.00 |
| 11/14/14 | JEM | 0001 | Communications with Attorney Haworth and Attorney Knipfelberg regarding Trustee's response to Valley National Bank subpoenas. | .60 | 265.00 | 159.00 |
| 11/18/14 | JHB | 0001 | Lengthy call with Attorney McGee regarding VNB litigation. | .20 | 395.00 | 79.00 |
| 11/18/14 | JEM | 0001 | Draft correspondence to VNB's counsel regarding Trustee's production of electronic records in partial satisfaction of subpoena. | .30 | 265.00 | 79.50 |
| 11/20/14 | LAK | 0001 | Retrieve current pacer docket regarding Merrick v. Valley. | .10 | 190.00 | 19.00 |
| 11/20/14 | KMD | 0001 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/20/14 | JEM | 0001 | Communications with J. Fields regarding Trustee's electronic production of documents. | .10 | 265.00 | 26.50 |
| 11/20/14 | JEM | 0001 | Review motions in support of and in opposition to VNB's Motion to Dismiss in Merrick v. VNB litigation. | .50 | 265.00 | 132.50 |
| 11/21/14 | JEM | 0001 | Phone calls and emails with Attorney Knipfleberg regarding Trustee's electronic subpoena response. | .70 | 265.00 | 185.50 |
| 11/24/14 | JHB | 0001 | Calls and emails with Attorney Gurfein regarding ongoing VNB litigation, discovery issues (.4); review dismissal motion and reply and MB opposition (.5). | .90 | 395.00 | 355.50 |
| 11/24/14 | JEM | 0001 | Communications with Attorney Guerfin regarding VNB's subpoena to the Trustee. | .10 | 265.00 | 26.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                                      December 11, 2018
Direct Air (Southern Sky Air & Tours,                                           Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/24/14 | JEM | 0001 | Communications with creditor's counsel and review request for review of Direct Air documents in Merrick Bank's case seeking payment from the Founders. | .30 | 265.00 | 79.50 |
| 12/01/14 | JEM | 0001 | Communications with Attorney Knipfelberg regarding Trustee's electronic production of documents in response to Valley National Bank supoena. | .10 | 265.00 | 26.50 |
| 12/02/14 | JEM | 0001 | Communications with Attorney Knipfelberg and P. Bley regarding Trustee's electronic production of documents. | .10 | 265.00 | 26.50 |
| 12/03/14 | LAK | 0001 | Retrieve current pacer docket for Merrick v. Valley and requested copy of docket. | .20 | 190.00 | 38.00 |
| 12/03/14 | JHB | 0001 | Continued discussions with ligation team regarding response to VNB subpoena. | .30 | 395.00 | 118.50 |
| 12/03/14 | JEM | 0001 | Phone call with P. Bley regarding Direct Air's electronic documents, and the Trustee's response to VNB subpoena. | .20 | 265.00 | 53.00 |
| 12/03/14 | JEM | 0001 | Conference with Attorney Knipfelberg, J. Fields and P. Bley regarding Trustee's subpoena response. | 1.00 | 265.00 | 265.00 |
| 12/03/14 | JEM | 0001 | Review Discovery Order in Merrick v. Valley National Bank litigation. | .10 | 265.00 | 26.50 |
| 12/03/14 | JEM | 0001 | Communications with D. Gurfein regarding Trustee's response to Valley National Bank subpoena. | .10 | 265.00 | 26.50 |
| 12/03/14 | JEM | 0001 | Review Trustee's subpoena obligations and evaluate Trustee's compliance by electronic production to date. | .30 | 265.00 | 79.50 |
| 12/03/14 | JEM | 0001 | Communications with Attorney Wyman regarding Direct Air files to review in conjunction with Merrick Bank suit against the Founders. | .20 | 265.00 | 53.00 |
| 12/03/14 | GBO | 0001 | Assist with strategies and information about production of documents. | .20 | 265.00 | 53.00 |
| 12/04/14 | JEM | 0001 | Phone call with D. Gurfein regarding Trustee's production of documents in response to Valley National Bank's subpoena and documents protected by joint defense agreement. | .30 | 265.00 | 79.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                          Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/04/14 | JEM | 0001 | Communications with P. Bley regarding Direct Air electronic records produced to Merrick (in evaluation of production to Valley National Bank). | .20 | 265.00 | 53.00 |
| 12/04/14 | GBO | 0001 | Assist with responses regarding production of electronic records; memorandum regarding same. | .20 | 265.00 | 53.00 |
| 12/05/14 | JEM | 0001 | Follow up with Attorney Gurfein and Attorney Regan regarding Trustee's production of electronic Direct Air records in response to VNB Subpoenas. | .10 | 265.00 | 26.50 |
| 12/10/14 | JHB | 0001 | Review Valley subpoena correspondence, compliance issues. | .30 | 395.00 | 118.50 |
| 12/10/14 | JEM | 0001 | Review correspondence from Attorney Knipfelberg and draft initial response regarding outstanding subpoena issues. | .40 | 265.00 | 106.00 |
| 12/15/14 | KMD | 0001 | Review status of case and update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 12/18/14 | JHB | 0001 | Emails with Mr. Jalbert regarding VNB production and review open issues regarding same. | .20 | 395.00 | 79.00 |
| 12/18/14 | JEM | 0001 | Communications with Attorney Knipfelberg and Attorney Haworth regarding Trustee's subpoena response. | .30 | 265.00 | 79.50 |
| 12/19/14 | JHB | 0001 | Further attention to discovery issues, resolution strategies. | .20 | 395.00 | 79.00 |
| 12/19/14 | JEM | 0001 | Communications with P.Bley regarding production of additional electronic files and access to Direct Air physical records; attend to production of additional Direct Air electronic records to Attorney Knipfelberg. | .50 | 265.00 | 132.50 |
| 12/22/14 | JHB | 0001 | Continued attention to discovery issues, steps to address, related emails regarding same. | .30 | 395.00 | 118.50 |
| 12/22/14 | JEM | 0001 | Communications with P. Bley and Attorney Knipfelberg regarding further production of Direct Air documents by the Trustee and Trustee's position regarding its subpoena responses. | .70 | 265.00 | 185.50 |
| 12/22/14 | GBO | 0001 | Assist with response to Valley National Bank subpoena. | .10 | 265.00 | 26.50 |
| 12/23/14 | JHB | 0001 | Continued attention to VNB production requests, response and coordination with VLPC. | .30 | 395.00 | 118.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190  
Direct Air (Southern Sky Air & Tours,

December 11, 2018  
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/23/14 | JEM | 0001 | Communications with Attorney Haworth regarding request for production of Direct Air financial records. | .10 | 265.00 | 26.50 |
| 12/24/14 | JHB | 0001 | Continued attention to VNB discovery requests, production and steps to address open issues. | .30 | 395.00 | 118.50 |
| 12/24/14 | JEM | 0001 | Review Trustee's documents for documents responsive to subpoena requests nos. 28, 29 and 31; begin to compile production of document; communications with Attorney Knipfelberg regarding arrangements for review of Direct Air documents at V&L. | 1.60 | 265.00 | 424.00 |
| 12/29/14 | JOM | 0001 | Analysis and advice on joint defense agreement and resulting privilege issues. | .30 | 410.00 | 123.00 |
| 12/29/14 | JHB | 0001 | Review draft response, underlying materials regarding VNB subpoena. | 1.10 | 395.00 | 434.50 |
| 12/29/14 | JEM | 0001 | Gather and review documents to produce in response to Valley National Bank subpoena, including documents from Attorney O'Neil; draft written subpoena response to Attorney Knipfelberg. | 7.50 | 265.00 | 1,987.50 |
| 12/29/14 | GBO | 0001 | Attend to ESI document production (3.3); strategize at various points about the production of documents and emails (.5); prepare memorandum regarding documents produced (.4). | 4.20 | 265.00 | 1,113.00 |
| 12/30/14 | JHB | 0001 | Continued attention to subpoena response, review underlying documents and issues; related emails with litigation team. | .70 | 395.00 | 276.50 |
| 12/30/14 | JEM | 0001 | Communications with P. Bley regarding Radixx and Quickbooks data for subpoena response; edit written subpoena response; review FRBP/FRCP for undue burden/cost restrictions on subpoena response; develop and draft correspondence to Attorney Haworth regarding Trustee's subpoena response, compliance with the Rules, and completion of subpoena response. | 2.10 | 265.00 | 556.50 |
| 12/30/14 | GBO | 0001 | Review memoranda (.1) and assist with updates to subpoena response (.1). | .20 | 265.00 | 53.00 |
| 12/31/14 | JHB | 0001 | Bley, Haworth emails, review open VNB response and production issues, next steps. | .40 | 395.00 | 158.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/31/14 | JEM | 0001 | Communications with Attorney Knipfelberg and P. Bley regarding Trustee's files available by FTP and completion of its subpoena response. | .20 | 265.00 | 53.00 |
| 12/31/14 | JEM | 0001 | Communications with Attorney Gurfein and Attorney Reier regarding Trustee's subpoena response. | .10 | 265.00 | 26.50 |
| 12/31/14 | GBO | 0001 | Review memoranda regarding document production. | .10 | 265.00 | 26.50 |
| 1/02/15 | JHB | 0001 | Review updated docket, Gurfein emails regarding status of MB/VNB litigation, recovery prospects. | .20 | 395.00 | 79.00 |
| 1/02/15 | JEM | 0001 | Review docket of Merrick Bank v. Valley National Bank; question to Attorney Gurfein regarding status of Motion to Dismiss and settlement reports. | .10 | 265.00 | 26.50 |
| 1/05/15 | JEM | 0001 | Communications with Attorney Haworth regarding Direct Air binders as part of subpoena response. | .10 | 265.00 | 26.50 |
| 1/07/15 | JHB | 0001 | Continued attention to VNB production issues, compliance matters and related emails. | .30 | 395.00 | 118.50 |
| 1/14/15 | LAK | 0001 | Retrieve current pacer docket. | .10 | 190.00 | 19.00 |
| 1/28/15 | KMD | 0001 | Review Pacer docket and update litigation control chart accordingly. | .20 | 195.00 | 39.00 |
| 2/02/15 | JEM | 0001 | Review status of Merrick v. VNB litigation. | .10 | 265.00 | 26.50 |
| 2/03/15 | LAK | 0001 | Retrieve current pacer docket information and copy of docket no. 50 - notice of motion to consolidate cases. | .10 | 190.00 | 19.00 |
| 2/03/15 | JEM | 0001 | Review Motion to Consolidate Merrick and Jet Pay actions against VNB; evaluate impact on Trustee's assigned claims. | .40 | 265.00 | 106.00 |
| 2/03/15 | JEM | 0001 | Communications from Jet Pay's counsel regarding obtaining Direct Air's documents and discuss consolidation of Merrick and Jet Pay actions against VNB. | .20 | 265.00 | 53.00 |
| 2/17/15 | JHB | 0001 | Review open issues, strategies regarding document production to VNB. | .20 | 395.00 | 79.00 |
| 2/17/15 | JEM | 0001 | Communications with Ms. McClendon (Jet Pay) regarding access to Direct Air's records for use in Jet Pay v. VNB action. | .10 | 265.00 | 26.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/20/15 | JHB | 0001 | Continued attention to VNB and MB discovery issues, review underlying; production issues. | .30 | 395.00 | 118.50 |
| 2/27/15 | KMD | 0001 | Update litigation control chart. | .20 | 195.00 | 39.00 |
| 3/06/15 | JHB | 0001 | Review additional discovery responses, warehouse issues, devise response strategies. | .20 | 395.00 | 79.00 |
| 3/06/15 | JEM | 0001 | Communications from Jet Pay's counsel and Merrick's alternate counsel regarding request for review of Direct Air documents. | .20 | 265.00 | 53.00 |
| 3/09/15 | JHB | 0001 | Call and emails with Mr. Jalbert regarding document product issues and impediments, review related emails with opposing counsel and devise strategies to address. | .60 | 395.00 | 237.00 |
| 3/09/15 | JEM | 0001 | Review status of documents in storage and documents retained electronically; communications with counsel requesting review of Direct Air records. | .80 | 265.00 | 212.00 |
| 3/10/15 | LAK | 0001 | Conduct current pacer docket search - retrieve documents. | .10 | 190.00 | 19.00 |
| 3/10/15 | JHB | 0001 | Review latest developments in recovery litigation, related production issues. | .20 | 395.00 | 79.00 |
| 3/23/15 | LAK | 0001 | Conduct current pacer docket search. | .10 | 190.00 | 19.00 |
| 3/23/15 | JHB | 0001 | Review VNB reply, related issues. | .20 | 395.00 | 79.00 |
| 3/23/15 | JEM | 0001 | Review status of Valley National Bank litigation and review Valley National Bank's reply brief regarding its Motion to Dismiss. | .30 | 265.00 | 79.50 |
| 3/30/15 | JHB | 0001 | Lengthy call from Mr. Drummond regarding VNB, DOT issues and investigation. | .30 | 395.00 | 118.50 |
| 4/09/15 | KMD | 0001 | Review docket as to current status; update control chart. | .10 | 195.00 | 19.50 |
| 4/13/15 | JHB | 0001 | Review open records, recovery issues and emails. | .20 | 395.00 | 79.00 |
| 4/13/15 | JEM | 0001 | Phone call with Attorney Regan regarding dismissal of claims in VNB action and efforts to replead claims against VNB. | .30 | 265.00 | 79.50 |
| 4/14/15 | JEM | 0001 | Communications with Attorney Regan regarding information on chargebacks. | .10 | 265.00 | 26.50 |
| 4/21/15 | JEM | 0001 | Review docket and status of VNB litigation. | .10 | 265.00 | 26.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/22/15 | LAK | 0001 | Retrieve current pacer docket information. | .10 | 190.00 | 19.00 |
| 5/22/15 | JEM | 0001 | Review status of Merrick v. VNB litigation. | .10 | 265.00 | 26.50 |
| 5/28/15 | KMD | 0001 | Review Pacer docket in USDC - District of New Jersey; update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 6/16/15 | JEM | 0001 | Communications with Attorney Reier regarding production of Trustee's Investigation Report. | .10 | 265.00 | 26.50 |
| 6/19/15 | LAK | 0001 | Retrieve recent docket information regarding Merrick Bank vs. Valley National. | .10 | 190.00 | 19.00 |
| 7/07/15 | KMD | 0001 | Review status of case pending in US District Court - New Jersey and update litigation control chart accordingly. | .10 | 195.00 | 19.50 |
| 7/23/15 | LAK | 0001 | Access NJ pacer docket and retrieve recently filed documents. | .20 | 195.00 | 39.00 |
| 7/23/15 | JEM | 0001 | Review status of Merrick v. VNB litigation. | .10 | 280.00 | 28.00 |
| 7/30/15 | JEM | 0001 | Review Merrick and VNB motions in connection with VNB's Motion to Dismiss; analyze merits of Merrick's claims. | .80 | 280.00 | 224.00 |
| 8/05/15 | JHB | 0001 | Review new pleadings regarding dismissal motion, opposition, evaluate recovery prospects. | .40 | 415.00 | 166.00 |
| 8/24/15 | LAK | 0001 | Retrieve current Pacer docket regarding Merrick vs. Valley National. | .10 | 195.00 | 19.50 |
| 8/24/15 | JHB | 0001 | Review update case docket, new pleadings, assess recovery impact. | .20 | 415.00 | 83.00 |
| 9/25/15 | JEM | 0001 | Phone call with Attorney Regan regarding S. Ullerup and V&L as Merrick's expert; follow up with documents from S. Ullerup interview. | .30 | 280.00 | 84.00 |
| 9/29/15 | LAK | 0001 | Retrieve pacer docket from 8/22-15 - 9/28/15. | .10 | 195.00 | 19.50 |
| 10/27/15 | LAK | 0001 | Retrieve pacer docket information 9/28 - 10/26/15. | .10 | 195.00 | 19.50 |
| 11/20/15 | JHB | 0001 | Review recent pleadings regarding discovery disputes. | .20 | 415.00 | 83.00 |
| 11/23/15 | LAK | 0001 | Retrieve current pacer docket and copies of two docketed items. | .20 | 195.00 | 39.00 |
| 12/22/15 | LAK | 0001 | Retrieve current pacer docket information regarding Merrick Bank vs. Valley National. | .10 | 195.00 | 19.50 |

## MIRICK O'CONNELL

Client Matter: 15008-14190                                              December 11, 2018
Direct Air (Southern Sky Air & Tours,                                     Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/22/15 | JEM | 0001 | Review status of Merrick v. VNB litigation with Attorney Regan. | .10 | 280.00 | 28.00 |
| 12/30/15 | JHB | 0001 | Review open discovery issues, strategies, materials regarding possible JEM deposition. | .30 | 415.00 | 124.50 |
| 12/30/15 | JEM | 0001 | Communications with Attorney Regan regarding possible testimony as Merrick's 30(b)(6) deponent on certain topics. | .10 | 280.00 | 28.00 |
| 12/30/15 | JEM | 0001 | Review Rule 30(b)(6) deposition notice to Merrick and proposed topics for Attorney Murphy's testimony; strategize with the Trustee regarding the same. | .40 | 280.00 | 112.00 |
| 12/31/15 | JEM | 0001 | Strategize regarding testimony as 30(b)(6) deponent of Merrick Bank. | .20 | 280.00 | 56.00 |
| 1/07/16 | JEM | 0001 | Strategize regarding proper scope of J. Murphy's testimony as Rule 30(b)(6) deponent of Merrick Bank; communications with Attorney Regan regarding the same. | .60 | 280.00 | 168.00 |
| 1/08/16 | KMD | 0001 | Review status and update litigation and trustee control charts; review New Jersey docket report. | .20 | 195.00 | 39.00 |
| 1/08/16 | JEM | 0001 | Phone conference with Attorney Regan regarding Merrick deposition. | .20 | 280.00 | 56.00 |
| 1/11/16 | JHB | 0001 | Emails with Attorney Gurfein regarding VNB litigation, discovery. | .20 | 415.00 | 83.00 |
| 1/15/16 | JEM | 0001 | Communications with Attorney Regan regarding deposition prep/plans. | .20 | 280.00 | 56.00 |
| 1/19/16 | JHB | 0001 | Review recovery status, next steps. | .10 | 415.00 | 41.50 |
| 1/25/16 | JEM | 0001 | Communications with Attorney Regan regarding deposition; attend to obtaining relevant document to review in preparation for deposition. | .10 | 280.00 | 28.00 |
| 2/16/16 | LAK | 0001 | Review pacer docket and retrieve necessary documents for review. | .30 | 195.00 | 58.50 |
| 2/17/16 | JHB | 0001 | Review revised complaint, answer, open issues for discovery, J. Murphy deposition. | .60 | 415.00 | 249.00 |
| 2/17/16 | JEM | 0001 | Review additional deposition topics from VNB for Merrick Rule 30(b)(6) deposition. | .20 | 280.00 | 56.00 |
| 2/17/16 | JEM | 0001 | Review docket entries in Merrick v. VNB litigation. | .20 | 280.00 | 56.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                          Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/02/16 | CBO | 0001 | Review documents in preparation of deposition of J. Murphy. | .60 | 195.00 | 117.00 |
| 3/07/16 | JEM | 0001 | Review J. Murphy deposition and strength of Merrick's claims with the Trustee. | .30 | 280.00 | 84.00 |
| 3/18/16 | LAK | 0001 | Retrieve pacer docket Merrick v. Valley | .10 | 195.00 | 19.50 |
| 3/18/16 | JEM | 0001 | Review status of Merrick suit against Valley National Bank. | .10 | 280.00 | 28.00 |
| 4/07/16 | JHB | 0001 | Review additional case materials, discovery issues regarding recovery prospects, next steps; revise related deposition fee materials. | .30 | 415.00 | 124.50 |
| 4/15/16 | LAK | 0001 | Retrieve and distribute current docket information for Merrily Bank v. Valley National. | .10 | 195.00 | 19.50 |
| 4/15/16 | JHB | 0001 | Review litigation docket, discovery issues, reimbursement materials. | .40 | 415.00 | 166.00 |
| 5/09/16 | JHB | 0001 | Review recent pleadings, recovery prospects; Atkinson emails regarding investigation issues. | .30 | 415.00 | 124.50 |
| 5/16/16 | LAK | 0001 | Retrieve current pacer docket information. | .10 | 195.00 | 19.50 |
| 5/17/16 | JHB | 0001 | Review recent pleadings, recovery prospects. | .30 | 415.00 | 124.50 |
| 7/05/16 | LAK | 0001 | Access and retrieve recent pacer docket regarding Merrick v. Valley National. | .10 | 200.00 | 20.00 |
| 7/06/16 | LAK | 0001 | Retrieve certain documents from Merrick v. Valley National pacer docket. | .10 | 200.00 | 20.00 |
| 7/06/16 | JHB | 0001 | Review litigation status; timing of hearings, assess implications for estate. | .40 | 425.00 | 170.00 |
| 7/06/16 | JEM | 0001 | Review status of Merrick v. VNB litigation and recent dispute over Motion to Quash DOT subpoena; communications with Attorney Regan regarding settlement prospects in the case. | .20 | 290.00 | 58.00 |
| 7/16/16 | JHB | 0001 | Conference with Attorney Sternklar regarding dismissal opposition. | .20 | 425.00 | 85.00 |
| 7/29/16 | LAK | 0001 | Retrieve current pacer docket regarding Merrick Bank v. Valley National Bank. | .10 | 200.00 | 20.00 |
| 8/19/16 | LAK | 0001 | Access and retrieve pacer docket from 7/27/16-8/18/16. | .10 | 200.00 | 20.00 |
| 8/19/16 | JHB | 0001 | Emails with Attorney Mason regarding defendant, DOJ issues. | .20 | 425.00 | 85.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 9/21/16 | LAK | 0001 | Access and retrieve current Merrick Bank vs. Valley National NJ docket; telephone to transcriber regarding information on getting 2 hearing transcripts. | .20 | 200.00 | 40.00 |
| 9/21/16 | JHB | 0001 | Review transcripts of recent hearings, assess recovery prospects (.4); related emails with Attorneys Gurfein, Brock (.2). | .60 | 425.00 | 255.00 |
| 9/22/16 | JHB | 0001 | Review latest transcript, recovery implications. | .30 | 425.00 | 127.50 |
| 9/23/16 | JHB | 0001 | Continued review of hearing transcripts, assess recovery prospects; related Gurfein emails. | .30 | 425.00 | 127.50 |
| 9/26/16 | JEM | 0001 | Review status of Merrick Bank action and transcript of hearing on discovery motion and mediation. | .40 | 290.00 | 116.00 |
| 9/27/16 | KMD | 0001 | Track update regarding status of Valley National Bank litigation. | .10 | 200.00 | 20.00 |
| 11/09/16 | LAK | 0001 | Retrieve current docket information info regarding Merrick Bank v. Valley National. | .10 | 200.00 | 20.00 |
| 11/29/16 | JEM | 0001 | Review status of Merrick Bank trial versus Chartis and action against VNB; review Trustee's settlement agreement/assignment with Merrick. | .30 | 290.00 | 87.00 |
| 12/22/16 | JHB | 0001 | Review litigation status, recovery prospects; related claimant inquiry. | .20 | 425.00 | 85.00 |
| 12/22/16 | JEM | 0001 | Follow up with Attorney Guerfin regarding status of Court ordered settlement discussions. | .10 | 290.00 | 29.00 |
| 1/12/17 | LAK | 0001 | Retrieve current docket report - Merrick v. Valley. | .10 | 200.00 | 20.00 |
| 3/01/17 | JHB | 0001 | Review litigation docket, settlement issues and prospects. | .10 | 425.00 | 42.50 |
| 3/15/17 | JHB | 0001 | Emails with Mr. Jalbert regarding documents, disposition (.1); Gurfein emails regarding mediation (.1). | .20 | 425.00 | 85.00 |
| 4/04/17 | JHB | 0001 | Emails with Attorney Gurfein regarding VNB mediation. | .10 | 425.00 | 42.50 |
| 4/07/17 | LAK | 0001 | Retrieve current docket for Merrick Bank v. Valley National Bank. | .10 | 200.00 | 20.00 |
| 4/19/17 | JHB | 0001 | Review mediation Memorandum, SJ issues, and related emails with Attorney Gurfein. | .90 | 425.00 | 382.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/22/17 | LAK | 0001 | Retrieve current docket information - Merrick Bank v. Valley National. | .10 | 200.00 | 20.00 |
| 5/22/17 | JHB | 0001 | Review SJ pleadings, litigation issues and emails and recovery prospects. | .60 | 425.00 | 255.00 |
| 5/22/17 | JEM | 0001 | Review status of Merrick v. VNB action, including summary judgment motions filed with the Court. | .10 | 290.00 | 29.00 |
| 5/22/17 | JEM | 0001 | Review summary judgment motions filed by Merrick and VNB. | .50 | 290.00 | 145.00 |
| 5/25/17 | LAK | 0001 | Retrieve certain documents from pacer docket. | .20 | 200.00 | 40.00 |
| 5/30/17 | JHB | 0001 | Review assorted SJ responses, recovery prospects. | .60 | 425.00 | 255.00 |
| 6/12/17 | JHB | 0001 | Review and revise Murphy affidavit (.2) and review related SJ pleadings, issues; related emails with Attorney Regan (.4). | .60 | 425.00 | 255.00 |
| 6/12/17 | JEM | 0001 | Review draft Affidavit of J. Murphy and supporting documentation; communications with Attorney Regan regarding content of the affidavit and edits to the same. | .60 | 290.00 | 174.00 |
| 6/26/17 | LAK | 0001 | Retrieve and distribute current docket information. | .10 | 200.00 | 20.00 |
| 6/29/17 | JHB | 0001 | Review new pleadings, recovery implications. | .30 | 425.00 | 127.50 |
| 7/25/17 | LAK | 0001 | Retrieve and distribute current pacer docket. | .10 | 205.00 | 20.50 |
| 7/25/17 | JHB | 0001 | Review docket update, case status. | .10 | 435.00 | 43.50 |
| 8/24/17 | LAK | 0001 | Retrieve current pacer docket regarding Merrick Bank v. Valley National. | .10 | 205.00 | 20.50 |
| 10/20/17 | LAK | 0001 | Access and distribute current docket information regarding Merrick Bank v. Valley National. | .10 | 205.00 | 20.50 |
| 12/01/17 | JHB | 0001 | Review summary judgment decision, confer with Attorney Gurfein regarding implications, next steps. | .60 | 435.00 | 261.00 |
| 12/01/17 | JEM | 0001 | Analyze the summary judgment decision and claims remaining in Merrick v. VNB. | .30 | 300.00 | 90.00 |
| 12/15/17 | JHB | 0001 | Review reconsideration motion, implications. | .30 | 435.00 | 130.50 |
| 1/31/18 | LAK | 0001 | Access and distribute current pacer docket for Merrick Bank v. Valley National Bank. | .10 | 205.00 | 20.50 |
| 1/31/18 | JHB | 0001 | Review open pretrial issues, counsel update, next steps. | .20 | 435.00 | 87.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190

December 11, 2018

Direct Air (Southern Sky Air & Tours,

Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/31/18 | JEM | 0001 | Communications with J. Regan regarding possible trial testimony and trial schedule. | .10 | 300.00 | 30.00 |
| 2/13/18 | JHB | 0001 | Further review of litigation materials, and status of recovery efforts. | .20 | 435.00 | 87.00 |
| 3/01/18 | LAK | 0001 | Access and distribute current Merrick Bank v. Valley National docket. | .10 | 205.00 | 20.50 |
| 3/01/18 | JHB | 0001 | Review recent activity, recovery prospects, next steps. | .20 | 435.00 | 87.00 |
| 3/26/18 | LAK | 0001 | Access current pacer docket Merrick Bank v. Valley National and retrieve and distribute pleadings 244-262 and 266 from docket. | .80 | 205.00 | 164.00 |
| 3/26/18 | JHB | 0001 | Review open litigation issues, recovery implications; begin review of new pleadings. | .30 | 435.00 | 130.50 |
| 4/09/18 | JHB | 0001 | Emails with Attorney Gurfein regarding trial, appearance status and issues. | .20 | 435.00 | 87.00 |
| 4/10/18 | JHB | 0001 | Continued review of pretrial issues and related Gurfein emails. | .30 | 435.00 | 130.50 |
| 4/10/18 | JEM | 0001 | Overview of Motions in Liminie and Final Trial Order, including identification of trial witness and designation of deposition transcript for entry on the record. | .30 | 300.00 | 90.00 |
| 4/18/18 | LAK | 0001 | Retrieve and circulate current pacer docket. | .10 | 205.00 | 20.50 |
| 4/18/18 | JHB | 0001 | Review docket update, pretrial issues. | .10 | 435.00 | 43.50 |
| 4/18/18 | JEM | 0001 | Review Merrick Bank v. VNB docket; follow up with local counsel regarding pretrial motions in limine and likelihood of testifying during May trial. | .10 | 300.00 | 30.00 |
| 4/19/18 | JHB | 0001 | Call, emails with Attorney Gurfein regarding settlement terms and conditions, next steps, begin review of agreement (.6); related emails with Mr. Jalbert, Ms. Bley (.3). | .90 | 435.00 | 391.50 |
| 4/20/18 | JHB | 0001 | Continued attention to open settlement issues including notice, accounting; craft related plan for Gurfein review and emails with Attorney Gurfein regarding same. | 1.10 | 435.00 | 478.50 |
| 4/20/18 | JEM | 0001 | Review settlement agreement and analyze confidentiality agreement obligations on the Trustee. | .20 | 300.00 | 60.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                             December 11, 2018
Direct Air (Southern Sky Air & Tours,                                      Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/26/18 | JHB | 0001 | Gurfein emails regarding settlement issues including accounting, notice funding (.4); review underlying settlement, case materials (.3). | .70 | 435.00 | 304.50 |
| 4/27/18 | JHB | 0001 | Further Gurfein emails regarding settlement, confidentiality, report and accounting. | .30 | 435.00 | 130.50 |
| 5/03/18 | LAK | 0001 | Prepare and forward wiring instructions. | .10 | 205.00 | 20.50 |
| 5/04/18 | JHB | 0001 | Multiple Gurfein emails regarding settlement terms and accounting (.3); strategies regarding report to court, confidentiality (.2). | .50 | 435.00 | 217.50 |
| 5/08/18 | JHB | 0001 | Continued Gurfein emails; review of materials regarding settlement, accounting, report issues. | .60 | 435.00 | 261.00 |
| 5/09/18 | JHB | 0001 | Emails with Attorney Gurfein, Ms. Johnston regarding open settlement, funding issues and next steps. | .30 | 435.00 | 130.50 |
| 5/10/18 | JHB | 0001 | Continued Gurfein emails regarding settlement, funding issues and conditions; review additional accounting materials. | .40 | 435.00 | 174.00 |
| 5/14/18 | JHB | 0001 | Multiple Gurfein emails regarding open settlement issues. | .30 | 435.00 | 130.50 |
| 5/15/18 | JHB | 0001 | Drafting issues regarding report on settlement (.2); related Gurfein emails (.4). | .60 | 435.00 | 261.00 |
| 5/16/18 | JHB | 0001 | Multiple Gurfein, Haworth emails regarding settlement, notice, confidentiality issues and strategies to address (.4); drafting parameters (.2). | .60 | 435.00 | 261.00 |
| 5/16/18 | KMD | 0001 | Track electronic mails regarding VNB settlement, strategy regarding proposed notice of settlement and disclosure of settlement amount. | .30 | 205.00 | 61.50 |
| 5/23/18 | KMD | 0001 | Review Assignment and Settlement Agreement and electronic mails regarding receipt of settlement funds; draft T's Notice Regarding Settlement (Re: Merrick Bank Corporation v. Valley National Bank), Motion to Limit Notice with proposed Order, and Certificate of Service and review/revise all; review/revise service list. | 2.60 | 205.00 | 533.00 |
| 5/24/18 | JHB | 0001 | Continued attention to settlement, notice issues, strategies, and review related confidentiality issues. | .40 | 435.00 | 174.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                             Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/28/18 | JHB | 0001 | Revise settlement notice, review related agreement, confidentiality issues and notice issues. | 1.10 | 435.00 | 478.50 |
| 5/29/18 | JHB | 0001 | Revise, finalize settlement notice, related emails with Attorneys Gurfein and Haworth and assess related confidentiality issues (1.2); review and revise notice motion and review related service issues (.3). | 1.50 | 435.00 | 652.50 |
| 5/30/18 | KMD | 0001 | Final review of Notice Regarding Settlement (Re: Merrick v. VNB), Motion to Limit Notice and Certificate of Service and finalize all for e-filing/service. | .60 | 205.00 | 123.00 |
| | | | Sub-Total of Services: | 79.50 | | $ 25,220.00 |

0003 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/03/14 | JHB | 0003 | Further emails with Attorneys Dees, Renner regarding Arrow recovery. | .20 | 395.00 | 79.00 |
| 11/04/14 | KMD | 0003 | Review status of pending litigation; calendar ahead for response from special counsel. | .10 | 195.00 | 19.50 |
| 11/05/14 | JHB | 0003 | Continued emails with Attorneys Dees, Renner regarding securing payment of remaining settlement amount. | .20 | 395.00 | 79.00 |
| 11/05/14 | GBO | 0003 | Review emails between special counsel and litigation parties regarding turnover of funds. | .10 | 265.00 | 26.50 |
| 1/21/15 | JHB | 0003 | Review recovery status and related emails with Attorneys Renner, Dees. | .20 | 395.00 | 79.00 |
| 1/21/15 | GBO | 0003 | Follow up regarding outstanding collection issues; review memorandum from Trustee to Special Counsel regarding same. | .10 | 265.00 | 26.50 |
| 1/28/15 | JHB | 0003 | Emails with Attorney Dees regarding Arrow collection status, next steps. | .20 | 395.00 | 79.00 |
| 1/29/15 | JHB | 0003 | Emails with Attorney Dees regarding ongoing recovery efforts. | .10 | 395.00 | 39.50 |
| 1/29/15 | GBO | 0003 | Review communications among Special Counsel and other Florida counsel regarding status of Sun Trust judgment payment matter. | .10 | 265.00 | 26.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/03/15 | JHB | 0003 | Devise strategies to bring to conclusion, review latest update from Attorney Dees. | .20 | 395.00 | 79.00 |
| 2/24/15 | KMD | 0003 | Review/update special counsel control sheet. | .10 | 195.00 | 19.50 |
| 3/04/15 | JHB | 0003 | Emails with Attorney Dees regarding open judgment, recovery issues and strategies. | .20 | 395.00 | 79.00 |
| 3/05/15 | JHB | 0003 | Review open litigation matter, updated chart and update from special counsel. | .10 | 395.00 | 39.50 |
| 3/12/15 | JHB | 0003 | Continued emails with Attorney Dees regarding open recovery issues, next steps. | .20 | 395.00 | 79.00 |
| 4/14/15 | JHB | 0003 | Emails with Attorney Dees regarding resolution, recovery of remaining claims. | .20 | 395.00 | 79.00 |
| 5/21/15 | JHB | 0003 | Multiple emails with Attorney Dees regarding resolution proposal, review related pleadings, interest dispute with bank. | .30 | 395.00 | 118.50 |
| 6/24/15 | JHB | 0003 | Emails with Attorney Dees regarding open recovery issues, next steps. | .10 | 395.00 | 39.50 |
| 8/26/15 | JHB | 0003 | Emails with Attorney Dees/Renner regarding ongoing appeal, next steps. | .20 | 415.00 | 83.00 |
| 1/19/16 | JHB | 0003 | Emails with Attorney Dees regarding recovery issues and prospects; review related Bank brief. | .30 | 415.00 | 124.50 |
| 1/19/16 | KMD | 0003 | Track electronic mail from trustee regarding next step/possible abandonment. | .10 | 195.00 | 19.50 |
| 5/19/16 | JHB | 0003 | Emails with Attorney Dees regarding recent orders, collection implications. | .20 | 415.00 | 83.00 |
| 5/20/16 | KMD | 0003 | Track update from special counsel re additional payments due Estate in connection with garnishment litigation. | .10 | 195.00 | 19.50 |
| 4/17/17 | JHB | 0003 | Call, emails with special counsel regarding collection issues. | .20 | 425.00 | 85.00 |
| 4/18/17 | JHB | 0003 | Further special counsel emails regarding collection issues. | .20 | 425.00 | 85.00 |
| 4/21/17 | JHB | 0003 | Call, emails with Attorney Renner regarding collection issues and strategies. | .30 | 425.00 | 127.50 |
| 7/12/17 | JHB | 0003 | Review draft admission responses; related emails with Attorney Renner. | .40 | 435.00 | 174.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                         Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 8/04/17 | JHB | 0003 | Emails with Attorney Renner regarding enforcement order, next steps. | .20 | 435.00 | 87.00 |
| 8/04/17 | KMD | 0003 | Track update from Attorney Renner regarding status of Arrow litigation. | .10 | 205.00 | 20.50 |
| 8/09/17 | LAK | 0003 | Review fee app and order allowing regarding special counsel and confirm payment to, date and amount in banking records; review form 1 as to total monies received in connection with Arrow litigation. | .50 | 205.00 | 102.50 |
| 8/14/17 | JHB | 0003 | Multiple emails with Attorney Renner regarding further collection prospects, discovery. | .30 | 435.00 | 130.50 |
| 8/15/17 | KMD | 0003 | Review/track electronic mails from P. Renner regarding status of Arrow litigation. | .20 | 205.00 | 41.00 |
| 8/16/17 | JHB | 0003 | Multiple Renner emails, revise proposed correspondence to opposing counsel, regarding disposition of Arrow matter. | .30 | 435.00 | 130.50 |
| 8/16/17 | KMD | 0003 | Review/track electronic mails from P. Renner/trustee/J. Murphy regarding strategy for abandonment of Arrow claim. | .20 | 205.00 | 41.00 |
| 8/17/17 | KMD | 0003 | Review status of abandonment of Arrow claim and records. | .10 | 205.00 | 20.50 |
| 8/22/17 | JHB | 0003 | Emails with Attorney Renner regarding open settlement, abandonment issues, next steps. | .20 | 435.00 | 87.00 |
| 8/22/17 | KMD | 0003 | Track status of abandonment, outstanding issues to resolve. | .10 | 205.00 | 20.50 |
| 8/31/17 | JHB | 0003 | Review sanctions motion, devise response strategies and related research regarding Barton doctrine (.6); related call and emails with Attorney Renner (.3). | .90 | 435.00 | 391.50 |
| 9/14/17 | JHB | 0003 | Review objection to sanctions request and related Renner emails including regarding abandonment effect. | .30 | 435.00 | 130.50 |
| 9/21/17 | JHB | 0003 | Emails with Attorney Renner regarding abandonment, sanctions request, next steps. | .20 | 435.00 | 87.00 |
| 10/25/17 | JHB | 0003 | Renner emails, review Arrow issues. | .10 | 435.00 | 43.50 |
| 11/02/17 | JHB | 0003 | Renner emails regarding claim, hearing issues. | .10 | 435.00 | 43.50 |
| 11/02/17 | KMD | 0003 | Track update from P. Renner regarding status of litigation; calendar ahead. | .10 | 205.00 | 20.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190                                          December 11, 2018
Direct Air (Southern Sky Air & Tours,                                  Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/20/17 | JHB | 0003 | Review new pleadings from Arrow counsel, devise response strategies and multiple emails with Attorney Renner regarding same. | .70 | 435.00 | 304.50 |
| 12/21/17 | JHB | 0003 | Further Renner emails regarding Arrow matter disposition, abandonment implications. | .20 | 435.00 | 87.00 |
| 12/27/17 | JHB | 0003 | Review, revise amended response and related emails with special counsel. | .30 | 435.00 | 130.50 |
| 1/03/18 | JHB | 0003 | Continued emails with Attorney Renner regarding collection, abandonment issues and hearing. | .20 | 435.00 | 87.00 |
| 1/14/18 | JHB | 0003 | Review decision; related emails with Attorney Renner regarding implications, next steps, possible appeal. | .30 | 435.00 | 130.50 |
| | | | Sub-Total of Services: | 10.30 | | $ 3,925.50 |

0004 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/05/14 | JHB | 0004 | Review response status, open issues regarding subpoena. | .20 | 395.00 | 79.00 |
| 4/07/15 | JHB | 0004 | Call, emails with Attorneys Atkinson (DOJ) and J. Murphy regarding next steps, investigation issues. | .30 | 395.00 | 118.50 |
| 4/07/15 | JEM | 0004 | Communications with Atty. Aktinson (DOJ) regarding Direct Air documents. | .40 | 265.00 | 106.00 |
| 4/09/15 | JEM | 0004 | Communications with M. Mollo regarding status of Direct Air's documents in V&L's warehouse. | .10 | 265.00 | 26.50 |
| 4/10/15 | JHB | 0004 | DOJ emails, service materials regarding ongoing investigation, file retention and damage. | .40 | 395.00 | 158.00 |
| 4/30/15 | JOM | 0004 | Provide advice and language for waiver on Direct Air's attorney-client privilege with pre-bankruptcy counsel. | .30 | 410.00 | 123.00 |
| 4/30/15 | JHB | 0004 | Emails with Attorney Lawrence at DOJ regarding records production, privilege issues (.2), review proposed form (.2). | .40 | 395.00 | 158.00 |
| 4/30/15 | JEM | 0004 | Review correspondence from Attorney Atkinson (DOJ) regarding waiver of Direct Air's attorney client privilege and Direct Air documents. | .10 | 265.00 | 26.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/01/15 | JHB | 0004 | Revisions to DOJ privilege letter, and review open records preservation and production issues. | .30 | 395.00 | 118.50 |
| 5/01/15 | JEM | 0004 | Review proposed waiver of Direct Air's attorney-client privilege prepared by Attorney Atkinson (US DOJ). | .10 | 265.00 | 26.50 |
| 5/05/15 | JHB | 0004 | Finalize privilege letter to DOJ, related emails with Attorney Atkinson. | .20 | 395.00 | 79.00 |
| 5/06/15 | JHB | 0004 | VLPC emails, procedures regarding record damage, retrieval. | .30 | 395.00 | 118.50 |
| 5/06/15 | JEM | 0004 | Review information on Direct Air records recovered from V&L warehouse; arrange for review of the documents. | .20 | 265.00 | 53.00 |
| 5/06/15 | JEM | 0004 | Communications with Attorney Atkinson (US DOJ) regarding Ellisons' service address. | .20 | 265.00 | 53.00 |
| 5/08/15 | JEM | 0004 | Communications with M. Mollo regarding records inventory and inspection. | .10 | 265.00 | 26.50 |
| 5/11/15 | JHB | 0004 | Emails, call regarding records/damage at VLPC. | .30 | 395.00 | 118.50 |
| 5/11/15 | JEM | 0004 | Travel to and from storage facility and view Direct Air documents; review documents lost and impact on pending claims; plan Affidavit of M. Mollo regarding lost documents and warehouse collapse. | 3.60 | 265.00 | 954.00 |
| 5/13/15 | JEM | 0004 | Review final inventory of Direct Air documents. | .40 | 265.00 | 106.00 |
| 5/14/15 | JEM | 0004 | Further work on inventory of recovered Direct Air documents. | .10 | 265.00 | 26.50 |
| 5/19/15 | JEM | 0004 | Review Direct Air document request from Jet Pay's counsel. | .10 | 265.00 | 26.50 |
| 6/01/15 | JEM | 0004 | Attend to production of electronic and paper copies of Direct Air records for L. Ulluela (Jet Pay). | .30 | 265.00 | 79.50 |
| 9/08/15 | JEM | 0004 | Communications from/to S. McClendon regarding production of Direct Air's documents. | .10 | 280.00 | 28.00 |
| 9/22/15 | JEM | 0004 | Communications with S. McClendon and M. Mollo regarding affidavit from V&L/Trustee establishing chain of custody for Direct Air documents. | .20 | 280.00 | 56.00 |
| 10/06/15 | JEM | 0004 | Communications from/to S. McClendon regarding review and production of Direct Air documents. | .10 | 280.00 | 28.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/09/16 | JEM | 0004 | Communications with Department of Justice regarding production of additional electronic documents; attend to locating additional documents. | .10 | 280.00 | 28.00 |
| 5/10/16 | JHB | 0004 | Continued attention to DOJ discovery requests; review related Atkinson inquiries. | .20 | 415.00 | 83.00 |
| 5/10/16 | JEM | 0004 | Communications with R. Atkins regarding production of original Direct Air Quickbooks file. | .10 | 280.00 | 28.00 |
| 12/05/16 | JHB | 0004 | Conference call with Attorney Atkinson and others regarding upcoming Tull trial, document and appearance requirements (.4), and assess implications for estate recoveries (.1). | .50 | 425.00 | 212.50 |
| 12/05/16 | JEM | 0004 | Communications with Attorney Atkinson regarding government's criminal trial against Judy Tull, documentary evidence and trial subpoenas. | .30 | 290.00 | 87.00 |
| 3/16/17 | JEM | 0004 | Draft correspondence to Attorney Atkinson and Attorney Gurfein regarding destruction of original Direct Air documents. | .10 | 290.00 | 29.00 |
| 3/06/18 | JHB | 0004 | Emails, call with DOJ attorneys regarding civil and criminal trials, subpoenas, and devise response strategies. | .60 | 435.00 | 261.00 |
| 3/06/18 | JEM | 0004 | Call from/to F. Italia regarding criminal trial and trial subpoena; initial strategy regarding need for trial testimony and/or authentication of documents at criminal trial for J. Tull/K. Ellison. | .30 | 300.00 | 90.00 |
| 3/07/18 | JHB | 0004 | Multiple calls and emails with DOJ attorneys, Mr. Italia regarding trial subpoenas, attendance issues. | .60 | 435.00 | 261.00 |
| 3/07/18 | JEM | 0004 | Review trial subpoena for criminal case and strategy with Trustee regarding attendance. | .20 | 300.00 | 60.00 |
| 3/07/18 | JEM | 0004 | Review question on certification of Radixx data for civil action against VNB; begin to review subpoena to Radixx and communications when producing data. | .20 | 300.00 | 60.00 |
| 3/07/18 | JEM | 0004 | Plan for attendance and testimony at criminal trial. | .20 | 300.00 | 60.00 |
| 3/07/18 | JEM | 0004 | Research certification of business records or other cover letter from Radixx with production of Direct Air data; communications with P. Bley and Attorney Regan regarding the same. | .30 | 300.00 | 90.00 |
| 3/08/18 | JHB | 0004 | DOJ emails, review related subpoena issues. | .30 | 435.00 | 130.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190

Direct Air (Southern Sky Air & Tours,

December 11, 2018

Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/14/18 | JEM | 0004 | Call to M. O'Neill regarding testimony in criminal case against J. Tull and K. Ellison. | .20 | 300.00 | 60.00 |
| 3/16/18 | JHB | 0004 | Calls and emails with Department of Justice counsel regarding trial, appearance and assess case implications. | .40 | 435.00 | 174.00 |
| 3/16/18 | JEM | 0004 | Communications with F. Italia regarding trial testimony in criminal action. | .10 | 300.00 | 30.00 |
| 3/16/18 | JEM | 0004 | Plan for criminal case trial testimony us DOJ attorneys. | .20 | 300.00 | 60.00 |
| 3/19/18 | JHB | 0004 | Call, emails with Department of Justice, assess related recovery, testimony issues. | .30 | 435.00 | 130.50 |
| 3/19/18 | JEM | 0004 | Communications with DOJ attorneys regarding testimony/ schedule in criminal trial. | .20 | 300.00 | 60.00 |
| 8/23/18 | JEM | 0004 | Call from DOJ regarding Direct Air documents in Trustee's possession for production in connection with K. Ellison and J. Tull sentencing; begin to review documents requested. | .40 | 325.00 | 130.00 |
| 9/04/18 | JEM | 0004 | Review Subpoena for Documents in Kay Ellison criminal trial in Federal Court; review requested documents; call with counsel regarding the same and plan to gather Direct Air documents to review for production. | .60 | 325.00 | 195.00 |
| 9/06/18 | JEM | 0004 | Call from Kay Ellison's counsel regarding scope of subpoenaed documents and response timeframe; attend to locating documents. | .30 | 325.00 | 97.50 |
| 9/10/18 | JEM | 0004 | Begin to review Direct Air documents in Trustee's files for production in response to subpoena by K. Ellison's criminal attorney. | .80 | 325.00 | 260.00 |
| 9/11/18 | JHB | 0004 | Devise strategies, review case materials regarding Tull subpoena. | .30 | 455.00 | 136.50 |
| 9/11/18 | JEM | 0004 | Review information on Direct Air document at the firm; call with DOJ regarding subpoena from K. Ellison's counsel and Direct Air documents. | .50 | 325.00 | 162.50 |
| 9/19/18 | JHB | 0004 | Review Tull subpoena response, open issues, strategies to address. | .40 | 455.00 | 182.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 9/19/18 | JEM | 0004 | Review correspondence from K. Ellison's counsel regarding production of documents in response to criminal subpoena; continue review of Direct Air documents for responsive documents; draft correspondence to counsel regarding scope and status of production. | 1.20 | 325.00 | 390.00 |
| 9/19/18 | JEM | 0004 | Review response from Attorney Guila-Rufo regarding subpoena response and request for production of computers, hard drives, etc. | .10 | 325.00 | 32.50 |
| 9/20/18 | JHB | 0004 | Continued attention to subpoena compliance, record production issues and strategies, emails, review of case docket and materials (.8); further review of open TFR issues, next steps (.2). | 1.00 | 455.00 | 455.00 |
| 9/21/18 | JHB | 0004 | Continued attention to document production, subpoena compliance, related privilege issues. | .40 | 455.00 | 182.00 |
| 9/21/18 | JEM | 0004 | Communications with Attorney Gauli-Rufo regarding her proposed inspection of the documents at our office; attend to alternative plans for reviewing responsive documents. | .40 | 325.00 | 130.00 |
| 9/24/18 | JHB | 0004 | Continued attention to subpoena compliance, production issues and strategies, review related emails from defendant counsel. | .60 | 455.00 | 273.00 |
| 9/24/18 | JEM | 0004 | Communications from/to Attorney Gauli-Rufo regarding inspection of the Direct Air documents; ongoing work to identify and pull documents responsive to the subpoena;  Call from Attorney Gauli-Rufo regarding status of the Direct Air documents and documents responsive to the subpoena. | 1.30 | 325.00 | 422.50 |
| 9/25/18 | JEM | 0004 | Complete review of documents in response to Attorney Gauli-Rufo's subpoena in K. Ellison criminal case. | 1.60 | 325.00 | 520.00 |
| 9/26/18 | JHB | 0004 | Continued attention to open production issues, emails, next steps. | .30 | 455.00 | 136.50 |
| 9/28/18 | JHB | 0004 | Continued attention to document production issues, next steps. | .30 | 455.00 | 136.50 |
| 9/28/18 | JEM | 0004 | Communications with Attorney Gauli-Rufo regarding production of documents and compliance with criminal case subpoena. | .10 | 325.00 | 32.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 9/28/18 | JEM | 0004 | Final preparation of documents for subpoena response/inspection by Attorney Gauli-Rufo; communications with Attorney Gauli-Rufo regarding responsive documents and satisfying subpoena obligations. | .50 | 325.00 | 162.50 |
| 9/28/18 | JEM | 0004 | Review and provide CD/DVDs of Direct Air and Trustee documents to Attorney Gauli-Rufo. | .60 | 325.00 | 195.00 |
| 10/01/18 | JEM | 0004 | Communications with V&L regarding Attorney Gauli-Rufo's review of documents and plan to follow up with V&L regarding additional Direct Air emails. | .30 | 325.00 | 97.50 |
| 10/01/18 | JEM | 0004 | Draft correspondence to Attorney Gauli-Rufo regarding inspection of Direct Air documents and satisfaction of obligations under the subpoena/excusing appearance in Court with documents. | .20 | 325.00 | 65.00 |
| 10/18/18 | JEM | 0004 | Follow up communications with Attorney Gauli-Rufo regarding satisfaction of subpoena obligations and no requirement to appear in Court. | .10 | 325.00 | 32.50 |
| 10/19/18 | JEM | 0004 | Call from Attorney Gauli-Rufo regarding Direct Air documents and satisfying obligation under trial subpoena. | .30 | 325.00 | 97.50 |
| | | | Sub-Total of Services: | 26.80 | | $ 9,212.00 |

## 0006 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/04/14 | KMD | 0006 | Review status of judgment. | .10 | 195.00 | 19.50 |
| 11/13/14 | KMD | 0006 | Review status of judgment; underlying motion to same. | .20 | 195.00 | 39.00 |
| 11/18/14 | JHB | 0006 | Review judgment and related collection issues and strategies. | .20 | 395.00 | 79.00 |
| 11/18/14 | JEM | 0006 | Review judgment for the Trustee and enforceability options. | .20 | 265.00 | 53.00 |
| 11/21/14 | JEM | 0006 | Review judgment and defendant information; phone call to M. Gutierrez regarding payment of judgment in favor of the Trustee. | .30 | 265.00 | 79.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/20/15 | GBO | 0006 | Follow up regarding collection efforts; update preference chart to reflect Judgment information. | .10 | 265.00 | 26.50 |
| 1/26/15 | GBO | 0006 | Follow up regarding next steps to address judgment, including review of recent steps and communications. | .30 | 265.00 | 79.50 |
| 2/02/15 | KMD | 0006 | Additional updates to litigation chart. | .10 | 195.00 | 19.50 |
| 2/03/15 | JEM | 0006 | Strategy regarding local counsel and options/issues affecting domestication and enforcement of the Trustee's judgment. | .20 | 265.00 | 53.00 |
| 3/17/15 | JHB | 0006 | Further review of open collection matters, next steps to completion; related emails with Attorney Anderson (SC). | .30 | 395.00 | 118.50 |
| 3/18/15 | LAK | 0006 | Re: Mariott/Fairfield - retrieval and forward adversary proceeding documentation to potential South Carolina counsel. | .30 | 190.00 | 57.00 |
| 3/18/15 | JHB | 0006 | Calls and emails with Attorney Wright regarding possible contingency engagement. | .60 | 395.00 | 237.00 |
| 3/20/15 | JHB | 0006 | Further emails with Attorney Wright regarding collection engagement, strategies. | .20 | 395.00 | 79.00 |
| 3/24/15 | JHB | 0006 | Calls and emails with Attorneys Wright (.6), Boyd (.4) regarding collection issues and strategies. | 1.00 | 395.00 | 395.00 |
| 3/24/15 | KMD | 0006 | Review and track correspondence from trustee to potential special counsel regarding terms of engagement and payment of fees in connection with collection of judgment; calendar ahead. | .10 | 195.00 | 19.50 |
| 3/25/15 | JHB | 0006 | Call, emails with special counsel regarding retention, collection issues. | .20 | 395.00 | 79.00 |
| 3/26/15 | JHB | 0006 | Call, emails with Attorney Wright, emails with Attorney Boyd regarding engagement, collection matters. | .40 | 395.00 | 158.00 |
| 3/27/15 | JHB | 0006 | Boyd emails regarding collection issues. | .20 | 395.00 | 79.00 |
| 4/02/15 | JHB | 0006 | Review open recovery, special counsel issues, strategies. | .10 | 395.00 | 39.50 |
| 4/02/15 | KMD | 0006 | Check status of special counsel retention; electronic mail to Reese Boyd regarding same. | .20 | 195.00 | 39.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/07/15 | KMD | 0006 | Review status of response from Attorney Boyd regarding retention. | .10 | 195.00 | 19.50 |
| 4/09/15 | KMD | 0006 | Review status of special counsel retention with respect to collection; update control chart. | .10 | 195.00 | 19.50 |
| 4/16/15 | JHB | 0006 | Emails with Attorney Boyd regarding judgment collection. | .20 | 395.00 | 79.00 |
| 4/27/15 | JHB | 0006 | Emails with Attorney Boyd regarding retention, recovery issues. | .20 | 395.00 | 79.00 |
| 4/30/15 | JHB | 0006 | Further revisions regarding Boyd agreement. | .30 | 395.00 | 118.50 |
| 5/01/15 | JHB | 0006 | Review revised Boyd letter, recovery and retention issues. | .20 | 395.00 | 79.00 |
| 5/04/15 | JHB | 0006 | Further emails with Attorney Boyd regarding engagement terms, review revised agreement. | .20 | 395.00 | 79.00 |
| 6/11/15 | KMD | 0006 | Letter to Attorney Boyd enclosing check for disbursement advance. | .10 | 195.00 | 19.50 |
| 6/12/15 | JHB | 0006 | Emails with Attorney Boyd regarding collection issues, strategies. | .20 | 395.00 | 79.00 |
| 6/13/15 | JHB | 0006 | Further emails with Attorney Boyd regarding judgment, collection issues (.2), review underlying certification, notice issues (.1). | .30 | 395.00 | 118.50 |
| 6/15/15 | KMD | 0006 | Forward date-stamped copy of judgment, including transmittal letter, to Attorney Boyd via electronic mail; telephone call to Joanne at Bankruptcy Court regarding certification of judgment and filing fee and prepare letter to Court regarding same. | .50 | 195.00 | 97.50 |
| 6/15/15 | GBO | 0006 | Attention to issues and follow up regarding judgment. | .10 | 265.00 | 26.50 |
| 6/23/15 | KMD | 0006 | Letter to Attorney Boyd enclosing certificate of judgement. | .10 | 195.00 | 19.50 |
| 7/07/15 | KMD | 0006 | Update litigation control chart as to current status. | .10 | 195.00 | 19.50 |
| 8/06/15 | JHB | 0006 | Boyd emails, correspondence regarding collection issues. | .10 | 415.00 | 41.50 |
| 8/06/15 | KMD | 0006 | Receipt/track transmittal memo from Attorney Boyd; calendar ahead for status update. | .10 | 195.00 | 19.50 |
| 9/30/15 | JEM | 0006 | Attend to Fairfield Inn account information for use in recovery on the Judgment. | .10 | 280.00 | 28.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 9/30/15 | GBO | 0006 | Review preference documentation for bank account information; emails with P. Bley and Trustee to follow up regarding same. | .30 | 280.00 | 84.00 |
| 10/02/15 | GBO | 0006 | Emails with Reese Boyd to follow up on bank check request. | .10 | 280.00 | 28.00 |
| 12/29/15 | KMD | 0006 | Update control chart regarding collection efforts. | .10 | 195.00 | 19.50 |
| 12/31/15 | JHB | 0006 | Emails with Mr. Boyd regarding collection status, next steps. | .20 | 415.00 | 83.00 |
| 1/08/16 | KMD | 0006 | Review status and update litigation and trustee control charts. | .10 | 195.00 | 19.50 |
| 1/19/16 | JHB | 0006 | Review recovery status, next steps. | .10 | 415.00 | 41.50 |
| 1/27/16 | KMD | 0006 | Attention to request for Federal tax identification number for Fairfield Inn. | .10 | 195.00 | 19.50 |
| 1/28/16 | KMD | 0006 | Review electronic mails from special counsel to Trustee regarding status of recovery efforts and strategy to move forward; calendar ahead. | .20 | 195.00 | 39.00 |
| 1/29/16 | KMD | 0006 | Review electronic mails from special counsel regarding service and defendant issues. | .10 | 195.00 | 19.50 |
| 3/30/17 | KMD | 0006 | Electronic mail to special counsel regarding status of collection efforts. | .10 | 200.00 | 20.00 |
| 1/18/18 | KMD | 0006 | Electronic mail to special counsel (R. Boyd) regarding status/recovery prospects. | .10 | 205.00 | 20.50 |
| | | | Sub-Total of Services: | 9.80 | | $ 3,085.50 |

0010 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/04/14 | KMD | 0010 | Review status of judgement. | .10 | 195.00 | 19.50 |
| 11/13/14 | KMD | 0010 | Review status of judgment; underlying motion to same. | .10 | 195.00 | 19.50 |
| 11/17/14 | GBO | 0010 | Review status of judgment and next steps, including to research company status; prepare memorandum to Trustee regarding same. | .60 | 265.00 | 159.00 |
| 11/18/14 | JHB | 0010 | Review judgment and related collection issues and strategies. | .20 | 395.00 | 79.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190                                              December 11, 2018
Direct Air (Southern Sky Air & Tours,                                      Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/18/14 | JEM | 0010 | Review judgment for the Trustee and recovery options. | .20 | 265.00 | 53.00 |
| 11/18/14 | GBO | 0010 | Strategize regarding next steps for demand and collection. | .20 | 265.00 | 53.00 |
| 12/24/14 | GBO | 0010 | Research local Texas collections counsel. | .10 | 265.00 | 26.50 |
| 1/12/15 | GBO | 0010 | Follow up regarding Judgment and collection issues, including emails with potential local counsel regarding same. | .20 | 265.00 | 53.00 |
| 1/15/15 | JHB | 0010 | Strategies regarding default judgment collection, review underlying claim materials. | .20 | 395.00 | 79.00 |
| 1/20/15 | JHB | 0010 | Continued attention to collection issues and strategies regarding default judgments, review related claim materials. | .30 | 395.00 | 118.50 |
| 1/21/15 | GBO | 0010 | Communications with potential local counsel and Trustee regarding fee arrangements. | .40 | 265.00 | 106.00 |
| 2/02/15 | KMD | 0010 | Additional updates to litigation chart. | .10 | 195.00 | 19.50 |
| 2/03/15 | GBO | 0010 | Follow up with Trustee and potential local counsel regarding contingency arrangement. | .10 | 265.00 | 26.50 |
| 2/04/15 | JHB | 0010 | Review, revise proposed engagement agreement. | .20 | 395.00 | 79.00 |
| 2/04/15 | GBO | 0010 | Emails with proposed local counsel regarding engagement (.1); review and assess proposed engagement letter (.1); attend to preparation of special counsel pleadings package (.2). | .40 | 265.00 | 106.00 |
| 2/04/15 | GBO | 0010 | Review and assess proposed engagement letter (.1); attend to preparation of special counsel pleadings package (.2). | .30 | 265.00 | 79.50 |
| 2/05/15 | JHB | 0010 | Continue revisions to contingency agreement. | .30 | 395.00 | 118.50 |
| 2/06/15 | GBO | 0010 | Review, revise, and finalize updated special counsel engagement letter. | .10 | 265.00 | 26.50 |
| 2/19/15 | KMD | 0010 | Review revisions to special counsel retention application and engagement letter; final review of all and forward to J. Leininger via electronic mail for review and signature. | .70 | 195.00 | 136.50 |
| 2/21/15 | JHB | 0010 | Further review of collection issues and materials regarding default judgment. | .20 | 395.00 | 79.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                               December 11, 2018
Direct Air (Southern Sky Air & Tours,                    Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/24/15 | JHB | 0010 | Final revisions to special counsel retention agreement, pleadings, review underlying recovery issues. | .30 | 395.00 | 118.50 |
| 2/27/15 | KMD | 0010 | Update litigation control chart. | .20 | 195.00 | 39.00 |
| 3/25/15 | JHB | 0010 | Call, emails with special counsel regarding retention, collection issues. | .20 | 395.00 | 79.00 |
| 4/02/15 | JHB | 0010 | Review open recovery, special counsel issues, strategies. | .10 | 395.00 | 39.50 |
| 4/02/15 | KMD | 0010 | Electronic mail to Attorney Leininger regarding status of retention as special counsel; calendar ahead for response. | .10 | 195.00 | 19.50 |
| 4/07/15 | KMD | 0010 | Review status of response from Attorney Leininger regarding retention. | .10 | 195.00 | 19.50 |
| 4/09/15 | KMD | 0010 | Review status of special counsel retention with respect to collection; update control chart. | .10 | 195.00 | 19.50 |
| 5/06/15 | KMD | 0010 | Electronic mail to Attorney Leininger regarding status of retention for collection matter. | .10 | 195.00 | 19.50 |
| 5/27/15 | GBO | 0010 | Follow up regarding engagement of Special Counsel to pursue collections. | .10 | 265.00 | 26.50 |
| 6/08/15 | KMD | 0010 | Review status of special counsel retention/referral. | .10 | 195.00 | 19.50 |
| 6/08/15 | GBO | 0010 | Emails with Atty. Leninger to follow up on engagement status (.2); memoranda with Trustee regarding same (.1). | .30 | 265.00 | 79.50 |
| 6/10/15 | GBO | 0010 | Review case background (.1); telephone call with new potential special counsel regarding matter (.3); follow up email to special counsel regarding same (.2). | .60 | 265.00 | 159.00 |
| 6/11/15 | GBO | 0010 | Compile background materials (.1) and send to potential special counsel (.1). | .20 | 265.00 | 53.00 |
| 6/12/15 | JHB | 0010 | Review open exemption, TFR issues. | .30 | 395.00 | 118.50 |
| 6/12/15 | GBO | 0010 | Review memorandum from Trustee regarding comments on proposed Special Counsel's engagement terms. | .10 | 265.00 | 26.50 |
| 6/23/15 | GBO | 0010 | Voicemail from proposed local counsel regarding engagement. | .10 | 265.00 | 26.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                              Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 6/24/15 | GBO | 0010 | Revise engagement letter to reflect Trustee comments (.4); communications with Trustee regarding same (.1); email revised engagement letter to proposed Special Counsel (.1). | .60 | 265.00 | 159.00 |
| 6/26/15 | GBO | 0010 | Telephone call with Atty. Muckleroy regarding engagement; follow up regarding special counsel engagement pleadings. | .20 | 265.00 | 53.00 |
| 7/07/15 | KMD | 0010 | Update litigation control chart as to current status. | .10 | 195.00 | 19.50 |
| 8/27/15 | GBO | 0010 | Telephone call with special counsel about calculating interest on judgment. | .10 | 280.00 | 28.00 |
| 8/28/15 | JEM | 0010 | Locate and calculate post-judgment interest on the judgment balance; communications with local counsel regarding the same. | .50 | 280.00 | 140.00 |
| 8/28/15 | GBO | 0010 | Emails and calls regarding calculation of post-judgment interest. | .20 | 280.00 | 56.00 |
| 10/09/15 | GBO | 0010 | Telephone call from special counsel regarding status and offer. | .10 | 280.00 | 28.00 |
| 10/20/15 | GBO | 0010 | Telephone call with Special Counsel regarding collection status (.1); follow up regarding same (.1). | .20 | 280.00 | 56.00 |
| 10/21/15 | JHB | 0010 | Settlement issues and strategies, related emails with special counsel. | .10 | 415.00 | 41.50 |
| 10/21/15 | GBO | 0010 | Memoranda with Trustee regarding recommended negotiating strategy (.1); email Special Counsel regarding same (.1). | .20 | 280.00 | 56.00 |
| 11/03/15 | GBO | 0010 | Review memoranda regarding negotiation status. | .10 | 280.00 | 28.00 |
| 11/09/15 | JHB | 0010 | Continued emails with special counsel, reach agreement. | .30 | 415.00 | 124.50 |
| 11/09/15 | GBO | 0010 | Review memoranda between Trustee and Special Counsel about settlement terms. | .10 | 280.00 | 28.00 |
| 11/10/15 | GBO | 0010 | Follow up regarding settlement terms and materials needed for preparing Settlement Agreement. | .10 | 280.00 | 28.00 |
| 11/17/15 | JHB | 0010 | Review open collection issues; related emails with special counsel. | .20 | 415.00 | 83.00 |
| 11/19/15 | GBO | 0010 | Attention to preparation of settlement pleadings. | .10 | 280.00 | 28.00 |
| 12/08/15 | GBO | 0010 | Emails with special counsel regarding status of settlement pleadings. | .10 | 280.00 | 28.00 |

**MIRICK O'CONNELL**

---

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/09/15 | GBO | 0010 | Draft Settlement Agreement (.8); draft Motion to Approve Settlement Agreement (.7); prepare Motion to Limit Notice (.1) and Certificate of Service (.1). | 1.70 | 280.00 | 476.00 |
| 12/11/15 | KMD | 0010 | Track status of settlement pleadings. | .10 | 195.00 | 19.50 |
| 12/11/15 | GBO | 0010 | Augment and finalize Stipulation and approval motion package for review (.8); memoranda with Trustee regarding same (.1); finalize documents (.1) and email same to Special Counsel (.1). | 1.10 | 280.00 | 308.00 |
| 12/22/15 | GBO | 0010 | Review memorandum from Special Counsel regarding executed Stipulation; execute Stipulation. | .10 | 280.00 | 28.00 |
| 12/29/15 | KMD | 0010 | Update control chart regarding status of settlement. | .10 | 195.00 | 19.50 |
| 1/04/16 | KMD | 0010 | Review status of settlement pleadings; calendar ahead for receipt of signed agreement. | .10 | 195.00 | 19.50 |
| 1/04/16 | GBO | 0010 | Email Special Counsel to follow up regarding expenses and filing Stipulation. | .10 | 280.00 | 28.00 |
| 1/08/16 | KMD | 0010 | Review status of settlement and update litigation and trustee control charts; email to special counsel regarding status of information needed to finalize settlement. | .20 | 195.00 | 39.00 |
| 1/12/16 | JHB | 0010 | Special counsel emails regarding settlement, fee issues. | .20 | 415.00 | 83.00 |
| 1/12/16 | KMD | 0010 | Track response from Attorney Muckleroy regarding status of sale pleadings; calendar ahead. | .10 | 195.00 | 19.50 |
| 1/14/16 | JHB | 0010 | Review fee application, open settlement issues and next steps. | .20 | 415.00 | 83.00 |
| 1/14/16 | GBO | 0010 | Attention to memorandum from Special Counsel regarding payment pleadings. | .10 | 280.00 | 28.00 |
| 1/19/16 | JHB | 0010 | Review recovery status, next steps. | .10 | 415.00 | 41.50 |
| 1/19/16 | JHB | 0010 | Final review of special counsel fee materials; review open settlement issues. | .20 | 415.00 | 83.00 |
| 1/21/16 | GBO | 0010 | Review local rule requirements for finalizing fee application and settlement agreement. | .10 | 280.00 | 28.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190                                          December 11, 2018
Direct Air (Southern Sky Air & Tours,                                Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/21/16 | GBO | 0010 | (Re: PFS) Review Special Counsel fee application package (.1) and revise settlement motion consistent with same (.2); consider timing, non-payment, and other issues associated with settlement and payment of Special Counsel (.3). | .60 | 280.00 | 168.00 |
| 1/26/16 | GBO | 0010 | Edit Stipulation, approval motion and Special Counsel Fee Application to reflect payment logistics associated with package. | .40 | 280.00 | 112.00 |
| 1/27/16 | KMD | 0010 | Review and revise motion to limit notice and certificate of service regarding settlement pleadings; review Pacer docket and ECF to confirm current service list. | 1.40 | 195.00 | 273.00 |
| 1/27/16 | GBO | 0010 | Finalize revised settlement package and Fee Application and email special counsel with summary and requests regarding same. | .30 | 280.00 | 84.00 |
| 1/28/16 | GBO | 0010 | Execute Stipulation and memoranda with Special Counsel regarding same (.1); revise and update Motion to Limit Notice and Certificate of Service to reflect all pleadings to be filed (.6). | .70 | 280.00 | 196.00 |
| 1/29/16 | KMD | 0010 | Assist with finalization of settlement pleadings for electronic filing and service. | .20 | 195.00 | 39.00 |
| 1/29/16 | GBO | 0010 | Various memoranda with Trustee and Special Counsel regarding identity of entities named in Complaint (.3) and additional information needed to pursue (.1). | .40 | 280.00 | 112.00 |
| 1/29/16 | GBO | 0010 | Review, revise, and approve final filing package for settlement and Fee Application pleadings. | .20 | 280.00 | 56.00 |
| 2/02/16 | KMD | 0010 | Track order allowing motion to limit notice. | .10 | 195.00 | 19.50 |
| 2/02/16 | GBO | 0010 | Confirm receipt of first payment; memoranda regarding same. | .10 | 280.00 | 28.00 |
| 3/01/16 | JHB | 0010 | Review installment, special counsel fee issues, next steps for collection. | .20 | 415.00 | 83.00 |
| 3/03/16 | KMD | 0010 | Track order allowing settlement and update litigation control chart; calendar ahead regarding receipt of all settlement installments, payment of special counsel fees/expenses and eventual release of judgment lien. | .30 | 195.00 | 58.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                          December 11, 2018
Direct Air (Southern Sky Air & Tours,                                Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/07/16 | GBO | 0010 | Follow up regarding approval of Stipulation and special counsel fee application; review memorandum confirming receipt of payment. | .10 | 280.00 | 28.00 |
| 4/01/16 | KMD | 0010 | Track receipt of April settlement payment. | .10 | 195.00 | 19.50 |
| 5/02/16 | KMD | 0010 | Follow-up re receipt of May settlement installment. | .10 | 195.00 | 19.50 |
| 5/17/16 | KMD | 0010 | Review status of May settlement installment; electronic mail to special counsel to request follow-up. | .20 | 195.00 | 39.00 |
| 6/01/16 | KMD | 0010 | Follow-up regarding: receipt of May settlement payment. | .10 | 195.00 | 19.50 |
| 6/06/16 | KMD | 0010 | Follow-up email to Attorney Muckleroy regarding status of May and June settlement installments; calendar ahead for receipt. | .10 | 195.00 | 19.50 |
| 6/07/16 | KMD | 0010 | Telephone call from Attorney Muckleroy to report conversation with principal of PFS and that no money available for PFS to pay settlement installments; review terms of settlement and forward summary of telephone conversation to trustee; review strategy from trustee regarding next steps; electronic mail to Attorney Muckleroy regarding: Trustee's suggested next steps. | .50 | 195.00 | 97.50 |
| 6/08/16 | KMD | 0010 | Review e-mail from special counsel regarding status of settlement installments. | .10 | 195.00 | 19.50 |
| 6/10/16 | KMD | 0010 | Review e-mails from/to special counsel regarding default language. | .10 | 195.00 | 19.50 |
| 6/13/16 | KMD | 0010 | Review default letter sent by Attorney Muckleroy to defendant; calendar ahead regarding response deadline. | .10 | 195.00 | 19.50 |
| 7/11/16 | JHB | 0010 | Collection strategies, related counsel emails. | .10 | 425.00 | 42.50 |
| 7/11/16 | KMD | 0010 | Electronic mail to special counsel regarding status of default letter. | .10 | 200.00 | 20.00 |
| 7/12/16 | LAK | 0010 | Review banking information as to number of Progressive Funding payments received and remaining. | .10 | 200.00 | 20.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 7/15/16 | KMD | 0010 | Track electronic mails from/to special counsel regarding status of default notice to defendant; electronic mail from trustee regarding strategy; calendar ahead to follow-up with special counsel regarding status. | .20 | 200.00 | 40.00 |
| 10/20/17 | LAK | 0010 | Review file documentation and docketed pleadings regarding history or and current status of progressive funding solutions matter. | .50 | 205.00 | 102.50 |
| 12/04/17 | KMD | 0010 | Review stipulation as to settlement amount and determine amount of payments received; on-line search regarding status of PFS; review file information as to updates from special counsel; draft memo to trustee regarding basis for possible abandonment. | 1.60 | 205.00 | 328.00 |
| 12/05/17 | KMD | 0010 | Draft electronic mail to special counsel regarding status/update. | .30 | 205.00 | 61.50 |
| 12/07/17 | KMD | 0010 | Review status of collection; electronic mail to special counsel regarding status/potential for further collections. | .30 | 205.00 | 61.50 |
| 12/08/17 | KMD | 0010 | Telephone call from special counsel regarding status of collection efforts; memo to trustee summarizing same. | .20 | 205.00 | 41.00 |
| 12/29/17 | JHB | 0010 | (Progressive)  Continued attention to collection, fee application issues and strategies. | .10 | 435.00 | 43.50 |
| 2/14/18 | KMD | 0010 | Attention to transmittal of checks to Attorney Muckleroy for payment of fees/expenses in connection with Court-approved fee application, including copy of order regarding same. | .30 | 205.00 | 61.50 |
| | | | Sub-Total of Services: | 26.00 | | $ 6,940.00 |

0011 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/05/14 | JHB | 0011 | Review continued issues regarding discovery, production deficiencies, related pretrial issues and strategies. | .30 | 395.00 | 118.50 |
| 11/14/14 | JHB | 0011 | Review open discovery issues, materials from Attorney Aframe, and next steps to address. | .30 | 395.00 | 118.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/14/14 | JEM | 0011 | Review case and discovery in preparation for Final Pretrial Conference; review QuickFlight's expert report; draft correspondence and follow up communications with Attorney Aframe regarding supplementing QuickFlight's expert report/disclosures. | 1.10 | 265.00 | 291.50 |
| 11/18/14 | JHB | 0011 | Review expert disclosure, emails from Attorney Aframe, devise response and pretrial strategies. | .30 | 395.00 | 118.50 |
| 11/18/14 | GBO | 0011 | Review expert witness report. | .10 | 265.00 | 26.50 |
| 11/20/14 | JHB | 0011 | Review open pretrial, expert and witness issues, next steps in preparation for 2/4 trial. | .30 | 395.00 | 118.50 |
| 11/20/14 | KMD | 0011 | Review pacer docket and update litigation control chart accordingly. | .40 | 195.00 | 78.00 |
| 11/20/14 | JEM | 0011 | Attend Pretrial Conference; update Trustee; review Court's trial order; initial preparation for trial (witness availability, evidence at trial and pretrial deadlines). | 2.40 | 265.00 | 636.00 |
| 11/20/14 | GBO | 0011 | Review memorandum about pre-trial conference and track trial date. | .10 | 265.00 | 26.50 |
| 11/25/14 | GBO | 0011 | Strategize regarding potential negotiations and trial. | .20 | 265.00 | 53.00 |
| 12/15/14 | KMD | 0011 | Review status of case and update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 1/05/15 | JEM | 0011 | Initial strategy with Trustree regarding Trial. | .10 | 265.00 | 26.50 |
| 1/06/15 | JHB | 0011 | Review open discovery, trial issues and next steps. | .20 | 395.00 | 79.00 |
| 1/06/15 | JEM | 0011 | Review status of litigation and settlement; begin to plan for trial. | .60 | 265.00 | 159.00 |
| 1/07/15 | JHB | 0011 | Review additional materials regarding recovery grounds and defense, and related call, email to Attorney Aframe regarding same and imminent trial. | .40 | 395.00 | 158.00 |
| 1/07/15 | GBO | 0011 | Review memorandum regarding trial preparation. | .10 | 265.00 | 26.50 |
| 1/08/15 | JEM | 0011 | Plan trial preparation. | .30 | 265.00 | 79.50 |
| 1/09/15 | JHB | 0011 | Negotiations with Attorney Aframe (.3), discussions with litigation team (.2) regarding upcoming trial, possible settlement. | .50 | 395.00 | 197.50 |
| 1/09/15 | JEM | 0011 | Review status of settlement efforts. | .10 | 265.00 | 26.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                            Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/09/15 | GBO | 0011 | Review memoranda regarding settlement negotiations. | .10 | 265.00 | 26.50 |
| 1/12/15 | JHB | 0011 | Devise settlement strategies, related emails to Attorney Aframe. | .20 | 395.00 | 79.00 |
| 1/12/15 | JEM | 0011 | Attend to identifying and securing trial witnesses; identify evidence to be solicited from each witness and evidence obtained from the documentary evidence. | 2.30 | 265.00 | 609.50 |
| 1/12/15 | GBO | 0011 | Strategize regarding Settlement. | .10 | 265.00 | 26.50 |
| 1/13/15 | JHB | 0011 | Continued negotiations with Attorney Aframe. | .20 | 395.00 | 79.00 |
| 1/15/15 | JHB | 0011 | Continued negotiations with Carl Aframe. | .20 | 395.00 | 79.00 |
| 1/16/15 | JHB | 0011 | Continued negotiations with Attorney Aframe and reach settlement (.4); related emails regarding trial matters, postponement (.2). | .60 | 395.00 | 237.00 |
| 1/16/15 | JEM | 0011 | Communications to M. Baldwin and P. Bley regarding testimony at Quickflight trial. | .20 | 265.00 | 53.00 |
| 1/16/15 | JEM | 0011 | Review terms of the settlement with Quickflight; attend to obtaining financial documents showing Quickflight's financial standing. | .10 | 265.00 | 26.50 |
| 1/17/15 | JHB | 0011 | Further review of settlement terms, payment issues. | .20 | 395.00 | 79.00 |
| 1/21/15 | JHB | 0011 | Continued negotiations regarding settlement (.2), devise grounds for stipulation, approval motion and trial continuance motion (.2). | .40 | 395.00 | 158.00 |
| 1/21/15 | KMD | 0011 | Draft motion to continue trial; review and revise same. | 1.30 | 195.00 | 253.50 |
| 1/21/15 | JEM | 0011 | Attend to preparation of Motion to Continue Trial and identify financial documents to obtain from Quickflight in support of settlement. | .30 | 265.00 | 79.50 |
| 1/21/15 | GBO | 0011 | Review and strategize about possible settlement terms. | .10 | 265.00 | 26.50 |
| 1/23/15 | KMD | 0011 | Review status of motion to continue trial. | .10 | 195.00 | 19.50 |
| 1/23/15 | KMD | 0011 | Assist with query for service list in connection with settlement pleadings. | .30 | 195.00 | 58.50 |
| 1/23/15 | JEM | 0011 | Draft Stipulation of Settlement. | 1.10 | 265.00 | 291.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/26/15 | JHB | 0011 | Continued negotiations with Attorney Aframe (.2); review and revise draft trial continuance motion, settlement agreement (.4). | .60 | 395.00 | 237.00 |
| 1/26/15 | JEM | 0011 | Edit Stipulation of Settlement and Motion to Continue Trial; communications with the Trustee and Attorney Aframe regarding additional settlement terms. | 1.10 | 265.00 | 291.50 |
| 1/26/15 | GBO | 0011 | Strategize regarding format of approval motion including potential dismissal and signatory issues (.3); assist with continuance motion (.1). | .40 | 265.00 | 106.00 |
| 1/28/15 | JHB | 0011 | Review proposed payment terms, summarize for Attorney King at UST and emails with same. | .30 | 395.00 | 118.50 |
| 1/28/15 | KMD | 0011 | Review Pacer docket and update litigation control chart accordingly. | .20 | 195.00 | 39.00 |
| 1/30/15 | JHB | 0011 | Continued emails with Attorney King regarding settlement payment issues, devise terms for settlement agreement. | .30 | 395.00 | 118.50 |
| 2/03/15 | JHB | 0011 | Review open issues regarding settlement terms and devise resolution strategies. | .30 | 395.00 | 118.50 |
| 2/03/15 | JEM | 0011 | Review status of settlement and next steps. | .10 | 265.00 | 26.50 |
| 2/05/15 | JEM | 0011 | Develop additional terms (cure period and security) for Stipulation of Settlement. | .20 | 265.00 | 53.00 |
| 2/06/15 | JEM | 0011 | Edits to Stipulation of Settlement; draft Agreement for Judgment. | .40 | 265.00 | 106.00 |
| 2/09/15 | JHB | 0011 | Aframe emails regarding open settlement issues. | .20 | 395.00 | 79.00 |
| 2/10/15 | JEM | 0011 | Communications with Attorney Aframe regarding executing Stipultion of Settlement. | .10 | 265.00 | 26.50 |
| 2/13/15 | JHB | 0011 | Trial, settlement strategies discussion with Attorney Murphy, related emails with Attorney Aframe. | .30 | 395.00 | 118.50 |
| 2/13/15 | JEM | 0011 | Draft correspondence to Attorney Aframe regarding completing settlement, strategy regarding deadline for settlement in lieu of trying the case. | .20 | 265.00 | 53.00 |
| 2/17/15 | JHB | 0011 | Review open settlement issues, next steps and related trial strategies. | .20 | 395.00 | 79.00 |
| 2/17/15 | JEM | 0011 | Phone call from Attorney Aframe regarding delays in completing settlement; update Trustee. | .20 | 265.00 | 53.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190

December 11, 2018

Direct Air (Southern Sky Air & Tours,

Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/18/15 | JHB | 0011 | Further attention to open discovery, financial issues and devise strategies in light of continuing settlement delay. | .30 | 395.00 | 118.50 |
| 2/23/15 | KMD | 0011 | Telephone call to Bankruptcy Court regarding request for Rule 16 conference. | .10 | 195.00 | 19.50 |
| 2/23/15 | KMD | 0011 | Prepare motion for entry of order scheduling status conference; review and revise same. | 1.40 | 195.00 | 273.00 |
| 2/26/15 | JHB | 0011 | Strategize with Attorney Murphy regarding steps to facilitate settlement and review related release, payment issues. | .20 | 395.00 | 79.00 |
| 2/26/15 | JEM | 0011 | Draft correspondence to Attorney Aframe regarding requested Quickflight financials. | .10 | 265.00 | 26.50 |
| 2/27/15 | KMD | 0011 | Update litigation control chart. | .10 | 195.00 | 19.50 |
| 2/27/15 | JEM | 0011 | Review options for bringing settlement to a conclusion; attend to preparation of a request for Rule 7016/16 Conference. | .20 | 265.00 | 53.00 |
| 3/01/15 | JHB | 0011 | Emails with Attorney Aframe regarding open settlement issues, impasse, and review next steps for trial preparation. | .30 | 395.00 | 118.50 |
| 3/02/15 | JHB | 0011 | Review, revise conference motion, devise settlement strategies. | .20 | 395.00 | 79.00 |
| 3/02/15 | KMD | 0011 | Review and revise motion for status conference to include request for expedited determination. | .40 | 195.00 | 78.00 |
| 3/02/15 | JEM | 0011 | Review status of settlement; edit Motion to Schedule Rule 16 Conference; communications with Attorney Aframe regarding financials; completing settlement and request for Rule 16 conference. | .60 | 265.00 | 159.00 |
| 3/03/15 | JHB | 0011 | Continued attention to open settlement issues, strategies to move to completion. | .20 | 395.00 | 79.00 |
| 3/03/15 | KMD | 0011 | Assist with efiling of motion to request status conference. | .10 | 195.00 | 19.50 |
| 3/03/15 | JEM | 0011 | Attend to filing Motion to Schedule Rule 7016/16 Conference; review Court's allowance of motion; attend to serving notice to all parties. | .10 | 265.00 | 26.50 |
| 3/04/15 | KMD | 0011 | Prepare notice of status conference and certificate of service for efiling/service. | .20 | 195.00 | 39.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190                                          December 11, 2018
Direct Air (Southern Sky Air & Tours,                               Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/05/15 | JHB | 0011 | Review Aframe NDA requirements, revisions to NDA agreement. | .20 | 395.00 | 79.00 |
| 3/05/15 | JEM | 0011 | Review message from Attorney Aframe regarding Defendant's financials; draft Confidentiality Agreement. | .30 | 265.00 | 79.50 |
| 3/06/15 | JHB | 0011 | Continued negotiations, revisions to settlement, NDA terms, review alternatives, related call and emails with Attorney Aframe. | .40 | 395.00 | 158.00 |
| 3/06/15 | JEM | 0011 | Communications with Attorney Aframe and Quickflight regarding initial settlement payment and confidentiality of financial documents; phone call from fro Attorney Aframe; attend to final edits and execution of settlement documents. | 1.30 | 265.00 | 344.50 |
| 3/09/15 | JHB | 0011 | Continued settlement negotiations with Attorney Aframe and review financial information produced by same; respond to same, set deadline for compliance and assess trial alternative and strategies. | 1.10 | 395.00 | 434.50 |
| 3/09/15 | JEM | 0011 | Phone call with Attorney Aframe regarding terms of Stipulation of Settlement and Confidentiality Agreement; edits to the same; extended communications with Attorney Aframe and the Trustee regarding Quickflight's financials; review and evaluation of initial Quickflight financials. | 1.00 | 265.00 | 265.00 |
| 3/11/15 | JHB | 0011 | Continued lengthy negotiations with Attorney Aframe regarding settlement, financial issues, assess trial strategies and issues for 3/12 hearing. | .40 | 395.00 | 158.00 |
| 3/11/15 | JEM | 0011 | Review communications with Attorney Aframe and status of settlement; preparation for Rule 16 conference. | .30 | 265.00 | 79.50 |
| 3/11/15 | JEM | 0011 | Draft correspondence to M. Baldwin regarding potential trial testimony; identify other steps to prepare case for trial if no settlement. | .40 | 265.00 | 106.00 |
| 3/12/15 | JHB | 0011 | Continue lengthy negotiations with Attorney Aframe, review new financial materials from same, devise strategies for status hearing and trial preparation, reach settlement and review and revise modified stipulation and motions. | 2.10 | 395.00 | 829.50 |
| 3/12/15 | KMD | 0011 | Review terms of settlement. | .10 | 195.00 | 19.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/12/15 | JEM | 0011 | Extended settlement communications with Attorney Aframe; review Quickflight financials; evaluate Quickflight financials and proposed settlement terms with Trustee; finalize terms of revised settlement; edit Stipulation of Settlement and draft Motion to Approve Stipulation of Settlement. | 2.50 | 265.00 | 662.50 |
| 3/12/15 | JEM | 0011 | Preparation for Rue 16 Conference (before and after revised settlement) at Bankruptcy Court, Central Division and attend. | 1.60 | 265.00 | 424.00 |
| 3/12/15 | AJF | 0011 | Review of Proof of Claim and balance sheet. | .40 | 350.00 | 140.00 |
| 3/13/15 | JHB | 0011 | Continued negotiations with Attorney Aframe, review revised stipulation from sale, address payment issues. | .40 | 395.00 | 158.00 |
| 3/13/15 | KMD | 0011 | Review settlement amount terms; calendar ahead for receipt of payments. | .10 | 195.00 | 19.50 |
| 3/13/15 | JEM | 0011 | Communications with Attorney Aframe regarding evidence of collectibility issues for Motion to Approve; phone calls with Attorney Aframe regarding making first settlement payment to the Trustee. | .40 | 265.00 | 106.00 |
| 3/16/15 | JHB | 0011 | Review revised stipulation, open payment approval issues. | .20 | 395.00 | 79.00 |
| 3/17/15 | JHB | 0011 | Continued attention to settlement revisions, open payment issues; related emails with Attorney Aframe. | .30 | 395.00 | 118.50 |
| 3/17/15 | JEM | 0011 | Draft Motion to Limit Notice and certificate of service; prepare Motion to Approve Stipulation of Settlement for filing with the court. | .50 | 265.00 | 132.50 |
| 3/18/15 | JEM | 0011 | Communications with M. Baldwin regarding tentative settlement of the adversary proceeding and cancellation of trial date. | .10 | 265.00 | 26.50 |
| 3/23/15 | KMD | 0011 | Track e-filed settlement documents; calendar ahead for receipt of settlement installments. | .20 | 195.00 | 39.00 |
| 3/24/15 | KMD | 0011 | Confirm receipt of initial settlement payment; calendar ahead for receipt of additional installments. | .10 | 195.00 | 19.50 |
| 4/09/15 | KMD | 0011 | Review status of payments; update control chart. | .10 | 195.00 | 19.50 |
| 4/13/15 | KMD | 0011 | Track wire received from Quickflight. | .10 | 195.00 | 19.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/14/15 | JEM | 0011 | Review status of payments made and schedule of payments under Stipulation of Settlement. | .10 | 265.00 | 26.50 |
| 5/21/15 | JHB | 0011 | Review open payment issues, related release and dismissal conditions. | .20 | 395.00 | 79.00 |
| 5/28/15 | KMD | 0011 | Update litigation control sheet as to settlement payments. | .10 | 195.00 | 19.50 |
| 7/07/15 | KMD | 0011 | Track receipt of additional settlement installment. | .10 | 195.00 | 19.50 |
| 11/05/15 | GBO | 0011 | Review Quickflights status. | .20 | 280.00 | 56.00 |
| 11/16/15 | LAK | 0011 | Reconcile bank account as to Quickflight wires received and confirm amount still due. | .30 | 195.00 | 58.50 |
| 11/20/15 | JEM | 0011 | Phone call with Attorney Aframe regarding final settlement payment. | .10 | 280.00 | 28.00 |
| 11/23/15 | JEM | 0011 | Review status of adversary proceeding and requirements for closing litigation after settlement payments complete. | .10 | 280.00 | 28.00 |
| 12/01/15 | JHB | 0011 | Review open settlement, payment issues, related Aframe emails. | .20 | 415.00 | 83.00 |
| 12/01/15 | JEM | 0011 | Multiple communications with Attorney Aframe and Quickflight employees regarding final settlement payment and rejected wire. | .20 | 280.00 | 56.00 |
| 12/02/15 | JHB | 0011 | Further attention to open settlement, release and payment issues. | .20 | 415.00 | 83.00 |
| 12/02/15 | KMD | 0011 | Review pacer docket in main case and adversary proceeding, draft stipulation of dismissal and certificate of service and review/revise same. | .50 | 195.00 | 97.50 |
| 12/02/15 | JEM | 0011 | Review final settlement payment; attend to dismissal of the adversary proceeding in accordance with the parties' settlement agreement. | .10 | 280.00 | 28.00 |
| 12/03/15 | JEM | 0011 | Edit Stipulation of Dismissal; communications with Attorney Aframe regarding execution of same. | .10 | 280.00 | 28.00 |
| 12/08/15 | JEM | 0011 | Communications with Attorney Aframe regarding stipulation; attend to filing stipulation of settlement. | .10 | 280.00 | 28.00 |
| 12/11/15 | JHB | 0011 | Review, revise settlement agreement, approval motion. | .20 | 415.00 | 83.00 |
| 12/29/15 | KMD | 0011 | Update control chart regarding status of collection efforts/litigation. | .10 | 195.00 | 19.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190

December 11, 2018

Direct Air (Southern Sky Air & Tours,

Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/08/16 | KMD | 0011 | Review status and update litigation and trustee control charts; document all settlement payments and dismissal of adversary proceeding. | .20 | 195.00 | 39.00 |
| | | | Sub-Total of Services: | 43.10 | | $ 12,747.00 |

**0015 Adversary Proceeding**

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/06/14 | KMD | 0015 | Attention to returned mail in connection with settlement pleadings; update datatable. | .20 | 195.00 | 39.00 |
| 11/07/14 | JEM | 0015 | Review status of Motion to Approve; communications with Attorney Rafferty regarding the same. | .10 | 265.00 | 26.50 |
| 11/07/14 | GBO | 0015 | Review communications with Atty. Rafferty. | .10 | 265.00 | 26.50 |
| 11/19/14 | JHB | 0015 | Review approval order, payment timing; related Rafferty emails. | .20 | 395.00 | 79.00 |
| 11/19/14 | KMD | 0015 | Track order approving settlement. | .10 | 195.00 | 19.50 |
| 11/19/14 | JEM | 0015 | Review Court's allowance of Motion to Approve Stipulation; communications with Attorney Rafferty regarding payment date and next steps. | .30 | 265.00 | 79.50 |
| 11/19/14 | GBO | 0015 | Review memoranda from Trustee and Atty. Rafferty regarding approval of Stipulation. | .10 | 265.00 | 26.50 |
| 11/20/14 | KMD | 0015 | Review adversary docket and status of filing of stipulation of dismissal. | .10 | 195.00 | 19.50 |
| 11/20/14 | KMD | 0015 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/21/14 | JEM | 0015 | Address Motion to Withdraw the Reference with Attorney Madoff. | .10 | 265.00 | 26.50 |
| 11/24/14 | GBO | 0015 | Strategize regarding manner of dismissing Adversary Proceeding. | .10 | 265.00 | 26.50 |
| 12/01/14 | JEM | 0015 | Review notice of status conference in District Court case; review plan for disposition of this action as part of settlement; review draft Notice of Settlement to be filed in District Court case; communications with Attorney Madoff regarding the same; review of orders dismissing case. | .30 | 265.00 | 79.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/03/14 | KMD | 0015 | Review settlement agreement; draft notice of receipt of settlement proceeds and voluntary dismissal; review and revise notice and proposed order (x2). | 2.00 | 195.00 | 390.00 |
| 12/04/14 | JEM | 0015 | Communications with Attorney Madoff regarding settlement payout made. | .10 | 265.00 | 26.50 |
| 12/08/14 | JEM | 0015 | Review and edit Notice of Receipt of Settlement Funds and Voluntary Dismissal of Adversary Proceeding, with Order for Court's endorsement. | .50 | 265.00 | 132.50 |
| 12/09/14 | KMD | 0015 | Review Pacer dockets of adversary proceeding and U.S. District Court case regarding status of motion to dismiss and motion to withdraw reference; revise trustee's notice of receipt of settlement proceeds accordingly. | .50 | 195.00 | 97.50 |
| 12/12/14 | JEM | 0015 | Communications with Attorney Madoff regarding dismissal of adversary proceeding and IRS Power of Attorney form to conclude settlement. | .10 | 265.00 | 26.50 |
| 12/15/14 | KMD | 0015 | Review status of case and update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 12/16/14 | KMD | 0015 | Telephone conference to case administrator regarding status of order dissolving temporary restraining order. | .10 | 195.00 | 19.50 |
| 12/16/14 | JEM | 0015 | Review Court's disposition of adversary proceeding without execution proposed Order; communications with Attorney Madoff regarding the same. | .10 | 265.00 | 26.50 |
| 12/16/14 | GBO | 0015 | Review Notice of Dismissal and Receipt of Settlement. | .10 | 265.00 | 26.50 |
| 12/17/14 | KMD | 0015 | Receipt of order dismissing adversary proceeding and TRO and track same. | .10 | 195.00 | 19.50 |
| 12/17/14 | JEM | 0015 | Review Court's Notices regarding disposition of adversary proceeding. | .10 | 265.00 | 26.50 |
| | | | Sub-Total of Services: | 5.90 | | $ 1,337.50 |

0024 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/16/15 | JEM | 0024 | Review status of E. Warneck's bankruptcy case; review Attorney Aframe's proposed edits to Stipulation; communications with Attorney Aframe regarding the same. | .10 | 265.00 | 26.50 |
| 4/30/15 | KMD | 0024 | Review status of proof of claim filed by trustee vs. Ed Warnick and prepare summary for trustee in connection with possible abandonment of same. | .80 | 195.00 | 156.00 |
| 5/01/15 | JHB | 0024 | Review Warneck status, recovery prospects. | .20 | 395.00 | 79.00 |
| 5/01/15 | JEM | 0024 | Review E. Warneck's S.C. bankruptcy proceeding and trustee's claim in his bankruptcy. | .20 | 265.00 | 53.00 |
| 5/04/15 | KMD | 0024 | Telephone call to Prestige Court Reporting to request copy of Ed Warneck's deposition transcript. | .10 | 195.00 | 19.50 |
| 6/18/15 | KMD | 0024 | Electronic mail to Prestige Court Reporting to request copies of transcripts in connection with Ed Warneck depositions. | .10 | 195.00 | 19.50 |
| 6/22/15 | JHB | 0024 | Review C. 7 settlement pleadings, related distribution issues. | .20 | 395.00 | 79.00 |
| 6/24/15 | JHB | 0024 | Further review and revisions regarding contingency agreement. | .10 | 395.00 | 39.50 |
| 8/25/15 | JHB | 0024 | Review settlement motion in S.C. case, denial order, call to trustee regarding same. | .20 | 415.00 | 83.00 |
| 8/25/15 | KMD | 0024 | Obtain copies of settlement agreement and motion from Pacer docket (USBC - District of South Carolina). | .20 | 195.00 | 39.00 |
| 8/31/15 | JHB | 0024 | Barton call regarding C. 7 settlement, distribution issues. | .20 | 415.00 | 83.00 |
| 12/02/15 | KMD | 0024 | Review pacer docket as to current status of case and report results to trustee. | .40 | 195.00 | 78.00 |
| 12/02/15 | JEM | 0024 | Review status of Estate's claim and E. Warneck's bankruptcy. | .10 | 280.00 | 28.00 |
| 12/03/15 | GBO | 0024 | Review memoranda regarding status of estate's claim in Warneck bankruptcy case. | .10 | 280.00 | 28.00 |
| 12/18/15 | JHB | 0024 | Call with Attorney Barton regarding recovery actions in Warneck case, distribution prospects. | .30 | 415.00 | 124.50 |
| 12/18/15 | KMD | 0024 | Calendar ahead to monitor Mr. Warneck's bankruptcy case. | .10 | 195.00 | 19.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/01/16 | KMD | 0024 | Review status of Mr. Warneck's bankruptcy case; calendar ahead. | .10 | 195.00 | 19.50 |
| 4/06/16 | KMD | 0024 | Track email regarding potential recovery from Debtor's son. | .10 | 195.00 | 19.50 |
| 4/06/16 | JEM | 0024 | Review proposed settlement in E. Warneck's bankruptcy. | .10 | 280.00 | 28.00 |
| 3/30/17 | KMD | 0024 | Review Pacer docket for Ed Warneck's bankruptcy case pending in District of South Carolina and report results to trustee. | 1.00 | 200.00 | 200.00 |
| 6/21/17 | JHB | 0024 | Review open recovery matters, Warneck distribution report, and devise related abandonment, disposition strategies. | .30 | 425.00 | 127.50 |
| 6/21/17 | KMD | 0024 | (Warneck) Review Trustee's proposed distribution to bankruptcy estate; calendar ahead regarding receipt of same. | .10 | 200.00 | 20.00 |
| 7/20/17 | JHB | 0024 | Review TFR order, related distribution issues, timing. | .20 | 435.00 | 87.00 |
| 7/24/17 | JHB | 0024 | Receive dividend check and review docket regarding case closure. | .10 | 435.00 | 43.50 |
| 7/24/17 | KMD | 0024 | Track receipt of distribution check in connection with Warneck bankruptcy case. | .10 | 205.00 | 20.50 |
| 12/27/17 | JHB | 0024 | Review final report, disposition. | .10 | 435.00 | 43.50 |
| 12/27/17 | JEM | 0024 | Review Final Account of Distribution and payment to the Estate in the bankruptcy of Ed Warneck. | .20 | 300.00 | 60.00 |
| | | | Sub-Total of Services: | 5.80 | | $ 1,624.00 |

**0025 Adversary Proceeding**

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/13/14 | GBO | 0025 | Review status of negotiations and settlement. | .10 | 265.00 | 26.50 |
| 11/20/14 | KMD | 0025 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/25/14 | JHB | 0025 | Review proposed revisions to motion, stipulation; devise strategies regarding release, dismissal issues. | .30 | 395.00 | 118.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/25/14 | JEM | 0025 | Review Avondale's edits to Stipulation of Settlement and Motion to Approve Stipulation; communications with Attorney Nickless regarding the same; further edits to the settlement documents; draft Motion to Limit Notice and Certificate of Service; attend to filing and serving settlement documents. | 1.10 | 265.00 | 291.50 |
| 11/26/14 | JHB | 0025 | Review final revisions, emails regarding settlement argument, approval motions. | .20 | 395.00 | 79.00 |
| 11/26/14 | KMD | 0025 | Assist with e-filing and service of settlement pleadings. | .20 | 195.00 | 39.00 |
| 12/01/14 | KMD | 0025 | Assist with efiling/service of settlement pleadings; track order allowing motion to limit; review status of settlement installments. | .30 | 195.00 | 58.50 |
| 12/01/14 | JEM | 0025 | Attend to filing of Motion to Approve Stipulation of Settlement and service on all parties. | .20 | 265.00 | 53.00 |
| 12/02/14 | JEM | 0025 | Follow-up on Avondale's past due November settlement payment. | .10 | 265.00 | 26.50 |
| 12/05/14 | KMD | 0025 | Track receipt of next settlement installment. | .10 | 195.00 | 19.50 |
| 12/15/14 | KMD | 0025 | Review status of case and update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 12/29/14 | KMD | 0025 | Attention to returned mail in connection with settlement pleadings. | .20 | 195.00 | 39.00 |
| 12/29/14 | JEM | 0025 | Review court's allowance of Stipulation of Settlement; memorandum to Attorney Nickless regarding past due settlement payments. | .10 | 265.00 | 26.50 |
| 12/29/14 | GBO | 0025 | Strategize regarding next steps in context of Stipulation approval and non-payment. | .10 | 265.00 | 26.50 |
| 12/30/14 | KMD | 0025 | Review terms of settlement and confirm settlement installments received by trustee. | .20 | 195.00 | 39.00 |
| 12/30/14 | KMD | 0025 | Track order approving stipulation of settlement. | .10 | 195.00 | 19.50 |
| 12/31/14 | JEM | 0025 | Follow-up communications with Attorney Nickless regarding settlement payments. | .10 | 265.00 | 26.50 |
| 1/12/15 | JEM | 0025 | Review settlement payments received from Avondale; follow up with Attorney Nickless regarding missing payments. | .10 | 265.00 | 26.50 |

# MIRICK O'CONNELL

| Client Matter: 15008-14190 | December 11, 2018 |
|---|---|
| Direct Air (Southern Sky Air & Tours, | Invoice 425881 |

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 1/13/15 | KMD | 0025 | Review status of outstanding settlement payments; calendar ahead regarding same. | .10 | 195.00 | 19.50 |
| 1/15/15 | KMD | 0025 | Track receipt of settlement installment. | .10 | 195.00 | 19.50 |
| 1/28/15 | KMD | 0025 | Review Pacer docket aas to status of settlement; confirm receipt of settlement installment; update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 2/02/15 | KMD | 0025 | Additional updates to litigation chart. | .10 | 195.00 | 19.50 |
| 2/03/15 | JEM | 0025 | Review status of settlement payments and options to enforce the past due payment obligations. | .10 | 265.00 | 26.50 |
| 2/18/15 | KMD | 0025 | Track receipt of additional installment from H. Torbert. | .10 | 195.00 | 19.50 |
| 2/18/15 | JEM | 0025 | Review settlement payments made and those still due; follow up with Attorney Nickless regarding past due settlement payment. | .10 | 265.00 | 26.50 |
| 2/27/15 | KMD | 0025 | Update litigation control chart. | .10 | 195.00 | 19.50 |
| 3/16/15 | JEM | 0025 | Follow-up on past due February payment and upcoming March payment. | .10 | 265.00 | 26.50 |
| 3/17/15 | JHB | 0025 | Review open payment issues; related emails with Attorney Nickless. | .20 | 395.00 | 79.00 |
| 3/17/15 | JEM | 0025 | Communications with Attorney Nickless regarding payments made and upcoming payment. | .10 | 265.00 | 26.50 |
| 3/23/15 | KMD | 0025 | Track receipt of additional settlement payment. | .10 | 195.00 | 19.50 |
| 3/26/15 | JHB | 0025 | Emails with Attorney Nickless regarding open payment issues. | .10 | 395.00 | 39.50 |
| 4/01/15 | JHB | 0025 | Review open payment issues, emails. | .10 | 395.00 | 39.50 |
| 4/02/15 | JHB | 0025 | Emails with Attorney Nickless regarding ongoing payment issues, DOT investigation. | .20 | 395.00 | 79.00 |
| 4/02/15 | KMD | 0025 | Confirm settlement payments received by trustee and amounts still owed by Avondale. | .20 | 195.00 | 39.00 |
| 4/06/15 | JEM | 0025 | Review status of settlement payments by Avondale and communications with Attorney Nickless regarding the same; strategy regarding options for handling the missing payments. | .20 | 265.00 | 53.00 |
| 4/09/15 | KMD | 0025 | Review status of payments; update control chart. | .10 | 195.00 | 19.50 |
| 4/10/15 | JHB | 0025 | Review payment, default issues. | .10 | 395.00 | 39.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/13/15 | JHB | 0025 | Review payment issues, related emails with Attorney Nickless. | .20 | 395.00 | 79.00 |
| 4/26/15 | JHB | 0025 | Review open payment, default issues, emails. | .10 | 395.00 | 39.50 |
| 5/13/15 | JHB | 0025 | Emails with Attorney Nickless regarding open payment issues. | .10 | 395.00 | 39.50 |
| 5/20/15 | JHB | 0025 | Further review of payment issues, dismissal requirements and next steps. | .20 | 395.00 | 79.00 |
| 5/21/15 | LAK | 0025 | Avondale - track wired settlement monies received (.2); review settlement agreement regarding dismissal information (.1). | .30 | 190.00 | 57.00 |
| 5/21/15 | JHB | 0025 | Review open payment issues, related release and dismissal conditions. | .20 | 395.00 | 79.00 |
| 5/28/15 | KMD | 0025 | Update litigation control sheet as to settlement payments. | .20 | 195.00 | 39.00 |
| 7/09/15 | JHB | 0025 | Review open engagement issues regarding collection. | .10 | 415.00 | 41.50 |
| 7/17/15 | JHB | 0025 | Emails with special counsel regarding engagement, recovery issues. | .10 | 415.00 | 41.50 |
| 7/20/15 | JHB | 0025 | Final review of special counsel engagement agreement, retention pleadings. | .20 | 415.00 | 83.00 |
| 11/17/15 | JHB | 0025 | Review open collection issues; related emails with special counsel. | .20 | 415.00 | 83.00 |
| | | | Sub-Total of Services: | 8.30 | | $ 2,324.00 |

0030 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/06/14 | KMD | 0030 | Attention to returned mail in connection with settlement pleadings; update database. | .20 | 195.00 | 39.00 |
| 11/12/14 | GBO | 0030 | Review multiple new docket entries in Xtra Air bankruptcy case. | .10 | 265.00 | 26.50 |
| 11/24/14 | KMD | 0030 | Calendar ahead regarding possible distribution from Xtra Air bankruptcy case. | .10 | 195.00 | 19.50 |
| 11/24/14 | GBO | 0030 | Review and assess Xtra Air's Motion to Extend Effective Date, update chart, track for follow up and prepare memorandum to Trustee regarding distribution timing. | .30 | 265.00 | 79.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                          December 11, 2018
Direct Air (Southern Sky Air & Tours,                                Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/08/14 | KMD | 0030 | Update preference tracking chart regarding receipt of distribution check. | .10 | 195.00 | 19.50 |
| 12/08/14 | GBO | 0030 | Review Xtra Air debtor's Notice of Effective Date (.1); attention to receipt of distribution check and follow up regarding same (.1); memorandum to Trustee regarding distribution (.1); update chart and attend to file wrap-up (.1). | .40 | 265.00 | 106.00 |
| 12/15/14 | KMD | 0030 | Review status of case and update litigation control sheet accordingly. | .10 | 195.00 | 19.50 |
| 3/23/15 | KMD | 0030 | Track receipt of additional distribution. | .10 | 195.00 | 19.50 |
| | | | Sub-Total of Services: | 1.40 | | $ 329.00 |

0031 Adversary Proceeding

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/17/14 | GBO | 0031 | Follow up regarding status of Stipulation approval. | .10 | 265.00 | 26.50 |
| 11/20/14 | KMD | 0031 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/24/14 | KMD | 0031 | Track order allowing stipulation of settlement; calendar ahead regarding dismissal of adversary proceeding. | .10 | 195.00 | 19.50 |
| 11/24/14 | GBO | 0031 | Review Court's Order approving Avfuel Stipulation (.1); attention to finalizing matter and closure of Adversary Proceeding (.3); email Atty. Hutchinson with Order Approving Stipulation (.1). | .50 | 265.00 | 132.50 |
| 12/05/14 | KMD | 0031 | Draft notice of dismissal; review and revise same and confirm service list. | .50 | 195.00 | 97.50 |
| 12/09/14 | GBO | 0031 | Review and revise Notice of Dismissal of Adversary Proceeding. | .20 | 265.00 | 53.00 |
| 12/10/14 | GBO | 0031 | Finalize and execute Notice of Voluntary Dismissal, with Certificate of Service. | .10 | 265.00 | 26.50 |
| 12/12/14 | KMD | 0031 | Finalize notice of dismissal for efiling/service. | .10 | 195.00 | 19.50 |
| 12/15/14 | KMD | 0031 | Review status of case and update litigation control sheet accordingly. | .20 | 195.00 | 39.00 |
| 12/17/14 | KMD | 0031 | Calendar ahead to track dismissal of adversary proceeding. | .10 | 195.00 | 19.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                  December 11, 2018
Direct Air (Southern Sky Air & Tours,                        Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/17/14 | GBO | 0031 | Follow up regarding Adversary Proceeding dismissal status. | .10 | 265.00 | 26.50 |
| 12/19/14 | KMD | 0031 | Telephone call to case administrator regarding status of closure of adversary proceeding. | .10 | 195.00 | 19.50 |
| 12/19/14 | GBO | 0031 | Review Court's docket entries dismissing Adversary Proceeding. | .10 | 265.00 | 26.50 |
| 1/28/15 | KMD | 0031 | Review Pacer docket as to status of settlement and adversary proceeding; update litigation control sheet accordingly. | .10 | 195.00 | 19.50 |
| | | | Sub-Total of Services: | 2.60 | | $ 584.00 |

9250 Asset Recovery

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/05/15 | JHB | 9250 | Review open recovery matters, update from special counsel. | .10 | 395.00 | 39.50 |
| 2/20/15 | JHB | 9250 | Continued attention to open recovery actions, assess next steps. | .30 | 395.00 | 118.50 |
| 3/16/15 | JHB | 9250 | Review distribution from TEM and status of future distributions. | .10 | 395.00 | 39.50 |
| 6/01/15 | JHB | 9250 | Review open litigation materials, revised chart. | .30 | 395.00 | 118.50 |
| 6/02/15 | KMD | 9250 | Update special counsel control chart. | .10 | 195.00 | 19.50 |
| 8/05/15 | JHB | 9250 | Review open litigation matters, related case closing strategies. | .20 | 415.00 | 83.00 |
| 1/13/16 | JHB | 9250 | Review remaining litigation matters, recovery prospects and strategies. | .30 | 415.00 | 124.50 |
| 1/29/16 | JHB | 9250 | Review open recovery matters, disposition strategies. | .30 | 415.00 | 124.50 |
| 3/14/16 | JHB | 9250 | Review outstanding recovery, payment issues and related inquiry from counsel. | .10 | 415.00 | 41.50 |
| 4/12/16 | JHB | 9250 | Review additional case materials, prospects for additional recoveries, devise strategies. | .20 | 415.00 | 83.00 |
| 4/25/16 | KMD | 9250 | Review outstanding issues of case. | .10 | 195.00 | 19.50 |
| 5/03/16 | JHB | 9250 | Review open recovery, payment issues, and related emails. | .10 | 415.00 | 41.50 |
| 5/11/16 | JHB | 9250 | Review open collection matters, TFR issues. | .10 | 415.00 | 41.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                                      December 11, 2018
Direct Air (Southern Sky Air & Tours,                                           Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/17/16 | JHB | 9250 | Review open recovery, payment issues, strategies to resolve, and related open issues for TFR. | .30 | 415.00 | 124.50 |
| 6/07/16 | JHB | 9250 | Review open collection, recovery issues, implications for TFR. | .20 | 415.00 | 83.00 |
| 6/09/16 | JHB | 9250 | Further review of open recovery matters, next steps. | .20 | 415.00 | 83.00 |
| 7/16/16 | JHB | 9250 | Further review of open recovery matters, next steps to completion. | .20 | 425.00 | 85.00 |
| 12/07/17 | JHB | 9250 | Review open collection matters, next steps and strategies to bring to closure. | .30 | 435.00 | 130.50 |
| 12/08/17 | JHB | 9250 | Continued attention to open collection matters, resolution; related case materials. | .30 | 435.00 | 130.50 |
| 12/15/17 | JHB | 9250 | Continued attention to open collection matters, next steps. | .20 | 435.00 | 87.00 |
| | | | Sub-Total of Services: | 4.00 | | $ 1,618.00 |

9255 Preference/Fraudulent Conveyance Claims

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/04/14 | KMD | 9255 | Track closure of adversary proceeding by Bankruptcy Court; update preference control sheet as to Miami Air. | .20 | 195.00 | 39.00 |
| 11/10/14 | GBO | 9255 | Consider next steps to monetize judgments. | .10 | 265.00 | 26.50 |
| 11/12/14 | JHB | 9255 | Review open preference matters, judgments. | .20 | 395.00 | 79.00 |
| 11/12/14 | GBO | 9255 | Review memorandum from Trustee regarding pending judgments. | .10 | 265.00 | 26.50 |
| 11/17/14 | KMD | 9255 | Review time line for filing stipulation of dismissal in connection with Stanley Marshall Ellison adversary proceeding resolved during MODL First Interim Fee Application Period. | .10 | 195.00 | 19.50 |
| 11/17/14 | GBO | 9255 | Review Court's notices regarding disposition of adversary proceeding. | .10 | 265.00 | 26.50 |
| 11/17/14 | GBO | 9255 | (Re: Hilton Garden Inn) Review status of judgment and next steps, including to research company status; prepare memorandum to Trustee regarding same. | .70 | 265.00 | 185.50 |
| 11/18/14 | GBO | 9255 | (Re: Hilton Garden Inn) Strategize regarding next steps for demand and collection. | .20 | 265.00 | 53.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/20/14 | KMD | 9255 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/20/14 | KMD | 9255 | Review pacer docket and update litigation control chart accordingly. | .30 | 195.00 | 58.50 |
| 11/20/14 | KMD | 9255 | Review pacer docket and update litigation control chart accordingly. | .10 | 195.00 | 19.50 |
| 11/20/14 | KMD | 9255 | Review pacer docket and update litigation control chart accordingly. | .10 | 195.00 | 19.50 |
| 11/24/14 | GBO | 9255 | Review litigation chart. | .10 | 265.00 | 26.50 |
| 12/01/14 | JHB | 9255 | Review open preference matters, next steps to resolve, pursue. | .30 | 395.00 | 118.50 |
| 12/17/14 | JEM | 9255 | Communications with Attorney Sheatsley regarding Trustee's release of the Ellisons and granting Ellisons access to IRS information regarding Direct Air's taxes in connection with adversary proceeding resolved during MODL First Interim Fee Application Period. | .30 | 265.00 | 79.50 |
| 12/22/14 | JHB | 9255 | Review status of recovery actions, next steps to bring to completion. | .40 | 395.00 | 158.00 |
| 12/24/14 | JEM | 9255 | Review Power of Attorney form proposed by Attorney Sheatsley; attend to execution by Trustee; communications with Attorney Sheatsley in connection with adversary proceeding resolved during MODL First Interim Fee Application Period. | .10 | 265.00 | 26.50 |
| 12/29/14 | GBO | 9255 | Follow up regarding status of preferences including Xtra Air payment on claim. | .10 | 265.00 | 26.50 |
| 1/20/15 | GBO | 9255 | Revise and update Preference Status Chart. | .20 | 265.00 | 53.00 |
| 1/21/15 | JHB | 9255 | Assess status of remaining avoidance matters and devise strategies for recovery, closure. | .30 | 395.00 | 118.50 |
| 1/21/15 | GBO | 9255 | Confer with Trustee about outstanding matters and steps to wrap-up each (.1); review and update/edit preference chart (.4). | .50 | 265.00 | 132.50 |
| 2/03/15 | JHB | 9255 | Assess open recovery matters, devise next steps to conclusion, related memos with litigation team. | .60 | 395.00 | 237.00 |
| 2/03/15 | GBO | 9255 | Review memorandum from Trustee about final outstanding litigation matters. | .10 | 265.00 | 26.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                      December 11, 2018
Direct Air (Southern Sky Air & Tours,                            Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 3/03/15 | JHB | 9255 | Review open recovery matters, updated litigation chart, strategies to bring to closure. | .30 | 395.00 | 118.50 |
| 3/12/15 | JHB | 9255 | Continued review of open recovery matters, collection issues and strategies regarding default judgments; review open special counsel issues, email with counsel regarding Progressive and Fairfield. | .60 | 395.00 | 237.00 |
| 4/17/15 | JHB | 9255 | Review open litigation matters, revised chart, next steps to recovery, closure. | .20 | 395.00 | 79.00 |
| 12/02/15 | GBO | 9255 | Review memorandum from Trustee about remaining litigation matters. | .10 | 280.00 | 28.00 |
| 6/10/16 | JHB | 9255 | Continued attention to recovery matters, special counsel emails (Progressive), default issues. | .20 | 415.00 | 83.00 |
| 12/18/17 | JHB | 9255 | Continued attention to open collection matters, supplemental Muckleroy fee materials, abandonment issues. | .30 | 435.00 | 130.50 |
| 1/02/18 | JHB | 9255 | Continued attention to open collection matters; closure (Warneck, Progressive, Arrow), steps to closure. | .20 | 435.00 | 87.00 |
| 1/29/18 | JHB | 9255 | Review open recovery matters, devise disposition strategies; related emails with Attorney Boyd. | .30 | 435.00 | 130.50 |
|  |  |  | Sub-Total of Services: | 7.70 |  | $ 2,508.00 |

**9260 Asset Disposition**

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/03/14 | GBO | 9260 | Review Sky King Trustee's Motion to Enlarge Time to File Avoidance Actions. | .10 | 265.00 | 26.50 |
| 1/20/15 | GBO | 9260 | Review current action in Sky King matter, including recent order extending deadline to file adversary proceedings, and update preference chart to reflect. | .20 | 265.00 | 53.00 |
| 1/21/15 | JHB | 9260 | Review open asset issues, devise grounds for abandonment. | .30 | 395.00 | 118.50 |
| 1/21/15 | GBO | 9260 | Strategize with Trustee about abandonment of claim and compile relevant materials necessary for preparation of Notice of Abandonment. | .20 | 265.00 | 53.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                             December 11, 2018
Direct Air (Southern Sky Air & Tours,                   Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 1/22/15 | GBO | 9260 | Draft Notice of Abandonment, including to review proof of claim filed in Sky King case and to consider timing of abandonment. | .50 | 265.00 | 132.50 |
| 1/23/15 | JHB | 9260 | Review additional asset issues, strategies for abandonment. | .20 | 395.00 | 79.00 |
| 1/23/15 | KMD | 9260 | Assist with claim information required for trustee's proposed abandonment of Sky King claims. | .20 | 195.00 | 39.00 |
| 1/23/15 | GBO | 9260 | Review multiple omnibus objections to claims filed by Sky King Trustee and confirm no impact on Direct Air Trustee. | .20 | 265.00 | 53.00 |
| 1/26/15 | GBO | 9260 | Review claims information and update draft Notice of Abandonment regarding same. | .20 | 265.00 | 53.00 |
| 1/28/15 | GBO | 9260 | Continue drafting Notice of Abandonment, including to review Sky King Disclosure Statement and Plan background in connection with same; prepare exhibits to Notice. | 1.20 | 265.00 | 318.00 |
| 1/29/15 | JHB | 9260 | Review, revise abandonment notice regarding claims v. Sky King. | .20 | 395.00 | 79.00 |
| 1/29/15 | KMD | 9260 | Draft motion to limit notice and certificate of service in connection with trustee's abandonment of claims vs. Sky King; review and revise same and confirm service list. | .50 | 195.00 | 97.50 |
| 1/29/15 | GBO | 9260 | Revise and finalize Notice of Abandonment for Trustee's review, including to augment same with information about Sky King's claim in Direct Air's bankruptcy case (.9); memoranda with Trustee regarding abandonment (.1); attention to prepare of Motion to Limit Notice and Certificate of Service (.1). | 1.10 | 265.00 | 291.50 |
| 1/30/15 | KMD | 9260 | (Sky King) Revisions to service list for notice of abandonment and revise service list and establish query for same. | .40 | 195.00 | 78.00 |
| 1/30/15 | GBO | 9260 | Review Rules and Local Rules regarding abandonment (.1) and update Notice to reflect (.1); attention to completion of service list (.1). | .30 | 265.00 | 79.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                                        December 11, 2018
Direct Air (Southern Sky Air & Tours,                                            Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/02/15 | GBO | 9260 | Review and revise Motion to Limit Notice (.2) and augment Certificate of Service to reflect Sky King Trustee and counsel information (.2); memorandum regarding same (.1). | .50 | 265.00 | 132.50 |
| 2/03/15 | GBO | 9260 | Finalize abandonment package for filing. | .10 | 265.00 | 26.50 |
| 2/04/15 | KMD | 9260 | Assist with efiling/service of notice of abandonment regarding claims against Sky King; confirm service list; track order allowing motion to limit notice. | .30 | 195.00 | 58.50 |
| 2/04/15 | GBO | 9260 | Follow up regarding abandonment and matter wrap up following expiration of 14 day objection period. | .10 | 265.00 | 26.50 |
| 2/17/15 | KMD | 9260 | Letter to Bankruptcy Court to request certificate of no objection (re: abandonment of claims vs. Sky King); review docket as to objections, if any. | .20 | 195.00 | 39.00 |
| 4/02/15 | KMD | 9260 | Review debtor's schedules as well as abandonments already filed by trustee in order to identify assets, if any, still to be abandoned; review and strategy regarding same with trustee. | 1.80 | 195.00 | 351.00 |
| 4/03/15 | JHB | 9260 | Review case materials, remaining assets, and devise disposition strategies. | .40 | 395.00 | 158.00 |
| 4/06/15 | KMD | 9260 | Review Schedule B and draft notice of abandonment regarding AIR, contingent claims, suspended DOT license and possible customer lists; draft motion to limit notice and certificate of service; review and revise all (x2); confirm service list. | 2.80 | 195.00 | 546.00 |
| 4/07/15 | JHB | 9260 | Review remaining assets, abandonment and disposition issues and strategies. | .40 | 395.00 | 158.00 |
| 4/08/15 | JHB | 9260 | Continued abandonment issues and revisions, review of case materials. | .30 | 395.00 | 118.50 |
| 4/09/15 | JHB | 9260 | Continue work on abandonment notice, related review of case materials and issues. | .60 | 395.00 | 237.00 |
| 4/15/15 | KMD | 9260 | Track deadline regarding notice of abandonment. | .10 | 195.00 | 19.50 |
| 5/04/15 | KMD | 9260 | Attention to returned mail in connection with abandonment notice. | .10 | 195.00 | 19.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 6/14/16 | GBO | 9260 | Review Sky King Trustee's Final Report and Accounting (.1); memorandum to Direct Air Trustee regarding Final Report and update preference chart to reflect same (.1). | .20 | 280.00 | 56.00 |
| 3/15/17 | GBO | 9260 | Review memoranda regarding disposition of stored records. | .10 | 290.00 | 29.00 |
| 3/20/17 | JEM | 9260 | Numerous communications with US Department of Justice counsel, Attorney Gurfein (Merrick Bank) and Attorney Hayworth (VNB) regarding objection to destroying original Direct Air documents; strategy regarding next steps. | .30 | 290.00 | 87.00 |
| 3/20/17 | GBO | 9260 | Review multiple memoranda regarding opposition to destruction of documents. | .20 | 290.00 | 58.00 |
| 3/21/17 | GBO | 9260 | Follow up regarding disposition of records. | .10 | 290.00 | 29.00 |
| 3/30/17 | JHB | 9260 | Review open litigation/recovery matters and related abandonment strategies (.3); related emails with contingency counsel (.2). | .50 | 425.00 | 212.50 |
| 4/02/17 | JHB | 9260 | Further review of open recovery matters, and related emails to Attorney Dees. | .20 | 425.00 | 85.00 |
| 4/06/17 | JHB | 9260 | Review additional open collection matters for candidacy for abandonment, and related emails with Attorney Boyd. | .20 | 425.00 | 85.00 |
| 4/07/17 | KMD | 9260 | Review/track outstanding issues to be included in proposed abandonment. | .30 | 200.00 | 60.00 |
| 4/21/17 | KMD | 9260 | Review matters to be included in Trustee's notice of abandonment; calendar ahead for 8/21/17 hearing on remaining matter. | .10 | 200.00 | 20.00 |
| 6/27/17 | JHB | 9260 | Continued emails with Attorney O'Neil, Mr. Jalbert regarding disposition of litigation materials, abandonment grounds. | .30 | 425.00 | 127.50 |
| 6/27/17 | KMD | 9260 | Review multiple electronic mails from trustee regarding possible motion to destroy records in storage with accountant; calendar ahead. | .20 | 200.00 | 40.00 |
| 6/27/17 | JEM | 9260 | Review objections to disposing of original Direct Air documents. | .10 | 290.00 | 29.00 |
| 6/29/17 | JHB | 9260 | Multiple emails with Attorney O'Neil, Mr. Jalbert regarding document disposition. | .30 | 425.00 | 127.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 6/29/17 | KMD | 9260 | Review electronic mails regarding strategy for transfer of Debtor's records currently stored by Trustee's accountant; calendar ahead to follow-up on transfer/abandonment of same. | .30 | 200.00 | 60.00 |
| 6/29/17 | JEM | 9260 | Communications with DOJ Attorney O'Neil regarding transfer of Direct Air documents to DOJ. | .20 | 290.00 | 58.00 |
| 7/04/17 | JHB | 9260 | Continued attention to document disposition, O'Neil emails. | .20 | 435.00 | 87.00 |
| 7/05/17 | JHB | 9260 | Continued emails with Attorney O'Neil, Mr. Jalbert regarding documents. | .20 | 435.00 | 87.00 |
| 7/18/17 | JHB | 9260 | Multiple emails with Mssrs. Jalbert, Mollo and Attorney O'Neil regarding document disposition (.6); devise abandonment, settlement strategies (.2). | .80 | 435.00 | 348.00 |
| 7/19/17 | JEM | 9260 | Strategy regarding abandonment motion, including timing and result of abandonment, and abandonment of online QuickBooks access. | .20 | 300.00 | 60.00 |
| 7/20/17 | JEM | 9260 | Plan for abandonment of Direct Air's physical records and QuickBooks online account; gather information regarding QuickBooks account and effect of abandoning access. | .50 | 300.00 | 150.00 |
| 7/21/17 | JHB | 9260 | Continued attention to document, Quick Books disposition, devise related abandonment, transition strategies (.6); related emails with Ms. Bley, litigation team (.3). | .90 | 435.00 | 391.50 |
| 7/21/17 | KMD | 9260 | Strategy regarding records to be included in notice of abandonment and begin drafting notice. | 2.30 | 205.00 | 471.50 |
| 7/21/17 | JEM | 9260 | Gather information regarding abandonment of QuickBooks online. | .30 | 300.00 | 90.00 |
| 7/24/17 | JHB | 9260 | Continued attention to file disposition issues, strategies and related emails. | .20 | 435.00 | 87.00 |
| 7/28/17 | JHB | 9260 | Review open issues, strategies regarding document/record disposition, and multiple emails with Attorney O'Neil, Mssrs. Jalbert and Mollo regarding same (.8); devise grounds and strategies for disposition of same (.3). | 1.10 | 435.00 | 478.50 |
| 7/28/17 | JEM | 9260 | Plan Motion for Abandonment of Direct Air documents and QuickBooks file. | .30 | 300.00 | 90.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 7/31/17 | JEM | 9260 | Review inventory of documents and drives subject to Motion to Abandon; review communications from V&L and DOJ regarding the same. | .10 | 300.00 | 30.00 |
| 8/01/17 | KMD | 9260 | Re-format abandonment of records/QuickBooks from a notice to a motion; review additional correspondence from counsel to Dept. of Justice and trustee regarding abandonment and revise motion accordingly; update and confirm service list regarding abandonment. | 3.20 | 205.00 | 656.00 |
| 8/02/17 | KMD | 9260 | Assist with revisions to abandonment motion. | .30 | 205.00 | 61.50 |
| 8/03/17 | KMD | 9260 | Review abandonment motion and review outstanding issues in case; confirm no additional records to include in abandonment; additional updates to service list. . | 1.30 | 205.00 | 266.50 |
| 8/04/17 | JHB | 9260 | Further review of, revisions to, records abandonment motion, and review related litigation materials, confer with litigation team. | .60 | 435.00 | 261.00 |
| 8/04/17 | KMD | 9260 | Review/revise service list; finalize abandonment motion for e-filing/service. | .50 | 205.00 | 102.50 |
| 8/04/17 | JEM | 9260 | Review documents and information part of Motion to Abandon; edit and further draft the Motion to Abandon; communications with the Trustee regarding the Motion. | 3.40 | 300.00 | 1,020.00 |
| 8/04/17 | JEM | 9260 | Assessment of claim related to Arrow and inclusion in the Motion to Abandon; edit Motion. | .40 | 300.00 | 120.00 |
| 8/07/17 | JHB | 9260 | Further revisions to document motion, related emails with VL. | .30 | 435.00 | 130.50 |
| 8/08/17 | JHB | 9260 | Emails with Attorney O'Neill, Mssrs. Jalbert, Mollo regarding disposition. | .30 | 435.00 | 130.50 |
| 8/08/17 | KMD | 9260 | Assist with outstanding issues in connection with abandonment motion. | .20 | 205.00 | 41.00 |
| 8/08/17 | JEM | 9260 | Attend to service of Motion to Abandon Debtor's Records. | .10 | 300.00 | 30.00 |
| 8/08/17 | JEM | 9260 | Review Direct Air records within the firm for inclusion of original Debtor documents being sought to be abandoned. | .20 | 300.00 | 60.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 8/08/17 | JEM | 9260 | Review Arrow action and need for Debtor's documents; call/email to local counsel regarding the same; update Trustee and plan edits to Motion to Abandon. | .70 | 300.00 | 210.00 |
| 8/08/17 | JEM | 9260 | Call from Attorney Renner regarding status of Arrow litigation and pending discovery for use in abandonment motion; draft language regarding Arrow action for abandonment motion. | .60 | 300.00 | 180.00 |
| 8/09/17 | JHB | 9260 | Continued emails with Attorney O'Neill, Mr. Jalbert regarding document, Quick books disposition and review related approval issues and strategies (.4); review open issues in Arrow and likely inclusion in abandonment motion, and related emails with Attorney Renner (.3). | .70 | 435.00 | 304.50 |
| 8/09/17 | KMD | 9260 | Track electronic mails from DOJ regarding status of efforts to take possession of records; track electronic mails from Attorney Renner regarding status of Arrow litigation. | .20 | 205.00 | 41.00 |
| 8/09/17 | JEM | 9260 | Communications with the Trustee regarding abandonment motion and Arrow settlement. | .10 | 300.00 | 30.00 |
| 8/11/17 | KMD | 9260 | Review file information regarding outstanding Arrow garnishment action to include in abandonment motion. | 1.50 | 205.00 | 307.50 |
| 8/14/17 | KMD | 9260 | Complete revisions to abandonment motion regarding Garnishment Action; final review of same; track several e-mails from special counsel and trustee regarding potential Arrow abandonment. | 1.70 | 205.00 | 348.50 |
| 8/17/17 | JHB | 9260 | Continued attention to asset abandonment issues and strategies regarding Arrow, records and work on drafting issues (.4); related emails with Attorney Renner (.2). | .60 | 435.00 | 261.00 |
| 8/18/17 | JEM | 9260 | Review section on abandonment of Arrow claims. | .30 | 300.00 | 90.00 |
| 8/22/17 | JHB | 9260 | Continued review of open abandonment, drafting, records issues. | .20 | 435.00 | 87.00 |
| 8/23/17 | KMD | 9260 | Assist with further revisions to abandonment motion. | .70 | 205.00 | 143.50 |
| 8/23/17 | JEM | 9260 | Edit and further draft Motion To Abandon regarding Arrow litigation. | .20 | 300.00 | 60.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 8/23/17 | JEM | 9260 | Review facts of the Arrow litigation and settlement, and reasons for abandoning it; edit and further draft Motion to Abandon in connection with abandonment of Arrow claims. | 2.10 | 300.00 | 630.00 |
| 8/24/17 | JHB | 9260 | Review and revisions to motion to abandon records and Arrow matter and review related case materials (1.1); related calls and emails with Mr. Jalbert, Attorney Renner (.3); related conference call and emails with Attorney O'Neil regarding QuickBooks, records transition (.4). | 1.80 | 435.00 | 783.00 |
| 8/24/17 | JHB | 9260 | Lengthy call with prospective buyer, counsel of remnant assets. | .30 | 435.00 | 130.50 |
| 8/24/17 | KMD | 9260 | Attention to revisions to abandonment motion and final review of same; attention to service list revisions and coordinate e-filing/service; forward docketed copy of motion to certain parties via electronic mail. | 2.70 | 205.00 | 553.50 |
| 8/24/17 | JEM | 9260 | Final edits to Motion to Abandon Interest in Arrow Settlement and Debtor's Records. | .10 | 300.00 | 30.00 |
| 8/24/17 | JEM | 9260 | Call from Attorney A. Handel of DOT/DOJ regarding Trustee's Motion to Abandon. | .20 | 300.00 | 60.00 |
| 8/25/17 | JHB | 9260 | Continued attention to abandonment, records, transition, and related emails with Attorney O'Neil. | .30 | 435.00 | 130.50 |
| 8/25/17 | KMD | 9260 | Confirm service of abandonment motion complete; finalize certificate of service for e-filing. | .30 | 205.00 | 61.50 |
| 8/28/17 | JHB | 9260 | Creditor inquiries regarding abandonment intent, implications (2x). | .30 | 435.00 | 130.50 |
| 8/28/17 | KMD | 9260 | Draft certificate of service regarding notice of hearing on abandonment motion; attend to electronic mail service; prepare file for hearing. | 1.00 | 205.00 | 205.00 |
| 8/28/17 | JEM | 9260 | Review hearing scheduled by Court on Notice to Abandon Arrow Settlement and Debtor's Records, and attend to preparation and service of Notice of Hearing. | .10 | 300.00 | 30.00 |
| 9/07/17 | JHB | 9260 | Review open issues for 9/21 abandonment hearing and related emails with Attorney O'Niell, VL folks. | .30 | 435.00 | 130.50 |
| 9/07/17 | KMD | 9260 | Review electronic mail from DOJ regarding status of abandonment; calendar ahead. | .10 | 205.00 | 20.50 |

MIRICK O'CONNELL

| Client Matter: 15008-14190 | | | | | | December 11, 2018 |
| --- | --- | --- | --- | --- | --- | --- |
| Direct Air (Southern Sky Air & Tours, | | | | | | Invoice 425881 |

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
| --- | --- | --- | --- | --- | --- | --- |
| 9/08/17 | KMD | 9260 | Review Debtor's schedules and Pacer docket as to assets and abandonment notices filed to determine additional assets, if any, for abandonment. | 1.50 | 205.00 | 307.50 |
| 9/18/17 | JHB | 9260 | Creditor, counsel inquiries regarding abandonment and review issues and strategies for 9/21/17 hearing. | .30 | 435.00 | 130.50 |
| 9/20/17 | JHB | 9260 | Review issues and strategies for 9/21/17 hearing. | .30 | 435.00 | 130.50 |
| 9/20/17 | KMD | 9260 | Track order allowing Trustee's motion to abandon estate's remaining interest in Arrow settlement and certain estate records. | .10 | 205.00 | 20.50 |
| 9/21/17 | JHB | 9260 | Review abandonment order and coordinate transition with Attorneys O'Neill, Jacobs and Mssrs. Jalbert, Mollo. | .60 | 435.00 | 261.00 |
| 9/21/17 | JHB | 9260 | Call, emails with counsel to prospective remnant buyer. | .30 | 435.00 | 130.50 |
| 9/21/17 | KMD | 9260 | Review status of order of abandonment regarding records/QuickBooks account. | .10 | 205.00 | 20.50 |
| 9/22/17 | JHB | 9260 | Multiple calls and emails with Attorney Jacobs to coordinate QuickBooks, records transition (.4) and effect same on QuickBooks website (.6). | 1.00 | 435.00 | 435.00 |
| 9/25/17 | JHB | 9260 | Multiple Jacobs emails regarding QB and records transition issues. | .20 | 435.00 | 87.00 |
| 9/26/17 | JHB | 9260 | Continue transition coordination with Attorney Jacob, Mr. Mollo. | .30 | 435.00 | 130.50 |
| 9/27/17 | JHB | 9260 | Continued coordination with Attorneys Jacobs, VL regarding record, QB transition. | .30 | 435.00 | 130.50 |
| 9/28/17 | JHB | 9260 | Conference call with Attorney Jacobs and team regarding QB and records transition (.3); follow up VL, Jacobs emails (.2). | .50 | 435.00 | 217.50 |
| 10/02/17 | JHB | 9260 | Continued Mallo, Jacobs emails regarding records abandonment, transition. | .20 | 435.00 | 87.00 |
| 10/04/17 | JHB | 9260 | Continued emails with Mr. Mallo, Attorney Jacobs regarding records transition. | .30 | 435.00 | 130.50 |
| 10/17/17 | JHB | 9260 | Attorney O'Neil call, emails regarding document disposition. | .20 | 435.00 | 87.00 |
| 10/18/17 | JHB | 9260 | Further emails, conference call with Attorney O'Neill regarding records disposition. | .30 | 435.00 | 130.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 10/19/17 | JHB | 9260 | Further O'Neill emails regarding records transition, damage. | .20 | 435.00 | 87.00 |
| 10/20/17 | JHB | 9260 | Review open asset issues, devise abandonment grounds. | .20 | 435.00 | 87.00 |
| 10/20/17 | KMD | 9260 | Review status of outstanding issues and determine assets to be abandoned. | .20 | 205.00 | 41.00 |
| 12/29/17 | KMD | 9260 | (Re: PFS) Review file information and draft Notice of Abandonment, Motion to Limit Notice and Certificate of Service; review/revise all (x3); determine service list. | 4.10 | 205.00 | 840.50 |
| 1/05/18 | KMD | 9260 | Review/finalize notice of abandonment (Re; Progressive Funding) for Trustee's review/signature. | .20 | 205.00 | 41.00 |
| 1/08/18 | KMD | 9260 | Review/finalize notice of abandonment, motion to limit notice and c/s prior to e-filing/service. | 1.00 | 205.00 | 205.00 |
| 1/09/18 | JHB | 9260 | Review, revise abandonment notice and motion to limit notice, and review final version of fee application. | .30 | 435.00 | 130.50 |
| 1/11/18 | KMD | 9260 | Track order allowing motion to limit notice in connection with notice of abandonment (Progressive Funding). | .10 | 205.00 | 20.50 |
| 2/01/18 | KMD | 9260 | (Fairfield Inn) Review correspondence from Attorney Boyd regarding status of recovery efforts; draft Notice of Abandonment regarding default judgment against Fairfield Inn and review/revise same; draft motion to limit notice and certificate of service and review/revise; confirm service list. | 3.20 | 205.00 | 656.00 |
| 2/01/18 | KMD | 9260 | Prepare letter to Bankruptcy Court requesting certificate of no objection in connection with notice of abandonment regarding Progressive Funding. | .10 | 205.00 | 20.50 |
| 2/05/18 | JHB | 9260 | (Fairfield Inn) Revise abandonment notice and review related retention, expense issues and materials. | .30 | 435.00 | 130.50 |
| 2/05/18 | JHB | 9260 | Attention to related abandonment, fee application issues. | .10 | 435.00 | 43.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2/05/18 | KMD | 9260 | Electronic mail to/from Attorney R. Boyd regarding status of Disbursement Advance in connection with abandonment of Fairfield Inn efforts; revisions to abandonment notice to incorporate status from Attorney Boyd. | .70 | 205.00 | 143.50 |
| 2/13/18 | KMD | 9260 | Review all outstanding issues to determine if any additional abandonments necessary. | .70 | 205.00 | 143.50 |
| 2/14/18 | KMD | 9260 | (PFS) Attention to transmittal of request for certificate of no objection to Bankruptcy Court. | .20 | 205.00 | 41.00 |
| 2/15/18 | JHB | 9260 | Review and revise abandonment notice (Fairfield) and related review of remaining collection matters. | .30 | 435.00 | 130.50 |
| 2/15/18 | KMD | 9260 | (Fairfield Inn) Finalize notice of abandonment, motion to limit notice and c/s. | .30 | 205.00 | 61.50 |
| 2/20/18 | JHB | 9260 | Further attention to remaining assets, disposition issues and strategies. | .20 | 435.00 | 87.00 |
| 2/22/18 | KMD | 9260 | (Re: PFS) Receipt of Certificate of No Objection from Bankruptcy Court and coordinate filing of same. | .20 | 205.00 | 41.00 |
| 3/14/18 | LAK | 9260 | (Fairfield Inn) Write check to bankruptcy court to retrieve certificate of no objection. | .10 | 205.00 | 20.50 |
| 3/21/18 | KMD | 9260 | (Fairfield Inn) Receipt of Clerk's Certificate of No Objections regarding abandonment and coordinate filing of same. | .10 | 205.00 | 20.50 |
| 6/18/18 | JHB | 9260 | Continued negotiations with counsel to remnant buyer, and related revisions to proposed sale pleadings, agreement. | .60 | 435.00 | 261.00 |
| 6/21/18 | JHB | 9260 | Continued negotiations with remnant buyer, counsel, determine deal not feasible. | .30 | 435.00 | 130.50 |
| | | | Sub-Total of Services: | 72.30 | | $ 20,633.50 |

9280 Case Administration

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 7/10/17 | KMD | 9280 | Draft withdrawal of appearance by G. O'Neil. | .10 | 205.00 | 20.50 |
| 7/14/17 | KMD | 9280 | Review/revise notice of withdrawal for G. O'Neil. | .20 | 205.00 | 41.00 |
| | | | Sub-Total of Services: | .30 | | $ 61.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190                                                December 11, 2018
Direct Air (Southern Sky Air & Tours,                                       Invoice 425881

9290 Claims Administration and Objections

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/03/14 | JHB | 9290 | Continued work on claim motion, review of distribution issues and new claimant materials, regarding distribution implications. | .80 | 395.00 | 316.00 |
| 11/04/14 | JHB | 9290 | Review additional claimant materials, responses and continue work on distribution motion, report. | .60 | 395.00 | 237.00 |
| 11/04/14 | KMD | 9290 | Review proposed revisions to distribution motion with trustee. | .20 | 195.00 | 39.00 |
| 11/06/14 | LAK | 9290 | Attend to stop payment on 3 checks from original distribution. | .10 | 190.00 | 19.00 |
| 11/06/14 | JHB | 9290 | Review additional claimant, distribution materials and issues, strategies to finalize claim motion. | .30 | 395.00 | 118.50 |
| 11/06/14 | KMD | 9290 | Electronic mail from/to M. Huff regarding status of additional distribution; discuss response with trustee. | .20 | 195.00 | 39.00 |
| 11/12/14 | KMD | 9290 | Attention to trustee's revisions to re-distribution motion; prepare motion to limit notice and certificate of service; review updated summary regarding outstanding distribution checks and revise motion accordingly; telephone calls to additional claimants to confirm current mailing addresses for service list; final review of motion and exhibits (x2). | 3.50 | 195.00 | 682.50 |
| 11/13/14 | JHB | 9290 | Continued revisions to claim distribution motion, related emails with claimants. | .30 | 395.00 | 118.50 |
| 11/13/14 | KMD | 9290 | Additional review of additional claims and reformat re-distribution motion to include additional claim; review re-distribution motion and confirm definitions and claim amounts/addresses for claims to be disallowed and those to receive distribution. | 3.80 | 195.00 | 741.00 |
| 11/14/14 | KMD | 9290 | Final revisions to re-distribution motion; review service list in connection with motion to limit notice to confirm service parties; finalize exhibits to motion. | 1.80 | 195.00 | 351.00 |
| 11/17/14 | LAK | 9290 | Determine redistribution of remaining funds to 4 new creditors. | .50 | 190.00 | 95.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/17/14 | JHB | 9290 | Continued work on claim motion, distribution chart, motion to limit notice, and review of underlying claim, distribution and notice issues and materials. | 1.60 | 395.00 | 632.00 |
| 11/17/14 | KMD | 9290 | Review revised proposed distribution to additional Charter participant claimants; final review of motion and exhibits prior to efiling/service. | 1.50 | 195.00 | 292.50 |
| 11/17/14 | KMD | 9290 | Attention to returned mail; on-line search for current addresses. | .30 | 195.00 | 58.50 |
| 11/18/14 | JHB | 9290 | Final review of and revisions to claim motion. | .30 | 395.00 | 118.50 |
| 11/18/14 | KMD | 9290 | Attention to preparation of re-distribution motion and exhibits for efiling/service. | .50 | 195.00 | 97.50 |
| 11/19/14 | KMD | 9290 | Assist with efiling/service of re-distribution motion; prepare file for anticipated hearing. | 1.00 | 195.00 | 195.00 |
| 11/20/14 | KMD | 9290 | Track order allowing motion to limit notice in connection with re-distribution motion. | .10 | 195.00 | 19.50 |
| 11/23/14 | JHB | 9290 | Claimant inquiries regarding claim motion, distributions, review stop payment issues, statements. | .20 | 395.00 | 79.00 |
| 12/02/14 | JHB | 9290 | Claimant inquiries regarding claim motion (2x) (.3); devise strategies to address (.1). | .40 | 395.00 | 158.00 |
| 12/02/14 | KMD | 9290 | Telephone call from L. Johnston regarding status of additional distribution; track response from Heather Daniel in connection with re-distribution motion. | .20 | 195.00 | 39.00 |
| 12/03/14 | JHB | 9290 | Continued claimant inquiries regarding priority, claim motion. | .30 | 395.00 | 118.50 |
| 12/03/14 | KMD | 9290 | Receipt/track order allowing redistribution motion; draft motion to amend order allowing redistribution motion in connection with distribution to Heather Daniel and amended redistribution, along with proposed order and certificate of service; review and revise all (x2). | 3.00 | 195.00 | 585.00 |
| 12/04/14 | LAK | 9290 | Prepare revised distribution to 4 claimants. | .20 | 190.00 | 38.00 |
| 12/04/14 | JHB | 9290 | Review claim order, devise grounds for amendment, related claimant emails. | .30 | 395.00 | 118.50 |
| 12/05/14 | JHB | 9290 | Review, revise motion to amend claim order (.3), related claimant emails (.1). | .40 | 395.00 | 158.00 |

MIRICK O'CONNELL

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                              Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/05/14 | KMD | 9290 | Finalize motion to amend order regarding redistribution motion for efiling/service; telephone call to Bankruptcy Court regarding linkage on pacer. | .50 | 195.00 | 97.50 |
| 12/08/14 | JHB | 9290 | Further claimant inquiries regarding priority, distributions, potential impact on claim motion. | .30 | 395.00 | 118.50 |
| 12/09/14 | KMD | 9290 | Receipt of order allowing motion to amend redistribution motion order; telephone call to case administrator to confirm form of order; update control sheet accordingly. | .20 | 195.00 | 39.00 |
| 12/10/14 | JHB | 9290 | Claimant emails (2x) (.3), review order and distribution issues (.3). | .60 | 395.00 | 237.00 |
| 12/11/14 | JHB | 9290 | Multiple claimant emails regarding case and claim issues and distribution status, asserted priority of PFC charges. | .40 | 395.00 | 158.00 |
| 12/12/14 | JHB | 9290 | Continued claimant inquiries regarding priority, distribution issues (2x). | .30 | 395.00 | 118.50 |
| 12/15/14 | JHB | 9290 | Claimant checks, inquiries, review related priority issues. | .30 | 395.00 | 118.50 |
| 12/17/14 | JHB | 9290 | Multiple claimant inquiries regarding distribution, priority issues (3x). | .40 | 395.00 | 158.00 |
| 12/19/14 | JHB | 9290 | Revise claimant letter (.2); claimant inquiries regarding distribution, priority issues (2x)(.3). | .50 | 395.00 | 197.50 |
| 12/19/14 | KMD | 9290 | Attention to transmittal of distribution checks to additional charter participants. | 1.20 | 195.00 | 234.00 |
| 12/23/14 | JHB | 9290 | Further claimant inquiries (2x), review distribution materials regarding payment, priority issues. | .30 | 395.00 | 118.50 |
| 12/29/14 | KMD | 9290 | Telephone call from Laureen at Liberty Travel regarding distribution check. | .10 | 195.00 | 19.50 |
| 1/06/15 | JHB | 9290 | Multiple claimant inquiries regarding priority, distribution issues. | .30 | 395.00 | 118.50 |
| 1/07/15 | KMD | 9290 | Telephone call from/to Laureen at Liberty Travel regarding distribution check; electronic mail from Paulette Kellog regarding update as to status of additional charter participant distribution. | .20 | 195.00 | 39.00 |
| 1/09/15 | JHB | 9290 | Claimant inquiries regarding case, claim, priority issues. | .20 | 395.00 | 79.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|------:|-----:|-------:|
| 1/12/15 | JHB | 9290 | Claimant inquiries (2x). | .30 | 395.00 | 118.50 |
| 1/13/15 | JHB | 9290 | Claimant inquiries (2x). | .30 | 395.00 | 118.50 |
| 1/15/15 | JHB | 9290 | Claimant inquiries regarding equipment return, priority and allowance issues (2x). | .20 | 395.00 | 79.00 |
| 1/15/15 | KMD | 9290 | Receipt of inquiry via electronic mail from charter participant (S. Goddu); respond to same via electronic mail. | .20 | 195.00 | 39.00 |
| 1/22/15 | JHB | 9290 | Jalbert, claimant emails regarding priority issues. | .20 | 395.00 | 79.00 |
| 1/26/15 | KMD | 9290 | Telephone call from charter participant regarding status of distribution. | .10 | 195.00 | 19.50 |
| 2/05/15 | JHB | 9290 | Review additional claim materials, respond to creditor inquiries (2x). | .20 | 395.00 | 79.00 |
| 2/06/15 | KMD | 9290 | Receipt/review of claim information from Paul Nicodemus via fax. | .10 | 195.00 | 19.50 |
| 2/18/15 | KMD | 9290 | Track inquiry from charter participant regarding status of distribution. | .10 | 195.00 | 19.50 |
| 2/24/15 | JHB | 9290 | Claimant inquiries regarding bar date, priority issues (2x). | .10 | 395.00 | 39.50 |
| 2/25/15 | JHB | 9290 | Respond to creditor inquiries regarding case, claim and priority issues. | .20 | 395.00 | 79.00 |
| 3/05/15 | JHB | 9290 | Review claimant materials and issues and related allowance, priority issues. | .20 | 395.00 | 79.00 |
| 4/07/15 | KMD | 9290 | Review datatables used in connection with prorata distribution to charter participants; draft correspondence to Attorney Atkinson at U.S. Department of Justice regarding datatables/consumer creditor lists; confirm updates to datatables forwarded to DOJ based on correspondence from consumer creditors. | 1.70 | 195.00 | 331.50 |
| 4/10/15 | KMD | 9290 | Forward service list spreadsheets to Attorney Atkinson at DOJ via electronic mail. | .10 | 195.00 | 19.50 |
| 12/16/15 | JHB | 9290 | Claimant inquiries regarding priority, distribution issues. | .20 | 415.00 | 83.00 |
| 12/16/15 | KMD | 9290 | Electronic mails from/to M. Huff and M. Durante regarding status of further distribution. | .20 | 195.00 | 39.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                                December 11, 2018
Direct Air (Southern Sky Air & Tours,                                     Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/02/16 | KMD | 9290 | Review emails from U.S. Department of Justice and trustee regarding claims filed by charter participants; begin search for claims asserted for alternative travel arrangements. | .60 | 195.00 | 117.00 |
| 3/11/16 | KMD | 9290 | Review various claims asserted by charter participants in connection with trustee's response to subpoena from Attorney Atkinson; draft transmittal letter to Attorney Atkinson enclosing same. | 2.80 | 195.00 | 546.00 |
| 3/14/16 | KMD | 9290 | Review claims to be provided in response to subpoena. | 1.80 | 195.00 | 351.00 |
| 3/16/16 | JHB | 9290 | Assess claim information for subpoena response. | .30 | 415.00 | 124.50 |
| 3/21/16 | JHB | 9290 | Review claims compiled for DOJ; related emails with Attorney Atkinson. | .70 | 415.00 | 290.50 |
| 3/27/16 | JHB | 9290 | Creditor inquiry regarding claim, priority, distribution issues. | .20 | 415.00 | 83.00 |
| 4/15/16 | KMD | 9290 | Electronic mail from/to M. Stager regarding status of possible additional distribution; review file information to confirm receipt of late claim from M. Stager. | .20 | 195.00 | 39.00 |
| 6/14/16 | KMD | 9290 | Track status of claim asserted by Trustee in Sky King bankruptcy case. | .10 | 195.00 | 19.50 |
| 8/18/16 | JHB | 9290 | Creditor inquiries regarding offsets, priority, distribution issues; related call from Attorney Mason. | .20 | 425.00 | 85.00 |
| 11/29/16 | KMD | 9290 | Respond to electronic mail from M. Huff (creditor) as to current status of case. | .10 | 200.00 | 20.00 |
| 12/06/16 | KMD | 9290 | Attention to service list update. | .10 | 200.00 | 20.00 |
| 7/10/17 | JHB | 9290 | Creditor inquiries regarding claim allowance, priority issues (2x). | .20 | 435.00 | 87.00 |
| 2/12/18 | LAK | 9290 | Add special counsel allowed claims regarding fee/expense and attend to payment of same. | .20 | 205.00 | 41.00 |
| 4/10/18 | KMD | 9290 | Review/organize claim records. | 1.20 | 205.00 | 246.00 |
| 4/20/18 | KMD | 9290 | Draft chapter 7 administrative bar date motion and determine/update service list. | 2.30 | 205.00 | 471.50 |
| 4/23/18 | JHB | 9290 | Review open claim issues, related bar dates and grounds for further deadline motion. | .30 | 435.00 | 130.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/26/18 | JHB | 9290 | Revise administrative claim bar date motion and review related notice issues, and review and finalize revised motion. | .60 | 435.00 | 261.00 |
| 4/26/18 | KMD | 9290 | Attention to additional revisions to administrative bar date motion. | .30 | 205.00 | 61.50 |
| 4/27/18 | JHB | 9290 | Reier emails regarding VNB action, bar date and distribution issues. | .30 | 435.00 | 130.50 |
| 4/30/18 | KMD | 9290 | Attention to service of Ch. 7 administrative bar date order; calendar ahead; prepare certificate of service and confirm service list. | .50 | 205.00 | 102.50 |
| 5/22/18 | KMD | 9290 | Review returned mail in connection with bar date motion and notice and attention to service list updates. | .50 | 205.00 | 102.50 |
| 5/29/18 | JHB | 9290 | Review recent claim filings, priority issues, distribution implications. | .30 | 435.00 | 130.50 |
| 5/30/18 | KMD | 9290 | Review proof of claim filed by Clinton County Treasurer (Plattsburgh, NY) and strategy regarding same with trustee. | .10 | 205.00 | 20.50 |
| 6/26/18 | KMD | 9290 | Attention to request for service list updates. | .10 | 205.00 | 20.50 |
| 6/26/18 | KMD | 9290 | Review Pacer and claims register as to Chapter 7 admin claims. | .30 | 205.00 | 61.50 |
| 6/29/18 | JHB | 9290 | Review administrative claim filings, related priority issues, devise response strategies. | .30 | 435.00 | 130.50 |
| | | | Sub-Total of Services: | 47.20 | | $ 12,250.00 |

9310 Employment Applications

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/04/15 | KMD | 9310 | (Re: PFS) draft application for authority to employ collections counsel, including affidavit and declaration. | 1.00 | 195.00 | 195.00 |
| 2/06/15 | KMD | 9310 | (Re: PFS) Review and revise collections counsel retention application. | .90 | 195.00 | 175.50 |
| 2/11/15 | KMD | 9310 | (Re: PFS) Review collections counsel retention application and proposed engagement letter. | .30 | 195.00 | 58.50 |
| 2/17/15 | KMD | 9310 | (Re: PFS) Revisions to collection counsel retention application (x2) and review same. | 1.10 | 195.00 | 214.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190                                    December 11, 2018
Direct Air (Southern Sky Air & Tours,                         Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/19/15 | JHB | 9310 | (Re: PFS) Review, revise draft contingency pleadings and review collection issues and strategies. | .40 | 395.00 | 158.00 |
| 2/24/15 | KMD | 9310 | Electronic mail to Attorney Leininger to follow-up on status of retention pleadings. | .10 | 195.00 | 19.50 |
| 3/02/15 | KMD | 9310 | Electronic mail from J. Leininger regarding status of retention documents; calendar ahead for receipt of same. | .10 | 195.00 | 19.50 |
| 3/12/15 | KMD | 9310 | Review status of special counsel retention; response from Attorney Leininger. | .10 | 195.00 | 19.50 |
| 4/16/15 | KMD | 9310 | (Fairfield Inn) Draft special counsel retention application (Reese Boyd); motion to limit notice and certificate of service; review and revise (x2); confirm service list/query. | 2.80 | 195.00 | 546.00 |
| 4/27/15 | KMD | 9310 | (Fairfield Inn) Receipt of retainer agreement from Attorney Boyd; revise special counsel retention application accordingly; review entire retention package. | .50 | 195.00 | 97.50 |
| 4/28/15 | JHB | 9310 | Begin revisions to Boyd retention pleadings, make substantial revisions to proposed engagement agreement. | .90 | 395.00 | 355.50 |
| 5/01/15 | KMD | 9310 | (Fairfield Inn) Review trustee's proposed revisions to special counsel engagement letter; forward same to R. Boyd via electronic mail for review/signature. | .30 | 195.00 | 58.50 |
| 5/04/15 | KMD | 9310 | (Fairfield Inn) Receipt of revised/final engagement letter from special counsel; revise special counsel retention application, motion to limit, certificate of service and service list; review revisions (x3); review code section regarding trustee's employment of special counsel. | 3.00 | 195.00 | 585.00 |
| 5/06/15 | JHB | 9310 | (Fairfield Inn) Further revisions to special counsel retention pleadings, related Attorney Boyd emails. | .30 | 395.00 | 118.50 |
| 5/06/15 | KMD | 9310 | Forward draft retention application to Attorney Boyd for review and revisions via electronic mail. | .20 | 195.00 | 39.00 |
| 5/11/15 | KMD | 9310 | Electronic mail to Attorney Boyd to follow up on proposed retention agreement. | .10 | 195.00 | 19.50 |
| 5/21/15 | JHB | 9310 | Final review of Boyd retention materials, revised engagement agreement. | .20 | 395.00 | 79.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190  
Direct Air (Southern Sky Air & Tours,

December 11, 2018  
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 5/21/15 | KMD | 9310 | Receipt/review of signed affidavit, declaration and fee agreement from proposed special counsel; final review of retention application, motion to limit notice and certificate of service prior to efiling and service. | .80 | 195.00 | 156.00 |
| 5/26/15 | KMD | 9310 | Track order allowing motion to limit notice regarding special counsel employment application. | .10 | 195.00 | 19.50 |
| 5/26/15 | KMD | 9310 | Telephone call from Cindy Caccice regarding receipt of copy of retention application. | .10 | 195.00 | 19.50 |
| 6/05/15 | KMD | 9310 | Track order allowing retention application; forward copy of order to Attorney Boyd via electronic mail. | .20 | 195.00 | 39.00 |
| 6/26/15 | KMD | 9310 | (Re: PFS) Draft special counsel retention pleadings (.5); review and revise all and confirm service list (1.0). | 1.50 | 195.00 | 292.50 |
| 6/29/15 | GBO | 9310 | (Re: PFS) Attention to Special Counsel retention pleadings. | .10 | 265.00 | 26.50 |
| 7/09/15 | KMD | 9310 | (Re: PFS) Attention to revisions to special counsel retention application; forward to Attorney Muckleroy via email for review and signature. | .50 | 195.00 | 97.50 |
| 7/09/15 | GBO | 9310 | (Re: PFS) Review and revise Special Counsel retention package, including to investigate service issues related to Judgment. | .40 | 280.00 | 112.00 |
| 7/20/15 | KMD | 9310 | (Re: PFS) Receipt/review of signed affidavit and declaration from Attorney Muckleroy; finalize retention application for efiling/service; update control chart accordingly; forward as-filed copies to Attorney Muckleroy via email. | .50 | 195.00 | 97.50 |
| 8/04/15 | KMD | 9310 | (Re: PFS) Forward copy of order allowing retention application to Attorney Muckleroy via electronic mail; update control charts accordingly. | .10 | 195.00 | 19.50 |
| 8/04/15 | GBO | 9310 | (Re: PFS) Review Order approving Special Counsel retention; memoranda regarding same. | .10 | 280.00 | 28.00 |
|  |  |  | Sub-Total of Services: | 16.70 |  | $ 3,666.00 |

**9311 Fee Applications**

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/03/14 | JHB | 9311 | Further revisions to fee app. narratives. | .60 | 395.00 | 237.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190                                                December 11, 2018
Direct Air (Southern Sky Air & Tours,                                     Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/04/14 | JHB | 9311 | Continued revisions to fee application materials. | .80 | 395.00 | 316.00 |
| 11/04/14 | KMD | 9311 | Review proposed revisions to MODL fee application with trustee. | .30 | 195.00 | 58.50 |
| 11/05/14 | JHB | 9311 | Continue revisions to interim fee narratives. | .60 | 395.00 | 237.00 |
| 11/06/14 | JHB | 9311 | Continued revisions, issues and materials review regarding first interim fee application. | .30 | 395.00 | 118.50 |
| 11/06/14 | KMD | 9311 | Review trustee's revisions to fee application narratives; confirm certain dates and amounts included in narrative revisions; implement suggested revisions. | 2.50 | 195.00 | 487.50 |
| 11/07/14 | KMD | 9311 | Finalize trustee's revisions to narratives and supplements as suggested by trustee. | 5.20 | 195.00 | 1,014.00 |
| 11/08/14 | JHB | 9311 | Continued work on first interim fee application. | .40 | 395.00 | 158.00 |
| 11/10/14 | JHB | 9311 | Continue work on fee application narratives. | .30 | 395.00 | 118.50 |
| 11/10/14 | KMD | 9311 | Revisions to MODL 1st Interim Fee Application and review same. | 5.00 | 195.00 | 975.00 |
| 11/11/14 | KMD | 9311 | Finalize MODL first interim fee application for trustee's review; electronic mail to accountant to request estimate of tax liability; review current balance, outstanding checks and stop orders for same; review Form 1. | 5.00 | 195.00 | 975.00 |
| 11/12/14 | KMD | 9311 | Re-format motion to limit notice and certificate of service to two separate motions and certificates of service for interim fee applications and redistribution motion; review manual notice list via pacer and create separate queries for both certificates of service; review and revise all. | 1.60 | 195.00 | 312.00 |
| 11/13/14 | JHB | 9311 | Continue review of and revisions to fee application materials, and address related notice issues, motion. | 1.30 | 395.00 | 513.50 |
| 11/13/14 | KMD | 9311 | Review additional revisions to MODL fee application, narratives and exhibits (x2). | 2.00 | 195.00 | 390.00 |
| 11/14/14 | JHB | 9311 | Continued work on fee application (.4); emails with Mr. Jalbert regarding reserve, tax issue (.3). | .70 | 395.00 | 276.50 |
| 11/14/14 | KMD | 9311 | Attention to additional revisions by trustee to fee application, narratives and exhibit/summary chart of funds held by estate and anticipated disbursements. | 4.50 | 195.00 | 877.50 |

# MIRICK O'CONNELL

Client Matter: 15008-14190                                       December 11, 2018
Direct Air (Southern Sky Air & Tours,                              Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/16/14 | JHB | 9311 | Continue revisions to fee application, narratives, review background materials. | 2.10 | 395.00 | 829.50 |
| 11/17/14 | JHB | 9311 | Continued work on fee applications. | .60 | 395.00 | 237.00 |
| 11/17/14 | KMD | 9311 | Review trustee's revisions to MODL narratives and fee application (x2); final review of fee application and exhibits prior to efiling/service. | 2.30 | 195.00 | 448.50 |
| 11/18/14 | JHB | 9311 | Final review of and revisions to fee application. | .90 | 395.00 | 355.50 |
| 11/18/14 | KMD | 9311 | Attention to preparation of fee application and exhibits for efiling/service. | .50 | 195.00 | 97.50 |
| 11/19/14 | JHB | 9311 | Continued review of fee materials (.3), related call from Court clerk regarding scheduling issues (.1). | .40 | 395.00 | 158.00 |
| 11/19/14 | KMD | 9311 | Assist with efiling/service of MODL 1st interim fee application; prepare file for anticipated hearing. | 1.50 | 195.00 | 292.50 |
| 11/19/14 | GBO | 9311 | Review Fee Application generally, including select narratives. | .40 | 265.00 | 106.00 |
| 11/20/14 | KMD | 9311 | Receipt of hearing notices (re: MODL and accountant interim fee applications); prepare certificate of service regarding same and confirm service list; calendar ahead as to response deadline and hearing; track order allowing motion to limit notice; forward copy of hearing notice to accountant via electronic mail. | .80 | 195.00 | 156.00 |
| 12/02/14 | JHB | 9311 | Revise fee materials. | .20 | 395.00 | 79.00 |
| 12/30/14 | KMD | 9311 | Review Pacer docket as to objections/responses, if any, filed to first interim fee applications and report to trustee. | .10 | 195.00 | 19.50 |
| 1/05/15 | JHB | 9311 | Review issues and materials for 1/15 fee hearing. | .20 | 395.00 | 79.00 |
| 1/05/15 | KMD | 9311 | Attention to file in anticipation of hearing on MODL and accountant fee applications. | .10 | 195.00 | 19.50 |
| 1/05/15 | JEM | 9311 | Phone call from Court regarding Trustee's Fee Application. | .10 | 265.00 | 26.50 |
| 1/06/15 | JHB | 9311 | Review TFR status and progress, revise fee materials. | .20 | 395.00 | 79.00 |
| 1/14/15 | JHB | 9311 | Preparation for 1/15 fee hearing. | .40 | 395.00 | 158.00 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 1/15/15 | JHB | 9311 | Substantial preparation for (1.4), and participation in (.7), interim fee application hearing, related emails and conferences with Mssrs. Jalbert, Bailey (.3) | 2.40 | 395.00 | 948.00 |
| 1/15/15 | KMD | 9311 | Track orders allowing MODL and accountant interim fee applications. | .10 | 195.00 | 19.50 |
| 1/15/15 | GBO | 9311 | Follow up regarding hearing on fee applications. | .10 | 265.00 | 26.50 |
| 1/16/15 | JHB | 9311 | Review open issues regarding interim fee apps, allowance orders. | .20 | 395.00 | 79.00 |
| 2/04/15 | JHB | 9311 | Review, revise fee materials. | .20 | 395.00 | 79.00 |
| 3/04/15 | JHB | 9311 | Revise fee materials. | .10 | 395.00 | 39.50 |
| 4/03/15 | JHB | 9311 | Review, revise fee materials. | .20 | 395.00 | 79.00 |
| 5/06/15 | JHB | 9311 | Revise fee materials, review related case issues. | .10 | 395.00 | 39.50 |
| 6/04/15 | JHB | 9311 | Review, revise fee materials and review open TFR issues. | .20 | 395.00 | 79.00 |
| 7/09/15 | JHB | 9311 | Revise fee materials, review open asset, TFR issues. | .10 | 415.00 | 41.50 |
| 8/06/15 | JHB | 9311 | Revise fee materials, review related case issues. | .10 | 415.00 | 41.50 |
| 9/03/15 | JHB | 9311 | Review case issues, revise fee materials. | .10 | 415.00 | 41.50 |
| 10/05/15 | JHB | 9311 | Review open case issues, next steps to TFR, revise fee materials. | .10 | 415.00 | 41.50 |
| 12/02/15 | JHB | 9311 | Review, revise fee materials, assess related asset, TFR issues. | .10 | 415.00 | 41.50 |
| 1/05/16 | JHB | 9311 | Review and revise fee materials, review related asset, case status. | .10 | 415.00 | 41.50 |
| 2/04/16 | JHB | 9311 | Revise fee materials, review open case, TFR issues. | .10 | 415.00 | 41.50 |
| 3/04/16 | JHB | 9311 | Review and revise fee materials, review next steps to TFR, case closure. | .10 | 415.00 | 41.50 |
| 4/05/16 | JHB | 9311 | Revise fee materials, review open case, TFR issues. | .10 | 415.00 | 41.50 |
| 5/05/16 | JHB | 9311 | Review, revise fee materials; assess open sale, recovery issues and related TFR status. | .10 | 415.00 | 41.50 |
| 6/03/16 | JHB | 9311 | Review and revise fee materials, and related review of case issues, next steps to closure. | .10 | 415.00 | 41.50 |
| 7/11/16 | JHB | 9311 | Revise fee materials, review open issues regarding case completion. | .10 | 425.00 | 42.50 |

MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 8/05/16 | JHB | 9311 | Revise fee materials, review open case, asset issues. | .10 | 425.00 | 42.50 |
| 9/01/16 | JHB | 9311 | Review open issues, drafting strategies for interim fee application. | .20 | 425.00 | 85.00 |
| 10/04/17 | JHB | 9311 | Review fee materials and review related administrative claim issues. | .10 | 435.00 | 43.50 |
| 4/04/18 | JHB | 9311 | Review and revise fee materials, review related case issues. | .10 | 435.00 | 43.50 |
| 4/23/18 | JHB | 9311 | Review fee application issues, materials. | .30 | 435.00 | 130.50 |
| 4/25/18 | KMD | 9311 | Compile information for review of time entries and preparation of narratives for final MODL fee application; begin time entry review. | 2.40 | 205.00 | 492.00 |
| 6/05/18 | JHB | 9311 | Review, revise fee materials and review underlying case, distribution issues. | .10 | 435.00 | 43.50 |
| 6/29/18 | KMD | 9311 | Continue time entry review/draft narratives for MODL fee application. | 3.00 | 205.00 | 615.00 |
| 9/10/18 | KMD | 9311 | Review strategy for proposed distribution in connection with TFR. | .20 | 215.00 | 43.00 |
| 9/11/18 | JHB | 9311 | Review open fee application issues, next steps. | .20 | 455.00 | 91.00 |
| 9/11/18 | KMD | 9311 | Review prior Court-approved motion in connection with possible additional distribution to certain Charter Participant claims and strategy regarding same. | 1.00 | 215.00 | 215.00 |
| 10/16/18 | KMD | 9311 | Continue preparation of final MODL fee application and task code review/narratives. | 2.50 | 215.00 | 537.50 |
| 11/12/18 | KMD | 9311 | Continue MODL fee application. | 2.00 | 215.00 | 430.00 |
| 11/13/18 | KMD | 9311 | Continue MODL Fee Application, time entry review, narratives. | 2.50 | 215.00 | 537.50 |
| 11/14/18 | KMD | 9311 | Continue MODL fee application. | 5.00 | 215.00 | 1,075.00 |
| 11/15/18 | KMD | 9311 | Continue MODL fee application, time entry review, narratives. | 3.00 | 215.00 | 645.00 |
| 11/20/18 | KMD | 9311 | Preparation of MODL fee application/time entry review/narratives. | 2.40 | 215.00 | 516.00 |
| 11/21/18 | KMD | 9311 | Continue MODL fee application, time entry review, narratives. | 3.00 | 215.00 | 645.00 |

# MIRICK O'CONNELL

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/27/18 | KMD | 9311 | Continue MODL fee application/time entry review/narratives. | 3.50 | 215.00 | 752.50 |
| 11/29/18 | KMD | 9311 | Continue MODL fee application. | 4.50 | 215.00 | 967.50 |
| 11/30/18 | KMD | 9311 | Continue MODL fee application. | 4.50 | 215.00 | 967.50 |
| 12/03/18 | KMD | 9311 | Continue MODL fee application. | 5.00 | 215.00 | 1,075.00 |
| 12/04/18 | KMD | 9311 | Continue MODL fee application. | 6.00 | 215.00 | 1,290.00 |
| 12/05/18 | KMD | 9311 | Continue MODL fee application; review Forms 1 and 2 to ensure all recoveries accounted for in fee applications. | 6.50 | 215.00 | 1,397.50 |
| 12/06/18 | KMD | 9311 | Complete time entry review and review/revise MODL fee application and narratives. | 4.50 | 215.00 | 967.50 |
| 12/06/18 | KMD | 9311 | Complete reconciliation of all recoveries during case; continue review/revise narratives. | 1.50 | 215.00 | 322.50 |
| | | | Sub-Total of Services: | 110.80 | | $ 26,064.00 |

9320 Fee/Employment Objections

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 11/18/14 | JHB | 9320 | Review revised VLPC fee application, related emails with Mr. Jalbert. | .20 | 395.00 | 79.00 |
| 11/19/14 | KMD | 9320 | Receipt and review of accountant's amended fee application; finalize for efiling/service. | .30 | 195.00 | 58.50 |
| 12/30/14 | JHB | 9320 | Review open special counsel, fee issues. | .10 | 395.00 | 39.50 |
| 1/22/15 | LAK | 9320 | Letter to Verdolino & Lowey enclosing payment of interim fee applications. | .10 | 190.00 | 19.00 |
| 1/12/16 | KMD | 9320 | Review special counsel fee application and electronic mail to Attorney Muckleroy regarding revision. | .20 | 195.00 | 39.00 |
| 1/19/16 | KMD | 9320 | Review revised special counsel fee application of George Muckleroy; draft proposed order for same; forward copy of final draft to Attorney Muckleroy via electronic mail. | .50 | 195.00 | 97.50 |
| 12/15/17 | KMD | 9320 | Review final fee application received from Attorney Muckleroy (special counsel); memo to Attorney Muckleroy to request revisions to same. | .70 | 205.00 | 143.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 12/27/17 | KMD | 9320 | Receipt/review of revised fee application and additional attachment to fee application from Attorney Muckleroy in connection with PFS recovery. | .40 | 205.00 | 82.00 |
| 1/03/18 | KMD | 9320 | Revisions to special counsel's fee application and proposed order (Muckleroy/PFS) to incorporate language regarding amended fee application based on actual amount recovered. | .50 | 205.00 | 102.50 |
| 1/05/18 | JHB | 9320 | Review revised Muckleroy fee application. | .10 | 435.00 | 43.50 |
| 1/05/18 | KMD | 9320 | Review proposed revisions to special counsel amended fee application (Muckleroy/PFS); memo to special counsel regarding same and forward to special counsel via electronic mail; receipt/review of revised fee application from special counsel; review/finalize amended fee application, motion to limit and certificate of service for trustee's review/signature. | 1.20 | 205.00 | 246.00 |
| 2/05/18 | KMD | 9320 | Track entry of order allowing special counsel's fee application (Attorney Muckleroy/Progressive Funding); forward copy of order to special counsel via electronic mail. | .10 | 205.00 | 20.50 |
| 9/05/18 | KMD | 9320 | Review Second & Final Fee Application of Trustee's accountant; e-mail to accountant to request revisions to same. | .20 | 215.00 | 43.00 |
| 9/10/18 | JHB | 9320 | Review VL fee application, distribution implications. | .30 | 455.00 | 136.50 |
| 9/11/18 | JHB | 9320 | Further review of VL fee materials, distribution issues. | .20 | 455.00 | 91.00 |
| | | | Sub-Total of Services: | 5.10 | | $ 1,241.00 |

9440 Tax Issues

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 2/24/15 | JHB | 9440 | Review open return issues. | .20 | 395.00 | 79.00 |
| 1/21/16 | JHB | 9440 | Review open tax issues; related emails with Ms. Reid. | .20 | 415.00 | 83.00 |
| 2/12/16 | KMD | 9440 | Letter to Verdolino & Lowey enclosing signed 505(b) letter and tax returns. | .10 | 195.00 | 19.50 |

77

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

| Date | Tkpr | Task | Description | Hours | Rate | Amount |
|------|------|------|-------------|-------|------|--------|
| 4/09/16 | JHB | 9440 | Attention to open tax return issues, and related emails with Ms. Morris, Mr. Jalbert. | .20 | 415.00 | 83.00 |
| 4/11/16 | KMD | 9440 | Confirm status of accountant retention and electronic mail to Verdolino & Lowey regarding same in connection with outstanding tax returns, if any. | .10 | 195.00 | 19.50 |
| 5/09/16 | JHB | 9440 | Review tax notice, implications, steps to address. | .20 | 415.00 | 83.00 |
| 5/17/16 | JHB | 9440 | Attention to estate tax issues, and related Jalbert emails. | .20 | 415.00 | 83.00 |
| 2/15/17 | JHB | 9440 | Review tax materials and issues, related VL emails. | .30 | 425.00 | 127.50 |
| 3/08/17 | GBO | 9440 | Follow up regarding QuickBooks. | .10 | 290.00 | 29.00 |
| 7/14/17 | JHB | 9440 | Review open tax issues, estate implications, and related CPA emails. | .20 | 435.00 | 87.00 |
| 8/29/17 | JHB | 9440 | Review open tax issues, resolution strategies. | .20 | 435.00 | 87.00 |
| 9/17/17 | JHB | 9440 | Continued attention to estate tax issues and strategies to address. | .20 | 435.00 | 87.00 |
| 10/16/17 | JHB | 9440 | Call, emails with Mr. Torbert, VL regarding LLC returns, issues, and review related case materials. | .40 | 435.00 | 174.00 |
| 11/06/17 | JHB | 9440 | Multiple Torbert, Medeiros, Jalbert emails regarding tax issues and strategies to address. | .30 | 435.00 | 130.50 |
| 11/15/17 | JHB | 9440 | Further emails with Mr. Torbert, Ms. Medeiros regarding tax issues. | .30 | 435.00 | 130.50 |
| 11/15/17 | KMD | 9440 | Review electronic mails from accountant, H. Torbert regarding issuance of K-1s. | .20 | 205.00 | 41.00 |
| 11/16/17 | JHB | 9440 | Continued emails with Ms. Medeiros, Mr. Torbert regarding tax, pass through issues. | .30 | 435.00 | 130.50 |
| 2/26/18 | KMD | 9440 | Attention to transmittal of signed estate tax returns to accountant. | .20 | 205.00 | 41.00 |
| 5/22/18 | KMD | 9440 | Attention to request for preparation of final estate tax returns, enclosures for same, confirm no outstanding filing fees, calculation of commission (est). | 1.50 | 205.00 | 307.50 |
| 6/22/18 | KMD | 9440 | Review/confirm status of taxes. | .30 | 205.00 | 61.50 |
| 8/03/18 | KMD | 9440 | Electronic mail from/to Trustee's accountant regarding status of final estate tax returns. | .10 | 215.00 | 21.50 |
| | | | Sub-Total of Services: | 5.80 | | $ 1,905.50 |

**MIRICK O'CONNELL**

Client Matter: 15008-14190
Direct Air (Southern Sky Air & Tours,

December 11, 2018
Invoice 425881

## TOTAL SERVICES

$ 137,276.00

### SUMMARY OF SERVICES

| Name | Staff Level | Hours | Rate | Total |
|------|------------|-------|------|-------|
| John O. Mirick | PARTNER | 1.00 | 410.00 | 410.00 |
| Joseph H. Baldiga | PARTNER | 69.10 | 395.00 | 27,294.50 |
| Joseph H. Baldiga | PARTNER | 13.50 | 415.00 | 5,602.50 |
| Joseph H. Baldiga | PARTNER | 9.80 | 425.00 | 4,165.00 |
| Joseph H. Baldiga | PARTNER | 41.80 | 435.00 | 18,183.00 |
| Joseph H. Baldiga | PARTNER | 4.00 | 455.00 | 1,820.00 |
| Allen J. Falke | OF COUNSEL | .40 | 350.00 | 140.00 |
| Jessica E. Murphy | ASSOCIATE | 57.70 | 265.00 | 15,290.50 |
| Jessica E. Murphy | ASSOCIATE | 6.00 | 280.00 | 1,680.00 |
| Jessica E. Murphy | ASSOCIATE | 3.20 | 290.00 | 928.00 |
| Jessica E. Murphy | ASSOCIATE | 13.00 | 300.00 | 3,900.00 |
| Jessica E. Murphy | OF COUNSEL | 9.30 | 325.00 | 3,022.50 |
| Gina B. O'Neil | ASSOCIATE | 21.60 | 265.00 | 5,724.00 |
| Gina B. O'Neil | ASSOCIATE | 8.80 | 280.00 | 2,464.00 |
| Gina B. O'Neil | ASSOCIATE | .50 | 290.00 | 145.00 |
| Laura A. Keeler | PARALEGAL | 2.40 | 190.00 | 456.00 |
| Laura A. Keeler | PARALEGAL | 1.70 | 195.00 | 331.50 |
| Laura A. Keeler | PARALEGAL | 1.40 | 200.00 | 280.00 |
| Laura A. Keeler | PARALEGAL | 2.80 | 205.00 | 574.00 |
| Cori B. O'Rourke | PARALEGAL | .60 | 195.00 | 117.00 |
| Kimberly M. DelleChiaie | PARALEGAL | 108.10 | 195.00 | 21,079.50 |
| Kimberly M. DelleChiaie | PARALEGAL | 2.70 | 200.00 | 540.00 |
| Kimberly M. DelleChiaie | PARALEGAL | 52.10 | 205.00 | 10,680.50 |
| Kimberly M. DelleChiaie | PARALEGAL | 57.90 | 215.00 | 12,448.50 |
| **TOTALS** | | **489.40** | | **$ 137,276.00** |

# EXHIBIT I

# Mirick, O'Connell, DeMallie & Lougee

## Working Attorney Time/Amount by Task Code

Date: 11/01/14 - 12/11/18

Client: 15008

| Attorney | Attorney Name | Time | Amount |
|---|---|---|---|
| **Matter:** 14190 - Direct Air (Southern Sky Air & Tours, | | | |
| **Task: 0001** | | | |
| 011 | Mirick | 0.70 | 287.00 |
| 070 | Keeler | 5.10 | 1,011.50 |
| 139 | Baldiga | 30.00 | 12,556.00 |
| 255 | O'Rourke | 0.60 | 117.00 |
| 274 | DelleChiaie | 5.10 | 1,030.00 |
| 281 | Murphy, J | 33.00 | 8,893.50 |
| 290 | O'Neil | 5.00 | 1,325.00 |
| | **Task Total:** | **79.50** | **25,220.00** |
| **Task: 0003** | | | |
| 070 | Keeler | 0.50 | 102.50 |
| 139 | Baldiga | 8.30 | 3,501.50 |
| 274 | DelleChiaie | 1.20 | 242.00 |
| 290 | O'Neil | 0.30 | 79.50 |
| | **Task Total:** | **10.30** | **3,925.50** |
| **Task: 0004** | | | |
| 011 | Mirick | 0.30 | 123.00 |
| 139 | Baldiga | 8.60 | 3,702.00 |
| 281 | Murphy, J | 17.90 | 5,387.00 |
| | **Task Total:** | **26.80** | **9,212.00** |
| **Task: 0006** | | | |
| 070 | Keeler | 0.30 | 57.00 |
| 139 | Baldiga | 5.20 | 2,062.00 |
| 274 | DelleChiaie | 2.60 | 508.50 |
| 281 | Murphy, J | 0.80 | 213.50 |
| 290 | O'Neil | 0.90 | 244.50 |
| | **Task Total:** | **9.80** | **3,085.50** |
| **Task: 0010** | | | |
| 070 | Keeler | 0.60 | 122.50 |
| 139 | Baldiga | 4.00 | 1,617.00 |
| 274 | DelleChiaie | 8.80 | 1,744.50 |
| 281 | Murphy, J | 0.70 | 193.00 |
| 290 | O'Neil | 11.90 | 3,263.00 |
| | **Task Total:** | **26.00** | **6,940.00** |
| **Task: 0011** | | | |
| 070 | Keeler | 0.30 | 58.50 |
| 139 | Baldiga | 13.40 | 5,305.00 |
| 274 | DelleChiaie | 6.50 | 1,267.50 |
| 281 | Murphy, J | 21.10 | 5,602.00 |
| 290 | O'Neil | 1.40 | 374.00 |

| | | | 0.40 | 140.00 |
|---|---|---|---|---|
| | | **Task Total:** | **43.10** | **12,747.00** |

**Task: 0015**

| | | | | |
|---|---|---|---|---|
| 139 | Baldiga | | 0.20 | 79.00 |
| 274 | DelleChiaie | | 3.60 | 702.00 |
| 281 | Murphy, J | | 1.70 | 450.50 |
| 290 | O'Neil | | 0.40 | 106.00 |
| | | **Task Total:** | **5.90** | **1,337.50** |

**Task: 0024**

| | | | | |
|---|---|---|---|---|
| 139 | Baldiga | | 1.90 | 789.50 |
| 274 | DelleChiaie | | 3.10 | 611.00 |
| 281 | Murphy, J | | 0.70 | 195.50 |
| 290 | O'Neil | | 0.10 | 28.00 |
| | | **Task Total:** | **5.80** | **1,624.00** |

**Task: 0025**

| | | | | |
|---|---|---|---|---|
| 070 | Keeler | | 0.30 | 57.00 |
| 139 | Baldiga | | 2.60 | 1,039.00 |
| 274 | DelleChiaie | | 2.90 | 565.50 |
| 281 | Murphy, J | | 2.30 | 609.50 |
| 290 | O'Neil | | 0.20 | 53.00 |
| | | **Task Total:** | **8.30** | **2,324.00** |

**Task: 0030**

| | | | | |
|---|---|---|---|---|
| 274 | DelleChiaie | | 0.60 | 117.00 |
| 290 | O'Neil | | 0.80 | 212.00 |
| | | **Task Total:** | **1.40** | **329.00** |

**Task: 0031**

| | | | | |
|---|---|---|---|---|
| 274 | DelleChiaie | | 1.50 | 292.50 |
| 290 | O'Neil | | 1.10 | 291.50 |
| | | **Task Total:** | **2.60** | **584.00** |

**Task: 9250**

| | | | | |
|---|---|---|---|---|
| 139 | Baldiga | | 3.80 | 1,579.00 |
| 274 | DelleChiaie | | 0.20 | 39.00 |
| | | **Task Total:** | **4.00** | **1,618.00** |

**Task: 9255**

| | | | | |
|---|---|---|---|---|
| 139 | Baldiga | | 3.90 | 1,576.50 |
| 274 | DelleChiaie | | 1.10 | 214.50 |
| 281 | Murphy, J | | 0.40 | 106.00 |
| 290 | O'Neil | | 2.30 | 611.00 |
| | | **Task Total:** | **7.70** | **2,508.00** |

**Task: 9260**

| | | | |
|---|---|---|---|
| 070 | Keeler | 0.10 | 20.50 |
| 139 | Baldiga | 20.30 | 8,719.50 |
| 274 | DelleChiaie | 36.10 | 7,332.00 |
| 281 | Murphy, J | 10.50 | 3,144.00 |
| 290 | O'Neil | 5.30 | 1,417.50 |
| | **Task Total:** | **72.30** | **20,633.50** |

**Task: 9280**

| | | | |
|---|---|---|---|
| 274 | DelleChiaie | 0.30 | 61.50 |
| | **Task Total:** | **0.30** | **61.50** |

**Task: 9290**

| | | | |
|---|---|---|---|
| 070 | Keeler | 1.00 | 193.00 |
| 139 | Baldiga | 14.40 | 5,802.00 |
| 274 | DelleChiaie | 31.80 | 6,255.00 |
| | **Task Total:** | **47.20** | **12,250.00** |

**Task: 9310**

| | | | |
|---|---|---|---|
| 139 | Baldiga | 1.80 | 711.00 |
| 274 | DelleChiaie | 14.30 | 2,788.50 |
| 290 | O'Neil | 0.60 | 166.50 |
| | **Task Total:** | **16.70** | **3,666.00** |

**Task: 9311**

| | | | |
|---|---|---|---|
| 139 | Baldiga | 15.70 | 6,271.50 |
| 274 | DelleChiaie | 94.50 | 19,633.50 |
| 281 | Murphy, J | 0.10 | 26.50 |
| 290 | O'Neil | 0.50 | 132.50 |
| | **Task Total:** | **110.80** | **26,064.00** |

**Task: 9320**

| | | | |
|---|---|---|---|
| 070 | Keeler | 0.10 | 19.00 |
| 139 | Baldiga | 0.90 | 389.50 |
| 274 | DelleChiaie | 4.10 | 832.50 |
| | **Task Total:** | **5.10** | **1,241.00** |

**Task: 9440**

| | | | |
|---|---|---|---|
| 139 | Baldiga | 3.20 | 1,365.00 |
| 274 | DelleChiaie | 2.50 | 511.50 |
| 290 | O'Neil | 0.10 | 29.00 |
| | **Task Total:** | **5.80** | **1,905.50** |
| | **Matter Total:** | 489.40 | 137,276.00 |

# EXHIBIT J

# Service Code Summary Report

**Joseph H. Baldiga, Chapter 7 Trustee / Direct Air (Southern Sky Air & Tours, (15008-14190)**

12/11/2018

| Service Code | Description | Orig Amt | Rev Amt | First | Last |
|---|---|---:|---:|---|---|
| 00101 | Photocopies | 3,690.40 | 3,690.40 | 01/06/2015 | 12/03/2018 |
| 00103 | Stock / bond valuation | 68.00 | 68.00 | 02/20/2018 | 02/20/2018 |
| 00104 | PACER | 292.80 | 292.80 | 12/31/2014 | 06/30/2018 |
| 00108 | Mailing costs | 1,366.84 | 1,366.84 | 02/04/2015 | 09/18/2018 |
| 00507 | Expedited mailing | 69.87 | 69.87 | 12/30/2014 | 08/16/2018 |
| 00524 | Miscellaneous | 1,164.25 | 1,164.25 | 04/22/2015 | 10/12/2017 |
| **Report Totals:** | | **6,652.16** | **6,652.16** | | |

**Confidential - For Internal Purposes Only.**

# EXHIBIT K

# BIOGRAPHIES

**JOHN O. MIRICK** *(Partner) is a Partner at the Firm and concentrates on business litigation. He regularly appears in state and federal courts for U.S. and foreign clients on matters involving stock ownership and corporate control, corporate acquisition litigation, and environmental litigation. Mr. Mirick graduated from Harvard Law School, cum laude, in 1972, received his M.A. from University College, University of London, and his B.A., magna cum laude, from Amherst College. He was a Fulbright Scholar in England in 1968-1969. Mr. Mirick is a member of the Association of Trial Lawyers of America, the Federal, American and Massachusetts Bar Associations and the Massachusetts Academy of Trial Lawyers. Mr. Mirick is a member of the Massachusetts Board of Bar Overseers. He regularly lectures on business litigation topics for the Massachusetts Continuing Legal Education, Inc. and for the Massachusetts Bar Association. He is a Co-Editor of <u>Massachusetts Superior Court Civil Practice Jury Instructions</u> (MCLE 1998) and the author of the "Jury Issues" chapter in <u>Massachusetts Superior Court Civil Practice Manual</u> (MCLE 1997).*

**JOSEPH H. BALDIGA** *(Partner) is a partner in and co-chair of Mirick O'Connell's Creditors' Rights, Bankruptcy and Reorganization Group. Mr. Baldiga concentrates his practice in the areas of business reorganizations and creditors' and debtors' rights. Admitted to the Massachusetts bar in 1987, Mr. Baldiga received his law degree, <u>magna cum laude</u>, from Boston College Law School (1987), and a B.A., <u>magna cum laude</u>, from Boston College (1984). Mr. Baldiga is a member and former co-chair of the Boston Bar Association-Bankruptcy Section (2000-2002), a member and former co-chair of the Worcester County Bar Association Bankruptcy Committee, and is a member of the Massachusetts Bar Associations, the Turnaround Management Association and Commercial Law League of America, and is frequently a panel member for continuing legal education programs. Since 1997, Mr. Baldiga has served as a panel Chapter 7 trustee for the District of Massachusetts (Central Division), and has acted as an operating trustee and as a court-appointed examiner in numerous bankruptcy cases.*

**ALLEN J. FALKE** *(Of Counsel) is of counsel in Mirick O'Connell's Business and Trusts and Estates Groups. He focuses his practice on tax law and estate and business planning. Mr. Falke provides estate planning for high-net-worth individuals and succession planning for business clients. He advises clients on tax matters related to business acquisitions and restructuring, and business formations and combination. He reviews and advises clients on estate, gift, individual, corporate, partnership, and fiduciary tax compliance matters. He also has extensive experience representing clients on audits with taxing authorities. Mr. Falke received his law degree in 1996 from Western New England College of Law where he also received the CALI Excellence for the Future Award (Corporate Tax). He is also a 2001 graduate of New York University where he obtained a LLM degree in Taxation, and a B.S. from Worcester State College.*

**JESSICA E. MURPHY** *(Of Counsel) is of counsel in Mirick O'Connell's Litigation Group. She concentrates her practice on business and commercial litigation. Ms. Murphy is a member of the American, Massachusetts and Worcester County Bar Associations. Ms. Murphy is Vice President of the Board of Habitat for Humanity Metrowest/Greater Worcester, and engaged in leadership at local and national levels with the National Association of Women in Construction.*

{Client Matter/15008/14190/A5788948.DOC}

*Ms. Murphy received her J.D., magna cum laude, from Suffolk University Law School in May 2005 and B.S., magna cum laude, in Political Science and Management from the University of Massachusetts, Boston in 2000. While at Suffolk University Law School, Ms. Murphy was the Managing Editor of the Suffolk University Law Review.*

**LAURA A. KEELER** *(Paralegal) is a bankruptcy paralegal in Mirick O'Connell's Creditors' Rights, Bankruptcy and Reorganization Group with a degree from Broome Community College and an ABA accredited Certificate in Paralegal Studies from Anna Maria College.  Ms. Keeler is a member of the Central Massachusetts Paralegal Association.*

**KIMBERLY M. DELLECHIAIE** *(Paralegal) is a paralegal in Mirick O'Connell's Creditors' Rights, Bankruptcy and Reorganization Group and the Commercial Litigation Group.  Ms. DelleChiaie received her B.A. from the University of Missouri and a Certificate in Paralegal Studies from Assumption College.  Ms. DelleChiaie is a member of the Central Massachusetts Paralegal Association.*